# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No.: 2406) | ) ) ) ) ) ) ) ) ) |

Master File No.: 2:13-CV-20000-RDP

This document relates to all cases

## ORDER OF RECUSAL

Pursuant to Canon 3(C)(1)(b) of the Code of Conduct for United States Judges, the undersigned recuses from service as the magistrate judge assigned to oversee discovery in this matter. As grounds for recusal, the undersigned shows as follows:

1. On February 20, 2013, the undersigned was randomly drawn to serve as the magistrate judge to oversee discovery in this MDL.

2. On February 21, 2013, upon reviewing the list of 170 attorneys who have appeared in the MDL, the undersigned discovered that one of her former partners at Lightfoot, Franklin, and White, LLC has appeared to represent one of the defendants in this litigation.

3. After additional investigation, the undersigned learned that Lightfoot, Franklin & White, LLC was retained by one of the defendants on August 8, 2012. The undersigned joined the bench approximately two months later on October 1, 2013. Although the undersigned had no involvement in the *Blue Cross Blue Shield Antitrust Litigation* while she was a member of Lightfoot, Franklin and was not

familiar with the litigation, Canon 3(C)(1)(b) mandates recusal.  It provides:

> A judge *shall* disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:
>
> . . .
>
> (b) . . . a lawyer with whom the judge previously practiced law served during such an association as a lawyer concerning the matter . . .

*Id.* (emphasis added).[1]

4.  Given the nature of this action and the number of attorneys involved, the undersigned sought an informal opinion to determine whether there might be an exception to Canon 3 for multi-district litigation involving 170 attorneys where the magistrate judge is assigned to manage discovery. The undersigned was advised that although the situation is unusual, the obligation to recuse is mandatory; Canon 3(D)'s remittal procedure is not an option under these circumstances, particularly because another magistrate judge is available. Therefore, the undersigned RECUSES from this action.

Done this the 26th day of February, 2013.

*[signature: Madeline H. Haikala]*
MADELINE HUGHES HAIKALA
U.S. MAGISTRATE JUDGE

---

[1] Generally, the Committee on Codes of Conduct, "recommends that judges consider a recusal period of at least two years" with respect to cases in which colleagues from the judge's former law firm appear as counsel of record. Committee on Codes of Conduct Advisory Opinion No. 24, *Guide to Judiciary Policy*, Vol. 2B, Ch. 2, p. 24-1 (June 2009).