FILED
2013 Feb-28  PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| | } | |
| | } | |
| | } | |
| **IN RE: BLUE CROSS BLUE SHIELD** | } | |
| **ANTITRUST LITIGATION** | } | **Master File No.: 2:13-CV-20000-RDP** |
| **(MDL No.: 2406)** | } | |
| | } | This document relates to all cases. |
| | } | |
| | } | |

### ORDER APPOINTING PLAINTIFFS' LIAISON COUNSEL AND INVITING APPLICATIONS FOR PLAINTIFFS' LEADERSHIP COMMITTEE POSITIONS

**I.      Appointment of Plaintiffs' Liaison Counsel**

On February 21, 2013, the court held an initial status conference in this MDL proceeding. Prior to that conference, the court proposed the appointment of Barry A. Ragsdale to serve as Plaintiffs' Liaison Counsel in this matter.  Special Master Ed Gentle communicated this proposal to the parties and circulated a description of Mr. Ragsdale's anticipated duties and a method of payment for Mr. Ragsdale's services (*i.e.*, his "Job Description").[1]  The appointment of Mr. Ragsdale was taken up as the first agenda item at the February 21, 2013 initial status conference.  The parties confirmed that there was no objection either to Mr. Ragsdale's appointment to serve as Plaintiffs' Liaison Counsel, or to his Job Description.  Having considered Mr. Ragsdale's qualifications and with the parties' agreement, it is **ORDERED** that Barry A Ragsdale is **APPOINTED** as Plaintiffs' Liaison Counsel ("PLC") and will serve as a non-voting member of the to-be-formed Plaintiffs' Steering Committee.

**II.      Applications for Plaintiffs' Leadership Positions**

Also at the February 21, 2013 initial status conference, the court discussed a proposed Plaintiffs' leadership structure to be developed following the appointment of Interim Lead Class

---

[1] Mr. Ragsdale's Job Description is attached hereto as Exhibit 1.

Counsel.  The court anticipates that structure will include the following:

A.    Plaintiffs' Steering Committee consisting of 9 members (4 Subscribers' counsel, 4 Providers' counsel, and Barry Ragsdale).

B.    Other Committees (Subscribers' and Providers' tracks will each have separate committees except Providers will not have a State Liaison Committee):

1.    Class Action Discovery
2.    Discovery
3.    Experts
4.    Written Submissions
5.    State Liaison Committee
6.    Damages
7.    Litigation
8.    Settlement

Applications and/or nominations for positions on these committees **SHALL** be filed with the Clerk's Office electronically **on or before April 5, 2013**.  The applications or nominations **SHALL** be accompanied by a disclosure of any and all agreements between the applicant and any other counsel in these consolidated cases related to the subject matter of these cases.  Applications and/or nominations **SHALL NOT** exceed fifteen (15) pages.

**DONE** and **ORDERED** this _____28th_____ day of February, 2013

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

## EXHIBIT 1

## PLAINTIFFS' LIAISON COUNSEL

Barry A. Ragsdale shall serve as Plaintiffs' Liaison Counsel, to serve in collaboration with Lead Counsel for each of the Subscriber and Provider Tracks. Plaintiffs' Liaison Counsel shall have the responsibility on behalf of all Plaintiffs in these actions to perform such litigation and administrative tasks as are necessary to facilitate and coordinate communication between the two tracks and with the Special Master, defense counsel, and the court in order to promote efficiency and to avoid duplication of effort. Plaintiffs' Liaison Counsel shall have the responsibility to serve as the primary contact on behalf of Plaintiffs for the purposes of receiving, facilitating and disseminating communication by and between the Court, Clerk of the Court, Defendants' counsel and Lead Counsel for the two tracks. Plaintiffs' Liaison Counsel shall work with Lead Counsel for both tracks and the court to coordinate all hearings, conferences, and telephonic appearances, and shall establish and distribute an agenda for all such meetings with the court. In order to facilitate this communication, Plaintiffs' Liaison Counsel shall maintain a current master service list of all parties and their counsel, as well as maintaining regular communication with counsel for Plaintiffs and shall promptly and expeditiously apprise all counsel of any developments in the case. To the extent that disputes arise between the Lead Counsel for the two tracks, Plaintiffs' Liaison Counsel shall work diligently to resolve the dispute informally and to reach a consensus as to how to proceed. In the event that an agreement cannot be reached, Plaintiffs' Liaison Counsel shall be responsible for communicating with the court the nature of the dispute, together with any recommended resolution.

Plaintiffs' Liaison Counsel shall be compensated for his reasonable and necessary services on an hourly basis at the rate of $250.00 and shall submit to the Special Master detailed and itemized invoices for his services on a monthly basis. The hourly charges, as well as any reasonable out-of-pocket expenses incurred by Plaintiffs' Liaison Counsel shall be shared equally by all other Plaintiffs' counsel in a manner agreed upon by Lead Counsel, or set by the court if they cannot reach an agreement. The fees and expenses of Plaintiffs' Liaison Counsel shall be paid within thirty (30) days after approval by the Special Master, and, if disputed, by the court. In the event that Plaintiffs are successful in this litigation, either by way of a final judgment or negotiated settlement, Plaintiffs' Liaison Counsel shall be eligible to apply to the court for additional compensation for his services previously rendered at an enhanced hourly rate to be determined by the court.