FILED

2013 Mar-21  PM 10:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD | ) | **Master File No. 2:13-CV-20000-RDP** |
| ANTITRUST LITIGATION | ) | |
| (MDL No. 2406) | ) | This document relates to all cases. |

**MOTION TO APPOINT PROVIDER TRACK LEAD COUNSEL
AND LEADERSHIP STRUCTURE**

The undersigned move for the appointment of lead counsel in the Provider Track and a leadership structure following the outline provided in this Court's Orders of February 21, 2013 (Document 13) and February 28, 2013 (Document 15).

The most important factor in establishing leadership in any complex litigation is to create a group of outstanding attorneys who are capable of working together effectively.  "The just and efficient resolution of this case may depend in large part upon the way the attorneys comport themselves and how they overcome conflicts."  *Annotated Manual for Complex Litigation* §10.23 (4th ed. 2009), quoting  *Northern Indiana Public Service Co. v. Certain Underwriters at Lloyd's London*, 1996 WL 115466 (N.D.Ind. 1996).  As the *Manual* recognizes, the Court should be "impatient with game playing and jockeying for position" by counsel attempting to obtain leadership positions. §10.23. All of us have taken the provisions of the *Manual* to heart.  We are more than capable of working together effectively in this complex health care litigation to achieve significant results for the healthcare providers involved in this action.  We did not file inefficient and duplicative copycat actions.  Instead, we have organized ourselves in an effective way.  We seek Court approval of that organization.

Exhibit One contains a summary of the overall organization of the Provider Side of the case, including lead counsel ("Co-Lead"), Provider Liaison Counsel ("Liaison Counsel"),

Provider Plaintiffs' Steering Committee ("PSC"), Working Committee Chairs and members of those  Committees.  As explained below, we have made minor variations in the structure after discussions with the Court's Special Master, but would be prepared to eliminate those variations if the Court desires.  First, we have proposed Co-Lead and Liaison Counsel in addition to the Steering Committee Members.  We understand that the Subscriber Counsel will make a similar proposal.  Our concept is that Co-Lead Counsel will chair and participate with members of the Provider PSC.  The Provider PSC will function separately from the Subscriber PSC, and when appropriate, will interface with the Subscriber PSC along with the Joint Liaison Counsel Barry Ragsdale.  The reasons for having the PSC Members in addition to the Lead and Liaison Counsel are: (a) that we would like to draw upon the experience of the many capable lawyers on the Provider side of the case; and (b) since the work in the case will largely be done in the Working Committees, having Chairs of several of those Committees on the PSC will assist in coordinating the efforts of all Provider Counsel.  Second, we are accepting the suggestion of the Court at the hearing on February 21, 2013 (Tr. at 78) to defer establishing a Settlement Committee until the Defendants indicate that they are interested in having discussions about settlement.

Starting with Lead Counsel, Edith Kallas and Joe Whatley are requesting appointments as Co-Lead counsel.  We have previously submitted a motion and information under Fed. R. Civ. P. 23(g).  Since the submission of that motion, we have conducted additional investigation, identifying additional claims for Providers, additional facts supporting the Provider Claims, and additional class representative Provider Plaintiffs.  That investigation will be reflected in the Consolidated Amended Complaint to be filed after the appointment of lead counsel.  Ms. Kallas was co-lead counsel in *Love v. Blue Cross* and directed and oversaw the team of lawyers necessary for the effective prosecution of that case.  In that case and in the related *Managed Care*

*Litigation*, which proceeded against the national for-profit managed care companies, Ms. Kallas and Mr. Whatley were principal negotiators of the settlement agreements with the various Defendants, including a majority of the Defendants sued in this case.  Mr. Whatley handled many of the hearings before Judge Moreno who presided over both cases.  Ms. Kallas and Mr. Whatley will work with each of the Committees.  In addition, they plan to involve other experienced lawyers from their firm in the Working Committees.  Tucker Brown, who clerked with Judge Acker on this Court, will be active in working with the Discovery/Experts and Written Submissions Committees.  In the UCR litigation, involving claims by healthcare Providers for underpayment of out-of-network services provided to members of plans administered by Aetna, CIGNA and WellPoint, Mr. Brown has been the primary lawyer contact working with Plaintiffs' expert witnesses, and will draw upon his experience from that litigation to work with the Expert side of the Discovery Committee.  Patrick Sheehan, who is in the Boston office, was active in the *Love* and *Managed Care Litigation,* especially in discovery and data analysis, and he will also be active in this case.  Deborah Winegard, who resides in Whatley Kallas' Atlanta office, is the former General Counsel of both the Medical Association of Georgia and the California Medical Association, and served as a Facilitator enforcing the settlements in the *Love* and *Managed Care Litigation*.  She will likewise work with both the Discovery and Written Submissions Committees.  Charlene Ford, who also clerked with Judge Acker, and Ilze Thielmann from the New York Office, both of whom were involved in much of the briefing in *Love* and *Managed Care,* will work with the Written Submissions Committee.  As discussed in the motion to be appointed lead counsel in the Provider Track, we described our representation of healthcare providers of all types throughout the country.  That experience will be invaluable in representing the class of Providers in this case.  The firm also has attorneys in California and an

office in Colorado to the extent that the Provider Track may need resources in the Western part of the country.  Ms. Kallas' resume is Exhibit Two.  Mr. Whatley's resume is Exhibit Three. The Whatley Kallas firm resume is Exhibit Four.

To serve as Provider Liaison Counsel, we propose Kirk Wood.  His resume is Exhibit Five.  He performed in a similar role in the Court's previous successfully-resolved *Total Body MDL Proceeding*.  While there are significant differences between this MDL Proceeding and one that involves mass torts, the role of liaison is similar.  Mr. Wood has been effectively and actively performing the Provider Liaison role with the Special Master since this matter has been pending.  He also has experience working with healthcare providers of all types.

For members of the Provider PSC, we propose the Honorable U.W. Clemon, Dennis Pantazis, Nick Roth, and Aaron Podhurst.  While it seems unnecessary, Judge Clemon's resume is Exhibit Six.  Drawing upon his knowledge and experience, including his many years as a Judge and the Chief Judge of this Court, will greatly assist in the prosecution of this case.  He will be supported by his firm, White Arnold & Dowd, P.C. and his support team's resumes are Exhibit Seven.  Dennis Pantazis was an active member of the PSC in the *Managed Care* and *Love* Litigation.  He has vast experience in managing and handling discovery in complex class actions. His resume is Exhibit Eight.  He will be supported by his firm, Wiggins Childs Quinn & Pantazis.  Its resume is Exhibit Nine.  Nick Roth was likewise an active member of the PSC in the *Managed Care* and *Love* Litigation.  He has vast experience as a lawyer representing doctors in trials, has been recognized by his peers as a Fellow in the American College of Trial Lawyers, and has served as a long-time member of the Board (and Chair) of the Decatur General Hospital. His resume is Exhibit 10.  He will be supported by his firm Eyster Key Tubb Roth Middleton and Adams, LLP.   Its resume is Exhibit 11.  Aaron Podhurst is the senior partner in Podhurst

Orseck, P.A., based in Miami, Florida.  The Court ordered that at least one of the Members of the PSC should be from outside Alabama.  While the Court can tell from her accent that Ms. Kallas is a New York lawyer, not an Alabama lawyer – despite the time she now spends in South Alabama – Mr. Podhurst is an ideal lawyer to fulfill the Court's requirement.  He served in a capacity similar to Mr. Ragsdale's in the *Managed Care Litigation* and was active in the *Love Litigation*.  He has served as lead counsel in many MDLs.  He is also a Fellow in the American College of Trial Lawyers, as well as being a member of the International Academy of Trial Lawyers.  As the Special Master knows, he has assisted in attempting to achieve a unanimous proposed structure for leadership for the Provider Plaintiffs.  He will be arguing the motions in the declaratory judgment action pending before Judge Moreno. His resume is Exhibit 12 and his firm's resume is Exhibit 13.  These four outstanding attorneys are unquestionably capable of serving in the PSC role.[1]

We have proposed a Working Committee structure consistent with Document 15. Obviously, there will be overlapping responsibilities among the Committees.  Therefore, we know that the proposed group of attorneys will be able to work together effectively. Many of the committees appear smaller than they are in practice because each of the firms involved will bring additional attorneys and resources to bear in fulfilling their responsibilities to the case on various committees and because attorneys from our firm are not listed on each committee.

The Court and the Special Master have emphasized the importance of diversity in the leadership, an issue about which Ms. Kallas has written and spoken extensively.  Our structure includes a number of female attorneys, including Ms. Kallas, Ms. Dowd, Ms. Roth, Ms. Flippo, Ms. Crow, Ms. Ford, Ms. Winegard, and Ms. Thielmann.  Our structure also includes African

---

[1]If the Court expands the PSC, then we request that the Court appoint Mr. Axelrod to the position.  His qualifications are on page 9.

American attorneys, namely Judge Clemon, Mr. Penn, Ms. Marshall, Ms. Guster, and Mr. Sellers.

To Chair the Litigation Committee, we propose the lawyers from White, Arnold & Dowd, namely Judge Clemon, Mark White, and Augusta Dowd.  The resume for Mr. White is Exhibit 14.  The resume for Ms. Dowd is Exhibit 15.  Mr. White and Ms. Dowd worked with Mr. Whatley in prior antitrust litigation against Blue Cross of Alabama.  Mr. White is the former President of the Birmingham and Alabama State Bar Associations and is a member of the International Academy of Trial Lawyers.  He played a major role in the *Managed Care Litigation* and in *Love*.  Judge Clemon, Mr. White, and Ms. Dowd are all experienced litigators who are well qualified for this role.  In addition, they will bring several other attorneys to work actively in this litigation, including Kitty Rogers Brown, who will be involved in written submissions, and Linda Flippo, Andrew Allen, and Hope Marshall, who will assist in Discovery. Ms. Flippo was active in that area in the *Managed Care* and *Love* cases. As an additional member of the Litigation Committee, we propose Pete Strom.  Mr. Strom formerly served as United States Attorney in the District of South Carolina.  He and Mario Pacella were active in the *Managed Care* and *Love* cases.  He has actively worked with many other attorneys involved in the Provider Leadership Structure including in the *Liberty National Industrial Life Insurance Race Discrimination Litigation* that was certified as a class and then settled before this Court after the denial of a Rule 23(f) petition, with Judge Clemon presiding.  His firm resume is Exhibit 16.   His firm includes Bakari Sellers, an African American attorney who has served in the South Carolina Legislature.  Both Mr. Pacella and Mr. Sellers will be active in this litigation.

To Chair the Discovery Committee, we propose Dennis Pantazis and Brian Clark of Wiggins Childs.  Mr. Pantazis had a similar position in the *Managed Care Litigation* and in

*Lov*e.  Mr. Pantazis and Mr. Clark are active in other class action cases including the *Brighthouse Cable Antitrust Litigation* before Judge Kallon.  Wiggins Childs is one of the most active firms in plaintiffs' class action litigation in the country.  It is natural that they play a major role in this litigation.   Mr. Pantazis has already been engaged in meet and confer sessions with the Defendants on issues related to discovery, such as the retention order.  As additional members of the Discovery Committee, we propose Mark Gray, Myron Penn, Michael Gurley, and Troy Doles.  Mr. Gray's resume is Exhibit 17.  He was actively involved in the *Managed Care Litigation* and in *Love.*  He is a partner in the firm of Gray & White in Louisville, Kentucky.  Mr. Penn has previously been discussed. He is a partner in Penn & Seaborn in Alabama.  His resume is Exhibit 18.  Mr. Gurley is a lawyer in Birmingham, Alabama, where he represents healthcare Providers including the original named plaintiff in this action.  His resume is Exhibit 19.  Mr. Doles is an attorney in St. Louis who represents healthcare providers.  He has handled a number of cases against various Blue Cross entities including the Association.  His resume and his firm's resume are Exhibits 20 and 21.  He has been active in a number of the ancillary provider cases including the CIGNA case that settled in the *Managed Care Litigation.* He was also extremely active, especially in the discovery area in the ancillary provider litigation that was a companion case to *Love.*  In addition to those named elsewhere, the Discovery Committee will include Christy Crow, Nathan Dickson, Gail McQuilkin, James Lopez, James Bryan, and Douglas Wolfe. The Discovery Committee is larger than the other Committees for a reason.   After discussions between Ms. Kallas and Mr. Pantazis, they believe that following the model that was used in the *Love Litigation*, where there were subcommittees assigned to handle discovery for different Blues, would be effective here.  For example, WellPoint owns 14 Blue Cross Plans, and those Defendants would be assigned to one subcommittee.  Mr. Gray is located in Louisville,

Kentucky, which is on the border between two WellPoint states, Kentucky and Indiana, near the WellPoint headquarters in Indianapolis.  He is therefore ideal to be active in the WellPoint subcommittee.  HCSC now own five Blue Cross Plans, and those Defendants would be assigned to one subcommittee.  Mr. Doles has experience litigating against HCSC entities and lives on the border of one of its largest States.  He is ideal to be active in the HCSC subcommittee.  In addition to that subcommittee, we plan to establish subcommittees to handle regions of the country, while making sure that commonly-owned Blue Plans are assigned to the same subcommittee.

To Chair the Expert Committee, we propose Nick Roth and Julia Roth from Eyster Key. They both had major roles in the *Managed Care Litigation* and in *Love*.  Ms. Roth has also been an active litigator since the time she clerked for Judge Pointer in the late 1970s. Ta'Kisha Guster, an African American associate with 10 years experience, , and Jimmy Adams, a partner with 26 years litigation experience and around 100 trials to a jury verdict, will be working on the Discovery Committee.  As additional members of the Expert Committee, we propose Lynn Jinks of the firm Jinks Crow & Dickson, P.C.  The firm's resume is Exhibit 22. We have worked with him in handling expert witnesses in other MDL Proceedings.  Therefore, he brings important knowledge and experience to this Committee.  Mike Dodge is also going to be active on this Committee.  He was active in a number of the ancillary provider cases including the CIGNA case that settled in the *Managed Care Litigation.* He was also extremely active in the ancillary provider litigation that was a companion case to *Love.* His resume is Exhibit 23.

To Chair the Written Submissions Committee, we propose Brian Hufford and Robert Axelrod of Pomerantz Grossman Hufford Dahlstrom & Gross LLP, from New York.  We have worked closely with them in other cases and know them to be outstanding lawyers.  Mr. Hufford

and Mr. Axelrod led the effort by the plaintiffs in the United HealthCare out-of-network litigation that settled for $350 million. That case included antitrust claims. Susan Weisswasser of the Pomerantz firm was also active in the United, Aetna, CIGNA and WellPoint UCR cases and will be active in preparing written submissions in this case. Their firm's resume, which includes bios for each of them is Exhibit 24.  David Balto of Washington, DC, will also serve on this Committee.   Mr. Balto served in a senior position in the Federal Trade Commission, which has authority over Antitrust enforcement with respect to healthcare providers.  He also has extensive antitrust litigation experience that will enable him to be a valuable member of the Provider Plaintiffs' Team, especially in the area of written submissions.  His resume is Exhibit 25.  We are also including Matthew Weinshall, who clerked for the 11th Circuit and who is now with the Podhurst firm.

To Chair the Class Certification/Discovery Committee, we propose Van Bunch and Andrew Friedman of Bonnett Fairbourn Friedman & Balint, P.C., from Arizona.  They were active in a number of the ancillary provider cases including the CIGNA case that settled in the *Managed Care Litigation.* They were also extremely active, especially in the discovery area in the ancillary provider litigation that was a companion case to *Love.*  Mr. Friedman is active in the Aetna, CIGNA, and WellPoint UCR litigation on behalf of providers.  We have worked with them on a number of cases, and they bring special expertise to the class action area.  The firm also has other attorneys with experience in healthcare antitrust cases, including Kim Page, who was formerly with the Wiggins Childs firm in Birmingham.  Mr. Bunch's resume is Exhibit 26. Mr. Friedman's resume is Exhibit 27.  Their firm's resume is Exhibit 28.  In addition, Dee Miles of the Beasley Allen firm from Montgomery will serve on the Class Certification/Discovery Committee.  Mr. Miles is an experienced class action lawyer who is well qualified to serve on

this Committee.  He also has experience in healthcare litigation including antitrust claims.  He represents the State of Alabama and seven other States against prescription drug companies for excessive charges in the Medicaid and other healthcare programs.  He and his firm have been active in the leadership of many MDLs.  Mr. Miles' resume is Exhibit 29.  His firm's resume is Exhibit 30.

To Chair the Damages Committee, we propose Aaron Podhurst and Peter Prieto of Podhurst Orseck, PA.   Mr. Prieto's resume is Exhibit 31.  He was an Assistant United States Attorney in the Southern District of Florida before he went into private practice.  He was the managing partner of the Miami office of Holland & Knight before joining the Podhurst firm.  He is an experienced trial lawyer. In addition, he is Hispanic, adding to the diversity of the Provider Leadership Team.  We also propose Harley Tropin of Kozak Tropin & Throckmorton to serve on the Damages Committee. Mr. Tropin was co-lead counsel in the *Managed Care Litigation* and in *Love*. Mr. Tropin has a long history of working closely with Mr. Podhurst and Mr. Prieto, and they are all located in Miami.  They and others from their firms will be involved in the overall litigation of this case.  Mr. Tropin's resume is Exhibit 32.  The information about his firm and the others working on this case is Exhibit 33.  Finally, we propose John Gravante from the Podhurst firm for this Committee.  Mr. Gravante was active in the *Managed Care Litigation* and in *Love*.

We anticipate that we will likely add other members to this outstanding team of attorneys, as necessary and subject to approval by the Court after consultation with the Special Master.  For example, in the amended consolidated complaint, we plan to sue all of the Blue Plans in the country.  If we need additional help in any part of the country, then we can add attorneys from the network of healthcare provider attorneys with whom we regularly work.

We also plan to use various *ad hoc* committees to make the litigation more effective and efficient for the Provider Plaintiffs.  The first will involve the Miami litigation involving the effect of the releases in the prior settlements.  Along with Lead Counsel, Mr. Prieto, Mr. Podhurst, Mr. Tropin and Ms. McQuilkin have been active in the preparation of the declaratory judgment action that has been filed in the Southern District of Florida.  Mr. Axelrod has been involved in several prior proceedings involving those releases and will be actively involved in the prosecution of that action.  Mr. Podhurst will take the lead in the arguments in that action in the Southern District of Florida.

The *ad hoc* committees will also insure that any issues related to specific types of providers are adequately addressed.  Mr. Prieto has served as counsel for Tenet Hospitals for many years.  Mr. Penn, along with Mr. Jinks, Ms. Crow, and Mr. Dickson, represents the hospitals which will be class representative plaintiffs in the Consolidated Amended Complaint. Mr. Roth also has special knowledge about hospitals.  Mr. Miles, Mr. Balto, and Mr. Wood all have specialized knowledge about pharmacies.  Mr. Hufford, Mr. Axelrod, Mr. Friedman, Mr. Bunch, Mr. Dodge, and Mr. Doles have specialized knowledge about ancillary healthcare providers.  Our firm is actively representing providers of all types including a number of ambulatory surgery centers throughout the country.  Practically all of the Provider Counsel have extensive experience in representing medical doctors.

It is also important that counsel have relationships with the regulators who may ultimately have something to say about the outcome of this case.  Mr. Balto has had extensive with the federal regulators. As state legislators, Mr. Penn and Mr. Sellers worked closely with state regulators.

Many of the attorneys in the Proposed Provider Leadership Structure, including all of the firms seeking Co-Lead and PSC positions, have submitted financial information on a confidential basis to the Special Master. Those submissions demonstrate that this group of attorneys is more than capable of financing this litigation. We are prepared to submit additional information to the Special Master and/or to the Court *in camera* to demonstrate the financial capability of this group of attorneys.

Finally, we address the Pittman Provider Group, the submission they made prior to the initial status conference, and their apparent position that the filing of copycat complaints entitles them to participate in the leadership in this proceeding. We filed our complaint in July of 2012. We participated in the MDL briefing and Panel argument held on November 29, 2102. Unfortunately, beginning on December 10, 2012, consistent with a pattern that has developed and that the *Manual* had in mind when it discussed "game playing and jockeying for position," the Pittman Provider Group used the information from the MDL Proceeding to file copycat complaints based on our original complaint. They only changed the names of the plaintiffs and the names of the attorneys and filed their complaints with no additional thought or work. Copies of their complaints with highlighted portions showing the only substantive changes the Pittman Provider Group made from our original complaint are Exhibits 34, 35, 36, and 37. Despite that conduct, which we believe should be discouraged, at the request of the Special Master, we reached out to the Pittman Provider Group in an effort to present a unanimous Provider Leadership Proposal. They have indicated at each stage that they are not challenging Ms. Kallas or Mr. Whatley for Co-Lead. We asked for their input on the Working Committee positions they would prefer. Until Tuesday of this week, we did not receive any response to that request from Mr. Pittman or Ms. Hayes. Mr. Reich indicated he was interested in the Expert Committee. Mr.

Pittman and Ms. Hayes indicated that one of them should be appointed to the PSC.  When we pointed out that their request would mean that either Judge Clemon, Dennis Pantazis, Nick Roth, or Aaron Podhurst would have to be excluded from the PSC, they acknowledged that all four of them were well-qualified and stated that they were not trying to exclude any of them.  We also pointed out that if the PSC were expanded (something that the Court has not indicated that it would do), they were trying to move ahead of the line in place of other lawyers who have been active in this litigation far longer than they have, including Robert Axelrod, even though he has far more experience in antitrust healthcare litigation, including the successful United HealthCare UCR Litigation.  Since Mr. Podhurst and Mr. Pittman are both Florida lawyers, they had further discussions.  As Mr. Podhurst communicated in those discussions, all three would be offered positions on Working Committees if they would join the remainder of the Provider Plaintiffs' Leadership team.  Despite the fact that Mr. Pittman has no prior healthcare or antitrust litigation experience, we offered him a position on the Discovery Committee.  Despite serious concerns that we will explain below, we also offered Ms. Hayes a position on the Discovery Committee.  Finally, we complied with Mr. Reich's request and offered him a position on the Expert Committee because we believe that he could offer positive input on that Committee.

Despite our offers, clearly conditioned on their becoming a part of the overall Provider Track Leadership Team, we learned that Ms. Hayes and Mr. Pittman were having calls with a number of other lawyers to encourage them to join in their competing submission to support one of them for PSC positions in the place of one of the highly-qualified lawyers we have proposed in this Motion.  On Tuesday, Ms. Hayes informed us that in addition to a PSC position, their group wanted two Committee Chairs, and a host of Committee positions filled by lawyers who have not appeared in any case, who have not had any prior involvement in this litigation, and

who have made no contact with any of us about being involved. Unfortunately, in light of Ms. Hayes' history, her refusal to be a cooperative member of the Provider Leadership team was not a surprise.  In the *Managed Care Litigation*, she participated in a group of lawyers who tried to settle out from under MDL class counsel appointed by Judge Moreno with CIGNA.  While enjoining CIGNA and those acting in concert, which included Ms. Hayes, Judge Moreno found that: "it cannot turn a blind eye to the underhanded maneuvers CIGNA took to obtain this settlement agreement. CIGNA snookered both this Court and Judge Murphy in Illinois in an obvious attempt to avoid this Court's jurisdiction. CIGNA settled the claims of this Court's Plaintiff class and yet seeks approval from another judge in Illinois without informing that judge, apparently, of the proceedings in this case."   *In re Managed Care,* 236 F.Supp.2d 1336, 1342 (S.D. Fla. 2002), affirmed in an unpublished opinion, *Klay et al. v. Humana, Inc. et al.,* No. 02-16965 (11th Cir. 2/9/2004).   After lengthy additional negotiation, we obtained a significantly improved settlement with CIGNA.  Ms. Hayes also objected to two of the settlements in the *Love* litigation, significantly delaying the settlement for the class in an effort to obtain fees for herself. Going back to the initial point made in the *Manual for Complex Litigation,* it is clear that the Pittman Provider Group has engaged in exactly the kind of games playing and jockeying that should be discouraged.  Based on their conduct since our offer to include them in the Provider Leadership and Ms. Hayes' prior conduct, they will not perform the role set out in the *Manual* as a cohesive part of the leadership team.  Therefore, we have not included them in our leadership structure presented in this Motion.

The Pittman Provider Group has made something of an issue of the fact that a number of the Provider Leadership are from Alabama.   Ironically, we represent the state medical associations in each of the states where members of the Pittman Group reside.  There are many

highly capable lawyers from Alabama, and the lawyers from Alabama whom we have proposed should not be discriminated against because they are from the State where the MDL Panel has decided to centralize this litigation.  In any event, the entire slate of counsel in the Provider Plaintiff Leadership has been involved in national litigation.  Moreover, we have proposed many lawyers from outside Alabama, starting with Co-Lead counsel, a member of the PSC (as well as an additional member if the Court expands the PSC), three Committee Chairs, and multiple Committee members.

The Pittman Group has also raised an issue about their experience with arbitration, even though based on the law in this Circuit developed by the attorneys proposed in this motion during their litigation in *In re Managed Care,* arbitration clauses should not be an issue. Regardless, between Mr. Whatley's experience arguing arbitration issues between providers and health insurance companies in the Supreme Court, Mr. Pantazis' experience presenting arbitration issues to Judge Moreno in the prior litigation, and Ms. Kallas' experience in successfully challenging arbitration clauses in provider agreements and in handling one of of the largest class arbitration settlements for providers against a health insurance company, the class is well served.[2]

Other than the appointments described in this Motion, there are no agreements between counsel.

Respectfully submitted,

/s/ Joe R. Whatley, Jr.
Joe R. Whatley, Jr., Esq.
W. Tucker Brown
Charlene P. Ford
WHATLEY KALLAS, LLC

---

[2] Although not relevant here, Whatley Kallas has successfully handled arbitrations for providers against health insurance companies.

2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200
Fax: (800) 922-4851
Email:  jwhatley@whatleykallas.com
Email:  tbrown@whatleykallas.com
Email:  cford@whatleykallas.com

/s/Edith M. Kallas
Edith M. Kallas (admitted *pro hac vice*)
Ilze Thielmann
WHATLEY KALLAS, LLC
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel:  (212) 447-7060
Fax: (800) 922-4851
Email: ekallas@whatleykallas.com
Email: ithielmann@whatleykallas.com

Patrick J. Sheehan
WHATLEY KALLAS, LLC
60 State Street, 7th Floor
Boston, MA  02109
Tel:  (617) 573-5118
Fax: (617) 573-5090
Email: psheehan@whatleykallas.com

Deborah Winegard (admitted *pro hac vice*)
WHATLEY KALLAS, LLC
1068 Virginia Avenue, NE
Atlanta, GA  30306
Tel:  (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com

U. W. Clemon
J. Mark White
Augusta S. Dowd
Linda G. Flippo
Andrew C. Allen
Katherine R. Brown
Hope S. Marshall
WHITE ARNOLD & DOWD, P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL  35203

Tel:  (205) 323-1888
Fax:  (205) 323-8907
Email: uwclemon@whitearnolddowd.com
Email: mwhite@whitearnolddowd.com
Email: adowd@whitearnolddowd.com
Email: lflippo@whitearnolddowd.com
Email: aallen@whitearnolddowd.com
Email: kbrown@whitearnolddowd.com
Email: hmarshall@whitearnolddowd.com

Dennis G. Pantazis
Brian Clark
WIGGINS CHILDS QUINN & PANTAZIS
The Kress Building
301 19th Street North
Birmingham, AL  35203
Tel:  (205) 314-0500
Fax: (205) 254-1500
Email: dgp@wcqp.com
Email: bclark@wcqp.com

Nicholas B. Roth
Julia Smeds Roth
James G. Adams, Jr.
Ta'Kisha Guster
EYSTER KEY TUBB ROTH MIDDLETON
  & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL  35602
Tel:  (256) 353-6761
Fax: (256) 353-6767
Email: nroth@eysterkey.com
Email: jroth@eysterkey.com
Email: jgadams@eysterkey.com
Email: takisha@eysterkey.com

Aaron S. Podhurst (admitted *pro hac vice*)
Peter Prieto (admitted *pro hac vice*)
Matthew P. Weinshall (admitted *pro had vice*)
John Gravante, III (admitted *pro hac vice*)
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130
Tel: (305) 358-2800
Fax: (305) 358-2382
Email:  apodhurst@podhurst.com

Email:  pprieto@podhurst.com
Email: mweinshall@podhurst.com
Email: jgravante@podhurst.com

D. Brian Hufford (admitted *pro hac vice*)
Robert J. Axelrod (admitted *pro hac vice*)
Susan J. Weisswasser
Pomerantz Grossman Hufford
  Dahlstrom & Gross LLP
600 Third Avenue, 20th floor
New York NY 10016
Tel: (212) 661-1100
Fax: (212) 661-8665
Email: dbhufford@pomlaw.com
Email: rjaxelrod@pomlaw.com
Email: sjweisswasser@pomlaw.com

Van Bunch
Andrew S. Friedman
Kimberly C. Page
BONNETT, FAIRBOURN, FRIEDMAN &
  BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Tel:  (602) 274-1100
Fax: (602) 274-1199
Email: vbunch@bffb.com
Email: afriedman@bffb.com
Email: kpage@bffb.com

Edward Kirk Wood, Jr.
WOOD LAW FIRM, LLC
P. O. Box 382434
Birmingham, AL  35233
Tel: (205) 612-0243
Email:  ekirkwood1@bellsouth.net

Michael E. Gurley, Jr.
Attorney at Law
P. O. Box 382732
Birmingham, AL  35238
Fax: ( 877)  267-5245
Email: mgurleyjr@yahoo.com

Harley S. Tropin (admitted *pro hac vice*)
Gail A. McQuilkin (admitted *pro hac vice*)

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd., 9th Flr.
Tel.: (305) 372-1800
Fax: (305) 372-3508
Email: hst@kttlaw.com
Email: gam@kttlaw.com

David A. Balto (admitted *pro hac vice)*
Bradley A. Wasser (admitted *pro hac vice)*
THE LAW OFFICES OF DAVID BALTO
1350 I Street, NW
Suite 850
Washington, DC 20005
Tel.: (202) 789-5424
Fax: (202) 589-1819
Email: david.balto@dcantitrustlaw.com
Email: brad.wasser@dcantitrustlaw.com

Lynn W. Jinks, III
Christina D. Crow
Nathan D. Dickson, II
JINKS CROW & DICKSON, P.C.
219 Prairie Street N.
P. O. Box 350
Union Springs, AL  36089
Tel: (334) 738-4225
Fax: (334) 738-4229
Email: ljinks@jinkslaw.com
Email: ccrow@jinkslaw.com
Email: ndickson@jinkslaw.com

Myron C. Penn
L. Shane Seaborn
PENN & SEABORN, LLC
53 Highway 110
P. O. Box 5335
Union Springs, AL  36089
Tel: (334) 738-4486
Fax: (334) 738-4432
Email: myron@pennandseaborn.com
Email: shane@pennandseaborn.com

Joseph Preston Strom, Jr.
Mario A. Pacella
Bakari Sellers
STROM LAW FIRM, LLC

19

2110 N. Beltline Blvd.
Columbia, SC  29204-3999
Tel: (803) 252-4800
Fax: (803) 252-4801
petestrom@stromlaw.com

Mark K. Gray
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel: (502) 805-1800
Fax: (502) 618-4059
Email: mgray@grayandwhitelaw.com

Troy A. Doles
SCHLICHTER, BOGARD & DENTON
100 South 4th Street, Suite 900
St. Louis, MO  63102-1823
Tel: (314) 621-6115
 Email: tdoles@uselaw.com

Michael C. Dodge
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Ste. 500
Dallas, TX   75254
Tel:  972-419-8300
Email: mdodge@gpm-law.com

W. Daniel Miles, III
BEASLEY ALLEN LAW FIRM
218 Commerce Street
Montgomery, AL  36104
Tel: 800-898-2034
Fax: 334-954-7555
Email: dee.miles@beasleyallen.com

*Attorneys for Plaintiff Jerry L. Conway, D.C.*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 21st day of March, 2013, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Joe R. Whatley, Jr.
Joe R. Whatley, Jr.
