IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION | * * | Master File No. 2:13-CV-20000-RDP |
| MDL No. 2406 | * | This document relates to all cases |

### CAREFIRST OF MARYLAND'S RESPONSE TO THE SPECIAL MASTER'S RULE 23 REPORT RECOMMENDING APPOINTMENT OF WHATLEY KALLAS LLC AS INTERIM LEAD COUNSEL

COMES NOW Carefirst of Maryland, Inc. (hereinafter referred to as "CFMI") and addresses the appointment of Whatley Kallas, LLC ("Whatley Kallas"), as interim lead counsel for the Provider Track in this case.  CFMI shows unto the Court as follows:

1.  Federal Rule of Civil Procedure 23(g)(1)(B) allows the Court to consider matters "pertinent to counsel's ability to fairly and adequately represent the interests of the class" when considering a motion for the appointment of class counsel.  It is CFMI's concern that such a matter exists which would limit Whatley Kallas's ability to serve as interim lead counsel in compliance with Rule 23, namely, that Whatley Kallas obtained confidential information regarding CFMI during prior negotiations, which information was subject to a confidentiality agreement, and which, contrary to that agreement, has been disclosed in the complaint filed against CFMI by Whatley Kallas on behalf of several ambulatory surgical centers, styled *Advanced Surgery Center of Bethesda, LLC et al. v. CareFirst of Maryland, Inc.,* Civil Action No.: 1:13-cv-00769 in the United States

District Court for the District of Maryland, Greenbelt Division.[1] This raises serious concerns regarding Whatley Kallas's involvement in this case.

2. Over a considerable period of time prior to the commencement of the present litigation, CFMI and SurgCenter Development ("SurgCenter") engaged in extensive negotiations by which, if successful, CFMI would have entered into a provider contract with certain SurgCenter ambulatory surgery centers ("SurgCenter ASCs").

3. Counsel for SurgCenter was Whatley Kallas.

4. Prior to entering into negotiations, SurgCenter and Whatley Kallas, the firm who filed the SurgCenter Complaint in the present litigation, entered into a confidentiality agreement providing that confidential information regarding CFMI, received during the negotiations by SurgCenter and Whatley Kallas, could be used "only for the purpose of evaluating and determining the precise nature of a more formal business arrangement and for no other purpose."

5. Following the execution of the confidentiality agreement and in reliance on the terms and conditions therein which limited its usage to the negotiations with SurgCenter, CFMI provided SurgCenter and Whatley Kallas with certain confidential and private information.

6. The negotiations for a provider contract with SurgCenter did not conclude successfully.

7. SurgCenter is in partnership with the SurgCenter ASCs and their affiliation is referenced openly on the websites of the SurgCenter ACSs.

8. On March 13, 2013, Whatley Kallas, on behalf of several SurgCenter ASCs, filed a Notice of Potential Tag-Along Action to MDL No. 2406 (the "Notice").

---

[1] Whatley Kallas has filed a Notice of Related Case seeking to transfer that case to this MDL.

9. The SurgCenter Complaint, attached to the Notice, discloses a significant amount of confidential information delivered by CFMI to SurgCenter and Whatley Kallas in violation of the confidentiality agreement.

10. Due to Whatley Kallas's unauthorized use of the confidential information, CFMI filed the action styled *Carefirst of Maryland, Inc. v. Whatley Kallas, LLC, et al*. on April 1, 2013 in the Circuit Court for Montgomery County, Maryland, claiming, in part, breach of the confidentiality agreement, and requesting damages and injunctive relief barring defendants from further use or disclosure of the confidential information.

11. While CFMI is not seeking a ruling on the merits of its claim against Whatley Kallas for breach of the confidentiality agreement from this Court, CFMI has serious concerns regarding Whatley Kallas's use of the confidential information in the SurgCenter Complaint. CFMI is concerned that an appointment of Whatley Kallas as interim lead counsel for the Provider Track might result in the further disclosure, and use, of CFMI's confidential information.  Further, CFMI asserts that the appointment of Whatley Kallas as interim lead counsel for the Provider Track is likely to complicate the smooth administration of this MDL proceeding.

WHEREFORE, PREMISES CONSIDERED, Carefirst of Maryland, Inc., objects to the appointment of Whatley Kallas, LLC as interim lead counsel for the Provider Track in this case.

        Respectfully submitted,

        /s/ Brian K. Norman
        Brian K. Norman
        Shamoun & Norman, LLP
        1775 Wittington Place, Suite 200, LB 25
        Dallas, Texas 75234
        Tel:  214.987.1745
        bkn@snlegal.com

        ATTORNEY FOR CAREFIRST OF MARYLAND, INC.

        H. James Koch
        ARMBRECHT JACKSON LLP
        63 S. Royal Street, Suite 1300
        Mobile, AL 36602
        Tel:  251.405.1300
        hjk@ajlaw.com

        ATTORNEY FOR CAREFIRST OF MARYLAND, INC.

        Kimberly R. West
        WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.
        800 Shades Creek Parkway, Suite 400
        Birmingham, AL 35209
        Tel: 205.870.0555
        kwest@wallacejordan.com

        LIAISON COUNSEL

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 17th day of April, 2013, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

<u>/s/ Brian K. Norman</u>
BRIAN K. NORMAN
