UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No.: 2406) | Master File No.: 2:13-CV-20000-RDP <br><br> This document relates to all cases. |

### RESPONSE BY CERTAIN LOUISIANA CLASS COUNSEL TO JOINT RESPONSE BY LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA ("BCBS-LA") AND DANIEL A. SMALL

Certain Louisiana Class Counsel, Patrick W. Pendley and Gordon Ball ("Respondents"), hereby file this Response to the Joint Response to Order Setting Hearing on Appointment of Interim Lead Class Counsel and Plaintiffs' Steering Committee filed by Louisiana Health Service & Indemnity Company d/b/a Blue Cross/Blue Shield of Louisiana ("BCBS-LA") and Daniel A. Small, Esq. (Docket No. 50). ("Joint Response") This filing pertains to the Special Master Rule 23 Report in which Mr. Small is recommended as a member of the Interim Plaintiffs' Steering Committee for the subscriber track. See April 10, 2013 Report (Docket No. 43). Respondents have a particular interest in this issue in that they filed the first class complaint in Louisiana against BCBS-LA. In the Joint Response, BCBS-LA and Mr. Small explicitly acknowledge that Mr. Small and his law firm have a conflict of interest with respect to BCBS-LA by proposing limitations on his ability to prosecute this case.

Facially, Respondents acknowledge that Mr. Small possesses all the qualifications to serve on the Plaintiffs' Steering Committee for the subscriber track. Both Respondents have personally known Mr. Small for at least twenty years, have participated in class action litigation as co-counsel with Mr. Small and are therefore very familiar with his legal abilities. His legal

1

career has been as impressive as any plaintiffs' counsel in this litigation. This filing is not intended to nor does it in anyway assail his legal knowledge, experience and qualifications to serve on the PSC.

However, the "Joint Response" raises the spectre of Mr. Small having a disqualifying conflict of interest that would interdict his ability to effectively prosecute this matter on behalf of the subscriber claimants. The conflict of interest arises from the representation by Mr. Small's law firm, Cohen, Milstein, Sellers & Toll, PLLC ("CMST") of Louisiana Health Services Indemnity Company d/b/a Blue Cross/ Blue Shield of Louisiana ("BCBS-LA") in the matter entitled, *In Re: Lipitor Antitrust Litigation*, MDL 2332, United States District Court for the District of New Jersey ("Lipitor").

This Court is therefore confronted with the anomalous situation of Mr. Small and his law firm representing a Blue Cross Blue Shield entity as a named class representative in antitrust litigation in New Jersey, while simultaneously prosecuting the same entity for alleged antitrust activities before this Court. In the *Lipitor* litigation, CMST has been appointed Interim Co-Lead Class Counsel. While in the litigation before this Court, Mr. Small has been recommended as a member of the Plaintiffs' Steering Committee for the subscriber track by the Special Master. Notwithstanding Mr. Small's unquestionable qualifications, he should, nonetheless, be precluded from prosecuting this litigation in any capacity because of a conflict of interest. Furthermore, many capable counsel, who do not have the same major conflict as Mr. Small, have expressed an interest in serving on this Court's PSC and Respondents see no reason why other counsel should not be appointed in Mr. Small's stead to avoid the inevitable problems caused by Mr. Small's involvement in this litigation.

<u>In Re: Lipitor Antitrust Litigation</u>

This litigation involves antitrust violation allegations against Pfizer, Inc., Warner Lambert Co., and several other parties concerning an alleged scheme by those defendants to delay entry of generic versions of Lipitor into the market place. Because a number of lawsuits were filed regarding this scheme, the Judicial Panel on Multidistrict Litigation transferred all the pending cases to the United States District Court for the District of New Jersey, styled *In Re: Lipitor Antitrust Litigation*, MDL 2332, Master File No. 12-cv-2389 (PGS) for pretrial proceedings. CMST has been appointed Co-Lead Class Counsel by Judge Sheridan, and, importantly, BCBS-LA is one of the named class representatives.

<u>In Re: Blue Cross Blue Shield Antitrust Litigation, MDL 2406</u>

In this matter, the Special Master has recommended the appointment of Mr. Small to the Plaintiffs' Steering Committee. If so appointed, Mr. Small will have a significant leadership role in the prosecution of this litigation seeking to establish that, inter alia, BCBS-LA, violated the provisions of the Sherman Antitrust Act via monopolistic and anti-competitive actions.

As counsel for BCBS-LA, in its capacity as a named class plaintiff in *Lipitor*, CMST will most assuredly have access to confidential, privileged information concerning the business decisions of BCBS-LA, while simultaneously prosecuting claims against BCBS-LA in this litigation. The inherent duty of maintaining absolute fidelity to a client cannot be fulfilled when an attorney representing the client in one matter is suing that client in another matter. For instance, ABA Rule 1.7 provides in part, "[e]xcept as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." A comment to the ABA version of Rule 1.7 concludes that:

absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated. The client as to whom the representation is directly adverse is likely to feel betrayed, and the resulting damage to the client-lawyer relationship is likely to impair the lawyer's ability to represent the client effectively.

So, the question posed to this Court, is to whom is Mr. Small's loyalty directed, BCBS-LA or the subscriber claimants pursing monetary damages from BCBS-LA. Unfortunately, the filing by BCBS-LA and Mr. Small herein (Docket No. 50) fails to answer that inquiry. A defendant in this matter proposes to effectively "hamstring" one of plaintiffs' proposed leadership counsel because of a recognized conflict of interest.

Respondents herein respectfully submit that either Mr. Small has a conflict of interest or he does not. The Court must determine his status. If it is the determined that he does not have a conflict, then there is no need for any constraints to be placed upon Mr. Small to fully prosecute this case. If it is determined that he does have a conflict of interest, he should necessarily be barred from prosecuting a claim against his own client, BCBS-LA pursuant to the ethical rules.

The request that this Court adopt the provisions of the Memorandum and Order by Judge Peter G. Sheridan, dated January 16, 2013, directing the creation of a "Chinese Wall" within CMST is of no moment in this case. The provisions of that Order create more issues than are resolved. For instance, were those provisions to be adopted herein, there should be a designation by CMST as to the identities of the attorneys, paralegals, secretaries and other clerical personnel who have access to the BCBS-LA information, in *Lipitor*, coupled with a similar listing of CMST personnel who will have access to BCBS-LA information in this case. The Order should further provide that if Mr. Small and his firm are prohibited from prosecuting this action against BCBS-LA, that any attorney fee from settlement or judgment attributable to the Louisiana claimants cannot be shared by Mr. Small and CMST. While Section 4 of the Judge Sheridan

Order may be easily complied with in *Lipitor*, since BCBS-LA is a named plaintiff and CMST is plaintiffs' counsel, the tables are reversed in this matter and it is thus submitted that BCBS-LA defense counsel would have little, if any, opportunity to discern a breach in the "Chinese Wall", absent an extreme situation.

Clients reasonably expect and are entitled to complete fidelity from their counsel. That fidelity and loyalty is compromised when a defendant can dictate to plaintiffs' counsel the terms of representation. The proposed Section 4e provision provides for a "substantial" conflict by CMST. The constraints of the ethical rules are not so liberal.

Lawyers are not always free to take on any client who wishes to engage their services. They owe a duty to their existing clients, a duty of loyalty, that may not permit the new engagement. In general, the duty of loyalty requires the lawyer to put the interests of the existing client above the interests of other parties and above the interests of the lawyer. Louisiana Civil Law Treatise, Louisiana Lawyering, §8.1, page 143, (2007).

The waiver of a conflict in this situation must come from the party Mr. Small seeks to represent, the BCBS-LA subscribers, not the defendant, BCBS-LA. As counsel for the BCBS-LA subscribers, Respondents do not consent. If there is any doubt as to the propriety of an attorney's representation of a client, plainly such doubt must be resolved in favor of disqualification. *Maldonado v. New Jersey, 225 F.R.D. 120, 136-37 (D.N.J. 2004)*

## CONCLUSION

The long and short of this situation is that in January, 2013, when Judge Sheridan entered his Order, Daniel Small and CMST were just another lawyer and law firm that had filed an antitrust action against some BCBS entities, in this litigation, but not BCBS-LA in what is now this MDL proceeding. BCBS-LA is a named class representative in *Lipitor*. Now, Mr. Small and

CMST have been recommended to take a leadership role in litigation in which BCBS-LA is a named defendant. If there was no conflict in January, 2013, there is clearly and explicitly a conflict of interest now. CMST voluntarily chose to seek and accept a leadership appointment in *Lipitor*. That voluntary choice foreclosed other litigation opportunities for CMST and its personnel.

As counsel for the BCBS-LA subscribers, Respondents respectfully request that Mr. Small and his firm be disqualified from any leadership position in this litigation based upon a conflict of interest.

RESPECTFULLY SUBMITTED:

/s/ Patrick W. Pendley
**PATRICK W. PENDLEY (#10421)**
PENDLEY, BAUDIN & COFFIN, L.L.P.
POST OFFICE BOX 71
24110 EDEN STREET
PLAQUEMINE, LA 70764
(225) 687-6396 Telephone
(225) 687-6398 Facsimile
pwpendley@pbclawfirm.com

GORDON BALL (#1135)
BALL & SCOTT
7001 OLD KENT DRIVE
KNOXVILLE, TN 37919
(865) 525-7028 Telephone
(865) 525-4679 Facsimile
gball@gordonball.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2013, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Patrick W. Pendley
**PATRICK W. PENDLEY**