IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION | )<br>)   Master File No: 2:13-cv-20000-RDP<br>)<br>)<br>)<br>) |

**REPLY TO RESPONSE BY CERTAIN LOUISIANA PLAINTIFFS' COUNSEL TO JOINT RESPONSE BY BLUE CROSS BLUE SHIELD OF LOUISIANA AND CMST**

Daniel A. Small of Cohen Milstein Sellers & Toll PLLC ("CMST") files this reply to address the allegations and arguments made by Patrick W. Pendley and Gordon Ball (the "Objectors") in their response (the "Objection") to the joint filing (the "Joint Response") by CMST and Blue Cross Blue Shield of Louisiana ("BCBS-LA"). They seek to use BCBS-LA's *resolution* of CMST's alleged conflict of interest *as to BCBS-LA* as an opportunity to replace Mr. Small on the Plaintiffs Steering Committee ("PSC"). While CMST believes that the Objectors could serve capably on the committee, they have furnished no reason to disturb Special Master Gentle's considered judgment about the composition of the PSC that best serves the interests of the class. The Special Master's recommendations are based on extensive interviews with the attorneys seeking leadership positions, including Messrs. Pendley and Ball.

The Objection does not warrant rejecting the Special Master's recommendation because the Objection is misdirected to the extent it is based on CMST's alleged conflict of interest as to BCBS-LA. The Objectors have no standing to assert such a conflict, especially when the one with standing, BCBS-LA, has resolved the issue to its satisfaction. The Objection is also

untimely, as the facts that allegedly give rise to the conflict of interest were known for months, but the Objection was filed two days after the Court's deadline.

Moreover, the Objection rests on the false assumption that even if CMST has a conflict, it would disqualify Mr. Small from serving on the PSC. There is no requirement, and the Objectors point to none, that every PSC member must be responsible for all aspects of the litigation. Mr. Small can provide valuable service on the PSC even if he is not involved in one aspect of the litigation—issues that specifically relate to one of 39 defendants—especially when the most significant issues in the case, in which Mr. Small can fully participate, are common to all defendants.

The Objector's contention that the class is better off if no member of the PSC has any limitation on his or her role simply ignores (1) the minimal restriction the Joint Response proposes to place on Mr. Small's role, (2) the limited scope of Mr. Small's proposed role in this case in any event—he is only one of eight proposed members of the PSC, which will operate in the leadership structure under two very able and well-resourced co-lead counsel—and (3) the benefit to the class of putting CMST's considerable resources, experience and expertise to work through Mr. Small's service on the PSC, which presumably underlies the Special Master's recommendation to appoint Mr. Small to the PSC.

A.   **The Conflict Allegation Has Been Resolved.**

The Objectors attempt to breathe life back into a conflict allegation that has been raised and resolved twice before.[1] The issue was first raised in the *Lipitor* litigation on BCBS-LA's

---

[1] Contrary to the Objectors' assertion, CMST has never acknowledged, "explicitly" or otherwise, that it has an actual or potential conflict with respect to BCBS-LA. CMST has always maintained that BCBS-LA is not CMST's client in the *Lipitor* action (at least for purposes of the conflict of interest rule) (see Comment 25 to Rule 1.7) and that, accordingly, no conflict exists. Equally baseless is the Objectors' claim that CMST will have access to BCBS-LA's confidential information in *Lipitor*. They provide no basis for their claim, and there is none. CMST is barred by court order in that case from having access to

2

motion to disqualify. The court in that case denied the motion but put in place certain measures designed to protect BCBS-LA against any possible prejudice. The issue was raised again recently by BCBS-LA in this case, and was resolved through the proposed terms negotiated by CMST and BCBS-LA, which mirror the terms of the Lipitor order, and were presented to the Court last week in the Joint Response. BCBS-LA, the one protected by the conflict of interest rule (*see* ABA Model Rule 1.7), is satisfied with the resolution reached; only Mr. Small's competitors seeking a position on the PSC are not.[2]

However, the Objectors, who filed their Objection on behalf of BCBS-LA's subscribers, have no standing to raise this conflict. The concern addressed by Rule 1.7, as quoted by the Objectors themselves, is that when a lawyer sues his own client it will impair his ability to represent *that* client: "The client as to whom the representation is directly adverse is likely to feel betrayed, and the resulting damage to the client-lawyer relationship is likely to impair the lawyer's ability to represent the client effectively." ABA Model Rule 1.7. Here, the "client as to whom the representation is directly adverse" is BCBS-LA, and the Objectors do not argue otherwise. CMST's clients are (potentially) suing BCBS-LA in this litigation, and not,

---

BCBS-LA's confidential information, and from transmitting such information to any of the lawyers and paralegals working on this case. Memorandum and Order, *In re Lipitor Antitrust Litig.*, No. 12-cv-2389 (Dkt. No. 310) (Jan. 17, 2013). The Objectors' claim does reveal how they are confusing BCBS-LA's interests with those of the company's insureds. The insurer could challenge any use in this case of its confidential information disclosed in the *Lipitor* litigation. But its insureds could not be harmed by such use; indeed, it might help them prove their claim. Thus, they have no standing to object to such use.

[2] Messrs. Ball and Pendley's suggestion that the proposed order "create[s] more issues than are resolved," is overblown. The two "issues" they raise are entirely manageable. CMST would gladly provide a list of its personnel working on this matter and the Lipitor matter to the Court and to all parties involved, if that would address Messrs. Pendley and Ball's concern. The concern about the sharing of fees from any recovery by Louisiana class members is both premature and largely self-regulating. Because CMST will not be working on any matters specifically related to BCBS-LA, it will have no lodestar specific to the Louisiana plaintiffs. Nevertheless, CMST's work on matters related to all defendants will provide substantial benefit to all class members, including BCBS-LA subscribers. It would be premature to attempt to parse this value in advance, but in the event of a recovery this could no doubt be addressed.

obviously, any of the company's insureds.  Accordingly, the ABA Rule offers no support for the Objectors' position that only the BCBS-LA subscribers can waive any alleged conflict under the rule. Rather, this alleged conflict can only be waived by BCBS-LA, and it has done so.

To be sure, the Objectors also claim that the alleged conflict has divided Mr. Small's loyalty between BCBS-LA and its subscribers.  While CMST and Mr. Small deny such a conflict exists, even if it did, in no way would it disqualify Mr. Small from membership on the PSC. There is no reason that a PSC member must be involved in all aspects of the case.  *See* Manual for Complex Litigation (Fourth) 10.221.  For example, the Court would be well within its discretion to decide to appoint different PSC members to be responsible for different aspects of the case.  If, hypothetically, the Court appointed Mr. Small to the PSC to be responsible for litigation against the Blue Cross Association, or for litigation against the Blue Cross plans in the Northeast, then the alleged conflict with BCBS-LA would be irrelevant to his PSC duties.  Here, the Court has the option of imposing a modest limitation on Mr. Small's PSC responsibilities, restricting him from litigating specifically against BCBS-LA.  The Joint Response by BCBS-LA and CMST would accomplish that very purpose and would ensure that Mr. Small's appointment to the PSC could not harm the interests of BCBS-LA's subscribers in any way.

The *Lipitor* court evidently reached a similar conclusion.  It appointed Douglas Richards of CMST as co-lead counsel in the case at the same time it restricted Mr. Richards from being involved in representing BCBS-LA on issues specific to the company.  If Mr. Richards is a proper *co-lead* counsel in *Lipitor*—one of four—then Mr. Small certainly can appropriately serve as one of eight members of the PSC under co-lead counsel's leadership in this case.

Moreover, even if the Objectors had standing, their objection would be untimely to the extent it is based on CMST's alleged conflict.  BCBS-LA has been a plaintiff in the *Lipitor*

4

litigation since July 26, 2012, and has been a defendant in multiple cases in this Court since July 9, 2012.  The Court set a deadline of April 17, 2013 for objections to the Special Master's April 12, 2013 recommendations, yet the Objection was not filed until April 19, 2013.  The Objectors have not attempted to justify their tardiness.

      **B.**      **The Class's Interests Are Best Served by Adopting the Special Master's Recommendation to Appoint Mr. Small as One of Eight Members of the PSC.**

The Objectors' suggestion that the class is better served if one of them replaced Mr. Small on the PSC should also be rejected.  Their argument ignores the substantial benefits to the class from CMST's participation in the litigation through Mr. Small's service on the PSC, which clearly outweighs any detriment from the minor, proposed restriction on Mr. Small's role in the litigation.

The restrictions the Joint Response would place on Mr. Small's role are truly minimal.  BCBS-LA is one of 41 defendants in litigation involving all 50 states and a nationwide conspiracy.  The key issues in this litigation are common to all defendants, and Mr. Small is free to participate in them fully.  Moreover, Mr. Small is proposed to be just one of eight PSC members who are subordinate to very experienced and well-resourced co-lead counsel, and will be part of a large leadership structure that will include eight working committees and liaison counsel.  The Objectors have not explained, nor could they, how the interests of the class will be adversely affected by a minor restriction on one player in a large leadership structure.  *See* Manual for Complex Litigation (Fourth) 10.221 (explaining that labor is often divided among different attorneys and firms in the leadership structure according to efficiency and fairness).

Nor do they even attempt to address the benefit to the class from Mr. Small's and CMST's considerable experience, skills, and resources.  CMST unquestionably brings significant benefits to the class by its involvement in this case through Mr. Small's representation on the

PSC, which presumably led the Special Master to recommend Mr. Small's appointment to the PSC.  Messrs. Pendley and Ball graciously acknowledge that Mr. Small's "legal career has been as impressive as any plaintiffs' counsel in this litigation."  Objection at 1-2.

Furthermore, disqualification of counsel, which is what Messrs. Pendley and Ball effectively seek with their filing, is a drastic remedy.  As the case cited by Messrs. Pendley and Ball makes clear, "courts disfavor such motions and grant them only when absolutely necessary."  *Maldonado v. New Jersey ex rel. Admin. Office of the Courts-Probation Div.*, 225 F.R.D. 120, 137 (D.N.J. 2004).  The alleged conflict here is a far cry from the express and intentional misconduct at issue in *Maldonado*.  There, counsel was disqualified because she had knowingly retained and used privileged documents outlining the other side's trial strategy directly and irreparably prejudicing the other side.  *Id.* at 141-42.   Disqualification under the very different circumstances here would be inappropriate.[3]

\* \* \*

For the reasons stated above, we respectfully ask this Court to overrule the Objection, to enter the order jointly proposed by Mr. Small and BCBS-LA, and to appoint Mr. Small to the PSC as recommended by Special Master Gentle.


Dated: April 22, 2013  	Respectfully submitted,

	/s/ John D. Saxon
	John D. Saxon
	ASB-3258-O71J

---

[3] When CMST filed a complaint in this case on behalf of plaintiffs Fred Richards and Richards and Sons Construction Co., BCBS-LA had not filed a case in *Lipitor*, and when CMST applied for a leadership position here, its clients had sued only Alabama Blue Cross and the Blue Cross Association, and the MDL Panel had not ruled on the transfer motion filed by plaintiff GC Advertising.  BCBS-LA became a plaintiff in *Lipitor* and a defendant in this Court through no action by CMST.

John D. Saxon P.C.
2119 3rd Avenue North
Birmingham, AL 35203
Tel: (205) 324-0223
Fax: (205) 323-1583
jsaxon@saxonattorneys.com

Daniel A. Small
Laura M. Alexander
Meghan M. Boone
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 500 West
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
dsmall@cohenmilstein.com
lalexander@cohenmilstein.com
mboone@cohenmilstein.com

*Counsel for Plaintiffs Fred R. Richards,
Richards and Sons Construction Co., Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that on April 22, 2013, I filed the foregoing document with the court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                        */s/ John D. Saxon*
                                        John D. Saxon