FILED
2014 Oct-16  PM 02:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD | ) | Case No. 2:13-cv-20000-RDP |
| ANTITRUST LITIGATION | ) | (All Related Cases) |
| (MDL No. 2406) | ) | |

DISCOVERY ORDER NO. 1

The parties have submitted to the court their respective proposed plans for scheduling and structuring the discovery phase of this litigation, and the court has considered carefully the briefs and oral arguments made by the parties with respect to discovery.  The court is cognizant of the general scope of relevant discovery defined in Rule 26(b)(1) that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Although the court is unaware of any party seeking to invoke the broader scope of discovery set out in the second sentence of Rule 26(b)(1), allowing, upon a showing of good cause, discovery "of any matter relevant to the subject matter involved in the action," it is clear to the court, given the breadth of the allegations in this action and the need to inquire into the history

of the Defendants' relationships and structure, discovery related to the subject matter of the action is appropriate.   Furthermore, in light of Rule 1's aspiration that the purpose of the Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action," the court recognizes the need to closely examine the scope and need for discovery.  To this end, the court points out that discovery can be limited by the court when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Based on these considerations, the plans proposed by the parties, and other information before the court, the following Order is entered.

## I.   <u>GENERAL PROVISIONS</u>

A.   Except as expressly set forth herein, this Discovery Plan shall not limit or prejudice any party's rights under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.[1]

---

[1]   As used herein, there is no special or unique definition given to the term "party," because it is a concept well known to attorneys.  There is no apparent need to re-define the parties to limit discovery with respect to controlled affiliates or subsidiaries.  If not doing so results in actual discovery abuse or causes undue burden in *particular* cases, the parties may bring that the court's attention by appropriate motion.

B.     The parties may modify this Discovery Plan by written agreement without Court order[2] or, absent written agreement, seek to modify this Discovery Plan by motion for good cause after making a good faith effort to meet and confer.

## II.     INITIAL DISCLOSURES AND PRELIMINARY DISCOVERY

C.1.   By not later than December 18, 2014, the parties shall meet and confer on whether all information required to be disclosed under the parties' "Protocol for Data Systems Disclosures by All Parties" (hereafter "the Protocol")[3] has been disclosed as required, and if not, what additional information is required for disclosure and when such additional information will be disclosed.  Topics for discussion related to the production of electronically stored information ("ESI") shall include identification of production custodians and other data sources subject to search, collection, and production; search and collection protocols for both

---

[2]     Because it is ultimately the court's responsibility to manage its docket, the court reserves the right to review written agreements of the parties modifying the discovery procedures set out herein and to overrule such agreements if they impact the court's overall docket management.  To that end, any such written agreement between the parties shall be electronically filed as a Notice of Agreement subject to review by the court.

[3]     The court understands the Protocol to be an attempt by the parties to comply with the requirements of Rule 26(a)(1)(A)(i) and (ii) for making initial disclosures of witnesses and, more particularly, documents or ESI.  To do so, the parties must identify the custodians of large structured databases and the procedures by which the databases may be searched and ESI produced.  The parties' Protocol is an attempt to agree on what must be disclosed and how, although there appears to remain a dispute over whether everything called for by the Protocol has been disclosed.

"structured" and "unstructured" ESI data; the format(s) in which ESI will be produced; questions regarding accessibility of ESI; and questions related to privileges claimed in ESI.  If the parties are unable to reach agreement concerning complete compliance with the Protocol, each party may report in writing to the court its views concerning the completeness of compliance and seek appropriate relief.[4]

C.2.   In the event the parties agree that there has been complete compliance with respect to disclosures under the Protocol and Rule 26(a)(1), the parties shall meet and confer by January 16, 2015, regarding the following limitations on discovery:  (1) the maximum number of depositions that will be permitted; (2) the time permitted for those depositions; (3) the maximum number of interrogatories that will be permitted; (4) the maximum number of requests for admission that will be permitted; and (5) the maximum number of requests for production that will be permitted.  If the parties are unable to agree on these limits by January 20, 2015, each side shall submit its proposed limits to the Court.

C.3.   In the interim, no more than five depositions of any party, not to exceed 50 depositions total for all parties, may be taken before February 13, 2015.

---

[4]      All parties agree that considerable time and effort has been expended negotiating a protocol and procedure for identifying structured data systems and how information may be obtained from them (see Doc. 220, p. 7 and Doc. 221, p. 6), but they disagree as to the completeness of disclosures required under it.   Plaintiffs contend that without complete compliance with the Protocol, they cannot effectively propound requests for production of data from the systems.

The parties may commence taking Rule 30(b)(6) depositions on December 1, 2014, and any other depositions on January 2, 2015. The court will determine later how these interim depositions will affect the overall discovery limits in the case in light of Rule 26(b)(2)(C). With respect to these interim depositions, the deposition of an individual witness (i.e., a witness testifying in his personal capacity, not a representative capacity) shall be completed within seven hours, consistent with Rule 30(d)(1). Each Rule 30(b)(6) deposition of a party shall be limited to 14 hours, absent stipulation or a showing of good cause for extension.

C.4. Notices of Rule 30(b)(6) depositions shall be served at least forty (40) days prior to the date scheduled for commencement of the deposition, and objections to the Rule 30(b)(6) notice shall be served within fourteen (14) days of service of the notice. The noticing and objecting parties shall meet and confer about the objections within seven (7) calendar days after service of the objections. In the event the parties are not able to resolve the objections, the noticing party shall file a motion to compel, specifically detailing the objections that remain unresolved and seeking the court's resolution of them. Attached to the motion shall be a copy of the notice of deposition, the objections to the notice, and the noticing party's response to each unresolved objection. The court will endeavor to resolve the objections prior to the scheduled date for the deposition, or otherwise direct how the parties shall proceed.

D.    The parties shall promptly meet and confer in good faith regarding any discovery disputes or objections before seeking the Court's intervention.  To facilitate the resolution of discovery disputes, the following procedures shall apply:

D.1.   Beginning on Thursday, November 6, 2014, a bi-weekly discovery meet and confer call among Subscriber Plaintiffs, Provider Plaintiffs, and Defendants shall take place on the first and third Thursday of every month at 3:00 p.m. CT.  One week before each call, the parties shall each submit a written list of topics to be addressed on that call.

D.2.   Beginning on Thursday, January 22, 2015, a monthly status call with the Magistrate Judge, or, if the parties mutually agree or the Magistrate Judge directs, an in-person meet and confer in Birmingham (of which the  Magistrate Judge would be notified and available for consultation), shall be scheduled to take place on the fourth Thursday of every month at 3:00 p.m. CT.  At least two business days before a meet and confer or monthly status call, the parties must jointly provide the Magistrate Judge with a list of topics, with a short one-paragraph description of each topic, to be discussed on the call or at the meet and confer, or provide notice that the call or meet and confer is not needed.  Any party may supplement the topic-description submission described above by submitting, at least two business days before the status call, a letter no more than three single-spaced pages, addressing or further explaining the topics listed for

discussion.  Any party may respond to such supplemental letters by not later than 9:00 a.m. CT the morning of the status call, by submitting a letter no more than three single-spaced pages.  The Magistrate Judge will advise the parties whether any additional written submissions are required, or whether parties should report on status or other topics of interest to the judge.

D.3.  The procedures in the preceding paragraphs D.1. and D.2. do not preclude any party from seeking formal relief as permitted under the Federal Rules of Civil Procedure, including motions to compel or motions for protective orders, but require only that the parties may do so after engaging in the informal guidance process set forth above.

E.  Coordination of Discovery:  The parties are encouraged to propound and serve coordinated discovery requests in order to reduce the number of duplicative requests and to focus discovery on critical issues.

E.1.  Provider Plaintiffs and Subscriber Plaintiffs will coordinate discovery to the extent reasonably possible.  To the extent reasonably possible on discovery related to overlapping topics (i.e., discovery of topics common to both plaintiff tracks), Provider Plaintiffs and Subscriber Plaintiffs shall serve a joint set of written discovery requests or deposition notices and shall not serve duplicative written requests or deposition notices.  Provider Plaintiffs and Subscriber Plaintiffs may, however, find it necessary to conduct discovery separately at times on non-

overlapping topics, for which they shall serve separate discovery requests and notices.

E.2.   Defendants will coordinate discovery to the extent reasonably possible.  To the extent reasonably possible on discovery related to overlapping topics, Defendants shall serve a joint set of written discovery requests or deposition notices and shall not serve duplicative written requests or deposition notices. Defendants may, however, find it necessary to conduct discovery separately at times on non-overlapping topics, on which they shall serve separate discovery requests and notices.

F.   After any party propounds written discovery requests, the parties involved shall meet and confer about the sequencing and timing of the response or production to be made in response to the discovery requests.

G.   While the parties will use Stages for certain timing of this discovery plan, it is contemplated that some of the timing will overlap.

H.   On October 21, 22, and 23, 2014, the parties shall meet and confer regarding any proposed changes to the Discovery Plan that are necessary as a result of the Second Amended Complaint filed by Provider Plaintiffs on September 30, 2014.  The parties will meet with the Magistrate Judge regarding any proposed changes at 3:00 p.m. CT on October 23, 2014.

### III.   STAGED DISCOVERY

A.     The parties have identified two broad categories of discovery related to the production of documents and ESI, so-called "structured" and "unstructured" data.  "Structured" discovery is described as referring to obtaining information "housed in more than 400 structured data systems," while "unstructured" discovery refers to documents and other forms of ESI, such as emails.  The parties agree that discovery should be staged, in order to focus on one form of data at a time, but disagree as to when the stages should begin and to what extent they should overlap.

B.          **Structured Data Stage (SDS)** – Discovery seeking production of structured data relating to the claims, defenses, or subject matter of this action, in accordance with Rule 26(b)(1) shall proceed as follows:

B.1.   Requests for the disclosure of any data dictionaries, descriptions of data fields, and any other issue regarding structured data architecture not the subject of the conferences described in paragraphs II.C.1. and II.C.2., above, and which were made on or before August 17, 2014, shall be provided responses on or before October 24, 2014, and all meet and confers regarding these disclosures shall conclude by November 14, 2014.   Any unresolved disputes regarding the disclosures shall be brought to the court by December 18, 2014.   The parties should endeavor to avoid requesting information duplicative of that disclosed pursuant to the Protocol.

B.2.   Initial written discovery requests for the production of structured data may be served any time after August 15, 2014.   After initial requests for the production of structured data are served, additional requests shall be permitted only on a showing of good cause.   No later than 30 days after a party issues written discovery requests seeking information in SDS or 30 days after the entry of this Order, whichever is later, the parties will meet and confer on the written discovery requests. Provider and Subscriber Plaintiffs and the individual Defendants will coordinate these discussions to the extent practical, recognizing that discussion between and among individual parties may be necessary.

B.3.   The parties shall meet and confer on SDS written discovery requests after they have been served.   At the meet and confers, the parties will determine, to the extent reasonably possible, on a request-by-request basis, the system(s) from which the production of structured data will be made.   Additionally, during this process, the parties shall meet and confer to prioritize and discuss the scope, order, format, and timing of the production of structured data.   All meet and confers regarding SDS requests will be completed within the later of  120 days of the Court's entry of this discovery plan in this action or service of the SDS discovery request(s), and unresolved disputes shall be presented to the court promptly thereafter.

B.4.  Subject to any objections, the parties shall respond to any requests for structured data on a rolling basis and such production shall be substantially completed no later than the later of twelve (12) months from the service of the SDS requests or the entry of this Order, or such reasonable time after any objections to specific requests are resolved.

C.  **Selected Unstructured Data Stage (SUDS)** – discovery seeking production from selected custodians of unstructured data and documents relating to the claims, defenses, or subject matter of this action, as described in Rule 26(b)(1).

C.1.  Requests for the production of information, other than written discovery requests related to SDS, may be served anytime after December 18, 2014.

C.2.  Within 90 days of being served requests for production of documents in SUDS, a party receiving requests for such production shall provide the disclosures required in Fed. R. Civ. P. 26(a)(1)(A)(i), identifying those primary employees or former employees likely to have information the party may use to support its claim or defense.  The party making these disclosures may not submit any declarations, affidavits, or offer any testimony (for hearing, trial, or any other purpose) from any person not named in these disclosures, absent a showing of

good and reasonable cause for failure to disclose such person,[5] or that the failure to disclose was harmless.  The specific number of custodians for each party in SUDS will be negotiated, taking into consideration the specific party producing the custodian.

C.3.   Subject to any objections, the parties shall respond to any requests for unstructured data and documents on a rolling basis and such production shall be substantially completed no later than 18 months from the service of the SUDS requests, or such reasonable time after any objections to specific requests are resolved.  The written response to the SUDS request shall include a description of data locations searched and the search methodology used for identifying SUDS responsive to the request.

C.4.   Throughout SUDS discovery, the parties shall meet and confer to prioritize and discuss the order and timing of the production of documents.

D.   **Additional Unstructured Data Stage (AUDS)** – Discovery seeking production of unstructured data and documents from custodians in addition to those disclosed pursuant to III.C.2., above.

D.1.   AUDS discovery will commence on December 14, 2015, on which date each party shall provide a supplemental list of primary employees and former

---

[5]      Mere neglect or oversight shall not be considered good and reasonable cause. "Cause" must be some obstacle to disclosure external to the party and its counsel, and beyond the control of the party and counsel, even with diligence on their part.  Parties may seek application of Rule 37(c)(1).

employees with the names and titles of additional persons likely to have information that it may use to support its claims or defenses or statement that it has no supplemental list.   Persons so identified on a supplemental list shall not be barred by paragraph III.C.2., above, from giving testimony after the date of their disclosure.   If any party has no additional supplemental employees or former employees to identify, such party shall so state affirmatively to the other parties.

D.2.   Following the parties' assessment of materials received during SUDS and any additional employees and former employees disclosed, the parties may identify up to five additional production custodians from each party.   The identifying party must articulate in writing a good faith basis -- based on the materials received and any other discovery to date -- to believe that those custodians are reasonably likely to have non-duplicative,  relevant, and responsive information requested during SUDS.   Production from any of these additional custodians is subject to party agreement, which shall not be unreasonably withheld, or court order if the parties cannot agree.  The parties reserve the right to seek leave of Court (or agreement of the parties) for production from more than five additional production custodians upon a showing of good cause, subject to the provisions of Rule 26, and the parties reserve all rights and objections in response thereto.

D.3.    The parties shall produce materials responsive to the requests for production served in SUDS from the additional AUDS custodians on a rolling basis, and such production shall be substantially completed no later than 9 months after the start of AUDS, or such reasonable time after any objections to the inclusion of specific custodians are resolved.

D.4.    After the commencement of AUDS, the parties shall meet and confer on whether additional discovery requests that were not previously propounded or depositions that were not previously noticed in SUDS are required.  If the parties are unable to agree, each party may submit the additional requests to the Court for approval to serve prior to the close of AUDS discovery.

D.5.    Throughout AUDS, the parties shall meet and confer to prioritize and discuss the order and timing of the production of documents.

D.6.    All production dates in this section are the latest by which the production of documents shall be completed; the parties agree to work in good faith to produce documents as early as practicable.

## IV.    THIRD-PARTY DISCOVERY

A.      Third-party discovery may commence on December 1, 2014.  The parties shall agree to produce to all parties any responses and productions received during the course of third-party discovery.

## V.   FACT DISCOVERY DEADLINE

A.    All fact discovery shall be completed no later than September 30, 2017.

## VI.   EXPERT DISCOVERY

A.    The parties will meet and confer on a schedule for expert discovery when there is a briefing schedule for issues that give rise to such discovery.

**DONE** and **ORDERED** on October 16, 2014.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE