**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION ) ) ) MDL Docket No. 2406 ) ) _____ ) | **Master File No. 2:13-cv-20000-RDP** <br><br> This document relates to all cases. |

### EXPERT STIPULATION AND [PROPOSED] ORDER

Plaintiffs and Defendants agree as follows regarding the scope of any expert discovery in this case, relating to both class certification and the merits, and submit this Expert Stipulation and Proposed Order. Neither the terms of this Stipulation nor the parties' agreement implies that any of the information restricted from discovery in this Stipulation would otherwise be discoverable.

1. The Parties will make all disclosures required by Fed. R. Civ. P. 26(a)(2), except as modified or limited in this order. Within five (5) business days of any party serving any expert reports and/or expert declarations in this litigation, as modified by this Stipulation, the party or parties proffering the expert witness shall produce: the data or other information relied upon by the expert witness in forming the expert witness's opinions; a list of any documents, identified by bates-number or by deposition exhibit number, that summarize or support the expert witness's opinions; a copy of any document that summarizes or supports the expert witness's opinions not identifiable by bates-number or by deposition exhibit number; the expert witness's qualifications, including a list of all publications authored in the previous ten (10) years; a list of all other cases in which, during the previous four (4) years, the expert witness has testified as an expert at trial or by deposition, which shall identify the case caption, the court in which it was pending, and the

party that retained the expert; and a statement of the compensation to be paid for the expert witness's study and testimony in the case. To the extent the party proffering the expert seeks to supplement any production, it must do so fourteen (14) days before the deposition of the expert.

    (a)    "Data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analysis and/or other underlying reports and schedules sufficient to reconstruct the expert witness's work, calculations, and/or analyses.

    (b)    "Data or other information relied upon" should be produced electronically (via email or disc) where appropriate. To the extent that this includes exhibits, information, or data processed or modeled by a computer, the party shall produce machine readable copies of such exhibits, information or data (including all input and output files) along with appropriate computer programs, instructions, and field descriptions. Spreadsheets and similar data sets that the expert relied upon in forming his or her opinions shall be produced in native electronic and fixed formats, with the native-format documents containing any formulas, algorithms and other functions used to derive the results displayed. If data disclosed pursuant to this Order are derived from electronic data provided by any party to this action, the original data, in machine readable format, shall be produced, together with appropriate computer programs, instructions and field descriptions necessary to access and use the data. No party need produce computer programs that are reasonably and readily commercially available. Where documents have previously been produced as part of discovery, identification by Bates number is sufficient. As to other documents relied upon by the expert, documents that are publicly available need not be produced absent specific request.

   (c) Following the service of their respective initial expert reports, the parties will endeavor in good faith to make personnel available informally from expert or consulting support staff or from the parties' information technology staffs to answer reasonable technical requests related to the data or programs used as needed.

  2. Notwithstanding the foregoing, the following types of information shall *not* be the subject of discovery:

   (a) the content of oral or written communications among and between: (i) counsel and the expert and/or the expert's staff and/or supporting firms; (ii) counsel and any non-testifying expert consultant and/or the consultant's staff and/or supporting firms;

   (b) the content of oral or written communications in connection with this matter among and between: (i) the expert and other experts and/or other non-testifying expert consultants; (ii) experts and their staffs and/or supporting firms; (iii) non-testifying expert consultants and their staffs and/or supporting firms; (iv) the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants; and (v) experts and non-testifying expert consultants and their respective staffs and/or supporting firms and the party retaining them; and

   (c) notes, drafts (including drafts of Fed. R. Civ. P. 26(f) reports), and preliminary work created by, or for, experts or non-testifying expert consultants in connection with this matter.

    (i) "Notes" include correspondence or memos to or from, and notes of conversations, among and between the expert and the expert's staff and/or supporting firms, and/or other non-testifying experts.

    (ii) "Drafts" include drafts of expert reports, expert opinions, expert written testimony or expert work papers prepared for this litigation; preliminary or intermediate calculations, computations, modeling or data runs prepared in connection with this matter; or other preliminary or draft materials prepared by, for, or at the direction of an expert witness, or a non-testifying expert.

The foregoing exclusions from discovery will not apply to any information, communications or documents that identify and/or constitute: (i) facts or data that the party's attorney, experts, or non-testifying expert consultants provided and that the expert relied upon in forming the opinions to be expressed; (ii) assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed; (iii) facts or data relied on by the expert in forming the opinions reflected in his or her report; (iv) notes or other writings relied upon by the expert in rendering his or her opinion in this matter; and (v) communications with the expert's staff and/or supporting firms and/or non-testifying experts relied upon by the expert in rendering his or her opinion in this matter.

  3. No subpoenas (for depositions or documents) need be served on any testifying expert from whom a report is provided in this case. Instead, the party or parties retaining such expert will make him or her available for deposition, at a time mutually agreed to by the parties. In addition, the party or parties retaining an expert from whom a report is provided will produce

a complete and comprehensive set of all materials as set forth in Paragraph 1.

4. Experts may be examined, at deposition, hearing or trial on any matter subject to disclosure under the terms of this Stipulation. Examination shall also be permitted on (a) the basis of the opinions expressed by the expert in his or her report; (b) alternative theories, analyses, methodologies, data, documents, assumptions or approaches to issues on which the expert is testifying, regardless of whether the expert considered them in forming the expert's opinions; and (c) the authorship of draft or final expert reports, expert opinions, expert written testimony, or expert work papers and the identity of any persons assisting the expert. This Stipulation also shall not be construed to preclude discovery concerning the expert's compensation or hours expended in preparing his or her report or testimony.

5. Nothing in this Stipulation shall preclude a party from making any claim on the basis of the attorney-client privilege, the work-product doctrine or any other applicable rule or privilege.

6. This Stipulation shall apply retroactively and prospectively.

The parties agree to comply with this Stipulation and Order pending the Court's approval.

**SO ORDERED.**

**This the \_\_\_\_ of April, 2015.**

_____

**R. David Proctor**

**United States District Judge**