FILED

2015 Apr-20  PM 06:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| ) | |
| IN RE: BLUE CROSS BLUE SHIELD ) | **Master File No. 2:13-CV-20000-RDP** |
| ANTITRUST LITIGATION ) | |
| (MDL No. 2406) ) | This document relates to all cases. |
| ) | |
| ) | |

## JOINT STATUS REPORT

In accordance with the Court's April 9 Order (Dkt. No. 353), the parties provide the following joint status report.

**1.    Positions on the Motions for Leave to Amend**

**Defendants' Position**

Subscriber plaintiffs seek leave to amend the *Stark* and *Shred 360* complaints, and indicate they will be seeking leave to amend in all of their other underlying complaints, in order to assert their claims in those cases against all defendants.  *Stark v. Health Care Service Corp. d/b/a Blue Cross and Blue Shield of Illinois*, No. 2:13-cv-1157-RDP, Dkt. No. 10 at 4 & n.1; *Shred 360 LLC v. Blue Cross Blue Shield of South Carolina*, No. 2:13-cv-0003-RDP, Dkt. No. 16 at 4 & n.1.

A number of defendants[1] oppose these proposed amendments as futile against many of the proposed new defendants, because the transferor courts in which the complaints were initially

---

[1] Blue Cross Blue Shield of Arizona, Excellus, Blue Cross and Blue Shield of Kansas, Blue Cross and Blue Shield of Kansas City, Blue Cross of Idaho Health Service, Inc., Blue Cross and Blue Shield of Nebraska, HealthNow New York, Blue Cross Blue Shield of Mississippi, Blue Cross Blue Shield of North Dakota, Blue Cross Blue Shield of Wyoming, and Triple-S Salud. Capital BlueCross opposes the motion for leave to amend in *Shred 360*.

filed may lack personal jurisdiction and proper venue.[2]  The remaining defendants take no position on the proposed amendments.

Under Fed. R. Civ. P. 15, the Court should deny a motion for leave to amend where the amendment would be futile.  *See, e.g.*, *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Faulk v. Kilgore*, No. 3:12-CV-00769, 2013 WL 1767818, at *5 (N.D. Ala. Apr. 18, 2013) (denying as futile request to amend complaint to name additional defendant).

Courts routinely deny motions for leave to amend on futility grounds where the court lacks personal jurisdiction over the proposed new defendant or where venue is not proper.  *See, e.g.*, *Bancoult v. McNamara*, 214 F.R.D. 5, 6 (D.D.C. 2003) (denying in part motion to amend complaint "[b]ecause the plaintiffs' amendment is . . . futile as to one defendant for lack of personal jurisdiction"); *Gibbs v. United States*, 865 F. Supp. 2d 1127, 1148 (M.D. Fla. 2012) (denying motions to amend complaints because "[a]ll of the proposed complaints contain similar deficiencies including . . . lack of proper venue").

That is the case here.  Many defendants whom plaintiffs seek to add to the *Stark* and *Shred 360* complaints transact little or no business in Illinois or South Carolina or the other implicated jurisdictions and districts.  The Court should not permit subscriber plaintiffs to amend the *Stark* or *Shred 360* complaints, or any other complaints, to add every single defendant named

---

[2] In order for an MDL court to exercise personal jurisdiction over a defendant in a transferred case, personal jurisdiction must be proper in the state where the transferor court sits.  *In re Amtrak Sunset Ltd. Train Crash in Bayou Canot, Ala. on Sept. 22, 1993*, 923 F. Supp. 1524, 1527 (S.D. Ala. 1996).  Similarly, venue must properly lie in the transferor court.  *Pritchett v. Paschall Truck Lines, Inc.*, 714 F. Supp. 2d 1171, 1172 (M.D. Ala. 2010); *In re U.S. Office Prods. Co. Sec. Litig.*, 251 F. Supp. 2d 58, 65 (D.D.C. 2003).

in the subscribers' Amended Consolidated Complaint without pleading facts showing that these defendants transact sufficient business to subject them to the jurisdiction of the transferor courts and that venue is proper in those courts.  If subscriber plaintiffs are permitted to file the amended complaints without any such facts, many of the newly added defendants will need to evaluate bringing motions to dismiss for lack of personal jurisdiction and improper venue in those cases similar to those motions that are pending in the *AEM* and *Cerven* subscriber cases and the *Conway* provider case.

In addition, these defendants oppose these proposed amendments because they interject procedural complications into this multidistrict proceeding and disrupt the current schedule set by the Court.  These proposed amendments will unleash yet another round of motions to dismiss at a time when the parties are focusing on discovery under the Court's schedule.  Subscriber plaintiffs have had three years to amend or file new lawsuits, and it is simply too late to begin yet again with new complaints.

### Plaintiffs' Position

Subscriber Plaintiffs' motions to amend the *Stark* (Illinois) and *Shred360* (South Carolina) complaints are both timely and proper. They will not disrupt or delay this litigation. In fact, Subscriber Plaintiffs rushed to file these motions ahead of similar planned amendments in other transferred cases so that the new plaintiffs could be added to these complaints without materially affecting the schedule for discovery directed to the named plaintiffs. And by separately filing protective complaints against the Defendants that moved to dismiss for lack of personal jurisdiction and venue in such Defendants' home districts (the "PJ/V Movants"), Subscriber Plaintiffs have assured that all Defendants are properly named in at least one case

presently in the MDL. Accordingly, discovery and other schedules can proceed apace while the Court considers any challenge to jurisdiction in any other specific jurisdiction.

Defendants' stated opposition to the motions is, at best, tepid. Defendants express *no opposition* to the Motions to Amend to the extent they seek leave to substitute plaintiffs. And only a handful of the Defendants oppose the Subscriber Plaintiffs' efforts to clarify the record by conforming the complaints in the underlying, transferred cases to assert the same claims, against the same defendants, as are asserted in the Amended Consolidated Complaint governing the MDL.

Defendants do not even contend that either Illinois or South Carolina lacks jurisdiction over them. Rather, they suggest only that such states "may*"* lack jurisdiction and that they "will need to evaluate" the possibility of a venue or jurisdiction-based motion to dismiss. Subscriber Plaintiffs respectfully submit that the possibility that a small, unidentified, subset of defendants may at some future date choose to evaluate filing a motion falls woefully short of the standards for denying a motion to amend.

Although admitting that they have not yet fully evaluated the question, a handful of Defendants nonetheless claim that the amendments to conform the underlying complaints to the governing Amended Consolidated Complaint would be "futile." Clearly, however, Illinois and South Carolina can readily exercise personal jurisdiction and venue over all the Individual Blue Plan defendants.

Applying the *Calder* effects test, Illinois courts permit the exercise of personal jurisdiction over out-of-state defendants who engage in a conspiracy that is purposefully directed at Illinois. *See, e.g., Montel Aetnastak, Inc. v. Miessen*, 998 F. Supp. 2d 694, 713 (N.D. Ill. 2014). All the Individual Blue Plan defendants are also subject to Illinois jurisdiction under

Section 12 of the Clayton Act because all are current and past members in good standing of their co-conspirator, co-defendant, the Blue Cross Blue Shield Association ("BCBSA"), which is headquartered in Chicago, Illinois. As alleged in both the Amended Consolidated Complaint and the proposed Amended Complaints to be filed in the transferred cases, the BCBSA was created by and is owned and controlled by the Individual Blue Plan defendants, whose anticompetitive agreements voluntarily entered into with the BCBSA are at the center of this entire litigation. Additionally, yet-to-be conducted merits discovery will confirm the full extent of each Individual Blue Plan's alleged participation in meetings and conference calls conducted at or through the services of the Illinois-based BCBSA, as well as the effects of the defendants' anticompetitive conduct in Illinois, including the exact number of subscribers and the extent of BlueCard services rendered by each defendant in Illinois.

Similarly, South Carolina courts apply the *Calder* effects test to exercise jurisdiction over out-of-state defendants under circumstances analogous to those presented here. *See, e.g., Dash v. Mayweather*, 2010 U.S. Dist. LEXIS 87842; 2010 WL 3420226 (D. S.C. Aug. 25, 2010). Also, as with Alabama, Illinois and North Carolina, merits discovery will demonstrate that, given the mobility of the American populace, many, if not all, the Individual Blue Plan defendants "transact business" within South Carolina sufficient to also satisfy the requirements of the Clayton Act.

Defendants' "futility" arguments are not supported by the cases they cite. In *Faulk*, the plaintiff conceded at summary judgment that she could not state a claim for employment discrimination against two individual employees of the TVA. She proposed to dismiss them and instead sue the Board of Directors of the TVA for employment discrimination. Magistrate Judge Davis properly disallowed the proposed amendment because the plaintiff had not been employed

by the TVA and therefore could not state an employment discrimination claim against its Board. Similarly, *Hall* involved a distinguishable effort to reassert claims the court had already rejected on summary judgment, or which, as a matter of law, did not survive the deceased plaintiff. In *Gibbs*, a *pro se* plaintiff was denied leave to amend a disability benefit claim against the United States that was foreclosed by statute. Leave to amend was denied due to a lack of subject matter, not personal, jurisdiction. The decision in *Bancoult* could hardly be less pertinent. It involved a dispute arising from the Vietnam era in which residents of the Chagos Archipelago in the Indian Ocean were trying to sue, among others, the United States Secretary of Defense over alleged "forced relocation, torture, racial discrimination, cruel, inhuman, and degrading treatment, genocide, intentional infliction of emotional distress, negligence, and trespass" in connection with the creation of a U.S. military base on Diego Garcia island. The court denied leave to add claims against a foreign defendant which had provided an affidavit specifically rebutting limited jurisdiction allegations found in the original (and proposed amended) complaint, and plaintiffs failed to allege any other acts connecting the defendant with the District of Columbia, or any statutory basis for jurisdiction.

More relevant to the present motions is *Hull v. Viega, Inc*., 2014 U.S. Dist. LEXIS 28711 (D. Kan. Mar. 6, 2014), where the court allowed class action plaintiffs to amend in order to substitute in a new plaintiff whose addition to the lawsuit would moot concerns raised by the defendants about dismissal and certification.

The requested amendments are timely and appropriate. No discovery or other schedule would be impacted by allowing the amendments. Although the PJ/V Movants may decide to again challenge personal jurisdiction and venue, that can be addressed through a properly filed motion to dismiss after the amendments are allowed. As addressed above, however, it is those

prospective motions to dismiss, not the Subscriber Plaintiffs' motions to amend, that should be considered "futile."

2.      **The Effect, if Any, of the Recently Filed and/or Transferred Cases on the Pending Motions to Dismiss**

**Defendants' Position**

Defendants who have filed motions to dismiss for lack of personal jurisdiction and improper venue[3] do not believe that the recently filed and/or transferred subscriber cases filed in their home jurisdictions have any effect on their pending motions.  Those motions challenge whether there are sufficient facts to support personal jurisdiction over them in Alabama or North Carolina and whether venue is proper in the Northern District of Alabama or the Western District of North Carolina.  New cases filed in their home states where they transact business, even when transferred to this Court as part of the MDL, do not moot or otherwise impact their arguments that there is no personal jurisdiction over them in the cases brought in Alabama or North Carolina and that venue is improper in those jurisdictions.

Consortium and NASCO state that these cases have no effect on their pending motion to dismiss (Dkt. No. 259).

**Plaintiffs' Position**

Subscriber Plaintiffs have filed six protective complaints on behalf of all named plaintiffs against each of the PJ/V Movants in such Movants' home districts. As the Court notes, five of those actions have been transferred to the MDL, and the sixth is in the transfer process. These "belt & suspenders" complaints were filed to ensure that all defendants have been properly

---

[3] Blue Cross Blue Shield of Arizona, Capital BlueCross, Excellus, Blue Cross and Blue Shield of Kansas, Blue Cross Blue Shield of Mississippi, HealthNow New York, Blue Cross Blue Shield of North Dakota, Blue Cross of Northeastern Pennsylvania, Triple-Salud, and Blue Cross Blue Shield of Wyoming (Dkt. Nos. 251, 256-58, 280 and 313-14).

named and served in at least one case pending in the MDL, so that discovery could proceed with the involvement of all parties during the pendency of any motions challenging personal jurisdiction or venue in particular jurisdictions. Subscriber Plaintiffs agree that the filing of these protective complaints does not affect the PJ/V Movants' pending motions to dismiss the claims asserted against them in the Alabama and North Carolina actions.

The motions to amend the South Carolina and Illinois complaints are intended to substitute new plaintiffs in those actions and to conform the complaints in those transferred cases to assert the same claims against the same defendants as are asserted in the Amended Consolidated Complaint governing the MDL. Accordingly, Subscriber Plaintiffs agree that the requested amendments to the South Carolina and Illinois complaints do not affect the PJ/V Movants' pending motions to dismiss the claims asserted against them in the Alabama and North Carolina actions.

Consortium and NASCO are not parties in the Subscriber Track litigation, nor do the Amended Complaints to be filed in Illinois and South Carolina name either of them as defendants.

**3.     Whether Defendants Seek Further Oral Argument on Pending Motions to Dismiss**

**Defendants' Position**

Capital BlueCross, Blue Cross Blue Shield of Mississippi, Blue Cross of Northeastern Pennsylvania and Triple-S Salud request either a teleconference or hearing for additional argument on their motions to dismiss for lack of personal jurisdiction and improper venue (Dkt. Nos. 251, 256-57, 280 and 314).

Blue Cross Blue Shield of Arizona, Excellus, Blue Cross and Blue Shield of Kansas, HealthNow New York, Blue Cross Blue Shield of North Dakota, and Blue Cross Blue Shield of

Wyoming set out their positions fully in their filings (Dkt. Nos. 258 and 313) and do not request oral argument, but are ready to appear if the Court has questions or determines additional argument would be helpful to the Court.

Consortium and NASCO request oral argument on their pending motion to dismiss.

**<u>Plaintiffs' Position</u>**

Subscriber Plaintiffs do not think further argument is warranted but, of course, are happy to provide the Court with any additional arguments that the Court believes would be helpful to its analysis. Subscriber Plaintiffs find it curious, however, that even a subset of the PJ/V Movants would contend that either the filing of protective complaints against them in their home districts, or the Subscriber Plaintiffs' requested amendments to their Illinois and South Carolina complaints, would justify yet another round of briefing or oral arguments, since the Defendants conceded above that neither of those actions by the Subscriber Plaintiffs has any impact on their pending motions to dismiss the underlying Alabama and North Carolina actions. Because all parties have agreed that neither the filing of the new, protective complaints, nor the requested amendments in Illinois and South Carolina, affect the PJ/V Movants' pending motions to dismiss the Alabama and North Carolina complaints, another round of oral arguments on such motions should not be necessary.

Nor do Subscriber Plaintiffs understand what oral arguments Consortium and NASCO would make that are relevant to such motions since they are not parties in the Subscriber Track litigation.

Provider Plaintiffs do not believe that there is any need to reargue the venue and personal jurisdiction motions or the motion to dismiss filed by NASCO and Consortium that present many

of the same arguments that the Court has rejected.  However, the Provider Plaintiffs are prepared

to respond to any arguments that Defendants may make on any of the Motions.


Dated: April 20, 2015

/s/ Barry A. Ragsdale
Barry A. Ragsdale
SIROTE & PERMUTT
2311 Highland Avenue South
Birmingham, AL  35205
Tel:  (205) 930-5114
Fax:  (205) 212-2932
bragsdale@Sirote.com

*Plaintiffs' Liaison Counsel*

Edith M. Kallas
WHATLEY KALLAS, LLP
380 Madison Avenue, 23rd Floor
New York, NY  10017
Tel:  (212) 447-7060
Fax:  (800) 922-4851
ekallas@whatleykallas.com

Joe R. Whatley, Jr.
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200
Fax: (800) 922-4851
jwhatley@whatleykallas.com
tbrown@whatleykallas.com

Patrick J. Sheehan
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA  02109
Tel: (617) 573-5118
Fax: (617) 573-5090
psheehan@whatleykallas.com

/s/ Craig A. Hoover
Craig A. Hoover
J. Robertson
E. Desmond Hogan
Columbia Square
555 Thirteenth Street, NW
Washington, DC  20004
202-637-5600
(fax) 202-637-5910
craig.hoover@hoganlovells.com
robby.robertson@hoganlovells.com
desmond.hogan@hoganlovells.com

Emily M. Yinger
N. Thomas Connally, III
HOGAN LOVELLS US LLP
Park Place II
7930 Jones Branch Drive, Ninth Floor
McLean, VA 22102
703-610-6100
(fax) 703-610-6200
emily.yinger@hoganlovells.com
tom.connally@hoganlovells.com

*Co-Coordinating Counsel for the Defendants*

/s/David J. Zott, P.C.
David J. Zott, P.C.
Daniel E. Laytin, P.cC.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
312-862-2000
(fax) 312-862-2200
Daniel.laytin@kirkland.com
david.zott@kirkland.com

*Co-Coordinating Counsel for the Defendants*

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel: (404)607-8222
Fax: (404) 607-8451
dwinegard@whatleykallas.com

*Co-Lead Counsel for the Provider Plaintiffs*

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY  10504
Tel:  (914) 7498200
dboies@bsfllip.com

Michael Hausfeld
HAUSFELD LLP
1700 K Street, NW, Suite 650
Washington, DC  20006
Tel:  (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeldllp.com

*Co-Lead Counsel for the Subscriber Plaintiffs*

Chris T. Hellums
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place N, 1100 Park Place Tower
Birmingham, AL 35203
Tel: (205) 322-8880
Fax: (205) 328-2711
chrish@pittmandutton.com

*Subscriber Local Facilitating Counsel*

E. Kirk Wood, Jr.
WOOD LAW FIRM LLC
P.O. Box 382434
Birmingham, AL 35238
Tel: (205) 612-0243
Fax: (205) 705-1233
Email: ekirk1@bellsouth.net

*Provider Local Facilitating Counsel*

11

**Defense Counsel**

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6TH Avenue N, Suite 1500
Birmingham, AL  35203-4642
205-226-3437
(fax) 205-488-5860
ckimble@balch.com

*With Hogan Lovells, counsel for Defendants Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this consolidated action; Blue Cross and Blue Shield of North Carolina, Inc.; Blue Cross and Blue Shield of Florida, Inc.; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); Blue Cross and Blue Shield of Massachusetts, Inc.; BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Blue Cross and Blue Shield of Tennessee, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (in Washington); Regence Blue Cross Blue Shield of Oregon*

Kimberly R. West
Mark M. Hogewood
WALLACE JORDAN RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
PO Box 530910
Birmingham, AL  5253
205-870-0555

(fax) 205-871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Defendants' Liaison Counsel*

*With Kirkland & Ellis, counsel for Defendants,
Blue Cross and Blue Shield Association; Health
Care Service Corporation, an Illinois Mutual
Legal Reserve Company, including its divisions
Blue Cross and Blue Shield of Illinois, Blue
Cross and Blue Shield of Texas, Blue Cross and
Blue Shield of New Mexico and Blue Cross and
Blue Shield of Oklahoma; HCSC Insurance
Services Company; GHS Health Maintenance
Organization (BlueLincs HMO); GHS Property
and Casualty Insurance Company; Highmark,
Inc., Highmark Blue Cross Blue Shield West
Virginia; Highmark Blue Cross and Blue Shield
of Delaware; Blue Shield of California;
California Physicians' Service d/b/a Blue
Shield of California*

Carl S. Burkhalter
James L. Priester
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL  35203
205-254-1000
(fax) 205-254-1999
cburkhalter@maynardcooper.com
jpriester@maynardcooper.com

Pamela B. Slate
Hill Hill Carter Franco Cole & Black, PC
425 S. Perry Street
Montgomery, AL  36101
334-834-7600
(fax) 334-386-4381
pslate@hillhillcarter.com

*Counsel for Defendant Blue Cross Blue Shield
of Alabama*

13

Gwendolyn C. Payton
Erin M. Wilson
LANE POWELL PC
1420 Fifth Avenue, Suite 4200
Seattle, WA 98101-2338
206-223-7000
(fax) 206-223-7107
paytong@lanepowell.com
wilsonem@landpowell.com

J. Bentley Owens, III
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
Birmingham, AL 35259
205-868-6000
(fax) 205-8686099
jbo@starneslaw.com

*Counsel for Defendants Premera Blue Cross
Blue Shield of Alaska and Premera Blue Cross
of Washington*

Helen E. Witt
Erica B. Zolner
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000
(fax) 312-862-2200
hwitt@kirkland.com
Erica.zolner@kirland.com
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service
Corporation, including its divisions Blue Cross
and Blue Shield of Illinois, Blue Cross and Blue
Shield of New Mexico, Blue Cross and Blue
Shield of Oklahoma and Blue Cross and Blue
Shield of Texas; Caring for Montanans, Inc.,
f/k/a Blue Cross and Blue Shield of Montana,
Inc.; Highmark Health Services, d/b/a
Highmark Blue Cross Blue Shield and d/b/a
Highmark Blue Shield; Highmark BCBSD Inc.
d/b/a Highmark Blue Cross Blue Shield
Delaware; Highmark West Virginia Inc. d/b/a
Highmark Blue Cross Blue Shield West*

14

*Virginia*

H. James Koch
ARMBRECHT JACKSON LLP
63 South Royal Street
13th Floor, Riverview Plaza
Mobile, AL  36602
251-405-1300
(fax) 251-432-6843
hjk@ajlaw.com

Brian K. Norman
SHAMOUN & NORMAN LLP
1755 Wittington Place, Suite 200
Dallas, TX  75234
214-987-1745
(fax) 214-521-9033
bkn@snlegal.com

*Counsel for Defendants CareFirst of*
*Maryland, Inc. and CareFirst BlueCross*
*BlueShield d/b/a/ Group Hospitalization and*
*Medical Services*

D. Bruce Hoffman
Todd M. Stenerson
HUNTON & WILLIAMS LLP
2200 Pennsylvania Ave., NW
Washington, DC  20037
202-955-1500
(fax)  202-778-2201
bhoffman@hunton.com
tstenerson@hunton.com

*Counsel for Defendant Blue Cross and Blue*
*Shield of Michigan*

R. David Kaufman
Cheri D. Green
M. Patrick McDowell
BRUNINI GRANTHAM GROWER &
HEWES PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS  39201
601-948-3101
(fax) 601-960-6902

15

dkaufman@brunini.com
cgreen@brunini.com
pmdowell@brunini.com

*Counsel for Defendant Blue Cross Blue Shield
of Mississippi, A Mutual Insurance Company*

John W. Reis
COZEN O'CONNER
301 S. College Street, Suite 2100
Charlotte,NC 28202
704-376-3400
(fax) 704-334-3351
jreis@cozen.com

Paul K. Leary
COZEN O'CONNER
190 Market Street
Philadelphia, PA  19103
215-665-6911
(fax) 215-665-2013
pleary@cozen.com

*Counsel for Defendant Blue Cross of
Northeastern Pennsylvania*

John D. Briggs
Rachel J. Adcox
Kenina J. Lee
AXINN VELTROP & HARKRADER LLP
950 F Street, NW
7th Floor
Washington, DC  20004
202-912-4700
(fax) 202-912-4701
jdb@avhlaw.com
rja@avhlaw.com
kjl@avhlaw.com

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
1901 6TH Avenue North, Suite 3000
Birmingham, AL  35203
202-250-5000
(fax) 205-250-5034

Steve.rowe@arlaw.com
Aaron.mcleod@arlaw.com

*Counsel for Defendant Independence Blue Cross*

Pedro Santiago-Rivera Rafael Escalera-Rodriguez
REICHARD & ESCALERA
255 Ponce De Leon Ave. MCS Plaza, Tenth Floor
San Juan, Puerto Rico 00917-1913
787-777-8888
(fax) 787-765-4225
santiagopedro@reichardescalera.com
escalera@reichardescalera.com

*Counsel for Defendant Triple S - Salud, Inc.*

Edward S. Bloomberg
PHILLIPS LYTLE LLP
3400 HSBC Center
Buffalo, NY 14203-2887
716-847-7096
(fax) 716-852-6100
ebloomberg@phillipslytle.com

D. Keith Andress
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
420 North 20th Street
1600 Wells Fargo Tower
Birmingham, AL  35203
205-250-8367
(fax) 205-488-3767
kandress@bakerdonelson.com

*Counsel for Defendant Excellus BlueCross BlueShield of New York*

Michael A. Naranjo
FOLEY & LARNDER LLP
555 California Street, Suite 1700
San Francisco, CA  94104-1520
415-984-9847
(fax) 415-434-4507
mnaranjo@foley.com

17

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, NW., Suite 600
Washington, DC  20007-5109
arutenberg@foley.com

*Counsel for Defendant USAble Mutual*
*Insurance Company, d/b/a Arkansas Blue*
*Cross and Blue Shield*

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, AL  35203
205-581-0716
(fax) 205-380-9116
jjohnson@lightfootlaw.com
Bkappel@lightfootlaw.com

Kathleen Taylor Sooy
Tracy A. Roman
April N. Ross
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004
202-624-2500
(fax) 202-628-5116
ksooy@crowell.com
troman@crowell.com
aross@crowell.com

*Counsel for Defendants Blue Cross Blue Shield*
*of Arizona, Blue Cross and Blue Shield of*
*Kansas City, Blue Cross and Blue Shield of*
*Kansas, Inc., Blue Cross and Blue Shield of*
*Nebraska, Blue Cross of Idaho Health Services,*
*Inc., Blue Cross Blue Shield of North Dakota,*
*Blue Cross Blue Shield of Wyoming, and*
*HealthNow New York Inc.*

Mary C. St. John
Charles L. Sweeris
Law Department
BLUE SHIELD OF CALIFORNIA
50 Beale St.
San Francisco, CA  94105

415-229-5107
(fax) 415-2295343
Charles.sweeris@blueshieldca.com
Marcy.stjohn@blushieldca.com

*Counsel for Defendant California Physicians'
Service d/b/a Blue Shield of California*

Robert K. Spotswood
Michael T. Sansbury
Joshua K. Payne
SPOTSWOOD SANSOM & SANSBURY
LLC
One Federal Place
1819 Fifth Avenue North, Suite 1050
Birmingham, AL  35203
205-986-3620
(fax) 205-986-3639
rls@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com

*Counsel for Defendant Capital Blue Cross*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2015, the foregoing was electronically filed with the

Clerk of Court using the CM/ECF system which will send notification of such filing to all

counsel of record.

/s/ Kathleen Taylor Sooy
Kathleen Taylor Sooy
