FILED
2015 Jul-01 PM 03:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| _____ ) | |
| **IN RE: BLUECROSS BLUE SHIELD** ) | Master File No. 2:13-CV-20000-RDP |
| **ANTITRUST LITIGATION** ) | |
| **(MDL NO. 2406)** ) | This document relates to: |
| _____ ) | |
| | *Conway, et al. v. Blue Cross Blue Shield of Alabama, et al.*, No. 2:12-cv-02532-RDP |

## PROVIDER PLAINTIFFS' SUBMISSION REGARDING
## STREAMLINING OF THE LITIGATION, CLASS CERTIFICATION AND TRIAL

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

    I.      Certifying Classes Before the Close of All Discovery Will
             Promote Efficiency ........................................................................................................ 2

    II.     The Provider Plaintiffs Should Be Allowed to Seek Certification
             of an Alabama Class ..................................................................................................... 6

    III.    Discovery Can Be Prioritized or Expedited to Allow Class Certification
             Motions Before the Close of All Discovery ................................................................. 7

CONCLUSION ................................................................................................................................. 7

CERTIFICATE OF SERVICE ........................................................................................................ 13

# TABLE OF AUTHORITES

**Page**

**Cases**

*Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*,
    472 U.S. 585 (1985) .................................................................................................. 5

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
    459 U.S. 519 (1983) .................................................................................................. 5

*Austin v. Blue Cross & Blue Shield of Ala.*,
    903 F.2d 1385 (11th Cir. 1990) ................................................................................ 4

*Blue Cross & Blue Shield United of Wisc. v. Marshfield Clinic*,
    152 F.3d 588 (7th Cir. 1998) .................................................................................... 4

*Blue Shield of Va. v. McCready*,
    457 U.S. 465 (1982) .................................................................................................. 5

*Cargill, Inc. v. Monfort, Inc.*,
    479 U.S. 104 (1986) .................................................................................................. 4

*FTC v. Ind. Fed'n of Dentists*,
    476 U.S. 447 (1986) .................................................................................................. 5

*Klay v. Humana, Inc.*,
    382 F.3d 1241 (11th Cir. 2004) ................................................................................ 2

*Mandeville Island Farms, Inc. v. Am. Crystal Sugar Co.*,
    334 U.S. 219 (1948) .................................................................................................. 5

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) .................................................................................................. 4

*Todorov v. DCH Healthcare Auth.*,
    921 F.2d 1438 (11th Cir. 1991) ................................................................................ 4

*Weyerhaeuser Co. v. Ross–Simmons Hardwood Lumber Co.*,
    549 U.S. 312 (2007) .................................................................................................. 5

**Rules**

Fed. R. Civ. P. 23(b)(2) .................................................................................................... 2

Fed. R. Civ. P. 23(b)(3) .................................................................................................... 6

Fed. R. Civ. P. 23(c)(1)(A) .............................................................................................. 1

Fed. R. Civ. P. 23(c)(4) .................................................................................................................. 2

Fed. R. Civ. P. 23(c)(5) .................................................................................................................. 6

**Other Authorities**

P. Areeda & H. Hovenkamp, Antitrust Law ¶ 335.1 (Supp. 1987) ................................................. 4

Wright, Miller & Kane, *Partial Class Actions and Subclasses*,
    7AA Fed. Prac. & Proc. Civ. § 1790 (3d ed.) ...................................................................... 2

## INTRODUCTION

As the Court well knows, this case has been pending for a long time. The Provider Plaintiffs filed *Conway v. Blue Cross & Blue Shield of Alabama* on July 24, 2012, and the Judicial Panel on Multidistrict Litigation centralized this litigation on December 12, 2012. The Provider Plaintiffs and Subscriber Plaintiffs filed consolidated amended complaints on July 1, 2013, and the Provider Plaintiffs filed a second consolidated amended complaint on September 30, 2014. Even so, the end of discovery is still more than two years away, on September 30, 2017. Below, the Provider Plaintiffs propose a strategy for moving this case faster in light of the requirement of Rule 23(c)(1)(A) that the Court decide class certification "[a]t an early practicable time."

In light of the Court's direction to look for ways to streamline this litigation, the parties have met and conferred under the mediation privilege and the guidance of the Special Master. Two basic agreements resulted. All parties agree that all discovery should be completed within the three years allowed. (A possible exception might be discovery necessary between the close of discovery and trial related to updated data on damages and conditions related to injunctive relief.) All parties also agree that the Plaintiffs are the masters of their claims, including their motions to certify classes. The parties disagree whether the Plaintiffs have the right to determine when to file such motions: the Plaintiffs believe they have the right to file these motions before discovery concludes, while the Defendants believe that the Plaintiffs must file the motions for class certification all at one time at the conclusion of discovery.

The Provider Plaintiffs believe that there are a number of sensible ways to expedite this litigation by presenting certain issues for resolution before the close of discovery.[1]

---

[1] The Provider Plaintiffs shared this brief with the Subscriber Plaintiffs before filing it.

1

# ARGUMENT

## I. Certifying Classes Before the Close of All Discovery Will Promote Efficiency.

The Federal Rules of Civil procedure offer tools for expediting class actions, allowing a court to certify a class seeking injunctive relief under Rule 23(b)(2), as well as classes with respect to particular issues under Rule 23(c)(4).

Rule 23(c)(4) gives a court "flexibility in handling class actions." Wright, Miller & Kane, *Partial Class Actions and Subclasses*, 7AA Fed. Prac. & Proc. Civ. § 1790 (3d ed.). By doing so, Rule 23(c)(4) maximizes the "advantages and economies of adjudicating issues that are common to the entire class on a representative basis," while also ensuring individualized treatment of issues that "need to be litigated separately by each class member." *Id.*; *see also Klay v. Humana, Inc.,* 382 F.3d 1241, 1260 (11th Cir. 2004) (directing a district court to consider whether to certify subclasses based on issues that differ among groups of plaintiffs). By prioritizing certain discovery, the Provider Plaintiffs can present several issues for certification before the close of discovery in September 2017. These issues include the following:

- Whether the Defendants have agreed to refuse to contract with providers outside of their service areas, with the exception of the adjacent county contracts for limited purposes, and whether that agreement is an unreasonable restraint of trade. (Provider Complaint ¶¶ 169–201.)

- Whether the Defendants have agreed to fix prices by forcing providers to accept the host plan's rates for services provided to a member of an out-of-state Blue plan, as well as prohibiting providers from opting out of the BlueCard program. (Provider Complaint ¶¶ 229–53.)

- Whether the Defendants have agreed to rules limiting their non-Blue business that unreasonably restrain competition and cause injury to competition. (Corrected

2

Consolidated Second Amended Provider Complaint (Doc. No. 236) ("Provider Complaint") ¶¶ 197–99.)[2]

- Whether the Defendants are competitors or potential competitors. (Provider Complaint ¶ 6.)

- Whether the Plaintiffs are entitled to an injunction prohibiting Defendants from agreeing not to compete with each other and engaging in other anticompetitive conduct.

- Whether "Plaintiffs' claims are barred, in whole or in part, because the challenged conduct is ancillary to protecting the value of lawfully-acquired intellectual property rights and to licensure of those rights." (Anthem's Affirmative Defense #3 (Doc. No. 299 at 163).) All Defendants have asserted the same or similar affirmative defenses.[3]

- Whether the applicable statute of limitations (Anthem Affirmative Defense #1) or laches (Anthem Affirmative Defense #2) bar any of the Plaintiffs' claims in whole or part. (Doc. No. 299 at 163.)

Proceeding this way will be efficient because if a class is certified with respect to any of these issues, that class could proceed to summary judgment and trial on its own issues without delay. Moreover, by deciding important issues as early as possible, the Court can help the parties evaluate the strength of their arguments before mediation or settlement discussions.

---

[2] Anthem has admitted in its merger negotiations with Cigna that the Blue Cross and Blue Shield Association's rules, to which all the Blues have agreed, create meaningful restraints on the ability of the Blues to grow. (Exhibit 1, Letter from Cigna to Anthem, June 21, 2015, at 3.)

[3] A significant amount of the evidence related to this defense should be found in the Blue Cross and Blue Shield Association's archives.

3

Another way to advance this litigation before the close of all discovery is for the Court to consider whether to certify an injunctive class. In doing so, the Court can bypass issues of damages; injunctive relief under Section 16 of the Clayton Act does not require proof that the Provider Plaintiffs have already suffered antitrust injury, only that the Defendants' conduct threatens the Provider Plaintiffs with antitrust injury.

> Section 16 differs in important ways from section 4. "For example, § 4 requires a plaintiff to show actual injury, but § 16 requires a showing only of 'threatened' loss or damage; similarly, § 4 requires a showing of injury to 'business or property,' . . . while § 16 contains no such limitation." *Cargill,* [*Inc. v. Monfort, Inc.*, 479 U.S. 104, 111 (1986)] (citation omitted). The showing required to establish standing under section 16 is also less demanding.

*Todorov v. DCH Healthcare Auth.*, 921 F.2d 1438, 1452 (11th Cir. 1991).[4] In fact, one of the predecessors of Defendant Blue Cross Blue Shield of Wisconsin successfully argued to the Seventh Circuit that it was entitled to an injunction prohibiting hospitals from refusing to compete, even though it could not prove its damages. *Blue Cross & Blue Shield United of Wisc. v. Marshfield Clinic*, 152 F.3d 588, 591 (7th Cir. 1998) (Posner, J.).[5] The Provider Plaintiffs' first claim is for injunctive relief under Section 16 of the Clayton Act, while the remaining claims are brought under Section 4 for treble damages. Proving a threatened loss or damage without quantifying those damages requires far less discovery than the showing under Section 4 and can be done much more quickly.

---

[4] Here, there is no issue of standing for all claims because the injury to the Providers "coincides with the public detriment tending to result from the alleged violation." *Todorov*, 921 F.2d at 1449 (quoting *Austin v. Blue Cross & Blue Shield of Ala.*, 903 F.2d 1385, 1389–90 (11th Cir. 1990) (quoting P. Areeda & H. Hovenkamp, Antitrust Law ¶ 335.1, at 261 (Supp. 1987)).)  The Provider Plaintiffs have alleged that their injuries also result in additional antitrust injuries such as loss of output including the shortage of provider services, goods and facilities. Therefore, the Provider plaintiffs here have made allegations of the type that had "not been put forth by Dr. Todorov." *Id.* at 1454.

[5] Having prevailed on this argument before the Seventh Circuit, Blue Cross Blue Shield of Wisconsin is judicially estopped from arguing now that the Plaintiffs must prove their damages to seek injunctive relief under Section 16. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Moreover, the denial of consumer choice is an independent cognizable antitrust injury. *FTC v. Ind. Fed'n of Dentists*, 476 U.S. 447, 459 (1986); *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.,* 472 U.S. 585, 604–05 (1985); *Blue Shield of Va. v. McCready*, 457 U.S. 465, 483–84 (1982). "Coercive activity that prevents its victims from making free choices between market alternatives is inherently destructive of competitive conditions and may be condemned even without proof of its actual market effect." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 528 (1983). The same is necessarily true for the denial of choice to healthcare providers in deciding what insurers to contract with, because the antitrust laws treat harm to sellers and harm to consumers the same. *See Weyerhaeuser Co. v. Ross–Simmons Hardwood Lumber Co.*, 549 U.S. 312, 321–22 (2007); *Mandeville Island Farms, Inc. v. Am. Crystal Sugar Co.*, 334 U.S. 219, 235 (1948); *cf. Blue Shield of Va. v. McCready*, 457 U.S. 465, 475 (1982) (stating that a psychologist lacked standing to sue Blue Shield of Virginia for excluding coverage for psychologists only because the psychologist had been paid in full).

The Court saw the Blues' harm to providers first-hand when Blue Cross of Kansas tried to terminate Provider Plaintiff Dr. Kathleen Cain from its network after 16 years of outstanding performance a short time after she became a class representative in this action.  Dr. Cain then applied to join the Blue network of Blue Cross of Kansas City.  Since she was already in Blue Cross of Kansas City's non-Blue statewide network, her application required no new credentialing or quality considerations. Also, given the close proximity of her office to Kansas City, Dr. Cain already served subscribers of Blue Cross of Kansas City. The only reason that Blue Cross of Kansas City gave for denying Dr. Cain's application to be in its network was its agreement not to contract with providers in other Blues' service areas. This is exactly the sort of injury that the antitrust laws were intended to prohibit.

To be clear, by seeking to proceed as an injunctive class, the Provider Plaintiffs are not attempting to avoid a trial by jury or infringe the Defendants' Seventh Amendment rights. The question whether the Provider Plaintiffs can show threatened loss or damage should be submitted to the jury, and that issue need not ever be presented again to another jury.

## II. The Provider Plaintiffs Should Be Allowed to Seek Certification of an Alabama Class.

In addition, the Provider Plaintiffs believe that discovery can be structured so that they can move to certify a class under Rules 23(b)(3) and 23(c)(5) with respect to some or all of their claims before September 2017 for the market or markets within the State of Alabama. Advancing the Alabama case would have a number of benefits:

- Class certification can proceed more quickly if discovery is staged to prioritize information relating to Alabama.

- The Court can consider the Provider Plaintiffs' claims in the context of a single market (or a limited set of markets) in which only one Defendant, Blue Cross and Blue Shield of Alabama, contracts with providers.[6] By eliminating the need to consider facts specific to other markets, the parties can more cleanly present the legal issues that underlie the Plaintiffs' claims and the Defendants' defenses.

- The Court can issue any rulings it deems necessary without running afoul of *Lexecon*. As described above, by deciding important issues as early as possible, the Court can help the parties evaluate the strength of their arguments before mediation or settlement discussions, and prepare for trial in any cases that are remanded to transferor courts.

---

[6] Except for Defendants such as Blue Cross and Blue Shield of Mississippi that invoke the adjacent-county rule to contract with providers in adjacent states.

**III. Discovery Can Be Prioritized or Expedited to Allow Class Certification Motions Before the Close of All Discovery.**

In order to make these early class certification motions possible, the Provider Plaintiffs propose that a part of the next monthly meeting with Judge Putnam address the additional discovery that should be prioritized or expedited. The first areas for such discovery should include the following: (1) communications and documents related to Anthem's effort to purchase Cigna, including Anthem's statement to Cigna "that the revenue restrictions imposed by the rules of the BCBSA create meaningful and complicated constraints on the growth of its members, including Anthem" (Exhibit 1 at 3); (2) access to the Blue Cross and Blue Shield Association's archive to address many issues, including whether the Defendants' restrictions are ancillary to their protection of their trademarks, the Defendants' agreement not to contract with providers outside of their service areas, and the establishment of the Defendants' agreement to fix prices;[7] and (3) Alabama-related discovery, including structured data.

## CONCLUSION

For the reasons above, the Provider Plaintiffs intend to move to certify issue classes, an injunctive class, and an Alabama class without regard to the September 30, 2017 deadline for all discovery. For the same reasons, the Provider Plaintiffs intend to request prioritized or expedited discovery from Judge Putnam.

---

[7] There should be few or no issues relating to privilege with respect to the Association's archives, which were made available to the authors of *The Blues: A History of the Blue Cross and Blue Shield System*. The Plaintiffs have requested immediate access to those archives to expedite discovery. They are still awaiting a response from the Association.

7

Dated:  July 1, 2015                                              Respectfully submitted,


*/s/ Edith M. Kallas*                                              */s/ Joe R. Whatley, Jr.*
Edith M. Kallas – ***Co-Lead Counsel***                            Joe R. Whatley, Jr. – ***Co-Lead Counsel***
WHATLEY KALLAS, LLP                                                W. Tucker Brown
1180 Avenue of the Americas, 20th Floor                            WHATLEY KALLAS, LLP
New York, NY 10036                                                 2001 Park Place North
Tel:  (212) 447-7060                                               1000 Park Place Tower
Fax:  (800) 922-4851                                               Birmingham, AL 35203
Email:  ekallas@whatleykallas.com                                  Tel:  (205) 488-1200
                                                                   Fax:  (800) 922-4851
                                                                   Email: jwhatley@whatleykallas.com
                                                                          tbrown@whatleykallas.com

Patrick J. Sheehan                                                 Deborah J. Winegard
WHATLEY KALLAS, LLP                                                WHATLEY KALLAS, LLP
60 State Street, 7th Floor                                         1068 Virginia Avenue, NE
Boston, MA 02109                                                   Atlanta, GA 30306
Tel:  (617) 573-5118                                               Tel:  (404) 607-8222
Fax:  (617) 371-2950                                               Fax:  (404) 607-8451
Email:  psheehan@whatleykallas.com                                 Email: dwinegard@whatleykallas.com

Henry C. Quillen                                                   E. Kirk Wood, Jr. – ***Local Facilitating Counsel***
WHATLEY KALLAS, LLP                                                WOOD LAW FIRM LLC
159 Middle Street, Suite 2C                                        P. O. Box 382434
Portsmouth, NH  03801                                              Birmingham, AL 35238
Tel:  (603) 294-1591                                               Tel:  (205) 612-0243
Fax:  (800) 922-4851                                               Fax:  (205) 705-1223
Email: hquillen@whatleykallas.com                                  Email: ekirkwood1@bellsouth.net

Debra B. Hayes – ***Plaintiffs' Steering Committee***              Aaron S. Podhurst – ***Plaintiffs' Steering Committee***
Charles Clinton Hunter                                             Peter Prieto – ***Chair, Expert Committee***
THE HAYES LAW FIRM                                                 PODHURST ORSECK, P.A.
700 Rockmead, Suite 210                                            25 West Flagler Street, Suite 800
Kingwood, TX  77339                                                Miami, FL 33130
Tel:  (281) 815-4963                                               Tel:  (305) 358-2800
Fax: (832) 575-4759                                                Fax:  (305) 358-2382
dhayes@dhayeslaw.com                                               Email: apodhurst@podhurst.com
chunter@dhayeslaw.com                                                      pprieto@podhurst.com

8

Dennis Pantazis – ***Plaintiffs' Steering Committee***
Brian Clark – ***Discovery Committee***
WIGGINS CHILDS PANTAZIS FISHER
  GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel:  (205) 314-0500
Fax:  (205) 254-1500
Email:  dgp@wcqp.com
       bclark@wcqp.com

Dennis C. Reich – ***Chair, Damages Committee***
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel:  (713) 622-7271
Fax:  (713) 623-8724
Email: dreich@rbfirm.net

Nicholas B. Roth – ***Chair, Discovery Committee***
Julia Smeds Roth – ***Discovery Committee***
EYSTER KEY TUBB ROTH MIDDLETON
  & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel:  (256) 353-6761
Fax:  (256) 353-6767
Email:  nbroth@eysterkey.com
       jroth@eysterkey.com

David A. Balto – ***Expert Committee***
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel:  (202) 789-5424
Fax:  (202) 589-1819
Email:  david.balto@dcantitrustlaw.com

U.W. Clemon – ***Plaintiffs' Steering Committee***
J. Mark White – ***Litigation Committee***
Augusta S. Dowd – ***Chair, Litigation Committee***
Linda G. Flippo – ***Discovery Committee***
WHITE ARNOLD & DOWD, P.C.
The Massey Building
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Tel:  (205) 323-1888
Fax:  (205) 323-8907
Email: uwclemon@whitearnolddowd.com
       adowd@whitearnolddowd.com
       mwhite@whitearnolddowd.com
       lflippo@whitearnolddowd.com

Van Bunch – ***Chair, Class Certification Committee***
BONNETT FAIRBOURN FRIEDMAN &
  BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel:  (602) 274-1100
Fax:  (602) 274-1199
Email: vbunch@bffb.com

Robert J. Axelrod – ***Chair, Written Submissions Committee***
AXELROD & DEAN LLP
830 Third Avenue, 5th Floor
New York, NY 10022
Tel:  (646) 448-5263
Fax:  (212) 840-8560
Email: rjaxelrod@axelroddean.com

W. Daniel Miles, III – ***Written Submissions Committee***
BEASLEY ALLEN CROW METHVIN PORTIS
  & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel:  (800) 898-2034
Fax:  (334) 954-7555
Email: dee.miles@beasleyallen.com

Joey K. James – ***Litigation Committee***
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel:  (256) 764-0095
Fax: (256) 767-5705
Email:  joey@bunchandjames.com

Richard S. Frankowski – ***Discovery Committee***
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL  35233
Tel:  (205) 390-0399
Fax: (205) 390-1001
Email:  richard@frankowskifirm.com

John C. Davis – ***Written Submissions Committee***
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel:  (850) 222-4770
Email:  john@johndavislaw.net

Mark K. Gray – ***Discovery Committee***
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel:  (502) 805-1800
Fax: (502) 618-4059
Email:  mgray@grayandwhitelaw.com

Stephen M. Hansen – ***Class Certification Committee***
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel:  (253) 302-5955
Fax: (253) 301-1147
Email:  steve@stephenmhansenlaw.com


Harley S. Tropin – ***Damages Committee***
Javier A. Lopez – ***Discovery Committee***
KOZYAK TROPIN &
  THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel:  (305) 372-1800
Fax: (305) 372-3508
Email:  hst@kttlaw.com
           jal@kttlaw.com

Peter H. Burke – ***Class Certification Committee***
J. Allen Schreiber – ***Litigation Committee***
BURKE HARVEY, LLC
3535 Grandview Parkway
Suite 100
Birmingham, AL  35243
Tel:  (205) 930-9091
Fax:  (205) 930-9054
Email: pburke@burkeharvey.com
           aschreiber@burkeharvey.com

Michael C. Dodge – ***Expert Committee***
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel:  (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – ***Discovery Committee***
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel:  (205) 908-6512
Email: Michael@gurleylaw.net

Lynn W. Jinks, III – ***Expert Committee***
Christina D. Crow – ***Discovery Committee***
JINKS CROW & DICKSON, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel:  (334) 738-4225
Fax:  (334) 738-4229
Email: ljinks@jinkslaw.com
           ccrow@jinkslaw.com

Myron C. Penn – ***Discovery Committee***
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel:  (334) 738-4486
Fax:  (334) 738-4432
Email: myronpenn28@hotmail.com

| | |
|---|---|
| C. Wes Pittman – *Settlement Committee*<br>THE PITTMAN FIRM, P.A.<br>432 McKenzie Avenue<br>Panama City, FL 32401<br>Tel:  (850) 784-9000<br>Fax:  (850) 763-6787<br>Email:  wes@pittmanfirm.com | Troy A. Doles – *Discovery Committee*<br>SCHLICHTER BOGARD & DENTON, LLP<br>100 S. 4th Street, Suite 900<br>St. Louis, MO 63102<br>Tel:  (314) 621-6115<br>Fax:  (314) 621-7151<br>Email: tdoles@uselaws.com |
| Robert B. Roden – *Litigation Committee*<br>SHELBY RODEN, LLC<br>2956 Rhodes Circle<br>Birmingham, AL 35205<br>Tel:  (205) 933-8383<br>Fax:  (205) 933-8386<br>Email:  rroden@shelbyroden.com | J. Preston Strom, Jr. – *Litigation Committee*<br>STROM LAW FIRM, LLC<br>2110 N. Beltline Boulevard, Suite A<br>Columbia, SC 29204-3905<br>Tel:  (803) 252-4800<br>Fax:  (803) 252-4801<br>Email: petestrom@stromlaw.com |
| Gary E. Mason – *Class Certification Committee*<br>WHITFIELD BRYSON & MASON, LLP<br>1625 Massachusetts Ave. NW, Suite 605<br>Washington, DC 20036<br>Tel:  (202) 429-2290<br>Fax:  (202) 640-1160<br>Email:  gmason@wbmllp.com | Thomas V. Bender – *Discovery Committee*<br>WALTERS BENDER STROHBEHN<br> & VAUGHAN, P.C.<br>2500 City Center Square, 1100 Main<br>Kansas City, MO 64105<br>Tel:  (816) 421-6620<br>Fax:  (816) 421-4747<br>Email: tbender@wbsvlaw.com |
| Michael L. Murphy – *Discovery Committee*<br>BAILEY GLASSER LLP<br>910 17th Street, NW, Suite 800<br>Washington, DC  20006<br>Tel:  (202) 463-2101<br>Fax: (202) 463-2103<br>mmurphy@baileyglasser.com | Brian E. Wojtalewicz<br>WOJTALEWICZ LAW FIRM, LTD.<br>139 N. Miles Street<br>Appleton, MN 56208<br>Tel:  (320) 289-2363<br>Fax:  (320) 289-2369<br>Email: brian@wojtalewiczlawfirm.com |
| Lance Michael Sears<br>SEARS & SWANSON, P.C.<br>First Bank Building<br>2 North Cascade Avenue, Suite 1250<br>Colorado Springs, CO 80903<br>Tel:  (719) 471-1984<br>Fax:  (719) 577-4356<br>Email:  lance@searsandswanson.com | Archie C. Lamb, Jr.<br>ARCHIE LAMB & ASSOCIATES, LLC<br>2900 1st Avenue South<br>Birmingham, AL 352333<br>(205) 324-4644<br>(205) 324-4649 Fax<br>alamb@archielamb.com |

Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK  99501
Tel:  (907) 277-5400
Fax:  (907) 277-9896
Email:  Jessica@dillonfindley.com
        Ray@dillonfindley.com
        Molly@dillonfindley.com

Gwen Simons
Simons & Associates Law, P.A.
P.O. Box 1238
Scarborough, ME 04070-1238
Tel: (207) 205-2045
Fax: (207) 883-7225
Email: gwen@simonsassociateslaw.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA  51101
Tel:  (712) 234-3030
Fax:  (712) 234-3034
Email:  paul@lundberglawfirm.com

James Redmond
Cynthia C. Moser
HEIDMAN LAW FIRM
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA  51101
Tel:  (712) 255-8838
Fax  (712) 258-6714
Email:  Jim.Redmond@heidmanlaw.com
        Cynthia.Moser@heidmanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing PROVIDER PLAINTIFFS' SUBMISSION REGARDING STREAMLINING OF THE LITIGATION, CLASS CERTIFICATION AND TRIAL was served by ECF, this 1st day of July, 2015, upon counsel of record.

          */s/ Joe R. Whatley, Jr.*
          Joe R. Whatley, Jr.