FILED

2015 Sep-01  PM 05:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| IN RE: BLUE CROSS BLUE SHIELD | ) | **Master File No.:** |
| ANTITRUST LITIGATION | ) | **2:13-CV-20000-RDP** |
| (MDL No. 2406) | ) | |
| | ) | This document relates to all cases. |
| | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR OPPOSED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND IN OPPOSITION TO DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION FOR PROTECTIVE ORDER

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

BACKGROUND ....................................................................................................................3

STANDARD OF REVIEW ....................................................................................................5

ARGUMENT .........................................................................................................................6

    I.      Plaintiffs' Request Seeks Relevant Documents and Is Not Overbroad ........................6

          a.  The *Aetna* Documents Sought are Relevant to Plaintiffs' Claims...........................6

          b.  Plaintiffs' Requests for the *Aetna* Documents Is Not Overbroad ...........................9

    II.     Production of the *Aetna* Documents Would Not Violate Any Protective Order .........10

    III.    Production of the *Aetna* Documents Is Not Burdensome ...........................................11

CONCLUSION.....................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Barlow v. Dupree Logistics, LLC*,
  No. CIV.A. 1:14-BE-1808, 2015 WL 4646812 (N.D. Ala. Aug. 5, 2015) ................................. 5

*Bartram, LLC v. Landmark American Insurance Co.*,
  No. 1:10-CV-00028-SPM, 2011 WL 528206 (N.D. Fla. Feb. 4, 2011) ..................................... 6

*Chen v. Ampco System Parking*,
  No. 08-CV-0422-BEN (JMA), 2009 WL 2496729 (S.D. Cal. Aug. 14, 2009)........................ 11

*Graham v. Casey's General Stores*, 206 F.R.D. 251 (S.D. Ind. 2002) ............................................ 6

*In re Hardieplank Fiber Cement Siding Litigation*,
  No. 12-MD-2359, 2014 WL 5654318 (D. Minn. Jan. 28, 2014) ................................................ 9

*In re Milk Products Antitrust Litigation*, 84 F. Supp. 2d 1016 (D. Minn. 1997) ......................... 12

*Midwest Gas Services, Inc. v. Indiana Gas Co.*,
  No. IP 99-690-C-D/F, 2000 WL 760700 (S.D. Ind. Mar. 7, 2000) ............................................ 9

*Moore v. Morgan Stanley & Co.*,
  No. 07 C 5606, 2008 WL 4681942 (N.D. Ill. May 30, 2008)...................................................... 9

*Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978) ............................................................. 5

*Pegorao v. Marrero*, 281 F.R.D. 122 (S.D.N.Y. 2012) ................................................................. 11

*Peterson v. Wright Medical Technology, Inc.*,
  No. 11-1330, 2013 WL 655527 (C.D. Ill. Feb. 21, 2013) .......................................................... 8

*Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993)........................................................................... 5

*Wollam v. Wright Medical Group, Inc.*,
  No. 10-CV-03104-DME-BNB, 2011 WL 1899774
  (D. Colo. May 18, 2011) ............................................................................................................. 9

## <u>INTRODUCTION</u>

The issue presented by this dispute is simple. The Court has repeatedly asked the parties to identify issues for expedited discovery. Because the documents produced in the recently-settled case *Aetna, Inc. v. Blue Cross Blue Shield of Michigan ("Aetna")*, No. 2:11-cv-15346-DPH-MKM (E.D. Mich. 2011) have a direct bearing on the issues in this MDL, they are perfect candidates for expedited discovery. The Court will recall from the hearing on August 19, 2015, and the notebook Plaintiffs distributed at that hearing, that when the Defendants approved the Long-Term Business Strategy in 1982, they acknowledged that, especially in areas like Michigan where they have market dominance, significant "differentials" – reflecting the lower amount that the Blues pay providers as compared to what the competitor health insurance companies pay – "close out" those areas or markets to the competitors. Plaintiffs jointly requested that Blue Cross Blue Shield of Michigan ("BCBS-MI") produce a prioritized subset of narrowly-tailored, easily accessible documents from the *Aetna* litigation related to the types of anticompetitive conduct outlined in the Long-Term Business Strategy – namely, the trial exhibits, the deposition transcripts and the expert reports. *See* Exhibit A, July 24 Letter from T. Brown and A. Lemmon to T. Stenerson and S. Cylkowski.

The *Aetna* case centered on BCBS-MI's ability to foreclose an attempt at competition in the market by Aetna (and others) through use of its market power and anticompetitive tactics, including the use of Most Favored Nations ("MFN") provisions in its contracts with providers. The *Aetna* complaint is attached as Exhibit B.[1] The idea that BCBS-MI's "anticompetitive

---

[1] On October 18, 2010, the federal government and State of Michigan sought to enjoin BCBS-MI's use of MFNs in an action styled *United States of America and State of Michigan v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14155 (E.D. Mich. 2010), attached as Exhibit C. That action was dismissed without prejudice as moot following changes in Michigan law and regulations that banned the use of MFNs.  *See United States of America and State of Michigan v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14155, Order of Dismissal Without Prejudice (E.D.

scheme aimed at thwarting competition by increasing the rates that Aetna and other competitors would pay for hospital services." Exhibit B ¶ 2. Essentially, the alleged agreements helped protect BCBS-MI and all other Blues that use the Blue Card Program from competition in Michigan from the likes of Aetna and others. Plaintiffs have requested a narrow set of the most responsive and central documents from that case that bear on several of the important issues in the present litigation. BCBS-MI refused to produce any documents in response to this request.

The limited categories of readily available *Aetna* documents requested by Plaintiffs are clearly relevant to the allegations in this MDL, have already been reviewed for privilege, and are already in electronic form in BCBS-MI's outside counsel's possession. These documents are exactly the types of documents the Court had in mind when it asked the parties to identify documents for expedited discovery. The *Aetna* documents sought by Plaintiffs for expedited discovery are not just relevant, they are critical to the Plaintiffs' streamlining of this case, and they create a road map for efficient discovery from all other Defendants on the national injunction claim. It is a laboratory for showing how the Blues close out competition. The reason BCBS-MI opposes this reasonable request is obvious: BCBS-MI wants to re-invent the wheel and search for and review documents a second time in order to bury responsive documents among the millions of pages of other materials it will eventually have to produce, instead of taking a logical and efficient path to immediate production.

As a counterpoint to the Plaintiffs' Motion to Compel, BCBS-MI filed its Opposed Motion for Protective Order to Preclude Discovery of Unrelated Litigation (the "Motion for Protective Order"). That Motion lays out BCBS-MI's four arguments against performance of its discovery obligations: Plaintiffs' request (1) seeks documents that aren't relevant to this MDL,

---

Mich. Mar. 28, 2013) (D.E. 247) ("'[A]ll MFNs currently in use by any insurer are void and unenforceable' as of February 1, 2013.").

(2) is overbroad, (3) asks BCBS-MI to violate protective orders entered by the *Aetna* court, and (4) is overly burdensome. Each of BCBS-MI's arguments are addressed fully below. In short, the Court should compel the immediate production of the *Aetna* documents.

## BACKGROUND

On January 20, 2015, Plaintiffs served their Requests for Production to All Defendants (the "RFPs"). Many of Plaintiffs' RFPs ask for documents related to litigation BCBS-MI had been involved in, as well as MFNs. *See, e.g.*, RFP 71 ("All Documents relating to competition with companies other than The Blues that provide health insurance benefits and/or administrative services relating to employee benefit Plans."); RFP 80 ("All Documents reflecting or discussing the existence of an MFN, including Documents submitted to or received from a Regulatory Authority regarding an MFN."); RFP 93 ("All Documents relating to "most favored nation" clauses and/or exclusive provider contracts."); RFP 157 ("All Documents from any time regarding, or produced in, any litigation alleging price fixing among the Blues, separately or severally, or BCBSA and/or regarding territorial restrictions, including … *Aetna v. BCBS of Michigan* … ."); RFP 158 ("All Documents from any time regarding any merger or other regulatory proceedings or actions taken against, or any lawsuit filed against, either The Blues, separately and/or severally, or BCBSA, alleging anti-competitive business practices, or any violation of the antitrust laws of the United States or any violation of any state antitrust or fair competition laws."). The RFPs are attached as Exhibit D (highlights added).

In the months since the RFPs were served, the Court asked the parties to consider issues that were appropriate for expedited discovery. Plaintiffs did this and, on July 24, 2015, sent BCBS-MI a letter asking it to produce specific, targeted documents related to the *Aetna*

litigation. Specifically, Plaintiffs requested that BCBS-MI expedite production of the following documents:

1. Any exhibits lists filed in anticipation of trial or exchanged between the parties, including copies of **all underlying documents, exhibits or other materials** listed on those exhibit lists;

2. Any witness lists filed with the Court or exchanged between the parties;

3. All deposition transcripts from this action including exhibits thereto;

4. Any documents or materials filed, or otherwise submitted to the Court under seal in that action, including attachments or exhibits; and

5. Any expert reports, affidavits, or disclosures submitted, produced or exchanged by any party to this action, and any backup materials underlying those reports that were exchanged of produced.

Exhibit A at 1.

On August 4, 2015, BCBS-MI responded, noting only that it found Plaintiffs' request to expedite "improper," and that the parties should address production of the *Aetna* documents during the parties' ongoing meet and confer process. Exhibit E, August 4 Letter from S. Cylkowski to T. Brown and A. Lemmon. On August 10, 2015, Plaintiffs responded to BCBS-MI, acknowledging that it seemed that the parties were at an impasse. Exhibit F, August 10 Letter from T. Brown and A. Lemmon to S. Cylkowski. On August 13, 2015, BCBS-MI sent Plaintiffs a letter, regarding in part the *Aetna* documents. Exhibit G, Letter from S. Cylkowski to Plaintiffs' Counsel. In this letter, BCBS-MI never said the requested documents were not responsive; rather, BCBS-MI wrote that "Plaintiffs' assertion that the request for *Aetna* litigation materials is 'simple,' 'narrow' and encompasses only 'easily identifiable documents' could not be further from the truth, as we will explain further during the required meet and confer process."

On August 21, 2015, almost one month after Plaintiffs requested the *Aetna* documents, the parties finally met and conferred regarding production of those documents. At that meet and

4

confer, BCBS-MI informed Plaintiffs that its primary issue with production of the *Aetna* documents centered principally on "relevance" concerns. BCBS-MI took the bizarre position that documents related to MFN provisions, competitor entry, and competition in Michigan generally, issues central to the *Aetna* case, were not responsive in this case and need not be produced here. In addition, its counsel noted that it has not bothered to investigate whether it could produce documents related to the *Aetna* litigation pursuant to the protective order in that case. In any event, BCBS-MI made clear that it did not intend to ask any of the parties to that litigation whether they would object to such a production, nor did it intend to produce even its own documents from that litigation on an expedited basis. BCBS-MI's proposal, to the extent it had one, was to simply conduct another search for documents in its own files, and produce responsive documents as they were found during the routine responsiveness and privilege search and review.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure (the "Rules"), "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense … ." Rule 26(b)(1). The term "relevant" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Barlow v. Dupree Logistics, LLC*, No. CIV.A. 1:14-BE-1808, 2015 WL 4646812, at *1 (N.D. Ala. Aug. 5, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)) (internal quotation marks omitted). Rule 26, like all federal discovery rules, should be construed broadly and liberally. *Herbert v. Lando*, 441 U.S. 153, 144 (1979). And the district court "has broad discretion to control discovery." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

**ARGUMENT**

**I.    Plaintiffs' Request Seeks Relevant Documents and Is Not Overbroad**

Defendants' arguments that Plaintiffs' request for the *Aetna* documents is "outside the scope of allowable discovery" and "overbroad as it seeks the production of millions of pages of documents," (Motion for Protective Order at 7), fail because Plaintiffs seek only documents which are relevant to this MDL, and because Plaintiffs seek only a small portion of the documents produced in the *Aetna* litigation, as explicitly outlined in Plaintiffs' July 24 Letter. Moreover, "the party who seeks to exclude discovery as irrelevant bears the burden of demonstrating that it is indeed irrelevant," *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-CV-00028-SPM, 2011 WL 528206, at *3 (N.D. Fla. Feb. 4, 2011) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002)), and BCBS-MI has failed to meet this burden.

**a.    The *Aetna* Documents Sought Are Relevant To Plaintiffs' Claims**

As noted above, Plaintiffs have simply requested the trial exhibit lists, the exhibits, expert reports (including affidavits and declarations), witness lists, depositions, and documents filed under seal in the *Aetna* matter. These are easy requests.

The *Aetna* documents Plaintiffs seek are responsive to Plaintiffs' January 20, 2015 Requests for Production Nos. 71, 80, 93, 157 and 158, among many others, served over seven months ago, and directly related to allegations in Plaintiffs' Complaints regarding BCBS-MI's ability to foreclose an attempt at competition in the market by Aetna (and others) through use of its market power and anticompetitive tactics, including the use of MFN provisions in its contracts with providers. (*See, e.g.*, Paragraph 319 of Providers' Second Amended Consolidated

Complaint; Paragraphs 387-403 of the Subscribers' Second Amended Consolidated Complaint,

which directly reference MFN clauses, including those of BCBS-MI.)

Specifically, the *Aetna* case focused on BCBS-MI's ability to close out competition in the

market by Aetna (and other potential competitors) through use of its market power, its provider

"differentials," and anticompetitive tactics, including the use of MFN provisions in its contracts

with providers.[2] Similarly, Plaintiffs have alleged that BCBS-MI's greatest competitive

advantage is these "differentials," and how, supported by MFNs and other anti-competitive

conduct, further strengthens its market power.[3] Through use of this anticompetitive conduct,

BCBS-MI closes out new competitors in Michigan.[4] The allegations in both cases follow the

---

[2] *See* Exhibit B at ¶ 20 ("For years, [BCBS-MI] has been the dominant provider of insurance and administrative services in Michigan, with revenues in excess of $10 billion in 2009. [BCBS-MI] provides insurance and administrative services for at least 60% of the commercial health plan population, more than nine times as many Michigan residents as its next largest competitor."); ¶ 24 ("Prior to the acquisition of HMS by Aetna, no competitor had been able to challenge [BCBS-MI] …"); ¶ 31 ("[BCBS-MI] has market power in a market for the sale of insurance and administrative services that includes access to Michigan-based provider networks."); ¶ 38 (listing the local geographic areas in which BCBS-MI asserted market power in the market for commercial health plans); ¶ 41 ("[BCBS-MI has market power within the relevant market (and all submarkets that may exist within the relevant market). [BCBS-MI's] market power is indicated in the first place by its market share – [BCBS-MI] provides insurance and administrative services for at least 60% of the commercial health plan population within Michigan" (internal citation omitted)).

[3] (*See* Provider Plaintiffs' Complaint ¶ 319 ("Some of the Blues have imposed most favored nation … clauses to create additional barriers to entry."); *id.* ¶ 336 ("An MFN is both an indicator of market power and a source of market power because it excludes competitors." and that "MFNs offer no procompetitive benefits."); *id.* ¶ 340 ("Defendant [BCBS-MI] says that its 'medical cost advantage, delivered primarily through its facility discounts, is its largest source of competitive advantage.'"); Subscribers' Class Action Complaint (D.E. 244) ¶ 389 (describing how the use of MFNs harms competition by removing the incentive for plans to reduce prices); *id.* ¶ 390 (describing how the use of MFNs prevents other health insured from achieving lower costs with providers); *id.* ¶ 393 (describing how the use of MFNs raises barriers to entry in the market for commercial health insurance); ); *id.* ¶ 394 ("A number of independent Blue Cross and Blue Shield licensees, including BCBS-MI … have used and/or continue to use MFNs to exploit the monopoly power they hold in their respective Service Areas."); *see also id.* ¶¶ 296, 387, 388, 391, 392, 395, 396, 397, 398, 399, 400, 401, 401, 403, 469, 500, 511, 525, 1050, 1051, 1052, 1053, 1057, 1080, 1081, 1082, 1119, 1120, 1121, 1122, 1126, 1197, 1198, 1199, 1200, 1204.)

[4] (*See, e.g.*, Provider Plaintiffs' Complaint ¶ 8 ("The other national programs add to the Blues' market power and/or exclusive access to elements essential to competition"); ¶ 131 ("Working together through CHP, these Defendants share claims data reflecting provider reimbursements and use their market power to leverage that data to reduce reimbursement to providers who deliver health care services to patients insured through the Blues' National Accounts Program"); ¶ 170 ("Defendants' anticompetitive practices and resulting market power permit Defendants to pay in-network and out-of-network providers less than what they would have paid absent these violations of the antitrust laws"); ¶ 226 ("Absent competition, the Blues have achieved significant market power and domination in the markets in their Service Areas."); ¶ 233 ("Each of the Defendant Blues either has market power or exclusive access to an element essential to effective competition."); ¶ 254 ("The Defendant Blues have market power in many markets over prices or payment rates for healthcare providers."); ¶ 281 ("Defendant Blue Cross and Blue Shield of

pattern suggested by the Long Term Business Strategy in 1982: the Blues "close out" competition through use of their "differentials." *See, e.g.*, BCBSA00011542, Tab F in the binder Plaintiffs provided to the Court and Defendants at the August 19 status conference. In other words, both cases – *Aetna* and this MDL – relate to BCBS-MI's ability close out competition to competitors through use of its market power and other anticompetitive conduct. It's hard to imagine a case that is more closely related to *Aetna* than this MDL.

Moreover, BCBS-MI has indicated that it intends to rely on market entry as a defense to the claims in this MDL. Thus, in addition to being directly relevant to Plaintiffs' claims, the *Aetna* documents will bear just as much on BCBS-MI's defenses. If the Blues are not going to raise potential entry as a defense to Plaintiffs' claims, then they should say so now in response to this Motion. Without seeing these documents, it is impossible for Plaintiffs to know what positions BCBS-MI or Aetna took, in their expert reports for instance, related to these differentials, their competitive advantage, their networks, payment rates, and competition in the health insurance markets and the market for providers in Michigan. All of these issues are critically important to the issues in this litigation.

Documents relevant to both groups of Plaintiffs' allegations and BCBS-MI's defenses are exactly the types of documents courts allow targeted discovery of information produced in another matter. *See, e.g.*, *Peterson v. Wright Med. Tech., Inc.*, No. 11-1330, 2013 WL 655527, at *6 (C.D. Ill. Feb. 21, 2013).

The documents requested in Plaintiffs' July 24 letter are not just responsive, but as Joe Whatley explained in the hearing before Judge Proctor two weeks ago, are critical to Plaintiffs'

---

Michigan has market power at least in certain areas in Michigan in the health care financing market and may have market power in the entire state. It has market power at least in certain areas in the State of Michigan in the health services markets and may have market power in the entire state.").)

ability to streamline the case, because they are readily available, and will assist the Plaintiffs in moving the case forward and sharpening the issues in order to promptly advance the case.

### b. Plaintiffs' Requests for the *Aetna* Documents Is Not Overbroad

BCBS-MI's argument that Plaintiffs' request is overbroad fails because it mischaracterizes what Plaintiffs seek from the *Aetna* litigation. Despite BCBS-MI's claims in its brief, Plaintiffs are not seeking the *Aetna* documents "just because the information was produced in another lawsuit." (Motion for Protective Order at 7 (quoting *Moore v. Morgan Stanley & Co.*, No. 07 C 5606, 2008 WL 4681942, at *5 (N.D. Ill. May 30, 2008)).) Moreover, Plaintiffs have not made a *carte blanche* request for all 11 million pages of documents produced in the *Aetna* litigation. Plaintiffs' specific requests were made extraordinarily clear to counsel for BCBS-MI on the August 21, 2015 call. Yet, BCBS-MI continues to pound on that straw man. To be perfectly clear, again, Plaintiffs are not currently requesting all those documents.

Rather, as described above, Plaintiffs are seeking five specific categories of documents that are directly related to the allegations in this MDL.[5] Reducing the requests to the categories outlined in their July 24 Letter, Plaintiffs have attempted to make expedited discovery as burdenless as possible for BCBS-MI. If BCBS-MI thinks that certain documents should not be included for specific reasons, Plaintiffs are willing to discuss that with BCBS-MI.

---

[5] Plaintiffs' request is exactly the type of request for which courts allow discovery from another litigation. *See Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP 99-690-C-D/F, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (explaining that a party that seeks cloned discovery must "do their own work and request the information they seek directly"); *Wollam v. Wright Med. Grp., Inc.*, No. 10-CV-03104-DME-BNB, 2011 WL 1899774, at *2 (D. Colo. May 18, 2011) ("Direct requests allow a court to consider the relevance of the information sought to the specific claims and defenses in the pending case."). Further, that Plaintiffs initially sought "all Documents" produced in the *Aetna* litigation and later narrowed that request is precisely how discovery ordinarily proceeds, and courts are aware of this. *See, e.g.*, *In re Hardieplank Fiber Cement Siding Litig.*, No. 12-MD-2359, 2014 WL 5654318, at *2 (D. Minn. Jan. 28, 2014) ("Although, as written, Requests for Production Nos. 1 and 13 request … all documents from other lawsuits involving James Hardie siding, Plaintiffs assert that they narrowed their request in a letter to Defendant … . As narrowed to lawsuits that involve the quality or durability of James Hardie's siding, these requests for documents are reasonably calculated to lead to the discovery of admissible evidence.").

II.     **Production of the *Aetna* Documents Would Not Violate Any Protective Order**

      As a first matter, BCBS-MI cannot hide behind the *Aetna* protective order to avoid production of its own documents. Yet, BCBS-MI has done just this, and has refused to provide even its own documents. Second, the protective order entered into by the *Aetna* court states, "Notwithstanding any other provisions of this Order, nothing in this Order: … prevents disclosure of Protected Information by any Party with the written consent of the person that designated the Protected Information." Second Amended Stipulated Protective Order Concerning Confidentiality at 12, *Aetna* (D.E. 191) (attached as Exhibit H).

      Plaintiffs have reached out to counsel for Aetna who are prepared to provide written consent to BCBS-MI's production of the *Aetna* litigation documents as long as they are marked "Confidential-Outside Counsel Only" in this case. Thus, under the explicit terms of the *Aetna* protective order, there is no impediment to BCBS-MI producing Aetna's documents or its own. Plaintiffs are willing to agree that all the documents produced in the *Aetna* litigation can be marked as Outside Counsel Only unless they were not afforded confidential protection in that case. Marking the *Aetna* documents as Outside Counsel Only would also quash the concerns expressed by counsel for some third parties in the *Aetna* litigation to keep the documents from becoming public. (*See* Letter from D. Ettinger to D. Matheson and T. Stenerson, attached as Exhibit D to BCBS-MI's Motion for Protective Order (noting that counsel for several third parties wanted to make sure that there was a process for confidentiality "before any decision is made to make public [the third parties'] confidential documents or documents containing their confidential communications.").) Plaintiffs' counsel are currently discussing the issue of confidentiality with Mr. Ettinger and have offered him an opportunity to be heard before any of the documents are "made public." Thus, BCBS-MI cannot simply rely on that order to fail to respond to Plaintiffs' request.

During the August 21 meet and confer, Plaintiffs offered to reach out to additional third parties to seek their consent to BCBS-MI producing their documents in this MDL. BCBS-MI refused to provide a list of the third parties who have confidentiality concerns, arguing that it could not provide such a list without possibly violating the *Aetna* protective order, and that they would "run that request by" their client. Although Plaintiffs have not been updated as to whether that list can be provided, Plaintiffs are willing to discuss the production of the *Aetna* documents with any other parties once a list is provided. As this Court noted at the hearing last week, this is likely to be an issue that that parties can work out among themselves once BCBS-MI's objection is overruled.

## III.    Production of the *Aetna* Documents Is Not Burdensome

The documents Plaintiffs seek are decidedly non-burdensome and this argument is essentially a waste of this Court's time. The Motion for Protective Order is full of misstatements regarding the actual documents Plaintiffs seek from the *Aetna* litigation. BCBS-MI claims that it would add "insurmountable costs and expenses" to the parties in the litigation to produce the *Aetna* documents. But the documents BCBS-MI has in mind are the "902 entries" on the *Aetna* docket, and the "1,100,000 documents and 11,500,000 pages of materials" that encompass "615 gigabytes of data." (Motion for Protective Order at 14.) As Plaintiffs have told BCBS-MI time and time again, they are not seeking every page of every document produced in the *Aetna* litigation. Rather, Plaintiffs seek a much smaller subset of the documents produced in the *Aetna* litigation, outlined in their July 24 Letter to BCBS-MI.[6] The subset of documents Plaintiffs seek

---

[6] Plaintiffs' request differs drastically from the requests in the cases cited by BCBS-MI. *See, e.g.*, *Pegorao v. Marrero*, 281 F.R.D. 122, 132 (S.D.N.Y. 2012) (finding plaintiff's request overbroad as she sought "*all* documents in connection with *any* whistleblowing litigation or proceeding involving the defendants, *regardless of* the specific nature of the proceeding and factual circumstances underlying those proceedings" (emphasis added)); *Chen v. Ampco Sys. Parking*, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *2-3 (S.D. Cal. Aug. 14, 2009) (denying

11

consist of documents that were to be used for trial, and should already be compiled and separated
as such. Plaintiffs' request is thus exactly the type courts routinely allow. *See, e.g.*, *In re Milk
Products Antitrust Litig.*, 84 F. Supp. 2d 1016, 1026 (D. Minn. 1997) ("Defendants' argument
that the production of the grand jury documents would be unduly burdensome is weak at best.
Given the fact that these documents were previously compiled for the grand jury, it would not
seem to pose much difficulty to gather them together once again.").

Moreover, expedited discovery of the documents produced in the *Aetna* litigation is far
less burdensome than the alternative: BCBS-MI being left to stumble upon the same documents
again in the course of normal unstructured discovery. Just over 3 months ago, counsel for BCBS-
MI was preparing for trial and all of the documents Plaintiffs requested were at their fingertips
ready to be made public. Production of these materials, already in possession of their outside
counsel, and already reviewed for issues of relevance and privilege, is significantly less
burdensome than redoing the entire discovery review process. In any event, the process
described by BCBS-MI would not even capture all the documents requested (expert reports,
depositions, etc.). Thus, BCBS-MI's attempt to ignore Plaintiffs' July 24 Letter and argue that the
Court should not require production of *all* documents produced in the *Aetna* litigation is simply
an attempt to mischaracterize Plaintiffs' request. It is clear that what BCBS-MI really wants to
avoid is having Plaintiffs gain access to the small subset of highly relevant documents, and
instead wants to "re-review" the documents to bury the truly responsive materials in a sea of
other documents. This is not a fair use of discovery procedures, and acts to make discovery less

---

plaintiff's request in part because plaintiff made a *carte blanche* request for all documents produced from *four* state
law cases that involved different laws, and different claims). Here Plaintiffs have requested production only of
documents which were already being prepared as trial exhibits in a closely related case, and other documents already
in the hands of outside counsel.

efficient in this case, not more. Thus, the Court should order the immediate production of these limited materials from the *Aetna* case.

### <u>CONCLUSION</u>

Because Plaintiffs seek only relevant documents from the *Aetna* litigation, and because Plaintiffs have narrowed the scope of the *Aetna* documents it seeks on an expedited basis to a small group that has already been reviewed by BCBS-MI, under the broad discovery granted in Rule 26(b)(1), the Court should deny BCBS-MI's Motion for Protective Order, and grant Plaintiffs' Motion to Compel.

Respectfully submitted the 1st day of September, 2015.

| Provider Track | Subscriber Track |
|---|---|
| _/s/ Joe R. Whatley, Jr._<br>Joe R. Whatley, Jr. – **Co-Lead Counsel**<br>W. Tucker Brown<br>WHATLEY KALLAS, LLP<br>2001 Park Place North<br>1000 Park Place Tower<br>Birmingham, AL 35203<br>Tel:  (205) 488-1200<br>Fax:  (800) 922-4851<br>Email: jwhatley@whatleykallas.com<br>       tbrown@whatleykallas.com | _/s/ David Boies_<br>David Boies – **Co-Lead Counsel**<br>BOIES, SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8200<br>dboies@bsfllp.com |
| Edith M. Kallas – **Co-Lead Counsel**<br>Patrick J. Sheehan<br>WHATLEY KALLAS, LLP<br>1180 Avenue of the Americas, 20th Floor<br>New York, NY 10036<br>Tel: (212) 447-7060<br>Fax: (800) 922-4851<br>Email: ekallas@whatleykallas.com<br>      psheehan@whatleykallas.com | Michael Hausfeld – **Co-Lead Counsel**<br>William Butterfield – **Chair, Discovery Committee**<br>HAUSFELD LLP<br>1700 K Street NW, Suite 650<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Fax: (202) 540-7201<br>mhausfeld@hausfeldllp.com<br>wbutterfield@hausfeldllp.com |
| Henry C. Quillen<br>WHATLEY KALLAS, LLP<br>159 Middle Street, Suite 2C<br>Portsmouth, NH  03801<br>Tel:  (603) 294-1591<br>Fax:  (800) 922-4851<br>Email: hquillen@whatleykallas.com | |
| Deborah J. Winegard<br>WHATLEY KALLAS, LLP<br>1068 Virginia Avenue, NE<br>Atlanta, GA 30306<br>Tel:  (404) 607-8222<br>Fax:  (404) 607-8451<br>Email: dwinegard@whatleykallas.com | |

14

| | |
|---|---|
| E. Kirk Wood, Jr. – *Local Facilitating Counsel*<br>WOOD LAW FIRM LLC<br>P. O. Box 382434<br>Birmingham, AL 35238<br>Tel:  (205) 612-0243<br>Fax:  (205) 705-1223<br>Email: ekirkwood1@bellsouth.net | Chris T. Hellums – *Local Facilitating Counsel*<br>PITTMAN, DUTTON & HELLUMS, P.C.<br>2001 Park Place N, 1100 Park Place Tower<br>Birmingham, AL 35203<br>Tel: (205) 322-8880<br>Fax: (205) 328-2711<br>chrish@pittmandutton.com |

<table>
<tr><td colspan="2">
<i>/s/ Barry A. Ragsdale</i><br>
Barry Alan Ragsdale – <i>Plaintiffs' Liaison Counsel and Discovery Liaison Counsel</i><br>
SIROTE & PERMUTT P.C.<br>
P.O. Box 55727<br>
Birmingham, AL 35255-5727<br>
Tel: (205) 930-5114<br>
Fax: (205) 212-2932<br>
Email: bragsdale@sirote.com
</td></tr>
</table>

| **Provider Track** | **Subscriber Track** |
|---|---|
| J. Mark White – *Litigation Committee*<br>Augusta S. Dowd – *Chair, Litigation Committee*<br>U.W. Clemon – *Plaintiffs' Steering Committee*<br>Linda G. Flippo – *Discovery Committee*<br>WHITE ARNOLD & DOWD, P.C.<br>The Massey Building<br>2025 Third Avenue North, Suite 500<br>Birmingham, AL 35203<br>Tel:  (205) 323-1888<br>Fax:  (205) 323-8907<br>Email: uwclemon@whitearnolddowd.com<br>        adowd@whitearnolddowd.com<br>        mwhite@whitearnolddowd.com | William A. Isaacson – *Settlement Committee & PSC Member*<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Avenue NW<br>Washington, DC 20015<br>Tel: (202) 237-2727<br>Fax: (202) 237-6131<br>wisaacson@bsfllp.com |
| Aaron S. Podhurst – *Plaintiffs' Steering Committee*<br>Peter Prieto – *Chair, Expert Committee*<br>PODHURST ORSECK, P.A.<br>25 West Flagler Street, Suite 800<br>Miami, FL 33130<br>Tel:  (305) 358-2800<br>Fax:  (305) 358-2382<br>Email: apodhurst@podhurst.com<br>        pprieto@podhurst.com | Gregory Davis – *Settlement Committee & PSC Member*<br>DAVIS & TALIAFERRO, LLC<br>7031 Halcyon Park Drive<br>Montgomery, AL 36117<br>Tel: (334) 832-9080<br>Fax: (334) 409-7001<br>gldavis@knology.net |

| | |
|---|---|
| Debra B. Hayes – *Plaintiffs' Steering Committee*<br>Charles Clinton Hunter<br>THE HAYES LAW FIRM<br>700 Rockmead, Suite 210<br>Kingwood, TX  77339<br>Tel:  (281) 815-4963<br>Fax: (832) 575-4759<br>dhayes@dhayeslaw.com<br>chunter@dhayeslaw.com | Megan Jones – *Settlement Committee & PSC Member*<br>Arthur Bailey – *Discovery Committee*<br>HAUSFELD LLP<br>44 Montgomery Street, Suite 3400<br>San Francisco, CA 94104<br>Tel: (415) 744-1970<br>Fax: (415) 358-4980<br>mjones@hausfeldllp.com<br>abailey@hausfeldllp.com |
| Dennis Pantazis – *Plaintiffs' Steering Committee*<br>Brian Clark – *Discovery Committee*<br>WIGGINS CHILDS PANTAZIS FISHER<br>  GOLDFARB<br>The Kress Building<br>301 Nineteenth Street North<br>Birmingham, AL 35203<br>Tel:  (205) 314-0500<br>Fax:  (205) 254-1500<br>Email: dgp@wcqp.com<br>        bclark@wcqp.com<br><br>Dennis C. Reich – *Chair, Damages Committee*<br>REICH & BINSTOCK, LLP<br>4265 San Felipe, Suite 1000<br>Houston, TX 77027<br>Tel:  (713) 622-7271<br>Fax:  (713) 623-8724<br>Email: dreich@rbfirm.net | Kathleen Chavez – *Settlement Committee & PSC Member*<br>FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC<br>10 West State Street, Suite 200<br>Geneva, IL 60134<br>Tel: (630) 797-3339<br>Fax: (630) 232-7452<br>kcc@fmcolaw.com |
| Nicholas B. Roth – *Chair, Discovery Committee*<br>Julia Smeds Roth – *Discovery Committee*<br>EYSTER KEY TUBB ROTH MIDDLETON &<br>ADAMS, LLP<br>402 East Moulton Street<br>Decatur, AL 35601<br>Tel:  (256) 353-6761<br>Fax:  (256) 353-6767<br>Email: nroth@eysterkey.com<br>        jroth@eysterkey.com | Cyril V. Smith – *Settlement Committee & PSC Member*<br>ZUCKERMAN SPAEDER, LLP<br>100 East Pratt Street, Suite 2440<br>Baltimore, MD 21202-1031<br>Tel: (410) 949-1145<br>Fax: (410) 659-0436<br>csmith@zuckerman.com |

| | |
|---|---|
| Robert J. Axelrod – *Chair, Written Submissions Committee*<br>AXELROD & DEAN LLP<br>830 Third Avenue, 5th Floor<br>New York, NY 10022<br>Tel:  (646) 448-5263<br>Fax:  (212) 840-8560<br>Email: rjaxelrod@axelroddean.com | Eric L. Cramer – *Expert Committee*<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tel: 1-800-424-6690<br>Fax: (215) 875-4604<br>ecramer@bm.net |
| Van Bunch – *Chair, Class Certification Committee*<br>BONNETT FAIRBOURN FRIEDMAN &<br>  BALINT, P.C.<br>2325 E. Camelback Road, Suite 300<br>Phoenix, AZ 85016<br>Tel:  (602) 274-1100<br>Fax:  (602) 274-1199<br>Email: vbunch@bffb.com | Richard A. Feinstein – *Co-Chair, Expert Committee*<br>Karen Dyer – *Expert Committee*<br>Hamish P.M. Hume – *Discovery Committee*<br>Kathleen Kiernan – *Written Submissions Committee*<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Avenue NW<br>Washington, DC 20015<br>Tel: (202) 237-2727<br>Fax: (202) 237-6131<br>kdyer@bsfllp.com<br>hhume@bsfllp.com<br>kkiernan@bsfllp.com |
| David A. Balto – *Expert Committee*<br>DAVID A. BALTO LAW OFFICES<br>1350 I Street, N.W., Suite 850<br>Washington, DC 20005<br>Tel:  (202) 789-5424<br>Fax:  (202) 589-1819<br>Email: david.balto@dcantitrustlaw.com | Patrick Cafferty – *Discovery Committee*<br>CAFFERTY CLOBES MERIWETHER &<br>SPRENGEL LLP<br>101 North Main Street, Suite 565<br>Ann Arbor, MI 48104<br>Tel: (734) 769-2144<br>Fax: (734) 769-1207<br>pcafferty@caffertyclobes.com |

| | |
|---|---|
| Peter H. Burke – ***Class Certification Committee***<br>J. Allen Schreiber – ***Litigation Committee***<br>BURKE HARVEY, LLC<br>3535 Grandview Parkway<br>Suite 100<br>Birmingham, AL  35243<br>Tel:  (205) 930-9091<br>Fax:  (205) 930-9054<br>Email:  pburke@burkeharvey.com<br>          aschreiber@burkeharvey.com<br><br>Richard S. Frankowski – ***Discovery Committee***<br>THE FRANKOWSKI FIRM, LLC<br>231 22nd Street South, Suite 203<br>Birmingham, AL  35233<br>Tel:  (205) 390-0399<br>Fax: (205) 390-1001<br>Email:  richard@frankowskifirm.com | Bryan Clobes – ***Litigation Committee***<br>Ellen Meriwether – ***Written Submissions Committee***<br>CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP<br>1101 Market Street, Suite 2650<br>Philadelphia, PA 19107<br>Tel: (215) 864-2800<br>Fax: (215) 864-2810<br>bclobes@caffertyclobes.com<br>emeriwether@caffertyclobes.com |
| John C. Davis – ***Written Submissions Committee***<br>LAW OFFICE OF JOHN C. DAVIS<br>623 Beard Street<br>Tallahassee, FL 32303<br>Tel:  (850) 222-4770<br>Email:  john@johndavislaw.net | Douglas Dellaccio – ***Litigation Committee***<br>CORY WATSON CROWDER & DEGARIS, P.C.<br>2131 Magnolia Avenue, Suite 200<br>Birmingham, AL 32505<br>Tel: (205) 328-2200<br>Fax: (205) 324-7896<br>ddellaccio@cwcd.com |
| Lynn W. Jinks, III – ***Expert Committee***<br>Christina D. Crow – ***Discovery Committee***<br>JINKS CROW & DICKSON, P.C.<br>219 North Prairie Street<br>Union Springs, AL 36089<br>Tel:  (334) 738-4225<br>Fax:  (334) 738-4229<br>Email:  ljinks@jinkslaw.com<br>          ccrow@jinkslaw.com | Chris Cowan – ***Damages Committee***<br>THE COWAN LAW FIRM<br>One Meadows Building<br>5005 Greenville Avenue, Suite 200<br>Dallas, TX 75206<br>Tel: (214) 826-1900<br>Fax: (214) 826-8900<br>chris@cowanlaw.net |

| | |
|---|---|
| W. Daniel Miles, III – *Written Submissions Committee* <br> BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C. <br> 218 Commerce Street <br> Montgomery, AL 36104 <br> Tel:  (800) 898-2034 <br> Fax:  (334) 954-7555 <br> Email: dee.miles@beasleyallen.com | Edwin J. Kilpela, Jr. <br> Benjamin Sweet – *Litigation Committee* <br> CARLSON LYNCH LTD <br> 115 Federal St., Suite 210 <br> Pittsburgh, PA  15212 <br> Tel: (412) 322-9243 <br> Fax: (412) 231-0246 <br> ekilpela@carlsonlynch.com <br> bsweet@carlsonlynch.com |
| Joey K. James – *Litigation Committee* <br> BUNCH & JAMES <br> P. O. Box 878 <br> Florence, AL 35631 <br> Tel:  (256) 764-0095 <br> Fax:  (256) 767-5705 <br> Email: joey@bunchandjames.com | Robert M. Foote – *Damages Committee* <br> FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC <br> 10 West State Street, Suite 200 <br> Geneva, IL 60134 <br> Tel: (630) 797-3339 <br> Fax: (630) 232-7452 <br> rmf@fmcolaw.com |
| Mark K. Gray – *Discovery Committee* <br> GRAY & WHITE <br> 713 E. Market Street, Suite 200 <br> Louisville, KY 40202 <br> Tel:  (502) 805-1800 <br> Fax:  (502) 618-4059 <br> Email: mgray@grayandwhitelaw.com | Charles T. Caliendo – *Class Certification Committee* <br> GRANT & EISENHOFER <br> 485 Lexington Avenue <br> New York, NY 10017 <br> Tel: (646) 722-8500 <br> Fax: (646) 722-8501 <br> ccaliendo@gelaw.com |
| Stephen M. Hansen – *Class Certification Committee* <br> LAW OFFICE OF STEPHEN M. HANSEN <br> 1821 Dock Street <br> Tacoma, WA 98402 <br> Tel:  (253) 302-5955 <br> Fax:  (253) 301-1147 <br> Email: steve@stephenmhansenlaw.com | Robert Eisler – *Discovery Committee* <br> GRANT & EISENHOFER <br> 123 Justison Street <br> Wilmington, DE 19801 <br> Tel: (302) 622-7000 <br> Fax: (302) 622-7100 <br> reisler@gelaw.com |

| | |
|---|---|
| Harley S. Tropin – ***Damages Committee***<br>Javier A. Lopez – ***Discovery Committee***<br>KOZYAK TROPIN &<br>  THROCKMORTON, P.A.<br>2525 Ponce De Leon Boulevard, 9th Floor<br>Miami, FL 33134<br>Tel:  (305) 372-1800<br>Fax:  (305) 372-3508<br>Email:  hst@kttlaw.com<br>          jal@kttlaw.com | David Guin – ***Chair, Written Submissions Committee***<br>Tammy Stokes – ***Damages Committee***<br>GUIN, STOKES & EVANS, LLC<br>The Financial Center<br>505 20th Street North, Suite 1000<br>Birmingham, AL 35203<br>Tel: (205) 226-2282<br>Fax: (205) 226-2357<br>davidg@gseattorneys.com<br>tammys@gseattorneys.com |
| C. Wes Pittman – ***Settlement Committee***<br>THE PITTMAN FIRM, P.A.<br>432 McKenzie Avenue<br>Panama City, FL 32401<br>Tel:  (850) 784-9000<br>Fax:  (850) 763-6787<br>Email: wes@pittmanfirm.com | Daniel Gustafson – ***Litigation Committee***<br>Daniel C. Hedlund – ***Damages Committee***<br>GUSTAFSON GLUEK PLLC<br>120 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>Tel: (612) 333-8844<br>Fax: (612) 339-6622<br>dgustafson@gustafsongluek.com<br>dhedlund@gustafsongluek.com |
| Robert B. Roden – ***Litigation Committee***<br>SHELBY RODEN, LLC<br>2956 Rhodes Circle<br>Birmingham, AL 35205<br>Tel:  (205) 933-8383<br>Fax:  (205) 933-8386<br>Email: rroden@shelbyroden.com | Brent Hazzard – ***Litigation Committee***<br>HAZZARD LAW, LLC<br>447 Northpark Drive<br>Ridgeland, MS 39157<br>Tel: (601) 977-5253<br>Fax: (601) 977-5236<br>brenthazzard@yahoo.com |
| Gary E. Mason – ***Class Certification Committee***<br>WHITFIELD BRYSON & MASON, LLP<br>1625 Massachusetts Ave. NW, Suite 605<br>Washington, DK 20036<br>Tel:  (202) 429-2290<br>Fax:  (202) 640-1160<br>Email: gmason@wbmllp.com | John Saxon – ***Litigation Committee***<br>JOHN D. SAXON, P.C.<br>2119 3rd Avenue North<br>Birmingham, AL 35203-3314<br>Tel: (205) 324-0223<br>Fax: (205) 323-1583<br>jsaxon@saxonattorneys.com |

| | |
|---|---|
| Lance Michael Sears<br>SEARS & SWANSON, P.C.<br>First Bank Building<br>2 North Cascade Avenue, Suite 1250<br>Colorado Springs, CO 80903<br>Tel:  (719) 471-1984<br>Fax:  (719) 577-4356<br>Email: lance@searsassociates.com | Lawrence Jones – *Damages Committee*<br>JONES WARD PLC<br>312 South Fourth Street, Sixth Floor<br>Louisville, KY 40202<br>Tel: (502) 882-6000<br>larry@jonesward.com |
| Michael C. Dodge – *Expert Committee*<br>GLAST PHILLIPS & MURRAY, P.C.<br>14801 Quorum Drive, Suite 500<br>Dallas, TX 75254<br>Tel:  (972) 419-7172<br>Email: mdodge@gpm-law.com | Andrew Lemmon – *Chair, Discovery Committee*<br>LEMMON LAW FIRM<br>650 Poydras Street, Suite 2335<br>New Orleans, LA 70130<br>Tel: (504) 581-5644<br>Fax: (504) 581-2156<br>andrew@lemmonlawfirm.com |
| Michael E. Gurley, Jr. – *Discovery Committee*<br>Attorney at Law<br>24108 Portobello Road<br>Birmingham, AL 35242<br>Tel:  (205) 908-6512<br>Email: Michael@gurleylaw.net | Virginia Buchanan – *Chair, Class Certification Committee*<br>LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.<br>316 South Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Tel: (850) 435-7000<br>Fax: (850) 435-7020<br>vbuchanan@levinlaw.com |
| Myron C. Penn – *Discovery Committee*<br>PENN & SEABORN, LLC<br>53 Highway 110<br>Post Office Box 5335<br>Union Springs, AL 36089<br>Tel:  (334) 738-4486<br>Fax:  (334) 738-4432<br>Email: myronpenn28@hotmail.com | Robert Methvin – *Chair, Settlement Committee*<br>James M. Terrell – *Class Certification Committee*<br>MCCALLUM, METHVIN & TERRELL, P.C.<br>The Highland Building<br>2201 Arlington Avenue South<br>Birmingham, AL 35205<br>Tel: (205) 939-0199<br>Fax: (205) 939-0399<br>rgm@mmlaw.net<br>jterrell@mmlaw.net |

| | |
|---|---|
| Troy A. Doles – *Discovery Committee*<br>SCHLICHTER BOGARD & DENTON, LLP<br>100 S. 4th Street, Suite 900<br>St. Louis, MO 63102<br>Tel:  (314) 621-6115<br>Fax:  (314) 621-7151<br>Email: tdoles@uselaws.com | Michael McGartland – *Class Certification Committee*<br>MCGARTLAND & BORCHARDT LLP<br>1300 South University Drive, Suite 500<br>Fort Worth, TX 76107<br>Tel: (817) 332-9300<br>Fax: (817) 332-9301<br>mike@attorneysmb.com |
| J. Preston Strom, Jr. – *Litigation Committee*<br>STROM LAW FIRM, LLC<br>2110 N. Beltline Boulevard, Suite A<br>Columbia, SC 29204-3905<br>Tel:  (803) 252-4800<br>Fax:  (803) 252-4801<br>Email: petestrom@stromlaw.com | H. Lewis Gillis – *Co-Head Chair, Litigation Committee*<br>MEANS GILLIS LAW, LLC<br>3121 Zelda Court<br>Montgomery, AL 36106<br>Tel: 1-800-626-9684<br>hlgillis@tmgslaw.com |
| Thomas V. Bender – *Discovery Committee*<br>WALTERS BENDER STROHBEHN<br> & VAUGHAN, P.C.<br>2500 City Center Square, 1100 Main<br>Kansas City, MO 64105<br>Tel:  (816) 421-6620<br>Fax:  (816) 421-4747<br>Email: tbender@wbsvlaw.com | David J. Hodge – *Chair, Settlement Committee*<br>MORRIS, KING & HODGE<br>200 Pratt Avenue NE<br>Huntsville, AL 35801<br>Tel: (256) 536-0588<br>Fax: (256) 533-1504<br>lstewart@alinjurylaw.com |
| Michael L. Murphy – *Discovery Committee*<br>BAILEY GLASSER LLP<br>910 17th Street, NW, Suite 800<br>Washington, DC  20006<br>Tel:  (202) 463-2101<br>Fax: (202) 463-2103<br>mmurphy@baileyglasser.com<br><br>Brian E. Wojtalewicz<br>WOJTALEWICZ LAW FIRM, LTD.<br>139 N. Miles Street<br>Appleton, MN 56208<br>Tel:  (320) 289-2363<br>Fax:  (320) 289-2369<br>Email: brian@wojtalewiczlawfirm.com | Dianne M. Nast – *Class Certification Committee*<br>NASTLAW LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107<br>Tel: (215) 923-9300<br>Fax: (215) 923-9302<br>dnast@nastlaw.com<br><br>Patrick W. Pendley – *Chair, Damages Committee*<br>Christopher Coffin – *State Liaison Committee*<br>PENDLEY, BAUDIN & COFFIN, LLP<br>Post Office Drawer 71<br>Plaquemine, LA 70765<br>Tel: (225) 687-6369<br>pwpendley@pbclawfirm.com<br>ccoffin@pbclawfirm.com |

| | |
|---|---|
| Archie C. Lamb, Jr.<br>ARCHIE LAMB & ASSOCIATES, LLC<br>2900 1st Avenue South<br>Birmingham, AL 352333<br>(205) 324-4644<br>(205) 324-4649 Fax<br>alamb@archielamb.com | Edgar D. Gankendorff – *Co-Head Chair,*<br>*Litigation Committee*<br>Eric R.G. Belin – *Damages Committee*<br>PROVOSTY & GANKENDORFF, LLC<br>650 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Tel: (504) 410-2795<br>Fax: (504) 410-2796<br>egankendorff@provostylaw.com<br>ebelin@provostylaw.com |
| Paul Lundberg<br>LUNDBERG LAW, PLC<br>600 4TH Street, Suite 906<br>Sioux City, IA  51101<br>Tel:  (712) 234-3030<br>Fax:  (712) 234-3034<br>Email:  paul@lundberglawfirm.com | Richard Rouco – *Written Submissions*<br>*Committee*<br>QUINN, CONNOR, WEAVER, DAVIES &<br>ROUCO LLP<br>Two North Twentieth Street<br>2 – 20th Street North, Suite 930<br>Birmingham, AL 35203<br>Tel: (205) 870-9989<br>Fax: (205) 870-9989<br>rrouco@qcwdr.com |
| Jessica Dillon<br>Ray R. Brown<br>Molly Brown<br>DILLON & FINDLEY, P.C.<br>1049 W. 5th Avenue, Suite 200<br>Anchorage, AK  99501<br>Tel:  (907) 277-5400<br>Fax:  (907) 277-9896<br>Email:  Jessica@dillonfindley.com<br>        Ray@dillonfindley.com<br>         Molly@dillonfindley.com | Garrett Blanchfield – *Written Submissions*<br>*Committee*<br>REINHARDT, WENDORF &<br>BLANCHFIELD<br>E-1250 First National Bank Building<br>332 Minnesota Street<br>St. Paul, MN 55101<br>Tel: (651) 287-2100<br>Fax: (651) 287-2103<br>g.blanchfield@rwblawfirm.com |
| James Redmond<br>Cynthia C. Moser<br>HEIDMAN LAW FIRM<br>1128 Historic 4th Street<br>P. O. Box 3086<br>Sioux City, IA  51101<br>Tel:  (712) 255-8838<br>Fax  (712) 258-6714<br>Email:  Jim.Redmond@heidmanlaw.com<br>        Cynthia.Moser@heidmanlaw.com | Jason Thompson – *Damages Committee*<br>SOMMERS SCHWARTZ<br>One Towne Square, 17th Floor<br>Southfield, MI 48076<br>Tel: (248) 355-0300<br>jthompson@sommerspc.com |

| | |
|---|---|
| Gwen Simons<br>Simons & Associates Law, P.A.<br>P.O. Box 1238<br>Scarborough, ME 04070-1238<br>Tel: (207) 205-2045<br>Fax: (207) 883-7225<br>Email: gwen@simonsassociateslaw.com | Larry McDevitt – *Chair, Class Certification Committee*<br>David Wilkerson – *Discovery Committee*<br>VAN WINKLE LAW FIRM<br>11 North Market Street<br>Asheville, NC 28801<br>Tel: (828) 258-2991<br>lmcdevitt@vwlawfirm.com<br>dwilkerson@vwlawfirm.com |
| | Carl S. Kravitz – *Expert Committee*<br>ZUCKERMAN SPAEDER LLP<br>1800 M Street NW, Suite 1000<br>Washington, DC 20036-5807<br>Tel: (202) 778-1800<br>Fax: (202) 822-8106<br>ckravitz@zuckerman.com |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this 1s$^t$ day of September, 2015, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Joe R. Whatley, Jr.*

Joe R. Whatley, Jr.
