IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD | } | Master File No.:  2:13-CV-20000-RDP |
| | } | |
| ANTITRUST LITIGATION | } | This document relates to all cases. |
| (MDL NO.: 2406) | } | |

**ORDER**

Rule 1 of the Federal Rules of Civil Procedure provides that all of the rules "should be construed and, administered to secure *the just, speedy, and inexpensive* determination of every action and proceeding." Fed.R.Civ.P. 1.  With this goal in mind, the court will address recent developments.

**I.     Pending Motions to Dismiss Based On Personal Jurisdiction and Venue**

Since the last time this court addressed these issues, even more cases have been filed against the Moving Defendants[1] in varying jurisdictions, and those cases have been transferred to this court by the Judicial Panel for Multidistrict Litigation.[2]  (Docs. # 393, 403, 404, 416).  The Moving Defendants (not all Defendants) have renewed their Motions to Dismiss based on personal jurisdiction and venue in these recently transferred cases.  As this court has noted

---

[1] "Moving Defendants" are Capital BlueCross, Triple-S Salud, Inc., Excellus Health Plan Inc., Blue Cross and Blue Shield of Arizona, Inc., Blue Cross of Idaho Health Service Inc., Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Kansas, Inc., Blue Cross and Blue Shield of Nebraska, Noridian Mutual Insurance Company d/b/a Blue Cross Blue Shield of North Dakota, Blue Cross and Blue Shield of Western New York, Inc., Blue Shield of Northeastern New York, HealthNow New York Inc., Blue Cross Blue Shield of Wyoming, Blue Cross and Blue Shield of Mississippi, and California Physicians' Service Inc., d/b/a Blue Shield of California.

[2] Case Nos. 2:15-cv-01345-RDP, 2:15-cv-01346-RDP, 2:15-cv-01347-RDP, 2:15-cv-01348-RDP, 2:15-cv-01349-RDP, 2:15-cv-01475-RDP, and  2:15-cv-01550-RDP, all styled *Conway et al v Blue Cross Blue Shield of Alabama et al*; and Case No. 2:15-cv-01476-RDP, *Hospital Service District 1 of the Parish of East Baton Rouge, Louisiana v. Blue Cross and Blue Shield of Alabama et al*.

before, ordinarily, a motion challenging *in personam* jurisdiction and venue should be addressed very early in the litigation. Here, however, the court notes that each of the Moving Defendants has filed an Answer, rather than a Motion challenging personal jurisdiction and venue, in at least one of the recently transferred cases. *See* Case Nos. 2:15-cv-01345-RDP, 2:15-cv-01346-RDP, 2:15-cv-01347-RDP, 2:15-cv-01348-RDP, 2:15-cv-01349-RDP, 2:15-cv-01475-RDP, and 2:15-cv-01550-RDP, all styled *Conway et al v. Blue Cross Blue Shield of Alabama et al*; and Case No. 2:15-cv-01476-RDP, *Hospital Service District 1 of the Parish of East Baton Rouge, Louisiana v. Blue Cross and Blue Shield of Alabama et al*. Therefore, again the court finds itself in the position where the Moving Defendants will be participating in pre-trial proceedings in this court as a part of the MDL regardless of the outcome of the motions to dismiss. If this court were to rule on these pending motions, it would not alter the status quo in the MDL. As the court predicted at the May 27, 2015 status conference and hearing:

> [Y]ou are here -- you are either here in a CTO Ford or direct-filed Cadillac. Right?
>
> You are not going anywhere even if I granted your motion. What it affects is down the road if we have either a trial on the merits, a dispositive motion, and/or some Bellwether experience by agreement. That's when it starts affecting you.
>
> …
>
> [T]here's not going to be any magic bullet that gets these defendants back home … because they are here on a CTO in any event.

(Doc. # 371 at 52, 56).

Anticipating the precise situation the court currently finds itself in, the court previously asked the parties to determine whether they could agree to a stipulation preserving the personal jurisdiction and venue issues for a later date. Although Plaintiffs were willing to construct such a stipulation (*i.e.*, one that would ensure that there would be no waiver of these defenses (Doc. # 240 at 5-7)), Defendants refused to so stipulate because of a perceived "significant risk of waiver

of these defenses." (Doc. # 240 at 1-2). Defendants insisted on filing more motions to dismiss on these grounds. In some respects, the court can understand the concerns Defendants previously had about proceeding with discovery in the MDL when, *at that time*, not all Moving Defendants conceded they were properly a part of the MDL. But that is no longer the case. Moving Defendants' participation in these MDL pretrial proceedings no longer presents an issue of waiver. Each of the Moving Defendants, by filing an Answer (rather than a Motion to Dismiss) in at least one of the cases conditionally transferred to this MDL, has conceded that they are properly participating in the MDL through at least one case. *See* Case Nos. 2:15-cv-01345-RDP, 2:15-cv-01346-RDP, 2:15-cv-01347-RDP, 2:15-cv-01348-RDP, 2:15-cv-01349-RDP, 2:15-cv-01475-RDP, and 2:15-cv-01550-RDP, all styled *Conway et al v Blue Cross Blue Shield of Alabama et al*; and Case No. 2:15-cv-01476-RDP, *Hospital Service District 1 of the Parish of East Baton Rouge, Louisiana v. Blue Cross and Blue Shield of Alabama et al*.

In light of this circumstance, requiring additional briefing from the parties on these issues, and expending time and resources to decide issues which would not advance the MDL, is simply inconsistent with not only Rule 1, but also the purposes of an MDL. The purpose of an MDL is to centralize cases to conduct coordinated pretrial discovery in an efficient and effective manner. Spending considerable time litigating and deciding these pending motions to dismiss would run contrary to this goal, as well as the goal of securing *the just, speedy, and inexpensive* determination of this MDL. *See* Fed.R.Civ.P. 1.

Therefore, the court **ORDERS** as follows: The pending Motions to Dismiss[3] based on personal jurisdiction and venue are **DENIED WITHOUT PREJUDICE.** Moving Defendants'

---

[3] Case No. 13cv20000 Docs. No. 446, 456, 461 and 467; Case No. 2:15-cv-01345-RDP Docs. # 9, 12, 16, 17, 26, and 29; Case No. 2:15-cv-01346-RDP Docs. # 7, 10, 14, 16, 20, 23, and 24; Case No. 2:15-cv-01347-RDP Docs. # 6, 10, 13, 15, 18, and 19; Case No. 2:15-cv-01348-RDP Docs. # 7, 10, 14, 16, and 25; Case No. 2:15-cv-01349-RDP Docs. # 8, 13, and 24; Case No. 2:15-cv-01475-RDP Docs. # 11, 12, 15, 20, 21, and 25; Case No. 2:15-

personal jurisdiction and venue defenses are **DEEMED PRESERVED** to be addressed by this court immediately prior to remand, or by the respective transferor courts after remand.

## II.     Streamlining Issues

On August 19, 2015, the court conducted a status conference in this matter, the purpose of which was to discuss the parties' respective proposals for streamlining this MDL in compliance with Rule 1.  (Doc. # 398).  The court received briefing on these issues, both before and after the status conference.  (Docs. # 378, 379, 383-385, 412-415, 430-434).  The parties' proposals have certainly not been static.  But currently, they can be summarized as follows:

Both the Provider and Subscriber Plaintiffs propose prioritizing discovery regarding their Alabama claims (including injunctive relief) and, if they are successful in certifying a class and survive motion practice, propose to try their Alabama cases first.[4]

Defendants propose completing all discovery, addressing all class certification motions (*i.e.*, in each class market), and litigating all other expert and dispositive motions at the same time.  Defendants seek rulings on all motions contemporaneously, without prioritizing any, before trying any market specific cases which may survive.[5]

Admittedly, it is unclear, at best, whether prioritizing and, if appropriate, trying the Alabama case as a bellwether will be instructive regarding markets where the Blues have a less predominant market share.  However, Defendants have not suggested, nor agreed to prioritize, anything else. Pursuant to *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, a transferee

---

cv-01476-RDP Docs. # 10, 15, 19, 21, 24, and 25; Case No. 2:15-cv-01550-RDP Docs. # 10, 13, 17, 19, 23, 26, and 27.

[4] Defendants criticize Plaintiffs' suggestion of prioritizing the Alabama damages cases and injunction claims because, they argue, those cases or claims would not be instructive on most other markets where Defendants do not enjoy as strong a market presence as they do in Alabama.  However, despite repeated invitations to do so, Defendants have failed to suggest any alternative measure that would make this unwieldy litigation proceed in a more speedy, efficient, and inexpensive manner.

[5] Plaintiffs criticize Defendants' proposal because it lacks any element of streamlining or efficiency.

court cannot try cases transferred to it from another district by the JPML. 523 U.S. 26, 40 (1998). Because Defendants have made no alternative suggestions that would assist in streamlining the MDL, Defendants, themselves, leave the court with no option for streamlining or a potential bellwether *other* than the cases directly filed in this court, *i.e.*, the Alabama cases.

*American Electric Motor Services Inc. v. Blue Cross and Blue Shield of Alabama et al*, Case No. 2:12-cv-02169-RDP, a Subscriber case, and *Conway v. Blue Cross and Blue Shield of Alabama et al*, Case No. 2:12-cv-02532-RDP, a Provider case, are both cases which are a part of this MDL, but which were directly-filed in this court. They are also the earliest-filed cases in the MDL. Therefore, because (1) these cases were directly filed in this court, (2) they are the oldest cases in the MDL, and (3) the court has not been presented with (or itself identified) any other streamlining process, the court will issue an accelerated scheduling order applicable to discovery, class certification motions, *Daubert* motions, and dispositive motions in these two directly-filed cases.

### III.  Streamlining Scheduling Order

1.  **Application**. These deadlines apply to *American Electric Motor Services Inc. v. Blue Cross and Blue Shield of Alabama et al*, Case No. 2:12-cv-02169-RDP, and *Conway v. Blue Cross and Blue Shield of Alabama et al*, Case No. 2:12-cv-02532-RDP.

2.  **Discovery:**

    a.  All fact discovery is to be commenced in time to be completed by **January 13, 2017**.

    b.  **Economics Day:** In **January 2017**, the parties should be prepared to make educational presentations regarding the economic issues in this case to the court. The purpose of this presentation is educational in nature. A court reporter will not be present

and no party may impeach any fact or expert witness based upon statements or submissions made as part of an Economics Day presentation.

    c.    **Reports from retained experts under Fed.R.Civ.P. 26(a)(2)**:

        i.    Due from Plaintiffs by **February 28, 2017**

        ii.    Due from Defendants by **March 28, 2017**

    d.    All expert discovery is to be commenced in time to be completed by **April 28, 2017**.

3.    **Daubert Motions:**  Motions to exclude any expert witness are due on or before **June 1, 2017**.

4.    **Class Certification Motions:** Motions for class certification are due on or before **June 1, 2017**.

5.    **Dispositive Motions:**  All potentially dispositive motions are due on or before **September 7, 2017**.

6.    **Pretrial Conference and Trial:** Should issues in the case remain to be tried the parties shall be ready to conduct a pretrial conference on or after **January 2018**.  A trial date will be set by separate order.

## IV.  Conclusion

This is the plan; there is not an alternative plan.

**DONE** and **ORDERED** this October 30, 2015.

 

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE