# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **In re: Blue Cross Blue Shield Antitrust Litigation (MDL No. 2406)** | **Master File No.  No 2:13-CV-20000-RDP** |

## Objections Of Non-Party Regions Bank
## To Subpoena By Blue Cross Blue Shield Association

Non-Party Regions Bank submits, pursuant to Rule 45(d)(2)(b) of the Federal Rules of Civil Procedure and the Order entered by this Court July 29, 2016, the following response and objections to the subpoena issued by counsel for Blue Cross and Blue Shield Association (Exhibit A).

    1.    The undersigned counsel for Regions Bank have conferred with counsel for Blue Cross and Blue Shield Association and continue to attempt to resolve objections. Regions Bank hopes to be able to resolve differences before the hearing scheduled on Wednesday, August 17, 2016 at 1:00 p.m. The following objections are submitted out of an abundance of caution in the event that differences cannot be resolved before the August 17 hearing. Regions Bank will communicate directly with counsel for Blue Cross and Blue Shield Association regarding the materials it agrees to produce.

**GENERAL OBJECTIONS**

      2.      Regions Bank objects because the form of the subpoena is defective. Specifically, the subpoena is ambiguous because it purports to require a person to give testimony at a deposition, but the subpoena does not designate the matters about which the person is expected to testify. The subpoena instructs the recipient to "see attached," but the only attachment, entitled "Exhibits to Subpoena," appears to be a list of documents that the issuer requests to be produced. Conversely, despite the attachment of a list of documents to be produced, the box on the subpoena requesting the recipient to produce documents is *not* checked. Read literally, the subpoena appears to require a person to testify about documents that are not requested to be produced. Therefore, Regions Bank cannot determine whether the subpoena is a subpoena *ad testificatum*, a subpoena *duces tecum*, or neither or both. Because the Exhibit most closely resembles a request for production, Regions will treat the subpoena as a subpoena *duces tecum* and propound objections to the individual requests, below.

      3.      To the extent that the subpoena purports to require Regions Bank as an organization to designate "one or more officers, directors, managing agents, or . . . other persons who consent to testify on your behalf about the following matters", Regions objects based on the failure of the subpoena to designate the matters upon which the putative witness is to be examined.

4. Regions Bank objects to the instructions purporting to require it to provide documents from January 1, 2010, to the present on the grounds that the research and investigation necessary to locate some of the requested information as far back as 2010 would result in an excessive burden and cost to Regions Bank.

5. Regions Bank objects on the grounds that the document requests are vague and ambiguous insofar as they refer to insurance, insurance products, insurers, insurance plans, and premiums. Regions Bank does not offer employee medical benefits through a fully insured plan. Regions Bank offers medical benefits to its employees through the Regions Financial Corporation Medical Benefit Plan (hereinafter "the Plan"), a self-insured plan, which contracts with Blue Cross and Blue Shield of Alabama as a third party administrator pursuant to an administrative services agreement. Questions relating to medical insurance are inapplicable to Regions Bank.

6. Regions Bank objects to the ambiguity and overbreadth of the subpoena to the extent that it uses "health insurance" or "health benefits" to include dental or vision benefits or flexible spending account benefits. Regions Bank has limited its response to the document request to documents relating to medical benefits.

7. Regions Bank objects to the document request Introduction as vague and ambiguous because it refers to a Qualified Protective Order, that "may

protect[]" the confidentiality of certain documents and information. The Protective Order has not been provided to Regions Bank, and the document request does not specify which documents may be protected or how they may be protected. Regions Bank is therefore unable to determine whether it should object to the production of requested information based on confidentiality or trade secret grounds.

**SPECIFIC OBJECTIONS**

8. Regions Bank objects to document request 1(1) on the grounds that the information requested is available in the Forms 5500 that Regions Bank has filed with the United States Department of Labor. Regions Bank objects to request 1(3) on the grounds that it is vague and ambiguous. To the extent that Regions Bank understands the request, it believes the information can be obtained from the summary plan descriptions. Regions Bank objects to request 1(4) on the grounds that it is vague and ambiguous. To the extent the request seeks costs to the Plan, the information is publicly available in the Form 5500s that Regions Financial Corporation has filed with the United States Department of Labor. To the extent the request seeks additional information about costs, charges and payments of the Plan, Regions Bank believes the information is in the possession of a defendant.

9. Regions Bank objects to request 2 on the grounds that it is vague and ambiguous and apparently inapplicable to Regions Bank because it does not offer health insurance products. To the extent that Regions Bank understands the request

4

to seek information concerning costs to the Plan, the information is publicly available in the Form 5500s that Regions Financial Corporation has filed with the United States Department of Labor. To the extent the request seeks additional information about costs, charges and payments of the Plan, Regions Bank believes the information is in the possession of a defendant.

10.  Regions Bank objects to request 3 on the grounds that research and investigation to locate the requested materials would result in excessive costs and burden to Regions Bank. Regions Bank further objects to the extent the request seeks electronically stored information ("ESI") that is not reasonably accessible due to undue burden and/or cost. Regions Bank further objects to the second sentence of the request on the grounds that is vague and ambiguous; Regions Bank did not choose an insurer or insurance plan to directly offer medical benefits to employees.

11.  Regions Bank objects to request 4 on the grounds that it is vague and ambiguous. Regions Bank does not purchase health insurance products or contract with a health insurer as a provider of insurance benefits for employees; the Plan contracts with Blue Cross and Blue Shield of Alabama as a third party administrator of the Plan. To the extent the request seeks documents regarding employee satisfaction with claims decisions made by Blue Cross and Blue Shield of Alabama, Regions Bank objects on the grounds that the information is protected

5

from disclosure by the privacy provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Regions Bank is not readily aware of any other documents that would be responsive to this request, but objects on the grounds that an exhaustive search and investigation for any references to any employee's satisfaction with Plan benefits would result in excessive cost and burden to Regions Bank. Furthermore, Regions Bank objects to the extent the request seeks electronically stored information ("ESI") that is not reasonably accessible due to undue burden and/or cost.

12. Regions Bank objects to request 5 to the extent the request seeks electronically stored information ("ESI") that is not reasonably accessible due to undue burden and/or cost.

13. Regions Bank objects to request 6 on the grounds that it is vague and ambiguous because it requests information about negotiations with any health insurer. Regions Bank has had no negotiations with any insurer to provide medical insurance benefits. To the extent the request seeks a copy of the Plan's contracts with Blue Cross and Blue Shield of Alabama as third party administrator, Regions Bank believes those documents are within the possession of a defendant.

14. Regions Bank objects to request 7 on the grounds that it is vague, ambiguous and overly broad. Regions Bank operates in a heavily regulated industry, and production of documents regarding the impact of any state or federal

laws or regulations on Regions Bank would be unduly burdensome and expensive, and to the extent such information exists (which Regions Bank neither asserts nor denies), production would in some circumstances be prohibited by federal law. Furthermore, Regions Bank does not understand what is meant by the term "reimbursement rates." To the extent the request seeks information about compliance with the Affordable Care Act, Regions Bank objects on the grounds that the request would require production of confidential employee information.

15. Regions Bank objects to request 8 on the grounds that the only such information of which it is aware might exist within the possession of the Plan would contain protected health information and is covered by the privacy provisions of HIPAA. Regions Bank further objects on the grounds that production of the information might require Regions Bank to violate the terms of contractual agreements and might involve production of trade secrets. Regions Bank further objects on the grounds that the information is available from a defendant.

16. Regions Bank objects to request 9 on the grounds that information regarding its contemplation of an allegation or lawsuit of the kind described in the request would violate the attorney client privilege and would constitute attorney work product. Regions Bank responds that there are no documents related to any allegation or lawsuit brought by Regions Bank or in which Regions Bank was a witness of the kind described in the request.

17. Regions Bank objects to request 10 on the grounds that it is vague and ambiguous; Regions Bank is unaware of the identity of the plaintiffs. To the extent that any of the plaintiffs are customers of Regions Bank, Regions Bank objects to providing confidential, financial information regarding any banking relationship because the information may constitute a trade secret, is maintained confidentially by Regions Bank in the ordinary course of its business, and may be protected from disclosure by applicable law and regulations.

Respectfully submitted this the 10th day of August, 2016.

/s/ James C. Pennington
James C. Pennington (ASB-1287-N62J)
M. Tae Phillips (ASB-6565-W74P)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
420 20th Street North, Suite 1900
Birmingham, AL  35203-3212
Telephone:  (205) 328-1900
Facsimile:  (205) 328-6000
james.pennington@ogletreedeakins.com
tae.phillips@ogletreedeakins.com

*Attorneys for Regions Bank*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2016, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Craig A. Hoover
J. Robert Robertson
E. Desmond Hogan
Justin Bernick
HOGAN LOVELLS US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004

David J. Zott, P.C.
Daniel E. Laytin, P.C.
Sarah J. Donnell
Christa C. Cottrell
Zachary Holmstead
Jessica L. Staiger
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Kimberly R. West
Mark M. Hogewood
WALLACE JORDAN RATLIFF &
BRANDT LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
P.O. Box 530910
Birmingham, AL 35253

Emily M. Yinger
N. Thomas Connally, III
HOGAN LOVELLS US LLP
Park Place II
7930 Jones Branch Drive, Ninth Floor
McLean, VA 22102

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue N, Suite 1500
Birmingham, AL 35203-4642

John Martin
Lucile H. Cohen
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201

Gwendolyn C. Payton
Lane Powell, PC
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402

J. Bentley Owens, III
Wallace Ellis Fowler Head & Justice
P.O. Box 587
Columbiana, AL 35051-0587

Helen E. Witt, P.C.
Jeffrey J. Zeiger, P.C.
Erica B. Zolner
Casey R. Fronk
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654

Brian K. Norman
SHAMOUN & NORMAN, LLP
1775 Wittington Place, Suite 200, LB 25
Dallas, Texas 75234

Rafael Escalera Rodríguez
Carlos M. Hernández Burgos
REICHARD & ESCALERA
P.O. Box 364148
San Juan, PR 00936-4148

R. David Kaufman
M. Patrick McDowell
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 119
Jackson, MS 39201

Andy P. Campbell
Stephen D. Wadsworth
A. Todd Campbell
Yawanna N. McDonald
Campbell, Guin, Williams, Guy & Gidiere, LLC
505 North 20th Street, Suite 1600
Birmingham, AL 35203

James L. Priester
Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203

Pamela B. Slate
Hill Hill Carter Franco Cole & Black, PC
425 S. Perry Street
Montgomery, AL 36104

H. James Koch
ARMBRECHT JACKSON LLP
63 S. Royal Street, Suite 1300
Mobile, AL 36602

Jonathan M. Redgrave
Victoria A. Redgrave
Redgrave, LLP
601 Pennsylvania Avenue, NW
Suite 900 South Building
Washington, DC 20004

Cheri D. Green
Blue Cross Blue Shield of Mississippi
P. O. Box 1043
Jackson, Mississippi 39215-1043

D. Bruce Hoffman
Todd M. Stenerson
Hunton & Williams LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037

Michael A. Naranjo
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520

Charles L. Sweeris
Law Department
BLUE SHIELD OF CALIFORNIA
50 Beale Street
San Francisco, CA 94105

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
Regions Harbert Plaza
1901 6th Avenue North, Suite 3000
Birmingham, AL 35203

D. Keith Andress, Esq.
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
420 North 20th Street
1400 Wells Fargo Tower
Birmingham, AL 35203

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, AL 35203

Jason R. Gourley
Sarah L. Cylkowski
Bodman PLC
201 South Division Street, Suite 400
Ann Arbor, MI 48104

Alan D. Rutenberg
Benjamin R. Dryden
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109

John Briggs
Rachel Adcox
AXINN, VELTROP & HARKRIDER, LLP
950 F Street, N.W.
Washington, DC 20004

Robert K. Spotswood
Michael T. Sansbury
Joshua K. Payne
Mary G. Menge
Morgan B. Franz
SPOTSWOOD SANSOM & SANSBURY LLC
One Federal Place
1819 Fifth Avenue North, Suite 1050
Birmingham, Alabama 35203

Edward S. Bloomberg, Esq.
Phillips Lytle LLP
3400 HSBC Center
Buffalo, New York 14203

Kathleen Taylor Sooy
Tracy A. Roman
April N. Ross
Michael W. Lieberman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

/s/ James C. Pennington
Of Counsel

25784923.1

Kathleen Taylor Sooy
Tracy A. Roman
April N. Ross
Michael W. Lieberman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

/s/ James C. Pennington
Of Counsel

25784923.1