FILED
EXHIBIT 19
2016 Sep-13 PM 19:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

> Code of Alabama
>   Title 10a. Alabama Business and Nonprofit Entities Code. (Refs & Annos)
>     Chapter 20. Special Purpose Entities.
>       Article 6. Health Care Services Plans. (Refs & Annos)

Ala.Code 1975 § 10A-20-6.01

§ 10A-20-6.01. Applicability of article.

Currentness

Any nonstock nonprofit corporations organized for the purpose of establishing, maintaining, and operating a health care service plan under which health services are furnished to the public who become subscribers to the plan pursuant to contracts are authorized and shall be governed by the provisions of this article.

**Credits**
(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, § 304; Acts 1945, No. 50, p. 52, § 1; Acts 1973, No. 1041, p. 1631, § 1; § 10-4-100; amended and renumbered by Act 2009-513, p. 967, § 334.)

**Editors' Notes**

### COMMENT

This section was derived from prior Section 10-4-100 without change. This is the Article under which entities such as Blue Cross/Blue Shield may be organized. See *Blue Cross and Blue Shield of Alabama v. Protective Life Ins. Co.*, 527 So.2d 125 (Ala.App.1987).

Notes of Decisions (4)

Ala. Code 1975 § 10A-20-6.01, AL ST § 10A-20-6.01
Current through Act 2016-421 of the 2016 Regular Session.

**End of Document**   © 2016 Thomson Reuters. No claim to original U.S. Government Works.



**Section 10A-20-6.01**

**Applicability of article.**

Any nonstock nonprofit corporations organized for the purpose of establishing, maintaining, and operating a health care service plan under which health services are furnished to the public who become subscribers to the plan pursuant to contracts are authorized and shall be governed by the provisions of this article.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §304; Acts 1945, No. 50, p. 52, §1; Acts 1973, No. 1041, p. 1631, §1; §10-4-100; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.02

**Incorporation.**

(a) The incorporators of any corporation to be governed by this article shall prepare and file in the office of the judge of probate of the county in which the corporation is to have its principal place of business a certificate of formation stating an intention to become a corporation, which certificate of formation shall be signed by each of the incorporators and shall set forth:

(1) The name of the proposed corporation;

(2) The objects and purposes for which the corporation is organized;

(3) The location of the principal office of the corporation in this state; and

(4) The name and post office address of each incorporator, not less than three in number.

(b) The certificate of formation may also contain any other provisions, not inconsistent with the provisions of this article, which the incorporators may desire to insert for the regulation of the business or affairs of the corporation or which would be permitted nonprofit corporations by the Alabama Nonprofit Corporation Law. The filing of the certificate of formation shall be accompanied with payment of the filing fee payable to and for the benefit of the judge of probate provided for filing certificates of formation under Section 10A-1-4.31. The filing in the probate office of the certificate of formation effects the creation of a corporation for the purpose of establishing, maintaining, and operating a health care service plan as provided for in this article.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §305; Acts 1973, No. 1041, p. 1631, §1; §10-4-101; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.03

**Health care facilities which may participate.**

Any health care facility capable of entering into a binding contract may participate as a member of the corporation if the health care facility:

(1) Is approved by the appropriate state licensing agency having regulatory control over the facility; and

(2) Is accepted as a member by majority vote of the corporation's board of directors.

The corporation and all health care facilities approved and accepted for membership shall enter into contracts which shall govern their respective rights and obligations and which shall be adopted and may be altered, amended, or repealed by majority vote of the board of directors of the corporation. The board of directors of the corporation may terminate the membership and the contract of any health care facility for any cause deemed proper by it at any time by a majority vote. Such member may be reinstated by a majority vote of the board of directors.

*(Acts 1935, No. 544, p. 1157; Acts 1939, No. 491, p. 710; Code 1940, T. 28, §307; Acts 1973, No. 1041, p. 1613, §1; §10-4-102; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.04

**Board of directors.**

The property and business of the corporation shall be managed by a board of directors with the powers and authority necessary or incidental to the purposes of the corporation. The board shall be composed of not less than 15 nor more than 27 directors. Public directors, who shall reflect the social, economic, and geographic characteristics of the population served by the corporation, shall constitute at least a majority of the board. Providers of health care and their representatives may also serve on the board, but in no event may constitute a majority thereof. Persons who derive income from the delivery or administration of health care or services shall not be eligible to serve as public directors. The bylaws of the corporation shall contain a provision requiring the board:

(1) To establish a procedure for the disclosure of and the determination of whether a person is a provider or a representative of a provider of health care and possible conflict of interest situations with respect to directors; and

(2) To establish and select an advisory committee consisting of not more than seven persons, not members of the board, who are knowledgeable in providing health services and whose functions shall be to consult with and advise the board of directors.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §306; Acts 1945, No. 50, p. 52, §2; Acts 1951, No. 946, p. 1615; Acts 1973, No. 1041, p. 1631, §1; §10-4-103; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.06

**Altering, amending, or changing certificate of formation**

The corporation may change its corporate name, the location of its principal place of business, or make other alteration, amendment, or change in its certificate of formation, as may be desired in the following manner:

(1) Its board of directors by a majority vote thereof, either in person or by proxy, at any regular meeting of the board, or at any special meeting called for the purpose, shall adopt a resolution or resolutions setting forth the respect or respects in which the certificate of formation of the corporation shall be altered, amended, or changed;

(2) The report thereof, certified by the president or the secretary of the corporation under corporate seal, if any, shall be filed and recorded in the office of the judge of probate of the county in which the corporation was organized; and

(3) Upon the filing of same, its certificate of formation shall be deemed to be altered, amended, or changed; provided, that the certificate of alteration, amendment, or change shall contain only the provisions as would be lawful and proper to insert in an original certificate of formation made at the time of making the amendment.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §306; Acts 1945, No. 50, p. 52, §2; Acts 1951, No. 946, p. 1615; Acts 1973, No. 1041, p. 1631, §1; §10-4-105; amended and renumbered by Act 2009-513, p. 967, §334.)*

<u>Section 10A-20-6.05</u>

**Bylaws.**

The power to adopt, alter, amend, or repeal bylaws shall be vested in the board of directors. The bylaws may contain any provisions for the regulation and management of the affairs of the corporation, including provisions for the number and selection of the board of directors, not inconsistent with this article.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §306; Acts 1945, No. 50, p. 52, §2; Acts 1951, No. 946, p. 1615; Acts 1973, No. 1041, p. 1631, §1; §10-4-104; amended and renumbered by Act 2009-513, p. 967, §334.)*

Case 2:13-cv-20000-RDP   Document 775-19   Filed 09/23/16   Page 8 of 17

Section 10A-20-6.07

**Certificates of authority; contracts with public.**

Every corporation organized under this article shall procure from the Commissioner of Insurance a certificate of authority to do business, for which the corporation shall pay the sum of two hundred dollars ($200), and the certificates of authority shall be renewed thereafter on or before the first day of March of each year. The corporation may then enter into contracts with the public, subject to the restrictions contained in this article, for benefits under its health service plan. It shall be the duty of the corporation to enter into contracts with and issue certificates to those of the public who may desire to avail themselves of the benefits of the health service plan and who, under its rules and regulations, make application and are eligible therefor. The contracts may provide for more than one class of services or benefits, may designate the person or persons, or the class of persons, entitled thereto, may designate the health care facilities and providers which render the services provided for, and may specify the charge or dues required to be paid for the services or benefits. No corporation shall issue or sell any contract until the form of the same has been filed with the Commissioner of Insurance.

*(Acts 1935, No. 544, p. 1157; Acts 1936, Ex. Sess., No. 169, p. 199; Code 1940, T. 28, §308; Acts 1945, No. 50, p. 52, §3; Acts 1973, No. 1041, p. 1631, §1; §10-4-106; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.08

**License, privilege, or other taxes by municipalities or counties prohibited.**

No license, privilege, or other tax shall be charged any corporation organized under this article by or on behalf of any city or municipality of this state, and no license, privilege, or other tax in excess of the amount paid to the state under this article shall be charged any corporation by or on behalf of any county of this state.

*(Acts 1935, No. 544, p. 1157; Acts 1939, No. 491, p. 710; Code 1940, T. 28, §314; §10-4-107; amended and renumbered by Act 2009-513, p. 967, §334.)*

<u>Section 10A-20-6.09</u>

**Selection of health care facility by certificate holders.**

Any holder in good standing of a certificate for a health service may select any health care facility which may be designated by a corporation to render the necessary health service thereunder.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §309; Acts 1973, No. 1041, p. 1631, §1; §10-4-108; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.10

**Regulation of rates, charges, fees, and dues.**

The rates, charges, fees, and dues to be paid by the public for benefits under a health service plan and for contracts or certificates covering same shall not be unreasonably high or excessive, shall be adequate to meet the liability assumed under the contracts and all expenses in connection therewith, shall be adequate for the safeness and soundness of the corporation, and shall take into account past and prospective loss experience. A health care service corporation shall file with the Commissioner of Insurance any change in its rates, charges, fees, and dues, and, as soon as reasonably possible after the filing has been made the commissioner shall, in writing, approve or disapprove the same, provided that, unless disapproved within 30 days after filing, the changed rates, charges, fees, or dues shall be deemed to be approved. The commissioner shall approve the rates, charges, fees, and dues which are consistent with and shall disapprove the rates, charges, fees, and dues which are not consistent with the standards and factors set forth in the first sentence of this section; provided, that notwithstanding the foregoing, when a filing of changes in rates, charges, fees, and dues for existing classifications of risks does not involve a change in the relationship between the rates and the expense portion thereof or does not involve a change of the element of expenses which are paid as a percentage of premiums and does not involve a change in rate relativities among the classifications on any basis other than loss experience, the changed rates in the filing shall become effective upon the date or dates specified in the filing and shall be deemed to meet the requirements of this section.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §311; Acts 1945, No. 50, p. 52, §4; Acts 1973, No. 1041, p. 1631, §1; §10-4-109; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.11

**Examination power of Commissioner of Insurance.**

The Commissioner of Insurance or any of his or her designated deputies or examiners shall have the power of visitation and examination into the affairs of the corporation, shall have free access to all books, papers, and documents that relate to the business of the corporation, and may summon and qualify witnesses under oath and examine them in relation to the affairs, transactions, and conditions of the corporation and make public disclosure of his or her findings. The examination shall be made at the expense of the corporation.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §311; Acts 1945, No. 50, p. 52, §4; Acts 1973, No. 1041, p. 1631, §1; §10-4-110; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.12

**Certificates for agents; filing of health service certificates.**

Persons representing a health care service corporation organized under this chapter in writing or soliciting health care certificates for the corporation, and the health care service corporation with respect thereto, shall be subject to Chapters 7 and 8A of Title 27.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §310; Acts 1973, No. 1041, p. 1631, §1; Act 2001-702, p. 1509, §15; §10-4-111; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.13

**Deposit of securities with State Treasurer.**

Every health care service corporation shall deposit with, and thereafter maintain on deposit with, the Treasurer of the State of Alabama bonds of the United States government or of the State of Alabama, or of any subdivision thereof, or first mortgages on real estate situated in Alabama securing an indebtedness not in excess of 50 percent of the appraised value thereof, subject to the approval of the Commissioner of Insurance, in an amount to be determined as of the first day of January of each year as follows:

(1) Every company whose gross annual premium receipts from business done within this state for the preceding year ending December 31 are less than fifty thousand dollars ($50,000) shall so deposit and maintain securities of par and market value not less than five thousand dollars ($5,000);

(2) Every company whose gross annual premium receipts so computed are in excess of fifty thousand dollars ($50,000) and less than one hundred fifty thousand dollars ($150,000) shall so deposit and maintain the securities of par and market value not less than ten thousand dollars ($10,000);

(3) Every company whose such gross annual premium receipts so computed are in excess of one hundred fifty thousand dollars ($150,000) and less than two hundred fifty thousand dollars ($250,000) shall so deposit and maintain the securities of par and market value not less than fifteen thousand dollars ($15,000); and

(4) Every such company whose such gross annual premium receipts so computed shall exceed the sum of two hundred fifty thousand dollars ($250,000) shall so deposit and maintain the securities of a par and market value of not less than twenty thousand dollars ($20,000); provided, that before any company shall be licensed to, or shall, engage in any business in this state, it shall so make an initial deposit of the securities of a par and market value not less than three thousand dollars ($3,000).

The securities so deposited may from time to time with the approval of the Commissioner of Insurance and the Treasurer be replaced by other authorized securities of equal value. The deposit so maintained shall constitute a trust fund primarily for the security of persons holding certificates or policies of the company.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §312; §10-4-112; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.14

**Filing of annual statements.**

(a) On or before the first day of March of each year, every company transacting business under this article in this state shall file with the Commissioner of Insurance a statement showing the amount of gross dues received by it for business done in this state during the preceding calendar year ending December 31 and the number of contracts or certificates outstanding.

(b) The corporation shall, annually, on or before the first day of March, file in the Office of the Commissioner of Insurance a statement, verified by at least two of the principal officers of the corporation, showing its condition on December 31 next preceding, which shall be in the form, and shall contain the matters, as the Commissioner of Insurance shall prescribe. Every corporation shall set up as the liability for unperformed contracts or unearned dues on all outstanding certificates 95 percent of the unearned net dues or charges collected on the contracts computed on a monthly basis, by net dues is meant the amount received by the corporation less acquisition costs. Every corporation shall at all times hold assets equal to the aggregate amount so computed over and above all other liabilities, but the Commissioner of Insurance shall allow to the credit of every company in the account of its financial condition all assets as are, or can be made, available for the payment of claims or losses in Alabama.

*(Acts 1935, No. 544, p. 1157; Acts 1939, No. 491, p. 710; Code 1940, T. 28, §§314, 315; §10-4-113; amended and renumbered by Act 2009-513, p. 967, §334.)*

**Section 10A-20-6.15**

**Review of decisions, etc., by Commissioner of Insurance.**

All decisions, findings, and orders of the Commissioner of Insurance made under this article shall be subject to review, revision, and reversal by proper proceedings brought in any court of competent jurisdiction within 30 days from the date of the decision, finding, or order; and the decision of the court may be reviewed by appeal.

*(Acts 1935, No. 544, p. 1157; Code 1940, T. 28, §313; Acts 1973, No. 1041, p. 1631, §1; §10-4-114; amended and renumbered by Act 2009-513, p. 967, §334.)*

Section 10A-20-6.16

**Applicability of insurance laws.**

(a) No statute of this state applying to insurance companies shall be applicable to any corporation organized under this article and amendments thereto or to any contract made by the corporation; except the corporation shall be subject to the following:

(1) The provisions regarding annual premium tax to be paid by insurers on insurance premiums.

(2) Chapter 55 of Title 27, regarding the prohibition of unfair discriminatory acts by insurers on the basis of an applicant's or insured's abuse status.

(3) The Medicare Supplement Minimum Standards set forth in Article 2 of Chapter 19 of Title 27, and Long-Term Care Insurance Policy Minimum Standards set forth in Article 3 of Chapter 19 of Title 27.

(4) Section 27-1-17, requiring insurers and health plans to pay health care providers in a timely manner.

(5) Chapter 56 of Title 27, regarding the Access to Eye Care Act.

(6) Rules promulgated by the Commissioner of Insurance pursuant to Sections 27-7-43 and 27-7-44.

(7) Chapter 54 of Title 27.

(8) Chapter 57 of Title 27, requiring coverage to be offered for the payment of colorectal cancer examinations for covered persons who are 50 years of age or older, or for covered persons who are less than 50 years of age and at high risk for colorectal cancer according to current American Cancer Society colorectal cancer screening guidelines.

(9) Chapter 58 of Title 27, requiring that policies and contracts including coverage for prostate cancer early detection be offered, together with identification of associated costs.

(10) Chapter 59 of Title 27, requiring that policies and contracts including coverage for chiropractic be offered, together with identification of associated costs.

(11) Chapter 54A of Title 27, requiring that policies and contracts to offer coverage for certain treatment for Autism Spectrum Disorder under certain conditions.

(12) Chapter 12A of Title 27.

(13) Chapter 2B of Title 27.

(14) Chapter 29 of Title 27.

(b) The provisions in subsection (a) that require specific types of coverage to be offered or provided shall not apply when the corporation is administering a self-funded benefit plan or similar plan, fund, or program that it does not insure.

*(Acts 1939, No. 491, p. 710; Code 1940, T. 28, §316; Acts 1969, Ex. Sess., No. 27, p. 73; Acts 1993, No. 93-679, p. 1291, §8; Act 2000-595, p. 1185, §9; Act 2000-795, p. 1876, §6; Act 2001-445, p. 573, §1; Act 2001-477, p. 640, §10; Act 2001-*