IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>BLUE CROSS BLUE SHIELD<br>ANTITRUST LITIGATION<br>(MDL NO. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This document relates to:<br><br>*Conway, et al. v. Blue Cross Blue Shield of Alabama, et al.*, 2:12-cv-02532<br><br>*American Electric Motor Services, Inc., et al. v. Blue Cross Blue Shield of Alabama, et al.*, 2:12-cv-02169<br><br>*Pettus Plumbing & Piping, Inc. v. Blue Cross Blue Shield of Alabama, et al.*, 3:16-cv-00297<br><br>*Pearce, Bevill, Leesburg, Moore, P.C. v. Blue Cross Blue Shield of Alabama, et al.*, 2:16-cv-00464 |

## **PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER**

Because of their meritless motions to dismiss, the Moving Defendants have not answered the complaints filed in the accelerated actions in the Northern District of Alabama, unlike all the other Defendants.[1] The Provider Plaintiffs and Subscriber Plaintiffs recently filed consolidated complaints in this District, *Conway* Dkt. 418, Master File Dkt. 897, and on January 12, 2017, this Court set out two schedules for responding to the complaints, one for the Moving Defendants and one for all other Defendants, Master File Dkt. 944. Under the Court's Order, the Moving

---

[1] The Moving Defendants are those who have moved to dismiss for lack of personal jurisdiction and improper venue: Blue Cross Blue Shield of Arizona (BCBS-AZ), Blue Cross and Blue Shield of Kansas, Inc. (BCBS-KS), Blue Cross Blue Shield of North Dakota (BCBS-ND), Blue Cross Blue Shield of Wyoming (BCBS-WY), HealthNow New York Inc. (HealthNow); Blue Cross Blue Shield of Mississippi (BCBS-MS), Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield, Capital Blue Cross, and Triple-S Salud, Inc. The accelerated actions are in *Conway, et al. v. Blue Cross and Blue Shield of Ala., et al.*, No. 2:12-cv-02532-RDP; *American Electric Motor Services, Inc. v. Blue Cross Blue Shield of Alabama*, No. 2:12-cv-02169; *Pettus Plumbing & Piping, Inc. v. Blue Cross Blue Shield of Alabama*, No. 3:16-cv-00297; and *Pearce, Bevill, Leesburg, Moore, P.C. v. Blue Cross Blue Shield of Alabama, et al.*, No. 2:16-cv-00464.

Defendants are not obligated to respond "until thirty days after the earlier of (1) the denial of their request for certification or petition for permission to appeal, or (2) the Eleventh Circuit's decision on the interlocutory appeal." *Id*. at 1. The other Defendants must respond within twenty-one days of the entry of a revised scheduling order, unless the Court allows a future amended complaint. *Id*. Because this schedule could create problems in the litigation of the accelerated actions, the Plaintiffs respectfully request that the Court amend its scheduling order to require the Moving Defendants to answer the consolidated complaints.[2]

When the Moving Defendants moved the court to amend its December 21, 2016 Memorandum Opinion denying their motions to dismiss (Master File Dkt. 925) to allow them to seek interlocutory appeal under 28 U.S.C. § 1292(b), they also asked the Court to "stay their responsive pleadings until thirty days after the Eleventh Circuit's decision on appeal or the denial of their request for certification or petition for permission to appeal." *Conway* Dkt. 424-1 at 11. Although the Court has not yet granted the requested interlocutory relief, it did stay the Moving Defendants' deadline on responsive pleadings. Master File Dkt. 944 at 1. The Moving Defendants did not request that any other deadlines be stayed, nor has the Court stayed any other deadlines. Even if the Court decides to certify its order denying the motions to dismiss, Section 1292(b) provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

---

[2] Before filing this motion, counsel for the Plaintiffs asked counsel for the Moving Defendants for their position on the relief requested. Counsel for Capital stated that "Capital BlueCross does not oppose an amendment to the January 12, 2017 Order (doc. 944) to set a deadline for Capital to respond to the November Complaints that is the later of (1) the deadline currently contained in that order for Moving Defendants or (2) the deadline currently contained in that order for the other Defendants." Counsel for Triple-S gave a substantially identical response. Counsel for Excellus and BCBS-MS gave substantially identical responses and added that they oppose the relief requested. Counsel for BCBS-AZ, BCBS-KS, BCBS-ND, BCBS-WY, and HealthNow stated that those Defendants "oppose the motion in order to preserve their personal jurisdiction and venue defenses and avoid waiver."

The Plaintiffs would like to point out that the position of Capital, Triple-S, Excellus, and BCBS-MS is not a compromise. Those Defendants have essentially offered the current deadline, plus a new option to extend that deadline even further, depending on the timing of the other Defendants' responses.

Thus, the Moving Defendants are still subject to the Court's jurisdiction in the accelerated actions. They are participating in discovery in those actions, and they will have to respond to motions for class certification and summary judgment. But under the current schedule, it is possible (if the Court grants the motion to certify) or virtually certain (if the Eleventh Circuit agrees to hear an interlocutory appeal) that the Plaintiffs would have to file these motions before the Moving Defendants ever respond to the complaints. Requiring the Plaintiffs to build their case against the Moving Defendants without the benefit of an answer is not only improper procedurally, but also prejudicial. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1348 (3d ed. 2016) ("The purpose of the responsive pleading is to formulate the issues that ultimately will be tried.").

Requiring the Moving Defendants to answer the complaints in the accelerated actions is a minimal burden. The Moving Defendants have already answered the complaints filed in the tag-along actions in their home districts, and answering the complaints here will not create any additional burdens later in the litigation. In fact, it could streamline the case because the Plaintiffs will not have to use discovery to learn the Moving Defendants' positions on the Plaintiffs' allegations. Requiring the Moving Defendants to answer the complaints in the accelerated actions is fair and efficient.

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Moving Defendants be required to answer the complaints in the accelerated actions within twenty-one days of entry of an order granting this motion.

Dated: January 23, 2017                        Respectfully submitted,

*/s/ Joe R. Whatley, Jr.*
Joe R. Whatley, Jr.
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel:  (205) 488-1200
Fax:  (800) 922-4851
Email: jwhatley@whatleykallas.com

Edith M. Kallas
WHATLEY KALLAS, LLP
1180 Avenue of the Americas, 20th Floor
New York, NY 10036
Tel:  (212) 447-7060
Fax:  (800) 922-4851
Email: ekallas@whatleykallas.com

*Co-Lead Counsel for Provider Plaintiffs*

Barry A. Ragsdale
SIROTE & PERMUTT PC
2311 Highland Avenue South
Birmingham, AL 35205
Tel: (205) 930-5114
Fax: (205) 212-2932
bragsdale@sirote.com

*Plaintiffs' Liaison Counsel*

David Boies
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8200
Email: dboies@bsfllp.com

Michael Hausfeld
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

4

Email: mhausfeld@hausfeldllp.com

*Co-Lead Counsel for Subscriber Plaintiffs*

David Guin – ***Chair, Written Submissions Committee***
Tammy Stokes – ***Damages Committee***
GUIN, STOKES & EVANS, LLC
The Financial Center
505 20th Street North, Suite 1000
Birmingham, AL 35203
Tel: (205) 226-2282
Fax: (205) 226-2357
Email: davidg@gseattorneys.com
          tammys@gseattorneys.com

*Counsel for Subscriber Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this 23rd day of January 2017, electronically filed the foregoing Motion to Amend Scheduling Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Joe R. Whatley, Jr.*
Joe R. Whatley, Jr.
