FILED

2017 Feb-14  PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | ) ) ) ) ) ) | Master File No. 2:13-CV-20000-RDP  This document relates to both tracks. |

## MEMORANDUM OPINION

This case is before the court on the Motions of Certain Defendants for Certification under 28 U.S.C. § 1292(B).  (Doc. # 244, Case No. 2:12-cv-02169-RDP; Doc. # 424, Case No. 2:12-cv-02532-RDP; Doc. # 109, Case No. 3:16-cv-00297-RDP; Doc. # 85, Case No. 2:16-cv-00464-RDP).  Moving Defendants[1] seek certification of the court's December 22, 2016 Orders[2] in the four Alabama actions of this multi-district litigation.  Those orders denied Moving Defendants' motions to dismiss on personal jurisdiction and venue grounds.  The certification motions are fully briefed.  (*E.g.*, Docs. # 250, 251, Case No. 2:12-cv-02169-RDP).  Moving Defendants have submitted a particularly well-written brief on why these orders present appropriate issues for certification.  But Plaintiffs have responded with a decidedly strong reason for why certification is improper.  After careful review, and for the following reasons, the court concludes the motions are due to be denied.

---

[1]   Moving Defendants include the following Blue Cross and Blue Shield plans who have filed the certification motion or joined in it: (1) Blue Cross Blue Shield of Arizona, (2) Blue Cross and Blue Shield of Kansas, Inc., (3) Noridian Mutual Insurance Company d/b/a Blue Cross Blue Shield of North Dakota, (4) Blue Cross Blue Shield of Wyoming, (5) HealthNow New York, Inc., d/b/a BlueCross BlueShield of Western New York and BlueShield of Northeastern New York, (6) Triple-S Salud, Inc., (7) Blue Cross Blue Shield of Mississippi, (8) Excellus Blue Cross Blue Shield, and (9) Capital Blue Cross.  (*See* Docs. # 244, 245, 247, 248, 249, Case No. 2:12-cv-02169-RDP).  The vast majority of Blue Defendants before the court have not contested venue and personal jurisdiction.

[2]   (Doc. # 243, Case No. 2:12-cv-02169-RDP; Doc. # 423, Case No. 2:12-cv-02532-RDP; Doc. # 108, Case No. 3:16-cv-00297-RDP; Doc. # 84, Case No. 2:16-cv-00464-RDP).

**I.**     **Background and Procedural History**

In June 2016, following jurisdictional discovery, Moving Defendants filed their latest round of motions to dismiss based on personal jurisdiction and venue defenses in the four Alabama actions. (*See, e.g.*, Docs. # 208-213, Case No. 2:12-cv-02169-RDP).  The court held oral argument concerning these motions on November 29, 2016.  On December 22, 2016, the court denied Moving Defendants' motions to dismiss.  (Doc. # 243, Case No. 2:12-cv-02169-RDP; Doc. # 423, Case No. 2:12-cv-02532-RDP; Doc. # 108, Case No. 3:16-cv-00297-RDP; Doc. # 84, Case No. 2:16-cv-00464-RDP).  The court concluded that three grounds exist for exercising personal jurisdiction over Moving Defendants: (1) Section 12 of the Clayton Act, (2) Alabama's conspiracy theory of personal jurisdiction, and (3) Moving Defendants' purposeful availment within this forum. (*See* Doc. # 925 at 24-59, Case No. 2:13-cv-20000-RDP).

Moving Defendants now seek to certify the following three issues to the United States Court of Appeals for the Eleventh Circuit:

1.     Whether in judging the transaction of business standard under Section 12 of the Clayton Act from the point of view of the average business man, the Court should consider the percentage of business transacted in the district.

2.     Whether to establish personal jurisdiction under a conspiracy theory plaintiffs must satisfy the constitutional requirements of due process, including the minimum contacts requirements of purposeful availment and a substantial causal relationship between the alleged contacts and plaintiffs' cause of action.

3.     Whether participation in the BlueCard Program establishes that Moving Defendants have minimum contacts with Alabama as required by the Due Process Clause of the Fourteenth Amendment.

(Doc. # 244 at 2, Case No. 2:12-cv-02169-RDP).

## II.      Standard of Review

Section 1292(b) allows for discretionary appellate review of a district court's interlocutory order upon certification by the district court "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  A certified interlocutory appeal is a "rare exception" to the rule that appellate review is to be conducted after final judgment.  *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004); *see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that Section 1292(b) "sets a high threshold for certification to prevent piecemeal appeals" and that "[m]ost interlocutory orders do not meet this test").

To obtain certification of an interlocutory order under Section 1292(b), a party must demonstrate that (1) the order presents controlling questions of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issues would materially advance the ultimate termination of the litigation.  *See McFarlin*, 381 F.3d at 1257-59 (describing the three requirements for certifying an issue for interlocutory review).  Moving Defendants shoulder the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (citation and internal quotation marks omitted); *McFarlin*, 381 F.3d at 1256 (internal quotations omitted) (holding that certification is proper "only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . and there is serious doubt as to how [a dispositive question] should be decided").

Therefore, certification is by a wide margin the exception, not the rule.  "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."  *McFarlin*, 381 F.3d at 1259.  "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule."  *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996) (internal quotation marks omitted).

## III.     Analysis

Here, the parties disagree on whether Moving Defendants have met any of the three requirements for certification of their proposed issues.  But the court need only discuss the second and third requirements to explain why certification of the orders at issue is inappropriate.

### A.     Moving Defendants Have Not Presented a Clayton Act Issue Over Which There is a Substantial Ground for Difference of Opinion

Plaintiffs argue that Moving Defendants cannot show a substantial ground of disagreement concerning their first and second proposed issues because both issues are controlled by binding precedent. (*See* Doc. # 250 at 2-5, Case No. 2:12-cv-02169-RDP).  With regard to the first proposed certification issue, the court agrees.

A legal issue can be certified under Section 1292(b) if there is a substantial dispute about the correctness of a legal principle applied by the district court.  *McFarlin*, 381 F.3d at 1259. The Eleventh Circuit has declined to review legal issues pursuant to Section 1292(b) where it completely and unequivocally agreed with the district court.  *Id.* at 1258.  *See also Burrell v. Bd. of Trustees of Ga. Military Coll.*, 970 F.2d 785, 788-89 (11th Cir. 1992) (declining to review a certified legal issue on appeal because the Eleventh Circuit fully agreed with the district court). The Sixth Circuit has held that a legal issue cannot be certified for interlocutory review if it is governed by binding precedent.  *See In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)

4

("Where our circuit has answered the question, the district court is bound by our published authority. And so are we."). Obviously, the *Miedzianowski* decision is not binding here, and it does not appear that the Eleventh Circuit has had an occasion to address the issue decided in *Miedzianowski*. But the court finds that *Miedzianowski* is highly persuasive.[3]

The first issue on which Moving Defendants seek certification essentially asks whether *Green v. United States Chewing Gum Manufacturing Co.*, 224 F.2d 369 (5th Cir. 1955), should be overruled. The court cannot certify Moving Defendants' first proposed issue because (1) it is governed by binding precedent from the former Fifth Circuit, and, (2) therefore, the court cannot say there is a substantial ground for disagreement among the courts. (*See* Doc. # 925 at 27-29, Case No. 2:13-cv-20000-RDP). The former Fifth Circuit held in *Green* that a court cannot consider the percentage of a defendant's total revenue that the defendant obtained from business in a particular district when reviewing whether that defendant has transacted substantial business in that district. 224 F.2d at 371-72. This holding was reaffirmed by the former Fifth Circuit in *Black v. Acme Markets, Inc.*, 564 F.2d 681, 687 (5th Cir. 1977). And, as noted in the Memorandum Opinion, the Eleventh Circuit has not addressed the "transacting business" test in any detail. (Doc. # 925 at 27 n. 25, Case No. 2:13-cv-20000-RDP). *Green* remains the rule of law in this circuit. The Moving Defendants may believe there is a more "persuasive" rule in another circuit. However, when there is a split among the courts on an issue, this court hardly needs a reminder that it (and any Eleventh Circuit panel) is bound to follow the controlling precedent of this circuit, not a different rule adopted by a different court. *Springer v. Wal-Mart Assocs. Grp. Health Plan*, 908 F.2d 897, 900 & n. 1 (11th Cir. 1990). This is especially true given the strength of the prior panel precedent rule in the Eleventh Circuit. *See Smith v. GTE*

---

[3]  If Sixth Circuit law applied here, Moving Defendants would be unable to obtain certification of the first proposed issue because binding precedent has decided the issue. *Miedzianowski*, 735 F.3d at 384. The court is confident that the Eleventh Circuit would agree with and adopt the rule in *Miedzianowski*.

*Corp.*, 236 F.3d 1292, 1303 (11th Cir. 2001) (explaining that the prior panel precedent rule binds a panel to a prior decision's holding even if the panel is convinced that the prior precedent is incorrect).[4]

The standard for certifying an interlocutory appeal is justifiably high.   Moving Defendants face an especially high burden because they seek to certify three questions, which in turn address three independent grounds for the court's exercise of in personam jurisdiction over them.  And, one of the questions is squarely governed by *Green*, a binding decision of the former Fifth Circuit.  Regardless of how the other two issues may be answered, *Green*'s binding effect renders any interlocutory appeal improper because that decision makes clear that Moving Defendants have conducted substantial business in Alabama, and, therefore, in personam jurisdiction over all Moving Defendants may be maintained under Section 12 of the Clayton Act.

Moving Defendants assert that the Eleventh Circuit could distinguish the present cases from *Green* and *Black*.  (Doc. # 251 at 5-6, Case No. 2:12-cv-02169-RDP).  This argument is unavailing for two reasons.  First, Moving Defendants have asked the court to certify particular legal issues for interlocutory review, but (again) their first proposed legal issue has been squarely addressed by binding precedent.  Second, to the extent Moving Defendants intend to request interlocutory review of the court's conclusion that they all have transacted substantial business in this district, that issue is inappropriate for interlocutory review under Section 1292(b) because it is too fact-specific.  *Cf. McFarlin*, 381 F.3d at 1259 ("The legal question [proposed for certification] must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case . . . .").  Regardless of whether Moving Defendants' first proposed issue presents substantial grounds for disagreement in the abstract, it

---

[4]   Although Moving Defendants correctly state that the Eleventh Circuit would be able to overturn the binding precedent established in *Green*, (*see* Doc. # 251 at 4, Case No. 2:12-cv-02169-RDP), the Eleventh Circuit has not indicated a willingness to certify an interlocutory appeal for *en banc* consideration of a settled issue of law.

is not subject to dispute before this court or a three-judge panel of the Eleventh Circuit. *Green* could only be overruled by the court of appeals sitting *en banc*.[5]

### B. An Interlocutory Appeal Will Not Materially Advance the Termination of This Litigation

Moving Defendants argue that an immediate appeal would materially advance the termination of this litigation because the appeal would guide them to litigate in the court with appropriate jurisdiction and could reduce the amount of litigation left for the Moving Defendants. (Doc. # 244, Memorandum of Certain Defendants, at 10, Case No. 2:12-cv-02169-RDP). The court finds this argument misses the mark.

The appeal proposed by Moving Defendants does not meet the third *McFarlin* factor. Because the court has found three independent grounds for personal jurisdiction over Moving Defendants, they must present a basis for successfully contesting each ground of jurisdiction in order to prevail on their proposed interlocutory appeal. As already noted, however, they have failed to present a contestable basis for challenging personal jurisdiction (and venue) under Section 12 of the Clayton Act. Accordingly, the court finds that certification of the orders denying Moving Defendants' motions to dismiss will not materially advance the termination of this litigation.

## IV. Conclusion

For the reasons stated above, Moving Defendants' motions for certification (Doc. # 244, Case No. 2:12-cv-02169-RDP; Doc. # 424, Case No. 2:12-cv-02532-RDP; Doc. # 109, Case No. 3:16-cv-00297-RDP; Doc. # 85, Case No. 2:16-cv-00464-RDP) are due to be denied. The court will issue separate orders in the four active Alabama cases in this multi-district litigation.

---

[5]   The Eleventh Circuit's local rules indicate that the court of appeals is not inclined to consider *en banc* review of a legal issue presented in a non-final opinion. *See* 11th Cir. R. 35-4 (stating that the Eleventh Circuit will not consider a petition for rehearing *en banc* relating to an administrative or interim order as an *en banc* court and will construe such a petition as a motion for reconsideration).

**DONE** and **ORDERED** this February 14, 2017.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE