FILED
2017 Jul-13 PM 07:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit I

**PHELPS, JENKINS, GIBSON & FOWLER, L.L.P.**
ATTORNEYS AT LAW
1201 GREENSBORO AVENUE
TUSCALOOSA, ALABAMA 35401

SAM M. PHELPS (1932-2011)
JAMES J. JENKINS
J. RUSSELL GIBSON, III
RANDOLPH M. FOWLER
FARLEY A. POELLNITZ
A. COURTNEY CROWDER
BRUCE H. HENDERSON†
STEPHEN E. SNOW
W. DAVID RYAN
TERRI OLIVE TOMPKINS

Writer's E-Mail Address: ttompkins@PJGF.com

MAILING ADDRESS:
----------
P.O. BOX 020848
TUSCALOOSA, ALABAMA 35402-0848
----------
TELEPHONE
205-345-5100
TELEFAX
205-758-4394

†ALSO ADMITTED IN TENNESSEE

August 9, 2016

**VIA EMAIL ONLY**
Mr. Todd M. Stenerson
Hunton & Williams, LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
Email: tstenerson@hunton.com

> Re: Jerry L. Conway, D.C., on behalf of himself and all others similarly situated v. Blue Cross and Blue Shield of Alabama, et al., in the United States District Court Northern District of Alabama, Southern Division. Class Action Case No. 2-12-CV-02532

Dear Todd:

This will confirm our telephone conversation on Thursday, August 4 regarding the subpoena that your client has issued to the DCH Health Care Authority. I understand that non-parties to whom subpoenas have been issued must file an objection with the court by Wednesday, August 10. I also understand that the Plaintiff has filed an objection and that the Court will hear that objection on August 17.

The details of our conversations regarding certain requests in the subpoena are below:

**Request Number 2**

You have agreed to accept the contracts of the largest commercial health insurers (Blue Cross, United, any large regionals, etc.). I expect that this will be 8-11 contracts. You have told me that you do not want every single contract. As I said, DCH may have contracts with as many as one hundred commercial health insurers and third-party payors. These documents are stored in paper format in a filing cabinet, and, although you have requested documents from January 1, 2010 to the present, these contracts are not organized by year.

You have agreed to allow us to produce a list of all other contracts in response to number 2. Once you receive the list, if there are contracts that you wish to receive, please let me know. I do not anticipate producing every single contract to you in response to this request. To do so would be unduly burdensome and take a minimum of 50 to 60 employee hours. We have also agreed to provide to you a list of the Medicaid and Medicare programs in which DCH participates. We are not aware of any rental networks.

### Request Number 3

Please clarify subsection (3) about competition. Are you asking about other hospitals that compete with DCH or ancillary services, such as radiology, physical therapy, etc.?

### Request Number 4

You have told me that the request in number 4 is, for the most part, subsumed with number 2 but that you do want a copy of the charge master. We will provide a copy of the charge master. DCH does have a charity care policy that may be responsive to this request. Please let me know if you want a copy of this policy; I am not sure that it is relevant even though it may be responsive.

### Request Number 5

You have indicated that you are not looking for a forensic search performed by our IT department but that you are looking for communications between the major providers and the primary negotiators for the major contracts from January 1, 2010 to the present. We do not have a paper or electronic negotiations file for each provider. Most of the negotiations are informal, and some are verbal. The documents responsive to this request will primarily emails. Because of storage space limitations, each employee's computer contains only the last six months of emails. While we can search those, we do not intend to have our IT Department conduct a forensic search for these emails. You have also indicated that Requests Number 6 and 7 are related to Request Number 5.

### Request Number 15

You have indicated that this request is limited to communications about the lawsuit, not all communications.

Mr. Todd M. Stenerson
Page 3

---

    While we do believe that many of your requests are overly broad and unduly burdensome, we are willing to provide the documents as set forth above and with the express agreement that your client will reasonably compensate DCH as required by Federal Rule of Civil Procedure 45(d)(3)(C)(ii). We estimate that the response will require 80 employee hours by a combination of at least three employees. Based on the hourly rates for the various employees, the response will cost a minimum of $7,000.00. There would be additional expense for the deposition of a corporate representative. If any of the above information is not accurate, please notify me immediately so that I may file an objection with the Court by Wednesday, August 10. Also, I would appreciate your sending me any ruling on the Plaintiff's Motion to Quash that will be heard by the court on August 17. Thank you for your cooperation.

                                      Sincerely,

                                      Terri Olive Tompkins

TOT/rd