Case 2:13-cv-20000-RDP  Document 1600  Filed 10/05/17  Page 1 of 2
Case MDL No. 2406  Document 393  Filed 10/04/17  Page 1 of 3

FILED
2017 Oct-05 AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BLUE CROSS BLUE SHIELD
ANTITRUST LITIGATION             MDL No. 2406

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in a Southern District of Iowa action (*Chicoine*) and a Western District of Louisiana action (*Opelousas General*), which are listed on the attached Schedule A, move under Panel Rule 7.1 to vacate the Panel's order conditionally transferring their respective actions to MDL No. 2406. Defendants Blue Cross and Blue Shield Association (BCBSA) and Louisiana Health Service & Indemnity Co. oppose the motions.

After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2406, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is warranted for the reasons set out in our order directing centralization. *See In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373 (J.P.M.L. 2012). In that order, we held that the Northern District of Alabama was an appropriate Section 1407 forum for actions sharing factual questions regarding "the licensing agreements between and among the Blue Cross Blue Shield Association (BCBSA) and its 38 licensees (Blue Plans)." *Id.* at 1374. MDL plaintiffs are health insurance subscribers and healthcare providers that "contend that the 38 Blue Plans are independent health insurance companies that, but for any agreement to the contrary, could and would compete with one another. Instead, working together with and through the BCBSA, they have allegedly divided and allocated among themselves health insurance markets throughout the nation to eliminate competition." *Id.* at 1375. These cases involve factual allegations concerning the licensing agreements among BCBSA and its Blue Plan licensees and thus fall within the MDL's ambit.

Plaintiffs in *Chicoine* argue that transfer is inappropriate because their action focuses on anticompetitive conduct that occurred in Iowa against Iowa chiropractors by Iowa-based defendants. They further allege that their action is based on a different damages model than that of the MDL provider plaintiffs. As we observed in the initial transfer order in this docket, "[t]ransfer under Section 1407 does not require a complete identity of common factual issues as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant when the actions still arise from a common factual core." *Id.* at 1376. *Chicoine*'s focus on Iowa chiropractors does appear to be somewhat different from the MDL allegations, but plaintiffs still allege sufficient factual overlap with the cases in the MDL to justify transfer. Despite plaintiffs' attempts to

---

[*] Judges Sarah S. Vance and R. David Proctor took no part in the decision of this matter.

-2-

downplay the role of other Blue Plan licensees as co-conspirators,[1] they nonetheless continue to allege that the "Wellmark defendants have agreed with each of the other licensees to fix the price of Iowa chiropractic services in accordance with the prices set by Wellmark defendants under terms of the Practitioner Services Agreements and the agreement with Iowa Chiropractic Physicians Clinic." *Chicoine* Compl. at ¶ 1(c). Additionally, one of the MDL class representatives is an Iowa chiropractor who provided covered services to patients insured by Wellmark.[2]

Plaintiffs in both actions also oppose transfer by arguing that defendants improperly removed and, relatedly, BCBSA should not be allowed to intervene, in their respective actions. As the Panel has held repeatedly, jurisdictional arguments concerning the propriety of federal jurisdiction are insufficient to warrant vacating a CTO.[3] The transferee judge can decide the motions to remand and to intervene.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Alabama and, with the consent of that court, assigned to the Honorable R. David Proctor for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chair

Charles R. Breyer     Lewis A. Kaplan
Ellen Segal Huvelle     Catherine D. Perry

TRUE COPY
By: _____

---

[1] Notably, on the day *Chicoine* was removed from state court, plaintiffs amended their petition to eliminate a sentence identifying BCBSA as "a non-party co-conspirator with the Wellmark defendants for purposes of the Iowa Competition Act." *See Chicoine*, S.D. Iowa, Case No. 17-210, doc. 2-1, First Amendment to Petition at Law. But the petition still contains references to Wellmark's conspiring with the other Blue Plans to drive down reimbursements for providers by fixing prices, *see Chicoine*, S.D. Iowa, Case No. 17-210, Compl. at ¶¶ 37, 38; Amendment to Compl. ¶ 1(c). Further, plaintiffs continue to maintain that the BlueCard Program plays a role in alleged anticompetitive scheme. *Chicoine* Compl. at ¶39(g).

[2] *See In re: Blue Cross Blue Shield Antitrust Litig.*, N.D. Alabama, Case No. 13-20000, doc. 1083 at ¶556.

[3] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).