# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406** | Master File No. 2:13-CV-20000-RDP<br><br>**This Document relates to all cases.** |

## BCBSAL'S OPPOSITION TO MOTION TO REOPEN DEPOSITIONS AND FOR SANCTIONS

Blue Cross and Blue Shield of Alabama ("BCBSAL") hereby states its opposition to Plaintiffs' Motion to Reopen the Depositions of Steven Ostlund and Michael Velezis and Motion for Sanctions (Doc. # 1927) as follows:

### I. INTRODUCTION

Earlier this month, Plaintiffs improperly sought to question deponents Steve Ostlund and Michael Velezis about topics prohibited by this Court's orders and by stipulations of counsel. Plaintiffs now seek to reopen those depositions for the express purpose of pursuing the same impermissible information. As discussed in the Motion For Protective Order (Doc. # 1930) that BCBSAL filed on Monday, both of these depositions were supposed to be limited to BCBSAL's communications with the Alabama Department of Insurance ("DOI") and with customers about a Consent Order and rate variance refunds that occurred in 2017. Nevertheless, Plaintiffs are attempting to ask about other topics - the personal

compensation of Mr. Velezis and events occurring years before the 2017 Consent Agreement and refunds - that are unquestionably off-limits.

BCBSAL's counsel has done nothing to make those improper topics now discoverable or to warrant the imposition of sanctions. During the depositions, BCBSAL properly took steps to resist the Plaintiffs' attempts to obtain this information. Accordingly, Mr. Velezis's deposition should not be reopened at all, Mr. Ostlund's deposition should be resumed only for permissible purposes, and sanctions against BCBSAL are not warranted.

## II. ARGUMENT

BCBSAL incorporates by reference its previously-filed Motion for Protective Order, which summarizes the court orders and stipulations of counsel that established the parameters of the Ostlund and Velezis depositions. As demonstrated in that Motion, both depositions were permitted by this Court for the limited purpose of developing facts relating to: (1) the Consent Order entered into between the DOI and BCBSAL in August 2017 regarding rate variance, and (2) communications between BCBSAL and its customers regarding rate variance refunds. Neither deposition was permitted as a general discovery tool; in fact, this Court expressly ordered that no new discovery could be initiated after September 2017.

### A. The Deposition of Michael Velezis – Who Is Neither A Document Custodian Or Substantive Fact Witness In This Case -- Should Not Be Reopened

In addition to the discovery limitations imposed by the orders entered last Fall, this Court previously set limits on Plaintiffs' ability to obtain information about executive compensation. On July 5, 2016, this Court ruled that "limited discovery into executive compensation" should be restricted to "top executives," which the Court defined to mean "executives in the five highest levels of the [BCBSAL] organizational hierarchy. July 5, 2016 Order at 2. Thus, even during the general discovery phase of this lawsuit, important boundaries have been in place restricting the discoverability of BCBSAL executive compensation.

Michael Velezis is the Vice President of Legal Services for BCBSAL, a position that does not place him within the five highest levels of the BCBSAL organization. Mr. Velezis has been integrally involved in BCBSAL's defense of this lawsuit since inception. He is not a designated document custodian or a fact witness for any cause of action asserted in this lawsuit.

In October 2017, Plaintiffs communicated their intention to take the deposition of Mr. Velezis. Despite the various prohibitions against further general discovery, Plaintiffs announced their intention to question Mr. Velezis on any non-

privileged subject within his personal knowledge. BCBSAL objected, both in open court[1] and in a November 17, 2017 Motion for Protective Order (Doc. # 1759).

Through an Opposition filed on November 22, 2017 (Doc. # 1774) and subsequent emails between counsel, Plaintiffs and BCBSAL agreed on four subjects on which Mr. Velezis could be examined:

(1) his negotiations with the Alabama Department of Insurance ("DOI") regarding the Consent Order, a subject of the Court's Order from yesterday, Doc. No. 1767;

(2) the drafting and preparation of the customer refund letter, and the process for communicating with customers about refunds;

(3) BCBSAL's interactions with the DOI (including its independent reviewers) concerning its variance practices; and

(4) BCBSAL's communications with the DOI and customers in 2016-17 about BCBSAL's compliance or non-compliance with Alabama law with respect to small group rate filings.

*See* Plaintiffs' Opposition to Motion to Protective Order Concerning Rule 30(b)(1) Deposition of Michael Velezis at 1; November 28-29, 2017 email communications (attached as Exhibit A.)

At the end of Plaintiffs' examination of Mr. Velezis during his Rule 30(b)(1) deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The only justifications

---

[1] BCBSAL counsel Carl Burkhalter raised this issue in a November 16, 2017 hearing and objected to Mr. Velezis being questioned on any topic other than the August 2017 Consent Order, the rate variance refunds, and the closely-related subjects permitted by Judge Proctor's orders. *See* November 16, 2017 hearing transcript at pp. 20-22.

4

offered at the deposition ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

BCBSAL's counsel objected to the question and instructed Mr. Velezis not to answer. *See* Velezis 30(b)(1) Depo. at pp. 200-202.

BCBSAL's refusal to provide Mr. Velezis's compensation information was entirely justified because the line of questioning strays outside the subjects permitted for that deposition. Similarly, BCBSAL's counsel's instruction not to answer the question was also proper. Discovery Order No. 3 states that counsel may instruct a deponent not to answer a question if, among other things, the instruction is supported by a Court order or if a deposition is being conducted in bad faith. *See* Disc. Order No. 3, ¶ 9(c)(i). BCBSAL's counsel's instruction was justified by several orders of this Court, including without limitation Discovery Order No. 29 limiting discovery of executive compensation, the Third Amended Scheduling Order prohibiting any new discovery, and Judge Proctor's October 10, 2017 Order allowing only limited discovery regarding the August 2017 Consent Order and the ensuing rate variance refunds. Similarly, the instruction not to answer was justified because Plaintiffs' counsel engaged in bad faith when they attempted to explore a subject that they previously had agreed was outside the

permissible scope of the deposition.  Under either the "Court order" or "bad faith" prong of Discovery Order Paragraph 9(c), the instruction not to answer was proper.

Plaintiffs' Motion argues that Mr. Velezis's compensation should be disclosed because the compensation of other BCBSAL executives has been disclosed in their depositions.  This argument ignores the fact that Mr. Velezis, unlike those other deponents, is not a fact witness for any claim in this action.  Consequently, there is no legitimate reason for inquiring about his compensation during the class period.

**B.     The Deposition of Steven Ostlund Should Be Reopened Only For Proper Examination Topics.**

The factors surrounding the suspension of Mr. Ostlund's deposition have been discussed at length in BCBSAL's Motion for Protective Order filed on February 19.  BCBSAL will not re-state that discussion in this pleading but will respond to a couple of arguments raised in Plaintiffs' Motion.

**First,** BCBSAL did not attempt to unilaterally terminate Mr. Ostlund's deposition forever.  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Ostlund Depo. Transcript at 151-152.  It was only after Plaintiffs' counsel stated that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that the deposition was adjourned pursuant to Rule 30.  *See id.* at 152.

6

**Second,** BCBSAL did not, as Plaintiffs suggest, waive its right to examine Mr. Ostlund by electing not to ask questions until the examinations of both Subscriber Plaintiffs and Provider Plaintiffs' examination were completed.[2]

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

*See id.* When Provider Plaintiffs declined to do so, BCBSAL properly elected not to examine Mr. Ostlund at that time. When the deposition resumes on permissible topics, BCBSAL should be permitted to conduct its examination.

**C. Sanctions Should Not Be Imposed Against BCBSAL.**

BCBSAL and its counsel reject the histrionic statement in Plaintiffs' motion that BCBSAL and its counsel believe that they are "above the rules." BCBSAL has done nothing more or less in these depositions than to seek to enforce the limits and protections that it believes are in place from orders entered by this Court. BCBSAL acknowledges that it has not complied with the seven-day deadline established in Discovery Order No. 3 for filing a motion for protective order after the Ostlund deposition. BCBSAL has sought leave of court to pursue that motion out of time. Under the totality of the circumstances surrounding the Velezis and

---

[2] The examination questions at issue were asked by counsel for Provider Plaintiffs after Subscriber Plaintiffs had completed their examination of Mr. Ostlund. *See* Ostlund Transcript at p. 141. When the dispute arose, Plaintiffs collectively had used all but approximately five minutes of their examination time with Mr. Ostlund.

Ostlund depositions, BCBSAL respectfully submits that sanctions are not appropriate.

### III. CONCLUSION

For the reasons stated in this Opposition, BCBSAL respectfully requests that this Court deny Plaintiffs' requests to reopen the deposition of Michael Velezis and to award sanctions against BCBSAL, and permit the deposition of Steven Ostlund to proceed only on topics permissible under this Court's orders.

Dated: February 23, 2018        Respectfully submitted,

/s/ *Carl. S. Burkhalter*
James L. Priester
Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
Birmingham, AL 35203
Phone: 205-254-1000
jpriester@maynardcooper.com
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

*Counsel for Defendant*
*Blue Cross Blue Shield of Alabama*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Carl S. Burkhalter*
Carl S. Burkhalter
