# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD** | ) | **Master File No. 2:13-CV-20000-RDP** |
| **ANTITRUST LITIGATION** | ) | |
| **(MDL No. 2406)** | ) | **This document relates to all cases.** |

### ORDER REGARDING SECTION 1 STANDARD OF REVIEW
### AND SINGLE ENTITY DEFENSE

In accordance with the accompanying Memorandum Opinion, it is **ORDERED** as follows: (1) Subscriber Plaintiffs' Motion for Partial Summary Judgment on the Application of the Per Se Rule (Doc. # 1348) is **GRANTED**; (2) Provider Plaintiffs' Motion for Partial Summary Judgment (Doc. # 1350) is **GRANTED IN PART AND DENIED IN PART**; (3) Defendants' Motion for Summary Judgment on Plaintiffs' Section 1, Per Se, and Quick Look Claims (Doc. # 1353) is **GRANTED IN PART AND DENIED IN PART**; and (4) Subscriber Plaintiffs' Motion for Partial Summary Judgment on Defendants' "Single Entity" Defense (Doc. # 1434) is **DENIED.**[1]

Defendants' aggregation of geographic market allocations and output restrictions are due to be analyzed under a *per se* standard of review. Their BlueCard program and other alleged Section 1 violations are due to be analyzed under the Rule of Reason. Finally, there remain genuine issues of material fact as to whether Defendants operate as a single entity with regard to the enforcement of the Blue Marks.

---

[1] In their briefs on the applicable standard of review, the parties presented their arguments in relation to the various alleged anticompetitive restraints, rather than on a claim by claim basis. Therefore, the court has adopted this approach. To the extent the parties need clarification regarding the standard of review applicable to the particular counts in the amended consolidated class action complaints, they may request such clarification from the court.

**DONE** and **ORDERED** this April 5, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE