## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

Master File No. 2:13-CV-20000-RDP

IN RE: BLUE CROSS BLUE SHIELD
ANTIRTUST LITIGATION
(MDL. No. 2406)

_____/

# PROVIDER PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST CERTAIN DEFENDANTS THAT WERE NOT SIGNATORIES TO SETTLEMENT AGREEMENTS IN *LOVE v. BLUE CROSS AND BLUE SHIELD ASSOCIATION*

## TABLE OF CONTENTS

**Page**

BACKGROUND .................................................................................................................2

UNDISPUTED FACTS ......................................................................................................2

LEGAL STANDARD .........................................................................................................5

ARGUMENT ......................................................................................................................5

CONCLUSION ...................................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Cooper v. Meridian Yachts, Ltd.*,
   575 F.3d 1151 (11th Cir.2009) ...................................................................................6

*Gallagher v. Dupont*,
   918 So. 2d 342 (Fla. 5th Dist. App. 2005) .........................................................................6

*Lawson v. Life of the S. Ins. Co.*,
   648 F.3d 1166 (11th Cir. 2011) ....................................................................................6

*Lofton v. Secretary of Dep't of Children & Family Servs.*,
   358 F.3d 804 (11th Cir. 2004) ......................................................................................5

*Saregama India Ltd. v. Mosley*,
   635 F.3d 1284 (11th Cir. 2011) ....................................................................................5

*United States v. Puentes*,
   50 F.3d 1567 (11th Cir.1995) .......................................................................................6

*Walsh v. Columbus, H.V. & A.R. Co.*,
   176 U.S. 469, 20 S.Ct. 393 44 L.Ed. 548 (1900) ..................................................6

**Other Authorities**

13 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 37:1
   (4th ed. 1999) ...........................................................................................................6

**Rules**

Fed. R. Civ. Pro. 56(c) ...............................................................................................5

Provider Plaintiffs respectfully move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment against Defendants Blue Cross Blue Shield of Arizona, Inc., USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield, California Physicians' Service, Inc. d/b/a Blue Shield of California, Highmark BCBSD Inc. d/b/a Highmark Blue Cross Blue Shield of Delaware, Blue Cross of Idaho Health Service, Inc., Blue Cross and Blue Shield of Kansas, Inc., Blue Cross Blue Shield of Kansas City, Inc., Blue Cross Blue Shield of Nebraska, HealthNow New York, Inc. d/b/a BlueCross BlueShield of Western New York and BlueShield of Northeastern New York, Noridian Mutual Insurance Co. d/b/a Blue Cross Blue Shield of North Dakota, Blue Cross and Blue Shield of Vermont, Blue Cross Blue Shield of Wyoming, and Excellus Health Plan, Inc. d/b/a Excellus BlueCross BlueShield (the "Non-Released Defendants"). Plaintiffs seek summary judgment barring the Non-Released Defendants, who were not signatories to the settlement agreements entered into by certain Blue Cross Blue Shield entities and providers in *Love v. Blue Cross & Blue Shield Ass'n*, No. 1:03-cv-21296-FAM (S.D. Fla.), from asserting any defenses related to the *Love* settlement agreements, including res judicata, collateral estoppel, release and waiver.

The Non-Released Defendants chose not to settle the provider plaintiffs' claims against them in *Love* but now belatedly assert their entitlement to the

1

preclusive effect of the settlement agreement between providers and other Defendants. The facts are not disputed and the law is clear. The Non-Released Defendants' after-the-fact attempt to piggyback on other Defendants' settlement agreements is both baseless and futile. Plaintiffs' motion for partial summary judgment should be granted.

## BACKGROUND

In April 2000, the Judicial Panel on Multidistrict Litigation created *In re Managed Care Litigation*, Case No. 1:00-mdl-1334, and transferred all related actions to the United States District Court for the Southern District of Florida. The provider plaintiffs in that litigation alleged that several managed care companies had engaged in a scheme to systematically deny, delay, and diminish payments to healthcare providers. In May 2003, providers filed an action in the Southern District of Florida against numerous Blues entities, alleging they had engaged in a similar scheme in order to undercompensate healthcare providers. This action, *Love v. Blue Cross & Blue Shield Ass'n*, No. 1:03-cv-21296-FAM ("*Love*"), was consolidated into the *In re Managed Care Litigation*.

## UNDISPUTED FACTS

1. Between 2005 and 2007, certain Blues defendants in *Love* entered into settlement agreements with the provider plaintiffs. Declaration of Joe R. Whatley, Jr. (Ex. A) ¶ 2.

2

2. The Non-Released Defendants were not signatories to any of these settlements or any other settlement that is relevant in this litigation. Ex. A ¶ 3.

3. The Provider Plaintiffs addressed the *Love* settlements in Paragraphs 42 and 43 of their Fourth Amended Complaint:

> 42. Certain of the named Provider Plaintiffs in this action, Charles H. Clark III, M.D., Robert W. Nesbitt, M.D., and Luis R. Pernia, M.D. ("the Alabama *Love* Providers"), all medical doctors, were members of the Settlement classes in class settlements with some of the Defendants consummated in the Southern District of Florida before Judge Moreno. For purposes of this Complaint, those Providers who were members of the Settlement Classes listed above do not bring claims against any of the released parties in those Settlements....[Plaintiffs] continue to pursue their Sherman Act claims against the "Non-Released Blues" (listed below) who were not Releasing Parties in the Southern District of Florida and for whom there is no argument that any class-wide claims were previously released or are subject to any injunction in the Southern District of Florida.
>
> 43. The list of Non-Released Blues (described above) includes: Blue Cross Blue Shield of Arizona, Arkansas Blue Cross and Blue Shield, Blue Shield of California, Highmark Blue Cross Blue Shield Delaware, Blue Cross of Idaho, Blue Cross and Blue Shield of Kansas, Blue Cross Blue Shield of Kansas City, Blue Cross Blue Shield of Nebraska, HealthNow, Noridian Mutual Insurance Co. d/b/a Blue Cross Blue Shield of North Dakota, Blue Cross and Blue Shield of Vermont, Blue Cross Blue Shield of Wyoming, and Premier Health, Inc.  Additionally, while Excellus entered a settlement in New York state court, it did not obtain a release for any doctors other than those in New York, and that release does not affect the claims made in this amended complaint.  Excellus is therefore also treated as a Non-Released Blue for purposes of this Complaint.

Consolidated Fourth Amended Provider Complaint ¶¶ 42–43.

4. Despite the fact that none of the Non-Released Defendants are signatories to any of the settlement agreements, each and every Non-Released Defendant takes the position that Providers Plaintiffs' claims are barred by the doctrine of res judicata or collateral estoppel and have been released or waived. Excerpts from Non-Released Defendants' Answers (Ex. B).

5. In their answers to Paragraph 43, Defendants Blue Cross of Arizona, Blue Cross of Idaho, Blue Cross and Blue Shield of Kansas, Blue Cross Blue Shield of Kansas City, Blue Cross Blue Shield of Nebraska, HealthNow, Noridian Mutual Insurance Co. d/b/a Blue Cross Blue Shield of North Dakota, and Blue Cross Blue Shield of Wyoming admit that they "did not enter into a settlement agreement in the *Love* case in the Southern District of Florida" but nonetheless "state[] that all claims [against them] in the *Love* case were dismissed by that court." Ex. B.

6. The Court did dismiss these Non-Released Defendants from the *Love* case, entering final judgment in May 2009. Final Judgments (Ex. C).

7. However, these Defendants were not dismissed as a result of any of the *Love* settlement agreements. To the contrary, the Court in its order dismissing the provider plaintiffs' claims against the Non-Released Defendants for failure to state a claim specifically noted the Non-Released Defendants remained in the case because their claims had not been settled:

4

> The Court finds itself faced with a seventh version of the Plaintiffs' original complaint, following a Settlement Agreement among many of the original parties. ***In fact, only non-signatories of the Settlement Agreement remain as Defendants in this case.***

Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Case (Ex. D) at 1 (emphasis added).

8. None of these Defendants ever moved to dismiss the claims against them in *Love* on the basis that their claims had been released in any of the settlement agreements. Ex. A ¶ 4.

## **LEGAL STANDARD**

Summary judgment is proper "[w]hen the only question a court must decide is a question of law," *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011), and "where there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." *Lofton v. Secretary of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) (quoting Fed. R. Civ. Pro. 56(c)) (internal quotation marks omitted).

## **ARGUMENT**

The Non-Released Defendants were not signatories to any of the settlement agreements in *Love*. This fact is undisputed. For the first time – in the answers and affirmative defenses they filed in this litigation – the Non-Released Defendants suggest the Provider Plaintiffs' claims against them are precluded by other Defendants' settlement agreements.

5

Eleventh Circuit law is clear that non-signatories are generally not entitled to enforce a settlement agreement:

> A rule of contract law is that one who is not a party to an agreement cannot enforce its terms against one who is a party. See *Walsh v. Columbus, H.V. & A.R. Co.*, 176 U.S. 469, 479, 20 S.Ct. 393, 397, 44 L.Ed. 548 (1900); *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1169 (11th Cir.2009); *United States v. Puentes*, 50 F.3d 1567, 1574 (11th Cir.1995); 13 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts* § 37:1 (4th ed. 1999) ("As a general rule, strangers to a contract acquire no rights under such a contract." (quotation marks omitted)). The right of enforcement generally belongs to those who have purchased it by agreeing to be bound by the terms of the contract themselves.

*Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1167–68 (11th Cir. 2011). Florida law is in accord:

> [T]he Fund, as a nonparty to the settlement agreement, has no standing to enforce it. A person not a party to nor in privity with a contract has no right to enforce it.

*Gallagher v. Dupont*, 918 So. 2d 342, 347 (Fla. 5th Dist. App. 2005).

The Non-Released Defendants have identified no reason to deviate from these general principles of contract law with regard to the *Love* settlements and have not identified any other relevant settlement agreement. Because none of the Non-Released Defendants were parties to the *Love* settlement agreements, none are entitled to claim release, waiver, res judicata, or collateral estoppel with regard to those settlements. Accordingly, Provider Plaintiffs are entitled to partial summary judgment.

6

## **CONCLUSION**

For the aforementioned reasons, Provider Plaintiffs respectfully move the Court for an Order granting Provider Plaintiffs partial summary judgment and barring the Non-Released Defendants from relying on any defenses of release, waiver, res judicata, or collateral estoppel with regard to any previous settlement agreements.

Dated:  April 25, 2018                                              Respectfully submitted,

/s/ Edith M. Kallas                                                      /s/ Joe R. Whatley, Jr.
Edith M. Kallas – *Co-Lead Counsel*                   Joe R. Whatley, Jr. *Co-Lead Counsel*
WHATLEY KALLAS, LLP                                       W. Tucker Brown
1180 Avenue of the Americas, 20th Floor           Helen L. Eckinger
New York, NY 10036                                              WHATLEY KALLAS, LLP
Tel:  (212) 447-7060                                                2001 Park Place North
Fax:  (800) 922-4851                                                1000 Park Place Tower
Email: ekallas@whatleykallas.com                        Birmingham, AL 35203
                                                                                     Tel:  (205) 488-1200
                                                                                     Fax:  (800) 922-4851
                                                                                     Email: jwhatley@whatleykallas.com
                                                                                                 tbrown@whatleykallas.com
                                                                                                 heckinger@whatleykallas.com

Patrick J. Sheehan                                                    Deborah J. Winegard
WHATLEY KALLAS, LLP                                       WHATLEY KALLAS, LLP
60 State Street, 7th Floor                                         1068 Virginia Avenue, NE
Boston, MA 02109                                                   Atlanta, GA 30306
Tel:  (617) 573-5118                                                Tel:  (404) 607-8222
Fax:  (617) 371-2950                                                Fax:  (404) 607-8451
Email: psheehan@whatleykallas.com                     Email: dwinegard@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel:  (603) 294-1591
Fax:  (800) 922-4851
Email: hquillen@whatleykallas.com

Charles Clinton Hunter
THE HAYES LAW FIRM
700 Rockmead, Suite 210
Kingwood, TX  77339
Tel:  (281) 815-4963
Fax: (832) 575-4759
chunter@dhayeslaw.com

Dennis Pantazis – *Plaintiffs' Steering Committee*
Brian Clark – *Discovery Committee*
WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel:  (205) 314-0500
Fax:  (205) 254-1500
Email: dgp@wcqp.com
          bclark@wcqp.com

E. Kirk Wood, Jr. – *Local Facilitating Counsel*
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel:  (205) 612-0243
Fax:  (205) 705-1223
Email: ekirkwood1@bellsouth.net

Aaron S. Podhurst – *Plaintiffs' Steering Committee*
Peter Prieto – *Chair, Expert Committee*
PODHURST ORSECK, P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
Tel:  (305) 358-2800
Fax:  (305) 358-2382
Email: apodhurst@podhurst.com
          pprieto@podhurst.com

U.W. Clemon – *Plaintiffs' Steering Committee*
U. W. Clemon, LLC
5202 Mountain Ridge Parkway
Birmingham, AL  35222
Tel: (205) 837-2898
Email: clemonu@bellsouth.net

Dennis C. Reich – ***Chair, Damages Committee***
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel:  (713) 622-7271
Fax:  (713) 623-8724
Email:  dreich@rbfirm.net

J. Mark White – ***Litigation Committee***
Augusta S. Dowd – ***Chair, Litigation Committee***
Linda G. Flippo – ***Discovery Committee***
WHITE ARNOLD & DOWD, P.C.
The Massey Building
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Tel:  (205) 323-1888
Fax:  (205) 323-8907
Email: adowd@whitearnolddowd.com
           mwhite@whitearnolddowd.com
           lflippo@whitearnolddowd.com

Nicholas B. Roth – ***Chair, Discovery Committee***
Julia Smeds Roth – ***Discovery Committee***
EYSTER KEY TUBB ROTH MIDDLETON
  & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel:  (256) 353-6761
Fax:  (256) 353-6767
Email: nbroth@eysterkey.com
          jroth@eysterkey.com

Van Bunch – ***Chair, Class Certification Committee***
BONNETT FAIRBOURN FRIEDMAN &
   BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel:  (602) 274-1100
Fax:  (602) 274-1199
Email: vbunch@bffb.com

David A. Balto – ***Expert Committee***
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel:  (202) 789-5424
Fax:  (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Robert J. Axelrod – ***Chair, Written Submissions Committee***
AXELROD & DEAN LLP
830 Third Avenue, 5th Floor
New York, NY 10022
Tel:  (646) 448-5263
Fax:  (212) 840-8560
Email: rjaxelrod@axelroddean.com

9

Joey K. James – *Litigation Committee*
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel:  (256) 764-0095
Fax:  (256) 767-5705
Email: joey@bunchandjames.com

Richard S. Frankowski – *Discovery Committee*
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL  35233
Tel:  (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowskifirm.com

John C. Davis – *Written Submissions Committee*
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel:  (850) 222-4770
Email: john@johndavislaw.net

Mark K. Gray – *Discovery Committee*
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel:  (502) 805-1800
Fax:  (502) 618-4059
Email: mgray@grayandwhitelaw.com

W. Daniel Miles, III – *Written Submissions Committee*
BEASLEY ALLEN CROW METHVIN PORTIS
  & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel:  (800) 898-2034
Fax:  (334) 954-7555
Email: dee.miles@beasleyallen.com

Peter H. Burke – *Class Certification Committee*
J. Allen Schreiber – *Litigation Committee*
BURKE HARVEY, LLC
3535 Grandview Parkway
Suite 100
Birmingham, AL  35243
Tel:  (205) 930-9091
Fax:  (205) 930-9054
Email:  pburke@burkeharvey.com
         aschreiber@burkeharvey.com

Michael C. Dodge – *Expert Committee*
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel:  (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel:  (205) 908-6512
Email: Michael@gurleylaw.net

Stephen M. Hansen – *Class Certification Committee*
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel:  (253) 302-5955
Fax:  (253) 301-1147
Email: steve@stephenmhansenlaw.com

Harley S. Tropin – *Damages Committee*
Javier A. Lopez – *Discovery Committee*
KOZYAK TROPIN &
 THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel:  (305) 372-1800
Fax:  (305) 372-3508
Email: hst@kttlaw.com
           jal@kttlaw.com

C. Wes Pittman – *Settlement Committee*
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel:  (850) 784-9000
Fax:  (850) 763-6787
Email: wes@pittmanfirm.com

Lynn W. Jinks, III – *Expert Committee*
Christina D. Crow – *Discovery Committee*
JINKS CROW & DICKSON, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel:  (334) 738-4225
Fax:  (334) 738-4229
Email: ljinks@jinkslaw.com
           ccrow@jinkslaw.com

Myron C. Penn – *Discovery Committee*
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel:  (334) 738-4486
Fax:  (334) 738-4432
Email: myronpenn28@hotmail.com

J. Preston Strom, Jr. – *Litigation Committee*
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel:  (803) 252-4800
Fax:  (803) 252-4801
Email: petestrom@stromlaw.com

Robert B. Roden – ***Litigation Committee***
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel:  (205) 933-8383
Fax:  (205) 933-8386
Email: rroden@shelbyroden.com

Thomas V. Bender – ***Discovery Committee***
WALTERS BENDER STROHBEHN & VAUGHAN, P.C.
2500 City Center Square, 1100 Main
Kansas City, MO 64105
Tel:  (816) 421-6620
Fax:  (816) 421-4747
Email: tbender@wbsvlaw.com

Gary E. Mason – ***Class Certification Committee***
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Tel:  (202) 429-2290
Fax:  (202) 640-1160
Email: gmason@wbmllp.com

Gregory S. Cusimano – ***Litigation Committee***
CUSIMANO, ROBERTS & MILLS, LLC
153 South 9th Street
Gadsden, AL  35901
Phone: (256) 543-0400
Fax: (256) 543-0488
Email:  greg@alalawyers.net

Michael L. Murphy – ***Discovery Committee***
BAILEY GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC  20006
Tel:  (202) 463-2101
Fax: (202) 463-2103
Email: mmurphy@baileyglasser.com

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel:  (320) 289-2363
Fax:  (320) 289-2369
Email: brian@wojtalewiczlawfirm.com

Lance Michael Sears
SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel:  (719) 471-1984
Fax:  (719) 577-4356
Email: lance@searsassociates.com

Archie C. Lamb, Jr.
ARCHIE LAMB & ASSOCIATES, LLC
301 19th Street North, Suite 585
The Kress Bldg.
Birmingham, AL 35203-3145
(205) 458-1210
Email:  alamb@archielamb.com

Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK  99501
Tel:  (907) 277-5400
Fax: (907) 277-9896
Email:  Jessica@dillonfindley.com
            Ray@dillonfindley.com
            Molly@dillonfindley.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA  51101
Tel:  (712) 234-3030
Fax:  (712) 234-3034
Email:  paul@lundberglawfirm.com

Cynthia C. Moser
HEIDMAN LAW FIRM
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA  51101
Tel:  (712) 255-8838
Fax  (712) 258-6714
Email:  Cynthia.Moser@heidmanlaw.com

Gwen Simons
Simons & Associates Law, P.A.
P.O. Box 1238
Scarborough, ME 04070-1238
Tel: (207) 205-2045
Fax: (207) 883-7225
Email: gwen@simonsassociateslaw.com

## **CERTIFICATE OF SERVICE**

    I certify that on April 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                        */s/ Joe R. Whatley, Jr.*
                                                        Joe R. Whatley, Jr.