# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | ) ) ) ) ) ) ) **Master File No. 2:13-CV-20000-RDP**<br><br>**This document relates to all cases** |

## REPLY IN SUPPORT OF BLUE CROSS BLUE SHIELD OF ALABAMA'S MOTION FOR LEAVE TO FILE EXCESS PAGES

In order to make four points, Blue Cross and Blue Shield of Alabama ("BCBSAL") hereby offers this short Reply in Support of Its Motion for Leave to File Excess Pages ("Motion").

- The *first* point is that the motion to which BCBSAL is responding *seeks a complete waiver of the attorney-client privilege*. Given the importance of the issue, a request for extra pages is more than reasonable.

- *Second*, as Plaintiffs note, several of the points in BCBSAL's opposition brief were made in a recent brief submitted to Judge Putnam's attention, to which Plaintiffs have already responded. It was necessary to repeat them because they bear on the dispute before this Court.

- *Third*, Plaintiffs object to the extra pages on the grounds that BCBSAL did not meet and confer before seeking this generally perfunctory relief yet admit they would have opposed BCBSAL's request regardless.

1

- *Fourth and finally*, it is hypocrisy in the highest for Plaintiffs to complain about the failure to meet and confer.  As BCBSAL and other Defendants have repeatedly noted in the proceedings before Judge Putnam, Plaintiffs are *serial* offenders of Fed. R. Civ. P. 37(a)(1).  A particularly low point for Plaintiffs in this regard was the November 30, 2016 Status Conference before Judge Putnam.[1]  There, Plaintiffs had filed four motions to compel without meeting and conferring.  In one of their motions to compel, Plaintiffs gave BCBSAL seven days to respond to a demand for additional search terms but moved to compel the next day, *six days before their self-imposed deadline*.  In another, Plaintiffs moved to compel structured data after BCBSAL had written to request a meet and confer; the motion asked for reference tables that had been produced six months prior.  A third motion to compel also demanded that BCBSAL be held in contempt of court, not because BCBSAL had refused to produce documents by a mutually-agreed upon deadline but because Plaintiffs thought BCBSAL *might not be able to meet the future deadline*.  To be clear, these are just a few of the many times Plaintiffs have run roughshod over the meet and confer requirement.

---

[1] *See* Hr'g Tr. 18-25, Nov. 30, 2016 (attached hereto as Exhibit A).

Respectfully submitted,

/s/ Carl S. Burkhalter
James L. Priester
Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 Sixth Avenue North
Birmingham, AL 35203
Phone: 205-254-1000
jpriester@maynardcooper.com
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

*Counsel for Defendant*
*Blue Cross Blue Shield of Alabama*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2018, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        /s/ Carl S. Burkhalter
                                        Carl S. Burkhalter