FILED
2018 Oct-17 PM 12:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | ) ) ) | **Master File No. 2:13-CV-20000-RDP** This document relates to all cases. |

**<u>ORDER REGARDING BLUE CROSS BLUE SHIELD OF NEBRASKA'S SAMPLE DOCUMENTS</u>**

This matter is before the court on the Objection of Blue Cross Blue Shield of Nebraska ("BCBS-NE") to the Special Master's Report and Recommendation on Privilege Log Samples from BCBS-NE. (Docs. # 2318). Plaintiffs have responded to Plaintiffs' Objection. (Doc. # 2320). At issue is one e-mail in document: NE-PL00000665. (Doc. # 2318).

The court and the Privilege Special Master have previously set forth the applicable attorney-client privilege principles. (Docs. # 1485 at 5; 1870 at 4-7). The court has reviewed the documents and the supplemental information provided to the Privilege Special Master and the court, the specific objections to Judge Harwood's report, and concludes as follows regarding the objections to Judge Harwood's privilege recommendation:

**Document NE-PL000000665** is a string of e-mails which was produced with two e-mails redacted. Judge Harwood found that the first redacted e-mail (chronologically the second e-mail in the chain) clearly conveys counsel's legal opinion and analysis, and sustained the privilege claim as to that e-mail. (Doc. # 2311-1 at 6). However, Judge Harwood found that the second redacted e-mail (chronologically the third e-mail in the chain) only conveys business/internal information and factual information available from the original e-mail. (Doc. # 2311-1 at 7). BCBS-NE objects to this second determination. It argues that where a communication relates to business concerns, it may still be privileged if the communication was "infused with legal

concerns." (Doc. # 2318 at 3). BCBS-NE asserts that the e-mail is privileged because it contains a legal interpretation of BCBS-NE's cede agreement with Wellmark. (*Id.*). The court disagrees. As Judge Harwood found, it is not clear that the predominant purpose of the second redacted e-mail was to seek or give legal advice.

> [T]the burden of proof rests squarely on the party claiming the attorney-client privilege to show that the primary purpose of the communication in question was for the purpose of obtaining legal advice, not business advice. *See, e.g., Carpenter v. Mohawk Indus., Inc.,* No. 4:07–CV–0049–HLM, 2007 WL 5971741, at *9 (N.D.Ga. Oct. 1, 2007) ("When advice given by an attorney relates to both business and legal matters, the legal advice must predominate in order for the attorney-client privilege to apply."); *Hasty v. Lockheed Martin Corp.,* No. Civ. A. 98–1950, 1999 WL 600322, at *2 (E.D.La. Aug. 6, 1999) ("[T]he business aspects of [a corporate] decision are not protected simply because legal considerations are also involved;" and, "in those cases where the document does not contain sufficient information to indicate whether the material was considered confidential, that material should not be privileged."). There is general agreement that the protection of the privilege applies only if the primary or predominant purpose of the attorney-client consultations is to seek legal advice or assistance. *In re Seroquel Products Liability Litigation,* No. 6:06–md–1769–ORL–22DAB, 2008 WL 1995058, at * 4 (M.D.Fla. May 7, 2008) *citing* 1 Paul R. Rice, Attorney–Client Privilege in the United States § 7:5.

*In re Denture Cream Prod. Liab. Litig.,* 2012 WL 5057844, at *6 (S.D. Fla. Oct. 18, 2012). The e-mail at issue is from counsel, but only reflects factual information which can be gleaned from the first chronological e-mail over which no claim of privilege was made. Therefore, the claim of attorney-client privilege has not been substantiated. **Objection overruled. Ruling: Privilege claim as to the third e-mail in the chain dated May 29, 2008, is not substantiated.**

**DONE** and **ORDERED** this October 16, 2018.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE