FILED
2018 Nov-05 PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | ) ) ) | **Master File No. 2:13-CV-20000-RDP** <br> This document relates to all cases. |

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM BCBSA'S PRIVILEGE LOG**

This matter is before the court on that portion of Plaintiffs' Motion to Compel Production of Documents from Certain Defendants' Privilege Logs (Doc. # 2080) that, in turn, relates to BCBSA's privilege log. BCBSA has responded to the Motion. (Doc. # 2090). The following documents are at issue:

- BCBSA 24164
- BCBSA 28662

(Doc. # 2080-22 at 6, 18).

Plaintiffs argue that the documents are not privileged because they contain discussions concerning Blue Rules or business matters rather than privileged legal matters. (Doc. # 2080 at 14). In particular, Plaintiffs assert that, because the documents listed above are of the same nature as other sample documents that were determined to be not privileged, these documents, too, are not privileged. (Doc. # 2080 at 3-4).

The court and the Privilege Special Master have previously set forth the applicable attorney-client privilege principles. (Docs. # 1485 at 5; 1870 at 4-7). The court has reviewed the documents at issue in the Motion and concludes as follows:

**Document BCBSA 24164** is an e-mail chain involving Roger Wilson, BCBSA General Counsel, and Melissa Rotunno, BCBSA Senior Brand Counsel, regarding application of brand regulations to subscriber ID cards.

BCBSA responds that the document is an e-mail chain among BCBSA attorneys analyzing BCBS-MS's compliance with certain brand regulations, and that the brand regulations were put in place to protect BCBS trademarks. Therefore, they argue, the attorney analysis is privileged. (Doc. # 2090 at 2-3).

The court acknowledges that, had the attorneys' analysis even remotely touched on trademark law, the e-mails might be privileged. But here, the analysis simply relates to practical compliance with brand regulations. "'Business advice, unrelated to legal advice, is not protected by the privilege even though conveyed by an attorney to the client.'" *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1392 (N.D. Ga. 2017) (quoting *In re CFS–Related Securities Fraud Litig*., 223 F.R.D. 631 (N.D.Okla. 2004)). The privilege is inapplicable to documents relating to routine business issues such as the proper design of an ID card where trademarks are not implicated. "[S]imple business advice, even if provided by a lawyer, is not privileged." *Ross v. UKI Ltd*., 2004 WL 67221, at *2 (S.D.N.Y. Jan. 15, 2004) (citing *Rossi v. Blue Cross and Blue Shield of Greater New York*, 540 N.E.2d 703 (1989)); *see also United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981) (attorney-client privilege is not available when advice given by attorney is business advice not legal advice). Moreover, other than the automatic e-mail signature noting that the information contained in the e-mail is from a lawyer and "may" be attorney-client privileged, there is no other indication that the e-mails were privileged or were intended to be kept confidential. **Ruling: Privilege claim unsubstantiated.**

**Document BCBSA 28662** is a draft document prepared by Paula Taffe, BCBSA Chief Brand Counsel, and Jimmie Cecil, BCBSA Brand Counsel, regarding analysis of proposed brand regulation.

BCBSA notes that Plaintiffs seek to compel a single sentence of the document which was redacted. They argue that the document is an internal draft, and the redacted section relates to Ms. Taffe's communication with outside counsel reflecting his ultimate legal conclusion regarding his review of BCBSA's policies. BCBSA argues that Plaintiffs' generic assertion that these lawyers' communications reflect business analysis rather than legal analysis should be rejected. (Doc. # 2090 at 1-2).

Only one sentence of the document is redacted. The court has reviewed that sentence and confirmed it reflects outside counsel's legal advice. **Ruling: Privilege claim upheld.**

**DONE** and **ORDERED** this November 5, 2018.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE