FILED
2018 Nov-16 PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | ) ) ) | **Master File No. 2:13-CV-20000-RDP** This document relates to all cases. |

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM INDEPENDENCE'S PRIVILEGE LOG**

This matter is before the court on that portion of Plaintiffs' Motion to Compel Production of Documents from Certain Defendants' Privilege Logs (Doc. # 2333) that relates to Independence's privilege log. Independence has filed a response to the Motion (Doc. # 2337). The following Independence document is at issue: Document IBC-PL-006490.

Plaintiffs argue that the document is not privileged because it relates to lobbying activity or building government relations and does not involve the provision of legal advice. (Doc. # 2333 at 13). Plaintiffs further argue that because the document is of the same nature as other sample documents that were determined to be not privileged it follows that this documents, too, is not privileged. (Doc. # 2333 at 2).

The court and the Privilege Special Master have previously set forth the applicable attorney-client privilege principles. (Docs. # 1485 at 5; 1870 at 4-7). The court has reviewed the documents at issue in the Motion and concludes as follows:

**Document IBC-PL-006490** is a *draft* letter to Pennsylvania State Senator Don White regarding draft state legislation that would have had an impact on the 2008 proposed merger between Independence and Highmark. The cover e-mail for the draft letter reveals that it was prepared by Independence's then-General Counsel, Paul Tufano, based on discussions between Independence and Highmark employees. It was being circulated for further review and

comment. The cover e-mail is marked "ATTORNEY-CLIENT COMMUNICATION/ ATTORNEY WORK-PRODUCT/SUBJECT OF JOINT DEFENSE AGREEMENT: PRIVILEGED & CONFIDENTIAL." The document itself is marked "DRAFT: ATTORNEY CLIENT PRIVILEGE."

"The Court generally finds that the attorney-client privilege applies to confidential, non-public drafts of documents which were prepared by an attorney at the request of the client; communications attaching a draft to an attorney with a request for legal advice regarding its content; or communications that contain notes or comments of the attorney reflecting legal advice regarding a document's content." *See United States v. Davita, Inc*., 301 F.R.D. 676, 683 (N.D. Ga. 2014) (citing *United Food and Commercial Workers Union v. Chesapeake Energy Corp.*, 2012 WL 2370637, *10–11 (W.D. Okla. June 22, 2012)). "Indeed, the proper drafting of sensitive business documents 'is often the type of communication at the core of the attorney-client privilege,' and attorney-client communications discussing and attaching such drafts should generally be entitled to a privilege." *Davita, Inc*., 301 F.R.D. at 683 (citing *UFCW v. Chesapeake Energy Corp.*, 2012 WL 2370637 at *10 (internal citations omitted)).

Finally, although Independence is claiming the privilege applies to this non-final, non-public draft, it "does not take the position that the final version of this letter is privileged and has produced the final version as IBC-00486739." (Doc. # 2337 at 2, n.2). **Ruling: Privilege claim upheld.**

**DONE** and **ORDERED** this November 16, 2018.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE