FILED

2019 Feb-14  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | ) ) ) ) ) ) | **Master File No. 2:13-CV-20000-RDP**  This document relates to all cases. |

**DEFENDANTS' STATUS REPORT REGARDING CASE SCHEDULE**

Pursuant to the Court's instruction at the January 15, 2019 status conference, the parties met and conferred on a proposed schedule for the prioritized proceedings, but were unable to reach agreement.  Defendants' proposed schedule is attached as Exhibit 1.  A proposed Order that tracks the dates in Exhibit 1 is included for the Court's consideration.

Defendants' proposal has class certification motions ready for hearing by January 2020 – the same as Plaintiffs' proposed schedule – and includes well-accepted and common-sense sequencing of the class certification work and merits work that accounts for the impact a class certification decision will have on the scope of merits expert work and certain dispositive motions.  As explained below, this approach would not delay the ultimate conclusion of pretrial proceedings.  Defendants' proposal is consistent with the Court's preferred approach of focusing on crossing the bridge in front of us – class certification.  *See* April 19, 2018 Hearing Tr. at 7.

While Defendants' efficient approach is consistent with principles of fairness, due process, and applicable law, Plaintiffs' proposal is misguided and unworkable in attempting to cross three bridges at once.  It ignores that merits work largely depends upon the outcome of class certification, runs afoul of precedent prohibiting "one-way intervention," builds unfairness into the schedule, and attempts to cram critical pre-trial events of this complex antitrust case

(involving two tracks of plaintiffs) into seven months.  Plaintiffs' proposal would have the Court

hear class certification motions, all dispositive motions, and all *Daubert* motions (for both class

certification and merits) at the same time in January 2020.

The Court has said that it is "a big believer that [you] deal with the bridge in front of you

and then . . . aggressively attack the next bridge when we're finished with that."  April 19, 2018

Hearing Tr. at 7.  The Court also has stated that "I'm not going to make you work on two tracks

simultaneously, but . . . I'm going to probably be more aggressive than [plaintiffs] were on

getting this to a class certification hearing."  *Id.* at 21.  More recently, at the January 15 status

conference, the Court again made clear that the bridge in front of us now is class certification.

*See* Jan. 15, 2019 Hearing Tr. at 14 ("[T]he next thing we need to really focus on is class

certification.").  Consistent with this approach, Defendants' proposed schedule tackles class

certification first, setting out a schedule in two phases: (1) class certification, and (2) merits

expert reports and dispositive motions (while preserving the ability to bring certain dispositive

motions earlier).  Other courts follow this well-accepted method of proceeding in antitrust class

actions.[1]

---

[1] *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, No. 1:10-md-2196 (N.D. Ohio Aug. 30, 2012) (Scheduling order set class certification briefing for June 4, 2013 and summary judgment approximately a year later on May 16, 2014.  Dkt. 417.  Plaintiffs filed for class certification on June 11, 2013, Dkts. 577, 584, and the court ruled on April 9, 2014, Dkts. 1101, 1102. Defendants moved for summary judgment after the court's class certification order on August 25, 2014.  Dkts. 1321-1329.); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, No. 1:07-mc-00489 (D.D.C. July 28, 2009) (Scheduling order set deadline for class certification briefing at March 17, 2010, "reserv[ing] its ruling on further scheduling pending the final outcome of the class certification decision."  Dkt. 296.  The court issued its class certification decision on June 21, 2012, and subsequently set a schedule for merits expert reports and summary judgment briefing on September 20, 2012.  Dkt. 618.); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-1827 (N.D. Cal. Nov. 20, 2008) (Scheduling order set class certification briefing for March and May 2009.  Dkt. 727.  The parties filed in April and June 2009, and the Court ruled on class certification on March 28, 2010.  Dkts. 1641, 1642.  The first motion for summary judgment was not filed until November 3, 2010.  Dkt. 2113.); *In re WellPoint, Inc. Out-of-*

The Court should adopt Defendants' proposal for three reasons:

**First, a ruling on class certification will affect the scope of merits work.**  Requiring merits expert reports and dispositive motions in parallel with class certification would deprive the parties of the very information they need to prepare their merits submissions.  Plaintiffs' class certification motions will reveal which claims, classes, and markets they are pursuing, and the Court's ruling will determine which claims, classes, and markets, if any, can actually proceed on a class-wide basis.  An order denying class certification (in whole or in part) could moot thousands of hours and millions of dollars spent on merits and damages experts.  And a ruling certifying one or more classes could significantly affect the claims and defenses of the parties, as well as the expert analysis, that will be at issue in the merits phase.

For example, assuming *arguendo* that some class(es) are certified, Plaintiffs would still have to prove antitrust impact across any such certified class.  The Court's ruling on class certification will provide critical answers about the scope of any class needed to determine whether there was antitrust impact across that class.  For example:

- Would an Alabama class be state-wide, or at the Metropolitan Statistical Area or county level?

- For Subscribers, would a class include both individual and small group subscribers?

- If a class includes small group subscribers, how would small group be defined?

---

*Network "UCR" Rates Litig.*, No. 2:09-ml-02074 (C.D. Cal.) (The court set deadlines for class certification and stated that "[p]arties will confer thereafter on the deadline for filing of merits expert reports and related depositions[.]"  Dkt. 368.  Plaintiffs filed for class certification on November 8, 2013.  Dkt. 414.  The court ruled on September 3, 2014, denying class certification.  Dkt. 549.  The court set summary judgment briefing for March 4, 2016, after several extensions.  Dkt. 612.).

- Would a subscriber class include all products, or only a subset of product types?

- For Providers, would a class include all provider types (hospitals, physicians, and durable medical equipment providers) or some subset?

- If there were a class of physicians, how would it be defined?  Would it include all types of physicians, or some subset?

The parties cannot adequately or efficiently prepare merits reports and dispositive motions until the Court rules on these issues as part of class certification.

Plaintiffs cannot dispute that the Court's ruling on class certification will affect the scope of expert work and dispositive motions.  Nevertheless, Plaintiffs offer an inefficient process knowing that merits expert reports and dispositive motions could have to be redone based on what classes are or are not certified.  Plaintiffs' only argument for expending the Court's and the parties' resources unnecessarily in this way is that it would lead to an earlier trial.  But even that premise is unfounded.  As discussed at the January 15 status conference, whether the Court grants or denies class certification, a Rule 23(f) appeal from the Court's class certification decision is likely.  *See* Jan. 15, 2019 Hearing Tr. at 30; *see also* April 19, 2018 Hearing Tr. at 15. The Eleventh Circuit generally decides whether to accept Rule 23(f) appeals within two to four months.  If a Rule 23(f) appeal were accepted, no class trial could occur until that appeal was decided.  And even if any Rule 23(f) appeal were declined, the process of issuing class notice and an opportunity for class members to opt out would necessarily follow – a process that takes several months.  Thus, no class trial in the prioritized Alabama proceedings would occur for many months following a decision on class certification under any schedule.  In short, Defendants' proposed schedule captures the efficiencies of doing merits expert work informed by the Court's decision on class certification without any undue delay in trial proceedings in the

4

prioritized Alabama cases.[2]

**Second**, Plaintiffs' attempt to put class certification and dispositive motions on the same track violates the prohibition against "one-way intervention."  Courts in the Eleventh Circuit have repeatedly recognized the rule against "one-way intervention," which "occurs when potential class members are allowed to await judgment on the merits in order to determine whether participation in the class would be favorable to their interests."  *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1252–53 (11th Cir. 2003) (internal quotation marks, ellipses, and brackets omitted); *see, e.g.*, *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2015 WL 11216720, at *1 (S.D. Fla. May 29, 2015); *A & M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 291 F. Supp. 3d 1318, 1334 (S.D. Fla. 2017).  "The result" of one-way intervention "is that putative class members can simply observe the proceedings without assuming any risk that their individual claims may be precluded by an adverse ruling on the merits."  *Alhassid*, 2015 WL 11216720, at *1 (internal quotation marks omitted); *see also Owens v. Hellmuth & Johnson, PLLC*, 550 F. Supp. 2d 1060, 1070 (D. Minn. 2008) ("When a named plaintiff seeks a ruling on the merits and then later seeks class certification, all potential class members are placed in a 'win-win' situation" that "is to be avoided because it is inherently unfair to defendants.").  As the Eleventh Circuit has explained, "Rule 23(c)(2)'s requirement that, in opt-out class actions, notice be given to all class members as soon as practicable was intended by Congress to prevent one-way intervention."  *London*, 340 F.3d at 1252-53 (citing *Schwarzschild v. Tse*, 69 F.3d 293, 295

---

[2] Moreover, Plaintiffs' proposal indicates for the first time that Subscribers plan to seek certification of a "liability only" class under 23(b)(3) with a subsequent trial on "liability," apparently somehow reserving until later a second class certification motion on damages followed by a second trial on damages.  But a damages phase *after* liability class certification and possible appeal, and after a liability trial and appeal, would raise serious Seventh Amendment issues, would be inconsistent with the requirements of Rule 23(b)(3), and would extend the prioritized class proceedings well beyond 2020.

(9th Cir. 1995)).

Because one-way intervention is prohibited, "[d]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified." *Gessele v. Jack in the Box, Inc.*, No. 3:10-CV-960-ST, 2012 WL 3686274, at *2 (D. Or. Aug. 24, 2012) (quoting *Schwarzschild*, 69 F.3d at 295); *see also Peritz v. Liberty Loan Corp.*, 523 F.2d 349, 353 (7th Cir. 1975) ("[T]he amended Rule 23 [r]equires class certification prior to a determination on the merits."); *Philip Morris Inc. v. Nat'l Asbestos Workers Med. Fund*, 214 F.3d 132, 135 (2d Cir. 2000) ("it is difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." (internal quotation marks omitted)); *Larionoff v. U.S.*, 533 F.2d 1167, 1182-83 (D.C. Cir. 1976), judgment aff'd, 431 U.S. 864 (1977) ("Clearly, a District Court cannot simultaneously certify an action under Rule 23(b)(3) and enter a final judgment in the action since Rule 23(c)(2) expressly requires prejudgment notice to the absent members of a Rule 23(b)(3) class concerning, among other things, their opportunity to 'opt out' of the class."). Courts have declined to consider dispositive motions filed by plaintiffs at or about the same time as motions for class certification. *Alhassid*, 2015 WL 11216720, at *1 (declining to consider plaintiff's motion for summary judgment until ruling on class certification); *Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 335 (S.D.N.Y. 2009) (denying cross-motions for summary judgment without prejudice to refiling after class notice).

Plaintiffs' proposal to put class certification and all dispositive motions on the same track runs headlong into the one-way intervention rule. Plaintiffs' proposal would allow them to file dispositive motions by May 15, one month after filing class certification motions and two months before Defendants oppose class certification. Plaintiffs' proposal also would require Defendants to file dispositive motions by July 15, the same day the opposition to class

certification is due.  But any decision on Plaintiffs' dispositive motions would be premature under the one-way intervention rule.  Three things would need to happen before the Court could rule on such motions: (1) the Court would need to resolve the class certification motions, (2) if the Court granted certification under Rule 23(b)(3), at a minimum, notice would need to be issued to the class, and (3) class members would have to be given the opportunity to opt out.  Thus, under Plaintiffs' proposal, the parties would go through the exercise of preparing class certification and merits expert reports simultaneously, deposing class and merits experts at the same time, and bringing all dispositive motions, only to have merits reports and class-dependent summary judgment motions sit in abeyance while the Rule 23 process unfolds, and subject to being redone following the Court's ruling on class certification.  This "hurry up and wait" scenario makes no sense and is inefficient.

Defendants' proposed schedule protects against one-way intervention and addresses the binding effect of decisions on dispositive motions.  The decision of whether to file early dispositive motions is Defendants' to make.  *See, e.g.*, *Alhassid*, 2015 WL 11216720, at *1 (noting that courts have considered summary judgment motions prior to class certification only where defendant, "the side protected by the rule," chose to file a dispositive motion).  Plaintiffs cannot *force* Defendants to "assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members."  *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1382 (D.C. Cir. 1980) (quotation marks and citations omitted).

**Third, Plaintiffs' attempt to combine class certification and merits is fundamentally unfair and prejudices Defendants in their ability to defend.**  Plaintiffs have had two years to prepare their class certification motion, merits reports, and dispositive motions, knowing exactly what classes and markets they will put forward; by contrast, Defendants' responses to these

motions and reports will depend on the putative classes and markets Plaintiffs propose.  The overlapping, conflated schedule proposed by Plaintiffs clearly prejudices Defendants.  Indeed, Plaintiffs propose that Defendants complete the following in three months: (1) prepare oppositions to two class certification motions, (2) prepare oppositions to whatever dispositive motions Plaintiffs file, (3) prepare dispositive motions against two sets of Plaintiffs, (4) prepare merits expert reports in support of dispositive motions, (5) depose Plaintiffs' experts on class certification (of which there are likely to be at least six), (6) depose Plaintiffs' experts on the merits (of which there are an unknown number), (7) prepare *Daubert* motions regarding Plaintiffs' class experts, and (8) prepare *Daubert* motions regarding Plaintiffs' merits experts.[3] And Plaintiffs propose that Defendants do all of that without the benefit of the Court's ruling on class certification.

The prejudice is plain.  Plaintiffs have had *years* to develop their class certification theories, expert reports, economic models, and dispositive motions.  Assuming class certification motions are due on March 29, 2019, Plaintiffs will have had an extra 22 months beyond the original scheduling order to prepare their class certification materials.  *See* Streamlining Scheduling Order, Dkt. 469 at 6 (making class certification motions due on June 1, 2017). Discovery closed on December 1, 2017, *see* Third Amended Scheduling Order, Dkt. 1567, meaning Plaintiffs will have had 16 months since the close of discovery to prepare their class certification materials.  But Defendants have to respond to whatever classes, reports, and models Plaintiffs develop.  The bulk of Defendants' work must be done *after* Plaintiffs file their class certification motions and submit their expert reports, and in just a few months.  Defendants' class

---

[3] Plaintiffs' proposed schedule is unreasonable and unfair for another reason: they give themselves a month between filing class certification and dispositive motions, but do not propose giving Defendants a month between filing oppositions.

certification work will already be an enormous task, including responding to two different class certification motions (in a case with a factual record consisting of over 72,000,000 pages of documents and 200 depositions), developing Defendants' own expert reports, studying at least six Plaintiff expert reports (three for each side), deposing those experts, and preparing *Daubert* motions.   To require Defendants to prepare merits reports, prepare dispositive motions, and oppose Plaintiffs' dispositive motions *at the same time* as the required class certification work is not just unreasonable – it gives Plaintiffs an unfair advantage on the most significant aspects of this case.[4]

At the hearing, the Court asked Defendants to consider building into the scheduling order language distinguishing between different types of motions for summary judgment.   Defendants reflected on this, but it is difficult to draw a bright line distinction between potential motions, especially before the outcome of class certification is known.   Certain potential dispositive motions (for example, those relating to market definition and damages) must await the outcome of class certification.   Others do not turn on the nature and scope of the class, and could potentially be brought earlier.   Accordingly, under Defendants' proposed schedule there is no prohibition on the parties filing earlier dispositive motions where appropriate, subject to the one-

---

[4] The parties' proposed schedules have different dates for the filing of class certification motions and oppositions.  Plaintiffs propose April 15, 2019 for class certification and other motions with 90 days for Defendants to respond.  Defendants propose March 29, 2019 for class certification motions with 120 days for Defendants to respond.  Defendants have no objection to the Court granting Plaintiffs additional time beyond the March 29 date discussed with the Court at the January 15 status hearing, but for all the reasons stated above, Defendants would request that their opposition to class certification and class expert reports be due 120 days from the filing of Plaintiffs' motions for class certification (which would be August 13 if Plaintiffs filed on April 15).  Under that schedule, class certification would still be ready for hearing in January 2020.

way intervention rule discussed above.[5]  Defendants propose that for any summary judgment motion a party proposes to file before class certification is decided, the parties meet and confer on the briefing schedule, including whether it is appropriate and consistent with applicable law for the motion to be briefed or decided before class certification is decided.  If the parties cannot reach agreement, they would submit within 5 days of the meet and confer a joint status report not to exceed six pages stating their positions and requesting the Court's guidance.

Finally, while Plaintiffs propose that the "Court can consider remand of non-AL cases" at the hearing on class certification, Defendants submit that it would be premature to consider remand before class certification and other pretrial motions are decided.


Dated: February 14, 2019                    Respectfully submitted,

                                            /s/ Craig A. Hoover
                                            Craig A. Hoover
                                            E. Desmond Hogan
                                            Justin Bernick
                                            Peter Bisio
                                            Elizabeth Jose
                                            HOGAN LOVELLS US LLP
                                            Columbia Square
                                            555 13th Street, N.W.
                                            Washington, DC 20004
                                            Tel: (202) 637 5600
                                            Fax: (202) 637 5910
                                            craig.hoover@hoganlovells.com
                                            desmond.hogan@hoganlovells.com
                                            justin.bernick@hoganlovells.com
                                            peter.bisio@hoganlovells.com
                                            elizabeth.jose@hoganlovells.com

                                            *Co-Coordinating Counsel for the Defendants*

---

[5] If the Court were to set an earlier deadline for certain dispositive motions, however, Defendants submit that it should only apply to dispositive motions not dependent upon a class certification decision.

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

John Martin
Lucile H. Cohen
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9421
Fax: (803) 255-9054
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com

*With Hogan Lovells, counsel for Blue Cross
and Blue Shield of North Carolina, Inc.;
Blue Cross and Blue Shield of Florida, Inc.;
Louisiana Health Service & Indemnity
Company (Blue Cross and Blue Shield of
Louisiana); Blue Cross and Blue Shield of
Massachusetts, Inc.; BCBSM, Inc.
(Blue Cross and Blue Shield of Minnesota);
Blue Cross and Blue Shield of
South Carolina; Horizon Healthcare Services,
Inc. (Horizon Blue Cross and Blue Shield of
New Jersey); Blue Cross & Blue Shield of
Rhode Island; Blue Cross and Blue Shield of
Vermont; Cambia Health Solutions, Inc.;
Regence Blue Shield of Idaho; Regence
Blue Cross Blue Shield of Utah; Regence
Blue Shield (of Washington); Regence
Blue Cross Blue Shield of Oregon*

Christine Varney
Evan Chesler
Karin DeMasi

David J. Zott, P.C.
Daniel E. Laytin, P.C.
Sarah J. Donnell
Christa C. Cottrell, P.C.
Zachary Holmstead
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
david.zott@kirkland.com
daniel.laytin@kirkland.com
sdonnell@kirkland.com
ccottrell@kirkland.com
zachary.holmstead@kirkland.com

*Co-Coordinating Counsel for the Defendants*

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE JORDAN RATLIFF &
BRANDT LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Defendants' Liaison Counsel*

*With Kirkland & Ellis, counsel for Defendant,
Blue Cross and Blue Shield Association*

James L. Priester
Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza

11

Lauren Kennedy
CRAVATH SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
cvarney@cravath.com
echesler@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com

*Counsel for Defendant Blue Cross and*
*Blue Shield of Tennessee, Inc.;*
*Blue Cross Blue Shield of Alabama*

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL 35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendant Blue Cross and*
*Blue Shield of Tennessee, Inc.*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX 75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
63 South Royal Street, 13th Floor
Riverview Plaza
Mobile, AL 36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

Birmingham, AL 35203
Tel: (205) 254-1000
Fax: (205) 254-1999
jpriester@maynardcooper.com
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

Pamela B. Slate
HILL HILL CARTER FRANCO COLE &
BLACK, P.C.
425 South Perry Street
Montgomery, AL 36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*Counsel for Defendant,*
*Blue Cross Blue Shield of Alabama*

Helen E. Witt, P.C.
Jeffrey J. Zeiger, P.C.
Erica B. Zolner
Casey R. Fronk
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
hwitt@kirkland.com
jzeiger@kirkland.com
ezolner@kirkland.com
cfronk@kirkland.com

Kimberly R. West (*Liaison Counsel*)
Mark H. Hogewood
WALLACE JORDAN RATLIFF &
BRANDT LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35253
Tel: (205) 870-0555
Fax: (205) 871-753

*Counsel for Defendants, Carefirst, Inc.;
Carefirst of Maryland, Inc.; Group
Hospitalization and Medical Services, Inc.;
CareFirst BlueChoice, Inc.*

R. David Kaufman
M. Patrick McDowell
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902
dkaufman@brunini.com
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS BLUE SHIELD OF
MISSISSIPPI
P. O. Box 1043
Jackson, MS 39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

John Martin
Lucile H. Cohen
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Tel: (803) 255-9421
Fax: (803) 255-9054
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com

*Counsel for Defendant, Blue Cross
Blue Shield of Mississippi, a Mutual
Insurance Company*

Michael A. Naranjo

kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants, Health Care Service
Corporation, an Illinois Mutual Legal Reserve
Company, including its divisions Blue Cross
and Blue Shield of Illinois, Blue Cross and
Blue Shield of Texas, Blue Cross and
Blue Shield of New Mexico, Blue Cross and
Blue Shield of Oklahoma, and Blue Cross and
Blue Shield of Montana; Caring for
Montanans, Inc., f/k/a Blue Cross and
Blue Shield of Montana, Inc.; Highmark Inc.,
f/k/a Highmark Health Services; Highmark
West Virginia Inc.; Highmark Blue Cross
Blue Shield Delaware Inc.; California
Physicians' Service d/b/a Blue Shield of
California*

Jonathan M. Redgrave
Victoria A. Redgrave
REDGRAVE, LLP
14555 Avion Parkway, Suite 275
Chantilly, VA 20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com
vredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark
Defendants*

Andy P. Campbell
Stephen D. Wadsworth
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL, GUIN, WILLIAMS, GUY
& GIDIERE LLC
505 20th Street North, Suite 1600
Birmingham, AL 35203
Tel: (205) 224-0750
Fax: (205) 224-8622

FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Tel: (415) 984-9847
Fax: (415) 434-4507
mnaranjo@foley.com

Alan D. Rutenberg
Benjamin R. Dryden
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
Tel: (202) 672-5300
Fax: (202) 672-5399
arutenberg@foley.com
bdryden@foley.com

*Counsel for Defendant, USAble Mutual
Insurance Company, d/b/a Arkansas
Blue Cross and Blue Shield*

Charles L. Sweeris
Law Department
BLUE SHIELD OF CALIFORNIA
50 Beale Street
San Francisco, CA 94105
Tel: (415) 229-5107
Fax: (415) 229-5343
charles.sweeris@blueshieldca.com

*Counsel for California Physicians' Service
d/b/a Blue Shield of California*

Robert K. Spotswood
Michael T. Sansbury
Joshua K. Payne
Mary G. Menge
Morgan B. Franz
Jess R. Nix
SPOTSWOOD SANSOM & SANSBURY
LLC
One Federal Place

andrew.campbell@campbellguin.com
stephen.wadsworth@campbellguin.com
todd.campbell@campbellguin.com
yawanna.mcdonald@campbellguin.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.
BODMAN PLC
201 South Division Street, Suite 400
Ann Arbor, MI 48104
Tel: (734) 761-3780
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Todd Stenerson
SHEARMAN & STERLING LLP
401 9th Street, NW
Suite 800
Washington, DC 20004-2128
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com

*Counsel for Defendant, Blue Cross and
Blue Shield of Michigan*

John Briggs
Rachel Adcox
AXINN, VELTROP & HARKRIDER, LLP
950 F Street, N.W.
Washington, DC 20004
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
radcox@axinn.com

Stephen A. Rowe
Aaron G. McLeod
ADAMS AND REESE LLP
Regions Harbert Plaza
1901 6th Avenue North, Suite 3000

1819 5th Avenue North, Suite 1050
Birmingham, AL 35203
Tel: (205) 986-3620
Fax: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jpayne@spotswoodllc.com
mmenge@spotswoodllc.com
mfranz@spotswoodllc.com
jnix@spotswoodllc.com
*Counsel for Defendant Capital BlueCross*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON
LLP
1420 Fifth Ave, Suite 3700
Seattle, WA 98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

J. Bentley Owens, III
WALLACE, ELLIS, FOWLER, HEAD
& JUSTICE
113 North Main Street
Columbiana, AL 35051-0587
Tel: (205) 669-6783
Fax: (205) 669-4932
bowens@wefhlaw.com

*Counsel for Defendants, Premera Blue Cross
d/b/a Premera Blue Cross Blue Shield of
Alaska*

David J. Zott, P.C.
Daniel E. Laytin, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
david.zott@kirkland.com

Birmingham, AL 35203
Tel: (205) 250-5000
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendant,
Independence Blue Cross*

Edward S. Bloomberg
John G. Schmidt
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY 14203
Tel: (716) 847-7096
Fax: (716) 852-6100
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

Stephen A. Walsh
ADAMS and REESE LLP
1901 Sixth Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5000
Fax: (205) 250-5091
Stephen.walsh@arlaw.com

*Counsel for Defendant, Excellus Health Plan,
Inc., d/b/a Excellus BlueCross BlueShield,
incorrectly sued as Excellus BlueCross
BlueShield of New York*

Kathleen Taylor Sooy
Tracy A. Roman
April N. Ross
Michael W. Lieberman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

15

daniel.laytin@kirkland.com

*Counsel for Defendants Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc.*

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL 35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Tel: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
troman@crowell.com
aross@crowell.com
mlieberman@crowell.com

John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
Tel: (205) 581-0716
Fax: (205) 380-9116
jjohnson@lightfootlaw.com

*Counsel for Defendants, Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Kansas City; Blue Cross and Blue Shield of Nebraska; Blue Cross Blue Shield of Arizona; Blue Cross Blue Shield of North Dakota; Blue Cross Blue Shield of Wyoming; HealthNow New York Inc.; BlueShield of Northeastern New York; BlueCross BlueShield of Western New York*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2019, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Craig A. Hoover
Craig A. Hoover