FILED
2019 Apr-15 PM 04:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br><br>MDL. NO. 2406 | Master File No. 2:13-CV-20000-RDP<br><br>This document relates to: Subscriber Track cases<br><br>[UNREDACTED – CONTAINS OUTSIDE COUNSEL ONLY MATERALS] |

# EXECUTIVE SUMMARY OF THE EXPERT REPORTS OF DR. DANIEL RUBINFELD AND DR. ARIEL PAKES

**Expert Report of Dr. Daniel Rubinfeld**

1. Daniel Rubinfeld is the Robert L. Bridges Professor of Law and Professor of Economics Emeritus at the University of California, Berkeley and Professor of Law at NYU. He received his Ph.D in economics from M.I.T. in 1972. He served as Deputy Assistant Attorney General at the Antitrust Division of the U.S. Department of Justice from June of 1997 through December of 1998. Dr. Rubinfeld is the co-author of two standard economic textbooks: *Microeconomics* and *Econometric Models and Economic Forecasts*. He has testified extensively in antitrust cases before both federal courts and agencies. He previously presented a declaration to this Court in support of the Subscriber Plaintiffs' (and in opposition to Defendants') motions for summary judgment. *See* SX316 (Doc. 1436-100).

2. His assignment in the present context was to offer his opinion as to whether economic evidence and methods used to prove liability and anticompetitive impact are common to members of both the proposed Nationwide Injunctive Relief Class and the proposed Alabama Damages Class, as defined in the Subscriber Plaintiffs' motions and in his report. He does not opine on the calculation of damages for the Alabama Damages Class, a task being undertaken by a separate expert, Dr. Ariel Pakes.

3. In undertaking his analysis, Dr. Rubinfeld relied on the Court's prior ruling that the Blue Cross Blue Shield Association's ("BCBSA") rules on Exclusive Service Areas ("ESAs") and National Best Efforts ("NBEs") are subject to a *per se* standard of antitrust liability. *In re Blue Cross Blue Shield Antitrust Litig.*, 308 F. Supp. 3d 1241 (N.D. Ala.), *permission to appeal denied*, 2018 WL 7152887 (11th Cir. Dec. 12, 2018). In carrying out his assignment, Dr. Rubinfeld studied numerous prior pleadings, briefs, and expert reports, as well as many documents produced, and depositions taken, in this case.

4. Dr. Rubinfeld's ultimate conclusions are that, based on his professional opinion and consistent with fundamental economic principles, the potential adverse effects of the ESAs and NBEs include: (a) higher insurance premiums; (b) lower quality service; (c) a reduction in output; (d) less innovation; and (e) fewer choices among insurance providers both as to services and products. Rubinfeld Report ¶21. He finds that these potential adverse effects can be evaluated on a classwide basis with respect to the both the Nationwide Injunctive Relief Class and the Alabama Damages Class. *Id.* ¶22.

5. **ESAs and NBE**: As Dr. Rubinfeld explains at length, quoting extensively from BCBSA and Blue Plan documents, common evidence can be used to show that ESAs impose a horizontal restraint that is a prohibition on competition based on geography. *Id.* ¶¶69-73. This restraint inhibits innovation and consumer choice and results in a combination of higher premiums and restricted growth to members of the Subscriber Classes. *Id.* ¶¶142-161. He finds that common evidence demonstrates that the Blue Plans themselves recognized that the ESAs limit competition. *Id.* ¶74.

6. Dr. Rubinfeld also finds that common evidence demonstrates that ESAs interact with NBEs to drastically limit Blue Plans' abilities to grow on an unbranded basis. *Id.* ¶¶78-82. Again, Dr. Rubinfeld cites to common evidence from BCBSA's own documents consistent with a finding that BCBSA was deeply concerned about Blue Plans circumventing the ESAs and competing in each other's ESAs on an unbranded basis, a risk that was reduced by the creation of NBEs. *Id.* ¶¶42-59. Dr. Rubinfeld cites to the real-world example of the recent Anthem/Cigna merger trial to demonstrate through common evidence how the NBE limits unbranded growth and disincentivizes investment in unbranded business that could compete with Blue Plans. *Id.* ¶¶83-105.

7. **Alabama Damages Class**: Dr. Rubinfeld finds that each element of a restraint of trade in violation of Section 1 of the Sherman Act (15 U.S.C.§1) can be proven with common evidence. *Id.* ¶¶114-61. He finds that common evidence can be used to show that both of these restraints are agreements to limit or eliminate competition among Blue Plans that apply to all members of the Subscriber Classes. *Id.* ¶119, 125. He further finds that common evidence can be used to show that all of the Blue Plans admit that they have entered into an agreement to allocate geographic territories through ESAs, and further admit that they have agreed to enact NBE rules limiting unbranded competition. *Id.* ¶120-22. Dr. Rubinfeld finds that there is common evidence that all Blue Plan defendants, including Blue Cross Blue Shield of Alabama ("BCBS-AL"), are subject to these restraints. *Id.* ¶¶40, 60, 119.

8. Dr. Rubinfeld finds that there is common evidence that is consistent with an economic finding that, absent the restraints, other Blue Plans would have entered the Alabama market, whether on a Blue of Green basis, and offered health insurance to the Alabama Damages Class. *Id.* ¶¶126-30. BCBSA and Blue Plan documents describing Blue Plans' concerns that entry by rival Blue Plans would occur but for the imposition ESAs is common economic proof that Blue entry would have occurred. *Id.* ¶127. Similarly, documents produced in this litigation indicate that entry by rival Blue licensees on a "Green", or unbranded, basis would have occurred but-for the National Best Efforts restrictions is common economic proof of Green entry. *Id.* ¶130.

9. Dr. Rubinfeld also finds that, based on common economic proof, the restraints caused antitrust injury in the form of higher premiums, lack of additional health insurance products, and loss of innovation, citing real world examples from the Anthem-Cigna merger trial

in 2017 (and satellite litigation between Anthem and Cigna that went to trial in 2019). *Id.* ¶¶138-161; *id.* ¶¶83-105.

10. **Nationwide Injunctive Class**: Dr. Rubinfeld finds that a nationwide injunctive class is supported by common economic proof. First, he finds that common evidence is consistent with the nationwide uniformity of application of the challenged restraints to all Blue Plans, such that the Blue Plans act in a manner generally applicable to the nationwide injunctive class. *Id.* ¶¶165-66. Second, Dr. Rubinfeld finds that removal of the restraints would provide the benefit of more competition to the class as a whole. *Id.* ¶167.

**Expert Report of Dr. Ariel Pakes**

1. Ariel Pakes is the Thomas Professor of Economics in the Department of Economics at Harvard University, where he teaches courses in Industrial Organization, the Economics of the Health Care Industry, and Econometrics. He received a Ph.D from Harvard in 1979 and is the recipient of numerous professional awards, both in the United States and elsewhere. His research has focused on developing methods for empirically analyzing responses of markets to institutional and policy changes. He has authored a number of the seminal papers in this area (*see, e.g.*, Kate Ho and Ariel Pakes, "Hospital Choices, Hospital Prices and Financial Incentives to Physicians," *American Economic Review* 104, no. 12 (2014): 3841-84; Kate Ho, Ariel Pakes, and Mark Shepard, "The evolution of health insurer costs in Massachusetts, 2010–2012," *Review of Industrial Organization* (2018): 1-21), as well as other recent papers focused specifically on healthcare markets. In addition, he has mentored over sixty students, many of whom are now leading researchers in Industrial Organization and related fields at prestigious institutions.

2. Dr. Pakes was asked by counsel for Subscribers to examine and model entry by Blue Plans into the state of Alabama (in which BCBS-AL now possesses a dominant market share) in a but-for world where the ESAs and the NBE did not exist. Dr. Pakes then calculates the resulting damages to members of the proposed Alabama Damages Class, broken down by individual, small group (2-50 employees) and medium group (51 to 200 employees) segments, as described in the relevant class certification motion and in Dr. Pakes' report. Pakes Report ¶¶18-26.

3. **Entry into Alabama:** Dr. Pakes finds that common economic evidence establishes that, absent the ESAs and NBE, one or more Blue Plans would have entered BCBS-AL's ESA, either on a Blue-branded or unbranded "Green" basis. *Id.* ¶5.

4. First, Dr. Pakes finds that the Alabama marketplace is highly concentrated due to BCBSAL's exceptionally large market share. *Id.* ¶¶27-40. He finds that BCBS-AL was highly profitable during the proposed Alabama Damages Class period (April 17, 2008 to December 31, 2013). *Id.* ¶¶41-48. He further finds that BCBS-AL offered a limited set of insurance products to its customers and did not use methods of paying providers which have proven cost effective. *Id.* ¶¶62-78. The absence of a variety of products and of cost-effective policies in the Alabama market would have made entry attractive to potential competitors. *Id.* ¶¶61, 71.

5. Moreover, Blue Plans not currently operating in Alabama had both the desire to expand into other geographies and the assets, infrastructure, and experience to successfully enter Alabama. *Id.* ¶¶106-124. This is true whether or not the entry would have been as a "Blue" or "Green" health insurer. *Id.* ¶¶125-26. In particular, Anthem (via BCBS-GA, a neighboring Blue Plan) was a particularly likely entrant. *Id.* ¶¶142-46.

6. **Benefits of Competition:** Dr. Pakes also finds that, absent ESAs and NBEs, entry into the Alabama market would increase competition among insurers. *Id.* ¶7. As Dr. Pakes notes, it is a fundamental precept of economics that entry disciplines prices (for the Subscriber Plaintiffs, premiums), thus preventing firms from obtaining supernormal profits. *Id.*; *see also id.* ¶150-52. He opines that by preventing entry and reducing competition, ESAs and NBEs have harmed consumers.

7. Dr. Pakes finds that restraints on entry have non-premium economic effects as well. *Id.* ¶8. Competition has the effect of encouraging innovation, and barriers to entry both dull the incentives for the incumbent to innovate and bar innovative firms from entering the market. *Id.*; *id.* ¶¶82-84. These barriers also limit the choices available to populations of consumers with different needs. *Id.* ¶85. When Dr. Pakes, calculates the likely effect of entry into the Alabama

market on Subscriber premiums, he notes that his calculation does not consider the additional benefits of innovation and product diversity that would likely accompany entry. *Id.* ¶86. As a result, Dr. Pakes' estimates provide a lower bound to the likely benefits of entry. *Id.; see also id.* ¶267.

8. **Modeling the Effects of Entry**: To calculate the impact of entry on premiums, Dr. Pakes uses the two analytical frameworks that have dominated the economic literature of the effects of competition on premiums: (1) a reduced form analysis and (2) structural methods. *Id.* ¶9.

9. The reduced form approach uses regression analysis to examine the relationship between insurer concentration and premiums. *Id.* ¶149. It provides a set of coefficients that relate the characteristics of the market in different regions (including measures of concentration) to premiums for coverage in those regions. *Id.* ¶10. Dr. Pakes uses the model and coefficients estimated by Erin E. Trish and Bradley J. Herring ("How do health insurer market concentration and bargaining power with hospitals affect health insurance premiums?," *Journal of health economics* 42 (2015): 104-114) which is the most detailed published reduced form analysis of health insurance markets of which Dr. Pakes is aware. *Id.* ¶92. He applies this model to the relevant characteristics of the Alabama market prior to and after entry to calculate the resulting change in premiums. *Id.* ¶¶93, 153-69.

10. Dr. Pakes' reduced form model provides common evidence that, for the Alabama Damages Class, premiums for all or virtually all Class members would fall by about 3.4% to 5.5% upon entry, depending upon the market share attained by the entrant, with the smaller impact resulting from an entrant that obtains a market share of 20% and the larger impact from an entrant that obtains a 45% market share. *Id.* ¶¶157, 163, Table 17.

11. Dr. Pakes also conducts a structural analysis of entry. He uses Alabama-specific data and a behavioral economic model of the relationships among the participants in the health insurance market in Alabama to predict what premiums would have been had there been entry. *Id.* ¶¶95-99, 170-71. The structural model follows the most detailed published structural model of the health insurance available, that of Kate Ho and Robin S. Lee. *See* "Insurer competition in health care markets," *Econometrica* 85, no. 2 (2017): 379-417. *Id.* ¶173.

12. Dr. Pakes models entry on both a Blue and a Green basis. For each, he estimates Alabama-specific models of consumer demand and health care costs, then uses the estimated model to calculate premiums before and after entry of the Blue or Green plan. *Id.* ¶¶206-50. Using this approach, he finds that entry would reduce premiums for all or virtually all of the Subscriber Class. ¶270.

13. These premium reductions are consistent with the results of the reduced form analysis, which provides a cross-check on Dr. Pakes' structural model. Dr. Pakes calculates total damages in excess of $400 million. *Id.* Tables 28 & 29.

14. Based on Dr. Pakes' analysis, he opines that all or virtually all of the Alabama Damages Class was injured by the restraints on entry of the BCBSA. *Id.* ¶12.

This the 15th day of April, 2019

Chris T. Hellums – ***Local Facilitating Counsel***
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place N, 1100 Park Place Tower
Birmingham, AL 35203
Tel: (205) 322-8880
Fax: (205) 328-2711
chrish@pittmandutton.com

Charles J. Cooper – ***Co-Chair, Written Submissions Committee***
COOPER & KIRK, PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

David Boies – ***Co-Lead Counsel***
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8300
dboies@bsfllp.com

Michael Hausfeld – ***Co-Lead Counsel***
Swathi Bojedla
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeldllp.com
sbojedla@hausfeldllp.com

David Guin – ***Co-Chair, Written Submissions Committee***
Tammy Stokes – ***Damages Committee***
GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. North
Suite 600/Title Building
Birmingham, AL 35203
Tel: (205) 226-2282
Fax: (205) 226-2357
davidg@gseattorneys.com
tammys@gseattorneys.com

William A. Isaacson – ***Settlement Committee & PSC Member***
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
wisaacson@bsfllp.com

Gregory Davis – ***Settlement Committee & PSC Member***
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
Tel: (334) 832-9080
Fax: (334) 409-7001
gldavis@knology.net

Megan Jones – ***Settlement Committee & PSC Member***
Arthur Bailey – ***Discovery Committee***
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mjones@hausfeldllp.com
abailey@hausfeldllp.com

Kathleen Chavez – ***Settlement Committee & PSC Member***
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
kcc@fmcolaw.com

Cyril V. Smith – ***Settlement Committee & PSC Member***
ZUCKERMAN SPAEDER, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Tel: (410) 949-1145
Fax: (410) 659-0436
csmith@zuckerman.com

Eric L. Cramer – ***Expert Committee***
BERGER & MONTAGUE, P.C.
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 1-800-424-6690
Fax: (215) 875-4604
ecramer@bm.net

Richard Feinstein – ***Expert Committee***
Hamish P.M. Hume – ***Discovery Committee***
BOIES, SCHILLER & FLEXNER LLP
1401 New York Ave, NW
Washington, DC 20005
Tel: (202) 237-2727
Fax: (202) 237-6131
rfeinstein@bsfllp.com
hhume@bsfllp.com

Patrick Cafferty – ***Discovery Committee***
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
220 Collingwood, Suite 130
Ann Arbor, MI 48104
Tel: (734) 769-2144
Fax: (734) 769-1207
pcafferty@caffertyclobes.com

Bryan Clobes – ***Litigation Committee***
Ellen Meriwether – ***Written Submissions Committee***
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
205 N. Monroe St.
Media, PA 19063
Tel: (215) 864-2800
Fax: (215) 864-2810
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

Douglas Dellaccio – ***Litigation Committee***
CORY WATSON, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 32505
Tel: (205) 328-2200
Fax: (205) 324-7896
ddellaccio@cwcd.com

Chris Cowan – ***Damages Committee***
THE COWAN LAW FIRM
4500 N Versailles Ave
Dallas, TX 75205-3015
Tel: (214) 826-1900
Fax: (214) 826-8900
chris@cowanlaw.net

Edwin J. Kilpela, Jr.
Benjamin Sweet – ***Litigation Committee***
CARLSON LYNCH SWEET KILPELA & CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246
ekilpela@carlsonlynch.com
bsweet@carlsonlynch.com

Robert M. Foote – ***Damages Committee***
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
rmf@fmcolaw.com

Charles T. Caliendo – ***Class Certification Committee***
GRANT & EISENHOFER
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
ccaliendo@gelaw.com

Robert Eisler – ***Discovery Committee***
GRANT & EISENHOFER
123 Justison Street, 17th Floor
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
reisler@gelaw.com

Daniel Gustafson – ***Litigation Committee***
Daniel C. Hedlund – ***Damages Committee***
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Brent Hazzard – ***Litigation Committee***
HAZZARD LAW, LLC
447 Northpark Drive
Ridgeland, MS 39157
Tel: (601) 977-5253
Fax: (601) 977-5236
brenthazzard@yahoo.com

John Saxon – ***Litigation Committee***
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203-3314
Tel: (205) 324-0223
Fax: (205) 323-1583
jsaxon@saxonattorneys.com

Lawrence Jones – ***Damages Committee***
JONES WARD PLC
1205 E. Washington St., Suite 111
Louisville, KY 40202
Tel: (502) 882-6000
larry@jonesward.com

Andrew Lemmon – ***Chair, Discovery Committee***
LEMMON LAW FIRM
15058 River Road
PO Box 904
Hahnville, LA 70057
Tel: (985) 783-6789
Fax: (985) 783-1333
andrew@lemmonlawfirm.com

Virginia Buchanan – ***Chair, Class Certification Committee***
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7000
Fax: (850) 435-7020
vbuchanan@levinlaw.com

Robert Methvin – ***Chair, Settlement Committee***
James M. Terrell – ***Class Certification Committee***
METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199
Fax: (205) 939-0399
rgm@mmlaw.net
jterrell@mmlaw.net

Michael McGartland – ***Class Certification Committee***
MCGARTLAND LAW FIRM, PLLC
1300 South University Drive, Suite 500
Fort Worth, TX 76107
Tel: (817) 332-9300
Fax: (817) 332-9301
mike@mcgartland.com

H. Lewis Gillis – ***Co-Head Chair, Litigation Committee***
MEANS GILLIS LAW, PC
60 Commerce Street, Suite 200
Montgomery, AL 36104
Tel: 1-800-626-9684
hlgillis@tmgslaw.com

David J. Hodge – ***Chair, Settlement Committee***
MORRIS, KING & HODGE
200 Pratt Avenue NE
Huntsville, AL 35801
Tel: (256) 536-0588
Fax: (256) 533-1504
dhodge@mkhlawyers.com

Dianne M. Nast – ***Class Certification Committee***
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
Fax: (215) 923-9302
dnast@nastlaw.com

Patrick W. Pendley – ***Chair, Damages Committee***
Christopher Coffin – ***State Liaison Committee***
PENDLEY, BAUDIN & COFFIN, LLP
Post Office Drawer 71
Plaquemine, LA 70765
Tel: (225) 687-6369
Fax: (225 687-6398
pwpendley@pbclawfirm.com
ccoffin@pbclawfirm.com

Edgar D. Gankendorff – ***Co-Head Chair, Litigation Committee***
Eric R.G. Belin – ***Damages Committee***
PROVOSTY & GANKENDORFF, LLC
650 Poydras Street, Suite 2700
New Orleans, LA 70130
Tel: (504) 410-2795
Fax: (504) 410-2796
egankendorff@provostylaw.com
ebelin@provostylaw.com

Richard Rouco – ***Written Submissions Committee***
QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP
2 20th Street North, Suite 930
Birmingham, Alabama 35203
Tel: (205) 870-9989
Fax: (205) 803-4143
rrouco@qcwdr.com

Garrett Blanchfield – ***Written Submissions Committee***
REINHARDT, WENDORF & BLANCHFIELD
W-1050 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Tel: (651) 287-2100
Fax: (651) 287-2103
g.blanchfield@rwblawfirm.com

Jason Thompson – ***Damages Committee***
SOMMERS SCHWARTZ
One Towne Square, 17th Floor
Southfield, MI 48076
Tel: (248) 355-0300
jthompson@sommerspc.com

Larry McDevitt – ***Chair, Class Certification Committee***
David Wilkerson – ***Discovery Committee***
VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
Tel: (828) 258-2991
lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com

Carl S. Kravitz – ***Expert Committee***
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
Tel: (202) 778-1800
Fax: (202) 822-8106
ckravitz@zuckerman.com

*Subscriber Plaintiff Co-Lead Counsel and Committee Chairs and Members*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2019, the foregoing was manually filed under seal with the Clerk of Court, and was served via electronic mail on the following counsel for other Defendants who have been designated to receive service through agreement of the parties. A redacted version was served on all counsel of record via CM/ECF.

| | |
|---|---|
| Carl S. Burkhalter<br>MAYNARD COOPER & GALE PC<br>1901 Sixth Avenue North<br>2400 Regions Harbert Plaza<br>Birmingham, AL 35203<br>Telephone: (205) 254-1000<br>cburkhalter@maynardcooper.com | Kimberly R. West<br>Mark H. Hogewood<br>WALLACE JORDAN RATLIFF & BRANDT LLC<br>First Commercial Bank Building<br>800 Shades Creek Parkway, Suite 400<br>PO Box 530910<br>Birmingham, AL 35253<br>Telephone: (205) 870-0555<br>kwest@wallacejordan.com<br>mhogewood@wallacejordan.com |
| Craig A. Hoover<br>E. Desmond Hogan<br>HOGAN LOVELLS US LLP<br>Columbia Square<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>craig.hoover@hoganlovells.com<br>desmond.hogan@hoganlovells.com | Daniel E. Laytin<br>David Zott<br>Helen Witt<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>daniel.laytin@kirkland.com<br>dzott@kitkland.com<br>hwitt@kirkland.com |
| Evan Chesler<br>Karen Demasi<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Telephone: (212) 474-1000<br>echesler@cravath.com<br>kdemasi@cravath.com | Kathleen Taylor Sooy<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20004<br>Telephone: (202) 624-2500<br>ksooy@crowell.com |
| John M. Johnson<br>LIGHTFOOT, FRANKLIN, & WHITE LLC<br>400 20th Street North | |

| Birmingham, Alabama 35203<br>Telephone: (205) 581-0700<br>jjohnson@lightfootlaw.com | |
|---|---|

Chris T. Hellums
*Local Facilitating Counsel for Subscriber Plaintiffs*