IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD | } | Master File No.:  2:13-CV-20000-RDP |
| | } | |
| ANTITRUST LITIGATION | } | |
| (MDL NO.: 2406) | } | |

**ORDER**

This matter is before the court on Defendants' Motion for Protective Order Regarding Privileged Materials Cited by Plaintiffs in Support of Class Certification. (Doc. # 2425). The Motion has been fully briefed. (Docs. # 2433, 2434, 2437).

The Motion seeks a protective order preventing Plaintiffs and their experts from relying on certain "privileged materials" in this case. (Doc. # 2425 at 11). The "privileged materials" consist of two exhibits used in litigation between Anthem and Cigna in the Delaware Chancery Court, JX62 and JX674, and portions of the transcript from that case where those documents were read in open court. *In re Anthem-Cigna Merger Litig.*, C.A. No. 2017-0114-JTL (Del. Ch.). In the *Anthem/Cigna* litigation, Anthem resisted disclosure of JX62 and JX674, and only produced them when compelled to do so by Vice Chancellor Laster.

Plaintiffs point out that that they have not cited the documents in their expert reports because they do not have copies of those documents as they were produced in Delaware. (Doc. # 2433 at 6)  Rather, they argue, they have merely cited a public trial transcript. (*Id.*).

The first question the court must answer is whether the documents (or, perhaps more precisely, certain portions of the underlying documents that have been cited by Plaintiffs but which Defendants wish to remain redacted) are privileged. Defendants' Motion presumes that the information at issue was privileged. Vice Chancellor Laster concluded that (1) portions

of JX62 were not privileged (but he allowed limited redaction of the document), and (2) JX674 was not privileged. While fully respecting Vice Chancellor Laster's ruling, the court applies federal law (not Delaware law) and thus must undertake its own privilege analysis of the disputed portions of these documents.[1] *See Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992) (concluding that when the court's jurisdiction is premised on a federal question in a civil case, federal law of privilege applies).

> The attorney-client privilege applies to "confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1262 (11th Cir. 2008) (quotation omitted). The party invoking the attorney-client privilege bears the burden of proving that (1) an attorney-client relationship existed and (2) that a confidential communication was made to or from (3) an attorney who had been retained for the purpose of securing legal advice or assistance. *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). "Neither the existence of an attorney-client relationship nor the mere exchange of information with an attorney make out a presumptive claim." *In re Vioxx Products Liab. Litig.*, 501 F. Supp. 2d 789, 799 n.15 (E.D. La. 2007) (quoting Paul R. Rice, 2 *Attorney-Client Privilege in the United States*, § 11:9, pp. 78-79 (Thomson West 2d ed. 1999)).
>
> To determine if a particular communication is confidential and protected by the attorney-client privilege, the privilege holder must prove the communication was (1) intended to remain confidential and (2) under the circumstances was reasonably expected and understood to be confidential. *United States v. Bell*, 776 F.2d 965, 971 (11th Cir. 1985). That is, the attorney-client privilege is not absolute. Because it "serves to obscure the truth, . . . it should be construed as narrowly as it is consistent with its purpose." *United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987).

(Doc. # 1485 at 5).

JX62 is a pair of e-mails from Anthem's General Counsel, Thomas Zeilinski, to Wayne DeVeydt, a former Vice President and CFO of Anthem, regarding "preliminary thoughts on the risks of an expedited timeline for the then-proposed *Anthem/Cigna* merger. (Doc. # 2433 at 7-8).

---

[1] The court has received the documents in the form used in the Delaware Chancery Court *in camera*.

It discusses options for addressing the Blues' National Best Efforts Rule ("NBE") in the event of a merger. Vice Chancellor Laster found the following with regard to JX62:

> The document comprises a pair of emails in which Thomas Zielinski provides a mixture of business and legal advice. Zielinski was Anthem's general counsel at the time, but in this role he acted in both a business and a legal capacity. The emails reflect both aspects. In the emails, Zielinski provides his views of the pros and cons of three possible courses of action. His points are mainly business-oriented and do not reflect any specialized legal insight, knowledge, or training, but elements incorporate legal assessments. Consequently, Anthem shall produce the email in redacted form.

Under the third assumption in the e-mail, Vice Chancellor Laster allowed Anthem to redact the final sentence of Item 2 and the entirety of Item 3, and he allowed the redaction of the final two sentence of the e-mail.  At issue now is a portion of the e-mail consisting of the title of the third assumption, Item 1 under the third assumption, and the first two lines of Item 3.

The points that remain at issue in JX62 consist mainly of business advice for dealing with NBE in relation to a proposed merger. NBE is a Blue Rule, not a law, and the disputed section does not contain any particular legal analysis or assessment. "[B]usiness advice, even if provided by a lawyer, is not privileged." *Ross v. UKI Ltd.*, 2004 WL 67221, at *2 (S.D.N.Y. Jan. 15, 2004) (citing *Rossi v. Blue Cross and Blue Shield of Greater New York*, 540 N.E.2d 703 (1989)); *see also United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981) (attorney-client privilege is not available when advice given by attorney is business advice not legal advice). "'An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction.'" *Meade v. Gen. Motors, LLC*, 250 F. Supp. 3d 1387, 1392 (N.D. Ga. 2017) (quoting *U.S. v. Freeman*, 619 F.2d 1112, 1119–20 (5th Cir. 1980)). Even when applying federal law, the court agrees with Vice Chancellor Laster that the disputed section of JX62 is not privileged.

JX674 is an e-mail from Zeilinski to Joseph Swedish, Anthem's President and CEO, titled "BCBSA Board Meeting/Antitrust Lawsuit." The e-mail was not marked privileged or confidential. It contains a set of talking points for Swedish to use during an Association board meeting. Zielinski agreed that his thought in drafting the e-mail was "that Mr. Swedish could deliver these messages as talking points at an upcoming BCBSA board meeting." (Doc. # 2433-5 at 290). He testified that "I was giving him information that he would share or discuss at the board meeting." (*Id.*). Vice Chancellor Laster determined that the talking points are not privileged. (Doc. # 2425-4 at ¶ 213).

Although the talking points were drafted by an attorney, they were designed to be shared or discussed at the BCBSA board meeting. (Doc. # 2433-5 at 290). Moreover, to the extent that they contain analysis, that analysis relates to the effect of NBE on certain business matters, such as the Anthem/Cigna merger, branding and revenue. The talking points deal with business matters and were specifically designed to be shared with others. Again, applying federal law, the court agrees with Vice Chancellor Laster that they are not privileged.

If the relevant portions of the underlying documents are not privileged, it necessarily follows that the trial transcript where those documents were read (which Plaintiffs actually cited in the pertinent papers at issue here) is also not privileged. Because the court concludes that the documents (or portions of documents) which are the subject of Defendant's Motion are not privileged, Defendants' Motion for Protective Order (Doc. # 2425) is **DENIED**.

**DONE** and **ORDERED** this June 4, 2019.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE