FILED
2019 Jun-25 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL NO. 2406 | : | Master File No. 2:13-cv-20000-RDP |
| THIS DOCUMENT RELATES TO: | : | |
| ALL SUBSCRIBER TRACK CASES | : | |

**CERTAIN DEFENDANTS' JUSTIFICATIONS TO MAINTAIN SEAL ON CERTAIN EXHIBITS TO SUBSCRIBERS' MOTION FOR CLASS CERTIFICATION**

Blue Cross and Blue Shield of Kansas City and Blue Cross Blue Shield of North Dakota (collectively, "Defendants") respectfully request that the Court (i) maintain the seal on two exhibits (SX373 and SX384) filed with subscribers' motions for class certification,[1] and, (ii) maintain the redactions on two sentences (¶¶ 72(a) and 72(f)) in the report of subscribers' expert

[1] Subscribers filed two motions for class certification: Subscriber Plaintiffs' Opposed Motion for Certification of Nationwide Injunctive Class or, In The Alternative, Alabama Injunctive Class (ECF No. 2407) ("Motion for Injunctive Class") and Subscriber Plaintiffs' Opposed Motion For Certification Of Alabama Damages Class (ECF No. 2409) ("Motion for Alabama Damages Class"). Subscribers' evidentiary submission, including exhibits SX373 and SX 384, relates to both motions. *See* Evidentiary Submission in Support of Subscriber Plaintiffs' Motion for Certification of Nationwide Injunctive Class or, in the Alternative, Alabama Injunctive Class and Subscriber Plaintiffs' Motion for Certification of Alabama Damages Class, ECF Nos. 2456 and 2457.

Daniel Rubinfeld ("Rubinfeld Report").[2] These two exhibits and two sentences should be kept under seal for the following reasons.

First, good cause for sealing exists where a proprietary interest in confidential business information outweighs the public right of access. *See* Report & Recommendation of Seal Master Regarding Standard of Review Brief Exhibits ("R&R"), ECF No. 2395, at 13; *see also* Dec. 14, 2017 Guidelines for Seal-Related Decisions ("Seal Master Guidelines") at Guidelines 3, 8 (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). The strategy and analyses in these documents are unknown to, and not readily ascertainable by, competitors, and thus have independent economic value as trade secrets. *See* R&R 14, 16-17, 19, 24[3]; *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co.*, No. CA C-12-074, 2013 WL 1867604, at *5 (S.D. Tex. Apr. 22, 2013); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[C]ourts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing.") (citations omitted).

Second, the fact that Defendants have not put these materials in the record weighs in favor of keeping these materials under seal. *See* R&R at 19, 23. Also, Defendants have treated this information as confidential. *Id.* at 14, 16, 19 (favoring decision to maintain seal where

---

[2] Class Certification Expert Report of Professor Daniel Rubinfeld, dated Apr. 15, 2019, Exhibit 414 (SX414) to subscribers' class certification motions.

[3] Under Eleventh Circuit law, a party may establish that information is a trade secret where (i) the party has "consistently treated the information as closely guarded secrets"; (ii) "the information represents substantial value to [the party]"; (iii) the information "would be valuable to [the party's] competitors"; and (iv) the information "derives its value by virtue of the effort of its creation and lack of dissemination." R&R at 24 (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–14 (11th Cir. 2001)).

"[t]here [was] no suggestion . . . that the information . . . [had] not been maintained confidentially").

**<u>SX373</u>**

SX373 is a confidential internal email chain consisting of emails internal to BCBS-ND and emails between employees of BCBS-ND and Blue Cross Blue Shield of Wyoming. The emails include discussion of sales strategy directed toward customers in Wyoming and North Dakota. This commercially sensitive information is not generally known. A competitor to BCBS-ND or BCBS-WY "could gain a competitive advantage if it had access" to the strategic deliberations in these emails. *See* R&R at 14, 16-17, 19; *see also* Guideline 20.

Also, subscribers use this exhibit as a "see also" citation to support a general proposition fully supported by other citations. *See* Motion for Injunctive Class at 7. The interest in public access to this information is therefore outweighed by the potential competitive harm to BCBS-ND if disclosed. *See* R&R at 3, 5 (recognizing unsealing unnecessary where proposition could be supported based on unsealed materials); *see also* Guidelines 20 & 21 ("In balancing the interests, the court may consider . . . potential competitive or economic harm" and "whether the public already has a way of knowing the information beyond just the contents of the document / where the information is available to the public through other means").

**<u>SX384</u>**

SX384 is an excerpt of a confidential "Scenario Planning" presentation, internal to BCBS-KC, analyzing the business implications of a potential Blue System rule change and outlining and assessing BCBS-KC's strategic options for responding to this change. Each page is marked "CONFIDENTIAL—STRATEGIC BUSINESS INFORMATION." Although the document dates back to 2008, it analyzes business contingencies that remain relevant today.

This document contains "internal deliberations that remain commercially sensitive, such that they constitute trade secrets or for which 'good cause' otherwise supports non-disclosure." R&R at 13; *see also* Guideline 20.

Subscribers likewise use this exhibit as a "see also" citation to support a general proposition fully supported by other citations. *See* Motion for Alabama Damages Class at 27; Motion for Injunctive Class at 13. The interest in public access to this information is therefore outweighed by the potential competitive harm to BCBS-KC if disclosed. *See* R&R at 3, 5; *see also* Guidelines 20 & 21.

**Rubinfeld Report: Paragraphs 72(a) and 72(f)**

Paragraph 72(a) of the Rubinfeld Report (at p. 23), quoting from SX384, should remain under seal for the same reasons that SX384 should remain under seal. The quote reflects BCBS-KC's assessment of its competitive position and strategic planning. Its disclosure would disadvantage BCBS-KC relative to its competition.

Paragraph 72(f) of the Rubinfeld Report (at p. 24) is a one-sentence excerpt from a document that has not been filed with the Court.[4] The underlying document is an internal BCBS-KC email chain, detailing tactics and strategy relating to a bid for specific business. As with ¶ 72(a), the sentence excerpted in ¶ 72(f) is a confidential communication between BCBS-KC employees regarding BCBS-KC's strategy and competitive position. Removing the redaction would harm BCBS-KC relative to its competition.

---

[4] BCBS-KC_MDL000394168,

Paragraphs 72(a) and 72(f) are two of numerous examples strung together in support of the same general assertion. *See* Rubinfeld Report at 23-25. The marginal value of public access to these quotes is therefore outweighed by the harm to BCBS-KC of disclosure of this information. *See* R&R at 3, 5; *see also* Guidelines 20 & 21.

June 25, 2019

Respectfully submitted,

/s/ Kathleen Taylor Sooy

Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
troman@crowell.com

Sarah M. Gilbert
Honor R. Costello
CROWELL & MORING LLP
590 Madison Avenue
New York, NY 10022
Telephone: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com

John M. Johnson (ASB-7318-O52J)
Brian P. Kappel (ASB-1831-B44K)
LIGHTFOOT FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, AL 35203 Telephone: (205) 581-0716 Fax: (205) 380-9116
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com

*Counsel for Blue Cross and Blue Shield of Kansas City and Blue Cross Blue Shield of North Dakota*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 25, 2019 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Kathleen Taylor Sooy
Kathleen Taylor Sooy