FILED
2019 Jul-01 PM 06:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 19

# Proving Antitrust Damages

## Legal and Economic Issues

Antitrust Library

OCT 26 2017

USDOJ

Third Edition

ABA SECTION OF ANTITRUST LAW

ABA AMERICAN BAR ASSOCIATION

private equity defendants agreed not to outbid each other to the detriment of the shareholders of various companies involved in leverage buyouts.[67] The defendants argued that they would not have individually bid on the deals in the first instance—if anything they would have group bid because of the size of the deals.[68]

## E. Other Causes of Action

### 1. *Single Firm Monopoly Pricing*

The offense of monopolization requires possession of monopoly power and exclusionary conduct, or conduct that excludes rivals on some basis other than efficiency.[69] When a direct purchaser of an illegal monopolist sues, the obvious measure of damages is the monopoly overcharge. Conceptually, monopoly overcharge damages can be calculated in the same way as cartel overcharge damages, by determining a hypothetical competitive price, subtracting it from the actual price, and multiplying the resulting price differential by the quantity purchased. The only conceptual difference between monopolization and a cartel in applying this calculation is that, instead of a group of firms conspiring to charge a supracompetitive price, a single firm charges the monopoly price.

In practice, however, the determination of a hypothetical competitive price may be more difficult in the case of monopolization than in that of a cartel. Depending upon the scope of the monopoly, a benchmark or yardstick (firm or geographic area) may be difficult to find. To the extent that monopolies are more durable than cartels, periods of competition before, after, or during the span of monopoly pricing are apt to be harder to identify, and may be less likely to yield useful data.

Moreover, the analysis is complicated when the monopolist's power is not solely derived from its impermissible exclusionary conduct. One court has held that "a purchaser may recover only for the price increment that 'flows from' the distortion of the market caused by the monopolist's

---

67. Fifth Amended Class Action Complaint for Violations of the Federal Antitrust Laws, *In re:* Kirk Dahl v. Bain Capital Partners, Lead Case No. 1:07-cv-12388-EFH (June 14, 2012).

68. *See* Declaration of Edward A. Snyder, Kirk Dahl v. Bain Capital Partners, No. 1:07-cv-12388-WGY (Jan. 24, 2014).

69. *See* United States v. Grinnell Corp., 384 U.S. 563, 570-71 (1966); Aspen Skiing Co. v. Aspen Highlands Skiing Corp., 472 U.S. 585, 605 (1985).