**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) ) ) ) ) ) ) ) | **Master File No. 2:13-CV-20000-RDP**<br><br>This document relates to the Subscriber Track cases. |

**STIPULATION AND [PROPOSED] ORDER
REGARDING PROTECTED HEALTH INFORMATION AND
PERSONALLY IDENTIFIABLE INFORMATION FOR SUBSCRIBER SETTLEMENT**

Subscriber Plaintiffs and Settling Defendants[1] have recently reached a Settlement Agreement, and Subscriber Plaintiffs have filed a motion seeking preliminary approval of the settlement.  If the Court grants preliminary approval as requested, notice of the proposed settlement will need to be disseminated to millions of settlement class members.  In order to administer the Settlement Agreement, Subscriber Plaintiffs have filed a motion for approval of a plan of notice and a plan of distribution, including for appointment of JND Legal Administration as Claims Administrator.[2]   The Claims Administrator shall be referred to as the "Settlement Vendor."

Pursuant to the Settlement Agreement, Settling Defendants intend to provide the Settlement Vendor, either directly or through their Independent Expert, Charles River Associates ("CRA"), with certain information including, but not limited to, names, last-known mailing addresses, last-known email addresses, last-known phone number, insurance and/or healthcare coverage products purchased, group, member, and subscriber ID numbers, covered lives, employer

---

[1]   "Settling Defendants" means the Blue Cross Blue Shield Association and all individual Plans that have agreed to the Settlement Agreement, as defined in the Settlement Agreement.

[2]   Subscriber Plaintiffs intend to file a motion to appoint a Settlement Administrator after approval of the Plan of Distribution.  The Settling Parties will move to amend this Stipulation and Proposed Order, as necessary, at that time.

headquarters or billing address, and premium or premium-equivalent information of settlement class members, to the extent such information is reasonably available from Settling Defendants. Given the large number of settlement class members, substantial time and effort will be required for the Settlement Vendor to process and de-duplicate the information that will be provided by Settling Defendants.

Given the anticipated significant volume of information and data, the Settling Parties seek to have the Settlement Vendor begin processing the information that will be provided by Settling Defendants for notice purposes prior to or concurrently with preliminary approval of the settlement. By entering into this Stipulation, the Settling Parties do not presume that the Subscriber Settlement will be preliminarily approved by the Court, but believe that commencing the work described above prior to or concurrently with the Court's determination on preliminary approval will be beneficial to the Court and the settlement classes in the event preliminary approval is granted.

Therefore, the Settling Parties, by and through their undersigned counsel, stipulate and agree that:

1.     In order to prepare for and carry out its anticipated duties, the Settlement Vendor will receive data from Settling Defendants with certain information regarding the settlement class members, including, but not limited to, the names, last-known mailing addresses, last-known email addresses, last-known phone numbers, insurance and/or healthcare coverage products purchased, and premium or premium-equivalent information of settlement class members, to the extent such information is reasonably available from Settling Defendants (the "Required Data").

2.     The Required Data could include "Protected Health Information" and/or "Personally Identifiable Information." *See* 45 C.F.R. § 160.103; 2 C.F.R. § 200.79.

3.      The Required Data may also include commercially sensitive and protected information that one or more Defendants contends should be protected, as defined in Paragraph 3 of the Qualified Protective Order previously entered in this case.  Dkt. 550 ¶ 3.

4.      The Court finds that the Settling Parties have demonstrated a compelling need that cannot be accommodated by means other than for Settling Defendants to disclose the Required Data to the Settlement Vendor.  In assessing this compelling need, the Court has weighed the need for disclosure against the privacy rights of the individuals whose Personal Health Information and/or Personally Identifiable Information may be contained in the Required Data and against disservice, if any, to the public interest that might result from the disclosure.  The Court has also weighed the need for disclosure against the commercial interest of Settling Defendants who are required under the Subscriber Settlement to provide certain data to the Settlement Vendor.

5.      The Court orders that Settling Defendants, or the Independent Expert working on their behalf, shall provide or produce the Required Data to the Settlement Vendor.

6.      The Court further orders Settling Defendants to provide the Settlement Vendor with additional reasonably available identifying information for settlement class members, which may include, but is not limited to, dates of birth, as needed and requested by the Settlement Vendor to identify settlement class members if the Required Data does not suffice to identify particular settlement class members.

7.      **Designation of Confidential Health Information.**  All information provided to the Settlement Vendor pursuant to this Stipulation and Order shall be treated as Confidential Health Information under the terms of the Qualified Protective Order applicable to this litigation, Dkt. 550, and constitutes a permitted disclosure pursuant to 45 C.F.R. § 164.512(e).

8.      **Restrictions on Use of Confidential Health Information.**  The Court orders that any production of information pursuant to this Stipulation and Order by Settling Defendants to the Settlement Vendor should be treated as confidential by the Settlement Vendor as required by this Order and any applicable laws, and used by the Settlement Vendor only for the purposes of preparing to effectuate a notice plan, administering and calculating the claims submitted by settlement class members in accord with a class distribution order to be entered by this Court, distributing settlement funds to authorized claimants in accordance with a final plan of distribution, and otherwise carrying out the work necessary to administer the settlement.  Unless ordered by the Court, the Confidential Health Information provided to the Settlement Vendor shall not be publicly disclosed or appear in any publicly-available document, or be disclosed to any other party absent express written agreement.  To the extent there is a discrepancy or issue based on employee-provided information in the claims administration process, the Settlement Vendor may present data related to premiums and/or ASO fees to the relevant employer or former employer in order to resolve the discrepancy or issue.

9.      **Scope of Use.**  The Settlement Vendor is prohibited from using any produced data, including but not limited to the Personal Health Information, Personally Identifiable Information, and commercial confidential information included therein, for any purpose other than to carry out its duties and obligations as set forth in the Settlement Agreement.  Prior to receiving or accessing any produced data, the Settlement Vendor and each of their employees or agents accessing information through the Settlement Vendor in this case, shall agree in writing to be bound by this Order and the Qualified Protective Order applicable to this litigation, and shall execute Attachment A to this Order.

4

10. **Safeguards for Confidential Health Information.**  The Settlement Vendor will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information they may receive from Settling Defendants in connection with this Order or the Settlement Agreement.  The Settlement Vendor shall comply with state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").  All Confidential Health Information disclosed to the Settlement Vendor shall be treated in accordance with those standards, as applicable.  At a minimum, and for the avoidance of doubt, the Settlement Vendor shall (1) comply with the HIPAA Privacy Security Rules; (2) establish contractual controls that require any Vendor or agents that might receive Confidential Health Information to comply with the HIPAA Privacy Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of themselves and any Vendor or agents comply with HIPAA Privacy Security Rules.

11. **Conclusion of Settlement Administration.**  The provisions of this Order shall continue in effect until expressly released by the Court.  Within ninety (90) days of the distribution of awards to Damages Class Members, the Settlement Vendor shall securely destroy or delete all data provided pursuant to this Order unless Settling Defendants agree in writing to a later date, and shall submit a written certification of such secure destruction or deletion to the disclosing Settling Defendants.  The destruction or deletion of all data shall be in accordance with, but not limited to,

the HIPAA Privacy and Security Rules and NIST SP 800-88 or equivalent applicable standards. Before destroying the data, Settlement Vendor shall provide to each Settling Defendant a copy of the class notice mailing list and a list reflecting every class member associated with that Settling Defendant who was issued a payment under the settlement.   Each Settling Defendant will receive only its own members' information.

12.     **Security Protocols.**   Additional details regarding the Settlement Vendor's safeguards are included in a security protocol that has been disclosed to Subscriber Plaintiffs and Settling Defendants, and Settlement Vendor shall comply with that security protocol.

13.     **Definitions.**  All capitalized terms not defined herein are to be understood by their definitions in the Settlement Agreement or the Qualified Protective Order applicable to this litigation, Dkt. 550.

14.     **Modification of Order.**   This Order may be modified or amended by written agreement of the Settling Parties, submitted to the Court for approval.

       **DONE and ORDERED** this _____day of _____, 2020.


                                    _____
                                    **R. DAVID PROCTOR**
                                    UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
|  | ) |  |
| IN RE:  BLUE CROSS BLUE SHIELD | ) | **Master File No. 2:13-CV-20000-RDP** |
| ANTITRUST LITIGATION | ) |  |
| (MDL No. 2406) | ) | This document relates to the Subscriber |
|  | ) | Track cases. |
|  | ) |  |
|  | ) |  |

**AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER**
**AND ORDER REGARDING PROTECTED HEALTH INFORMATION AND**
**PERSONALLY IDENTIFIABLE INFORMATION**

1.      I am familiar with and agree to be bound by the terms of the Qualified Protective

Order ("Qualified Protective Order") and the Order Regarding Protected Health Information and

Personally Identifiable Information ("PHI/PII Order") in No. 2:13-CV-20000-RDP, Blue Cross

Blue Shield Antitrust Litigation (MDL No. 2406).  I understand that my execution of this

Agreement to Be Bound by Qualified Protective Order and Order Regarding Protected Health

Information and Personally Identifiable Information indicates my agreement to be bound by the

Qualified Protective Order and the PHI/PII Order and is a prerequisite to my access or review of

any information or documents provided by the Settling Defendants and/or their Independent

Expert.  I further understand that my execution of this Agreement indicates that I am a person who

is allowed to access or review any information or documents produced pursuant to the PHI/PII

Order.

2.      I will access and review confidential material including but not limited to

Confidential Health Information that may be provided to me solely for the purpose of acting as or

assisting the Settlement Vendor in administrating the settlement in this litigation, and for no other

purpose whatsoever.  I further agree that I will not disclose any of this material to any person except as allowed by the terms of the PHI/PII Order.

3.      I will only make such copies of or notes concerning Confidential Health Information as necessary to enable me to undertake my role as Settlement Vendor or to assist the Settlement Vendor in their roles.  Upon the final distribution of awards to Damages Class Members, I shall promptly and securely destroy or delete all Confidential Health Information provided to me as well as any notes or derivations thereof.  I understand that my obligation to honor the confidentiality of such material will continue even after this litigation concludes.

4.      I understand that all Confidential Health Information, as defined in the Qualified Protective Order and incorporated into the PHI/PII Order, is subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").  All confidential material disclosed to me shall be treated in accordance with those standards, as applicable.  Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in the HIPAA Rules and the Settlement Agreement.

5.      By executing this Agreement to Be Bound by Qualified Protective Order and Order Regarding Protected Health Information and Personally Identifiable Information, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information for the purposes of this

Proceeding or to comply with judicial process or any applicable statute or regulation.  I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information I receive from any person in connection with this Proceeding.

6.      I understand that failure to comply with the terms of the Qualified Protective Order and PHI/PII Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.  I consent to the jurisdiction of the United States District Court for the Northern District of Alabama for the purpose of enforcing the Qualified Protective Order and PHI/PII Order.

_____
[Name]

[Company]

[Address]