FILED
2020 Nov-24 AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406** : : : : : : : | **Master File 2:13-cv-20000-RDP** <br><br><br><br>**This document relates to Subscriber Track cases** |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a class action is pending in this Court entitled *In re Blue Cross Blue Shield Antitrust Litigation*, No. 2:13-cv-20000-RDP;

WHEREAS, the Subscriber Class Representatives and the Self-Funded Sub-Class Representative (on behalf of themselves and the Settlement Classes) ("Subscriber Plaintiffs" or "Class Representatives") and Settling Defendants (together, the "Parties") have entered into and executed a Settlement Agreement, which, if finally approved by the Court, will result in the settlement of all of Subscriber Plaintiffs' claims against the Settling Defendants in the Action.[1]

WHEREAS, unless otherwise defined in this Preliminary Approval Order, the terms capitalized herein shall have the same meaning as in the Settlement Agreement;

---

[1] The Settlement Agreement is attached as Exhibit A to Subscriber Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval of the Settlement Agreement. The "Action" means lawsuits brought by persons and entities within the Settlement Classes and consolidated in *In re Blue Cross Blue Shield Antitrust Litigation*, including the Consolidated Amended Class Action Complaint, which is currently pending in the Court, all actions that may be transferred or consolidated prior to the time Class Notice is mailed, and all actions that are otherwise based, in whole or in part, on the conduct alleged in MDL No. 2406, including *Piercy v. Health Care Service Corp.*, Case No. 124 28, in the Circuit Court for the First Judicial Circuit, Union County, Illinois.

WHEREAS, in full and final settlement of the claims asserted against them in this Action, the Settling Defendants have agreed to pay $2.67 billion ($2,670,000,000.00) (the "Settlement Fund") and to provide injunctive relief as set forth in the Settlement Agreement.

WHEREAS, Subscriber Plaintiffs have moved the Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to: (1) grant preliminary approval of the settlement, (2) find that the Settlement Classes are likely to be certified at final approval, (3) preliminarily approve the Plan of Distribution, (4) set a Final Approval Hearing, (5) approve the Notice Plan, and (6) appoint the Claims Administrator; and

WHEREAS, the Court has considered the Settlement Agreement; Subscriber Plaintiffs' Motion for Preliminary Approval of Settlement Agreement, and the memoranda of law and exhibits in support thereof, including the proposed Plan of Distribution; Subscriber Plaintiffs' Motion for Approval of Plan of Notice, the Memorandum of Law in Support of Motion for Approval of a Plan for Notice, and all exhibits attached to that Memorandum (the "Notice Motion"), and good cause appearing therefor,

**IT IS HEREBY ORDERED AND ADJUDGED**:

**Jurisdiction**

1.     The Court preliminarily finds that it has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the members of the Settlement Classes described below.

**Preliminary Approval of Settlement Agreement**

2.     Rule 23(e)(1)—amended in December 2018—now provides that preliminary approval should only be granted (and notice disseminated to the class) where the Court "will likely be able to" finally approve the settlement under Amended Rule 23(e)(2) and certify the class for settlement purposes. Fed. R. Civ. P. 23(e); *see also id.* 2018 Amendment Advisory Committee

Notes. Final approval is proper under the amended rule upon a finding that the settlement is "fair, reasonable, and adequate."

3. The Court finds that, for the reasons stated herein, the Court is likely to be able to finally approve the Settlement Agreement under Amended Rule 23(e)(2). Pursuant to the Settlement Agreement, Settling Defendants have agreed to pay $2,670,000,000 to create the Settlement Fund, which will be disbursed to Authorized Claimants of the Damages Class, used to pay Notice and Administration Costs, and for any Fee and Expense Award. The Settlement Agreement also provides significant injunctive relief for the benefit of the Settlement Classes.

4. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Subscriber Plaintiffs' and Settling Defendants' motion papers and briefs, and the exhibits and declarations thereto. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of arm's length negotiations by highly experienced and knowledgeable class counsel, with the assistance of multiple experienced mediators, culminating with a sustained effort by Special Master Edgar C. Gentle.

5. The Court further observes that the Settlement Agreement is the product of over eight years of litigation, including multiple motions to dismiss, discovery, cross-motions for summary judgment, class certification motion practice, and expert merits reports and discovery, in which the Parties have had ample opportunity to develop and test their claims and defenses.

6. Having considered the record, the Court finds that the Settlement Agreement is sufficiently within the range of reasonableness that preliminary approval should be granted. Thus, the terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Classes, subject to the Final Approval Hearing described below.

**Certification of the Settlement Classes**

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that Subscriber Plaintiffs have shown that the Court will likely be able to certify the classes defined in Subscriber Plaintiffs' motion papers for purposes of the settlement and final judgment. The Court preliminarily certifies the following Settlement Classes, for settlement purposes only:

> **Damages Class:** All Individual Members (excluding dependents and beneficiaries), Insured Groups (including employees, but excluding non-employee Members), and Self-Funded Accounts (including employees, but excluding non-employee Members) that purchased, were covered by, or were enrolled in a Blue-Branded Commercial Health Benefit Product (unless the person or entity's only Blue-Branded Commercial Health Benefit Product during the Settlement Class Period was a stand-alone vision or dental product) sold, underwritten, insured, administered, or issued by any Settling Individual Blue Plan from February 7, 2008 through October 16, 2020 (in the case of all Damages Class members other than the Self-Funded Sub-Class, for whom the Class Period is September 1, 2015 through October 16, 2020).

> **Self-Funded Sub-Class:** All Self-Funded Accounts (including employees, but excluding non-employee Members) that purchased, were covered by, or were enrolled in a Blue-Branded Commercial Health Benefit Product (unless the person or entity's only Blue-Branded Commercial Health Benefit Product during the Settlement Class Period was a stand-alone vision or dental product) sold, underwritten, insured, administered, or issued by any Settling Individual Blue Plan from September 1, 2015 through October 16, 2020.

> **Injunctive Relief Class:** All Individual Members, Insured Groups, Self-Funded Accounts, and Members that purchased, were covered by, or were enrolled in a Blue-Branded Commercial Health Benefit Product sold, underwritten, insured, administered, or issued by any Settling Individual Blue Plan during the Settlement Class Period (February 7, 2008 through October 16, 2020, except for Self-Funded Accounts, for whom the Settlement Class Period is September 1, 2015 through October 16, 2020).

8. Excluded from the Damages Class and the Self-Funded Sub-Class are Government Accounts, Medicare Accounts of any kind, Settling Defendants themselves, and any parent or subsidiary of any Settling Defendant (and their covered or enrolled employees). Also excluded from the Damages Class and the Self-Funded Sub-Class are Opt-Outs, the judge presiding over this matter, and any members of his judicial staff, to the extent such staff were covered by a

Commercial Health Benefit Product not purchased by a Government Account during the Settlement Class Period.

9. For purposes of the Damages Class and the Self-Funded Sub-Class, the term "employee" means any current or former employee, officer, director, partner, or proprietor of an entity.

10. Solely for purposes of the settlement set forth in the Settlement Agreement, the Court finds it is likely that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) will be satisfied at final approval, with likely findings as follows: (a) the members of the Settlement Classes are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Classes and these common questions predominate over any individual questions; (c) the claims of Class Representatives are typical of the claims of the Settlement Classes; (d) Class Representatives, Settlement Class Counsel and Self-Funded Sub-Class Settlement Counsel have fairly and adequately represented and protected the interests of the Settlement Classes; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Classes in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Classes; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

11. If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition of the Settlement Agreement, this assessment of the likelihood of certification of the Settlement Classes shall be deemed null and void and the Parties shall retain

their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure or under any other state or federal rule, statute, law or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## Class Counsel and Class Representatives

12. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, the Co-Lead Counsel's law firms: (1) Michael Hausfeld of Hausfeld LLP and (2) David Boies of Boies Schiller Flexner LLP are preliminarily designated as Settlement Class Counsel, and Warren Burns of Burns Charest LLP is preliminarily designated as Self-Funded Sub-Class Settlement Counsel.

13. The Court preliminarily appoints the following as class representatives:

   a. For the Settlement Classes: Galactic Funk Touring, Inc.; American Electric Motor Services, Inc.; CB Roofing, LLC; Pearce, Bevill, Leesburg, Moore, P.C.; Pettus Plumbing & Piping, Inc.; Consumer Financial Education Foundation of America, Inc.; Fort McClellan Credit Union; Rolison Trucking Co., LLC; Conrad Watson Air Conditioning, Inc.; Linda Mills; Frank Curtis; Jennifer Ray Davidson; Pete Moore Chevrolet, Inc.; Jewelers Trade Shop; Saccoccio & Lopez; Angel Foster (*fka* Angel Vardas); Monika Bhuta; Michael E. Stark; G&S Trailer Repair Incorporated; Chelsea L. Horner; Montis, Inc.; Renee E. Allie; John G. Thompson; Avantgarde Aviation, Inc.; Hess, Hess & Daniel, P.C.; Betsy Jane Belzer; Bartlett, Inc., d/b/a Energy Savers; Matthew Allan Boyd; Gaston CPA Firm; Rochelle and Brian McGill; Sadler Electric; Jeffrey S. Garner; Amy MacRae; Vaughan Pools, Inc.; Casa Blanca, LLC; Jennifer D. Childress; Clint Johnston; Janeen Goodin and Marla

S. Sharp; Erik Barstow; GC/AAA Fences, Inc.; Keith O. Cerven; Teresa M. Cerven; Sirocco, Inc.; Kathryn Scheller; Iron Gate Technology, Inc.; Nancy Thomas; Pioneer Farm Equipment, Inc.; Scott A. Morris; Tony Forsythe; Joel Jameson; Ross Hill; Angie Hill; Kevin Bradberry; Christy Bradberry; Tom Aschenbrenner; Juanita Aschenbrenner; Free State Growers, Inc.; Tom A. Goodman; Jason Goodman; Comet Capital, LLC; Barr, Sternberg, Moss, Lawrence, Silver & Munson, P.C.; Mark Krieger; Deborah Piercy; and Lisa Tomazzoli.

  b. For the Self-Funded Sub-Class: Hibbett Sports, Inc.

## Administration and CAFA Notice

14. JND Legal Administration ("JND") is appointed as the Claims Administrator, with responsibility for claims administration, the Notice Plan, and all other obligations of the Claims Administrator as set forth in the Settlement Agreement and the Notice Motion. In addition, Subscriber Plaintiffs will move for appointment of, and the Court shall select, a Settlement Administrator to assist in the implementation of the Plan of Distribution and the resolution of any disputes between Settlement Class Members and the Claims Administrator pursuant to the Plan of Distribution. The Claims Administrator's and the Settlement Administrator's fees, as well as all other costs and expenses associated with notice and administration, will be paid directly from the Notice and Administration Fund.

15. Within 30 calendar days of entry of the this Order, Settling Defendants shall cause to be transferred into the Escrow Account: (1) the $100 million Notice and Administration Fund, and (2) an advance of $300 million of the remaining Settlement Amount. All Notice and Administration Costs to the Claims Administrator are hereby authorized to be paid from the Notice and Administration Fund, subject to written approval from Settlement Class Counsel, Self-Funded

Sub-Class Settlement Counsel, and the designated representative of the Settling Defendants as provided in the Settlement Agreement.

16. The Claims Administrator may, where necessary, require Damages Class members and related individuals or entities to provide, through written, electronic, or other means, certain personal information, including (without limitation) full name, address, email address, phone number, insurance and or health care coverage products purchased, premium or premium equivalent information, evidence to support the claimed rate of contribution of employees in group sponsored health plans, the name of the Settling Defendant(s) from whom they received health benefits and Individual and Group Identification numbers assigned by Settling Defendants to BCBS customers, in order to verify an individual's or entity's status as a Class Member and/or eligibility for any benefits under the Settlement Agreement, in addition to any other purposes consistent with the Claims Administrator's responsibilities under the Settlement Agreement.

17. The Settling Defendants shall serve or cause to be served a notice of the proposed settlement on appropriate federal and state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Once completed, Settling Defendants shall file with the Court a status report certifying that they have proof of receipt of CAFA mailing to all U.S. states and territories.

### Notice to the Class

18. The Notice Plan contemplated by the Settlement Agreement and set forth in the Notice Motion, including the forms of notice and Claim Form attached as exhibits to the Notice Motion, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to the exhibits may be made without further order of the Court, including converting and conforming the exhibits to electronic or digital formats. The

Claims Administrator is directed to carry out the Notice Program pursuant to the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires of the Claims Administrator.

19.     The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Motion and exhibits: (a) constitute the best practicable notice to the Settlement Classes; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement Agreement, and their rights under the proposed Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

20.     Settling Defendants shall produce and disclose to the Claims Administrator relevant data for effectuation of the Notice Plan and Claims Administration as agreed upon by the Parties in the Joint Motion for Entry of Stipulation and Proposed Order Regarding Protected Health Information and Personally Identifiable Information for Subscriber Settlement filed in this Court on October 30, 2020 and entered on _____ ("Data Production Order"). Upon receipt of the complete set of Class Member Data from the Settling Defendants under the Data Production Order, Settlement Class Counsel shall notify the Court of the commencement of the Notice Plan in accordance with the timeline approved by the Court in Paragraph 33 below.

21.     The Claims Administrator shall provide direct individual notice to members of the Damages Class via e-mail where the data provided by the Settling Defendants includes an e-mail

address, and by postcard sent through United States mail where e-mail is not included in the data or where an e-mail is returned to the Claims Administrator as being undeliverable.

### **Exclusions from the Class**

22. Any Class Member who wishes to be excluded from the Damages Class must mail a written notification of their intent to be excluded to the Claims Administrator at the address provided in the long-form notice, in the notices published in the media, and on the settlement website, postmarked no later than 150 days after the Claims Administrator receives the complete set of Class Member Data from the Settling Defendants under the Data Production Order and sent via first class postage pre-paid United States mail.  The exclusion request must include the following: (a) the name of the Class Member, the name of the Class Member's business (if the Class Member's business purchased health insurance from a Blue Cross Blue Shield entity during the Class Period for employees), address, and telephone; (b) a statement that the Class Member wants to be excluded from the Settlement Class in *In re: Blue Cross Blue Shield Antitrust Litigation*; and (c) the Class Member's (or business representative's) personal, physical signature. Electronic signatures, including Docusign, or PDF signatures are not permitted and will not be considered personal signatures, and submissions signed solely by an individual's or business's lawyer are not valid either.  If the Settlement Class Member fails to provide all of the required information on or before the Opt-Out Deadline, then the attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement Agreement, including the releases, if finally approved.

23. The Claims Administrator shall provide Settlement Class Counsel, Self-Funded Sub-Class Settlement Counsel, and Settling Defendants' Counsel with electronic copies of all opt-out notifications promptly upon receipt.  Settlement Class Counsel and Self-Funded Sub-Class

Settlement Counsel will provide a final list of all who have timely and validly excluded themselves from the Settlement Classes in accordance with the terms of the Settlement Agreement which shall be filed with the Court before the Final Approval Hearing.

24. All Class Members who submit valid and timely notices of their intent to be excluded from the Damages Class shall not be entitled to receive any benefits from the Settlement and shall not be bound by the terms of the Settlement Agreement. Any Settlement Class Member that does not timely and validly exclude himself or herself from the Settlement shall be bound by the terms of the Settlement Agreement and all proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and final judgment.

## **Objections to the Settlement**

25. A Settlement Class Member who complies with the requirements of this Order may object to the Settlement Agreement or Settlement Class Counsel's request for fees and expenses.

26. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the Settlement Class Member presents an objection that is (a) filed with the Court by the objection deadline, which will be 150 days after Settling Defendants transfer the complete set of Class Member Data subject to the Data Production Order to JND allowing for the commencement of the Notice Plans; and (b) mailed to the Claims Administrator, Settlement Class Counsel, Self-Funded Sub-Class Settlement Counsel, and Settling Defendants' Counsel at the addresses listed in the long-form notice available on the Settlement website, and postmarked by no later than the objection deadline. For the objection to be considered by the Court, the objection must be in writing and shall set forth:

11

a. The name of this Action and a description of the objections, including applicable legal authority and any supporting evidence the objector wishes to introduce;

b. The objector's full name, address, email address, telephone number, and the plan name under which Blue Cross Blue Shield coverage was provided and dates of such coverage;[2]

c. Whether the objection applies only to the objector, a specific subset of the Settlement Classes, or the Settlement Classes as a whole;

d. The identity of all counsel who represent the objector, including former or current counsel, who may be entitled to compensation for any reason related to the objection, along with a statement of the number of times in which that counsel has, on behalf of a client, objected to a class action within five years preceding the submission of the objection, the caption of the case for each prior objection, and a copy of any relevant orders addressing the objection;

e. Any agreements that relate to the objection or the process of objecting between the objector, his or her counsel, and/or any other person or entity;

f. The objector (and the objector's attorney's) signature on the written objection;

g. A statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel); and

h. A declaration under penalty of perjury that the information provided by the objector and objector's counsel is true and correct.

---

[2] At the request of Settlement Class Counsel, the objector shall also confidentially provide to Settlement Class Counsel the policy number and/or subscriber ID and date(s) of policy.

**Plan of Distribution and Claims Process**

27. Settlement Class Counsel and Self-Funded Sub-Class Settlement Counsel have submitted to the Court for approval the Plan of Distribution for the Damages Class that provides for the distribution of the Net Settlement Fund and the foundation for the requested allocation. The Plan of Distribution is briefly described herein.

28. In summary, the Plan of Distribution establishes a process for assessing and determining the validity and value of claims and a methodology for paying Damages Class Members that submit a timely, valid Claim Form. The Plan of Distribution allows claimants to request a *pro-rata* share of the Net Settlement Fund (as allocated between fully insured and self-funded plans) in proportion to their total premiums or administrative fees paid over the Settlement Class Period. Under the Plan of Distribution, the Net Settlement Fund will be allocated with 93.5% to the fully insured members of the Damages Class ("FI Net Settlement Fund") and 6.5% to the Self-Funded Sub-Class (the "Self-Funded Net Settlement Fund").

29. For employers that sponsored insurance for their employees and for employees who received insurance through their employers, the Plan of Distribution will determine *pro-rata* shares by allocating premiums between employer and employee(s) based on default contribution percentages, with an option to seek an alternative contribution percentage. Fully insured members of the Damages Class will receive payment from the FI Net Settlement Fund, and members of the Self-Funded Sub-Class will receive payment from the Self-Funded Net Settlement Fund.

30. Damages Class Members that qualify for and wish to submit a Claim form shall do so in accordance with the requirements and procedures specified in the notices and the Claim Form. If the Settlement Agreement is finally approved, any and all Damages Class Members that fail to submit a claim in accordance with the requirements and procedures specific in the notices

and Claim Form shall be forever barred from receiving such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, including the releases included in the Settlement Agreement and any Final Judgment.

31. The Court finds that the Proposed Plan of Distribution is within the range of reasonableness, fairness, and adequacy so that it may be sent to the members of the Settlement Classes, and it is hereby preliminarily approved.

### Final Approval Hearing

32. A Final Approval Hearing is hereby scheduled to be held on _____, 2021 at _____ before the undersigned. The date of the Final Approval Hearing shall be set forth in the Notice to the Settlement Classes, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted at the Court and on the settlement website. At or after the Final Approval Hearing, the Court will determine whether the Settlement Agreement and the Plan of Distribution should be finally approved.

### Summary of Deadlines

33. The Settlement Agreement shall be administered according to its terms pending the Approval Hearing. The Court approves the following timeline for the Notice Plan:

| Day 1 | Date of production under the Data Production Order of a complete set of Class Member Data by Settling Defendants to the Claims Administrator |
| --- | --- |
| Day 90 | Notice Deadline |
| Day 105 | Deadline for Settlement Class Counsel to file motion for Fee and Expense Award |
| Day 150 | Objection Deadline |
| Day 150 | Opt-Out Deadline |
| Day 180 | Deadline for Settlement Class Counsel to file motion for Final Approval of Settlement and responses to any timely submitted Settlement Class Member objections |
| Day 230 | Final Approval Hearing |
| Day 250 | Claims Filing Deadline |

14

### Inapplicability of Settlement to Provider Track Cases

34. Nothing herein shall apply to the Providers' claims brought in their capacity as Providers of healthcare products or services in MDL No. 2406.

### Other Provisions

~~34.~~35. In the event the Settlement Agreement does not become final, or is otherwise rescinded or terminated, the Settlement Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (other than Notice and Administration Costs reasonably and actually incurred), along with any income accrued thereon, shall be returned to the entities that paid such amounts into the Escrow Account, in proportion to those entities' respective contributions to the Settlement Fund within ten (10) calendar days of rescission, termination, or a court's final determination denying final approval of the Agreement and/or any of the Settlement Classes, whichever occurs first.

~~35.~~36. In the event the Settlement Agreement does not become final, or is otherwise rescinded or terminated, litigation of the Subscriber Actions against Settling Defendants will resume in a reasonable manner to be approved by the Court upon application by the Parties. The Parties expressly reserve all of their rights if this Agreement is rescinded or does not otherwise become final.

**DONE** and **ORDERED** on _____, 2020

_____
**R. DAVID PROCTOR**
United States District Judge

15