FILED
2020 Nov-24 AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406 | : : Master File 2:13-cv-20000-RDP : : : : This document relates to : Subscriber Track cases |

**[PROPOSED] FINAL APPROVAL ORDER OF SETTLEMENT AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a class action is pending in this Court entitled *In re Blue Cross Blue Shield Antitrust Litigation*, No. 2:13-cv-20000-RDP;

WHEREAS, the Subscriber Class Representatives and the Self-Funded Sub-Cass Representative ("Subscriber Plaintiffs" or "Class Representatives"), on behalf of themselves and the Settlement Classes, have entered into a Settlement Agreement, ECF No. 2610-2, with BCBSA and the Settling Individual Blue Plans (collectively, "Settling Defendants") to fully and finally resolve Subscriber Plaintiffs' claims against the Settling Defendants in the Subscriber Actions (hereafter, "Action")[1] on the terms and conditions set forth in the Settlement Agreement, subject to approval of this Court;

WHEREAS, unless otherwise defined in this Final Approval Order of Settlement and Final Judgment and Order of Dismissal with Prejudice ("Final Order and Judgment"), the terms capitalized herein shall have the same meaning as in the Settlement Agreement;

---

[1] The "Subscriber Actions" means lawsuits brought by persons and entities within the Settlement Classes and consolidated in *In re Blue Cross Blue Shield Antitrust Litigation*, including the Consolidated Amended Class Action Complaint, which is currently pending in the Court, all actions that may be transferred or consolidated prior to the time Class Notice is mailed, and all actions that are otherwise based, in whole or in part, on the conduct alleged in MDL No. 2406, including *Piercy v. Health Care Service Corp.*, Case No. 124 28, in the Circuit Court for the First Judicial Circuit, Union County, Illinois.

1

WHEREAS, by Order dated _____ ("Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement Agreement; (b) found that the Settlement Classes were likely to be certified at final approval; (c) preliminarily approved the Plan of Distribution; (d) scheduled a hearing for final approval of the Settlement; and (e) approved the Notice Plan, appointed JND as the Claims Administrator, and authorized the dissemination of notice to the Settlement Classes;

WHEREAS, due and adequate notice has been given to the Settlement Classes in satisfaction of the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and Constitutional Due Process;

WHEREAS, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. § 1715(d), has expired;

WHEREAS, the Court conducted a hearing on _____ ("Final Approval Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice against the Settling Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments and objections received regarding the Settlement, and the record in the Action, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the parties and the members of the Settlement Classes described below.

2. This Final Order and Judgment incorporates and makes a part hereof; (a) the Settlement Agreement; (b) the Notice Plan and Claim Form, which were each approved by the Court on _____; and (c) the Plan of Distribution, which was approved by the Court on _____.

## Certification of the Settlement Classes

3. Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, including the submissions in support of the Settlement and objections and responses thereto, the Court hereby affirms its forecast in the Preliminary Approval Order and certifies the following Settlement Classes for settlement purposes only:

**Damages Class:** All Individual Members (excluding dependents and beneficiaries), Insured Groups (including employees, but excluding non-employee Members), and Self-Funded Accounts (including employees, but excluding non-employee Members) that purchased, were covered by, or were enrolled in a Blue-Branded Commercial Health Benefit Product (unless the person or entity's only Blue-Branded Commercial Health Benefit Product during the Settlement Class Period was a stand-alone vision or dental product) sold, underwritten, insured, administered, or issued by any Settling Individual Blue Plan from February 7, 2008 through October 16, 2020 (in the case of all Damages Class members other than the Self-Funded Sub-Class, for whom the Class Period is September 1, 2015 through October 16, 2020).

**Self-Funded Sub-Class:** All Self-Funded Accounts (including employees, but excluding non-employee Members) that purchased, were covered by, or were enrolled in a Blue-Branded Commercial Health Benefit Product (unless the person or entity's only Blue-Branded Commercial Health Benefit Product during the Settlement Class Period was a stand-alone vision or dental product) sold, underwritten, insured, administered, or issued by any Settling Individual Blue Plan from September 1, 2015 through October 16, 2020.

**Injunctive Relief Class:** All Individual Members, Insured Groups, Self-Funded Accounts, and Members that purchased, were covered by, or were enrolled in a Blue-Branded Commercial Health Benefit Product sold, underwritten, insured, administered, or issued by any Settling Individual Blue Plan during the Settlement Class Period (February 7, 2008 through October 16, 2020, except for Self-Funded Accounts for whom the Settlement Class Period is September 1, 2015 through October 16, 2020).

4. Excluded from the Damages Class and the Self-Funded Sub-Class are Government Accounts, Medicare Accounts of any kind, Settling Defendants themselves, and any parent or subsidiary of any Settling Defendant (and their covered or enrolled employees). Also excluded from the Damages Class and the Self-Funded Sub-Class are Opt-Outs, the judge presiding over this matter, and any members of his judicial staff, to the extent such staff were covered by a Commercial Health Benefit Product not purchased by a Government Account during the Settlement Class Period.

5. For purposes of the Damages Class and the Self-Funded Sub-Class, the term "employee" means any current or former employee, officer, director, partner, or proprietor of an entity.

6. The Court finds that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied solely for settlement purposes, as follows:

    a. Pursuant to Rule 23(a)(l), the Court determines that the Settlement Class members are so numerous that their joinder before the Court would be impracticable.

    b. Pursuant to Rule 23(a)(2), the Court determines that there are one or more questions of fact or law common to the Settlement Classes.

    c. Pursuant to Rule 23(a)(3), the Court determines that Subscriber Plaintiffs' claims are typical of the claims of the Settlement Classes.

    d. Pursuant to Rule 23(a)(4), the Court determines that the Class Representatives have fairly and adequately protected the interests of the Settlement Classes. Class Representatives are certified as class representatives on behalf of their Settlement Classes; and the Self-Funded Sub-Class Representative is certified as class representatives on behalf of the Self-Funded Sub-Class.

4

      e.     Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members.

      f.     Also pursuant to Rule 23(b)(3), the Court determines that a class action is superior to other available methods for the fair and efficient adjudication of this Action.

### Class Counsel and Class Representatives

7.    Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints Hausfeld LLP and Boies Schiller Flexner LLP as Settlement Class Counsel for the Settlement Classes and Burns Charest LLP as Self-Funded Sub-Class Settlement Counsel for the Self-Funded Sub-Class.

8.    The following individuals and entities are appointed as class representatives:

    a. For the Settlement Classes: Galactic Funk Touring, Inc.; American Electric Motor Services, Inc.; CB Roofing, LLC; Pearce, Bevill, Leesburg, Moore, P.C.; Pettus Plumbing & Piping, Inc.; Consumer Financial Education Foundation of America, Inc.; Fort McClellan Credit Union; Rolison Trucking Co., LLC; Conrad Watson Air Conditioning, Inc.; Linda Mills; Frank Curtis; Jennifer Ray Davidson; Pete Moore Chevrolet, Inc.; Jewelers Trade Shop; Saccoccio & Lopez; Angel Foster (*fka* Angel Vardas); Monika Bhuta; Michael E. Stark; G&S Trailer Repair Incorporated; Chelsea L. Horner; Montis, Inc.; Renee E. Allie; John G. Thompson; Avantgarde Aviation, Inc.; Hess, Hess & Daniel, P.C.; Betsy Jane Belzer; Bartlett, Inc., d/b/a Energy Savers; Matthew Allan Boyd; Gaston CPA Firm; Rochelle and Brian McGill; Sadler Electric; Jeffrey S. Garner; Amy MacRae; Vaughan Pools, Inc.; Casa Blanca, LLC; Jennifer D. Childress; Clint Johnston; Janeen Goodin and Marla S. Sharp; Erik Barstow; GC/AAA Fences, Inc.; Keith O. Cerven; Teresa M. Cerven;

5

        Sirocco, Inc.; Kathryn Scheller; Iron Gate Technology, Inc.; Nancy Thomas; Pioneer Farm Equipment, Inc.; Scott A. Morris; Tony Forsythe; Joel Jameson; Ross Hill; Angie Hill; Kevin Bradberry; Christy Bradberry; Tom Aschenbrenner; Juanita Aschenbrenner; Free State Growers, Inc.; Tom A. Goodman; Jason Goodman; Comet Capital, LLC; Barr, Sternberg, Moss, Lawrence, Silver & Munson, P.C.; Mark Krieger; Deborah Piercy; and Lisa Tomazzoli.

    b. For the Self-Funded Sub-Class: Hibbett Sports, Inc.

## Notice

9.    The Court finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

10.    The Court finds that the dissemination of Notice: (a) was implemented in accordance with the Notice Plan Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the releases to be provided thereunder); (iii) Class Counsel's motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; and (vi) the right to appear at the Fairness Hearing; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

**Final Approval of the Settlement Agreement**

11. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement Agreement in all respects (including, without limitation: the Settlement Fund amount; the releases; the Injunctive Relief; and the dismissal with prejudice of the claims asserted against Settling Defendants in the Action), and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Settlement Classes. In reaching this conclusion, the Court considered the factors set forth in Rule 23(e) as well as the factors set forth in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Moreover, the Court concludes that:

a. the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating class actions and is the result of vigorous arm's-length negotiations undertaken in good faith and with the assistance of four mediators, who are experienced and well-regarded mediators of complex cases;

b. the Action involves contested issues of law and fact, such that the value of an immediate monetary recovery, in conjunction with the significant other relief provided pursuant to the Settlement Agreement (including but not limited to the relief described as "Class Injunctive Relief" under Paragraphs 10-21 of the Settlement Agreement), outweighs the mere possibility of future relief after protracted and expensive litigation;

c. success in antitrust cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result (particularly given the costs, risks and delay of trial and appeal); and

      d.    there is a substantial basis for Settlement Class Counsel and Self-Funded Sub-Class Settlement Counsel's judgment that the Settlement Agreement is fair, reasonable and adequate.

12. The proposed method of distributing relief to the Settlement Classes is adequate, including the method of processing Damages Class member claims.

13. The Settlement treats Class Members equitably relative to each other when considering the differences in their claims.

14. The Court further grants final approval to the Plan of Distribution, which was preliminarily approved by the Court on _____. The Plan of Distribution was developed and recommended by experienced class counsel, with the support of expert economic analysis. The Plan of Distribution represents an efficient and equitable means of distributing the Net Settlement Fund to the Damages Class in a timely fashion, without overly burdening claimants, and treats members of the Damages Class equitably relative to each other.  In particular, the Court finds that the allocation of the Net Settlement Fund among different types of claimants is appropriate, and further finds that the Plan of Distribution's use of default contribution percentages to calculate employer-employee allocation of premiums paired with an alternative option for claimants who believe they are entitled to more than the default option is reasonable based on the factors identified in the Plan.  The Plan of Distribution's methodology strikes a reasonable balance between precision and efficiency.

### **Releases**

15. Except as to any claim of those Opt-Outs (identified in Exhibit A) who have validly and timely requested exclusion from the Settlement Classes, the Action and all claims contained

therein, as well as all of the Released Claims against any of the Releasees by Releasors, are each hereby dismissed with prejudice.

16. The Opt-Outs identified in Exhibit A are excluded from the Settlement Classes pursuant to properly made requests, are not bound by the Settlement Agreements, or this Final Order and Judgment, and may not make any claim on or receive any benefit from the Settlement Fund, whether monetary or otherwise. Said Opt-Outs may not pursue any claims released under the Settlement Agreement on behalf of those who are bound by this Final Judgment. Each Settlement Class Member not appearing in Exhibit A is bound by this Final Judgment and will remain forever bound.

17. The releases set forth in paragraphs 32 and 33 of the Settlement Agreement, together with the Definitions contained in paragraph 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Effective Date.

18. Upon the Effective Date the Releasors: (a) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged (i) all Released Claims against any and all of the Releasees, and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; and (b) covenant not to sue any Releasee with respect to any Released Claim, and are permanently barred and enjoined from commencing, maintaining, prosecuting, causing, cooperating with, advising to be commenced or maintained, or encouraging any action, suit, proceeding, or claim in any court, tribunal, administrative agency, regulatory body, arbitrator, or other body in any jurisdiction against any Releasee based in whole or in part upon, arising out of, or in any way connected or related to any Released Claim.

19. This Final Order and Judgment shall not affect, in any way, the right of Releasors to pursue claims, if any, outside the scope of the Released Claims.

### Monitoring Committee

20. Based on the record before the Court, including the submissions in support of the Settlement and objections and responses thereto, the Court hereby establishes a Monitoring Committee to serve, and to perform the functions specified under the Settlement Agreement, during the Monitoring Period, which shall be made up of (1) _____ and _____ appointed collectively by Settling Defendants, (2) _____ appointed collectively by Settlement Class Counsel, (3) _____ appointed by Self-Funded Sub-Class Settlement Counsel, and (4) _____ appointed by the Court.

### Standard of Review

21. The Court finds that its April 5, 2018 Memorandum Opinion Regarding Section 1 Standard of Review and Single Entity Defense (ECF No. 2063) and the accompanying Order (ECF No. 2064) no longer apply to the Blue System~~,~~ as revised by this Settlement Agreement. This finding has no applicability to the Providers' claims brought in their capacity as Providers of healthcare products or services in MDL No. 2406.

### Further Matters

22. Nothing in the Settlement Agreement, this Final Judgment and Order of Dismissal, or any and all negotiations, documents, or discussions associated with them, or any proceedings undertaken in accordance with the terms of the Settlement Agreement constitutes (i) an admission or concession by any of the Settling Defendants (or evidence thereof) in any action or proceeding, (ii) evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by any Settling Defendant, or (iii) evidence of the truth or validity of any of the claims or

allegations contained in any complaint or any other pleading that Class Representatives or Class Members have or could have asserted against Settling Defendants, including without limitation that Settling Defendants have engaged in any conduct or practice that violates any antitrust statute, or other law, regulation, or obligation. Settling Defendants expressly deny any wrongdoing or liability whatsoever for any and all such claims and allegations.

23. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the terms of the Settlement Agreement consistent with the terms of the Settlement Agreement. Settling Defendants and each Settlement Class Member have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement (except those arising under Paragraphs 17 and 20 during the Monitoring Period, which are subject to binding arbitration as further described in those Paragraphs) to resolve any disputes or controversies, including but not limited to enforcement regarding Released Claims and Paragraphs 32 and 33 of the Settlement Agreement. Settling Defendants and Settlement Class Members have agreed that, in the event of such dispute, they are and shall be subject to the jurisdiction of this Court and that this Court is a proper venue and convenient forum.

24. In the event that (a) the Settlement Agreement is rescinded or terminated, (b) the Settlement Agreement does not become effective in accordance with the terms of the Settlement Agreement, (c) the Effective Date does not occur, or (d) the Net Settlement Fund, or any portion thereof, is returned to Settling Defendants in accordance with the Settlement Agreement, then this

11

Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

25. In the event the Settlement Agreement does not become final, or is otherwise rescinded or terminated, litigation of the Subscriber Actions against Settling Defendants will resume in a reasonable manner to be approved by the Court upon application by the Parties, and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (other than Notice and Administration Costs reasonably and actually incurred), along with any income accrued thereon, shall be returned to the entities that paid such amounts into the Escrow Account, in proportion to their respective contributions, within ten (10) calendar days of rescission, termination, or a court's final determination denying final approval of the Agreement and/or any of the Settlement Classes, whichever occurs first. .

26. The Parties expressly reserve all of their rights if this Agreement is rescinded or does not otherwise become final.

27. If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition of the Settlement Agreement, the Court's assessment of class certification of the Settlement Classes shall be deemed null and void and the Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure or under any other state or federal rule, statute, law or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

28.     The Parties are directed to implement the Settlement Agreement in accordance with its terms once the Settlement Agreement becomes final. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

### Inapplicability of Settlement to Provider Track Cases

28.29.  Nothing herein shall apply to the Providers' claims brought in their capacity as Providers of healthcare products or services in MDL No. 2406.

### Dismissal of the Subscriber Actions

29.30. The Subscriber Actions are hereby dismissed with prejudice and, except as provided for in the Settlement Agreement and any order of this Court granting fee, expense, or service awards as contemplated under the Settlement Agreement, without costs.  Any dismissal with prejudice shall not apply to the claims of the Opt-Outs identified in Exhibit A.

30.31.  There is no just reason for delay in the entry of this Final Order and Judgment. The dismissed Subscriber Actions are severable from all remaining Provider Actions and immediate entry of this Final Order and Judgment by the Clerk of the Court is expressly directed.

**DONE** and **ORDERED** on _____ ___, 2021

_____
**R. DAVID PROCTOR**
United States District Judge

13

## **Exhibit A**

[List of Opt-Outs]

14