FILED
2021 Jun-01 PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 319

# GENERAL LAWS

(AND JOINT RESOLUTIONS)

Of The

# LEGISLATURE OF ALABAMA

Passed At The

## SESSION OF 1945

HELD AT THE CAPITOL, IN THE CITY OF MONTGOMERY

Commencing Tuesday, May 1, 1945

CHAUNCEY SPARKS, Governor.

HANDY ELLIS, Lieutenant-Governor

JAMES SIMPSON, President Pro Tem. of the Senate.

C. D. NORMAN, Speaker of the House.

---

I, Sibyl Pool, Secretary of State in and for the State of Alabama, do hereby certify that this volume is published by the authority of the State of Alabama, and in accordance with law.

SIBYL POOL,
Secretary of State.

---

BIRMINGHAM PRINTING COMPANY
State Printers and Binders
Birmingham, Alabama
1945

52

No. 50)                        (S. 51—St. John (of Lawrence) and Jones

## AN ACT

To amend Sections 304, 306, 308, and 311 of Title 28 of the Code of Alabama of 1940, relating to non-profit corporations for establishment of hospitalization plan.

*Be it Enacted by the Legislature of Alabama:*

Section 1. That Section 304 of Title 28 of the Code of Alabama of 1940 be amended so as to read as follows: Section 304. BOARD OF TRUSTEES. The duly designated representatives of two or more hospitals organized for hospital purposes under the laws of the State of Alabama, or any hospitals engaged in a bona fide hospital business and which shall have been approved by the trustees of the Alabama Hospital Association and the State Board of Censors of the Medical Association of the State of Alabama as properly manned and equipped hospitals to render first class service as herein provided for, may constitute themselves a board of trustees for the purpose of incorporating a non-profit corporation to establish, maintain and operate a hospital service plan under which hospital care is to be furnished to such of the public who become subscribers to such plan under a contract which entitles each subscriber to hospital care. Said hospital service plan and said contracts may include medical and/or surgical and/or obstetrical care or benefits.

Section 2. That Section 306 of Title 28 of the Code of Alabama of 1940 be amended so as to read as follows: Section 306. ADDITIONAL TRUSTEES; AMENDMENT OF CERTIFICATE. Upon the filing in said Probate Office of such certificate, the trustees therein named shall become a body corporate for the purpose of establishing, maintaining, and operating a hospital service plan as provided for herein. The duly designated representative of any hospital in the State of Alabama desiring to participate as a member of such corporation shall be entitled to become a member of its board of trustees, providing such hospital shall have been approved as a proper hospital to render hospital service by the same bodies and certified to as such in the same manner as hereinbefore provided for hospitals originally forming such corporation. Such corporation may also, under such rules and regulations as it may adopt, elect or cause to be elected as members of its board of trustees doctors who are members of the Alabama State Medical Association. Such corporation may change its corporate name, the location of its principal place of business, or make such other alteration, amendment, or change in its charter as may be desired in the following manner; Its board of trustees, by a majority vote thereof, either in person or by proxy, at any

53

annual meeting of said board, or at any special meeting called for the purpose, shall adopt a resolution or resolutions setting forth the respect or respects in which the charter of the corporation shall be altered, amended, or changed, and a report thereof, certified by the President or the Secretary of the Corporation under the corporate seal, shall be filed and recorded in the Office of the Judge of Probate of the county in which the corporation was organized, and, upon the filing of same, its certificate of incorporation shall be deemed to be so altered, amended, or changed; provided, however, that such certificate of alteration, amendment, or change shall contain only such provisions as would be lawful and proper to insert in an original certificate of incorporation made at the time of making such amendment.

Section 3. That Section 308 of Title 28 of the Code of Alabama of 1940 be amended so as to read as follows: Section 308. CERTIFICATES OF AUTHORITY; CERTIFICATES TO PUBLIC. Every corporation organized under the provisions of this article shall procure from the Superintendent of Insurance a certificate of authority to do business for which the corporation shall pay the sum of Two Hundred Dollars, and such certificates of authority shall be renewed thereafter on or before the first day of March of each year. The corporation may then enter into contracts with the public, subject to the restrictions herein contained, for benefits under said hospital service plan. It shall be the duty of such corporation to enter into contracts with and issue certificates to those of the public who may desire to avail themselves of the benefits of said hospital service plan and who, under its rules and regulations, make application and are eligible therefor. Such contracts may provide for more than one class of service or benefits, and shall designate the person or persons, or the class of persons, entitled thereto, shall designate the hospitals which render the service provided for, and shall specify the charge or dues required to be paid for such services or benefits. Such contracts or certificates shall also provide that any doctor may be selected by the holder thereof to treat him while a patient in the hospital provided the doctor selected is a reputable doctor and eligible for membership in his county medical society. No such corporation shall issue or sell any contract until the same shall have been approved in writing by the Superintendent of Insurance.

Section 4. That Section 311 of Title 28 of the Code of Alabama of 1940 be amended so as to read as follows: Section 311. RATES AND CHARGES: EXAMINATIONS AND VISITATIONS. The rates, charges, and dues to be paid by the public for benefits under said hospital service plan and for the contracts or certificates covering same shall at all times be subject to the

54

approval of the Superintendent of Insurance and shall be adequate to meet the liability assumed under such contracts and all expenses in connection therewith. The Superintendent of Insurance or any of his designated deputies or examiners shall have the power of visitation and examination into the affairs of such corporation and shall have free access to all books, papers, and documents that relate to the business of said corporation and may summon and qualify witnesses under oath and examine them in relation to the affairs, transactions, and conditions of the corporation. Such examination shall be made at the expense of the corporation. The acquisition cost in connection with the solicitation of subscribers to said hospital service plan shall be subject to the approval of the Superintendent of Insurance.

Section 5. If any provision of this act is held to be unconstitutional or invalid, the remainder of the act shall not be affected thereby.

Section 6. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved June 1, 1945.

No. 51)                                          (S. J. R. 3—Espy

### SENATE JOINT RESOLUTION

Petitioning members of the Alabama Delegation to the Congress of the United States to use every influence to have the Office of Price Administration through the Commodity Credit Corporation to allow warehouses to charge the commercial rate per bale for storage of cotton on Government Loan or Purchase Program in order that more space will be available to farmers who wish to participate in these government programs.

WHEREAS, A great many cotton farmers of Alabama were forced to take a loss of as much as $5 to $7.50 a bale for their cotton because they could not find suitable storage space to avail themselves of the Government Loan or Purchase Programs.

WHEREAS, The Government Purchase Plan and Government Loan Plan, handled by the Commodity Credit Corporation, would neither purchase nor lend money on cotton unless it was stored in approved warehouses—and

WHEREAS, Numbers of cotton warehouses in Alabama did not qualify as approved storage places for Government Loan or Purchase cotton because warehouse charges allowed by the Commodity Credit Corporation were from 6 to 9 cents a bale less than commercial rates. Many warehousemen declare they can not handle cotton at present prices without loss—and