FILED
2021 Jun-02 PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

IN RE BLUE CROSS BLUE SHIELD            Master File 2:13-cv-20000-RDP
ANTITRUST LITIGATION: MDL 2406

### MOTION BY A CLASS MEMBER FOR THE COURT TO MODIFY THE SETTLEMENT OR DISMISS THIS CASE

Comes now one of the Class members and moves this Court to order modifications of the Proposed Settlement or dismiss this case for reasons detailed below.

1. This settlement leaves class members frustrated and not able to properly file claims and causes others having to pay back their *"settlement PLUS pay for Plaintiffs' attorney fees PLUS pay for Blue Cross Blue Shield's costs, PLUS pay for other claimants who are no longer insured by Blue Cross Blue Shield ("BCBS")"* as detailed below:

    a. Due to settlement's failure to get BCBS to admit fault and other concessions, BCBS gets to deduct costs of this action on its financial statements as "costs of doing business" and thereafter, pass this cost to their future policy holders including those class member policy holders who still hold Blue Cross Blue Shield insurance plans. Those class members will essentially pay back any gain they get from this settlement plus Plaintiffs' attorneys' legal fees and all BCBS costs of this action. Any perceived harm to BCBS will actually be passed onto others INCLUDING those who were victims of this wrong in the past. Some have no option of changing plans due to prior medical claims. For example: If you are on a BCBS Medicare Supplement Plan F or Plan G or H etc., your pre-existing conditions prohibit you from changing policies. Other supplemental insurance companies will bump up their premiums for pre-existing conditions unlike the Affordable Care Act which prohibits such actions for people not on Medicare. BCBS escapes unscathed while these policy holders are stuck paying for this settlement with higher future premiums. Furthermore, each state regulates which policies can be offered thus providing BCBS with lobbying opportunities to get states to allow them to raise premiums to pass on these costs as a "cost of doing business". This proposed settlement punishes current and future policy holders and lets BCBS off the hook without taking responsibility. I move the Court to require the settlement to alleviate future pain to class member policy holders and provide some consequence to BCBS.

    b. The settlement could be funded from a direct charge to Retained Earnings (as in a dividend) bypassing the expense accounts and causing the company to lose capital without the benefit of passing it onto policyholders as a cost of business. It could also be partially funded through future reduction in executive pay, deferred compensation and bonuses of those currently in management who were in management during the offending time period to avoid being passed onto policy holders as "costs of business". A Google search of BCBSA (Blue Cross Blue Shield Association) returned information that the current CEO is now and has been one of the highest paid chief executives in the nation for well over a decade and it just so happens he was chief during the pendency of occurrences which are the topics of this class action. He should not get away unscathed nor should his participating underlings. It leaves class members wondering if negotiations of the settlement included issues important to all class members; if their situations were fully considered by Plaintiffs' attorneys; whether anyone looked at the "non-tax" accounting ramifications to future policy holders of BCBS not accepting fault. All it does is move the cost of this settlement from one set of victims to another and only benefits the attorneys. I move the Court to order the settlement be revised to provide some consequences to BCBS and their managers.

2. This settlement should be rejected because it is proportionately lopsided; benefitting attorneys and BCBS far more proportionately than it benefits the claimants (the real victims). I move the court to order the settlement to include more for class members.

3. This settlement should further be rejected as NOT FAIR to the claimants for the following reasons:

    a. The claim form has changed over the last several weeks creating confusion. Class members who filed a claim last week provided different information than the claim form now requires. No one has informed whether claim forms are or are not kicked out of the system due to technical errors. I plead for the Court to order claims processors to include all claims since the settlement failed to negotiate/orchestrate a proper claims procedure and administration.

    b. Though claimants are provided a claim ID in the email notice, they are left in the dark in completing claim forms. Class members are required to dig through files for FOURTEEN YEARS (non-existent?) and GUESS which company insured them. There are multiple BCBS companies and policies (Over 40; all with similar names). Compounding the confusion, plans provided in a particular state were BCBS

companies from another state. For example: My policy began over fourteen years ago in Texas and I'm pretty sure it was not a BCBS of Texas but was either BCBS of Illinois or BCBS of Iowa. (Yet, I remember calling Nevada and California for claims processing.) One thing is abundantly clear: Since BCBS provided the list of claimants for the notice of settlement and provided a claim ID, THEY KNOW who the class members are, the time period they were insured and the technical name for the subsidiary or affiliate of BCBS who provided that plan(s). Plaintiffs' attorneys should have put the burden of providing this information on BCBS; not on class members. Not all class members had insurance through an employer who has a file cabinet of information. I fear an "I GOTCHA" moment from GUESSING the wrong policy. I move the Court to order BCBS to identify the companies for the Claimants; especially individual claimants like me who did not get insurance through my employer.

c. Plaintiffs' attorneys instruct NOT TO CONTACT Blue Cross Blue Shield to get this information; another "I GOTCHA" risk to not be included in the settlement. Plaintiffs' attorneys instruct to call a provided phone number for more information. Yet claimants cannot speak to a human. The longest I was on hold before hanging up was 41 minutes in the eight times I called. I never reached a person. Someone should be required to hire people who will answer the phone. The website information changes frequently creating confusion. I move the Court to require someone answer class members' questions or communicate more effectively.

d. Plaintiffs' attorneys do not return emails from class members and instruct not to contact BCBS, so when the phone call doesn't work and the emails fail to get a response, claimants are left without assistance. This is wrong. I move the Court to address and correct this.

e. Nowhere in the information does it tell claimants they will be treated fairly and proportionally leaving them with little information to make an informed decision. For example: I deserve to get far more from the settlement for my seven years of Blue Cross Blue Shield's chicanery during the specified claim years than someone insured only a few months. However, this is not clarified and leaves class members uncertain of what choice to make. As a self-provider, my premiums were much higher than corporate employers due to the inability to find competitive insurance rates; thus, the harm suffered is not equal. Attorneys should clarify this to claimants and ensure the settlement is structured so those who were with Blue Cross companies longer and in

      private plans get more than those who were only insured a few months or benefitted from lower negotiated group rates. I move the Court to so order.

4. Being without piles of paper and postage or pacer access, I emailed a copy of this to the attached list of attorneys and pray the Court allows this exception as sufficient notice in light of the fact this filing would be unnecessary had I been able to get information from the attorneys.

5. In the alternative, if the Court cannot find a way to provide equity to class members as requested above, I move the Court to dismiss this case. Dismissal will leave the events as just another rock in the shoe of the downtrodden victimized by powerful large companies who take no responsibility for their wrongdoings and when sued, commit their efforts to pleasing attorneys and executives rather than redressing wrongdoings to the class. A dismissal will save existing policy holders future harm and be a stern warning to Plaintiffs' attorneys who do a lackluster job of understanding class members' situations or representing them. Let it be yet another in a long list of similar messages to the public that if you are a big and powerful company or family, wrongdoing will not result in consequences to the wrongdoers; it will just be passed onto other future Little Guy victims.

Wherefore, premises considered, I pray the Court grant the relief requested and supported as detailed above or further relief as the Court deems just and fair to the Little Guy.

Respectfully Submitted:　　　　　　　　　　　　May 28, 2021
C. Demuth, Class Member
350 Driftwood Dr
Goodrich Tx 77335
Email: its*hotinhouston*@gmail.com
936-365-4829

Being without extensive paper and postage, I emailed a copy of this to all of the following and pray this suffices:

David Boies
Richard Feinstein
Hamish P.M. Hume
BOIES, SCHILLER & FLEXNER LLP:
dboies@bsfllp.com
rfeinstein@bsfllp.com
hhume@bsfllp.com

Nate Cihlar
Joshua Callister
Srauss & Boies
ncihlar@straus-boies.com
jcallister@straus-boies.com

Michael D. Hausfeld
Megan Jones
Arthur Bailey
Hausfeld LLC:
mhausfeld@hausfeld.com
mjones@hausfeld.com
abailey@hausfeld.com

Charles J. Cooper
COOPER & KIRK, PLLC:
ccooper@cooperkirk.com

Chris T. Hellums
Pittman, Dutton & Hellms, P.C.
chrish@pittmandutton.com

William A. Isaacson
PAUL WEISS
wisaacson@paulweiss.com

Gregory Davis
DAVIS & TALIAFERRO, LLC:
gldavis@knology.net

Cyril V. Smith
Carl S. Kravitz
ZUCKERMAN SPAEDER, LLP:
csmith@zuckerman.com
ckravitz@zuckerman.com

Douglas Dellaccio
CORY WATSON CROWDER & DEGARIS, P.C.
ddellaccio@cwcd.com

Larry McDevitt
David Wilkerson
VANWINKLE LAW FIRM
lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com

Edwin J. Kilpela Jr.
Benjamin Sweet
DEL SOLE CAVANAUGH STROYD LLC
ekilpela@dsclaw.com
bsweet@dsclaw.com

Robert M. Foote
Kathleen Chavez
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
rmf@fmcolaw.com

kcc@fmcolaw.com

Charles T. Caliendo
Robert Eisler
GRANT & EISENHOFER
ccaliendo@gelaw.com
reisler@gelaw.com

Daniel Gustafson
Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Brent Hazzard
HAZZARD LAW, LLC
brenthazzard@yahoo.com

John Saxon
JOHN D. SAXON, P.C.
jsaxon@saxonattorneys.com

Lawrence Jones
JONES WARD PLC
larry@jonesward.com

David Guin
Tammy Stokes
GUIN, STOKES & EVANS, LLC:
davidg@gseattorneys.com
tammys@gseattorneys.com

Mindee Reuben
Lite DePalma Greenberg
mreubin@litedepalma.comN

Warren T. Burns
BURNS CHAREST LLP:
wburns@burnscharest.com

David J. Hodge
MORRIS, KING & HODGE:
lstewart@alinjurylaw.com

H. Lewis Gillis
MEANS GILLIS LAW, LLC
hlgillis@tmgslaw.com

Michael McGartland
MCGARTLAND & BORCHARDT LLP:
mike@attorneysmb.com

Robert Methvin
James M. Terrell
MCCALLUM, METHVIN & TERRELL, P.C.:
rgm@mmlaw.net
jterrell@mmlaw.net

John Saxon
JOHN D. SAXON, P.C.
jsaxon@saxonattorneys.com

Lawrence Jones
JONES WARD PLC
larry@jonesward.com

Patrick Cafferty
Bryan Clobes
Ellen Meriwether
CAFFERTY CLOBES MERIWETHER & SPRENGE LLLP
pcafferty@caffertyclobes.com
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

Andrew Lemmon
LEMMON LAW FIRM
andrew@lemmonlawfirm.com

Virginia Buchanan
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.
vbuchanan@levinlaw.com

Warren T. Burns
BURNS CHAREST LLP
wburns@burnscharest.com

CJ Demuth
300 Driftwood
Goodrich Tx 77335

7020 1290 0002 0187 1974

2021 MAY 25

Court Clerk
USDist Court; Northern Dist Alabama
Southern Division
Hugo L. Black US Courthouse
1729 5th Ave North
Birmingham AL 35203

U.S. POSTAGE PAID
FCM LG ENV
LIVINGSTON, TX
77351
MAY 20, 21
AMOUNT
$5.00
R2304M116488-13