FILED
2021 Aug-19  PM 04:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 2



**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| **IN RE: MANAGED CARE LITIGATION** | MDL NO. 1334 |
| THIS DOCUMENT RELATES ONLY TO PROVIDER TRACK CASES | **MASTER FILE NO. 00-1334-MD MORENO** |
| CHARLES B. SHANE, M.D., et al.,<br>  Plaintiffs,<br>v.<br>HUMANA INC., et al.,<br>  Defendants. | **Case No. 04-21589 -CIV-MORENO** |
| KENNETH A. THOMAS, M.D., et al.,<br>  Plaintiffs,<br>v.<br>BLUE CROSS & BLUE SHIELD ASSOCIATION, et al.,<br>  Defendants. | **Case No. 03-21296 -CIV-MORENO** |

## AMENDED ORDER
## APPROVING SETTLEMENT AMONG WELLPOINT, INC. AND PHYSICIANS, PHYSICIAN GROUPS AND PHYSICIAN ORGANIZATIONS, CERTIFYING CLASS AND DIRECTING ENTRY OF FINAL JUDGMENT

The Court having reviewed and considered the Joint Motion for Final Approval of Settlement Concerning Claims Against Defendant WellPoint Entities dated November 16, 2005 in the actions styled Shane v. Humana Inc., et al., Master File No. 00-1334-MD-MORENO ("Shane I"), Shane v. Humana Inc., et. al., Case No. 04-21589-CIV-MORENO ("Shane II")and Thomas v. Blue Cross and Blue Shield Assoc., Case No. 03-21296-CIV-Moreno/Klein ("Thomas") (collectively, the "Actions"), and having reviewed and considered the terms and conditions of the proposed settlement (the "Settlement") as set forth in the Settlement Agreement dated July 11, 2005 (the "Settlement Agreement"), a copy of which has been submitted to the Court, and having reviewed and considered the applications of Class Counsel for an award of attorneys' fees and expenses and for an award of fees to Representative Plaintiffs, and the Court having held a Settlement Hearing after being satisfied that notice to the Class had been provided in accordance with the Court's Order Preliminarily Approving Proposed Settlement Among WellPoint, Inc. and Physicians,

Physician Groups and Physician Organizations, Setting Form and Content of Notice to the Class and Scheduling Settlement Hearing entered on July 15, 2005 (the "Preliminary Approval Order"), and the Court having taken into account the objections submitted prior to the Settlement Hearing in accordance with the provisions of the Preliminary Approval Order and the presentations and other proceedings at the Settlement Hearing, and having considered the Settlement in the context of all prior proceedings had in this consolidated multi-district litigation, the Court makes the following FINDINGS:

A.    The Court has jurisdiction over the subject matter of these Actions pursuant to 28 U.S.C. §§ 1331 and 1367, and all acts within these Actions, and over all the parties to these Actions, and all members of the Class.

B.    Capitalized terms used in this Order that are not otherwise defined herein have the meaning assigned to them in the Settlement Agreement.

C.    The Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes. Class Counsel and Class Representative Plaintiffs have fairly and adequately represented the Class for purposes of entering into and implementing the Settlement.

D.    Notice to members of the Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice: (i) constituted the best notice to members of the Class that was practicable under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Actions, their right to object and to appear at the Settlement Hearing or to exclude themselves from the Settlement, and the binding effect of a class judgment; (iii) was reasonable and constituted due, adequate and sufficient notice to persons entitled to be provided with notice; and (iv) fully complied with the requirements of due process and the Federal Rules of Civil Procedure.

E.    The Court has held a hearing to consider the fairness, reasonableness and adequacy of the Settlement, has been advised of all objections to the Settlement and has given fair consideration to such objections.

F.    The Settlement is the product of good faith, arm's length negotiations between Representative Plaintiffs and the Signatory Medical Societies and their counsel, on one hand, and WellPoint, Inc. (with its Subsidiaries, "Company"), on the other hand.

G.      The Settlement, as provided for in the Settlement Agreement, is in all respects fair, reasonable, adequate and proper and in the best interest of the Class. In reaching this conclusion, the Court has considered a number of factors, including: (i) an assessment of the likelihood that the Representative Plaintiffs and/or the Class would prevail at trial; (ii) the range of possible recovery available to such plaintiffs as a result of such a trial; (iii) the consideration provided to members of the Class pursuant to the Settlement, as compared to the range of possible recovery discounted for the inherent risks of litigation; (iv) the complexity, expense and possible duration of such litigation in the absence of a settlement; (v) the nature and extent of any objections to the Settlement; and (vi) the stage of proceedings at which the Settlement was reached. See Bennett v. Behring Corp., 737 F. 2d 982, 986 (11th Cir. 1984).

H.      A list of those members of the Class who have timely elected to Opt-Out of the Settlement and the Class and who therefore are not bound by the Settlement, the provisions of the Settlement Agreement, this Order and the Judgment to be entered by the Clerk of the Court hereon, has been submitted to the Court as an exhibit to the Declaration of Neil Manning sworn to on December 19, 2005. A copy of such exhibit is attached hereto and incorporated by reference herein. All other members of the Class (as permanently certified below) shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order and the Judgment to be entered by the Clerk of the Court.

I.      The bar order provision of this Order, which prohibits the assertion of claims against Company and the other Released Parties, as set forth below, is a condition of the Settlement and a significant component of the consideration afforded to Company in the Settlement, and that provision is reasonable under the circumstances.

J.      The dismissal with prejudice and entry of Judgment contemplated by the Settlement and this Order will dispose of fewer than all of the claims at issue, or parties to, this Actions. The Court finds that there is no just reason for delay in entering judgment in the form attached hereto (the "Judgment") dismissing the Actions with prejudice as to Company and that entry of the Judgment to that effect, as directed below, is warranted under Rule 54(b) of the Federal Rules of Civil Procedure.

On the basis of the foregoing findings and the submissions and proceedings referred to above, NOW THEREFORE, IT IS HEREBY ORDERED ADJUDGED AND DECREED:

Certification of the Class and Approval of Settlement

1.       The Settlement and the Settlement Agreement are hereby approved as fair, reasonable, adequate and in the best interests of the Class, and the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The objections to the Settlement and the Settlement Agreement are overruled and denied in all respects.

2.       The Court having found that each of the elements of Rules 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure are satisfied, for purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), solely with respect to defendants Anthem, Inc. (now known as WellPoint, Inc.), WellPoint Health Networks Inc., Blue Cross of California, Rocky Mountain Hospital and Medical Service, Inc., Anthem Blue Cross and Blue Shield of Colorado, Community Insurance Company, Anthem Health Plans, Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia, Inc., Anthem Health Plans of Kentucky, Inc., Anthem Health Plans of Maine, Inc., RightCHOICE Managed Care, Inc. (d/b/a Blue Cross and Blue Shield of Missouri), Anthem Health Plans of New Hampshire, Inc., Anthem Health Plans of Virginia, Inc., Blue Cross Blue Shield of Wisconsin, as well as the other Released Parties, the Actions are permanently certified as class actions on behalf of the following persons (the "Class"):

> Any and all Physicians, Physician Groups and Physician Organizations who provided Covered Services to any Plan Member or any other individual enrolled in or covered by a plan offered or administered by any Person named as a defendant in the Complaints or by any of their respective current or former Subsidiaries or Affiliates, in each case from August 4, 1990 through the Preliminary Approval Date.

The persons identified on the list submitted to the Court (and attached hereto as an exhibit) as having timely and properly elected to Opt-Out from the Settlement and the Class are hereby excluded from the Class and shall not be entitled to any of the monetary or other benefits afforded to the Class under the Settlement Agreement. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of the requirements of Rule 23(a) and Rules 23(b)(2) and 23(b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address the issues of manageability presented by certification of the nationwide classes proposed in the Complaints in the Shane I, Shane II and Thomas actions.

3.       For purposes of the Settlement only, Representative Plaintiffs are certified as representatives of the Class and Class Counsel is appointed counsel to the Class. The Court concludes that

Class Counsel and Representative Plaintiffs have fairly and adequately represented the Class with respect to the Settlement and the Settlement Agreement.

4.      Notwithstanding the certification of the foregoing Class and appointment of class representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of the Class and appointment of class representatives shall be void and of no further effect and the parties to the Settlement shall be returned to the status each occupied before entry of this Order, without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

### Release and Injunctions Against Released Claims

5.      The "Released Parties," which shall include Company and each of its present and former parents, present and former wholly-owned Subsidiaries, present and former divisions and Affiliates and each of their respective current or former officers, directors, employees, agents, insurers and attorneys (and the predecessors, heirs, executors, administrators, legal representatives, successors and assigns of each of the foregoing), and all persons who provided claims processing services, software, proprietary guidelines or technology to Company or its Subsidiaries and Affiliates, and those contracted agents processing claims on their behalf, together with each such person's or entity's predecessors or successors (but only to the extent of such person's or entity's services and work done pursuant to contract with Company or its Subsidiaries or Affiliates), but excluding all Delegated Entities, shall be released and forever discharged by the Signatory Medical Societies and all Class Members who have not validly and timely requested to Opt-Out of this Agreement, and by their respective heirs, executors, agents, legal representatives, professional corporations, partnerships, assigns, and successors, but only to the extent such claims are derived by contract or operation of law from the claims of Class Members, (collectively, the "Releasing Parties") from any and all causes of action, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind or character (each a "Claim"), arising on or before the Effective Date that are, were or could have been asserted against any of the Released Parties by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in the Actions, whether any such Claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other

Persons, or to the business practices that are the subject of § 7 of the Settlement Agreement. This includes, without limitation and as to Released Parties only, any aspect of any Fee for Service Claim submitted by any Class Member to Company, and any claims of any Class Member related to or based upon any Capitation agreement between Company and any Class Member or other person or entity, or the delay, nonpayment or amount of any Capitation payments by Company, and any allegation that other defendants in the Actions and/or Company have conspired with, aided and abetted, or otherwise acted in concert with other managed care organizations, other health insurance companies, Delegated Entities and/or other third parties with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referred to in the Actions, or with regard to Company's liability for any other demands for payment submitted by any Class Member to such other managed care organizations, health insurance companies, Delegated Entities and/or other third parties.

6.      The Releasing Parties further agree to forever abandon and discharge any and all Claims that exist now or that might arise in the future against BCBSA and/or any Blue Cross and/or Blue Shield licensee or wholly-owned subsidiary of such licensee, which Claims arise from, or are based on, conduct by any of the Released Parties that occurred on or before the Effective Date and are, or could have been, alleged in the Complaints, whether any such Claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other Persons.

7.      The claims and rights released and discharged pursuant to ¶¶ 5 and 6 above, subject to the exception regarding Retained Claims contained in ¶ 8 below, shall be referred to collectively as "Released Rights" or "Released Claims."

8.      Notwithstanding the foregoing, the Releasing Parties are not releasing claims for payment (each a "Retained Claim" and, collectively, the "Retained Claims") for Covered Services provided to Plan Members prior to or on the Effective Date as to which, as of the Effective Date, (i) no claim with respect to such Covered Services has been submitted to Company; provided that the applicable period for filing such claim has not elapsed; or (ii) a claim with respect to such Covered Services has been filed with Company but such claim has not been finally adjudicated by Company.  For purposes of clause (ii), above, final adjudication shall mean completion of Company's internal appeals process.  In the event that a claim referred to in clause (ii) is finally adjudicated less than thirty (30) days prior to the Effective Date, such claim shall constitute a Retained Claim if a Physician seeks relief under Section 7.10 not later than ninety

(90) days after notice of such final adjudication, but otherwise such claim shall constitute a Released Claim. Retained Claims shall be resolved pursuant to the appropriate remedial provisions of the Settlement Agreement.

9.      The Releasing Parties are permanently enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving, or incorporating, directly or indirectly, any or all Released Claims, and (iii) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that an action taken by Company, which is in compliance with the provisions of the Settlement Agreement, violates any legal right of any member of the Class.

10.     The Releasing Parties are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any and all Claims that exist now or that might arise in the future against BCBSA, which Claims relate to in any way, arise from, or are based on, conduct by any of the Released Parties that occurred on or before the Effective Date and are, or could have been, alleged in the Complaints, whether any such Claim was or could have been asserted by any Releasing Party on its own behalf or on behalf of other Persons.

11.     In addition to the above, the Releasing Parties and each of them are deemed to have agreed and covenanted not to sue or prosecute, institute or cooperate in the institution, commencement, filing, or prosecution of any suit or proceeding in any forum based upon or related to any Released Claim against any Released Party.

12.     Notwithstanding any other provision of this Order or the Settlement Agreement (including, without limitation, ¶ 11 above), nothing in this Order or the Settlement Agreement shall be deemed to in any way impair, limit, or preclude the Releasing Parties' rights to enforce any provision of the Settlement

Agreement, or any court order implementing the Settlement Agreement, in a manner consistent with the terms of the Settlement Agreement.

13. Upon the Effective Date and through the Termination Date, each Releasing Party shall be deemed to have covenanted and agreed not to sue with respect to, or assert, against any Released Person, in any forum (i) any Retained Claim or (ii) any Compliance Dispute, which respectively shall be asserted and pursued only pursuant to the provisions of the Settlement Agreement (it being understood that this ¶ 13 shall not apply to any claims that arise within twenty (20) days before the Termination Date that could not reasonably be presented or resolved pursuant to the procedures set forth in the Settlement Agreement; provided that any such claim shall be prosecuted on any individual basis only and not otherwise).

14. Except as provided in § 13.4(b) of the Settlement Agreement, nothing in the Settlement Agreement is intended to relieve any Person that is not a Released Party from responsibility for its own conduct or conduct of other Persons who are not Released Parties for claims that are not Released Claims. Nothing in the Settlement Agreement is intended to preclude any Representative Plaintiffs from introducing any competent and admissible evidence to the extent consistent with §§ 13.8(d), 14.5 and 16 of the Settlement Agreement.

15. Nothing in the Settlement Agreement prevents the Plaintiffs and the Class from pursuing claims to hold any person or party that is not either a Released Party, BCBSA, or a Blue Cross and/or Blue Shield licensee or wholly-owned subsidiary of such licensee liable for damages caused by any Released Party. This provision of the Settlement Agreement is intended to be severable. Should it be found illegal or invalid by any court for any reason, it shall be severable from the remainder of the Settlement Agreement, and the remainder of the Settlement Agreement shall be unchanged and shall be read as if it did not contain this provision.

16. If Plaintiffs, the Class or any Class Members pursue claims consistent with this Order and the Settlement Agreement against any person or party for damages allegedly caused by any Released Person, any finding, judgment, opinion or other result from such proceeding under any circumstances (i) shall not be deemed, construed or asserted as a finding, judgment, opinion or result against any Released Person; (ii) shall not be deemed, construed or asserted as res judicata, collateral estoppel or similar doctrines against any Released Person; and (iii) shall not be admitted or considered as evidence against or

used for any purpose against any Released Party in any judicial, administrative, regulatory, arbitration proceeding or any other forum.

17.     With respect to all Released Claims, the Releasing Parties and each of them agree that they are expressly waiving and relinquishing to the fullest extent permitted by law (a) the provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

and (b) any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.   Each Class Member who has not validly and timely requested to Opt-Out of this Agreement and each Signatory Medical Society may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of the provisions of § 13 of the Settlement Agreement, but each such Class Member and each Signatory Medical Society hereby expressly waives and fully, finally and forever settles and releases, upon the entry of Final Order and Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of § 13, whether or not concealed or hidden, without regard to the discovery or existence of such different or additional facts.

18.     All persons, including without limitation all defendants named in the Complaints other than Released Parties, who are, have been, could be, or could have been alleged to be joint tortfeasors, co-tortfeasors, co-conspirators, or co-obligors with the Released Parties or any of them respecting the Released Claims or any of them, are hereby, to the maximum extent permitted by law, barred and permanently enjoined from making, instituting, commencing, prosecuting, participating in or continuing any Claim, claim-over, cross-claim, action, or proceeding, however denominated, regardless of the allegations, facts, law, theories or principles on which they are based, in this Court or in any other court or tribunal, against the Released Parties or any of them with respect to the Released Claims, including without limitation equitable, partial, comparative, or complete contribution, set-off, indemnity, assessment, or otherwise, whether by contract, common law or statute, arising out of or relating in any way to the Released

Claims. All such claims are hereby fully and finally barred, released, extinguished, discharged, satisfied, and made unenforceable to the maximum extent permitted by law, and no such claim may be commenced, maintained, or prosecuted against any Released Party. Any judgment or award obtained by a Class Member against any such defendant or third party shall be reduced by the amount or percentage, if any, necessary under applicable law to relieve Company or any Released Party of all liability to such defendants or third parties on such barred claims. Such judgment reduction, partial or complete release, settlement credit, relief, or setoff, if any, shall be in an amount or percentage sufficient under applicable law as determined by the Court to compensate such defendants or third parties for the loss of any such barred claims against Company or any Released Party. Nothing in this paragraph shall be construed to bar any person who is alleged to be a joint tortfeasor, co-tortfeasor, co-conspirator, or co-obligor with any of the Released Parties from instituting, commencing, prosecuting, or participating in any claim, claim-over, cross-claim, action, or proceeding, however denominated, against a Released Party in any litigation in which claims against the Released Party are not released and discharged pursuant to this order ("Non-Released Litigation"); provided however, that such persons may serve discovery on a Released Party in Non-Released Litigation only to the extent such discovery is directed solely to the allegations in such Non-Released Litigation. Where the claims of a person who is, has been, could be, or could have been alleged to be a joint tortfeasor, co-tortfeasor, co-conspirator or co-obligor with a Released Party respecting the Released Claims have been barred and permanently enjoined by this ¶ 18, the claims of Released Parties against that person respecting those Released Claims are similarly fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law.

19.     In contemplation of the Settlement and the dismissal with prejudice of all claims that would constitute Released Claims as to Company after this order becomes final, all proceedings are stayed as to Company or any other Released Party who is a defendant in any action brought by or on behalf of members of the Class that asserts any claim that as of the date of this Order would constitute a Released Claim that has been, or will in the future be assigned to this Court under MDL Docket No. 1334, *provided, however,* that this stay in contemplation of dismissal shall not apply to any such action to the extent that a named plaintiff has timely elected to Opt-Out of the Settlement and the Class.

20.     In accordance with the terms of the Settlement Agreement, the Releasing Parties and Class Counsel are barred from pursuing discovery against the Released Parties in the Actions and in any action

brought by or on behalf of members of the Class that asserts any claim that as of the date of this Order would constitute a Released Claim that has been, or will in the future be assigned to this Court under MDL Docket No. 1334. It is the intent of the Released Parties to limit, to the maximum extent appropriate under law, further discovery burdens on the Released Parties in the Actions. Accordingly, persons not released by this Order will be permitted to obtain discovery from the Released Parties in the Actions and in any action brought by or on behalf of members of the Class that asserts any claim that as of the date of this Order would constitute a Released Claim that has been, or will in the future be assigned to this Court under MDL Docket No. 1334 only upon first moving the Court for leave to obtain said discovery and demonstrating good cause for said discovery.

### Applications for Attorneys' Fees and Representative Plaintiff Fees

21. The Court has reviewed the application for an award of fees and expenses submitted by Class Counsel and the exhibits, memoranda of law and other materials submitted in support of that application. The Court recognizes that in the Settlement Agreement Company has agreed not to oppose an award of fees and expenses to Class Counsel up to Fifty Eight Million Dollars ($58,000,000.00), to be paid by Company up to that amount. This agreement is in addition to the monetary consideration and other benefits to be provided to members of the Class under the Settlement Agreement. On the basis of its review of the foregoing, the Court hereby awards fees and expenses to Class Counsel in the aggregate amount of $ *58 million* , to be paid by Company in accordance with the provisions of the Settlement Agreement.

22. The Court has also reviewed the application for a fee award to Representative Plaintiffs. The Court recognizes that in the Settlement Agreement Company has agreed not to oppose an award of fees up to Seven Thousand Five Hundred Dollars ($7,500.00) for each Representative Plaintiff, to be paid by Company up to that amount. This agreement is in addition to the monetary consideration and other benefits to be provided to members of the Class under the Settlement Agreement. On the basis of its review of the foregoing, the Court hereby awards a fee of $ *7500* to each Representative Plaintiff, with the exception of Dr. Susan Hansen, to be paid by Company in accordance with the provisions of the Settlement Agreement.

### Other Provisions

23.     The Company is hereby permanently relieved from any and all obligations under the Agreed Order For Preservation of Records entered in the Shane I action on January 12, 2001 and any similar preservation orders that may exist or be entered in any of the Actions.

24.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Representative Plaintiffs, the Signatory Medical Societies, Class Counsel, any members of the Class, Company or any other Person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Actions are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Representative Plaintiffs, the Signatory Medical Societies, any member of the Class or any other person has or has not suffered any damage; *provided, however,* that the Settlement Agreement, this Order and the Judgment to be entered thereon may be filed in any action by Company or any Released Party seeking to enforce the Settlement Agreement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The terms of the Settlement Agreement and of this Order and the Judgment shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings that are subject to the Release and other prohibitions that are set forth in paragraphs 5 through 20 and 23 through 27 of this Order that are maintained by, or on behalf of, the Releasing Parties or any other Person subject to those provisions of this Order.

25.     In the event that the Effective Date cannot occur, or the Settlement Agreement is canceled or terminated in accordance with the terms and provisions of the Settlement Agreement, then this Order and the Judgment shall be rendered null and void and be vacated and all orders entered in connection therewith by this Court shall be rendered null and void, subject to § 14.6 of the Settlement Agreement.

### Entry of Judgment; Continuing Jurisdiction

26.     The Clerk of the Court is directed to enter the Judgments in the forms attached to this Order dismissing all Released Claims with prejudice as to Anthem, Inc. (now known as WellPoint, Inc.),

WellPoint Health Networks Inc., Blue Cross of California, Rocky Mountain Hospital and Medical Service, Inc., Anthem Blue Cross and Blue Shield of Colorado, Community Insurance Company, Anthem Health Plans, Inc., Anthem Insurance Companies, Inc., Blue Cross and Blue Shield of Georgia, Inc., Anthem Health Plans of Kentucky, Inc., Anthem Health Plans of Maine, Inc., RightCHOICE Managed Care, Inc. (d/b/a Blue Cross and Blue Shield of Missouri), Anthem Health Plans of New Hampshire, Inc., Anthem Health Plans of Virginia, Inc., and Blue Cross Blue Shield of Wisconsin, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

27.    Without in any way affecting the finality of this Order and the Judgment, this Court hereby retains jurisdiction as to all matters relating to (a) the interpretation, administration, and consummation of the Settlement Agreement and (b) the enforcement of the injunctions described in paragraphs 10, 18, and 20 of this Order.

SO ORDERED this _31st_ day of _December_, 2005.

HON. FEDERICO A. MORENO
UNITED STATES DISTRICT COURT

c:    Service List