FILED
2021 Sep-03  PM 05:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# K

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406** | : **Master File 2:13-cv-20000-RDP** <br> : <br> : <br> : <br> : <br> : **This document relates to** <br> : **Subscriber Track cases** |

**AMENDED STIPULATION AND ORDER
REGARDING PROTECTED HEALTH INFORMATION AND
PERSONALLY IDENTIFIABLE INFORMATION FOR SUBSCRIBER SETTLEMENT**

Subscriber Plaintiffs and Settling Defendants entered into a Settlement Agreement resolving Subscriber Plaintiffs' claims in this litigation.  Dkt. No. 2610-2.  Subscriber Plaintiffs filed a motion seeking preliminary approval of the Settlement.  Dkt. No. 2610-2.  On November 30, 2020, this Court entered an order granting preliminary approval of the Settlement, Plan of Distribution, and Notice Plan.  Dkt. No. 2641.  On a motion by Subscriber Plaintiffs, with the approval of Settling Defendants, this Court appointed JND Legal Administration ("JND") as the Claims Administrator.  *Id.* at 60.  Subscriber Plaintiffs have filed a motion for the appointment of the Honorable Irma E. Gonzalez as the Settlement Administrator.  The Claims Administrator and the Settlement Administrator, together, shall be referred to as the "Settlement Vendors."

Pursuant to the Settlement Agreement, Settling Defendants provided the Claims Administrator, either directly or through their Independent Expert, Charles River Associates ("CRA"), with certain information including, but not limited to, names, last-known mailing addresses, last-known email addresses, last-known phone number, insurance and/or healthcare coverage products purchased, group, member, and subscriber ID numbers, covered lives, employer

1

headquarters or billing address, and premium or premium-equivalent information of settlement

class members, to the extent such information was reasonably available from Settling Defendants.[1]

Therefore, the Settling Parties, by and through their undersigned counsel, stipulate and

agree that:

1.      In order to prepare for and carry out its duties, the Claims Administrator received

data from Settling Defendants with certain information regarding the settlement class members,

including, but not limited to, the names, last-known mailing addresses, last-known email

addresses, last-known phone numbers, insurance and/or healthcare coverage products purchased,

and premium or premium-equivalent information of settlement class members, to the extent such

information was reasonably available from Settling Defendants (the "Required Data").

2.      The Required Data could include "Protected Health Information" and/or

"Personally Identifiable Information."  *See* 45 C.F.R. § 160.103; 2 C.F.R. § 200.79.

3.      The Required Data may also include commercially sensitive and protected

information that one or more Defendants contends should be protected, as defined in Paragraph 3

of the Qualified Protective Order previously entered in this case.  Dkt. 550 ¶ 3.

4.      Settlement Administrator will not take possession of any Required Data.  Settling

Defendants are not required to provide any Required Data to Settlement Administrator directly;

all Required Data will remain in the possession of Claims Administrator, and Claims

Administrator will develop a secure procedure for Settlement Administrator to view any Required

Data through Claims Administrator's systems as necessary for Settlement Administrator to

perform her role.  Settlement Administrator will not copy or download the Required Data which

the Settlement Administrator views through a secure procedure from the Claims Administrator's

---

[1]    The Stipulation and Order Regarding Protected Health Information and Personally Identifiable Information for Subscriber Settlement entered on November 2, 2020 authorized JND to receive such information.  Dkt. No. 2615.

systems.

5.      The Court finds that the Settling Parties have demonstrated a compelling need that cannot be accommodated by means other than for Settling Defendants to disclose the Required Data to the Claims Administrator and for the Claims Administrator to make available certain Required Data to the Settlement Administrator as stated in Paragraph 4.  In assessing this compelling need, the Court has weighed the need for disclosure against the privacy rights of the individuals whose Personal Health Information and/or Personally Identifiable Information may be contained in the Required Data and against disservice, if any, to the public interest that might result from the disclosure.  The Court has also weighed the need for disclosure against the commercial interest of Settling Defendants who are required under the Subscriber Settlement to provide certain data to the Claims Administrator.

6.      The Court orders that Settling Defendants, or the Independent Expert working on their behalf, shall provide or produce the Required Data to the Claims Administrator.

7.      The Court further orders Settling Defendants to provide the Claims Administrator with additional reasonably available identifying information for settlement class members, which may include, but is not limited to, dates of birth, as needed and requested by the Claims Administrator to identify settlement class members if the Required Data does not suffice to identify particular settlement class members.

8.      **Designation of Confidential Health Information.** All information provided to the Claims Administrator pursuant to this Order shall be treated as Confidential Health Information under the terms of the Qualified Protective Order applicable to this litigation, Dkt. No. 550, and constitutes a permitted disclosure pursuant to 45 C.F.R. § 164.512(e).

9.      **Restrictions on Use of Confidential Health Information.** The Court orders that any production of information pursuant to this Order by Settling Defendants to the Claims Administrator should be treated as confidential by the Settlement Vendors as required by this Order and any applicable laws, and used by the Settlement Vendors only for the purposes of effectuating their duties and obligations as set forth in the Settlement Agreement.  Unless ordered by the Court, the Confidential Health Information provided or made available to the Settlement Vendors shall not be publicly disclosed or appear in any publicly-available document, or be disclosed to any other party absent express written agreement from the Settling Defendant that provided the Confidential Health Information.  To the extent there is a discrepancy or issue based on employee-provided information in the claims administration process, the Settlement Vendors may present data related to premiums and/or ASO fees to the relevant employer or former employer in order to resolve the discrepancy or issue.

10.     **Scope of Use.** The Settlement Vendors are prohibited from using any produced data, including but not limited to the Personal Health Information, Personally Identifiable Information, and commercial confidential information included therein, for any purpose other than to carry out their duties and obligations as set forth in the Settlement Agreement.  Prior to receiving or accessing any produced data, the Settlement Vendors and each of their employees or agents accessing information through the Settlement Vendors in this case, shall agree in writing to be bound by this Order and the Qualified Protective Order applicable to this litigation, and shall execute Attachment A to this Order.

11.     **Safeguards for Confidential Health Information.** The Settlement Vendors will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health

4

Information, and to prevent unpermitted use or disclosure of any Confidential Health Information they may receive from Settling Defendants or otherwise in connection with this Order or the Settlement Agreement.  The Settlement Vendors shall comply with state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules").  All Confidential Health Information disclosed to the Settlement Vendors shall be treated in accordance with those standards, as applicable.  At a minimum, and for the avoidance of doubt, the Settlement Vendors shall (1) comply with the HIPAA Privacy Security Rules; (2) establish contractual controls that require any Vendor or agents that might receive Confidential Health Information to comply with the HIPAA Privacy Security Rules; and (3) undertake due diligence to verify that the privacy and security protections of themselves and any Vendor or agents comply with HIPAA Privacy Security Rules.

12.     **Conclusion of Settlement Administration.** The provisions of this Order shall continue in effect until expressly released by the Court. Within ninety (90) days of the distribution of awards to Damages Class Members, the Claims Administrator shall securely destroy or delete all data provided pursuant to this Order unless Settling Defendants agree in writing to a later date, and shall submit a written certification of such secure destruction or deletion to the disclosing Settling Defendants.  The destruction or deletion of all data shall be in accordance with, but not limited to, the HIPAA Privacy and Security Rules and NIST SP 800-88 or equivalent applicable standards.  Before destroying the data, the Claims Administrator shall provide to each Settling Defendant a copy of the class notice mailing list and a list reflecting every class member associated

5

with that Settling Defendant who was issued a payment under the settlement. Each Settling Defendant will receive only its own members' information.

13.    **Security Protocols.** Additional details regarding the Claims Administrator's safeguards are included in a security protocol that has been disclosed to Subscriber Plaintiffs and Settling Defendants, and the Claims Administrator shall comply with that security protocol.

14.    **Definitions.** All capitalized terms not defined herein are to be understood by their definitions in the Settlement Agreement or the Qualified Protective Order applicable to this litigation, Dkt. No. 550.

15.    **Modification of Order.** This Order may be modified or amended by written agreement of the Settling Parties, submitted to the Court for approval.

   **DONE** and **ORDERED** on _____, 2021.


                                                  _____

                                                  **R. DAVID PROCTOR**

                                                  United States District Judge

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406** : | : **Master File 2:13-cv-20000-RDP** |
| | : |
| | : |
| | : |
| | : **This document relates to** |
| | : **Subscriber Track cases** |

**AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER
AND ORDER REGARDING PROTECTED HEALTH INFORMATION AND
PERSONALLY IDENTIFIABLE INFORMATION**

1.      I am familiar with and agree to be bound by the terms of the Qualified Protective Order ("Qualified Protective Order") and the Order Regarding Protected Health Information and Personally Identifiable Information ("PHI/PII Order") in No. 2:13-CV-20000-RDP, Blue Cross Blue Shield Antitrust Litigation (MDL No. 2406).  I understand that my execution of this Agreement to Be Bound by Qualified Protective Order and Order Regarding Protected Health Information and Personally Identifiable Information indicates my agreement to be bound by the Qualified Protective Order and the PHI/PII Order and is a prerequisite to my access or review of any information or documents provided by the Settling Defendants and/or their Independent Expert.   I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents produced pursuant to the PHI/PII Order.

2.      I will access and review confidential material including but not limited to Confidential Health Information that may be provided to me solely for the purpose of acting as or assisting the Settlement Vendors in administrating the settlement in this litigation, and for no other

7

purpose whatsoever. I further agree that I will not disclose any of this material to any person except as allowed by the terms of the PHI/PII Order.

3.      I will only make such copies of or notes concerning Confidential Health Information as necessary to enable me to undertake my role as the Settlement Vendors or to assist the Settlement Vendors in their roles. Upon the final distribution of awards to Damages Class Members, I shall promptly and securely destroy or delete all Confidential Health Information provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this litigation concludes.

4.      I understand that all Confidential Health Information, as defined in the Qualified Protective Order and incorporated into the PHI/PII Order, is subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"). All confidential material disclosed to me shall be treated in accordance with those standards, as applicable. Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in the HIPAA Rules and the Settlement Agreement.

5.      By executing this Agreement to Be Bound by Qualified Protective Order and Order Regarding Protected Health Information and Personally Identifiable Information, I agree that I will not use or disclose any Confidential Health Information in a manner that would violate the HIPAA Rules and will only use or disclose any Confidential Health Information for the purposes of this Proceeding or to comply with judicial process or any applicable statute or regulation. I also agree

that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use or disclosure of any Confidential Health Information I receive from any person in connection with this Proceeding.

6.      I understand that failure to comply with the terms of the Qualified Protective Order and PHI/PII Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.  I consent to the jurisdiction of the United States District Court for the Northern District of Alabama for the purpose of enforcing the Qualified Protective Order and PHI/PII Order.

_____

[Name]
[Company]
[Address]
