FILED
2021 Sep-03  PM 05:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# M

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406** | : : : : : : : | **Master File 2:13-cv-20000-RDP** <br><br><br> **This document relates to** <br> **Subscriber Track cases** |

**[PROPOSED] ORDER AWARDING SUBSCRIBER PLAINTIFFS' COUNSEL**
**ATTORNEYS' FEES AND EXPENSES**

WHEREAS, this matter came before the Court on Subscribers Counsel's May 28, 2021, Motion for Approval of Their Attorneys Fees and Expenses Application (the "Fee Motion") and Subscriber Plaintiffs' September 3, 2021, Motion for Final Approval of Class Settlement (the "Final Approval Motion");

WHEREAS, the Court, having considered all of the briefing, the testimony of the esteemed experts submitted in support thereof, and the other materials submitted in support of these Motions; and it appearing that notice of the Fee Motion and of the Final Approval Hearing substantially in the form approved by the Court was provided to all Settlement Class Members who or which could be identified with reasonable effort;

WHEREAS, the Court held a Fairness Hearing on October 20, 2021 at which opportunity was given to raise objections;

WHEREAS, the Court having determined the fairness and reasonableness of the award of attorneys' fees and costs and expenses requested;

WHEREAS, the Court having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefore;

1

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated October 16, 2020 (ECF No. 2610-2) (the "Settlement Agreement") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Subscriber Actions and over all parties to the Subscriber Actions, including all Settlement Class Members.

3. Notice of Subscribers Counsel's request for an award of attorneys' fees and of costs and expenses was provided to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Subscribers Counsel are hereby awarded attorneys' fees in the amount of $626,583,372.10, representing 23.47% of the Settlement Fund, which amount the Court finds to be fair and reasonable. Subscribers Counsel are also hereby awarded $40,916,627.90 in payment of litigation costs and expenses to be paid from the Settlement Fund, which sum the Court finds to be fair, adequately documented, and reasonable and necessary to the representation of the Settlement Class.[1]

---

[1] In accord with the terms of the Settlement Agreement, approved Subscribers Counsel may apply for up to $7 million from the Notice and Administration Fund to "reimburse plaintiffs' counsel's actual and reasonable fees and expenses incurred for Notice and Administration." Settlement ¶

5. In making this award of attorneys' fees to be paid from the Settlement Fund, the Court has applied the percentage of the fund method mandated by the Eleventh Circuit, *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th. Cir. 1991), and found that the attorney's fee award, which represents less than 23.5 percent of the $2.67 billion Settlement Fund that has been created for the benefit of the Subscriber Class, falls within the "benchmark range" of 20% to 30% established in this Circuit, *In re Home Depot Inc*., 931 F.3d 1065, 1076 (11th Cir. 2019), and is fully and independently supported by consideration of the factors that the Eleventh Circuit has directed courts to consider when evaluating a fee award, *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242-43 (11th Cir. 2011), including that:

(a) The Settlement has resulted in a substantial monetary award and in significant injunctive relief for the class;

(i) The Settlement has created a common fund of $2,670,000,000 in cash that is to be paid within 30 calendar days of the Effective Date of the Settlement pursuant to the terms of the Settlement Agreement, distributed to authorized claimants in accordance with the Plan of Distribution that has been approved by this Court, and which will benefit the members of the Subscribers Class;

(ii) The Settlement also provides transformative, pro-competitive injunctive and equitable relief that will benefit the members of the Subscribers Class;

---

28(h). These will be reimbursed from the Notice and Administration Fund, not the common fund generated for the class.

(b) The case presented myriad difficult factual issues, requiring substantial discovery to resolve, including the production of millions of pages of documents and the taking of scores of depositions;

(c) The case raised novel and complex legal questions;

(d) Through August 15, 2020, Subscribers Counsel had already devoted 434,054.6 hours to litigating the complex factual and contested legal questions presented in the Subscriber Actions, which had resulted in a lodestar of $194,226,321.65;

(e) Subscribers Counsel are among the most experienced litigators in the country, and they conducted the litigation and worked to achieve the Settlement with skill, zeal, and expertise;

(f) The fee in this case was contingent on obtaining relief for the class, and there was a significant risk that Subscribers Counsel would recover nothing;

(h) Given the enormous commitments of time and resources, as well as the significant risk entailed in developing and litigating this case, few attorneys would have been willing to take it on;

(i) The substantial commitment of time, personnel, and other resources to this case effectively precluded Subscribers Counsel from other employment;

(j) The amount of attorneys' fees awarded and of costs and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similarly complex cases;

(k) Although the use of the lodestar cross-check is not required in this Circuit, *In re Home Depot*, 931 F.3d at 1091 n.25, as the expert testimony presented in support of the Fee

Motion confirms, the lodestar multiplier of 3.23 that the award represents would be fully consistent with the multipliers that courts have found reasonable in similarly complex mega-fund cases.

6. In making this $40,916,627.90 award of litigation costs and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The recovery of costs and expenses is authorized by the Settlement Agreement;

(b) Those costs and expenses have been adequately documented and reviewed by the Special Master appointed by the Court;

(c) Those costs and expenses were both reasonable, necessary, and incurred for the benefit of the Settlement Class.

7. Due and adequate notice has been given to the members of the Settlement Class in satisfaction of the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and Constitutional Due Process, stating that Subscriber Counsel may submit a fee and expense application seeking an award of attorneys' fees plus reimbursement of expenses up to a combined total of 25% of the $2.67 billion fund, i.e., $667,500,000, and the Court has concluded that no meritorious objections to the requested attorneys' fees and expenses were raised.

8. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this matter, including the administration, interpretation, effectuation or enforcement of this Order.

10. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement Agreement.

11. There is no just reason for delay in the entry of this Order, and immediate entry by the

Clerk of the Court is expressly directed.

SO ORDERED this _____ day of _____, 2021


_____

The Honorable R. David Proctor