# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406),<br><br>Plaintiff, | )<br>)<br>)<br>) CIVIL ACTION NUMBER:<br>) Master File No. 2:13-CV-20000-RDP<br>)<br>)<br>) |

## SELF-FUNDED SUBCLASS OBJECTOR'S NOTICE OF COMPLIANCE AND MOTION FOR RECIPROCAL DISCLOSURE OF SETTLEMENT PROPONENTS' AGREEMENTS

The Self-Funded Subclass Objectors give notice that, contemporaneously with this filing, they provided their engagement-related documents for *in camera* review in compliance with the Long Form Notice and the Court's Order of September 27, 2021. (Doc. 2831).

Under Federal Rule of Civil Procedure 23(g)(1)(C), the Self-Funded Subclass Objectors move the Court to require reciprocal disclosure from all counsel for all proponents of the settlement. If agreements related to the engagement of counsel for the Self-Funded Subclass Objectors are relevant to adjudicating their objection, such agreements for the class as a whole—and particularly as to the Self-Funded Subclass—are certainly far more relevant. Class counsel purport to represent the entire class (including the Self-Funded Subclass Objectors) and yet the class has no access to the agreements between the lawyers and the class representatives or

between lawyers seeking to get paid $667.5 million for representing the class. Neither does the Court from anything discernible in the record.

All documents reflecting the terms of agreements relating to the Burns Charest LLP firm are particularly relevant because that firm (1) is the only one purporting to represent the Self-Funded Subclass and (2) joined the case after being recruited by the fully-insured subclass's lawyers once counsel for the fully-insured subclass and the defendants recognized a conflict between the fully-insured and self-funded subclasses. (Doc. 2641 at 5, Doc. 2610-7 at ¶ 3). How the Burns firm was chosen, what communications with whom led up to their engagement, and all the conditions, facts and circumstances of their engagement are surely relevant to whether their involvement mitigated or exacerbated the conflict.

Similarly, the class cannot, to date, see the terms and circumstances of the engagement of the purported expert for the Self-Funded Subclass, Dr. Joseph R. Mason. Was he retained by the Burns firm? Was he first identified by the Burns firm or by counsel representing fully insureds? In drafting his report, did he communicate only with the Burns firm or also with counsel representing fully insureds? And while Dr. Mason was identified as an expert for the subclass, he was recently asked to submit a report (Doc. 2812-9) taking positions directly adverse to the subclass in response to the Self-Funded Objectors. Were counsel representing fully insureds in communication with Dr. Mason in the drafting of that report, which

seeks to help fully insureds at the expense of the Self-Funded Subclass? Given the adversity between the subclasses as to the allocation of damages between them, agreements involving Dr. Mason and all communications between Dr. Mason and any counsel representing the Fully-Insureds in any capacity are relevant.

As the Court has previously noted, "what is sauce for the goose is sauce for the gander." *U.S. v. Merriweather*, 921 F. Supp. 2d 1265, 1294 (N.D. Ala. 2013). Because the Self-Funded Subclass Objectors are being required to disclose agreements regarding their engagement based on no factual predicate whatsoever other than their mere status as objectors, reciprocal fairness requires the same level of disclosure from the settlement proponents.

Respectfully submitted this 28th day of September 2021.

*s/J. Thomas Richie*
One of the Attorneys for Objectors

OF COUNSEL
Michael R. Pennington
J. Thomas Richie
Emily M. Ruzic
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

4814-9692-7485.2

Scott Burnett Smith
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200

Richard D. Nix
Henry D. Hoss
M. Richard Mullins
Mark D. Spencer
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439

4814-9692-7485.2

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ J. Thomas Richie*
J. Thomas Richie

4814-9692-7485.2