FILED
2021 Oct-08 PM 04:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD** | } | **Master File No.: 2:13-CV-20000-RDP** |
| **ANTITRUST LITIGATION** | } | This document relates to the |
| **(MDL NO.: 2406)** | } | Subscriber Track. |

**ORDER**

This matter is before on the following Motions filed by the Self-Funded Subclass Objectors: (1) a Motion for Reciprocal Disclosure of Settlement Proponents' Agreements (Doc. # 2832) and (2) a Motion to Require Dr. Mason to Appear at the Fairness Hearing and for Production of Certain Portions of His File (Doc. # 2836).

With regard to the Motion for Reciprocal Disclosure, pursuant to the Long Form Notice approved by the court, Objectors to the proposed Subscriber Settlement were required submit documents reflecting the terms of any agreements that relate to the objection process, including agreements relating to the engagement of counsel. (Doc. # 2611-2 at 105).[1] Having submitted their engagement-related document to the court *in camera*, the Self-Funded Subclass Objectors now seek reciprocal disclosure from Class Counsel who represent the entire Subscriber Settlement Class. (Doc. # 2832). The Self-Funded Subclass Objectors also seek disclosure of any agreements involving Dr. Joseph R. Mason. (*Id.*). The Motion is **GRANTED IN PART**. **On or before**

[1] The administrative requirements placed on objectors "help 'expose objections that are lawyer-driven and filed with ulterior motives.'" *In re Equifax Inc. Customer Data Sec. Breach Litig*., 999 F.3d 1247, 1266 (11th Cir. 2021) (citing *In re Deepwater Horizon*, 739 F.3d 790, 809 (5th Cir. 2014) (requirement imposed on objector a "legitimate exercise" of court's discretion to minimize abuse); Manual for Complex Litigation § 21.662 (courts may be "inclined to find [discovery from objectors] useful to assess the validity of the objections"); 4 Newberg § 13:33 ("[C]lass counsel may seek discovery from objectors on issues such as the objectors' ... relationships with the professional objector counsel.")).

**October 15, 2021**, Lead Counsel for the Fully Insured Subclass and for the Self-Funded Subclass **SHALL** file with the Clerk of Court: (1) any engagement-related documents regarding their representation of the Subscriber Settlement Subclasses, and (2) any agreements related to the retention of Dr. Mason.

The Motion to Require Dr. Mason to Appear at the Fairness Hearing seeks to compel Dr. Mason's attendance at the fairness hearing so that he may be examined by objectors' counsel. (Doc. # 2836). The court agrees this would be helpful to the court's consideration of the Settlement. But, as the Self-Funded Objectors point out, "what is sauce for the goose is sauce for the gander." (Doc. # 2832 at 3 (citing *U.S. v. Merriweather*, 921 F.Supp.2d. 1265, 1294 (N.D. Ala. 2013)). That is, the Self-Funded Objectors' experts' testimony and examination would similarly be helpful to the court. Therefore, the Motion to Require Dr. Mason to Appear at the Fairness Hearing (Doc. # 2836) is **GRANTED IN PART**. It is **ORDERED** as follows:

(1) Dr. Mason and the Self-Funded Objectors' experts Ugo Okewho and Jim Watson **SHALL** attend the Fairness hearing on October 20 (and, as necessary, October 21), 2021 to present testimony and submit to cross examination either in person or by deposition;

(2) **On or before Thursday, October 14, 2021**, interested parties **SHALL** meet and confer and determine the scope of document production from these experts, which scope **SHALL** apply reciprocally to all of these experts.[2] During the meet and confer process, the parties **MAY** also consider whether deposing the respective experts would be acceptable. But, whatever is decided in this regard **SHALL** apply to all of these experts (*i.e.*, goose equals gander).

(3) **On or before October 18, 2021**, interested parties **SHALL** file a notice with the court to inform it whether these witnesses will appear live or by deposition.

---

[2] That is, to the extent these parties seek documents from the other party's expert, they **SHALL** be prepared to produce those same records for their own expert(s).

In all other respects, the Motions (Docs. # 2832 and 2836) are **DENIED**.

**DONE** and **ORDERED** this October 8, 2021.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE