## CLASS ACTION CONTINGENT FEE AGREEMENT

Amy Macrae ("Client" or "you") hires the Forbes Law Group, ("Attorneys" or "we") to investigate, evaluate, and if appropriate, to represent your interests as a class representative, and the interests of the Class you intend to represent, in an action for damages against RightChoice Managed Care, Inc. d/b/a Blue Cross and Blue Shield (and its subsidiaries, affiliates, and partners) by filing suit for unfair trade practices.





2. <u>Responsibility for Expenses and Costs</u>. Attorneys shall be legally responsible for advancing all expenses and costs associated with the case, including, but not limited to, filing fees, service fees, witness fees, research fees, charges for investigation, records, medical reports, photographs, exhibits, photocopies, facsimiles, extraordinary postage,

travel, meals, and accommodations, local counsel if paid hourly (excluding any contingency participant), expert fees and expenses (consulting and testifying), extraordinary document management, and videotaping and other deposition recording and reproduction expenses. All expenses and costs, plus 8% annual interest (if agreeable to the Court), will be deducted from the recovery before calculating the Attorneys' fees.

3. <u>Notice to the Class</u>. You may be responsible for providing notice to the class, depending on whether the state or federal rules or the judge requires such notice. We will undertake this task on your behalf and be responsible for advancing all such costs. Notice is usually accomplished by mailing a copy to identifiable class members and publishing a copy of the class notice in newspapers.

4. <u>No Special Treatment</u>. You have not been promised any special treatment above the treatment which may be awarded to other class members. If successful, however, we will ask the judge to award you additional compensation for the extra time and effort you expend as a class representative and for having the courage to challenge defendants' conduct. We cannot guarantee the judge will do so, but incentive awards are often awarded in successful class actions to the class representatives.



6. <u>Attorneys' Fees</u>. Our fees (payment for our time) must be approved by the Court and are dependent upon a successful recovery. This is a

Contingent Fee Agreement. Unless the Court orders otherwise, Clients (and the Class) will pay Attorneys the contingency, if any, set forth below. The contingency upon which the attorneys' fees shall be due to Attorneys is the recovery of damages or other benefits to Clients (and the Class) recovered by settlement or trial. "Recovery of damages or other benefits" includes all monies paid in settlement or award of damages, attorneys' fees, expenses, costs, back pay, penalties, punitive damages, value of injunctive relief, pre-or post-judgment interest, or anything else of monetary value. Attorneys' fees will be calculated, after deduction of expenses and costs (and interest, if allowed), as a percentage of the recovery of damage or other benefits to Clients (and Class) as follows:

> 35% of all amounts recovered by settlement;
>
> 40% of all amounts recovered by settlement or payment of judgment after a trial or after an interlocutory appeal is accepted.
>
> **If there is no recovery, no contingency attorneys' fee, expenses or costs will be paid by you.**

If only injunctive or declaratory relief is obtained, Attorneys' fees and expenses shall be awarded based on the value of their work (with any enhancements or multipliers) allowed by the Court.

If the Court should award attorneys' fees on an hourly basis, with or without a multiplier, the Clients (and Class) recognize that the usual hourly rates of the Attorneys of $500/hour would not completely compensate them for taking the risk inherent in a class action.

7. Settlement. We will consult you before recommending a settlement. You agree not to settle the claims in any manner without the written consent of Attorneys. If this case settles and does not go to trial, the settlement must be approved by the Court. You are entitled to object to the settlement if you do not agree with our recommendations to settle.

8. <u>Judicial Approval</u>. In prosecuting a class action, all of our actions, including the payment of fees, expenses, and costs, are subject to judicial approval and courts take that approval seriously.

9. <u>Associate Counsel</u>. Attorneys reserve the right to, may, and probably will, associate with other attorneys and law firms in representing Clients, without additional expense or fee obligation to Clients. Clients consent to such association and to any division of attorneys' fees and costs that might be agreed upon among associated counsel.

10. <u>Probate</u>. In the event a death requires commencement of a probate action to prosecute Clients' case, Clients authorize Attorneys to retain probate counsel. Fees and expenses incurred in any probate proceeding will be considered a cost item borne by Attorneys under paragraph 3.

11. <u>Withdrawal and Discharge</u>. Attorneys may at any time, during the course of settlement negotiations or litigation, be required because of a conflict or other reason to withdraw from the case. If Attorneys withdraw, for any reason, Clients will consider Attorneys' recommendation for replacement counsel and will encourage replacement counsel subsequently chosen to work with Attorneys to gain the benefit of the investigation and work product which was generated from the efforts of Attorneys to that point. Attorneys will be at liberty to negotiate with replacement counsel the value of services and information and make whatever agreements Attorneys deem prudent with the replacement counsel. Should a decision by Attorneys to withdraw result in costs being duplicated, Clients will not be obligated to reimburse Attorneys for those items. If Clients discharge Attorneys, or if Attorneys withdraw for cause other than for a conflict of interest, Clients agree to pay Attorneys a reasonable attorney fee and any unreimbursed costs out of the recovery, if any.

12. <u>Merger Clause and No Oral Modifications</u>. This Agreement comprises the total understanding as to the contingent fee agreement

between Attorneys and Clients in this matter. It is agreed that the terms of this Contingent Fee Agreement may be altered or amended, as circumstances warrant, only by an amendment in writing signed by both a member of Attorneys and Clients. This Agreement shall be governed by the laws of the State of Kansas, without regard to choice of law rules.

13. <u>Binding on Successors</u>. The terms of this Agreement shall be binding on the heirs, estates, successors, and assigns of the parties. If for any reason it is not a binding contract, Attorneys will be entitled to the value of their services in equity/quantum meruit.

14. <u>Signature by Facsimile</u>. Signature by fax is as binding as an original, and the signature page to this Agreement may be signed in multiple copies, faxes, digital images or originals.

    Having read and fully understanding the above Agreement, the parties sign this Agreement.

ATTORNEY:
FORBES LAW GROUP, LLC

_[signature]_
By: Michael J. Fleming
Date: April 19th, 2016


CLIENT:

_Amy F. MacRae_
Date: April 19th, 2016