FILED
2021 Oct-15 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

**REINHARDT WENDORF & BLANCHFIELD**
**ATTORNEYS AT LAW**
**E-1250 FIRST NATIONAL BANK BUILDING**
**SAINT PAUL, MINNESOTA 55101**

Retainer Agreement

Scott A. Morris (PO Box 12) (hereinafter referred to as the "Client") agrees to retain Reinhardt Wendorf & Blanchfield (hereinafter referred to as "RWB") to represent Client regarding the matter of: BCBS Antitrust Violations

1. As compensation to RWB, it is agreed that the client will pay RWB as follows:
   a. A contingent fee of at least 33 1/3 % of gross recovery plus costs and expenses as per Paragraph #2.
   b. The client understands and agrees that the fee may be ordered by the Court in an amount lesser or greater than 33 1/3 %.

   Client understands that all fees in this case will be ordered by the Court after the attorneys make a fee application.

2. The client understands that RWB's compensation in this matter does not include work expenses, costs and disbursements such as but not limited to, filing fees, deposition costs, expert witness fees, private investigator fees, transcript cost, mileage costs, document reproduction costs, witness fees, document fax costs, service fees, cost or work-related meals, travel and lodging, charges for computerized legal research, etc. The client further understands that RWB will advance these costs and that the client will repay RWB for these costs out of the proceeds of the recovery, if any, after attorneys' fees have been paid.

3. The client understands that the nature of this representation involves a class action and that the client is a representative for all plaintiffs with similar or identical interests as that of the client.

4. The client knows of no conflict of interest that would prevent the client from fairly and adequately protecting the interests of the class.

5. The client understands that as a representative for the class, the client has no additional rights beyond other class members.

6. The client understands that as a representative for the class, the client has no right to recover more or less than the other class members.

7. The client understands that his role as a representative for the class is an important role and will cooperate in assisting RWB as the class representative.

8. The client understands that this agreement does not include any work in the nature of an appeal from a Finding, Judgment, of Decisions unless such additional work is agreed to by RWB in writing.



22396

9. The client understands that this is a contract for the employment of the firm of RWB and that any attorney associated with RWB may be substituted as attorney of record in this matter, either individually or jointly, or designated to work on this matter, without prior approval of the client. Such substitution or description will be at no additional cost to the client. It is also understood that lawyers not associated with the law firm of RWB may work on this matter. Any fees charged by these lawyers will be submitted to the Court as part of the total fee application. It is also understood that RWB will assume joint responsibility with any outside law firm for the representation of the client in this matter.

10. The client understands that RWB agrees to provide the representation as per this agreement, assuming that, upon investigation of this matter, they find that further action is warranted. If they find that the matter does not warrant further action, RWB will notify the client by First Class Mail, sent to the client's last known address, that no further work is warranted and that this contract is terminated as a result.

11. The client understands that RWB is engaging in representation only regarding the above-stated matter. If the client wants representation on another matter, a new Fee Agreement must be completed regarding that new matter.

12. The client agrees to assist RWB in gathering any records and information which may be deemed necessary to support the case. These records (e.g. incomes tax records, medical records, hospital records, employment records, etc.) may be released to others by RWB if it is deemed by them to be helpful to the case. The client fully authorizes RWB to exercise its own discretion in releasing any information or records regarding the case for the above purposes, for legal education or as information for others.

13. The client fully authorizes RWB to take whatever legal steps it deems necessary in the pursuit of the claim including initiating a lawsuit.

14. The client authorizes RWB to guarantee payment out of the proceeds of the recovery, after attorneys' fees have been paid, to the providers of any services related to this matter.

15. If the client discharges RWB as his attorney, the client agrees that, should any recovery ever be received in this case, the client will pay to RWB an attorneys' fee equal to the hours they have spent on the case, multiplied by RWB's hourly rates at the time of the signing of this agreement, or if the case is settled RWB will submit its hours as part of the total fee application to be awarded a fee by the Court in accord with ¶ 1 of this agreement.

**DATED:** 4/7/17 **SIGNED:** X [signature]

We, RWB, agree to provide representation of the client above-named as per this Agreement.

[signature]

**Attorney At Law**



22396