# RETAINER AGREEMENT FOR LEGAL SERVICES
## (BCBSA - LITIGATION)

## SOMMERS SCHWARTZ, P.C.

The undersigned, ***John G. Thompson*** (hereinafter referred to as "Client"), retains and employs Sommers Schwartz, P.C. (hereinafter referred to as "Attorneys" or "Firm") to investigate and, if appropriate in Attorneys' opinion, to institute legal proceedings against ***BCBSM*** and/or such other parties as may be appropriate (hereinafter referred to as "Defendants") to recover damages sustained by Client as a result of violations of federal wage and hour laws according to the terms and conditions stated below:

1. It is understood and agreed that Attorneys shall be compensated by Client for all services rendered under this agreement by way of a CONTINGENT FEE OF **THE GREATER** OF FORTY (40%) OF ALL SUMS RECOVERED BY SETTLEMENT, AWARD OR JUDGMENT OR WHATEVER ATTORNEYS FEE IS AWARDED BY THE COURT OR OBTAINED/NEGOTIATED THROUGH SETTELEMENT.  Any award of attorneys' fees or costs recovered from Defendants on behalf of Client based upon statute, court rule, or otherwise shall be deemed to be part of the total monies recovered for purposes of calculating such Contingent Fee, and therefore Attorneys shall be entitled to a Contingent Fee based upon the amount of any such award.

2. It is understood and agreed that Client's claims will be litigated on a class action and/or collective action basis and that Client shall not be responsible for any expenses and court costs incurred by the Firm in investigating and/or litigating Client's claim.  Client's rights and responsibilities as a class representative are outlined in the accompanying attachment.  Client agrees that, at the conclusion of this matter, Client will support the Firms' request to the Court for an award of costs and expenses actually expended plus simple interest at the rate of 7% per annum on all costs and expenses advanced, from and after the date of each advance, until such costs and expenses are fully repaid.

3. Client agrees that if she was referred to the Firm by another attorney or law firm and/or Firm chooses to consult with another attorney outside of the Firm regarding Client's matter, Firm shall pay such attorney or law firm from its fee, whatever amount it determines is appropriate, based upon such considerations as the value of the services and assistance provided by the other attorney or law firm.

4. Client agrees to provide all reasonable and necessary assistance, information and/or documents which she has in her possession or control and which may be required for Firm to support or prove Client's claims and to respond to Defendants' discovery requests and/or court orders.  Further, should Client's case be dismissed as a result of Client's failure or refusal to provide such assistance, information and/or documents, Client shall pay Attorneys' actual time expended on Client's case, computed on the basis of the then current hourly fee schedule.  This fee shall be immediately due and payable upon the entry of the order of dismissal.

5. Client agrees that Firm shall retain a lien on any and all property provided to the Firm by Client to pursue her claims, including all personal papers and documents.  This lien shall remain in effect until all fees, expenses and court costs owing to the Firm are paid in full.

6.  Client agrees not to make any settlement with Defendants unless Attorneys are present and receive their fee and are reimbursed for all expenses and court costs in accordance with this Agreement.  In the event Client chooses to change attorneys, then Firm shall be paid all expenses and court costs incurred through the date of substitution of counsel and the amount of its contingent fee based upon any outstanding offer of settlement.  If there is no outstanding offer of settlement, then Firm shall be paid one-half of its contingent fee on all monies subsequently obtained by Client, which shall be immediately payable upon execution of any settlement agreement and/or entry of court order or judgment.

7.  Client agrees that should any legal proceeding instituted on her behalf be resolved by settlement and/or judgment pursuant to which monies are to be paid over a period of time rather than a single lump sum payment, Client shall pay Attorneys their contingent fee based upon the present value of the total amount to be paid to Client.  This fee shall be paid out of Defendants' initial payment to Client.  Should this initial payment not be sufficient to satisfy the full amount of the fee, Client shall pay to Attorneys each subsequent payment until the fee is paid in full.

8.  If Client and Firm are unable to resolve a disagreement or dispute relative to the amount or payment of fees and costs, the provision of legal services or any other matter which relates to or arises under this Agreement, any such claim or action must be brought in the Oakland County (Michigan) Circuit Court.  The Firm and Client agree that venue is proper in the Oakland County Circuit Court and further, to submit to the jurisdiction of the Oakland County (Michigan) Circuit Court.  Michigan law shall apply to the interpretation of this Agreement and all other matters relating to or arising under it.  Further, the parties agree to waive their respective rights to a trial by jury with respect to any such disputes.

9.  Attorneys represent to Client that they are licensed to appear and practice law in all courts in the State of Michigan.

10.  No other civil action shall be instituted in any court by Firm on Client's behalf, without Client's express authorization.

11.  Attorneys are not responsible for the result of any incomplete or inadequate representations made to them by Client.

12.  Client acknowledges that Attorneys have not made, nor shall they make, any guarantee as to the outcome of any litigation in any court to which the client may be a party.

13.  Client acknowledges that Attorneys have informed her that Attorneys are not tax professionals and have not been retained to provide tax advice.  Accordingly, Client understands that she should speak with her accountant or tax advisor to seek advice on any possible tax ramifications of a settlement, verdict or any other matter.

14.  This Agreement is applicable only to Attorneys' representation of Client at the trial level only; any representation of Client at the appellate level shall only occur pursuant to a separate written agreement.  Further, Attorneys are not obligated pursuant to this Agreement to defend Client against any counter or cross claims or other complaint as maybe filed by Defendants or any other person.

15. Client understands that upon her request, she shall have the opportunity to review and obtain copies of certain material within her client file. Client further authorizes her attorneys at the close of their representation and/or within 30 days subsequent to her execution of the settlement agreement to destroy or otherwise dispose of her file without any further notice to her. Client understands that such destruction or such disposition would be done in a manner that preserves the confidentiality of their contents and my representation by Sommers Schwartz, P.C. Client understands Sommers Schwartz, P.C. has the right to reserve and retain their work product generated during their representation, including, but not limited to, brief, memos, opinions, and correspondence.

16. This Agreement contains the parties' entire agreement regarding this subject matter and supersedes all other agreements, promises, assurances, representations and other communications between the parties. This Agreement cannot be modified except by a written agreement executed by Client and Firm. If any portion of this Agreement is determined to be unenforceable, the remainder shall remain in full force and effect. This Agreement shall benefit and be binding upon the parties' respective heirs, executors, personal representatives, successors and assigns.

By this Agreement, Client binds her heirs, personal representatives and assigns to the terms hereof.

I HAVE READ AND FULLY UNDERSTAND THIS AGREEMENT. OTHER METHODS OF COMPENSATION PROVIDED BY MICHIGAN COURT AND ETHICAL RULES HAVE BEEN EXPLAINED TO ME. I ACKNOWLEDGE RECEIPT OF A COPY OF THIS AGREEMENT.

"Client"

*/s/ John G. Thompson*

Dated: June __, 2012

John G. Thompson

"Attorneys or Firm"
Sommers Schwartz, P.C.

By: _____
Jason J. Thompson

Its: Shareholder

Dated: June __, 2012

3