UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION | (MDL No. 2406)<br>Master File No.: 2:13-CV-20000-RDP |

## DECLARATION OF CHARLES M. THOMPSON

I, Charles M. Thompson, declare that:

1. I am one of the counsel for American Electric Motor Services, Inc. ("AEMS"), a representative plaintiff in the class action lawsuit captioned above. I have personal knowledge of the facts and matters stated herein and state that these facts are true and correct to the best of my knowledge.

2. I received my J.D. from the Cumberland School of Law at Samford University. I am a partner/principal with the law firm of Charles M. Thompson, P.C. in Birmingham, Alabama. I am admitted to practice before all courts of the State of Alabama and have been admitted to practice before United States District Courts in Alabama and other states.

3. AEMS retained my firm to serve as their counsel to pursue claims against Blue Cross Blue Shield as a class representative for Alabama in 2012. I subsequently associated with Gustafson Gluek PLLC to represent AEMS. In 2012, the attached retainer agreement was signed by myself and Wayne Phillips, then President of AEMS. To date we have been unable to locate the signed version of the agreement. We will continue to search for the signed version and, if found, we will supplement this filing.

1

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of October, 2021, in Birmingham, Alabama.

                                                */s/ Charles M. Thompson*
                                                Charles M. Thompson
                                                Birmingham, Alabama
                                                (205) 995-0068

## CHARLES M. THOMPSON, PC

### CONTINGENT FEE AGREEMENT

This agreement ("Agreement') is made between American Electric Motor Services, Inc. by Wayne Phillips its President (collectively "Client" or "You") and Charles M. Thompson, PC and its principal owner, Charles M. Thompson ("Attorney"), whose address is 1401 Doug Baker Blvd, Suite 107-121, Birmingham, AL 35242. In the course of representing You, we may be assisted by other law firms.

In consideration of the mutual promises contained herein, client and Attorney agree as follows:

### I. PURPOSE OF REPRESENTATION

1.1   **Your injury or Damage.** You believe You have suffered financial and other loss as at result of the conduct of Blue Cross Blue Shield with regard to their premium charges. You wish to participate as a class representative in the American Electric Motor Services, Inc. vs. Blue Cross Blue Shield of Alabama lawsuit that is to be filed in Federal District Court in the State of Alabama (the "Lawsuit") and to assert Your claims for these damages.

1.2   **The Attorney's Legal Services.** You agree that the Attorney will represent you as a class representative in the Lawsuit, and will make claims on your behalf and on behalf of others similarly situated ("the Class"). In a class action, You and other plaintiffs if any, sue the defendant(s) asserting Your own claims as well as those of all other persons or entities who suffer the same general type of damages as a result of defendants' conduct. The Court must determine whether the case will proceed as a class action.

1.3   **Additional Parties.** Client and Attorney agree that during the course of the lawsuit it may become necessary or desirable to add additional class representatives or defendants to the lawsuit.

### II. THE DUTIES OF THE ATTORNEYS

2.1   **Prosecution as a Class Action.** You and the Attorney agree that, if the Court approves, the Lawsuit will be prosecuted as a class action.

2.2   **Duties as Class Counsel.** In a class action, the Attorneys represent not only You and the other Class Representatives but also all of the members of the Class. As counsel to the class, the Attorneys have a duty to protect the interests of <u>all</u> members of the Class and to act in their collective best interests. While the Attorneys agree to attempt to be guided by and to accommodate Your directions and requests in connection with the conduct of the lawsuit, if the Attorneys' duties under your directions or requests conflict with Attorneys duties under the law to all members of the Class, the Attorneys will act in accordance with

their duties to all members of the Class.

2.3    **Other Lawyers and Law Firms**. The Attorneys will represent You in connection with the above claims. The Attorneys may decide to work with other attorneys or law firms in connection with Your claims, including referring claims to other attorneys or law firms. Even if this occurs, You will not be charged a fee in excess of that stated in this Agreement.

### III. YOUR DUTIES

3.1    ███████████████████████████████████

3.2    **No Special Benefits**. You understand and acknowledge that you will not receive any special benefits or recovery not afforded to other members of the Class by reason of your services as Class Representative, except as specifically approved by the court.

3.3    **Cooperation in Conduct of the Litigation**. You agree that you will cooperate with the Attorney in the pursuit of the claims, including discovery and other pretrial proceedings, trial, and appeals. if any. The Attorney will inform You of all important developments in the lawsuit. In all matters concerning conduct of the lawsuit. You will carefully consider and be guided by the recommendations of the Attorneys.

3.4    **Notification of Change of Address**. You shall keep the Attorney generally advised of Your whereabouts, and shall provide Attorney with any changes of address, phone number or business affiliation during the time period in which the Attorney's services are required.

### IV. CONDUCT OF THE LITIGATION

4.1    **Power of Attorney.** The Attorney is hereby granted a power-of-attorney so that he has full authority to prepare, sign, and file all legal instruments, pleadings, drafts. authorizations, and papers as shall be reasonably necessary to commence, conduct, and conclude this representation, as fully, as You could do in person. The Attorney is authorized and empowered to act as Your negotiator in any and all settlement negotiations.

4.2    **Class Certification**. The Attorney has agreed to prosecute the claims as a class action. In the event that the Court does not allow this case to proceed as a class action, you and the Attorney agree to confer and discuss the continued viability of this litigation.

4.3    **Appeals**. While an appeal may be filed, the Attorney is not obligated to prosecute or defend any appeal. You will be advised of the times of deadlines for filing or responding to an appeal if the appeal is not to be prosecuted or defended by the Attorney.

4.4    **Attorney Has Not Warranted or Guaranteed the Outcome of the Lawsuit**. It is understood and agreed that: (a) the Attorney cannot warrant or guarantee the outcome of a case or any event in this case: (h) the Attorney has not represented to You that

2

You will recover all or any of relief or recovery desired; and (c) obtaining a judgment does not guarantee that the opposing party will be able or willing to satisfy the judgment.

4.5     **Settlement**. If this case is settled as a class action, the Attorney and the Court have certain duties to the class members. Therefore, if the Lawsuit is settled as a class action the Attorneys must present the settlement to the Court for approval, giving notice of settlement and an opportunity to object to all members of the Class. The Court will then conduct a hearing to determine whether the proposed settlement is fair and reasonable to the members of the Class.

## IV. ATTORNEYS' FEES AND EXPENSES

5.1     **Attorney's Fees to be Contingent**. You and the Attorney have agreed that the payment of attorney's fees will be contingent upon the outcome of the Lawsuit. This means that the Attorney agrees that he will receive a fee for his services only if they are successful in obtaining a recovery or settlement for You, the other class representatives, and/or the members of the Class.

5.2     **Amount of Attorneys' Fees**. As with Settlement (see paragraph 4.5), the Court must approve attorneys' fees if this lawsuit proceeds as a class action. In such event, the Attorneys will ask the Court to award attorneys' fees after notice to the Class and a hearing, the Court will award attorneys' fees in an amount that it deems fair and reasonable to compensate the Attorneys' for their efforts on behalf of You and the members of the Class.

5.3     **Costs and Expenses.** In addition to legal fees, the Attorney shall he entitled to reimbursement for costs and expenses in connection with the institution and prosecution of Your claim. These costs and expenses may include witness fees, exhibit preparation fees, photographs, photocopy and document reproduction costs, computerized research, investigators' fees, cost of briefs and transcripts on appeal, if any, clerks and paralegal use and long-distance telephone, telecopy, postage and travel expenses. You will be provided with a signed closing statement at the conclusion of this matter which itemizes the costs and expenses incurred or a copy of the petition to the Court for reimbursement of costs and the Court's order if applicable. The Attorney will advance all the costs and expenses of the litigation and agree to seek reimbursement thereof from the aggregate amount recovered on behalf of You and/or the members of the Class or as approved by the Court. Costs and expenses are deducted from the gross amount of any recovery before any distribution is made to You and the members of the Class or the defendants may pay this separately as part of any resolution.

## VI. MISCELLANEOUS

6.1     **Right of Attorney to Withdraw.**  The Attorney may, at their option, and with the Court approval, withdraw from the Lawsuit and cease to represent the Client for any reason consistent with the Attorney's ethical and professional responsibilities.

6.2     **Parties Bound.** This Agreement shall he binding upon and inure to the benefit of the parties hereto and their heirs, executors, administrators, legal representatives, successors, and assigns where permitted by Agreement.

6.3     **Legal Construction**. in case any one or more of the provisions contained in this Agreement shall for any reason he held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof, and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

6.4     **Prior Agreements Superseded.** This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

I certify and acknowledge that I have had the opportunity to read this Agreement, that I have voluntarily entered into this Agreement totally aware of its terms and conditions, and that I have received a copy of this Agreement.

Signed and accepted this _____ day of _____, 2012.

American Electric Motor Services, Inc            Charles M. Thompson, PC


By: _____            By: _____
　　　President                                                                  Charles M. Thompson, Attorney

4