FILED
2021 Oct-26 PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD** | } | **Master File No.: 2:13-CV-20000-RDP** |
| | } | |
| **ANTITRUST LITIGATION** | } | This document relates to the |
| **(MDL NO.: 2406)** | } | Subscriber Track. |
| | } | |

# ORDER

Before the court is the Self-Funded Subclass Objectors' request that the court require Dr. Joseph Mason to be deposed. The request was made during the Fairness Hearing held on October 20-21, 2021. For the reasons set forth below, the request is due to be denied.

Dr. Mason's report was submitted on September 3, 2021. On October 7, 2021, the Objectors moved to compel Dr. Mason's attendance at the Fairness Hearing so that they would have the opportunity to cross-examine him. (Doc. # 2836). *Alternatively*, the Objectors requested the opportunity to depose Dr. Mason in advance of the Fairness Hearing. (*Id.*). On October 8, 2021, the court granted that motion in part. (Doc. # 2841). The court compelled Dr. Mason's appearance at the Fairness Hearing, but also suggested that the Objectors and the Settlement Proponents "consider whether deposing the respective experts would be acceptable." (*Id*. at 2). Thereafter, that is until the Fairness Hearing, Objectors did not request an opportunity to depose Dr. Mason.

Moreover, on October 19, 2021, the court resolved a discovery dispute from the same Objectors that involved the attorney-client privilege and the common-interest doctrine surrounding some of Dr. Mason's communications. During that conference, there was no mention of any need to depose Dr. Mason.

Even more significantly, a deposition of Dr. Mason is unlikely to aid the court in its determination of whether the proposed settlement is fair. The court provided Objectors with ample

time to question Dr. Mason during the court's two-day Fairness Hearing. The Objectors used much of their time during the hearing arguing to the court and cross-examining Dr. Mason about what they contend would have been a more favorable allocation between the Subscriber class and the ASO class. But, whether the settlement is the best possible result for the ASO class (or, for that matter, the Fully-Insured members of the Subscriber class) is not the question. Rather, the court must determine whether the allocation and the settlement are fair, adequate, and reasonable. *See* Fed. R. Civ. P. 23(e)(2).

Objectors have also been provided an opportunity to file post-Hearing briefing. Given Objectors' initial briefs, the ample time provided during the Fairness Hearing, and the potential for more argument in post-Hearing briefs, the court is satisfied that it understands Objectors' contentions and their factual basis. The court is also satisfied that it has the proper record information before it to determine if the Fully-Insured/ASO allocation was fair, adequate, and reasonable.

Accordingly, the Self-Funded Subclass Objectors' request to depose Dr. Mason is **DENIED**.

**DONE** and **ORDERED** this October 26, 2021.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE