IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406 | : : Master File 2:13-cv-20000-RDP : : : : This document relates to : Subscriber Track cases |

### [PROPOSED] ORDER
### REGARDING SUPPLEMENTAL NOTICE TO SELF-FUNDED ACCOUNTS

WHEREAS, Subscriber Plaintiffs and Settling Defendants (together, the "Settling Parties") entered into a Settlement Agreement resolving the Subscriber Actions. ECF No. 2610-2. On November 30, 2020, this Court entered an order granting preliminary approval of the Settlement, Plan of Distribution, and Notice Plan. ECF No. 2641. JND Legal Administration ("JND"), the Court-appointed notice and claims administrator, effectuated the Court-approved Notice Plan, and Subscriber Plaintiffs moved for final approval of the Settlement. ECF No. 2812; ECF No. 2812-2 (Declaration of Jennifer M. Keough Regarding Notice Plan and Settlement Administration).

WHEREAS, during the Final Fairness Hearing, the Settling Parties demonstrated that the Second Blue Bid relief provided to certain Self-Funded Accounts is properly construed as Fed. R. Civ. P. 23(b)(3) relief. *See, e.g.*, Doc. 2865 at Tr. 25–27, 42–44, 95. During that hearing, the Court agreed that Second Blue Bid is "clearly individualized relief . . . or divisible relief" in light of its "unique feature[s]," and that, as a result, treating it as (b)(3) relief rather than (b)(2) relief is "cleaner." *Id.* at 25, 43, 152.

WHEREAS, it would be prudent to more explicitly provide notice that Self-Funded Accounts that opt out of the Rule 23(b)(3) Damages Class retain the right to seek individualized injunctive relief.

1

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. In light of the foregoing, supplemental notice, in the form attached at Exhibit __ ("Supplemental Notice"), shall issue to Self-Funded Entity Accounts (*i.e.*, Self-Funded Accounts themselves not including Members thereof) to make explicit that, if they opt out of the 23(b)(3) Class (sometimes referred to as the "Damages Class"), they retain the right not only to seek monetary damages, but also to seek individualized injunctive relief, which may include a Second Blue Bid or other such individualized injunctive relief, depending on the circumstances surrounding the Self-Funded Entity Account's claim. As members of the Rule 23(b)(2) Injunctive Relief Class, Self-Funded Entity Accounts will still release all other claims for declaratory or indivisible injunctive relief that are released under the Settlement Agreement.

2. As outlined in the Declaration of Jennifer M. Keough regarding Supplemental Notice to Self-Funded Accounts, supplemental notice shall issue through direct mail and email notice, a broad-reaching digital media campaign tailored to business entities, and media placements in industry e-newsletters, as well as an internet search effort.

3. With respect to direct notice, postcard notice shall be mailed to all Self-Funded Entity Accounts for which Settling Defendants have provided mailing addresses to JND and which Settling Defendants have identified as Self-Funded Entity Accounts to JND (estimated to be approximately 195,000 entities), and an additional email notice will issue to those for whom an email address is available. JND shall also institute a digital media campaign consistent with the Supplemental Notice Plan.

4. Any Self-Funded Entity Account that previously filed a claim and that subsequently submits a valid Exclusion Request to opt out of the Rule 23(b)(3) Class pursuant to this Order shall

have that claim automatically withdrawn.  Only Self-Funded Entity Accounts may opt out in connection with the Supplemental Notice Plan; no other person or entity may opt out at this time.

5. Pursuant to the form of the Supplemental Notice, neither the original claims filing deadline of November 5, 2021 nor the original objection deadline of July 28, 2021, shall be extended.  Any objections to the Supplemental Notice or Supplemental Notice Plan shall be filed by the Opt-Out Deadline identified herein.  No objections shall be permitted other than to the Supplemental Notice or Supplemental Notice Plan.  The Court approves the following timeline for the Supplemental Notice Plan, running from the date of this Order:

| Day 42 | Notice Efforts Completed |
|---|---|
| Day 87 | Opt-Out and Objection Deadline |
| Day 95 | Deadline for Settlement Class Counsel to file motion certifying compliance with this Order |

6. In light of the foregoing, the Court will not resolve Subscriber Plaintiffs' motion for final approval until after supplemental notice is complete, and the renewed opt-out period for Self-Funded Entity Accounts is closed.

**DONE** and **ORDERED** on _____, 2022.

_____

**R. DAVID PROCTOR**

United States District Judge