IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: BLUE CROSS BLUE SHIELD | } } | Master File No.: 2:13-CV-20000-RDP |
| ANTITRUST LITIGATION (MDL NO.: 2406) | } } } | This document relates to the Provider Track |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Provider Plaintiffs' Motion for Partial Summary Judgment Regarding the Standard of Review in Light of *Amex*.[1] (Doc. # 2730). In their Motion, Providers seek a determination that the Supreme Court's decision in *Amex* does not affect this court's prior ruling on the standard of review. (Doc. # 2063).

Providers filed their Motion to address this issue because, on the record at a status conference in January 2019, BCBSA's then-new counsel, who had represented American Express in *Amex*, stated that, since "the Supreme Court has now spoken in [the *Amex*] decision, [he] simply want[ed] to put [a] placemarker down on whether, in fact, it is inevitable that a trial here would be a per se trial[.]" (Doc. # 2373 at 72-73). Counsel further explained that he hoped to "be able to visit the [standard of liability] question [] in light of the Supreme Court's decision in the American Express case and how that might bear on the Court's determination of what standard of liability to apply in this case on the basis of whether this is, in fact, a two-sided market … ." (*Id*. at 73).

In their Response to the Motion, Defendants state that *Amex* "does not control the standard of review applicable to Providers' claims, nor have the Blues argued that it does." (Doc. # 2752 at 7). Defendants note that "*Amex* is not a standard-of-review decision." (*Id*. at 12). Further,

---

[1] *Ohio v. American Express Co*., 138 S. Ct. 2274, 2283-84 (2018) ("Amex").

Defendants assert that "the parties agree that *Amex* is not dispositive of the standard of review, and the Court should therefore deny Providers' motion as moot." (*Id*. at 12). Even though the parties appear to be in agreement on the point that *Amex* does not affect the standard of review, Defendants argue that this agreement "is reason alone to deny Providers' Motion for Partial Summary Judgment Regarding the Standard of Review in Light of *Amex*." (*Id*.).

Regardless of the parties' agreement, the court concludes it is appropriate for it to speak -- albeit briefly -- on the effect of *Amex* to this litigation. Simply stated, *Amex* is not applicable (much less dispositive) of the court's prior standard of review ruling. In *Amex*, "both sides correctly acknowledge[d] that Amex's antisteering provisions are vertical restraints[, and] that, like nearly every other vertical restraint, the antisteering provisions should be assessed under the rule of reason." *Amex*, 138 S. Ct. at 2284. Thus, *Amex* was, by the agreement of all involved -- that is, the parties and the Supreme Court -- a rule of reason case. So, the issue in *Amex* was not <u>whether</u> the role of reason applied, but <u>how</u> that rule should apply in a two-sided market case. Obviously, this begs the question of how the *Amex* decision could have any effect on the applicable standard of review here. After all, the alleged restraints here are horizontal in nature, *see United States v. Topco Associates, Inc*., 405 U.S. 596 (1972),[2] and, for the reasons stated previously (*see* Doc. # 2063), are the type that trigger application of the per se rule.

In light of the foregoing, Provider Plaintiffs' Motion for Partial Summary Judgment Regarding the Standard of Review in Light of *Amex* (Doc. # 2730) is **GRANTED**. The *Amex* case does not affect the standard of review in this case.

**DONE** and **ORDERED** this February 16, 2022.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[2] The court need not at this time address whether this case involves a two-sided platform and what effect that may have on the required proof in this case.