# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|   |   |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO.: 2406) | Master File No.: 2:13-CV-20000-RDP |

## ORDER AWARDING SUBSCRIBER PLAINTIFFS' COUNSEL ATTORNEYS' FEES AND EXPENSES

This matter is before the court on Subscriber Counsel's Motion for Approval of Their Attorneys' Fees and Expenses Application. (Doc. # 2733). In the Motion, Subscriber Counsel seek an order: (1) awarding attorneys' fees in the amount of $626,583,372.10, and (2) awarding reimbursement of costs and expenses in the amount of $40,916,627.90.

In accordance with the accompanying Order and Judgment Granting Final Approval of Class Action Settlement and Appointing Settlement Administrator, Subscriber Counsel's Motion for Approval of Their Attorneys' Fees and Expenses Application (Doc. # 2733) is **GRANTED**. It is **ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated October 16, 2020 (Doc. # 2610-2) (the "Settlement Agreement") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The court has jurisdiction to enter this Order, over the subject matter of the Subscriber Actions, and over all parties to the Subscriber Actions, including all Settlement Class Members.

3. Notice of Subscriber Counsel's request for an award of attorneys' fees and of costs and expenses was provided to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Subscriber Counsel are hereby **AWARDED** attorneys' fees in the amount of $626,583,372.10, representing 23.47% of the Settlement Fund. The court **FINDS** this amount to be fair and reasonable. Subscriber Counsel are **FURTHER AWARDED** $40,916,627.90 in payment of litigation costs and expenses to be paid from the Settlement Fund, which sum the court finds to be fair, adequately documented, reasonable, and necessary to the representation of the Settlement Class.[1]

5. In making this award of attorneys' fees to be paid from the Settlement Fund, the court has applied the percentage of the fund method mandated by the Eleventh Circuit. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th. Cir. 1991). The court has found that the attorneys' fee award, which represents less than 23.5 percent of the $2.67 billion Settlement Fund that has been created for the benefit of the Subscriber Class, falls within the lower half of the "benchmark range" of 20% to 30% established in this Circuit. *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019). Moreover, although not required to do so, the court has cross-checked the fee by examining the factors that the Eleventh Circuit has directed courts to consider when

---

[1] In accordance with the terms of the Settlement Agreement, approved Subscribers Counsel may apply for up to $7 million from the Notice and Administration Fund to "reimburse plaintiffs' counsel's actual and reasonable fees and expenses incurred for Notice and Administration." Settlement ¶ 28(h). These costs and expenses will be reimbursed from the Notice and Administration Fund, not the common fund generated for the Class.

evaluating a fee award. *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242-43 (11th Cir. 2011). Such a cross-check shows that the award is fully supported by those factors:

    (a)    The Settlement has resulted in a substantial monetary award and in significant injunctive relief for the class;

    (i)    The Settlement has created a common fund of $2,670,000,000 in cash that is to be paid within 30 calendar days of the Effective Date of the Settlement pursuant to the terms of the Settlement Agreement, distributed to authorized claimants in accordance with the Plan of Distribution that has been approved by this court, and which will benefit the members of the Subscribers Class; and

    (ii)    The Settlement also provides historic, transformative, pro-competitive injunctive and equitable relief that will greatly benefit the members of the Subscribers Class;

    (b)    The case presented a myriad of difficult factual issues, requiring substantial discovery to resolve, including the production of millions of pages of documents and the taking of scores of depositions;

    (c)    The case raised novel and complex legal questions;

    (d)    Through August 15, 2020, Subscribers Counsel had already devoted 434,054.6 hours to litigating the complex factual and contested legal questions presented in the Subscriber Actions, which had resulted in a lodestar of $194,226,321.65;

    (e)    Subscriber Counsel are among the most experienced litigators in the country, and they conducted the litigation and worked to achieve the Settlement with skill, zeal, and expertise;

    (f)    The fee in this case was contingent upon obtaining relief for the Class, and there was a significant risk that Subscriber Counsel would recover nothing;

(g) Given the enormous commitments of time and resources, as well as the significant risk entailed in developing and litigating this case, few attorneys would have been willing to take it on;

(h) This private enforcement action required a substantial commitment of time, personnel, and other resources to this case effectively precluded Subscriber Counsel from other employment;

(i) The amount of attorneys' fees awarded and of costs and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similarly complex cases; and

(j) Although the use of the lodestar cross-check is not required in this Circuit, *In re Home Depot*, 931 F.3d at 1091 n.25, the court nevertheless undertook that analysis. As the expert testimony presented in support of the Fee Motion confirms, the lodestar multiplier of 3.23 that the award represents would be fully consistent with the multipliers that courts have found reasonable in similarly complex mega-fund cases.

6. In making this $40,916,627.90 award of litigation costs and expenses to be paid from the Settlement Fund, the court has considered and found that:

(a) The recovery of costs and expenses is authorized by the Settlement Agreement;

(b) Those costs and expenses have been adequately documented and reviewed by the Special Master appointed by the court; and

(c) Those costs and expenses were both reasonable, necessary, and incurred for the benefit of the Settlement Class.

7. Due and adequate notice has been given to the members of the Settlement Class in satisfaction of the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil

Procedure and Constitutional Due Process, stating that Subscriber Counsel may submit a fee and expense application seeking an award of attorneys' fees plus reimbursement of expenses up to a combined total of 25% of the $2.67 billion fund, *i.e*., $667,500,000, and the court has concluded that no meritorious objections to the requested attorneys' fees and expenses were raised.

8. In early 2022, the court received Special Master Ed Gentle's *in camera* Report, and subsequent Supplement (containing the comments of impacted Counsel), making a recommendation regarding the allocation of the common benefit recovery among Subscriber and ASO Counsel.

    a. Special Master Gentle conducted an innovative interview process which allowed each impacted Law Firm to describe for the Special Master what it did to advance the case and how its services might have been unique compared to those of others.

    b. The court finds that the approach taken by the Special Master, in (1) compiling the time, capital and expense records that provided the data for the Report, and (2) weighting the data among the lawyers in the Report, was transparent and objective. The objectiveness of this approach was corroborated by the overwhelming support for the Report from impacted Counsel. As one commenter stated,

> We want[] to commend the Report. It is obviously the result of careful and thoughtful work of you and your staff. The interview process that you conducted gave voice to the Firms that usually remain unseen in these cases, and it allowed Leadership and your office to probe into a Firm's accomplishments and contributions in order to assess their contributions to the case holistically. The Report was particularly innovative in this regard, and provides a robust record to support the (common benefit) allocation. That is in addition to the prowess of your accounting team that contemporaneously reviewed and audited the time and scores of 70+ law firms from more than 8 years. The proposed allocation is buttressed by both economic and objective support.

    c. The court concludes that the allocation recommended in the *in camera* Report is fair and reasonable, and is hereby **APPROVED**.

9. The court takes notice of its previous Orders regarding protocols for Plaintiffs' Counsel time and expense submissions. (Docs. # 80 and 163). With Subscriber and ASO Counsel's duties with respect to this MDL, other than with regard to implementing the Subscriber and ASO Settlement with the Blue Cross Blue Shield Entities, being completed, the court hereby **RELIEVES** Subscribers and ASOs Counsel of any further obligations under these time and expense Orders. The court notes, however, that there will be additional time keeping by Subscriber and ASO Counsel in connection with the Settlement itself. These submissions will be reviewed by the Special Master and the Settlement Proponents.

10. Any appeal or any challenge affecting this court's approval regarding any attorneys' fees and expense application **SHALL** in no way disturb or affect the finality of the Judgment.

11. The court retains exclusive jurisdiction over the parties and the Settlement Class Members for all matters relating to this Settlement, including the administration, interpretation, effectuation or enforcement of this Order.

12. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided for in the Settlement Agreement.

**DONE** and **ORDERED** this August 9, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE