# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br><br>(MDL NO.: 2406) | Master File No.: 2:13-CV-20000-RDP<br><br>This document relates to<br>Subscriber Track |

## AMENDMENT TO FINAL ORDER AND JUDGMENT GRANTING APPROVAL OF SUBSCRIBER CLASS ACTION SETTLEMENT RELATING ONLY TO THE RELEASES PROVIDED BY OPT-OUTS

On the court's own motion, pursuant to Federal Rule of Civil Procedure 60(a), and with the settling parties' consent, the Final Order and Judgment Granting Approval of Subscriber Class Action Settlement is **AMENDED** as follows with regard to the releases provided by Opt-Outs under the Settlement:

**I.     Section II(C) of the court's August 9, 2022 Order (Doc. # 2931 at 15-16) is AMENDED as follows**:

**C.  Settlement Class Release**

Upon the Effective Date of the Settlement, Releasors (Class Representatives and Settlement Class Members) who have not timely and validly excluded themselves (*i.e.*, opted out) will have fully released all claims against the Releasees ((i) Individual Blue Plans, (ii) BCBSA, (iii) NASCO,[1] and (iv) Consortium Health Plans, Inc.,[2] as well as related entities). (*Id.* ¶¶ 32, 1(vvv), 1(www)). Opt-Outs will release all claims for indivisible injunctive or declarative relief

---

[1] NASCO is a healthcare technology company owned by several Blue Plans and is involved in processing claims.

[2] Consortium Health Plans, Inc. is a marketing company owned by several Blue Plans and provides marketing assistance regarding national accounts to BCBSA and the Blue Plans.

against the Releasees. However, a Self-Funded Account opt-out does not release any claims for individualized declaratory or injunctive relief, which may include the right to pursue in litigation more than one Blue bid based upon an Opt-Out's individual business and the facts and circumstances of the individual claims. The releases apply to Releasors and their related persons and entities, such as dependents and beneficiaries under their respective benefits plans.

> The Releasors agree to release any and all known and unknown claims:
>
> based upon, arising from, or relating in any way to: (i) the factual predicates of the Subscriber Actions (including but not limited to the Consolidated Amended Class Action Complaints filed in the Northern District of Alabama) including each of the complaints and prior versions thereof, or any amended complaint or other filings therein from the beginning of time through the Effective Date; (ii) any issue raised in any of the Subscriber Actions by pleading or motion; or (iii) mechanisms, rules, or regulations by the Settling Individual Blue Plans and BCBSA within the scope of Paragraphs 10 through 18 approved through the Monitoring Committee Process during the Monitoring Period.

(*Id*. ¶ 1(uuu)). Thus, the Released Claims in certain circumstances will include those "mechanisms, rules or regulations" enacted after the Effective Date that are approved by the Monitoring Committee during the Monitoring Period, but only to the extent those "mechanisms, rules or regulations" relate to the provisions enumerated in Paragraphs 10 through 18 of the Settlement.

The Releasors retain their right to assert certain claims relating to coverage, benefits and administration of claims that arise in the ordinary course of business and are not "based in whole or in part on the factual predicates of the Subscriber Actions or any other component of the Released Claims discussed in this Paragraph." (*Id*.).

Additionally, Providers who are Settlement Class Members retain the right to assert any claims arising from their sale or provision of health care products or services, and Settling Defendants have agreed not to raise Providers' releases under this Settlement as a defense to Providers' claims brought in their capacity as Providers of health care products or services in MDL No. 2406. (*Id*.).

**II.     Paragraph 17 of the court's August 9, 2022 Order effecting the APPROVAL OF THE SETTLEMENT AGREEMENT (Doc. # 2931 at 87-88) is AMENDED as follows:**

17.     The Opt-Outs identified in Document # 2928 are **EXCLUDED** from the Damages Class and the divisible Second Blue Bid relief pursuant to properly made exclusion requests. They may not make any claim on or receive any benefit from or under (a) the Settlement Fund, whether monetary or otherwise, or (b) any benefit under Paragraph C(15), the Second Blue Bid portion of the injunctive relief. Nonetheless, the identified Opt-Outs may not pursue any claims released under the Settlement Agreement regarding indivisible relief on behalf of those who are bound by this Final Judgment. For purposes of clarity, a Self-Funded Account that opted out does not release any claims for individualized declaratory or injunctive relief, which may include the right to pursue in litigation more than one Blue bid based upon an Opt-Out's individual business and the facts and circumstances of the individual claims. All other claims for indivisible declaratory or injunctive relief released under the Settlement Agreement are released. Each Settlement Class Member not appearing in Document # 2928 is **BOUND BY THIS FINAL JUDGMENT AND WILL REMAIN FOREVER BOUND**.

**DONE** and **ORDERED** this September 7, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE