IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ) <br> ) <br> ANTITRUST LITIGATION ) <br> (MDL NO. 2406) ) <br> ) | Master File No.: <br> 2:13-CV-20000-RDP |

## MOTION TO AMEND JUDGMENT

Opt-Out Home Depot U.S.A., Inc., together with all its parents, subsidiaries, affiliates, and associated benefit plans who validly excluded themselves from the Settlement Class ("Home Depot"), hereby moves the Court under Federal Rule of Civil Procedure 60(a) to correct and clarify the final sentence of the Amended Final Order and Judgment [Dkt. 2939] as follows:

> "Each Settlement Class Member <u>who did not submit a valid exclusion request</u>[1] <s>not appearing in Document # 2928</s> is BOUND BY THIS FINAL JUDGMENT AND WILL REMAIN FOREVER BOUND."

As currently formulated, the Court's Amended Final Order relies solely on the Settlement Administrator's list of opt-outs, rather than the actual opt-outs themselves.

In Home Depot's case, however, that list may well be incomplete due to a clerical error. The Settlement Administrator listed only Home Depot U.S.A., Inc., as the class member. However, Home Depot made clear in its supplemental Exclusion Request, which was timely submitted to the Administrator, that it was opting out on behalf of "Home Depot U.S.A., Inc., **together with all its parents, subsidiaries, and affiliates that would be members of the proposed Settlement Classes**" and that "For the avoidance of any doubt, this exclusion request includes **The Home Depot Group Benefits Plan, Home Depot Medical and Dental Plan, and**

---

[1] Document 2928 lists the Settlement Class members who submitted valid exclusion requests, as compiled by the Settlement Administrator. The Court notes that additional entities that were listed in a valid exclusion notice timely submitted by a Settlement Class Member are not bound by the Final Judgment.

1

**any other health benefits plan sponsored by Home Depot** that would be a member of any of the proposed settlement classes." *See* Declaration of Frank M. Lowrey IV, attached hereto.

Accordingly, Home Depot requests this relief—or such other relief as is necessary—to ensure that the Judgment correctly acknowledges the valid exclusion requests submitted on behalf of its affiliates.

Respectfully submitted this 8th day of September, 2022.

*/s/ Frank M. Lowrey IV*
Frank M. Lowrey IV
GA Bar No. 410310
lowrey@bmelaw.com
Ronan P. Doherty
GA Bar No. 224885
doherty@bmelaw.com
E. Allen Page
GA Bar No. 640163
page@bmelaw.com
BONDURANT MIXSON
& ELMORE, LLP
1201 West Peachtree St NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2022, I electronically filed the foregoing **MOTION TO AMEND JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all known counsel of record.

*/s/ Frank M. Lowrey IV*
Frank M. Lowrey IV
GA Bar No. 410310
lowrey@bmelaw.com
BONDURANT MIXSON
& ELMORE, LLP
1201 West Peachtree St NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111