FILED
2022 Sep-16  PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: BLUE CROSS BLUE SHIELD | ) | |
| | ) | **Master File No.: 2:13- CV-20000-RDP** |
| ANTITRUST LITIGATION | ) | |
| (MDL NO. 2406) | ) | **This document relates to** |
| | ) | **Subscriber Track.** |

### JOINDER IN MOTION TO AMEND JUDGMENT

Darling Ingredients Inc. and similarly situated opt-outs[1] ("Joining Non-Parties"), by and through their undersigned counsel, pursuant to the Court's Order of September 9, 2022 (Doc. 2945), hereby join in Home Depot U.S.A., Inc.'s Motion to Amend Judgment (Doc. 2941) (the "Home Depot Motion") and in support thereof, state as follows:

The Joining Non-Parties, with Home Depot and any other parties that may join the Home Depot Motion, respectfully request that the Court, pursuant to Federal Rule of Civil Procedure 60(a), amend and clarify the final sentence of the Amended Final Order and Judgment (Doc. 2939, the "Amended Final Order") as follows:

> "Each Settlement Class Member who did not submit a valid exclusion request[2] not appearing in Document # 2928 is BOUND BY THIS FINAL JUDGMENT AND WILL REMAIN FOREVER BOUND."

As described in the Home Depot Motion, the Amended Final Order, as presently

---

[1] Griffin Industries, LLC; Automobile Club of Southern California; Bed Bath & Beyond, Inc. Dillard's, Inc.; Halliburton Energy Services, Inc.; Kimberly-Clark Corporation; Lincoln National Corporation; Live Nation Entertainment, Inc.; Nestlé USA, Inc. ("Nestlé USA"); Perdue Farms Inc.; Pacific Gas and Electric Company; PG&E Corporation; Raytheon Technologies Corporation; Rite Aid Hdqtrs. Corp.; Rite Aid Corporation; Sterling Jewelers Inc.; Starbucks Corporation; and Tyson Foods, Inc.

[2] Document 2928 lists the Settlement Class members who submitted valid exclusion requests, as compiled by the Settlement Administrator.  The Court notes that additional entities that were listed in a valid exclusion notice timely submitted by a Settlement Class Member are not bound by the Final Judgment.

1

constituted, relies solely on the Settlement Administrator's list of opt-outs ("Exclusion List"), rather than the actual opt-out notices themselves.  As prepared, and likely as a result of clerical expediency, the Exclusion List does not accurately reflect all parties that submitted a valid exclusion request.

A number of the Joining Non-Parties, like Home Depot, submitted valid exclusion requests to the Settlement Administrator on behalf of themselves as well as affiliated and subsidiary entities. For example, Raytheon Technologies Corporation provided notice to the claims administrator that it was opting out on behalf of "its [Raytheon Technologies Corporation's] *subsidiaries and affiliates, including but not limited to Rockwell Collins Corporation and Raytheon Company* […]." *See* Declaration of Jon D. Corey ("Corey Dec.") ¶ 3 and Ex. 1.  The Exclusion List, however, does not identify Rockwell Collins Corporation, Raytheon Company, or Raytheon Technologies Corporations' subsidiaries and affiliates as having exercised their rights to be excluded from the proposed settlement.  (Doc. 2928).  Likewise, Nestlé USA provided valid notice to the claims administrator that it was opting out on behalf of "Nestlé USA, Inc. *and its affiliates* as Self-Funded Entity Accounts, from the Settlement Damages Class."  *See* Corey Dec. ¶ 6 and Ex. 2 (emphasis added).  The exclusion request identified its "affiliates" as "including but not limited to, Nestlé Purina PetCare Company, Nestlé Nutrition, Nestlé R&D, Nespresso USA, Inc., Nestlé Healthcare Nutrition aka Nestlé Health Science and Gerber Products Company."  *Id*.  The Exclusion List does not identify: Nestlé Purina PetCare Company, Nestlé Nutrition, Nestlé R&D, Nespresso USA, Inc., Nestlé Healthcare Nutrition aka Nestlé Health Science and Gerber Products Company, or Nestlé USA, Inc.'s affiliates as having exercised their rights to be excluded from the proposed settlement.  (Dkt. 2928).

If the relief requested is not granted, then the inadvertent clerical error identified above

would run contrary to the notice requirements and exclusion rights detailed by the Court in the Memorandum Opinion and Order Preliminarily Approving Settlement, Plan of Distribution, and Notice Plan, and Directing Notice to the Class (Doc. 2641, pp. 62-63, ¶ 18-20) and the Memorandum Opinion and Order Granting Motion for Supplemental Notice to Self-Funded Accounts (Doc. 2897).  That is not the result the Court or the parties to the litigation intended with the language referenced above.  Rule 60(a) exists to remedy this type of issue.  Fed. R. Civ. P. 60(a).

Respectfully submitted this 16th day of September 2022.

By:      /s/ *Jon Corey*

Jon Corey (CA SBN 185066)
MCKOOL SMITH, PC
One California Plaza
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
(213) 694-1200
jcorey@mckoolsmith.com

Brenton K. Morris
BENTON, CENTENO & MORRIS, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205)-278-8000
bmorris@bcattys.com

*Attorneys for Darling Ingredients Inc.; Griffin Industries, LLC; Automobile Club of Southern California; Bed Bath & Beyond Inc.; Dillard's, Inc.; Halliburton Energy Services, Inc.; Kimberly-Clark Corporation; Lincoln National Corporation; Live Nation Entertainment, Inc.; Nestlé USA, Inc.; Perdue Farms Inc.; Pacific Gas and Electric Company; PG&E Corporation; Raytheon Technologies Corporation; Rite Aid Hdqtrs. Corp.; Rite Aid Corporation; Sterling Jewelers Inc.; Starbucks Corporation; and Tyson Foods, Inc.*

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16th day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all known counsel of record.

_/s/ Jon Corey_
Jon Corey

4882-0994-8211