# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br><br>(MDL NO.: 2406) | Master File No.: 2:13-CV-20000-RDP<br><br>This document relates to<br>Subscriber Track |

## ORDER REGARDING OPT-OUT LIST

This matter is before the court on the Motion to Amend Judgment filed by Opt-Out Home Depot U.S.A., Inc. and all related parents, subsidiaries, affiliates, and associated benefit plans who validly excluded themselves from the Settlement Class. (Doc. # 2941). Home Depot's Motion requests that the court amend the final sentence of the Amended Final Order and Judgment (Doc. # 2939). The final sentence of the Amended Final Order provides:

> Each Settlement Class Member not appearing in Document # 2928 is BOUND BY THIS FINAL JUDGMENT AND WILL REMAIN FOREVER BOUND.

(Doc. # 2939 at 3). Home Depot argues that this sentence of Amended Final Order relies on the Settlement Administrator's list of opt-outs, which may well be incomplete. (Doc. # 2941 at 1). Therefore, Home Depot requests that the court amend that sentence to read:

> Each Settlement Class Member who did not submit a valid exclusion is BOUND BY THIS FINAL JUDGMENT AND WILL REMAIN FOREVER BOUND.

(Doc. # 2941 at 1).

With regard to the alleged incompletion of the Settlement Administrator's list of opt outs, when Home Depot first opted out, it submitted one document stating that it was opting out on behalf of "Home Depot U.S.A., Inc., together with all its parents, subsidiaries, and affiliates that would be members of the proposed Settlement Classes … ." (Doc. # 2941-1 at 5-6). The exclusion

request did not specify the names of the parents, subsidiaries, and affiliates, and it only listed an address for Home Depot U.S.A., Inc. (*Id*.). Upon receipt of the exclusion request, the Settlement Claims Administrator sent an e-mail response stating that the "request to have Home Depot U.S.A., Inc. and its Affiliates be excluded from the Settlement" had been received. (Doc. # 2941-1 at 9).

On May 2, 2022, after the court directed supplemental notice to the ASO Sub-Class, Home Depot submitted a supplemental "Exclusion Request of Home Depot U.S.A. Inc., and its Affiliates" to the Settlement Administrator. (Doc. 2941-1 at 14). The supplemental exclusion request stated:

> Home Depot U.S.A., Inc., together with all its parents, subsidiaries, and affiliates that would be members of the proposed Settlement Classes [] wants to be excluded and hereby excludes itself from the Settlement … . For the avoidance of any doubt, this exclusion request includes The Home Depot Group Benefits Plan, Home Depot Medical and Dental Plan, and any other health benefits plan sponsored by Home Depot that would be a member of any of the proposed settlement classes.

(Doc. # 2941-1 at 14-15). This supplemental exclusion request still leaves certain entities undefined. (*Id*.).

In response to Home Depot's Motion, the court directed the Settling Parties and any other interested party to respond to the Motion. (Doc. # 2945).

The Alaska Air and Jet Blue National Account ASO Opt-Outs, together with all their parents, subsidiaries, affiliates, and associated benefit plans, filed a response supporting the Motion to Amend. However, they suggest that the surest way to avoid later disputes and efficiently and effectively resolve this matter is for the court to direct the Settlement Administrator to amend its report to include all of the entities identified in Exhibit A to their Response, along with the entities identified in Home Depot's Motion. (Doc. # 2958 at 2).

Darling Ingredients Inc. and similarly situated opt-outs[1] joined in Home Depot's Motion to Amend Judgment. (Doc. # 2960). They, too, request that the court amend the final sentence of the Amended Final Order in the manner proposed by Home Depot. (Doc. # 2960 at 2). A number them, like Home Depot, submitted valid exclusion requests to the Settlement Administrator on behalf of themselves as well as affiliated and subsidiary entities, but those affiliated and subsidiary entities -- even though named in the exclusion request (Doc. # 2960-3) -- are not included in the Settlement Administrator's list of opt-outs. (Doc. # 2960 at 2).

Defendants' Response to the Motion to Amend argues that Home Depot has failed to show the need for relief pursuant to Rule 60(a), which allows a court to remedy clerical mistakes, oversights, or omissions in an order or judgment; therefore, Defendants contend, the motion should be denied. (Doc. # 2961 at 1). Defendants assert that the court's reference to "Document # 2928" incorporates not only "the Settlement Administrator's list of opt-outs" but also each and every timely exclusion request received by JND. (Doc. # 2961 at 2). Indeed, at the beginning of amended Paragraph 17, the court defines the Opt-Outs in Document 2928 as having "properly made exclusion requests." (Doc. # 2939 at 3). Defendants note that the court's Amended Final Order thus already accomplishes what Home Depot claims to want: the Order expressly refers to "properly made exclusion requests," and it is those valid and timely exclusion requests that control. (Doc. # 2961 at 2). The court agrees with Defendants.

The entities who are on the Settlement Administrator's Opt-Out list have presumptively submitted timely exclusion requests. But, under either solution presented by the Opt-Outs, any

---

[1] Griffin Industries, LLC; Automobile Club of Southern California; Bed Bath & Beyond, Inc. Dillard's, Inc.; Halliburton Energy Services, Inc.; Kimberly-Clark Corporation; Lincoln National Corporation; Live Nation Entertainment, Inc.; Nestlé USA, Inc. ("Nestlé USA"); Perdue Farms Inc.; Pacific Gas and Electric Company; PG&E Corporation; Raytheon Technologies Corporation; Rite Aid Hdqtrs. Corp.; Rite Aid Corporation; Sterling Jewelers Inc.; Starbucks Corporation; and Tyson Foods, Inc.

entity not on that list that seeks to prosecute an opt-out action will need to submit evidence to the court before whom the action is pending to establish that it submitted a timely exclusion request to opt out of the Subscriber Settlement in this MDL. For example, Home Depot's supplemental exclusion request names certain affiliates that are not on the presumptive list. A complete list of all of the entities on behalf of whom the exclusion request was made has never been provided. Thus, regardless of whether the Amended Final Order is amended or the Settlement Administrator's opt-out list is revised, certain Home Depot affiliates will be required to present extrinsic evidence to establish that they fall within the definition of the Home Depot parents, subsidiaries, or affiliates on whose behalf the exclusion request was made. That is, neither amending the Amended Final Order, nor having the Settlement Administrator amend the opt-out list, necessarily resolves this issue.

## Conclusion

The court's Amended Final Order makes clear that the exclusion requests themselves (not the Settlement Administrator's list) controls the questions of who has opted out. The Settlement Administrator's list is a convenience, a catalogue of the exclusion notices that the Settlement Administrator believes are valid and timely. To be clear, the courts handling Opt-Out actions are not bound exclusively by Document 2939 in determining whether a party properly opted out of the Subscriber Settlement in this MDL. Entities not listed within Document 2939 who contend they submitted timely and valid exclusion requests may present extrinsic evidence to establish that they submitted a properly made exclusion request.

In light of the foregoing, Home Depot's Motion to Amend Judgment (Doc. 2941) is **DENIED**.

**DONE** and **ORDERED** this September 20, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE