FILED
2022 Sep-30  AM 09:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

BLUE CROSS/BLUE SHIELD

ANTITRUST LITIGATION

MDL 2406

13-20000

* * * * * * * * * * * * * * * * * * * * * * * * *

REPORTER'S OFFICIAL TRANSCRIPT OF
PHONE CONFERENCE

BEFORE THE HONORABLE MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

DECEMBER 21, 2017

3:00 P.M.

COURT REPORTER:
Teresa Roberson, RMR
Federal Official Court Reporter
1729 Fifth Avenue North
Birmingham, Alabama  35203

A P P E A R A N C E S (via telephone)

Ed Gentle
Carl Burkhalter
Megan Jones
Emily Yinger
Chris Kimble
Tucker Brown
Brian Norman
Sarah Cylkowski
Michael Naranjo
Lucie Cohen
Myron Penn
Zorel Soto
Tim Slattery
James Hileman
Anna Clark
Charles Sweeris
Mark Hogewood
Mike Gurley
Anne Salomon
Todd Stenerson
Nick Roth
Matt Roden
Jonathan Redgrave
Patrick Sheehan
Charlanna Skaggs
Patrick McDowell
Dan Moylan
Lauren Kennedy
Tracy Roman

Davis Cooper
Travis Bustamante
Jess Nix
Brook Oppenheimer
Erik Benny
Des Hogan
Mike Liebermann
Ryan Moorman

* * * * *

P R O C E E D I N G S

* * * * *

THE COURT:  Good afternoon, everybody.  This is Judge Putnam.  And hopefully this will not be a terribly long session this afternoon.  But I did want to have one before we get into the holidays just to follow up on a few things.

The first thing that I wanted to check on was Provider Plaintiffs' Motion to Compel Blue Cross of Alabama to comply with Rule 30(b)(6) obligations; that's document 1750.

We've rolled it over several times, the parties are discussing it.  I just wanted to follow up and see where we are on that.

MR. BROWN:  Your Honor, Tucker Brown for Provider Plaintiffs.

I think Mr. Burkhalter got me some information yesterday afternoon, and I am running it by my team.  But I think, assuming it all is acceptable to my folks, I think we are going to be done.  So we may need to roll it over one more time.  But I think we're likely going to moot this one.

THE COURT:  All right.  That figures in to one of the other subjects I wanted to talk about, I do not plan to have a telephone conference next Thursday the 28th, and I was curious then about whether we need to have one on January the 4th considering that we've got the in-person discovery

conference scheduled a week later on January the 11th.

Anybody have any thoughts about whether we need to schedule a phone conference for Thursday, January the 4th? Ms. Jones.

MS. JONES:  This is Megan Jones for Subscriber Plaintiffs.

I don't see a need for it, Your Honor, from our perspective.

THE COURT:  Mr. Brown.

MR. BROWN:  Your Honor, other than updating Your Honor on this motion, I don't have anything that would be on that docket.

THE COURT:  All right.  Ms. Yinger.

MS. YINGER:  Your Honor, I do not know of anything. I would like just a brief opportunity to check with my group just to make sure nothing has come up that I don't know about.

THE COURT:  Sure.  That's fine.

MS. YINGER:  I can get back to you tomorrow.

THE COURT:  I just want to float the idea of not having the 4th, but if it turns out that there's a need for a phone conference on the 4th, then certainly we can do that.

But I just wanted to float that idea to see whether that's something that might be possible.

Anyone else have any --

MS. YINGER:  Thank you, Your Honor.

THE COURT: Thank you. Anyone else have any thoughts about the need for a phone conference on the 4th of January?

Well, unless I hear otherwise, and certainly if we need one, let me know, but unless I hear otherwise, then let's plan for the next conference to actually be the in-person conference that's on January the 11th.

Again, I'll wait and if someone needs a conference on the 4th, I guess probably the easiest thing to do is go through Mr. Gentle, tell him and he can report to me whether we need a conference on the 4th or not.

I wanted to also follow up on the -- get a Subscribers' update on the merit plan data production that we've talked about, that there's a -- Alabama Blue Cross has a database that perhaps will answer those questions.

I wanted to see if there's any clearer answer to that. Ms. Jones.

MS. JONES: Your Honor, Megan Jones for Subscriber Plaintiffs.

We've been advised that Blue Cross Blue Shield of Alabama is going to transmit that data to Maynard, Cooper on December 29th and it will be produced to us shortly thereafter, and so we hope that that will solve the problem.

But we won't know -- we'll be able to update the Court probably on January the 11th.

THE COURT: We'll just wait and find out and hopefully we'll have a final solution to that on January the 11th. But you can just let me know at that point.

Mr. Burkhalter, anything else you need to add about that?

MR. BURKHALTER: No, sir, Your Honor.

THE COURT: Okay. The other matter that I, just as a point of discussion, I'm not sure there's anything pending, a motion pending of any sort, but many of you, I'm sure, are aware that we entered an amendment to discovery order 76 earlier this week to amend some of the provisions dealing with the handling of the privilege log and the protocols, that was based on discussions that we had with Judge Harwood last week.

And I wanted to get a sense of any problems, concerns, worries, anything that anybody might have about that process.

And particularly one of the areas that we discussed quite a bit with Judge Harwood trying to figure out a fair way to handle it is, if he has to write a report and recommendation regarding a privilege and in order to explain his conclusion about the privilege or the absence of a privilege, he has to quote from some material in the sample documents or paraphrase some material in the sample documents, how would that be -- how would that report and recommendation be communicated to the parties while still preserving the

claim of privilege until there's a ruling by the Court.

And what essentially we came up with is, if I can summarize it, basically the following, that if there's a report and recommendation that has allegedly privileged material in it that Judge Harwood would file in the public CM/ECF record, a redacted version of that R&R redacting out, of course, the references to the privileged material.  He would then send an unredacted version of his R&R to whatever Blue was interested in the documents that are the subject of that R&R so that the Blue can see a fully unredacted version for purposes of preparing objections to the report and recommendation.

Under that scenario -- well, there would also be filed under seal in the electronic case filing system an unredacted version that no one would have access to, except the Court staff, we would have access to it, so that would essentially mean then that the plaintiffs would have a redacted version of the R&R without the privilege material in it, Blues who are not interested in those particular documents that are the subject of the R&R would only have access to a redacted version, the Blue whose documents are the subject of the R&R would get from Judge Harwood himself, directly either by mail or email or in some sort of manner, and part of that discussion is the security aspect of that transmission, but Judge Harwood would send to the affected Blue a fully

unredacted version and there would be a fully unredacted version filed in CM/ECF but under seal so nobody could get to it.

So, questions about that or issues with that procedure or just generally otherwise anything that occurred in the amendment to discovery order 76?  Ms. Jones.

MS. JONES:  Yes, Your Honor, Megan Jones for Subscriber Plaintiffs.

I think that sounds fine.  I think the first one will show if there are any problems with that process.  I am a little bit concerned, you know, that they get a document that's unredacted and then we have -- then their response is going to go in and then we have three days to respond, it's going to be a little bit -- it's hard to imagine how we're going to do that if something is redacted, but we'll see how it plays out.

I don't have an exact sense at this point.  I am a little bit concerned about how that is going to work.

The concern, as you have already expressed to Defendants, is we have given each defendant an explicit list of Plaintiffs' counsel upon which to serve the first requests that is due on December 29th, and so given that that is squarely in the middle of the holidays, we want to make sure that Defendants don't serve liaison counsel or someone, we have given them a specific list of five defendants who to

serve on the 29th so that we can get our response in by January 9th.

So that -- we have already sent that to Kim West and defense counsel and so that would -- that was our very first concern.

But with the process in order 76, I think we can let it play out and see how it works.

THE COURT:  All right.  Mr. Brown.

MR. BROWN:  I agree with Ms. Jones.  I think that -- you know, we're willing to work through the process and think that, you know, as a theoretical matter, it sounds fine, and we'll try to work with them and if there are issues, we will raise them as they come up.

THE COURT:  Ms. Yinger.

MS. YINGER:  Your Honor, I believe that Lucie Cohen and Travis Bustamante will address this.

THE COURT:  Thank you.

MS. COHEN:  Lucie Cohen.  I think that makes sense and we appreciate the precautions that the Court and the privilege master are taking with respect to the reports and recommendations.

And I think, going to Ms. Jones' point, I'll double-check with the group, I don't anticipate that being an issue. I know there were different people with different plans.  We received the list and we'll follow up if there are any issues,

but I don't anticipate there being any.  We'll double-check with the group as far as serving the information on the 29th.

THE COURT:  Mr. Bustamante.

MR. BUSTAMANTE:  Your Honor, this is Travis Bustamante.  I don't have anything further to add.

THE COURT:  Does anyone else, anyone else representing other Blues have any thoughts, worries, concerns about the procedure, at least as it's set up today?

One of the concerns or issues that we thought about here in trying to set up that process was the idea that Judge Harwood would transmit to the affected Blue, the Blue whose documents are the subject of the report and recommendation, an unredacted version of it and we debated here about what kind of security measures are necessary for it.

I have to confess, my first thought was, well, why doesn't Judge Harwood just email the unredacted version to that Blue's attorney of record.  And it was pointed out to me that that could create security issues for the privileged information, that the emails may not be secure.

I would like to hear any thoughts anybody has about how Judge Harwood should transmit the unredacted versions of his R&R to the affected Blues.

MS. COHEN:  We can discuss with the group and maybe get a recommendation back.  There may be some options, like an FTP or a secure file transfer that we might be able to do, but

we can circle up with the defendants and maybe suggest something that might work well for Judge Harwood.

THE COURT:  All right.  It's my understanding from Judge Harwood that he doesn't anticipate anything going out before our January the 11th conference, so would y'all be in a position to sort of give us some assistance in how to securely -- how we can tell Judge Harwood how he can securely transfer the unredacted R&Rs at the January 11th conference?

MS. COHEN:  Yes, we can do that.

THE COURT:  All right.  Anyone else have any thoughts about the process or any issues raised by the amendment to discovery order 76?

All right.  Hearing none, I'm assuming that everybody at least is either satisfied or stunned, I'm not sure which.

But in any event, that's all I had on my list for discussion this afternoon.

Does anybody have any new issues or concerns or worries that are appropriate for raising this afternoon?

Ms. Jones, do you have anything else?

MS. JONES:  Your Honor, Dan Moylan joined this call for that explicit purpose.  And I will turn it over to him.

THE COURT:  All right.  Thank you.

MR. MOYLAN:  Dan Moylan.  Your Honor, actually, I think we can avoid a discussion on the record today.

We, in consultation with Mr. Burkhalter, have reached an agreement on a production schedule which is just a little bit different than the one concerning the production of additional filed rate materials in your recent discovery order.

I think there was a little bit of delay which, through nobody's fault, I think, and so we reached an agreement among counsel which we can -- we can either put on the record now or just follow up with Mr. Gentle, whatever you prefer.

THE COURT:  Just go ahead and give me a brief outline, if you can.

MR. MOYLAN:  And Mr. Burkhalter can chime in as well.

I think we essentially had two categories of documents left for production.  The first pertains to the so-called misclassifications of groups.  I think the agreement was that that production would be complete by December 29th.

And then there was an additional category of documents concerning the process for customer communications, the drafting of the refund letter and sort of the architecture of that outreach program.

As to those materials, we have an agreed production date of January 8th and January 8th would also be the date when Mr. Burkhalter would produce the privilege log, if there

is one, for anything that would be subject to a claim of privilege.

That and, you know, we would review their challenges, we think that would allow sufficient time to present privilege challenges to Your Honor before the final batch of filed rate depositions. And I think that is an accurate summary of the agreement.

But Mr. Burkhalter might want to add other thoughts.

THE COURT: All right.

MR. BURKHALTER: Hello, Your Honor. Mr. Moylan is correct, that is the understanding that we have, and we are going to produce the documents on that time table, with the Court's permission, of course.

THE COURT: Certainly to the extent the parties can reach agreement, I'm all for that.

Any other new issues, questions, concerns? Mr. Brown?

MR. BROWN: No, Your Honor. I'm a bystander on this one to some extent.

THE COURT: Any of the Blues have any new issues, concerns, worries that we can discuss this afternoon?

All right. Thank y'all for your time. And I look forward to hearing from you if not on the 4th, then certainly seeing you all on the 11th.

Have a happy holiday. We'll see you next year.

(COURT ADJOURNED)


C E R T I F I C A T E


        I hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-referenced matter.


_____
Teresa Roberson, RPR, RMR