FILED
2022 Sep-30  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


IN RE:  BLUE CROSS BLUE SHIELD

ANTITRUST LITIGATION


MDL NO. 2406

MASTER FILE NO. 2:13-CV-20000-RDP

* * * * * * * * * * * * * * * * * * * * * * * * *

REPORTER'S OFFICIAL TRANSCRIPT OF
STATUS CONFERENCE

BEFORE THE HONORABLE MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE


MAY 23, 2019

1:30 p.m.


COURT REPORTER:
Teresa Roberson, RMR
Federal Official Court Reporter
1729 Fifth Avenue North
Birmingham, Alabama  35203

A P P E A R A N C E S

Ed Gentle, Special Master

Brian Norman
Patricia Melville
Chris Kimble
Desmond Hogan
Michale Naranjo
Travis Roman
Gwendolyn Payton
Greg Davis
Doug Dellaccio
David Hodge
Sarah Donnell
Kim West
Barry Ragsdale
Mark Hogewood
Carl Burkhalter
Steve Rowe
Patrick Sheehan
Tucker Brown
Julie Smeds Roth
Nicholas Roth
Todd Stenerson
Cason Kirby
Swathi Bojedla
Michael Hausfeld
Megan Jones
Patrick McDowell
Joshua Payne
Craig Hoover
Benje Bailey

A P P E A R A N C E S (via telephone)

Lauren Kennedy
David Korn
Todd Panciera
Sarah Cylkowski
Anna Mercado Clark
John Schmidt
Brooke Oppenheimer
Reed Coleman
Charles Sweeris
Lucie Cohen
Jonathan Redgrave

* * * * *

P R O C E E D I N G S

* * * * *

THE COURT:  Good afternoon.  This, of course, is in Blue Cross Blue Shield Antitrust Multidistrict Litigation, case number 2:13-CV-20000-RDP.

Before we get started, I just wanted to say, on a personal note, thank you all very much for the wonderful remarks and reception last night.  I enjoyed that very much.  I'm deeply grateful for that and for all the remarks that were made.  And if Judge Proctor has his way of getting me re-called, you'll have an opportunity to retract all those things.

From a discovery standpoint, as I understand it, we have a basic difference of opinion about whether there's anything that we should be discussing this afternoon or not.

I would like to just sort of, without getting into any kind of substantive arguments about anything, just get sort of a quick rundown of what you think the discovery issues are going to be over the next six or eight or nine months or so, and then we can see how far, what we need to be doing to get ready to deal with those discovery issues.

Mr. Ragsdale.

MR. RAGSDALE:  Again, I am standing in for Ms. Jones who otherwise would be speaking out loud.

What we intended to do with our proposal for an agenda was essentially to set out the areas that we think will require some additional updating in discovery, certainly not wanting anything substantive to be done today, but to start that discussion so that hopefully we'll be in a position, by the next conference, to be able to see whether we can come up with an agreed scheduling order and let you resolve any disputes we might have about that.

We have obviously not begun the process of talking with the Defendants and finding out whether it would be common ground or more likely not common ground on those topics, but I think essentially what we set out for you is a list of those areas that we perceive at this time are going to require some work over the next five or six or seven months.

THE COURT:  Update structured data, that's going to be things like claims data and things of that sort that has occurred since 2013?

MR. RAGSDALE:  Sure.

THE COURT:  I'm trying to recall now, basically I imposed sort of a cut-off date.  My thought being at the time that, for purposes of having a known universe of evidence that can be used for experts and summary judgment and all of that, that we need to sort of have an end date for discovery.  I should have anticipated, of course, that lawsuits take longer than what you always think they will, and here we are six

years later and we are still dealing with it.

I see it's pointed at structure data, we're not getting into any kind of unstructured data again with all the concomitant problems that go along with unstructured data?

MR. RAGSDALE:  Certainly not within that topic, no.

THE COURT:  All right.

MR. RAGSDALE:  And then the remainder of the topics that are set out on there, a lot of it goes to financial information that will need to be updated.

Most all of these, with one notable exception, are simply updating discovery that has already been ordered in the case, so we hope that that will streamline to some extent.

We may still be fighting over when that date is and what the Defendants are going to have to do to give it to us.

Obviously, there also is, I don't know if you heard, there was a trial with Anthem and Cigna and there are going to be documents that we want to explore discovery on those issues as well that aren't necessarily updating, but certainly a topic that we want to be able to get into.

And I think that covers kind of the universe. Obviously there may be, as we go forward, other issues that will arise, but those were general areas that we think we at least need to start the discussion.

THE COURT:  Expert discovery, I'm hearing from what the discussion was this morning seems to be progressing just

fine, depositions are being taken and all of that.

MR. RAGSDALE:  I think that is all true.

THE COURT:  Thank you.  Mr. Hogan.

MR. HOGAN:  Good afternoon, Your Honor.  Just a couple of things to follow up on what Mr. Ragsdale said and to clarify one thing.

With regard to structured data, I believe most, if not all, Defendants produced structured data of the type you were just talking about through 2015, not '13.

But that may be an individual Defendant issue, but I just wanted the Court to know that.

Secondly, with regard to updating, we are happy to talk to the Plaintiffs about that issue and see where we can find common ground.

I just want to remind everyone that Judge Proctor was clear when we talked about this in, I think, two previous status conferences that he wants whatever updating to occur to occur one time, and it seemed that he wanted some of this updating, to the extent there was updating, of things like structured data to perhaps occur after decisions on class certification and maybe other decisions.

So, we're happy to talk about it, but I think we're ultimately going to need that guidance as well and maybe wait for the class certification decisions on timing.

With regard to Anthem-Cigna, we have produced a

significant amount of documents voluntarily at the Plaintiffs' request.  I think at some point there becomes relevance and proportionality issues.  We produced nearly every trial exhibit, except a handful where we issued objections, and I think that is one of the issues that Judge Proctor said he will take up on a separate call.

Again, we're happy to talk with Plaintiffs about those issues.

And I think from our perspective, as far as affirmative discovery from Defendants, I can't imagine any.  If there is some that we think we need to take, we will come back, other than perhaps an agreement on a new plaintiff that the Plaintiffs may have added and we can address that separately.

If there is anything like that, we certainly will be prepared the next time we get together to talk about that with you.

THE COURT:  The next scheduled conference date is June 20th, as I understand it, would it make sense for the parties to try to have a meet and confer about discovery issues and file some kind of a joint status report, to the extent you can agree on things, fine, or if you can't agree, point out the disagreements, and that that be filed perhaps by Monday the 17th?

Is that pressing too hard to get some kind of a

status report?

And I know part of that, your response to some of that may well be that even at this point in time, even in June, it would still be premature to do any of this.

MR. HOGAN:  That doesn't foreclose a conversation. And I am not trying to foreclose a conversation.  I do worry that June 20th is a bit ambitious in light of, we're here now at the end of May, there's a holiday, and much more importantly, over the next few weeks, we're going to continue to be in depositions, both sides are going to be taking expert depositions, and we have the benefit of having a monthly status, so I think giving us a little more breathing room to actually have meaningful discussions and perhaps revisiting this in a later status conference in July or August or whenever would make more sense, Your Honor.

THE COURT:  Mr. Ragsdale, do the Plaintiffs have any problem with having the meet and confer in some kind of a joint status report, say, at the end of July rather than the end of June?

MR. RAGSDALE:  Well, surprisingly we disagree at the pace at which things can be accomplished.  We believe it makes sense to start the discussion process, even if there is a status report that says we met, we talked about it --

THE COURT:  We're still talking.

MR. RAGSDALE:  -- we're still talking.  We would

like to at least have that opportunity to have that status report made with no expectations.

I'm much more concerned about the July, August, or whenever aspect of it.

THE COURT:  The "whenever" part.

MR. RAGSDALE:  That causes me to object.

THE COURT:  Well, why don't we do this, let me ask the parties to just report to me by Wednesday, June the 19th, even if that report is just we're continuing to discuss things.  And then based on whatever that report is, we can see whether it's necessary to get some kind of a further more detailed report in either July or August, but let me just go ahead and ask for a report by Wednesday the 19th about what's going on with updating discovery.

MR. HOGAN:  That's fine, Your Honor.  And I just want to, for clarity on the report, this is literally a status report, not an argument seeking --

THE COURT:  Correct.  Just tell me what are the issues that you anticipate, what are the differences on those. I'm not asking for any kind of substantive argument on which I'm suppose to decide something, but just tell me what the issues are and what the differences are.

MR. HOGAN:  And if there's an impasse, perhaps, maybe there won't be, if there is an impasse, maybe in that status report we can propose some timing of how to get

resolved to address the whenever concern of Mr. Ragsdale.

THE COURT:  Sure.

MR. HOGAN:  Thank you, Your Honor.

THE COURT:  All right.  Anyone else have any discovery questions, issues, problems that need to be raised at this time?

MR. RAGSDALE:  None from the Plaintiffs, Your Honor.

THE COURT:  Anything, Mr. Hogan?

MR. HOGAN:  Surprisingly, no.

THE COURT:  That was short and relatively painless.

Thank y'all very much again for the wonderful reception last night.  I enjoyed that very much and appreciate it very much.

We will look to see something from you, hopefully I will be here in June, we'll see, but look to get something from you in the future.

Thank you very much.  Safe travels.  Thank you.

(COURT ADJOURNED)

C E R T I F I C A T E


        I hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-referenced matter.


_____
Teresa Roberson, RPR, RMR