1

FILED
2022 Sep-30  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

BLUE CROSS/BLUE SHIELD

ANTITRUST LITIGATION

MDL 2406

13-20000

* * * * * * * * * * * * * * * * * * * * * * * * *

REPORTER'S OFFICIAL TRANSCRIPT OF
PHONE CONFERENCE

BEFORE THE HONORABLE MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

JULY 19, 2018

3:00 P.M.

COURT REPORTER:
Teresa Roberson, RMR
Federal Official Court Reporter
1729 Fifth Avenue North
Birmingham, Alabama  35203

A P P E A R A N C E S (via telephone)

Ed Gentle
Carl Burkhalter
Megan Jones
Chris Kimble
Tucker Brown
Brian Norman
Sarah Cylkowski
Michael Naranjo
Anna Clark
Charles Sweeris
Josh Payne
Mark Hogewood
Mike Gurley
Anne Salomon
Jonathan Redgrave
Patrick Sheehan
Charlanna Skaggs
Patrick McDowell
Jim Priester
John Schmidt
David Boise
Dan Laytin
David Zott
Bill Isaacson
Michael Hausfeld
Honor Costello
Michael Velezis
Joe Whatley
Edith Kallas
Henry Quillen
Chris Hellums
Barry Ragsdale
Jess Nix
Casey Fronk
David Kumagai
Travis Bustamante

* * * * *

P R O C E E D I N G S

* * * * *

THE COURT:  Good afternoon, everybody.  This is Judge Putnam.  And we have set this afternoon what I hope to be a relatively narrow matter and that is the Plaintiff's unopposed motion to amend the modification of discovery order number eighty-eight relating to the filing of motions after the completion of the privilege review being done by Judge Harwood.  The motion was filed by Barry Ragsdale.

Mr. Ragsdale, do you want to address that, please?

MR. RAGSDALE:  No, but I'm sure there's someone that would like to address it.

THE COURT:  Who wants to step up?

MS. JONES:  This is Megan Jones for the Subscribers. I'm happy to address that.

THE COURT:  All right, please.

MS. JONES:  Well, this was an unopposed motion we filed along with Blue Cross Blue Shield of Alabama to amend the modification to discovery order number eight.  Because Judge Harwood has approximately five or more reports left, we thought it was premature to update the Court about the number of documents and the timing of the depositions.  We think that the last batch may result in some additional Alabama documents that we want to present to you, and we did not want to do that

in seriatim.

We met and conferred with Alabama, they agreed, and so what we would propose is after the conclusion of the Harwood process, the privilege review -- I think in our motion we left it undefined, that we would submit a report to you, but I think twenty-one days might be an appropriate benchmark, if the Court is looking for certainty.

THE COURT:  The only reason that I have set it for a phone call today was, part of the concern I had is how do I keep this from becoming literally an open-ended, indefinite time period here.

Because I have to confess, I've had a difficult time predicting when Judge Harwood's review process is going to be completed.  And this is tied, of course, to the completion of that process.

So I'm not sure if we're looking at setting a motion deadline in the next thirty days or, gosh, maybe some time next year.

Do y'all have any idea about how I can keep it from becoming just some unending, open-ended, infinite, every other bad adjective I can think of process?

MS. JONES:  This is Megan Jones --

MR. BURKHALTER:  This is Carl Burkhalter.

MS. JONES:  Go ahead, Carl.

MR. BURKHALTER:  Your Honor, Carl Burkhalter,

Maynard, Cooper for Blue Cross Blue Shield of Alabama.

Megan's absolutely right, we did not oppose the requested relief in this motion.

But I confess that we're a little concerned about the exact issue that the Court has just identified.  We don't want this process to drag out indefinitely.

So, you know, I don't want to go against what we have committed to in not objecting to the request and relief in this motion, but by our likes it sure would be nice to have some deadline but build it enough into the future so there realistically can't be any concerns, maybe it's four months out, something along those lines.  That would be our preference.

Again, if the Court isn't inclined to do that, then we certainly understand and we don't oppose the motion as I indicated.

THE COURT:  All right.

MS. JONES:  I think the pace of the Harwood report, I think we only have a handful left.  I think Plaintiffs would be happy to update you when we're in front of you in August, I believe, but we would be okay by setting a deadline of twenty-one days after the Harwood report or no later than September 28th, which I believe is the last Friday in September.

I would hope that in the intervening months Judge Harwood would be able to complete the remaining, I think it's

eight, reports; and if not, if there is one or two that's trailing, I think we can assume that risk and go ahead and put our motion before you.

MR. BURKHALTER:  Your Honor, that sounds perfectly agreeable to us, to have some deadline, and September 28th sounds as good as any other.  And if there is a straggler, as Megan has just mentioned, it sounds like the issue can still be joined at that point.

THE COURT:  Let me see if I understand what I think the entire process is that y'all are waiting -- and I understand completely why you want to wait till the end of the process so that you get in hand all of the documents that you think you're entitled to before launching into the Stone and Kellogg re-depositions.  I understand that.

But it seems to me that the process is more than just waiting for Judge Harwood to do a report and recommendation.

What I envision the process as being is Judge Harwood files a report and recommendation, there is at least the potential for an objection to the R&R, that then has to be reviewed and ruled on by Judge Proctor.  There then, based on those rulings, there is then a re-review of, I guess not just any particular Defendant's privilege log, but perhaps all of the privilege logs, and certainly in this case a re-review of Alabama Blue Cross' privilege log, if there's a dispute about

whether, based on the earlier rulings, additional documents need to be de-designated as privileged, then there's going to have to be a motion to compel filed on that, that has to be considered by Judge Proctor's office, and then only finally at the end of all of that do we actually get the document production.

Am I overstating the complexity and length of the process or am I worrying about a time frame that's really much longer than looking at the end of September?  Ms. Jones?

MS. JONES:  Your Honor, I think the answer is you're not wrong about estimating the length of the work.  However, I don't think all of the documents fall into that category.  A great majority of the documents are ones Plaintiffs have made challenges or produced pretty quickly without aid of Court.

You have before you docket number 2233 which is a status report from Alabama that disclose that they've produced about forty-five hundred documents to Plaintiffs recently, and that was an independent re-review of their own logs.

So I think that while you correctly identified the process, most of the documents that we are getting in production, which to date has totaled close to two hundred thousand, have been through the meet and confer process.

MR. BURKHALTER:  Your Honor, I think you have precisely and accurately identified the process.  And I think that is all the more reason that having some kind of back stop

makes sense.

THE COURT: All right. It sounds like, at least as we're speaking today, that everybody is in agreement to effectively grant the motion to allow the Plaintiffs twenty-one days after the completion of the Harwood process, but no later than September 28th, to file any additional motions relating to the retaking of the Stone and Kellogg depositions. Whether we actually work out on that time frame, I guess we can -- we can wait until September 28th and figure out at that point, I suppose.

But I am a little bit weary of not having some kind of operating deadline that just keeps us on track to try to get things done with an understanding that there is an end some day to this process.

But it sounds like at least we have an agreement insofar as setting September 28th as at least a back stop that we can work toward at that point; is that fair, Ms. Jones?

MS. JONES: It is, Your Honor. I think by that time we'll have a pretty good read on what's left and what the process entails and we'll be able to update the Court and allow you to make an informed decision.

THE COURT: All right. Mr. Burkhalter, is that fair from your perspective?

MR. BURKHALTER: It is, Your Honor.

THE COURT: Okay. All right. Anyone else wish to

chime in on this particular issue?

MR. BROWN:  This is Tucker Brown.  The one thing I would note, and I think we discussed this with Alabama before, the only thing that's not picked up by this agreement is if Alabama has some reason to believe the witnesses were going to become unavailable in the future, and so I guess -- I assume they have no reason to believe that, but should they figure that out or whatever, that they would let us know rather than letting -- simply letting the deadline slip and finding out the witnesses are no longer available.

THE COURT:  Mr. Burkhalter, as I understand it, Mr. Stone certainly is still available, and Mr. Kellogg has retired but he is available, as I understand it?

MR. BURKHALTER:  That is right, Your Honor.

THE COURT:  All right.

MR. BURKHALTER:  We have no reason whatsoever to believe that they will be unavailable.  None.

THE COURT:  If anything like that comes to your attention, then certainly it would make sense to talk to the Plaintiffs about that possibility.

MR. BURKHALTER:  Certainly.

THE COURT:  All right.  Anyone else?  All right. And as I take a deep breath here, with trepidation, any other issues or concerns or problems that would be useful to talk about today while we're here?  Mr. Ragsdale?  Ms. Jones?

MR. RAGSDALE:  I defer to anybody else on that, Judge.

THE COURT:  All right.  Ms. Jones?

MS. JONES:  Your Honor, we have nothing further to add unless the Court has a particular issue that you would like us to address.  Otherwise, we'll see you August 30th.

THE COURT:  Mr. Brown?

MR. BROWN:  Same for Providers, Your Honor.

THE COURT:  All right.  Anyone else, any of the Blues have any concerns, worries, problems that you think we need to raise at this time?

MR. HOGEWOOD:  This is Mark Hogewood.  No, sir.

THE COURT:  Hearing nothing then, I appreciate it. Thank you very much.  We'll get you an order entered along the lines of the agreement we've talked about.  Thank y'all very much.

(COURT ADJOURNED)

C E R T I F I C A T E


        I hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-referenced matter.



_____
Teresa Roberson, RPR, RMR