FILED
2022 Sep-30 AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

BLUE CROSS/BLUE SHIELD

ANTITRUST LITIGATION

MDL 2406

13-20000

* * * * * * * * * * * * * * * * * * * * * * * *

REPORTER'S OFFICIAL TRANSCRIPT OF
PHONE CONFERENCE

BEFORE THE HONORABLE MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

FEBRUARY 1, 2018

3:00 P.M.

COURT REPORTER:
Teresa Roberson, RMR
Federal Official Court Reporter
1729 Fifth Avenue North
Birmingham, Alabama  35203

A P P E A R A N C E S (via telephone)

Ed Gentle
Megan Jones
Emily Yinger
Tucker Brown
Brian Norman
Sarah Cylkowski
Lucie Cohen
Myron Penn
Tim Slattery
James Hileman
Anna Clark
Josh Payne
Mark Hogewood
Mike Gurley
Swathi Bojedla
Anne Salomon
Gwendolyn Peyton
Todd Stenerson
Kim West
Nick Roth
Jonathan Redgrave
Patrick Sheehan
Kenina Lee
Charlanna Skaggs
Patrick McDowell
Jim Priester
Lauren Kennedy
Braden Beard
Erica Zolner
Davis Cooper
Kirk Wood
Travis Bustamante
Tracy Roman
Barry Ragsdale
Steve Rowe
Zarel Soto
Jess Nix
Greg Davis
Christy Crow

* * * * *

P R O C E E D I N G S

* * * * *

THE COURT:  Good afternoon, everybody, this is Judge Putnam.  And we just have a few things, and I'm not sure how long this will take.

But I wanted to cover, first, get an update on the continuing issue of the merits data production, the identification of a database with Blue Cross of Alabama for that merits rated group policy.

Any kind of update on that situation?

MR. BEARD:  Yes, Your Honor, this is Braden Beard for Subscribers.  I can speak to that.

We sent a detailed list of missing merit groups to Blue Cross Blue Shield of Alabama last week and sent a follow-up substantive email on Monday trying to kind of get to the bottom of this.

We did hear back from them but it was just a few minutes before this call, so we're still kind of working through their response.

But it does look like there are some issues still outstanding to resolve here, so we will endeavor to wrap this up one way or the other next week.

It is possible that we'll have to come back to the Court for further relief on this.

THE COURT:  All right.  So, at this point, and I guess Mr. Priester or anybody else for Blue Cross of Alabama want to say anything about it?

MR. PRIESTER:  Your Honor, this is Jim Priester.  And I concur.  We just -- our staff just got sort of an explanation of what Mr. Beard described as missing merit rated groups.

But it turns out, and I'm not sure of the genesis of his list, whether it's us, frankly, or him.  But a lot of those are self-funded or groups greater than the group size agreed to, and we have given them some preliminary information, I believe we're developing more, so I think there is still more give and take on this issue.

THE COURT:  Well, I'll just roll that over and just check with you again on next Thursday's call and see where we are on that.  And y'all continue working on it and just update me if you have any kind of an issue on it.

The next matter is Blue Cross of Michigan's Motion to Compel Subscribers' Supplemental Responses.

As I understand it, the Subscribers have made some amended responses that Blue Cross of Alabama still believes is insufficient.  Mr. Stenerson.

MR. STENERSON:  Yes.  Good afternoon, Your Honor, Todd Stenerson for Blue Cross Blue Shield of Michigan.

I read -- I know the Court has but I also read

Subscribers' status report that they filed yesterday, and I reached out to them, I thought we might be able to resolve it, but, unfortunately, I think we're going to need you to call ball or strike here, Judge.

The issue is very crystallized.  It stems from Your Honor's November 1st discovery order number 75.  And discovery order 75 is very clear in it's last sentence, it was drafted in terms of Providers, so it says Providers, but the last sentence of order 75 states, if a Provider does not possess such unique facts and evidence beyond the general response supplied for all Providers, that Provider is ordered, all caps, to admit the lack -- to admit the lack of such unique fact or evidence.

From the Subscribers' status report, Your Honor, that's document number 1886, it is clear that they agree that they had committed to provide responses that complied with order 75's requirement that they admit the lack of unique fact.

In fact, on Page 2 of Subscribers' status report, this is them, not me, they claim that their response, quote, complies with the Court's discovery order number 75, which required Provider Plaintiffs to admit where they, quote, lack unique facts or evidence for each request for admission.

Despite agreeing with the Defendants that they were required to make such admission, the only thing in their

answer, and this is on the top of Page 2 of their status report, the only thing they say is, quote, Subscriber Plaintiff lacks specific personal knowledge to admit or deny this request, close quote.

And they claim that that statement alone complies with order 75 and we respectfully disagree.

I actually think, Your Honor, that their status report is much clearer than their answer.  And before this call, I proposed to Subscribers' counsel, if they just would adopt their status report as an amended supplemental response, I think we wouldn't have any disagreement.  Because in their status report they -- this is on the bottom of Page 1, quote, as none of the Subscribers possessed any unique or specific facts, above and beyond the evidence collected in this litigation and provided on behalf of all Subscribers, they responded with no knowledge.

That operative language, Your Honor, the admission that they lack unique or specific facts is what is required in order 75.  Subscribers think that their answer already says that; yet, they're not willing to supplement their answer to make that clear.

The reason we want that clarified is because we think there's evidentiary value, of course, in getting that answer in a discovery response.

Now, I suppose the parties can argue later or the

Court will decide later whether in fact it does have evidentiary value.

But for purposes of today, Your Honor, we believe we're entitled to that simple admission.  And frankly, we're at a bit of a loss why Subscribers are resisting so much if they're admitting that they have no such fact.

THE COURT:  All right.  Somebody respond for the Subscribers?

MS. BOJEDLA:  Your Honor, this is Swathi Bojedla for Subscribers.

I -- I'm having a little bit of a hard time understanding exactly what in the language Blue Cross Blue Shield of Michigan is objecting to.

I also would like to draw the Court's attention to what the request for admission actually asks the Subscribers to admit.

For example, the first request for admission that's at issue here, and those are, you know, examples of those were listed in Blue Cross Blue Shield of Michigan's status report at ECF number 1883-2-3 and dash 4.

You know, the first request for admission says, admit that during the relevant time period, the exclusive service areas did not prevent any Defendant from entering into any area that it would have entered if the exclusive service areas were not in effect.

It does not say admit that you do not have any unique and specific facts relating to whether exclusive service areas prevented any Defendant from entering into an area they would have entered if the exclusive service areas were not in effect.

So, we can only admit or deny the discovery request that is directly in front of us. That is why we take issue with submitting some sort of supplemental discovery response that's responsive to actual discovery.

So what the objection and response says is that Subscriber, you know, would have the Subscriber Plaintiff standard objection and it also says, we think, in accordance with the Court's discovery order 75, it says, Subscriber Plaintiff lacks specific personal knowledge to admit or deny this request, but subject to that and based on the evidence set forth in a responsive interrogatory later on, the request is denied.

Now, we think it's totally proper to, given the evidence in the case, to deny a request for admission on a global basis on behalf of the Subscribers and at the same time to say, pursuant to the Court's order and pursuant to Blue Cross Blue Shield of Michigan's request, that the Subscriber Plaintiff himself or herself specifically did not have personal knowledge about the issue.

We believe that to be in accordance with the Court's

order.  And just because the specific language in the request isn't to Blue Cross Blue Shield of Michigan's liking does not mean it does not comply with the order.

And I would just reiterate again, you know, we can really only answer the discovery that's in front of us and the discovery that's in front of us does not ask for the Subscriber Plaintiffs to admit or deny any specific knowledge.

THE COURT:  All right.

MS. JONES:  Your Honor, this is Megan Jones for Subscribers.

I would just add, if Mr. Stenerson's standard was applied across the entire case, this Court would be inundated with requests by Plaintiffs to force Defendants to amend their answers to comply with statements they have made in their briefs.

I think that would be received with a loud objection and it's the one that we are posing here.

THE COURT:  All right.  Mr. Stenerson.

MR. STENERSON:  Very briefly, Your Honor.  First, the slippery slope argument I don't think works.  We're talking about order 75 dated November 1st, 2017, and Your Honor's order could not be clearer.

It orders, quote, to admit the lack of such unique facts or evidence, period, close quote.

And just so I'm clear, Your Honor, I'm not asking

them to admit or deny RFAs that they want to deny.  They're entitled to deny the RFA if they want.

But the language in their status report should be ordered to be incorporated in response to interrogatory number one which explains why they denied it and their explanation that, in the current version, they don't have personal knowledge and they're relying on the evidence that was collected by the lawyers in the case.

The piece that they're refusing to put in their answer is the piece that order 75 requires, and that is, they don't have any unique facts or evidence at a Subscriber-by-Subscriber level.

And I, you know, I have nothing more to add, Your Honor.  I think it's what the order requires, it's what they agreed to do.  It's what they're admitting to you today that is true.  Yet, they don't want to put it into a document that has evidentiary value.

MS. BOJEDLA:  Your Honor, Swathi Bojedla on behalf of Subscribers.

I would just again ask the Court to look at the language of what we're really arguing over.  The language in each of the RFA response specifically says that the Subscriber Plaintiff lacks specific personal knowledge to admit or deny this request.

If what, you know, Blue Cross Blue Shield of

Michigan wants to do as an evidentiary matter is get up in court and put something in front of the witness that says they don't have any knowledge, this gives them the opportunity to do that.

So we believe we complied with the order.  And, on a procedural note, certainly there is nothing in the, you know, response or the status report that Michigan filed on Tuesday that would support a motion to compel some sort of amended responses again on this issue.

THE COURT:  All right.  Anyone else?  All right.  Well, I'll take a look at it and try to get you something out fairly quickly, perhaps not tomorrow, but some time Monday or Tuesday of next week, I'll get you something out on that.

MS. BOJEDLA:  Thank you, Your Honor.

MR. STENERSON:  Thank you, Your Honor.

THE COURT:  Thank you.  The next matter I just wanted to clarify for everybody, if there's some confusion about, at least two matters that we have now scheduled for the February 22 in-person discovery conference, we entered several settings but we kept getting additional motions and responses, so we just decided to put them all together on February 22nd.

But we have the, arising out of a status report, the construed motion to reopen the Kellogg and Stone depositions scheduled to be heard on February 22.  We also have the Subscribers' motion to de-designate non-privileged financial

reserve documents related to -- mainly to Anthem, that's also going to be heard at that same time on February 22.

Does anybody have any problems or questions with those settings on the 22nd?

MS. JONES:  None for the Subscribers, Your Honor.

MR. BROWN:  None for Providers, Your Honor.

THE COURT:  Anyone else?  Great.  The last thing that I have then is addressing any kind of questions that anybody might have as a result of the order that we entered yesterday addressing some technical problems that we discovered in a redaction made in an R&R filed by Judge Harwood.

Basically, we have replaced that R&R with one that doesn't have the technical problems in it and have instructed all parties that may have downloaded an electronic version of the earlier document, I think it's 1871, that that earlier version of 1871 be deleted, purged, destroyed, whatever you need to do to get rid of that earlier one.

Does anybody have any questions, concerns, problems about that situation?

MS. JONES:  None for the Subscribers, Your Honor, we understood your order and we'll comply.

THE COURT:  Providers have any questions about disposing of or getting rid of any electronic versions of 1871?

MR. BROWN:  No, Your Honor.

THE COURT:  Okay.  Anyone else?

MS. ROMAN:  Your Honor, this is Tracy Roman, we represent Blue Cross Blue Shield of Wyoming.  And the status -- the report and recommendation related to our client and we don't have any issues, Your Honor.

THE COURT:  Okay.  All right.  That's all that I have listed on my agenda for discussion today.

Does anybody have any new worries, problems, concerns anybody want to raise at this point?  New business?  Subscribers?

MS. JONES:  Megan Jones for the Subscribers.  I just wanted to inform the Court that the Plaintiff will be filing objections to the report and recommendation today and responses will be due on Monday, and I think that triggers some work for the Court, unfortunately.  I'm just the messenger.

And then similarly, there will be a report and recommendation for two -- we will be filing objections on Tuesday with responses due on Friday which again will also trigger some responsibility for the Court.  I just wanted to get that on your radar.

THE COURT:  All right.  Those are all arising out of Judge Harwood's R&Rs?

MS. JONES:  Correct.

THE COURT:  All right.  Providers have any new issues?

MR. BROWN:  No, Your Honor.

THE COURT:  Any of the Blues have any new issues? All right.  Thank y'all very much.  And, like I say, I'll try to get you something out on the Blue Cross of Michigan situation first part of next week, and then we'll see where we go with objections to the R&Rs and we'll see what happens with that.

I thank you all for your time and we'll talk to you again next Thursday.  Thank you.

(COURT ADJOURNED)

C E R T I F I C A T E


I hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-referenced matter.


_____
Teresa Roberson, RPR, RMR