FILED
2022 Dec-06  AM 09:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION


IN RE BLUE CROSS BLUE SHIELD          CASE NO. 2:13-cv-20000-RDP
ANTITRUST LITIGATION MDL 2406


\*   \*   \*   \*   \*   \*   \*

**TRANSCRIPT OF STATUS CONFERENCE**

\*   \*   \*   \*   \*   \*   \*


BEFORE THE HONORABLE R. DAVID PROCTOR, UNITED STATES DISTRICT JUDGE, convening telephonically, via videoconference, and in person in Washington, D.C., on Wednesday, November 30, 2022, commencing at 10:01 a.m. Eastern.


APPEARANCES:

SPECIAL MASTER:        Edgar C. Gentle III
                       Attorney at Law
                       GENTLE, TURNER & BENSON, LLC
                       501 Riverchase Parkway East
                       Suite 100
                       Hoover, Alabama 35244

IN PERSON:             Almas Abdulla
                       Alexander McInnis Boies
                       Katherine Benson
                       William Blechman
                       David Boies
                       Swathi Bojedla
                       John Briggs
                       W. Tucker Brown
                       Carl S. Burkhalter
                       U. W. Clemon

APPEARANCES, CONTINUED:

IN PERSON:                    Vince Colatriano
                              Charles Cooper
                              Davis Cooper
                              Phil Cramer
                              Karin DeMasi
                              Michael C. Dodge
                              Augusta Dowd
                              Katherine DuBois
                              Sarah M. Gilbert
                              Mark Gray
                              Jill Greenfield
                              Michael E. Gurley
                              Anne Hance
                              Zenola Harper
                              Michael Hausfeld
                              Des Hogan
                              Craig A. Hoover
                              Kail Jethmalani
                              Megan Jones
                              Elizabeth Jose
                              Edith M. Kallas
                              Lauren R. Kennedy
                              William Lehman
                              Jenny Maier
                              David Maxwell
                              Patrick McDowell
                              Dee Miles
                              Michael Murphy
                              Dennis G. Pantazis
                              Gwendolyn Payton
                              Myron Penn
                              Kaitlin Phillips
                              Wes Pittman
                              Aaron Podhurst
                              Henry Quillen
                              Barry A. Ragsdale
                              Harold Reeves
                              Dennis Reich
                              Bryan Reines
                              Paul Sand
                              Patrick Sheehan
                              Paul Slater
                              Cyril V. Smith, III
                              Kathleen Sooy
                              Todd M. Stenerson
                              Joseph M. Vanek
                              Melissa Vogt

APPEARANCES, CONTINUED:

IN PERSON:              Amy Walker
                        Joe R. Whatley, Jr.
                        Pam Williams
                        E. Kirk Wood
                        Jeffrey Zeiger

VIA VIDEOCONFERENCE:    Jimmy Adams
                        Jamie Bachant
                        Timothy Baskin
                        Kittie Rogers Brown
                        Brian Charlton
                        Anna Mercado Clark
                        Doug Dellaccio
                        David Gardner
                        Reuben Goetzl
                        Mark Hogewood
                        Cavender Kimble
                        Frank Lowery
                        Dierdre MacCarthy
                        Duncan McInish
                        Lucy Grey McIver
                        Aaron McLeod
                        Robert Meyer
                        Michael Naranjo
                        Jess Nix
                        Nicholas Peterson
                        Tracy Roman
                        Julia Roth
                        Nick Roth
                        Emily Ruzic
                        John Schmidt
                        Robyn Schwartz
                        Richard Sherburne
                        Scott Smith
                        Brian Vick
                        Mark White
                        Debbie Wilson
                        Helen Witt
                        Michael Wolfe
                        Michael Zipfel

VIA TELEPHONE:          Eric Belin
                        Honor Costello
                        Christina Crow
                        Greg Cusimano
                        Karen Dow
                        Linda Flippo

APPEARANCES, CONTINUED:

VIA TELEPHONE:          Michael Ford
                        Dino Gankendorff
                        Henry Lewis Gillis
                        Kristen Gillis
                        Chris Hellums
                        Stefani Johnston
                        Michael McGartland
                        Mahaley McInnes
                        Trish Murphy
                        Elaine Nichenko
                        Sean O'Connell
                        Mario Pacella
                        Wendy Springer
                        Charles M. Thompson
                        Amy Wilbanks


                  *   *   *   *   *   *   *




        The proceedings were reported by a stenographic court

reporter.  The transcript was produced using computer-aided

transcription.

(Proceedings commenced at 10:01 a.m. Eastern.)

THE COURT:  Anybody else who has any direction for me, I'm open to hearing it.  I am adopting the Special Master's report regarding proposed agenda unless there's any objections or amendments to the docket.

(No audible response.)

THE COURT:  All right.  The first item on our list for this public status conference session is status of the subscriber track cases.  I have my subscribers sitting front and center.

Do you all want to lead us off?

MR. BOIES:  Thank you, Your Honor.  There's a lot going on.

THE COURT:  That's the way I like it.

MR. BOIES:  We have --

THE COURT REPORTER:  Pardon me, Judge.

THE COURT:  Good morning.

You may need to turn your mic on, too, there, David.

MR. BOIES:  Can you hear me now?  Hello?

THE COURT REPORTER:  Yes, yes.

MR. BOIES:  Okay.  Thank you.  What I said --

THE COURT:  You look like the masked singer.

MR. BOIES:  Well, it would work.

I was saying that there's a lot going on, but very little to report.  We responded to the Eleventh Circuit's

jurisdictional inquiry.

THE COURT: Academic curiosity makes me pose the question, what was the jurisdictional inquiry they presented?

MR. BOIES: Yeah, I think given the decision that just came down, which was a decision by the Eleventh Circuit that essentially held that every class member needed to have Article III standing if they were going to be a participant in a damages settlement --

THE COURT: Drazen?

MR. BOIES: Yes. I think that what they were questioning, at least wanted to be sure of, is that in our situation we met that standard even though it had not yet been articulated. So I think that that was probably what was motivating them.

THE COURT: It seems like it would have been a one-page response. We're not a TCPA case.

MR. BOIES: Well, we didn't know at the time we put our response in what was motivating them, so it was a little bit longer than one page.

THE COURT: I'm kidding. I just wonder if that area of the law is really affecting particularly Eleventh Circuit class jurisprudence. Just an observation from the sideline.

MR. BOIES: Yeah. No, I think it is, and I think it obviously doesn't affect our situation, but what it does do, I think, is it puts more scrutiny on the class definition --

THE COURT:  Yeah.

MR. BOIES:  -- and also puts a little more constraint on the negotiations that always go on in the class action settlement when you're close to the end, which the defendants want to broaden the class as much as possible, plaintiffs want to narrow it as much as possible.  And I think that this sort of sets a guidepost out there that everybody's going to have to be alert to.

THE COURT:  Right.  Okay.

MR. BOIES:  We also have -- we're going to receive the objectors' briefs late next week and we'll be responding to that.

THE COURT:  In the Eleventh Circuit?

MR. BOIES:  In the Eleventh Circuit.  I think the only thing we have before Your Honor is the -- our bond motion.

THE COURT:  Right.  Which we're not going to take up today.

MR. BOIES:  Right.

THE COURT:  The word I got from either Sally or Ed, passed by some of the folks -- and I think it was objectors -- was that they wanted to be -- if I was going to hear oral argument on that, they wanted to be present, and I didn't want to make them, at the last minute, come up here to D.C.

MR. BOIES:  Certainly.

THE COURT:  So I've not determined whether I need oral

argument on it.  You know, my view is -- I take kind of the Justice Thomas view of I think paper is the best place for me to mine for gold.  But if I've got questions, I will set it for OA and we'll figure out whether -- it's just probably going to be a virtual oral argument at that point.  Everybody will be on the same page that way and it will hold down costs.

MR. BOIES:  Great.  Thank you, Your Honor.  But other than that, we're simply getting our papers ready for our response.

THE COURT:  All right.  Thank you.

MR. BOIES:  And serving the useful purpose of separating the warring parties here.

THE COURT:  That's right.  Fair enough.

Any update from the Blues on subscriber track other than what Mr. Boies has just told us?

MS. DEMASI:  Good morning, Your Honor.  Nothing further.  We'll obviously participate in the appeal briefing as well --

THE COURT:  Right.

MS. DEMASI:  -- in the regular course coordinating with the subscribers.

THE COURT:  Do you have any views on Drazen?

MS. DEMASI:  I do have views on Drazen.  And I think it -- as Mr. Boies said, it is the latest word from the Eleventh Circuit on the standing that each class member needs

to have.  I think it is important both from the perspective of the subscriber settlement but also as we think about the provider case and class verification act.

THE COURT:  You saw that opening, didn't you?

MS. DEMASI:  I did.

THE COURT:  More on that later.

MS. DEMASI:  Sure thing.

THE COURT:  I have a few thoughts on that myself. Okay.  Fair enough.

All right.  Anyone else from -- either in person or virtually who has any update for me on subscriber track cases?

You might need to get a microphone.  I bet Joe will share one with you.

MR. BLECHMAN:  Good morning, Your Honor.  William Blechman, from Kenny Nachwalter, on behalf of the JetBlue and Alaska Air direct action plaintiffs.  There is much going on and much to report in those cases.  We have served written discovery and Requests For Admissions earlier.  We received the Court's order of November 2nd --

THE COURT:  So you're --

MR. BLECHMAN:  Excuse me.

THE COURT:  Just to be clear for everyone, because you're sitting at the provider table --

MR. BLECHMAN:  Yes.

THE COURT:  -- you're talking about the opt-out cases

right now?

MR. BLECHMAN:  I am, Your Honor.  I'm referring to the opt-out cases with respect to the subscriber class action.

THE COURT:  Right.  I have really been dealing with those kind of on a separate track from the MDL, but since you raised the question, I thought I'd go ahead and be transparent about a couple things.  I did have a conversation with Judge Manasco, who I thought was the other candidate on our court and maybe had -- was the district judge maybe -- and I don't remember if she had the earlier filed cases --

MR. BLECHMAN:  Correct.

THE COURT:  -- about whether she should take those or I should take them.  That's technically her call, because the way our first file practice -- where's Barry Ragsdale?

MR. RAGSDALE:  Right here.

THE COURT:  Barry's already heard about this in another matter.  Where our first call practice goes, first judge makes the call about whether things should be coordinated or not and, if so, what that should look like.  She exercised her right to say it probably makes sense to coordinate it, I'm going to leave it up to you, but you keep them because you have the -- you've been living with these cases for -- by the way, folks, did you realize it will be ten years next month or -- month after next, yeah.  We were all young people back then.

So that's the explanation for why I'm taking those -- have taken those cases. That was Judge Manasco's view, and I couldn't disagree with it. I was hoping she was going to say she was more than happy to take them but, no, she didn't, and I think wisely so. I think what she -- her analysis made a lot of sense, actually.

The second thing that I would tell you is I understand you all are trying to coordinate, and I really appreciate that. And I know some cases are a little further ahead than others. What I would tell y'all is the more coordination you can do and work out some of those, at least, case management kinks without me getting involved, I'd appreciate that. But that's why I get paid the big bucks to weigh in if you can't agree on some things. We'll try to get you all off on a good start there. I probably -- my view is probably not to deal with this a whole lot today at the MDL just because you've opted out, which is your right.

And, so, are you taking lead on those cases, Karin?

MS. DEMASI: We are, Your Honor.

THE COURT: If y'all would like to have a caucus later today, we can just kind of add that to the agenda and spend a few minutes, and that way we're not taking everybody else's time, if that's all right.

MR. BLECHMAN: Sure, Your Honor.

MS. DEMASI: That's perfectly fine. And the parties,

as you've intimated, are coordinating well, and we would be happy to discuss that.

THE COURT:  Yeah.  I think Mark Hogewood had been in touch with Sally about just getting some space for you all to work out some things, and we were happy to do that.  Okay.

MR. BLECHMAN:  Your Honor, shall I defer my remarks until we caucus later --

THE COURT:  Yes.

MR. BLECHMAN:  -- or should I put them on the record?

THE COURT:  No, no reason to be on the record now.

MR. BLECHMAN:  Very well, Your Honor.  Thank you.

Okay.  Anyone else before we move on to the provider track cases?

(No audible response.)

THE COURT:  All right.  Let's hear from the providers to start on the provider track cases.

MR. WHATLEY:  Well, Judge, I think, much like David said, there is -- we don't think there is anything that needs to be taken up in the public session.  We'll obviously have some discussions in the caucuses.

THE COURT:  A lot going on, not a lot to report here.

MR. WHATLEY:  Yes, sir.

THE COURT:  All right.  Karin, agree with that?

MS. DEMASI:  We agree with that, Your Honor.

THE COURT:  All right.  Thank you all.

Anyone else?  I just -- you know, I'm doing the Judge Fallon rule.  Judge Fallon always opens it up to anybody who's not in leadership or who isn't on the steering committee or who is lead counsel to speak up if they want to.  I don't hear any bidders there.  All right.  Yeah, we will talk more about some provider things.

Just to be clear -- I'll say this -- I think the parties advised the Court that the best thing for the case on the litigation track and the best thing for the case on any potential settlement track is to keep moving.  That's why I entered the order that I entered back a couple weeks ago.  We'll discuss a little bit more that order when we get into a caucus with the Blues and the providers together.  I want to make sure you understand what that order means from my standpoint and what it doesn't mean from my standpoint.

Okay.  Any other issues that we need to take up?

(No audible response.)

THE COURT:  All right.  This is always a quick -- this is always quick work.

MR. WHATLEY:  Judge, one thing.  We all appreciate Craig and Hogan hosting us.

THE COURT:  Absolutely.  I should have said that. It's been quite the welcome.  Great job.  I know your law firm coordinator is out there.  She's been wonderful.  Thought about going to law school.  I told her she didn't have to go

to law school to order a bunch of lawyers around.  But she's done a fabulous job and that's not been unnoticed.

MR. HOGAN:  Thank you, Judge.  Happy to have everybody here.

THE COURT:  Yes, thank you.

All right.  And I made a connection last night, found out there is a fellow, Bill Stamm (phonetic), in the audience.  So we'll be discussing the bill season as things go along.

All right.  What else?  Singling you out.

(No audible response.)

THE COURT:  All right.  If there's nothing further, we'll be adjourned.

(Adjourned accordingly at 10:14 a.m. Eastern.)

C E R T I F I C A T E

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Dated:  December 5, 2022.

*Pamela G. Weyant*
Pamela G. Weyant, RDR, CRR, CCR
Official Court Reporter