# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This document relates to Subscriber-Track cases. |

## MEMORANDUM IN SUPPORT OF WELLS FARGO'S UNOPPOSED MOTION TO WITHDRAW REQUEST FOR EXCLUSION AND REJOIN THE SUBSCRIBER DAMAGES CLASS

Wells Fargo & Company and the Wells Fargo & Company Health Plan (for Eligible Active Employees and Their Dependents) (collectively, "Wells Fargo") respectfully request permission to withdraw their request for exclusion from the Subscriber Settlement Damages Class ("Damages Class"). Allowing Wells Fargo to rejoin the Damages Class would further streamline this litigation, avoid the prospect of a costly opt-out action, and promote the finality of the Subscriber Class Settlement. Further, Wells Fargo rejoining the Damages Class will not afford it any special benefit or prejudice other members of the Class. Settlement Class Counsel and Defendants consent to this Motion.

## BACKGROUND

On November 30, 2020, the Court preliminarily approved the Subscriber Class Settlement. *See* ECF No. 2641. Pursuant to the Notice Plan, class members had access to a copy of the Settlement Agreement during the class notice period. *See* ECF No. 2812-2, ¶ 10. The Settlement Agreement specifically lists Wells Fargo as one of the "Qualified National Accounts" included in the putative settlement class. *See* ECF No. 2610-2, at 96.

1

An extensive notice period followed. On April 28, 2022, two business days before the close of the notice and opt-out period for Self-Funded Entity Accounts, ECF No. 2897 at ¶ 5, Wells Fargo submitted a request to be excluded from the Damages Class. *See* Ex. A to Decl. of B. Parker Miller. On August 9, 2022, the Court issued a Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator ("Final Approval Order"). ECF No. 2931; *see also* ECF No. 2939 (amending final approval order). Distribution of funds to the Damages Class has not yet occurred.

After the Court's Final Approval Order, Wells Fargo re-evaluated its position and now desires to rejoin the Damages Class. Decl. of B. Parker Miller, ¶ 2. Wells Fargo has not negotiated any settlement of its claims against Defendants in this matter outside of the Subscriber Settlement Agreement. *Id.* ¶ 3.

## ARGUMENT

The Court has authority to allow Wells Fargo to rejoin the Damages Class. In its Final Approval Order, the Court retained "continuing jurisdiction over . . . implementation of the Settlement Agreement and any award or distribution of the Settlement Fund" and over all parties "for the purpose of construing, enforcing, and administering the terms of the Settlement Agreement consistent with those terms." ECF No. 2931 at 89-90. As part of that ongoing jurisdiction, the Court may allow former opt-outs to rejoin the class before settlement funds are distributed. *See, e.g.*, *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *1 (D. Kan. Dec. 12, 2008) (granting opt-out's request to withdraw its request for exclusion after final approval of settlement but before distribution of settlement funds because "[i]n its final approval order in this case, the court specifically retained exclusive jurisdiction over the distribution of the settlement proceeds"); *In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *3 (E.D. Pa. June 30, 1982) (allowing

2

opt-out to rejoin settlement class after judgment had been entered); *see also* Fed. R. Civ. P. 60(b)(6) (court may relieve party from final order for "any other reason that justifies relief").

"In large, multidistrict antitrust class actions, . . . courts have repeatedly allowed putative class members to rejoin a class at the settlement stage." *In re Static Random Access Memory Antitrust Litig.*, 2013 WL 1222690, at *1 (N.D. Cal. Mar. 25, 2013). Courts generally grant such requests to rejoin a class unless (1) the opt-out obtained a special benefit in exchange for withdrawing their opt-out request or (2) other class members would be prejudiced. *See, e.g.*, *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *1-8 (summarizing examples); *In re MoneyGram Int'l, Inc. Secs. Litig.*, 2011 WL 855311 at *2-3 (D. Minn. Mar. 9, 2011) (denying request to rejoin because the opt-out's decision was used "to gain leverage for a separate settlement").

Neither exception applies here. First, Wells Fargo has not negotiated a separate settlement or other special benefit in exchange for withdrawing its opt out and rejoining the class. It only seeks the benefits to which it would be entitled as a member of the Damages Class. Second, other members of the class would not be prejudiced. As the Court found in *In re Urethane Antitrust Litigation*, "the class members cannot have relied to their detriment on [the opt-out's] original opt-out because they chose to participate in the settlement while [the opt-out] was still a potential class member." 2008 WL 5215980, at *2. Other class members will therefore "receive in the settlement the same amount they would have had [the opt-out] never opted out to begin with." *Id.*; *see also In re Electrical Carbon Products Antitrust Litig.*, 447 F. Supp. 2d 389, 397 (D.N.J. 2006) (finding no prejudice because the opt-out's original decision "could not have been a factor in the decision of any particular class members to participate."). Nor will Wells Fargo rejoining the class delay distribution of funds, which will not occur until after appeals are resolved. *See* ECF No. 2610-2 at ¶¶ 8, 26.

The interests of judicial economy and the policy behind Federal Rule of Civil Procedure 23 further support Wells Fargo's request.  Allowing Wells Fargo to rejoin the class would save the Court and the parties the time and expense of potentially litigating an opt-out case and revisiting the same facts and legal issues resolved in Subscriber Class Settlement.  *See In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL at *2 ("The policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal issues."); *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3 (allowing opt-out to rejoin class would serve the purpose of Rule 23).  By reducing the number of opt-out disputes, it would also reinforce the finality of the Subscriber Class Settlement.  Settlement Class Counsel and Defendants also agree that the best interests of the parties are served if Wells Fargo is permitted to rejoin the class and, as a result, consent to this Motion.

## CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court grant this Motion to withdraw its request for exclusion and permit Wells Fargo to rejoin the Damages Class.

Dated:  December 13, 2022                    Respectfully Submitted,

/s/ *Hirshel M. Hall*
Hirshel M. Hall
Bar No. 5056H30I
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Hirshel.Hall@alston.com

*Counsel for Wells Fargo & Company and the Wells Fargo & Company Health Plan*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 13, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                          /s/ *Hirshel M. Hall*
                                                         Hirshel M. Hall