FILED

2023 Feb-27  PM 03:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406** | :<br>:<br>:<br>:<br>:<br>:<br>: | **Master File 2:13-cv-20000-RDP**<br><br><br><br>**This document relates to:**<br>**Subscriber Track cases** |

### SUBSCRIBERS' SUPPLEMENTAL BRIEF REGARDING APPEAL COSTS

Subscribers submit this supplemental brief in response to the Court's February 13, 2023 request that the parties address (i) whether the Court can and should make Objectors jointly and severally liable for any appeals costs, and (ii) other issues raised in briefing or during the February 13 status conference and motions hearing. The short answer is that Objectors should be held jointly and severally liable for the extraordinary costs inflicted on Subscribers as a direct result of their appeals. Law, equity, and the Settlement Agreement's terms demand this outcome.

### INTRODUCTION AND SUMMARY OF ARGUMENT

As set forth in prior briefing, this Court has ample power to impose an appeal bond to ensure payment of costs on appeal.  In this context, "ensure" means "to make sure, certain, or safe." *In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1283 (11th Cir. 2021), *cert. denied sub nom. Huang v. Spector*, 142 S. Ct. 431 (Nov. 1, 2021), and *cert. denied sub nom. Watkins v. Spector*, 142 S. Ct. 765 (Jan. 10, 2022) (citing Fed. R. App. P. 7).  By requiring Objectors to post an appeal bond, this Court can make Subscribers "safe" from substantial losses directly attributable to Objectors' appeals, and make "certain" that their costs will be compensated. If, however, the Court does not reach that issue, it should apply the default rule for allocating costs and hold all Objectors jointly and severally liable for all costs they have independently inflicted

on the Class: the settlement administration costs, the costs of delaying distributions from the Settlement Fund, and the Rule 39(e) costs. *See* ECF No. 2996 at 9–13 (describing costs). Additionally, Home Depot should be held fully responsible for impeding the Settlement's broad and transformative injunctive relief because its appeal alone prevents the injunctive relief's full enactment and continues to cause the Class to suffer the costs of delay. No equitable or other considerations justify another allocation.

Finally, Home Depot's "post-judgment interest" argument, raised for the first time at the motions hearing, is meritless and, in any event, need only be resolved if the Court imposes an appeal bond.

## ARGUMENT

### I. In the wake of an unsuccessful appeal, joint and several liability among the appellants is the default rule.

Unless otherwise directed,[1] this Court's power to impose joint and several liability is beyond dispute. Indeed, joint and several liability is the "default" rule in this Circuit (and elsewhere) unless the parties present evidence justifying another allocation. *State Farm Fire & Cas. Co. v. Silver Star Health and Rehab*, 739 F.3d 579, 585–86 (11th Cir. 2013) (affirming district court's imposition of costs jointly and severally against non-prevailing parties and explaining "the default rule" that "costs are to be imposed jointly and severally"). That rule applies regardless of whether the costs are incurred at the trial or appellate level. *See Grilli v. Metropolitan Life Ins.*

---

[1] The authority to allocate appeal costs rests, at the outset, with the courts of appeals. *City of San Antonio v. Hotels.com, L.P.*, 141 S. Ct. 1628, 1631 (2021). Yet, circuit courts may delegate that power explicitly or implicitly to the district courts. *Id*. at 1637. In such cases, the district courts are empowered to decide the allocation of appeal costs so long as they do not contravene the instruction of the courts of appeals. *Id*. at 1631; *see also Pelletier v. Zweifel*, 987 F.2d 716, 718 (11th Cir. 1993) (holding that the District Court had not complied with the "spirit of the [Eleventh Circuit's] mandate" intending the non-prevailing parties to pay all costs. The Eleventh Circuit then held the losing parties jointly and severally liable for the full amount of fees and costs in addition to interest accrued since the date of its original order.).

*Co., Inc.*, 78 F.3d 1533, 1539 (11th Cir. 1996) (imposing costs jointly and severally on non-prevailing appellants); *Pelletier v. Zweifel*, 921 F.2d 1465 (11th Cir. 1991) (similar); *Palma v. Safe Hurricane Shutters, Inc.*, 895 F. Supp. 2d 1268, 1274 (S.D. Fla. Sept. 29, 2012) (imposing a wide variety of trial-level costs jointly and severally on non-prevailing parties); *Lamonica v. Safe Hurricane Shutters, Inc.*, No. 07-61295-CIV, 2009 WL 806587, at *2 (S.D. Fla. March 19, 2009) (similar); *see also* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2668 ("When costs are awarded against losing parties in a federal action, the presumptive rule is joint and several liability for those costs, unless it is clear that one or more of the losing parties is responsible for a disproportionate share.").

District courts, moreover, routinely hold losing appellants jointly and severally liable for the costs of appeal. *See, e.g.*, *Rakip v. Paradise Awnings Corp.*, Case No. 10-20004-civ-COOKE/GOODMAN, 2014 WL 12737632, at *8 (S.D. Fla. Jan. 2, 2014), *order adopted by District Court*, ECF No. 353 (May 3, 2022) (imposing appeal costs jointly and severally); *Friends of Everglades v. South Fla. Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1171 (S.D. Fla. Sept. 20, 2011) (rejecting the parties' request to apportion appeal costs equally and finding they had not overcome the presumption of joint and several liability). Notably, this appears to have been the rule followed by Judge King in *In re Checking Account Overdraft Lit.*, No. 1.09-MD-02036-JLK, 2012 WL 456691, *3 (S.D. Fla. Feb 14, 2012) ("highly detrimental" impact of objections "renders it appropriate for the Court to require *any and all* Objector-Appellants to post an appeal bond.") (emphasis added).

Indeed, Subscribers can locate *no* Eleventh Circuit decision forbidding a district court from imposing joint and several liability for appeal costs. That is entirely consistent with the District Court's power to secure the estimated costs of an appeal *before* the appeal's resolution through an

appeal bond posted jointly and severally, as Subscribers request here. *See, e.g.*, *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 635, 645 (W.D. Ohio April 13, 2016) ("Courts routinely require multiple objectors who are appealing the same order to post a bond jointly and severally.") (collecting cases). In short, this Court's ultimate authority to impose appeal costs jointly and severally on the losing Objectors, absent a contrary order from the Eleventh Circuit, is clear.[2]

## II.   Each Objector should be held responsible for appeal costs caused by its appeal.

Each Objector should be held jointly and severally liable for the Rule 39(e) costs, administration costs, and costs arising from delayed distribution of the Settlement Fund because each Objector's appeal equally and independently triggers those costs. And because Home Depot is wholly responsible for the delayed implementation of the injunctive relief, it is solely responsible for that cost.

### A.   All Objectors should be held jointly and severally liable for Subscribers' Rule 39(e) costs, administration costs, and costs arising from delayed distribution of the Settlement proceeds.

Because joint and several liability is the default rule, it should be applied unless equitable reasons counsel otherwise. *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002) (departure from joint and several liability for costs justified only when equity demands it).

---

[2] Subscribers do not ask this Court to ascertain the precise costs of Objectors' appeals before the Eleventh Circuit resolves them. *See City of San Antonio*, 141 S. Ct. at 1631, 1637. Nor, of course, do Subscribers request an award of costs at this stage. The vast majority of Subscribers' anticipated costs are due to delays in implementing the settlement because of Objectors' appeals. Though the Court cannot yet finally determine the *amount* of such costs and has no occasion to ultimately resolve *which* costs Subscribers will be entitled to, it has the necessary facts to conclude that joint and several liability for costs caused by the appeals is appropriate. And it should say that. Of course, like any other matter after appeal, any future order regarding costs must be consistent with the Court of Appeals' mandate.

The rationale for joint and several liability squarely applies to all appeal costs other than injunctive delay costs, and no equitable reasons justify a departure from that default rule.

When multiple persons jointly cause harm, joint and several liability ensures that each is responsible to the harmed person for the full amount of the harm. *Honeycutt v. United States*, 581 U.S. 443, 447 (2017). The doctrine's rationale is two-fold: (1) the harmed person should be made whole at once and not be made to bear the expense and hassle of chasing down multiple parties to collect their damages—that expense and inconvenience should be shouldered by one of the persons that caused the harm, and (2) an innocent party should not bear the cost of any "shortfall" of funds. *McDermott, Inc. v AmClyde and River Don Castings, Ltd.*, 511 U.S. 202, 220–21 (1994); *see generally* Restatement (Third) of Torts: Apportionment Liab. § A18 (Am. L. Inst. Mar. 2023 ed.).

Once the Eleventh Circuit dispenses with Objectors' appeals, the substantial costs of delay to the Subscriber Class will be known and liquidated. And until Subscribers can collect these costs, they will not receive the full value of the Settlement. Joint and several liability minimizes the risk of handing Subscribers an uncollectible judgment and assigns the expense of Subscribers' collection efforts to the losing Objectors. It ensures that Subscribers, as prevailing parties, will be made whole, and Objectors will retain their rights to contribution and may coordinate the payment of costs among themselves if they wish.

A classic case for imposing joint and several liability is when multiple persons concurrently cause an injury that is "not divisible based on the causal contribution" of those who caused the harm. Restatement (Third) of Torts: Apportionment Liab. § A18 cmt. b (Am. L. Inst. Mar. 2023 ed.). Thus, because each Objector is independently responsible for the Rule 39(e) costs, administration costs, and costs arising from delayed distribution of the Settlement Fund, Objectors should be held jointly and severally liable for those costs.

*First*, Home Depot is directly and independently responsible for delaying distribution of the Settlement Fund. The Settlement Agreement provides that an appeal of the injunctive relief provisions, like Home Depot's appeal, delays the Settlement's "Effective Date"[3] and thereby prevents distribution of the Settlement Fund.[4] Indeed, Home Depot concedes that the Settlement Agreement, by its terms, "stays disbursement of the (b)(3) fund pending an appeal of the (b)(2) settlement." HD Resp. Br., ECF No. 3004 at 16.

Home Depot argues that it is the fault of the Blues and Subscribers that its appeal of the injunctive relief delays distribution of the Settlement Fund. Status Conference Tr. at 27–28. That is absurd. Home Depot is suggesting that the Settlement Agreement could have *hypothetically* provided for the distribution of $2.67 billion even while the crucial injunctive relief it achieved—an obviously critical part of the overall compromise reached by the parties—remained under attack. But the injunctive relief is essential to the parties' compromise and the monetary relief could not be distributed while the injunctive relief's fate were uncertain. In any event, the Settlement Agreement exists as written, and, in causing injury to the Class, Home Depot must take

---

[3] *See* Settlement Agreement § 8(a), ECF No. 2610-2 at 28-29. ("The Effective Date of the settlement shall be the latest date when all of the following events shall have occurred and shall be conditioned on the occurrence of all of the following events" including that "[t]he time for appeal or to seek permission to appeal from the Final Judgment and Order of Dismissal expires, or if appealed, (1) such appeal is finally dismissed prior to resolution by the applicable court; (2) the Final Judgment and Order of Dismissal is affirmed in its entirety by the court of last resort to which such appeal may be taken; or (3) the Final Judgment and Order of Dismissal is modified, the Parties agree to the modifications and withdraw any pending appeals, and such document is finally entered.")

[4] The Settlement Agreement § 27, *id*. at 44 ("*After this Agreement becomes final on the Effective Date* and the Court enters a Class Distribution Order, the amounts in the Escrow Account consisting of the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the Plan of Distribution…") (emphasis added).

its victims as it finds them. Nothing in the Settlement Agreement relinquishes Subscribers' right to recover for such harms from Objectors who jointly caused them.

*Second*, each of the other Objectors is likewise responsible for independently delaying distribution of the Settlement Fund. Most obviously, they have prevented (and are preventing) distribution of the (b)(3) Settlement because their appeals challenge the amount and allocation of Settlement Funds.[5]

The Bradley-Arant Objectors argue that they are not delaying distribution of the Settlement Funds because Section 8(c) of the Settlement Agreement provides that if an appeal relates solely to the Plan of Distribution, then it does not delay the Effective Date. Status Conference Tr. 35–36, 44–45. But although that may be a reason not to hold the Bradley-Arant, Cochran, and Behenna Objectors jointly and severally liable for costs arising from the delay in the implementation of the Settlement's *injunctive relief*, Section 8(c) cannot possibly allow these Objectors to escape joint and several liability for delaying the distribution of the Settlement Fund. To state the obvious, funds may not be distributed to the Class while the Settlement's distribution scheme is under attack. Even without Home Depot's appeal delaying the Effective Date, it would be inconceivable for the Claims Administrator to distribute over $2 billion to Class Members now, only to (i) claw those funds back for a re-allocation if the Bradley-Arant or Cochran Objectors prevail on appeal and/or (ii) devise a supplemental distribution plan if Mr. Behenna prevails on appeal. Put simply, the Settlement proceeds cannot be distributed to the Class before these Objectors' appeals are resolved without the possibility of a sweeping, unprecedented "clawback" of potentially billions

---

[5] The Bradley-Arant Objectors' appeal challenges the allocation of the Settlement between the FI Subclass and the ASO Subclass, USCA11 ECF No. 121 at 23, and the Cochran Objectors' appeal challenges the allocation between employers and employees, USCA11 ECF No. 123 at 40. Mr. Behenna objects to the attorney's fees and therefore challenges the amount of settlement funds available for distribution to the Class.

of dollars from millions of Class Members. Nothing in the Settlement Agreement supports such a position.

In sum, each Objector's appeal independently prevents distribution of the Settlement Fund; it is impossible to "allocate" delay costs among them. There is no good reason to depart from the presumption of joint and several liability here because there is no equitable or practical basis for separating the costs of Objectors' appeals. *See, e.g., Palma*, 895 F. Supp. 2d at 1274 (ordering joint and several liability for costs because the plaintiffs did not "specify which costs were attributable to which specific Plaintiff.").[6] Equity does not warrant imposing on Subscribers the tremendous burden of collecting costs from multiple independent and geographically dispersed organizations and individuals.[7]

### B. Home Depot should additionally be held liable for costs arising from delayed implementation of the injunctive relief.

The Court should also hold Home Depot responsible for costs arising from delayed implementation of the injunctive relief—costs that will be substantial because Objectors' appeals are not yet even fully briefed. Home Depot is responsible for those costs because its appeal has

---

[6] It is hornbook law that where "several 'causes independently, but concurrently, produce a result,'" each may be considered "as a factual cause, even though the same injury would have occurred absent any one of them." *Walters v. Fast AC, LLC*, No. 21-13879, 2023 WL 1771643, at *6 (11th Cir. Feb. 6, 2023) (citing *Burrage v. United States*, 571 U.S. 204, 214 (2014); Restatement (Third) of Torts: Phys. & Emot. Harm § 27 (Am. L. Inst. 2010)).

[7] *See, e.g., Friends of Everglades*, 865 F. Supp. 2d at 1171 (acknowledging the burden of seeking recovery of costs from multiple separate entities); *Lamonica*, 2009 WL 806587, at *2 (declining to award costs on a *pro rata* basis and imposing joint and several liability for costs because "[a]llowing a *pro rata* recovery would significantly increase Defendants' burden in collecting from each of the Plaintiffs"); *Palma*, 895 F. Supp. 2d at 1274 (ordering joint and several liability for costs because it was not evident that "significantly fewer costs would have been incurred" had "only one [p]laintiff proceeded to trial"). Where, as here, "a significant amount of costs would have been incurred" if one, rather than multiple objectors had appealed, joint and several liability is appropriate. *Lamonica*, 2009 WL 806587, at *2.

delayed (and is delaying) the Settlement's Effective Date, *supra* II.A., and the Blues are not required to conclude implementation of the injunctive relief until a specified time *after* the Effective Date, Settlement Agreement § 19, ECF No. 2610-2 at 37.

Home Depot argues, Status Conference Tr. at 32, that Section 19 of the Settlement Agreement requires Defendants to implement injunctive relief "as soon as practicable," but ignores the rest of the sentence, which says "but in no event later than 60 calendar days after the Effective Date for Paragraphs 10–14 and 17–18, and the later of three months after the Effective Date or April 1, 2022, for Paragraph 15." Settlement Agreement § 19, ECF No. 2610-2 at 37. Section 19 thus unambiguously requires Defendants to "begin taking steps necessary" to implement the injunctive relief before the Effective Date, **but it does not require them to actually "implement" the relief until *after* the Effective Date**. To date, the Blues have not implemented significant portions of the injunctive relief, which is consistent with compliance under Section 19 of the Settlement Agreement, and Subscribers are unaware of any facts that would suggest Defendants are not fully in compliance with their obligations. Status Conference Tr. at 47, 49. Home Depot cannot read into the Settlement Agreement a non-existent right to accelerate implementation of the injunctive relief.

Nor can Home Depot rely on Section 8(c) of the Settlement Agreement, which precludes certain types of appeals from delaying the Effective Date,[8] to suggest it is not responsible for injunctive delay costs. Home Depot's appeal plainly falls outside Section 8(c) as written because it does not "*pertain[] solely* to any Plan of Distribution, Fee and Expense Application, and/or the actions of the Monitoring Committee." *Id.* (emphasis added). And the parties could not have

---

[8] The Settlement Agreement states that "appeal[s] … pertaining solely to any Plan of Distribution, Fee and Expense Application, and/or the actions of the Monitoring Committee" do not "delay or preclude the Effective Date," Settlement Agreement § 8(c), ECF No. 2610-2 at 29.

written Section 8(c) to exempt appeals of the injunctive relief from delaying the Settlement's Effective Date, because *there can be no Settlement Agreement* without the injunctive relief. Any such appeals strike at the heart of the parties' compromise.

### III.    The Court should reject Home Depot's new "post-judgment interest" argument.

Home Depot's argument, advanced for the first time at the February 13 hearing, that awarding costs for the lost liquidity value of the Settlement somehow amounts to "post-judgment interest" capped by 28 U.S.C. § 1961, is also in error. *See* Status Conference Tr. at 28.

Home Depot's attempt to impose a statutory limit on Subscribers' liquidity costs fails because Section 1961 does not apply to settlements, including class action settlements. *See Reynolds v. Alabama Dept. of Transp.*, No. 2:85cv665-MHT, 2006 WL 3063463, at *1 (M.D. Ala. Oct. 27, 2006) (rejecting argument that interest rate should be governed by Section 1961 because Section 1961 "does not apply" to court-approved settlements) (collecting cases); *Comiter v. Sears, Roebuck & Co.*, No. 08-80576-CIV, 2009 WL 2163096, at *1 (S.D. Fla. July 17, 2009) (refusing to apply Section 1961 to interest dispute in settlement context).

In any event, there is no reason for the Court to grapple with this issue now unless it elects to impose an appeal bond.

### <u>CONCLUSION</u>

It is undisputed that Objectors' appeals impose massive costs on the Subscriber Class. Protection of the Class, and its hard-won Settlement, is therefore essential. This Court should require Objectors to post the appeal bond described in Subscribers' prior briefing. ECF Nos. 2996, 3007. If it declines to do so, the Court should make a preliminary determination that (A) Objectors are jointly and severally liable for the Rule 39(e), administration, and delayed distribution costs, and (B) Home Depot will be responsible for any delayed injunctive relief costs that the Court imposes.

On this 27th day of February, 2023

Respectfully submitted,

David Boies – ***Co-Lead Counsel***
BOIES, SCHILLER & FLEXNER LLP
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200
Fax: (914) 749-8200
dboies@bsfllp.com

  /s/ David Guin
David Guin – ***Co-Chair, Written Submissions Committee***
Tammy Stokes – ***Damages Committee***
GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. North
Suite 600/Title Building
Birmingham, AL 35203
Tel: (205) 226-2282
Fax: (205) 226-2357
davidg@gseattorneys.com
tammys@gseattorneys.com

Michael Hausfeld – ***Co-Lead Counsel***
HAUSFELD LLP
1700 K Street NW, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
mhausfeld@hausfeldllp.com

Charles J. Cooper – ***Co-Chair, Written Submissions Committee & PSC Member***
COOPER & KIRK, PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

Chris T. Hellums – ***Local Facilitating Counsel***
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place N, 1100 Park Place Tower
Birmingham, AL 35203
Tel: (205) 322-8880
Fax: (205) 328-2711
chrish@pittmandutton.com

  /s/ Cyril V. Smith
Cyril V. Smith – ***PSC Member***
Bryan Reines
Almas Abdulla
ZUCKERMAN SPAEDER, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Tel: (410) 949-1145
Fax: (410) 659-0436
csmith@zuckerman.com
breines@zuckerman.com
aabdulla@zuckerman.com

Gregory Davis – ***Settlement Committee & PSC Member***
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
Tel: (334) 832-9080
Fax: (334) 409-7001
gldavis@knology.net

William A. Isaacson – ***Settlement Committee & PSC Member***
PAUL WEISS
2001 K Street, NW
Washington, DC 20006-1047
wisaacson@paulweiss.com

Kathleen Chavez – ***Settlement Committee & PSC Member***
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
kcc@fmcolaw.com

Megan Jones – ***Settlement Committee & PSC Member***
Arthur Bailey – ***Discovery Committee***
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mjones@hausfeldllp.com
abailey@hausfeldllp.com

Eric L. Cramer – ***Expert Committee***
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 1-800-424-6690
Fax: (215) 875-4604
ecramer@bm.net

Warren T. Burns – ***Counsel for the Self-Funded Sub-Class***
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Tel: (469) 904-4550
Fax: (469) 444-5002
wburns@burnscharest.com

Patrick Cafferty – ***Discovery Committee***
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
101 North Main Street, Suite 565
Ann Arbor, MI 48104
Tel: (734) 769-2144
Fax: (734) 769-1207
pcafferty@caffertyclobes.com

Richard Feinstein – ***Expert Committee***
Karen Dyer – ***Expert Committee***
Hamish P.M. Hume – ***Discovery Committee***
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
tchutkan@bsfllp.com
kdyer@bsfllp.com
hhume@bsfllp.com

Douglas Dellaccio – *Litigation Committee*
CORY WATSON CROWDER & DEGARIS,
P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 32505
Tel: (205) 328-2200
Fax: (205) 324-7896
ddellaccio@cwcd.com

Bryan Clobes – *Litigation Committee*
Ellen Meriwether – *Written Submissions
Committee*
CAFFERTY CLOBES MERIWETHER &
SPRENGEL LLP
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Tel: (215) 864-2800
Fax: (215) 864-2810
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

Edwin J. Kilpela, Jr.
Benjamin Sweet – *Litigation Committee*
DEL SOLE CAVANAUGH STROYD LLC
200 First Avenue, Suite 300
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110
ekilpela@dsclaw.com
bsweet@dsclaw.com

Robert M. Foote – *Damages Committee*
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
rmf@fmcolaw.com

Charles T. Caliendo – *Class Certification
Committee*
GRANT & EISENHOFER
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
ccaliendo@gelaw.com

Robert Eisler – *Discovery Committee*
GRANT & EISENHOFER
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
reisler@gelaw.com

Daniel Gustafson – *Litigation Committee*
Daniel C. Hedlund – *Damages Committee*
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

Brent Hazzard – *Litigation Committee*
HAZZARD LAW, LLC
447 Northpark Drive
Ridgeland, MS 39157
Tel: (601) 977-5253
Fax: (601) 977-5236
brenthazzard@yahoo.com

John Saxon – *Litigation Committee*
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203-3314
Tel: (205) 324-0223
Fax: (205) 323-1583
jsaxon@saxonattorneys.com

Andrew Lemmon – *Chair, Discovery Committee*
LEMMON LAW FIRM
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Tel: (504) 581-5644
Fax: (504) 581-2156
andrew@lemmonlawfirm.com

Robert Methvin – *Chair, Settlement Committee*
James M. Terrell – *Class Certification Committee*
MCCALLUM, METHVIN & TERRELL, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199
Fax: (205) 939-0399
rgm@mmlaw.net
jterrell@mmlaw.net

H. Lewis Gillis – *Co-Head Chair, Litigation Committee*
MEANS GILLIS LAW, LLC
3121 Zelda Court
Montgomery, AL 36106
Tel: 1-800-626-9684
hlgillis@tmgslaw.com

Lawrence Jones – *Damages Committee*
JONES WARD PLC
312 South Fourth Street, Sixth Floor
Louisville, KY 40202
Tel: (502) 882-6000
larry@jonesward.com

Virginia Buchanan – *Chair, Class Certification Committee*
LEVIN PAPANTONIO THOMAS
MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7000
Fax: (850) 435-7020
vbuchanan@levinlaw.com

Michael McGartland – *Class Certification Committee*
MCGARTLAND & BORCHARDT LLP
1300 South University Drive, Suite 500
Fort Worth, TX 76107
Tel: (817) 332-9300
Fax: (817) 332-9301
mike@attorneysmb.com

David J. Hodge – *Chair, Settlement Committee*
MORRIS, KING & HODGE
200 Pratt Avenue NE
Huntsville, AL 35801
Tel: (256) 536-0588
Fax: (256) 533-1504
lstewart@alinjurylaw.com

Dianne M. Nast – ***Class Certification Committee***
NASTLAW LLC
1101 Market Street, Suite 2801
Philadelphia, PA 19107
Tel: (215) 923-9300
Fax: (215) 923-9302
dnast@nastlaw.com

Patrick W. Pendley – ***Chair, Damages Committee***
Christopher Coffin – ***State Liaison Committee***
PENDLEY, BAUDIN & COFFIN, LLP
Post Office Drawer 71
Plaquemine, LA 70765
Tel: (225) 687-6369
pwpendley@pbclawfirm.com
ccoffin@pbclawfirm.com

Edgar D. Gankendorff – ***Co-Head Chair, Litigation Committee***
Eric R.G. Belin – ***Damages Committee***
PROVOSTY & GANKENDORFF, LLC
650 Poydras Street, Suite 2700
New Orleans, LA 70130
Tel: (504) 410-2795
Fax: (504) 410-2796
egankendorff@provostylaw.com
ebelin@provostylaw.com

Richard Rouco – ***Written Submissions Committee***
QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP
2700 Highway 280 East, Suite 380
Birmingham, AL 35223
Tel: (205) 870-9989
Fax: (205) 870-9989
rrouco@qcwdr.com

Garrett Blanchfield – ***Written Submissions Committee***
REINHARDT, WENDORF & BLANCHFIELD
E-1250 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101
Tel: (651) 287-2100
Fax: (651) 287-2103
g.blanchfield@rwblawfirm.com

Jason Thompson – ***Damages Committee***
SOMMERS SCHWARTZ
One Towne Square, 17th Floor
Southfield, MI 48076
Tel: (248) 355-0300
jthompson@sommerspc.com

Larry McDevitt – ***Chair, Class Certification Committee***
David Wilkerson – ***Discovery Committee***
VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
Tel: (828) 258-2991
lmcdevitt@vwlawfirm.com
dwilkerson@vwlawfirm.com

Carl S. Kravitz – ***Expert Committee***
ZUCKERMAN SPAEDER LLP
1800 M Street NW, Suite 1000
Washington, DC 20036-5807
Tel: (202) 778-1800
Fax: (202) 822-8106
ckravitz@zuckerman.com

*Subscriber Plaintiff Co-Lead Counsel and Committee Chairs and Members*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2023, the foregoing was filed with the Clerk of the

Court and served on counsel of record via ECF.

    /s/ David Guin    