# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD** | ) | |
| | ) | **Master File No.:** |
| **ANTITRUST LITIGATION** | ) | **2:13-CV-20000-RDP** |
| **(MDL NO. 2406)** | ) | |
| | ) | |

## Objector Home Depot U.S.A., Inc.'s Post-Hearing Brief
## in Opposition to Subscribers' Motion to Require an Appeal Bond

#3515530v3

# TABLE OF CONTENTS

Introduction ...................................................................................................................................1

Argument and Authorities .............................................................................................................1

    I.      Joint and several liability for costs on appeal should depend on the nature of the costs and the basis on which they are awarded ...............................................1

    II.     Home Depot could not and should not be held jointly and severally responsible for the alleged appellate costs that the Subscribers seek in their bond motion ..................................................................................................................3

          A.     The difference between the Treasury Bill rate of return and some more aggressive investment of the 23(b)(3) settlement funds is not a recoverable cost of Home Depot's appeal ..................................................3

               1.     Home Depot has not moved to stay payment of the (b)(3) funds ...............................................................................................4

               2.     Lost time-value of settlement funds exceeding the post-judgment interest rate is not a "cost on appeal" ...............................5

               3.     No bond would be *necessary* to ensure Home Depot's payment of a final cost award based on the supposed lost rate of return ................................................................................6

          B.     The supposed lost time-value of injunctive relief is not a recoverable cost of Home Depot's appeal ...................................................7

          C.     Increased notice and administrative costs are not recoverable costs of Home Depot's appeal ...............................................................9

Conclusion ...................................................................................................................................10

#3515530v3

**Introduction**

The Court requested post-hearing briefing to address whether Home Depot and the other appealing objectors would be jointly and several responsible for any appeal costs the Court were to award if their appeals are unsuccessful, along with any other issues a party wished to address.

Cases recognize a district court's general discretion to award appeal costs on a joint-and-several basis. But those cases typically involve the costs awardable under Federal Rule of Appellate Procedure 39, such as preparation of the record and transcript, which would logically fall upon all appellants with no clear basis for division. However, those cases should not justify awarding costs against one appellant that are recoverable only because of the appeal of another. Here, the Subscribers seek to hold Home Depot jointly and severally liable for costs that, although not recoverable appellate costs at all, are also not associated with the only appeal Home Depot brought. Home Depot should not be jointly and severally liable for appeals that it did not bring and does not control.

**Argument and Authorities**

I.  **Joint and several liability for costs on appeal should depend on the nature of the costs and the basis on which they are awarded.**

"Within its discretion, the court may make objectors jointly and severally liable" for costs on appeal.[1] But the costs involved in cases imposing such joint-and-several liability are the type of costs, such as Rule 39 copying costs, that would logically fall upon all appellants, cannot be meaningfully allocated, and are low in the first place.[2]

---

[1] *In re Uponor, Inc., F1807 Plumbing Fittings Prod. Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 3984542, at *2 (D. Minn. Sept. 11, 2012).

[2] *See, e.g.*, *In re Initial Pub. Offering Sec. Lit.*, 728 F. Supp. 2d 289, 297 (S.D.N.Y. 2010) (imposing a $25,000 appeal bond jointly and severally on objectors to cover Rule 39(e) costs); *In*

That is not true of all costs an appellee might seek, particularly the large-ticket items on which the Subscribers base their bond motion. If a cost on appeal is not attributable to all appellants, then it should not be awarded on a joint-and-several basis. For example, if the costs of an appeal are awarded or enhanced on the basis that an appeal was frivolous (*see* Federal Rule of Appellate Procedure 39), those costs should lie against only an appellant whose arguments the circuit court found frivolous, rather than jointly and severally against appellants who advanced non-frivolous but unsuccessful arguments.

Home Depot found no authority imposing joint-and-several liability upon an appellant for some category of appeal costs that would not have been awardable based on that particular appellant's appeal. At the hearing, the Court inquired specifically about *Muransky v. Godiva Chocolatier, Inc.*, which imposed joint-and-several responsibility for a $2,500 appellate cost bond, without discussing its reasons for imposing liability on that basis.[3] The class plaintiffs sought a bond of $115,000, but only $10,000 was to cover costs not included under Rule 39. The rest was "administrative costs attributable to the delay in distribution of the settlement" and "the estimated loss of use of the Net Settlement Fund during the pendency of the appeal,"[4] items that the Subscribers seek here. Citing the Eleventh Circuit's decision in *Pedraza v. United Guaranty Corp.*[5] and district court authority interpreting that decision, the court declined to require a bond for any costs other than those recoverable under Rule 39 and, even then, cut the request from $10,000 to

---

*re Ins. Brokerage Antitrust Litig.*, No. CIV A 04-5184 GEB, 2007 WL 1963063, at *2 (D.N.J. July 2, 2007) (same).

[3] No. 15-60716-CIV, 2016 WL 11601010, at **2-4 (S.D. Fla. Dec. 19, 2016), *report and recommendation adopted*, No. 0:15-CV-60716-WPD, 2017 WL 11220677 (S.D. Fla. Jan. 9, 2017).

[4] 2016 WL 11601010, at *2.

[5] 313 F.3d 1323, 1333 (11th Cir. 2002).

$2,500. Thus, the *Muransky* court did not have occasion to decide whether cost not authorized by Rule 39 could be recovered on a joint-and-several basis, since it decided that those costs were not awardable at all. *Muransky* and the Eleventh Circuit authority it cites support Home Depot's point that the Subscribers may not invent and impose additional costs to penalize a settlement objector's appeal.[6]

Ultimately, the only costs that should be awarded jointly and severally are Rule 39 costs attributable to all the appeals, rather than some subset. Stated differently, joint-and-several *responsibility* should not be imposed as to a category of costs for which an appellant is not itself *responsible*. To do otherwise would impose liability upon an appellant for an appeal it did not take and does not control.

II.     **Home Depot could not and should not be held jointly and severally responsible for the alleged appellate costs that the Subscribers seek in their bond motion.**

   A.   **The difference between the Treasury Bill rate of return and some more aggressive investment of the 23(b)(3) settlement funds is not a recoverable cost of Home Depot's appeal.**

The Subscribers seek a bond to cover "lost liquidity" during appeal, which they define as the difference in (1) the return that the settlement funds will generate under the treasury bill investments they selected under the Settlement Agreement and (2) the higher rates of return available in the market if those funds were dispersed now.[7] For three reasons, Home Depot could

---

[6] The Eleventh Circuit, sitting *en banc*, ultimately vacated the settlement and established influential circuit law on standing and injury. *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020). That opportunity would have been lost had the class plaintiffs' request for $115,000 appeal bond been granted and deterred prosecution of the appeal. In response to one of the Court's questions, we found no post-remand proceedings or motions related to the appeal bond.

[7] *See* Doc. 2996-2 (David L. McKnight Decl.) ¶¶ 9-10.

not be liable (jointly or severally) for any such lost liquidity as a cost of appeal, nor should Home Depot have to post any bond anticipating such an award.

1.      **Home Depot has not moved to stay payment of the (b)(3) funds.**

The Subscribers rely heavily on Federal Rule of Appellate Procedure 8, which by its text applies only where an appellant moves the district court to stay execution of a judgment pending appeal.[8] Home Depot made no such motion.

Home Depot opted out of the (b)(3) settlement, has not appealed that settlement, and appeals only the terms of the (b)(2) settlement. Such an appeal stays distribution of the (b)(3) funds, not because Home Depot made any such request, but because *the Subscribers and Blues* asked the Court to approve a Settlement that included a stay provision to that effect.[9] Notably, the Settlement Agreement exempts other types of appeals from appeals that stay the (b)(3) distribution, but not an appeal of the (b)(2) settlement.[10]

The Subscribers have previously cited a few cases where district courts imposed appeal bonds under Federal Rule of Appellate Procedure 8, even though the appealing objector had not sought a stay. But they cite no Eleventh Circuit decision endorsing this approach, and, as the Court rightly observed at the February 13, 2023 hearing, this Circuit makes its own law regarding class actions. *Johnson v. NPAS Solutions, LLC*, is a key example, where the Eleventh Circuit held that class representatives may not receive service awards, despite decades of out-of-circuit precedent granting and affirming such awards.[11]

---

[8] *See* Fed. R. App. P. 8(a), allowing a motion to stay judgment pending appeal, and 8(a)(2)(E), providing that "[t]he court may condition relief on a party's filing a bond or other security in the district court."

[9] Doc. 2610-2 (Settlement Agreement) ¶¶ 8(a), (b).

[10] *Id.* ¶¶ 8(b), (c).

[11] 975 F.3d 1244, 1260 (11th Cir. 2020).

Deviating from Rule 8's plain language to impose an appeal bond is no better than deviating from Rule 7's plain language to do the same thing, an approach the Eleventh Circuit expressly rejected in *In re Equifax Inc. Customer Data Security Breach Litig.*[12]

> Although we review a district court's decision to impose appeal bonds for abuse of discretion, we review *de novo* the proper interpretation of federal rules of procedure, including Rule 7. In interpreting a federal rule, we examine its text and give effect to its plain meaning. The plain text of Rule 7 is clear.[13]

The plain text of Rule 8 is likewise clear. It says a court may require a bond when an appellant moves to stay a judgment pending appeal. Home Depot has not done that.

Moreover, even the Subscribers' district court cases imposing bonds under Rule 8 do not fit the circumstances here, where Home Depot has appealed only the (b)(2) settlement and a (b)(3) distribution is stayed during such an appeal based on the *settling* parties' request. If the Blues were not willing to enter a Settlement under which a (b)(3) distribution would proceed despite a (b)(2) appeal, that was their choice, not Home Depot's. And if the Subscribers acceded to such a provision, that was also their choice, not Home Depot's. Presumably, the other Settlement terms, including the amount of the Settlement payment, account for this part of the deal. Regardless, any costs of that bargained-for stay should not be imposed on Home Depot for doing nothing more than exercising its right to appeal a settlement from which it was not permitted to opt out.

   **2.      Lost time-value of settlement funds exceeding the post-judgment interest rate is not a "cost on appeal."**

As noted above, the Subscribers' "lost liquidity" calculation is based on the alleged time value of the Settlement Funds that exceeds the rate of return of a one-year Treasury bill.[14] But the

---

[12] 999 F.3d 1247, 1283 (2021).

[13] 999 F.3d at 1283 (internal citations omitted).

[14] Doc. 2996-2 (McKnight Decl.) ¶¶ 9-10.

one-year Treasury bill is the statutory rate for post-judgment interest,[15] no matter what other investments a judgment holder could make absent appeal. In other words, even if the Subscribers had won an all-out merits judgment and the Blues had delayed payment for years through appeal, the Subscribers would be entitled to interest at the one-year T-Bill rate, nothing higher. That would be true even though, just as the Subscribers argue here, the class members could have invested their money at higher rates absent appeal.

*Pedraza* establishes, as Eleventh Circuit law, that amounts covered by an appeal bond must be authorized as costs of appeal by some independent source of law.[16] No rule, statute, or established common law doctrine authorizes a district court to award what is effectively post-judgment interest exceeding the statutory rate under the guise of appeal costs. Otherwise, any appellee could recover such an award any time the market return pending appeal exceeds the rate of return authorized by statute, which is most of the time given the conservative nature of a Treasuries investment. That would render the post-judgment interest statute largely meaningless.

      **3.    No bond would be *necessary* to ensure Home Depot's payment of a final cost award based on the supposed lost rate of return.**

The Subscribers appear to assert that the necessity of a bond is irrelevant to a bond awarded under Rule 8. But they never explain why a court cannot require a bond under Rule 7 that is unnecessary to secure appeal costs, which is Eleventh Circuit law,[17] but can require a bond under Rule 8 that is unnecessary to secure appeal costs. True enough, the phrase "necessary to ensure payment of costs on appeal" does not appear in Rule 8, as it does in Rule 7. But the Subscribers are not traveling under the text of Rule 8 anyway, since that text contemplates a motion to stay

---

[15] 28 U.S.C. § 1961.

[16] 313 F.3d at 1333.

[17] *Equifax*, 999 F.3d at 1283.

that Home Depot never filed. Moreover, Rule 8's passing mention of a bond pending appeal most logically refers to the type of bond contemplated by the immediately preceding Rule 7, which is the rule dedicated to bonds pending appeal. Appeal bonds are, as specified by Rule 7, bonds *necessary* to ensure the payment of costs on appeal, and there is no reason why they should mean something different under Rule 8.

Whether imposed under Rule 7, Rule 8, or some inherent power, the only legitimate purpose of a bond is to ensure payment. If an appeal bond is unnecessary to ensure payment of costs on appeal, then it simply imposes an inevitable and unjustified cost on one party or the other. The appellant must pay the bond premium, and the appellee (here the Subscribers) must reimburse the appellant for that premium if the appeal succeeds.[18] Either way, a premium paid for an *unnecessary* bond accomplishes nothing but enriching a third-party surety company, at the expense of those with real interests in the case.

### B. The supposed lost time-value of injunctive relief is not a recoverable cost of Home Depot's appeal.

Home Depot could not be jointly or severally liable for costs allegedly arising from the delayed implementation of injunctive relief because that is not a cost of appeal, given the plain terms of the Settlement Agreement. The Settlement Agreement does not permit the Blues to delay their implementation of injunctive relief due to an appeal.[19]

> Settling Defendants shall begin taking steps necessary to implement Paragraphs 10–15 and 17–18 *upon entry of the Preliminary Approval Order.* Settling Defendants *shall implement as soon as practicable*, but in no event later than 60

---

[18] *See* Federal Rule of Appellate Procedure 39(e)(3) (prevailing party may recover costs, including "premiums paid for a bond or other security to preserve rights pending appeal").

[19] Doc. 2610-2 (Settlement Agreement) ¶ 19.

calendar days after the Effective Date for Paragraphs 10–14 and 17–18, and the later of three months after the Effective Date or April 1, 2022, for Paragraph 15.[20]

Thus, although the Effective Date, which is defined to include the resolution of a (b)(2) appeal, triggers an *outside* date for the implementation of injunctive relief, the Blues must *already* be implementing the injunctive relief pending appeal "as soon as practicable."[21] That does not mean delaying because of an appeal.

At the hearing, both the Subscribers and Blues agreed that the Blues were complying with this requirement. If so, then Home Depot's appeal occasions no delay because the Blues are moving as quickly as practicable, notwithstanding the appeal. If not, then this a matter of enforcing the Settlement Agreement, not ordering a bond or awarding appeal costs against a class member aggrieved by the Blues' delay. Presumably, the Subscribers would have already brought some enforcement motion if they believed that the Blues were not implementing the injunctive relief as quickly as practicable and that this delay was costing the class anything like the $45 million that Subscribers hypothesized in their motion. Accordingly, Home Depot should not be held jointly or severally liable for any costs allegedly associated with delayed implementation of injunctive relief.

Further, although the point is academic, the quantification of the lost value of the injunctive relief in the Subscribers' supporting declaration is entirely unreliable.[22] The Subscribers asked their declarant "to assume that the present value of the delayed Injunctive Relief to Class Members

---

[20] *Id.* (emphasis added). This is generally consistent with the default rule, under which injunctive relief is not stayed "even if an appeal is taken," except by order of the district court. Fed. R. Civ. P. 62(c)(1) ("Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken: [] an interlocutory or final judgment in an action for an injunction").

[21] *Id.*

[22] Doc. 3004 (Objector Home Depot U.S.A., Inc.'s Response in Opposition to Subscribers' Motion to Require an Appeal Bond) at 19-20.

is $534 million, or one-fifth of the cash value of the Settlement."[23] Neither the declarant nor the Subscribers explain the basis for this arbitrary assumption. Nor does the declarant identify the elements of the injunctive relief that he claims will supposedly be delayed by the appeal, particularly in light of the "as soon as practical" mandate currently in effect under the Settlement Agreement. The declarant does not, for example, specify whether he assumes (as is the case) that the Blues have already implemented the major injunctive relief by abandoning their National Best Efforts Rule. These unknown variables make any lost value calculation pure conjecture. And finally, no appeal bond would be *necessary* to ensure Home Depot's payment of a final costs award, which means that there should be no bond at all.

      **C.    Increased notice and administrative costs are not recoverable costs of Home Depot's appeal.**

Home Depot should not be held jointly or severally liable to the Subscribers for any costs allegedly associated with increased administrative costs because the Settlement Agreement dictates that these costs are to be borne by the Blues, not the Subscribers.

Specifically, Subscribers hold the remainder of a $100 million interest-bearing fund, funded by the Blues, to cover notice and administrative costs.[24] If they do not exceed that amount, they must return the excess and any associated interest to the Blues—it would not enrich class members.[25] If the notice and administrative costs exceed $100 million, then the Subscribers may recover the excess from the Blues through a petition to this Court to replenish the Notice and Administration Fund.[26] Either way, any additional administrative costs do not diminish the class

---

[23] Doc. 2996-2 (McKnight Decl.) ¶ 5.

[24] Doc. 2610-2 (Settlement Agreement) § A(1)(ggg).

[25] *Id.*; *see also id.* ¶ 30.

[26] *Id.* § (A)(1)(ggg).

recovery. Under the Settlement Agreement, the Subscribers' recourse for any costs exceeding the current fund therefore lies solely with the Blues, not Home Depot.

At the hearing, the Subscribers appeared to suggest that they might not be entitled to replenishment, since the Court must approve the petition. But the Settlement suggests only one ground—lack of "necessity"—on which the Court might deny that petition.[27] And if any allegedly excess notice and administration costs were not sufficiently necessary to justify replenishment under the Settlement Agreement, then surely they would not be sufficiently necessary to justify imposing those costs on appealing class members, including Home Depot.

Thus, Home Depot could not be held jointly or severally liable to the Subscribers for any increased administrative costs. Further, for the same reasons described above, no bond would be necessary to ensure that Home Depot would pay any final cost award entered on this basis.

## **Conclusion**

The only decision presently before this Court is whether to impose a bond. The Court can and should deny that motion, at least as to the Home Depot, on the simple ground that no bond is necessary to ensure Home Depot's payment of any final, unreviewable cost award. A bond premium would merely waste the assets of Home Depot (a (b)(2) class member) or the Subscribers, depending on the outcome of appeal.

If and when the Court takes up the question of costs on appeal, the question of joint and several liability will depend upon the type of costs in question. For Rule 39 costs, such as costs of transcripts and copies, the liability may be joint and several, whether awarded against the objecting appellants or the settling parties, depending on the appeal outcome. However, the millions of dollars in alleged costs the Subscribers pursue in their bond motion could not be imposed jointly

---

[27] *Id.*

or severally upon the Home Depot because they are not costs that could be awarded based on Home Depot's appeal of the (b)(2) settlement.

Respectfully submitted this 27th day of February, 2023.

*/s/ Frank M. Lowrey IV*
Frank M. Lowrey IV
GA Bar No. 410310
lowrey@bmelaw.com
Ronan P. Doherty
GA Bar No. 224885
doherty@bmelaw.com
E. Allen Page
GA Bar No. 640163
page@bmelaw.com
BONDURANT MIXSON
& ELMORE, LLP
1201 West Peachtree St NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 27th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all known counsel of record.

*/s/ Frank M. Lowrey IV*
Frank M. Lowrey IV
GA Bar No. 410310
lowrey@bmelaw.com
BONDURANT MIXSON
& ELMORE, LLP
1201 West Peachtree St NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111