FILED
2023 Jun-09  PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This document relates to Provider-Track cases.** |

### DEFENDANTS' OPPOSITION TO PROVIDER PLAINTIFFS' MOTION FOR LEAVE FOR THE AMERICAN MEDICAL ASSOCIATION TO FILE A BRIEF AS *AMICUS CURIAE*

Provider Plaintiffs ("Providers") seek permission for the American Medical Association ("AMA") to file a so-called "*amicus* brief" in support of Providers' pending motion for class certification and, in particular, Providers' Brief Regarding Two-Sided Platforms and *Drazen v. Pinto*.  (Dkt. 3056 ("Mot.") at 1.)  But the AMA is no *amicus*.  Indeed, although Providers characterize the AMA as a "nonparty" (*id.* at 2), the AMA is in fact an association of Providers' own purported class members whose interests are already adequately represented in this action.  Tellingly, it is Providers themselves—not the AMA or separate counsel for the AMA—that seek leave to file the *amicus* submission.  Nor does the AMA have any new, helpful information for this Court to consider.  Providers' request is, therefore, nothing more than a backdoor attempt to submit a second, improper reply brief.  Their motion should be denied.

As Providers concede (Mot. at 1), there is no procedural rule expressly permitting *amicus* submissions in federal district court, *see, e.g.*, *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006).  While it is true that some courts have interpreted Federal Rule of Appellate Procedure 29 to mean that a "district court possesses the inherent

authority to appoint *amici*", *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd.*, No. 19-CV-23590, 2021 WL 4819580, at *1 (S.D. Fla. Oct. 15, 2021); *Maples v. Thomas*, No. 5:03-CV-2399-SLB-MHH, 2013 WL 5350669, at *2 (N.D. Ala. Sept. 23, 2013) (citations omitted), in practice *amicus* submissions in district court proceedings are rare and desirable only under limited circumstances.  As an initial matter, the *amicus* must be a "friend[] of the court"—that is, a nonparty whose interest is to assist the court.  *See In re Bayshore*, 471 F.3d at 1249 n.34; *Havana Docks Corp.*, 2021 WL 4819580, at *1 ("[A]n amicus is not a party and does not represent the parties but participates only for the benefit of the court . . . ."); *cf. Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1358 (M.D. Ala. 1994) (acknowledging the traditional "bright-line distinction between amicus curiae and named parties/real parties in interest" (citation omitted)).  Such nonparty submissions are typically "allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide".  *Leal v. Sec'y, U.S. Dep't of Health & Human Servs.,* No. 6:08-CV-1062-ORL22GJK, 2009 WL 1148633, at *1 (M.D. Fla. Apr. 28, 2009) (citation omitted); *Alabama v. United States*, No. 2:16-cv-0029-JEO, 2016 WL 7010948, *2 (N.D. Ala. Apr. 22, 2016).  None of those circumstances is present here.

*First*, as a conglomeration of Providers' own claimed class members, the AMA's interests are already represented in this action.  As the AMA proclaims on its website, the AMA is an organization that serves as "the physicians' powerful ally", "representing physicians with a

2

unified voice in courts and legislative bodies across the nation".[1]  Plaintiffs' class counsel are already serving that function in this Court.  Confirming the improper overlap between purported "*amici*" and Provider Plaintiffs, it is Providers themselves that seek leave to file the *amicus* submission.[2]  (*See* Mot. at 1–2.)  "*Amicus*" submissions by parties are improper and due to be denied.  *See Leigh v. Engle*, 535 F. Supp. 418, 422 (N.D. Ill. 1982) (denying leave to file where the proposed amicus was "proffered as a friend of the plaintiff(s)" rather than "as a friend of the court"); *Jones v. Becerra*, No. 3:19-CV-01226-L-AHG, 2020 WL 8920621, at *1 (S.D. Cal. Jan. 14, 2020) (similar); *cf.* 16AA Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3975 (5th ed. 2023) (An amicus should not "serv[e] as a mere conduit for the views of one of the parties").

  *Second*, the proposed *amicus* will not assist the Court in its resolution of Providers' motion for class certification.  Providers do not assert that plaintiffs are inadequately represented, nor do they argue that the Court's decision might impact the AMA's interest in some other case.  *See Leal*, 2009 WL 1148633 at *1.  Instead, Providers claim that the AMA may "contribute to the Court's understanding" of the two-sided market issues by "explaining its position in *Amex*" and "by informing the Court how it believes *Amex*'s criteria for two-sided

---

[1] *See* American Medical Association, *About the AMA*, https://www.ama-assn.org/about (last visited June 6 2023).

[2] Providers' class counsel presumably intends to participate in drafting the AMA's brief, although Providers have prevented the Blues and the Court from evaluating the proposed brief by failing to attach it to their motion as required by the Federal Rules of Appellate Procedure. *See* Fed. R. App. Proc. 29(a)(3).  Notably, Providers' class counsel have previously served as counsel for the AMA, *see, e.g.*, *Gardner v. Cigna*, No. 1:10-cv-22235 (S. D. Fla. 2013) (Dkt. 1), and have authored multiple *amicus* submissions on behalf of the AMA, *see, e.g.*, Motion for Leave to File Brief as *Amici* Curiae and Brief of the [AMA] et al. as *Amici Curiae* in Support of Respondent, *Agudath Israel of America v. Cuomo*, No. 20-A-90 (Nov. 19, 2020); Brief of the [AMA] et al. as *Amici Curiae* in Support of Defendants-Respondents, *F.F. ex rel. Y.F. v. State*, 143 N.Y.S.3d 734 (3d Dep't 2021).

platforms . . . apply to the market for healthcare financing". (Mot. at 2.) Neither claim has merit.

With respect to "its position in *Amex*", the AMA has already told the United States Supreme Court that "[p]hysicians often contract with health insurers *that operate two-sided platforms*". (Brief for The American Medical Association and Ohio State Association as *Amici Curiae* in Support of Petitioners at 1, 7, *Ohio v. American Express*, 138 S. Ct. 2274 (2018) (No. 16-1454) (emphasis added)); *see also id.* at 4 ("[D]ominant healthcare 'platforms,' such as health insurer networks, compete on 'two sides'"); *see generally id.* at 9–11). These are straightforward statements that do not warrant or require any explanation. To the extent the AMA intends to repeat the position it already articulated to the Supreme Court, that is unnecessary: its prior brief speaks for itself. To the extent the AMA wants to backtrack its prior statements, the Court is not aided by such self-serving advocacy from a partisan organization of plaintiffs. *See Jones*, 2020 WL 8920621 at *1 (denying motion to file where a proposed *amici* was "more akin to a partisan advocate than an objective third party" and where the proposed brief "allows Defendant to have a proverbial 'another bite of the apple' due to partisan influence"); *Bright v. Brookdale Senior Living, Inc.*, No. 3:19-CV-00374, 2020 WL 12893860, at *1 (M.D. Tenn. Oct. 23, 2020) (denying leave to file a "directly adversarial" *amicus* brief and noting that a proper amicus is "an *impartial* friend of the court—*not an adversary party in interest in the litigation*" (citation omitted)). That is especially so because Providers have already *twice* addressed and attempted to explain away the AMA's Supreme Court brief: first, in their initial supplemental class certification briefing where Providers actively invoked the

AMA's *Amex amicus* submission[3] (*see* Provider Plaintiffs' Br. re Two-Sided Platforms (Dkt. 3025 at 5)), and second, in Providers' reply brief, after the Blues had responded in opposition (*see* Provider Plaintiffs' Reply Br. (Dkt. 3045 at 7)).  Allowing Providers to make the same argument for a third time through the guise of the AMA will not assist the Court. *Alabama*, 2016 WL 7010948 at *2; *see also Fla. by & through McCollum v. U.S. Dep't of Health & Human Servs.*, No. 3:10-cv-91-RV/EMT, 2010 WL 11570635, at *1 (N.D. Fla. June 14, 2010) ("'The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief.  Such amicus briefs should not be allowed.  They are an abuse.'" (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

Nor does it aid the Court to understand how the AMA "believes *Amex*'s criteria for two-sided platforms . . . apply to the market for healthcare financing".  (Mot. at 2.)  Providers have already explained over the course of nearly 70 pages how providers—*i.e.*, the AMA's own members—believe *Amex* should apply in this case.  (*See generally* Provider Plaintiffs' Br. re Two-Sided Platforms (Dkt. 3025 at 1–46); Provider Plaintiffs' Reply Br. (Dkt. 3045 at 1–20).)  Providers have further offered an expert—whose 131-page report has been submitted to the Court in support of Providers' underlying motion (Tucker Rpt. (Dkt. 3025-01))—on this very issue.  Providers are not entitled to pile on by styling their final bite at the apple as an *amicus* submission.  *See Maples*, 2013 WL 5350669 at *5 (denying leave to file when the parties had already "presented comprehensive arguments for the points raised in the amici's proposed

---

[3] Contrary to Providers' suggestion (*see* Mot. at 1–2), it was *Providers*—not the Blues—that injected the AMA's *Amex amicus* submission into the supplemental class certification briefing. (*See* Provider Plaintiffs' Br. re Two-Sided Platforms (Dkt. 3025 at 5) (affirmatively raising and arguing that the AMA's "brief does not purport to show that health insurance meets the criteria for a two-sided platform as economists use that term")).

briefs"); *Alabama*, 2016 WL 7010948 at *2 (an amicus brief that does not "bring[] to the attention of the Court relevant matter not already brought to its attention by the parties" in fact "burdens the Court, and its filing is not favored"); *see also Dibbs v. Hillsborough Cnty., Fla.*, No. 8:12-CV-2851-T-36TGW, 2014 WL 12839780, at *1 (M.D. Fla. Dec. 4, 2014); *Gumm v. Jacobs*, No. 515-CV-00041-MTT-CHW, 2019 WL 9049113, at *1 (M.D. Ga. Feb. 6, 2019).[4]

*Third*, the Providers' request for the AMA to file an *amicus* brief is procedurally inadequate, and can be denied for that reason as well. Rule 29 of the Federal Rules of Appellate Procedure provides that a motion for leave to file "must be accompanied by the proposed brief". Fed. R. App. Proc. 29(a)(3). To the extent this rule supports submission of an *amicus* brief here, this requirement should be met. But Providers failed to attach the proposed brief to their motion, presumably because it would confirm the above—*i.e.*, that the brief is a self-serving regurgitation of points already made by Providers. The motion can be denied for this reason alone. *See, e.g.*, *Ferguson v. Dolphins*, No. 20-24483-CIV, 2021 WL 2823581, at *1 n.6 (S.D. Fla. July 7, 2021) (denying motion for leave to file an *amicus* when the movant "failed to file the actual brief they seek to submit").

*Finally*, Providers' request is untimely. Providers attempt to create the appearance of timeliness by arguing that "the parties' briefing on this issue has been filed publicly" on May 8, 2023. (Mot. at 1.) But that is irrelevant. As noted above (*supra* at 4, *id.*

---

[4] It is "particularly questionable to allow an amicus brief when the existing parties are already well represented" in making their arguments before the Court. *Id.* at *2 (citation omitted); *see, e.g.*, *Save the Manatee Club v. EPA*, No. 6:22-CV-868-CEM-LHP, 2022 WL 19918052, at *1 (M.D. Fla. Nov. 22, 2022) (denying motion to file amicus brief where "it remains unclear how [the client] is not already competently represented by Plaintiffs in this action"). Unsurprisingly, Provider class counsel does not contend they are inadequately representing the AMA's members on any issue, let alone on this one in particular.

6

at 4 n.3), Providers affirmatively raised the AMA's *Amex* brief in their opening submission to this Court back in January 2023.[5]  If Providers wished to proffer an *amicus* submission from the AMA, they should have sought leave at that time.  Providers cannot lie in wait, and then spring an improper submission on the Blues after all supplemental briefing requested by the Court is complete.  *See, e.g.*, *Dolphins*, 2021 WL 2823581 at *1 n.6 (denying as untimely a motion for leave to file and noting that, "[u]nder Federal Rule of Appellate Procedure 29(a)(6), "an amicus curiae *must* file its brief, accompanied by a motion for filing where necessary, no later than 7 days after the principal brief of the party being supported is filed" (quoting Fed. R. App. P. 29(a)(6))); *Karuk Tribe of Ca. v. U.S. Forest Serv.*, No. C 04-4275 SBA, 2005 WL 8177401, at *2 (N.D. Cal. July 1, 2005) (denying motion to file as untimely when filed "only four days before Plaintiff's reply brief was due, and, significantly, several days after Defendants' only scheduled brief on the merits was filed").

   For the foregoing reasons, Defendants respectfully request that the Court deny Provider's motion for leave for the AMA to file an *amicus* submission.

Dated:  June 9, 2023

               Respectfully submitted,

               */s/ Karin A. DeMasi*
               Karin A. DeMasi
               Evan R. Chesler
               Lauren R. Kennedy
               Helam Gebremariam
               David H. Korn
               CRAVATH, SWAINE & MOORE LLP
               Worldwide Plaza

---

[5] Providers' insinuation that the AMA's *Amex* submission is somehow a new issue is also incorrect.  The AMA's *amicus* brief was cited *nearly two years ago* in the expert report of the Blues' two-sided market expert, David Evans.  (Evans Rpt. ¶ 45 n.41 (Dkt. 3040-1) (originally filed as Dkt. 2777-8 on July 22, 2021).)  It was also discussed at the March 2021 deposition of Providers' proffered expert, Catherine Tucker.  (Mar. 2021 Tucker Dep. 164:16–165:21.)

825 Eighth Avenue
New York, NY  10019
Tel: (212) 474-1000
Fax: (212) 474-3700
echesler@cravath.com
kdemasi@cravath.com
lkennedy@cravath.com
hgebremariam@cravath.com
dkorn@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

Craig A. Hoover
E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC  20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
elizabeth.jose@hoganlovells.com
david.maxwell@hoganlovells.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc.,
and all of its named subsidiaries in this action;
Louisiana Health Service & Indemnity Company
(Blue Cross and Blue Shield of Louisiana);
BCBSM, Inc. (Blue Cross and Blue Shield of
Minnesota); Blue Cross and Blue Shield of South
Carolina; Horizon Healthcare Services, Inc.
(Horizon Blue Cross and Blue Shield of New
Jersey); Blue Cross & Blue Shield of Rhode
Island; Blue Cross and Blue Shield of Vermont;
Cambia Health Solutions, Inc.; Regence Blue
Shield of Idaho; Regence Blue Cross Blue Shield
of Utah; Regence Blue Shield (of Washington);
Regence Blue Cross Blue Shield of Oregon*


John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC  29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF &
BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL  35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue
Shield Association; Blue Cross and Blue
Shield of Arizona, Inc.; CareFirst, Inc.;
CareFirst of Maryland, Inc.; Group
Hospitalization and Medical Services,
Inc.; Health Care Service Corporation,
an Illinois Mutual Legal Reserve
Company, including its divisions Blue
Cross and Blue Shield of Illinois, Blue
Cross and Blue Shield of Texas, Blue
Cross and Blue Shield of New Mexico,
Blue Cross and Blue Shield of
Oklahoma, and Blue Cross and Blue
Shield of Montana; Caring for
Montanans, Inc., f/k/a Blue Cross and
Blue Shield of Montana, Inc.; Highmark
Health; Highmark Inc., f/k/a Highmark
Health Services; Highmark West
Virginia Inc.; Highmark BCBSD Inc.;
California Physicians' Service d/b/a
Blue Shield of California; Wellmark of
South Dakota, Inc. (Wellmark Blue
Cross and Blue Shield of South Dakota);
Wellmark, Inc. (Wellmark Blue Cross
and Blue Shield of Iowa); Hawaii
Medical Service Association (Blue
Cross and Blue Shield of Hawaii)*


Carl S. Burkhalter
John Thomas A. Malatesta, III
MAYNARD COOPER & GALE PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203

9

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Anthem, Inc., f/k/a WellPoint, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield*

Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardcooper.com
jmalatesta@maynardcooper.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Helen E. Witt, P.C.
Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
hwitt@kirkland.com
jzeiger@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc.*

10

*of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA 98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendants Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX 75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL 36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey. Jr.
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS 39201
Tel: (601) 948-3101
Fax: (601) 960-6902

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd., Suite 250
Chantilly, VA 20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California Physicians' Service d/b/a Blue Shield of California*

Todd M. Stenerson
Brian C. Hauser
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@shearman.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI 48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC

11

pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue Shield
of Mississippi, a Mutual Insurance Company*

Ryan M. Hodinka
BALCH & BINGHAM, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203
Tel: (205) 226-3464
Fax: (205) 488-5848
rhodinka@balch.com

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC 20007
Tel: (202) 672-5491
Fax: (202) 672-5399
arutenberg@foley.com

Diane R. Hazel
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO 80202
Tel: (720) 437-2034
Fax: (720) 437-2200
dhazel@foley.com

*Counsel for Defendant USAble Mutual Insurance
Company, d/b/a Arkansas Blue Cross and
Blue Shield and as BlueAdvantage Administrators
of Arkansas*

505 North 20th Street, Suite 1600
Birmingham, AL  35203
Tel: (205) 224-0750
Fax: (205) 224-8622
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendant Blue Cross and
Blue Shield of Michigan*

John DeQ. Briggs
Jeny M. Maier
AXINN, VELTROP & HARKRIDER,
LLP
1901 L Street, N.W.
Washington, DC  20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
jmaier@axinn.com

Kail J. Jethmalani
AXINN, VELTROP & HARKRIDER
LLP
114 W. 47th Street
New York, NY 10036
Tel: (212) 728-2200
Fax: (212) 728-2201
kjethmalani@axinn.com

Stephen A. Rowe (ASB-3804-E65S)
Aaron G. McLeod (ASB-8589-A57M)
ADAMS AND REESE LLP
1901 6th Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5080
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants Independence
Hospital Indemnity Plan, Inc. f/k/a
Independence Blue Cross; Independence
Health Group, Inc.*

12

Robert K. Spotswood
Michael T. Sansbury
Jess R. Nix
Morgan B. Franz
SPOTSWOOD SANSOM & SANSBURY LLC
Financial Center
505 20th Street North, Suite 700
Birmingham, AL  35203
Tel: (205) 986-3620
Fax: (205) 986-3639
rks@spotswoodllc.com
msansbury@spotswoodllc.com
jnix@spotswoodllc.com
mfranz@spotswoodllc.com

*Counsel for Defendant Capital Blue Cross*


Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL  35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*


Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY 14203-2887
Telephone No. (716) 847-8400
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com


Morris Wade Richardson (ASB-8581-S78M)
Charles Todd Grimes (ASB-3224-S77C)
RICHARDSON CLEMENT PC

Kathleen Taylor Sooy
Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
troman@crowell.com


Sarah Gilbert
Honor Costello
CROWELL & MORING LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com


John M. Johnson
Brian P. Kappel
LIGHTFOOT FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel: (205) 581-0700
Fax: (205) 581-0799
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com


*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; GoodLife Partners, Inc.; Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; Blue Cross and Blue Shield of Kansas City; HealthyDakota Mutual Holdings; Blue Cross Blue Shield of North Dakota; and Blue Cross Blue Shield of Wyoming*

13

22 Inverness Center Parkway, Suite 500
Birmingham, AL 35242
Tel: (205) 729-7000
Fax: (205) 905-7009
wade@richardson.law
charley@richardson.law

*Attorneys for Defendant Excellus Health Plan,
Inc., d/b/a Excellus BlueCross BlueShield*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Mark M. Hogewood*
Mark M. Hogewood