FILED
2023 Jun-12 PM 12:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO.: 2406)** | } | **Master File No.: 2:13-CV-20000-RDP** |

**ORDER**

This matter is before the court on Provider Plaintiffs' Motion for Leave for the American Medical Association to File a Brief as *Amicus Curiae*. (Doc. # 3056). Defendants have filed an opposition to the Motion. (Doc. # 3059).

On November 17, 2022, the court ordered Providers and Defendants to provide supplemental briefing on the issue of whether the market for healthcare financing is a two-sided platform. (Doc. # 3006). In their supplemental briefing, Defendants cited an amicus brief filed by the American Medical Association (AMA) in *Ohio v. American Express* as support for the proposition that the market for healthcare financing a two-sided platform. Defendants argued:

> The American Medical Association ("AMA"), "the largest professional association of physicians, residents, and medical students in the United States", submitted an amicus brief in *Amex* arguing that "[p]hysicians often contract with health insurers that operate two-sided platforms". *See* Brief for The American Medical Association and Ohio State Association as Amici Curiae in Support of Petitioners at 1, 7, *Amex*, 138 S. Ct. 2274 (No. 16-1454).

(Doc. # 3054 at 39).

In their Motion, Providers ask that the AMA be permitted to file an amicus brief in this action relative to the supplemental briefing to "proffer timely and useful information, not only by explaining its position in *Amex*, but also by informing the Court how it believes *Amex's* criteria

for two-sided platforms (which the Supreme Court had not yet elucidated when the AMA filed its brief) apply to the market for healthcare financing." (Doc. # 3056).

Defendants argue that the AMA does not "have any new, helpful information for this Court to consider" and that allowing it to file an amicus brief would allow "a backdoor attempt to submit a second, improper reply brief." (Doc. # 3059 at 1). Defendants point out that the AMA is "a conglomeration of Providers' own claimed class members, [thus] the AMA's interests are already represented in this action." (*Id*. at 2).

The court has access to both the Supreme Court's opinion in *Ohio v. Am. Express Co.*, 138 S. Ct. 2274 (2018), and the amicus brief filed by the AMA in that case. The court does not believe that an amicus[1] brief explaining what the AMA actually meant in its prior amicus brief, or how the AMA interprets the Supreme Court's opinion in *Ohio v. Am. Express Co.*, would be helpful at this juncture. Therefore, Provider Plaintiffs' Motion for Leave for the American Medical Association to File a Brief as *Amicus Curiae* (Doc. # 3056) is **DENIED**.

**DONE** and **ORDERED** this June 12, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

[1] To be clear, the court in not saying it already has enough friends; however, it is saying that it has heard enough on this question.