FILED

2023 Jul-31  PM 03:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This document relates to Subscriber-Track cases.** |

### MEMORANDUM IN SUPPORT OF CERTAIN FUNDS' UNOPPOSED MOTION TO WITHDRAW REQUEST FOR EXCLUSION AND REJOIN THE SUBSCRIBER DAMAGES CLASS

Class members United Food and Commercial Workers Local No. 1546 Food Handlers Welfare Fund; Bakery, Cracker, Pie, Yeast Drivers and Miscellaneous Workers Union Local 734 of the International Brotherhood of Teamsters Welfare Fund; Structural Iron Workers Local 1 Welfare Fund; Chicago Area I.B. of T. Welfare Fund; Michigan Electrical Employees' Health Plan; and Teamsters Local 786 Building Material Welfare Fund (collectively herein, the "Funds") respectfully request permission to withdraw their respective requests for exclusion from the Subscriber Settlement Damages Class (the "Damages Class"). Allowing the Funds to rejoin the Damages Class would further streamline this case, avoid the prospect of additional opt-out actions, and promote the finality of the Subscriber Class Settlement. Further, rejoining the Damages Class will not afford the Funds any special benefit, nor prejudice other members of the Class. Settlement Class Counsel and Defendants do not object to this Motion.

### BACKGROUND

On November 30, 2020, the Court granted preliminary approval of the Subscriber Class Settlement. ECF No. 2641. Pursuant to the Notice Plan, class members had access to a copy of the Settlement Agreement during the class notice period. ECF No. 2812-2, ¶ 10.

A notice period followed. Prior to the close of the notice and opt-out period for Self-Funded Entity Accounts, ECF No. 2897 at ¶ 5, each of the Funds submitted a request to be excluded from the Damages Class. *See* Decl. of Eamon P. Kelly, ¶ 2 ("Kelly Decl." (attached hereto as Exhibit 1)); Decl. of John E. Mossberg, ¶ 2 ("Mossberg Decl." (attached hereto as Exhibit 2)). The Settlement Notice and Claims Administrator has acknowledged that the Funds submitted exclusion requests. ECF No. 2928 at 5:107, 8:302, 23:1231,[1] 33:1865, 33:1903, 34:1978. On August 9, 2022, the Court issued a Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator ("Final Approval Order"). ECF No. 2931; *see also* ECF No. 2939 (amending final approval order). This order is on appeal to the 11th Circuit Court of Appeals and distribution of funds to the Damages Class has not yet occurred.

After the Court's Final Approval Order, the Funds re-evaluated their position and now desire to rejoin the Damages Class. Kelly Decl., ¶ 3; Mossberg Decl., ¶ 4. The Funds have not filed a suit related to this litigation against Defendants and are not part of any existing opt-out litigation.[2] Kelly Decl., ¶ 4; Mossberg Decl., ¶ 5. The Funds have not negotiated any settlement or

---

[1] As explained more fully in the Declaration of John E. Mossberg attached hereto, Class member Michigan Electrical Employees' Health Plan is named in ECF No. 2928 as Michigan Electrical Employees' Health Fund.

[2] The Funds note that certain of the Funds purchase administrative services from Blue Cross and Blue Shield of Illinois ("HCSC-IL") and Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBS-MI"). Bakery, Cracker, Pie, Yeast Drivers and Miscellaneous Workers Union Local 734 of the International Brotherhood of Teamsters Welfare Fund, Structural Iron Workers Local 1 Welfare Fund, and United Food and Commercial Workers Local No. 1546 Food Handlers Welfare Fund purchase administrative services from HCSC-IL. Kelly Decl., ¶ 7. The Chicago Area I.B. of T. Welfare Fund intends to rely on HCSC-IL for administrative services in 2024. *Id.*, ¶ 8. These four entities purchase or intend to purchase administrative services from HCSC-IL using the services of the Midwest Employee Benefit Funds Coalition. *Id.*, ¶ 6. Michigan Electrical Employees' Health Plan has continued to purchase administrative services from BCBS-MI since submitting, in April 2022, an opt out notice regarding the Self-Funded Settlement Sub-Class. Mossberg Decl., ¶ 7.

release of their claims against Defendants in this matter outside of the Subscriber Settlement Agreement. Kelly Decl., ¶ 5; Mossberg Decl., ¶ 6.

### ARGUMENT

This Court has authority to allow the Funds to rejoin the Damages Class and has previously granted to other opt-outs—Wells Fargo & Company and the Wells Fargo & Company Health Plan—the same relief sought by the Funds. *See* Order Granting Wells Fargo's Motion to Withdraw Exclusion Request and Rejoin Damages Class, ECF No. 3017. In its Final Approval Order, the Court retained "continuing jurisdiction over . . . implementation of the Settlement Agreement and any award or distribution of the Settlement Fund" and over all parties "for the purpose of construing, enforcing, and administering the terms of the Settlement Agreement consistent with those terms." ECF No. 2931 at 89-90. As part of that ongoing jurisdiction, the Court may allow former opt-outs to rejoin the class before settlement funds are distributed. *See, e.g.*, *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *1 (D. Kan. Dec. 12, 2008) (granting opt-out's motion to withdraw its request for exclusion after final approval of settlement but before distribution of settlement funds because "[i]n its final approval order in this case, the court specifically retained exclusive jurisdiction over the distribution of the settlement proceeds"); *In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *3 (E.D. Pa. June 30, 1982) (allowing opt-out to rejoin settlement class after judgment had been entered); *see also* Fed. R. Civ. P. 60(b)(6) (court may relieve party from final order for "any other reason that justifies relief").

"In large, multidistrict antitrust class actions, . . . courts have repeatedly allowed putative class members to rejoin a class at the settlement stage." *In re Static Random Access Memory Antitrust Litig.*, 2013 WL 1222690, at *1 (N.D. Cal. Mar. 25, 2013). Courts generally grant such requests to rejoin a class unless (1) the opt-out obtained a special benefit in exchange for

withdrawing their opt-out request or (2) other class members would be prejudiced. *See, e.g.*, *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *1-8 (summarizing examples); *In re MoneyGram Int'l, Inc. Secs. Litig.*, 2011 WL 855311 at *2-3 (D. Minn. Mar. 9, 2011) (denying request to rejoin because the opt-out's decision was used "to gain leverage for a separate settlement").

These exceptions do not apply here. First, the Funds have not negotiated a separate settlement or other special benefit in exchange for withdrawing their opt-out and rejoining the class. They only seek the benefits to which they would be entitled as members of the Damages Class. Second, other members of the class would not be prejudiced. As determined in *In re Urethane Antitrust Litigation*, "the class members cannot have relied to their detriment on [the opt-out's] original opt-out because they chose to participate in the settlement while [the opt-out] was still a potential class member." 2008 WL 5215980, at *2. Other class members will therefore "receive in settlement the same amount they would have had [the opt-out] never opted out to begin with." *Id.*; *see also In re Electrical Carbon Products Antitrust Litig.*, 447 F. Supp. 2d 389, 397 (D.N.J. 2006) (finding no prejudice because the opt-out's original decision "could not have been a factor in the decision of any particular class members to participate."). The Funds rejoining the class will also not delay the distribution of funds, which will not occur until after appeals are resolved. *See* ECF No. 2610-2 at ¶¶ 8, 26.

The interest of judicial economy and the policy behind Federal Rule of Civil Procedure 23 further support the Funds' request. *See* Order Granting Wells Fargo's Motion to Withdraw Exclusion Request and Rejoin Damages Class, ECF No. 3017. Allowing the Funds to rejoin the class would save the Court and the parties the time and expense of potentially litigating an additional opt-out case. *See In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3 (allowing opt-out to rejoin class would serve the purpose of Rule 23). By reducing the number of opt-out

disputes, it would also reinforce the finality of the Subscriber Class Settlement. Settlement Class

Counsel and Defendants do not object to this Motion.

## **CONCLUSION**

For the foregoing reasons, the Funds respectfully request that the Court grant this Motion

to withdraw their requests for exclusion and permit the Funds to rejoin the Damages Class.

Dated: July 31, 2023                                        Respectfully submitted,

By: */s/ Eamon P. Kelly*

Eamon P. Kelly
SPERLING & SLATER, LLC
55 West Monroe Street, Suite 3200
Chicago, Illinois 60603
Tel: (312) 641-3200
Email:    ekelly@sperling-law.com

*Attorney for Class members United Food and Commercial Workers Local No. 1546 Food Handlers Welfare Fund; Bakery, Cracker, Pie, Yeast Drivers and Miscellaneous Workers Union Local 734 of the International Brotherhood of Teamsters Welfare Fund; Structural Iron Workers Local 1 Welfare Fund; Chicago Area I.B. of T. Welfare Fund; and Teamsters Local 786 Building Material Welfare Fund*

By: */s/ John E. Mossberg*
John E. Mossberg
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Tel: (414) 298-8340
Email: jmossberg@reinhartlaw.com

*Attorney for Class member Michigan Electrical Employees' Health Plan*

5

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Eamon P. Kelly

6