# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO.: 2406) | Master File No.: 2:13-CV-20000-RDP<br>This document relates to all cases |

## ORDER GRANTING THE FUNDS' MOTION TO WITHDRAW EXCLUSION REQUEST AND REJOIN SUBSCRIBER DAMAGES CLASS

This matter is before the court on the Unopposed Motion to Withdraw Request for Exclusion and Rejoin the Subscriber Damages Class filed by United Food and Commercial Workers Local No. 1546 Food Handlers Welfare Fund; Bakery, Cracker, Pie, Yeast Drivers and Miscellaneous Workers Union Local 734 of the International Brotherhood of Teamsters Welfare Fund; Structural Iron Workers Local 1 Welfare Fund; Chicago Area I.B. of T. Welfare Fund; Michigan Electrical Employees' Health Plan[1]; and Teamsters Local 786 Building Material Welfare Fund (collectively herein, the "Funds"). (Doc. # 3065). The Funds assert that allowing them to rejoin the Damages Class "would further streamline this litigation, avoid the prospect of a costly opt-out action, and promote the finality of the Subscriber Class Settlement." (Doc. # 3066 at 1). Allowing the Funds to rejoin the class has not afforded it any special benefit and will not prejudice the other members of the Class. Settlement Class Counsel and Defendants consent to this Motion. (*Id.*).

Prior to the close of the notice and opt-out period for Self-Funded Entity Accounts (Doc. # 2897 at ¶ 5), each of the Funds submitted a request to be excluded from the Damages Class.

---

[1] Class member Michigan Electrical Employees' Health Plan is named in Doc. # 2928 as "Michigan Electrical Employees' Health Fund." (Doc. # 3066-2).

(Doc. # 3066-1, ¶ 2; Doc. # 3066-2, ¶ 2). After the court issued the Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator ("Final Approval Order") (Docs. # 2931, 2939), the Funds re-considered their position and now desire to rejoin the Damages Class. (Doc. # 3066-1, ¶ 3; Doc. # 3066-2, ¶ 4).

"Nothing in the Federal Civil Rules expressly allows a party to withdraw its request for exclusion from a litigation or settlement class." *In re Polyurethane Foam Antitrust Litig.*, 135 F. Supp. 3d 679, 687 (N.D. Ohio 2015). However, "[i]n large, multidistrict antitrust class actions, such as this one, courts have repeatedly allowed putative class members to rejoin a class at the settlement stage." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *1 (N.D. Cal. Mar. 25, 2013) (citing *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3 (D. Kan. 2008); *In re Elec. Carbon Prods.*, 447 F.Supp.2d 389, 396–97 (D. N.J. 2006); *In Re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *3 (E.D. Pa. 1982); and *In re Corrugated Container Antitrust Litig.*, 1981 WL 2093, at *14 (S.D. Tex. 1981)). Indeed, this court has previously granted a similar Motion filed by Wells Fargo & Company and the Wells Fargo & Company Health Plan. (Doc. # 3017).

"Requests to rejoin will generally only be denied when [(1)] the putative class member's initial 'decision to opt out of the settlement class was part of a conscious plan to squeeze additional settlement dollars from the defendants'" or (2) other class members would be prejudiced. *In re Elec. Weld Steel Tubing*, 1982 WL 1873, at *3; *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3; *see also In re MoneyGram Int'l, Inc. Secs. Litig.*, 2011 WL 855311, at *3 (D. Minn. 2011) (denying request to rejoin because the initial opt-out decision appeared motivated by a desire "to gain leverage for a separate settlement").

Here, the Funds have not negotiated a separate settlement or other special benefit in exchange for withdrawing their exclusion requests and rejoining the class, and they only seek the benefits to which they would have been entitled had they remained a member of the Damages Class. Also, there is no indication that other class members would be prejudiced if the Funds rejoin the class. Rather, the Settlement Class and Defendants agree to the granting of this request. The interests of judicial economy will be served if the Funds are allowed to rejoin the class because the parties will not have to expend time and resources potentially litigating an opt-out case and revisiting the same facts and legal issues resolved in Subscriber Class Settlement. *See In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL at *2 ("The policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal issues.").

For all of these reasons, the Funds' Unopposed Motion to Withdraw Request for Exclusion and Rejoin the Subscriber Damages Class (Doc. # 3065) is **GRANTED**. Any list of Opt Outs is hereby **AMENDED** in accordance with this Order.

**DONE** and **ORDERED** this August 1, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE