FILED

2023 Nov-14  PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:**<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |

## CORRECTED PROVIDER PLAINTIFFS' RESPONSE TO THE COURT'S SHOW CAUSE ORDER

This MDL is not the behemoth it used to be. Most cases transferred to this Court, including all Subscriber Track cases, have been dismissed or settled. Many of the transferred Provider Track cases that remain can be addressed by the Providers because they were also filed directly in this district. The MDL has served its purpose. With Judge Putnam's assistance, it coordinated the discovery of terabytes of structured health insurance data, the taking of more than 140 depositions, and the analysis of millions of pages of documents. Show Cause Order (Doc. No. 3075) at 3–4. It issued important rulings on jurisdiction and the merits, including its order on the *per se* rule. It facilitated settlement of the Subscriber Track actions, and made valiant efforts to do the same for the Provider Track.

Unfortunately, the main effect of the MDL now appears to be impeding healthcare providers outside Alabama from filing and making progress on their own actions against the Blues in their home courts. When this MDL was created more than ten years ago, the JPML stated, "Centralizing these actions under Section 1407 will ensure streamlined resolution of this litigation to the overall benefit of the parties and the judiciary." *In re Blue Cross Blue Shield Antitrust Litigation*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012). That same concern—moving the litigation along quickly—now supports remand.

## BACKGROUND

The Providers need not remind the Court of the mountain of work that has brought the case this far; the Court already summarized it in the Show Cause Order. Instead, the Providers will summarize the current status of the Provider Track.

Most of the Provider actions before this Court were originally filed in this district, and the Court has personal jurisdiction over all the defendants in those cases. Doc. No. 925. In addition, two groups of cases were transferred to this Court by the JPML and remain pending here. The first group contains eight actions that are substantially identical to the *Conway* action filed in this Court. These actions were filed in other districts when this Court's personal jurisdiction over non-Alabama defendants was an open question; filing those cases and transferring them was a "belt and suspenders" measure to ensure that this Court's orders would apply to those defendants. The Court later held, however, that it had personal jurisdiction over non-Alabama defendants, and venue in this district was appropriate. *Id.* Therefore, the Providers could decide to remand one or more of these cases for further proceedings, or these transferred cases could be dismissed by the Providers in favor of their directly filed counterparts. In addition, seven other transferred cases are pending.[1]

The Providers' motion for class certification is fully briefed, but it applies only to the Alabama classes. Although the Consolidated Amended Fourth Provider Complaint alleges a nationwide class, consistent with the order expediting the Alabama proceedings, Doc. No. 469, the

---

[1] The actions are:
- *The Surgical Center for Excellence LLLP v. Blue Cross Blue Shield of Ala.*, No. 12-cv-388 (N.D. Fla.)
- *Chiropractic Plus, P.C. v. Blue Cross Blue Shield of Tex.*, No. 13-cv-234 (S.D. Tex.)
- *Quality Dialysis One, L.L.C v. Blue Cross & Blue Shield of Ala.*, No. 15-cv-3491 (S.D. Tex.)
- *Richmond SA Servs., Inc. v. Blue Cross & Blue Shield of Ala.*, No. 16-cv-1140 (S.D. Tex.)
- *Am. Surgical Assistants, Inc. v. Blue Cross & Blue Shield of Ala.*, No. 16-cv-1146 (S.D. Tex.)
- *Houston Home Dialysis v. Blue Cross & Blue Shield of Ala.*, No. 19-cv-3791 (S.D. Tex.)
- *Anesthesia Assocs. of Ann Arbor PLLC v. Blue Cross Blue Shield of Mich.*, No. 20-cv-12916 (E.D. Mich.)

Providers have not yet moved to certify that class or other classes in addition to the Alabama classes. As long as all antitrust litigation against the Blues is transferred to this Court, there is no procedure by which a plaintiff outside Alabama who wants to file an individual action, a nationwide class action, or a class action limited to any state or region outside Alabama, can pursue its claims anytime soon. An important effect of the Court's action on its Order to Show Cause will be to allow filings and proceedings outside of Alabama on an immediate basis.

Finally, there are pending summary judgment motions that go to the merits of the Providers' case and the Blues' defenses. But because the only pending motion for class certification is limited to Alabama, rulings on those summary judgment motions would not bind absent class members outside Alabama. *Helms v. Consumerinfo.com, Inc.*, 436 F. Supp. 2d 1220, 1227 n.7 (N.D. Ala. 2005) ("Because this court has yet to rule on class certification in this case, a summary judgment ruling against Plaintiff will not bind the as yet unnamed class members."); Manual for Complex Litigation, Fourth, § 21.11 ("[M]otions for summary judgment may be decided before a motion to certify the class, although such precertification rulings bind only the named parties.").

## ARGUMENT

As the Show Cause Order explains, the JPML "assign[s] great weight to the transferee judge's determination that remand of a particular action (or actions) is appropriate, given that he or she supervises the day-to-day pretrial proceedings." Show Cause Order at 2 (citation omitted). The multidistrict litigation statute explicitly permits remand before the conclusion of pretrial proceedings. 28 U.S.C. § 1407(a).

When the JPML created this MDL, it did so because centralization would "ensure streamlined resolution of this litigation" and "eliminate duplicative discovery; prevent inconsistent pre-trial rulings, including with respect to class certification; and conserve the resources of the

parties, their counsel, and the judiciary." *In re Blue Cross*, 908 F. Supp. 2d at 1376. No one would dispute that the MDL has achieved these goals over the past decade. Now, the question is whether keeping the MDL would continue to serve these goals.

Continuing to transfer all suits against the Blues to this Court will not ensure streamlined resolution of this litigation. The MDL does not just affect cases that have been filed elsewhere and transferred here. It also affects cases—individual actions and class actions—that healthcare providers would file elsewhere if they believed they could obtain timely relief, instead of having their cases transferred to this Court to wait for the Alabama bellwether. While a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy" for Alabama Providers, Fed. R. Civ. P. 23(b)(3), across the country there are dozens of hospitals and hospital systems with more than enough potential damages to justify an individual action against the Blues, and the Providers believe that many of them would file such an action if the Blues do not agree to a settlement. In this posture, the continued existence of this MDL disserves the purposes of multidistrict litigation by delaying cases, rather than streamlining them.

Nor will hanging onto the MDL eliminate duplicative discovery. Discovery in this case closed a long time ago. Except for limited additional discovery to update Alabama plaintiffs' damages through trial, the work is done. In individual actions, or class actions in other states, discovery will focus on damages specific to the plaintiffs in those cases because the Blues' violation of the Sherman Act is already proven. *United States v. Realty Multi-List, Inc.*, 629 F.2d 1351, 1362–63 (5th Cir. 1980) ("The per se rule is the trump card of antitrust law. When an antitrust plaintiff successfully plays it, he need only tally his score."). Such discovery will not take place in the MDL. Nor should it. There is no efficiency gain to be had by conducting specific damages inquiries under the more distant and cumbersome MDL processes of coordinated inquiry

under the supervision of the transferee judge. The individual litigants in the several states are best able to gauge what, if any, further discovery is necessary for those specific cases.

The MDL will not prevent inconsistent pretrial rulings, either. To be sure, deciding the remaining summary judgment motions would clarify the legal standards governing actions between the healthcare providers and the Blues. But the effect of those decisions will be the same whether or not they are issued before remand. Plaintiffs anywhere in the country may be able to rely on decisions adverse to the Blues under the doctrine of collateral estoppel, regardless of whether this Court issues those decisions in its capacity as a transferee court. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). But decisions adverse to the Providers will bind only the named plaintiffs before the Court (or all Alabama class members, if the Court certifies Alabama classes before issuing those decisions); they will not bind healthcare providers in other states, whether the MDL continues to exist or not.[2]

Nor will the MDL conserve the resources of the parties, their counsel, and the judiciary. In light of the Court's order on the standard of review, plaintiffs and potential plaintiffs outside Alabama need only to prove their damages. Because the MDL is still focused on the Alabama bellwether, there is no procedure for them to do so here. Therefore, work on cases outside Alabama will not duplicate work performed in the MDL.

Additionally, maintaining the MDL would not serve to encourage a comprehensive settlement. Despite years of mediation, the Providers and the Blues are "nearing an impasse." Show Cause Order at 6. With no realistic prospect of a settlement that would bind plaintiffs outside

---

[2]The timing of remand relative to decisions on the pending motions for summary judgment would affect only the named plaintiffs in the six cases transferred here from Texas and Florida. Those plaintiffs would be bound by summary judgment decisions issued before remand, but not after.

Alabama, it is time to return cases to the transferor courts and open the field for other non-Alabama plaintiffs to file new actions without delay.

## CONCLUSION

The only claims in the MDL with a clear path to resolution are the ones asserted on behalf of Alabama classes. Healthcare providers in forty-nine other states, the District of Columbia, and Puerto Rico would appreciate their day in court, and they have been waiting patiently. Much of that waiting was worthwhile; the Providers conducted years of necessary discovery and obtained rulings on important issues. But with mediation apparently near a dead end, and only an Alabama bellwether proceeding toward trial, keeping the MDL in place will only make healthcare providers wait longer for relief, without any benefit to them or to the judiciary. The Court should file a suggestion of remand so that it may begin remanding cases. At the least, the Court should notify the JPML that it should not transfer any more cases here. At the upcoming status conference, the Providers will be prepared to discuss ways to advance this litigation expeditiously.

Respectfully submitted the 14th day of November, 2023.

*/s/ Edith M. Kallas*
Edith M. Kallas – ***Co-Lead Counsel***
WHATLEY KALLAS, LLP
152 West 57th Street
41st Floor
New York, NY  10019
Tel:  (212) 447-7060
Fax:  (800) 922-4851
Email: ekallas@whatleykallas.com

*/s/ Joe R. Whatley, Jr.*
Joe R. Whatley, Jr. – ***Co-Lead Counsel***
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel:  (205) 488-1200
Fax:  (800) 922-4851
Email: jwhatley@whatleykallas.com
         tbrown@whatleykallas.com

*/s/ Barry A. Ragsdale*
Barry Alan Ragsdale – *Plaintiffs' Liaison*
*Counsel and Discovery Liaison Counsel*
Dominick Feld Hyde, PC
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL  35205
Tel:  (205) 536-8888
bragsdale@dfhlaw.com

Patrick J. Sheehan
WHATLEY KALLAS, LLP
101 Federal Street
19th Floor
Boston, MA 10019
Tel:  (617) 573-5118
Fax:  (617) 371-2950
Email: psheehan@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel:  (603) 294-1591
Fax:  (800) 922-4851
Email: hquillen@whatleykallas.com

Charles Clinton Hunter
HAYES HUNTER PC
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel:  (281) 768-4731
Fax: (713) 583-7047
Email: chunter@hayeshunterlaw.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel:  (404) 607-8222
Fax:  (404) 607-8451
Email: dwinegard@whatleykallas.com

E. Kirk Wood, Jr. – *Local Facilitating*
*Counsel*
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel:  (205) 612-0243
Fax:  (205) 705-1223
Email: ekirkwood1@bellsouth.net

Aaron S. Podhurst – *Plaintiffs' Steering*
*Committee*
Peter Prieto – *Chair, Expert Committee*
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue
Suite 2300
Miami, FL  33131
Tel:  (305) 358-2800
Fax:  (305) 358-2382
Email: apodhurst@podhurst.com
          pprieto@podhurst.com

7

Dennis Pantazis – *Plaintiffs' Steering Committee*
Brian Clark – *Discovery Committee*
WIGGINS CHILDS PANTAZIS FISHER
  GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel:  (205) 314-0500
Fax:  (205) 254-1500
Email: dgp@wcqp.com
        bclark@wcqp.com

U.W. Clemon – *Plaintiffs' Steering Committee*
U. W. Clemon, LLC
5202 Mountain Ridge Parkway
Birmingham, AL  35222
Tel: (205) 837-2898
Email: clemonu@bellsouth.net

Dennis C. Reich – *Chair, Damages Committee*
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel:  (713) 622-7271
Fax:  (713) 623-8724
Email:  dreich@rbfirm.net

J. Mark White – *Litigation Committee*
Augusta S. Dowd – *Chair, Litigation Committee*
Linda G. Flippo – *Discovery Committee*
WHITE ARNOLD & DOWD, P.C.
The Massey Building
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Tel:  (205) 323-1888
Fax:  (205) 323-8907
Email: mwhite@whitearnolddowd.com
        adowd@whitearnolddowd.com
        lflippo@whitearnolddowd.com

Nicholas B. Roth – *Chair, Discovery Committee*
Julia Smeds Roth – *Discovery Committee*
EYSTER KEY TUBB ROTH MIDDLETON
  & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel:  (256) 353-6761
Fax:  (256) 353-6767
Email: nbroth@eysterkey.com
        jroth@eysterkey.com

Van Bunch – *Chair, Class Certification Committee*
BONNETT FAIRBOURN FRIEDMAN &
  BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel:  (602) 274-1100
Fax:  (602) 274-1199
Email: vbunch@bffb.com

David A. Balto – *Expert Committee*
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel:  (202) 789-5424
Fax:  (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Robert J. Axelrod – *Chair, Written Submissions Committee*
AXELROD & DEAN LLP
830 Third Avenue, 5th Floor
New York, NY 10022
Tel:  (646) 448-5263
Fax:  (212) 840-8560
Email: rjaxelrod@axelroddean.com

8

Joey K. James – *Litigation Committee*
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel:  (256) 764-0095
Fax:  (256) 767-5705
Email: joey@bunchandjames.com

Richard S. Frankowski – *Discovery Committee*
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL  35233
Tel:  (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowskifirm.com

John C. Davis – *Written Submissions Committee*
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel:  (850) 222-4770
Email: john@johndavislaw.net

Mark K. Gray – *Discovery Committee*
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel:  (502) 805-1800
Fax:  (502) 618-4059
Email: mgray@grayandwhitelaw.com

Stephen M. Hansen – *Class Certification Committee*
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel:  (253) 302-5955
Fax:  (253) 301-1147
Email: steve@stephenmhansenlaw.com

W. Daniel Miles, III – *Written Submissions Committee*
BEASLEY ALLEN CROW METHVIN PORTIS
 & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel:  (800) 898-2034
Fax:  (334) 954-7555
Email: dee.miles@beasleyallen.com

Michael C. Dodge – *Expert Committee*
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel:  (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel:  (205) 908-6512
Email: mgurleyjr@yahoo.com

Lynn W. Jinks, III – *Expert Committee*
Christina D. Crow – *Discovery Committee*
JINKS CROW & DICKSON, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel:  (334) 738-4225
Fax:  (334) 738-4229
Email: ljinks@jinkslaw.com
          ccrow@jinkslaw.com

Myron C. Penn – *Discovery Committee*
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel:  (334) 738-4486
Fax:  (334) 738-4432
Email: myronpenn28@hotmail.com

9

Harley S. Tropin – *Damages Committee*
Javier A. Lopez – *Discovery Committee*
KOZYAK TROPIN &
  THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel:  (305) 372-1800
Fax:  (305) 372-3508
Email: hst@kttlaw.com
        jal@kttlaw.com

C. Wes Pittman – *Settlement Committee*
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel:  (850) 784-9000
Fax:  (850) 763-6787
Email: wes@pittmanfirm.com

Robert B. Roden – *Litigation Committee*
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel:  (205) 933-8383
Fax:  (205) 933-8386
Email: rroden@shelbyroden.com

Gary E. Mason – *Class Certification Committee*
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Tel:  (202) 429-2290
Fax:  (202) 640-1160
Email: gmason@wbmllp.com

Michael L. Murphy – *Discovery Committee*
BAILEY GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC  20006
Tel:  (202) 463-2101
Fax: (202) 463-2103
Email: mmurphy@baileyglasser.com

J. Preston Strom, Jr. – *Litigation Committee*
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel:  (803) 252-4800
Fax:  (803) 252-4801
Email: petestrom@stromlaw.com

Thomas V. Bender – *Discovery Committee*
Dirk L. Hubbard
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Tel:  (816) 421-0700
Email:  tbender@hab-law.com
        dhubbard@hab-law.com

Gregory S. Cusimano – *Litigation
Committee*
CUSIMANO, ROBERTS & MILLS, LLC
153 South 9th Street
Gadsden, AL  35901
Phone: (256) 543-0400
Fax: (256) 543-0488
Email:  greg@alalawyers.net

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel:  (320) 289-2363
Fax:  (320) 289-2369
Email: brian@wojtalewiczlawfirm.com

Archie C. Lamb, Jr.
ARCHIE LAMB & ASSOCIATES, LLC
301 19th Street North, Suite 585
The Kress Bldg.
Birmingham, AL 35203-3145
(205) 458-1210
Email: alamb@archielamb.com

10

Lance Michael Sears
SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel:  (719) 471-1984
Fax:  (719) 577-4356
Email: lance@searsassociates.com


Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK  99501
Tel:  (907) 277-5400
Fax:  (907) 277-9896
Email:  Jessica@dillonfindley.com
        Ray@dillonfindley.com
        Molly@dillonfindley.com

Cynthia C. Moser
HEIDMAN LAW FIRM
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA  51101
Tel:  (712) 255-8838
Fax  (712) 258-6714
Email:  Cynthia.Moser@heidmanlaw.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA  51101
Tel:  (712) 234-3030
Fax:  (712) 234-3034
Email:  paul@lundberglawfirm.com


Gwen Simons
Simons & Associates Law, P.A.
P.O. Box 1238
Scarborough, ME 04070-1238
Tel: (207) 205-2045
Fax: (207) 883-7225
Email: gwen@simonsassociateslaw.com

11