# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406 : : : : : : : | Master File 2:13-cv-20000-RDP<br><br>This document relates to:<br>Subscriber Track cases |

## SUBSCRIBERS' MOTION FOR AN EXPENSE BOND

Consistent with this Court's March 7, 2023 Order, ECF No. 3035, Objectors are responsible for replenishing the $100 million Notice and Administration Fund for the expenses associated with their prolonged and unsuccessful appeals. To that end, Subscribers move this Court to invoke its inherent power to require replenishment by imposing an expense bond of $14.4 million on any Objectors—beginning with Home Depot—who seek a further discretionary review by the Supreme Court of the United States. Though the March 2023 Order plainly entitles Subscribers to seek a replenishment payment today, a lesser remedy would also be appropriate. A bond will mark Objectors' *eventual* replenishment of the Notice and Administration Fund to compensate the Subscriber Class for $9.4 million in concrete administrative expenses already incurred as a direct result of Objectors protracted and unsuccessful appeals and for $5 million in expected expenses tied to future delays. And at minimum, forecasting Objectors' eventual liability for these expenses will allow the parties to plan for the conclusion of this matter.

Subscribers also request that the Court set down a hearing on the motion at the earliest available time, in the interests of the Class.

## INTRODUCTION AND SUMMARY OF ARGUMENT

More than eighteen months after the Court entered its Final Order and Judgment approving this historic class action Settlement on August 9, 2022 ("Final Approval"), ECF No. 2931,

Subscribers remain unable to complete the necessary tasks of settlement administration. Instead, six objectors (collectively the "Objectors") have held Subscribers hostage through their prolonged and unsuccessful appeals. Unanimously rejected by every Judge and at every stage, Objectors' appeals plainly lack merit. The Eleventh Circuit has now affirmed this Court's dismissal of all objections to the Settlement, denying all appeals and petitions for rehearing *en banc*.[1] *In re Blue Cross Blue Shield Antitrust Litigation*, No. 22-13051 (11th Cir. Oct. 25, 2023), ECF No. 228-1; *Id*. (Jan. 26, 2024), ECF No. 251. But Objector Home Depot has recently announced that it will seek a writ of *certiorari*, potentially compounding these delays by an additional half-year or more.[2]

Meanwhile, Subscribers continue to pay documented and tangible monthly expenses to keep the settlement machinery in suspended animation (including data storage, call centers, websites, and online communications, as well as the cost of cybersecurity insurance) until the Settlement proceeds can be disbursed to the Class. Equity demands that Objectors—not Subscribers or the Blues—shoulder the additional expenses directly caused by this delay. Indeed, the alternative conditions for replenishment set forth in this Court's March 2023 Memorandum Order, ECF No. 3035 at 12 (the "March 2023 Order"), either have been, or will be, satisfied: Objectors' appeals were and are "particularly prolonged," and are likely to prove "eventually unsuccessful" upon the Supreme Court's final review. By exercising its inherent power, this Court can protect the full value of the Settlement for Subscribers[3] and require Objectors pursuing further fruitless appeals to replenish the Notice and Administration Fund for the resulting expense. And

---

[1] Home Depot and David Behenna filed petitions for rehearing *en banc* after the Eleventh Circuit panel unanimously dismissed their appeals.

[2] Objectors Topographic, Inc. and Employee Services, Inc. have advised that they will not seek *certiorari*. The remaining Objectors have not yet announced their plans.

[3] Although Subscribers do not seek relief for it in this motion, they also note that delay prevents the full panoply of injunctive relief from taking effect, which further injures the Class by depriving it of the Settlement's economic benefits.

although replenishment today would be a fitting solution, a more modest remedy would also address Objectors' conduct. Home Depot and any other Objectors electing to seek Supreme Court review of arguments that have, by now, failed under the scrutiny of fourteen federal judges, should be ordered to post a bond to secure notice and administration expenses of $14.4 million, including expenses already billed to the Fund and the anticipated expenses of further delay.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I. The Court issues its Final Approval of the Settlement.

This Court's Final Approval on August 9, 2022, marked the culmination of nearly a decade of extraordinarily complex litigation, negotiation, and hard-fought compromise. ECF No. 2931. The Settlement garnered widespread approval, with an exceedingly small number of Class members—a mere six out of 100 million—filing four appeals from the grant of Final Approval. ECF No. 3035 at 4. But the Settlement Agreement stipulates that no payments can be made to the Class until all pending appeals of this Court's Final Approval have been resolved. ECF No. 2610-2 at 25, ¶ 8(a)(viii).[4] Since Final Approval, Settlement Administrator JND Legal Administration ("JND") has therefore been forced to perform ongoing "maintenance" on the Settlement and the Class—such as responding to Class member inquiries and managing vast repositories of Class and insurance claim data—while it remains handcuffed and unable to adjudicate and pay claims.

---

[4] Although appeals pertaining only to the Plan of Distribution or the Fee and Expense Order do not delay the Effective Date of the Settlement—theoretically allowing Settlement administration and distribution work to begin, ECF No. 2610-2 at 25, ¶ 8(c)—this is impossible as a practical matter. A reversal of the Plan of Distribution or the Fee and Expense Order would naturally require a revised scheme of distribution. Thus, even appeals that do not seek to overturn the Final Approval impose equal delays and administrative costs on Subscribers, who must wait for a resolution in any case before they can begin making payments to the Class.

**II.    Objectors refuse to shorten the appeals period or compensate the Class for injuries caused by them.**

To minimize delays and the attendant expenses, after Objectors noted their appeals, Subscribers moved to expedite Objectors' appeals in the Eleventh Circuit. Several Objectors opposed *any* changes to the briefing schedule, rejecting Subscribers' effort to expedite the timeline to resolve their pending Eleventh Circuit appeals.[5] But even as they opposed expedited review, Objectors *also* opposed Subscribers' Motion for Appeal Bond to ensure that the Class would ultimately be compensated for losses arising directly from Objectors' delays. *See* ECF Nos. 3001, 3003, 3004, 3005. In their appeal bond motion, Subscribers identified a primary, concrete injury to the Class resulting from Objectors' actions: the administrative expense of maintaining the Settlement during appeals. ECF No. 3007 at 3, 2996 at 4. Subscribers forecast that the administrative expenses over a two-year appeal period would exceed $10 million. Bian Decl., ECF No. 2996-1 at 1, ¶ 3. These costs are solely attributable to Objectors: without Objectors' appeals, they would not have been incurred.

**III.   This Court rules it has "inherent power" to order Objectors to replenish the Notice and Administration Fund.**

After extensive briefing followed by oral argument, this Court issued the March 2023 Order on Subscribers' motion. ECF No. 3035. The Order recognized Subscribers' concerns about ongoing administrative expenses that threaten to deplete the Notice and Administration Fund before the Settlement could be fully administered and then disbursed. This Court declined to impose a bond for such administrative expenses at that time, but held that it could exercise its

---

[5] Objectors Home Depot and David Behenna opposed any change to the briefing schedule. *See* The Home Depot Appellants' Response To Motion To Consolidate And To Expedite Appeals, No. 22-13051, (Oct. 12, 2022); and Appellant's Response in Opposition to Plaintiffs-Appellees' Motion to Consolidate and Expedite Appeals, No.22-13051 (Oct. 17, 2022).

inherent powers to require Objectors to reimburse Subscribers for administrative expenses allotted to the Notice and Administration Fund:

> The [C]ourt could . . . entertain such a petition for replenishment seeking replenishment from Objector-Appellants under the [C]ourt's inherent powers if their appeals are particularly prolonged and/or eventually unsuccessful.

ECF No. 3035 at 12.

### IV. The Eleventh Circuit affirms this Court's Final Approval and rejects Objectors a second time.

On October 25, 2023, more than a year after Final Approval, the Eleventh Circuit affirmed this Court's dismissal of Objectors' arguments and upheld this Court's Final Approval of the Settlement Agreement. *In re Blue Cross Blue Shield Antitrust Litigation*, No. 22-13051 (11th Cir. Oct. 25, 2023), ECF No. 228-1. Writing for the Court in a published decision, Circuit Chief Judge William Pryor rejected each Objector's arguments in turn and concluded that the Objectors had failed to establish that this Court abused its discretion. *Id*. at 3. Instead, the Court of Appeals remarked that Objectors had failed to provide evidence for their claims, in contrast with this Court's findings regarding the Settlement's fairness and adequacy, which were supported by "extensive evidence," including expert testimony and exhibits. *See, e.g., id*. at 18, 21, 22, 25–29, 33, 37, 41–42, 43.

### V. The Eleventh Circuit summarily denies Objectors Home Depot and David Behenna's petitions for rehearing *en banc*.

After the Eleventh Circuit panel dismissed Objectors' appeals, Home Depot and David Behenna continued to exacerbate the delay by filing separate petitions for rehearing *en banc*. The Home Depot Appellants' Pet. for Reh'g *En Banc*, No. 22-13051 (Nov. 15, 2023), ECF No. 234, Appellant David G. Behenna's Pet. for Reh'g *En Banc*, No. 22-13051 (Dec. 15, 2023), ECF No. 237. In keeping with their earlier refusal to expedite the appeals, Home Depot requested *en banc*

review on November 15, 2023—the last possible day to file a petition. The Home Depot Appellants' Pet. for Reh'g *En Banc*, No. 22-13051 (Nov. 15, 2023), ECF No. 234. That day, David Behenna applied for a 30-day extension and eventually filed his petition on December 15, 2023, the final day of the extended window. Mot. for Extension of Time, No. 22-13051 (Nov. 15, 2023), ECF No. 233, *id*. (Dec. 15, 2023).

On January 26, 2024, the Eleventh Circuit denied both petitions in a concise order noting only that "no judge in regular active service on the court" had requested *en banc* review. No. 22-13051 (11th Cir. Jan. 26, 2024), ECF No. 251. By then, Home Depot and David Behenna's do-over claims had been unanimously rejected by fourteen different judges—first by this Court and then by all twelve active-duty Eleventh Circuit Judges, plus U.S. District Court Judge Thomas Barber, who sat by designation on the unanimous appellate panel. The Eleventh Circuit issued its mandate on February 5, 2024, returning jurisdiction over the case to this Court. No. 22-13051 (11th Cir. Feb. 5, 2024), ECF No. 253-2; *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005) (district court re-acquires jurisdiction once the court of appeals issues its mandate).

## ARGUMENT

**I.  This Court should exercise its inherent power to compel any objector filing a petition for *certiorari* to cover the administrative expenses of delay.**

The March 2023 Order leaves no doubt about the basis for this Court's inherent power to require Objectors to replenish the Notice and Administration Fund, including the exercise of that power to secure its judgment. ECF No. 3035 at 9, 12 ("The court could also entertain such a petition for replenishment seeking replenishment from Objector-Appellants under the court's inherent powers, if their appeals are particularly prolonged and/or eventually unsuccessful.") *See also* ECF No. 2996 at 13–14 (discussing this Court's inherent authority to impose bonds). This Court established two alternative conditions as a predicate for exercising that authority: the

6

Objectors' appeals are either (1) "particularly prolonged," (2) "eventually unsuccessful," or both. *Id.*

The first alternative condition is plainly met: Objectors' appeals have been particularly prolonged—more than a year has and a half has passed since Final Approval—and threaten to become more so if Objectors elect to seek *certiorari,* drawing out their appeals as far as the federal courts allow. For that reason alone, Subscribers would be well within their rights to seek replenishment for all expenses from all Objectors under the terms of the March 2023 Order. And depending on whether Objectors seek *cert.*, the Order's second alternative condition has been either fulfilled today or will become so later this year. This Court should not wait for that day. Now is the time for this Court to exercise its inherent power to make Subscribers whole, because Objectors[6] are directly responsible for the expenses of delayed and prolonged administration.

But in consideration of the Objectors' right—however futile—to seek Supreme Court review, Subscribers' concerns can be addressed by lesser measures which need not cover all Objectors: Subscribers ask only that this Court order Objectors pursuing *additional* appeals in the Supreme Court to post a bond to cover the replenishment of the Notice and Administration Fund once Subscribers prevail.

**II.   Objectors have stalled the Settlement for seventeen months and threaten many more months of delay by seeking Supreme Court review of their thrice-rejected arguments.**

A year and a half after this Court issued its Final Approval of the Settlement Agreement, there is no end in sight to Objectors' appeals. Though Objectors have failed to resuscitate their

---

[6] Though Objector Behenna only "appealed the Fee and Expense Order," and not the Final Approval, ECF No. 3035 at 12, he bears equal responsibility for the costs of delay. If he had succeeded in overturning this Court's Fee and Expense Order, the parties would have been forced to create a revised Plan of Distribution. As long as that possibility remains on the table, it would be imprudent to begin distributing Settlement proceeds or to dismantle the expensive administrative apparatus established to implement the Settlement.

7

meritless objections at every stage, only Objectors Topographic, Inc. and Employee Services, Inc. have disclaimed an interest in filing a petition for *certiorari* to the United States Supreme Court, while Home Depot has made clear that it will seek *cert*. The resolution of the remaining Objectors' appeals will extend well into the Spring of 2024. And in the worst case, if their petitions are not fully submitted by June 2024, Subscribers run the risk that Objectors' petitions may not be reviewed until the Supreme Court's October 2024 Term. By then, more than two long years will have passed since this Court approved the Settlement Agreement.

The mathematics of delay are straightforward. Supreme Court Rules generally require petitions for a writ of *certiorari* to be filed within 90 days from the date of entry of the judgment sought to be reviewed. Sup. Ct. R. 13.1, 13.3. When any party files a petition for rehearing in the lower court, the time to file the petition runs from the date of the denial of rehearing. Sup. Ct. R. 13.3. And for good cause, the 90-day filing period may also be extended "for a period not exceeding 60 days." Sup. Ct. R. 13.5. Briefs in opposition are not mandatory but must be filed within 30 days after docketing unless an extension is granted. Sup. Ct. R. 15.3. If the respondent does not waive its right to respond, the Court will wait until the time to file opposition briefs has expired to consider the petition at the next conference.

The last conference of the current Term is June 20, 2024. Supreme Court of the United States, *2023 Term Court Calendar*, supremecourt.gov, https://www.Supremecourt.gov/oral_arguments/2023TermCourtCalendar.pdf (last visited Feb. 28, 2024). Cases not fully submitted before then—which realistically means by early June 2024—will not be considered until the opening conference of the next Term. *See, e.g.*, Supreme Court of the United States, *Case Distribution Schedule (Summer) – October Term 2023*, supremecourt.gov,

https://www.supremecourt.gov/casedistribution/ casedistributionschedule2023summer.pdf (last visited Feb. 28, 2024).

Thus, any Objector may file a petition for a writ of *certiorari* on or before April 25, 2024, or 90 days after the denial of the petitions for rehearing *en banc*. 11th Cir. No. 22-13051 (Jan. 26, 2024), ECF No. 251. If an Objector obtains an extension for good cause, however, the deadline to file for *certiorari* may be as late as June 24, 2024—four days after the last conference of the October 2023 Term. In that case, the Supreme Court would not deny the petition until at least October 2024—more than two full years after this Court approved the Settlement Agreement.

### III. Objectors' prolonged, unsuccessful appeals are depleting the Notice and Administration Fund and injuring the Class.

Each additional month of delay increases the expense of maintaining the Settlement in suspended animation. That is because JND cannot begin to distribute the Settlement proceeds before all appeals have been resolved. But JND cannot stand down, either: it must maintain and periodically refresh its vast databases of claim data and personal information like addresses and account details, for 100 million Class members. Ex. A, Jones Decl., at ¶ 9. In addition, eight million Class members have already filed claims for compensation. But after a year and a half of delays, the contact information for Class members is likely to become stale as those members move or pass away. For a 100-million-member Class, such databases are expensive and labor-intensive to maintain over time. Failure to maintain the databases while the appeals remain pending would cause additional costly and unnecessary delays when JND finally receives the green light to adjudicate claims and begin distributing funds.

Another significant part of JND's work involves communicating with the Class. JND operates a call center, a website, and email accounts to respond to inquiries from Class members (mostly about the status of their checks) and provide class-wide notices during the appeals period.

9

*Id*. The parties also pay premiums for cybersecurity insurance to protect its trove of Settlement-related data. *Id*. at ¶ 10. Separately, Subscribers' litigation and discovery databases (which took ten years to create and include irreplaceable work product) cannot be wiped during the pendency of appeals and make up the third major category of administrative expenses. *Id*. at ¶ 11.

All told, JND's CFO placed the expense to the Notice and Administration Fund of a 24-month delay at more than $10 million, including $8.4 million in operational expenses ($350,000 per month), Bian Decl. ECF No. 2996-1 at ¶ 4, while the most recent payments for cybersecurity insurance premiums approximate $2.1 million per year, Ex. A, Jones Decl., at ¶ 10. In addition, Class Counsel pegs the expense of maintaining Subscribers' litigation database at around $30,000 per month. Ex. A, Jones Decl. at ¶ 11. Thus, each incremental month of delay costs the Notice and Administration Fund approximately $555,000.[7] *Id* at ¶ 12. In the seventeen months between Final Approval and the denial of petitions for rehearing *en banc*, Objectors have therefore caused an estimated additional $9.4 million in expenses for the Notice and Administration Fund.

Similarly, any Objector filing a petition for *certiorari* will be responsible for an additional delay of up to nine months from the January 2024 denial of *en banc* petitions (if the *cert*. petition is reviewed at the start of the October 2024 Term) or more. A nine-month delay will cost an estimated additional $5 million. The brunt of these delay expenses should be borne by those most responsible—in this case, Objectors who seek *certiorari* even after three rejections of their claims. This Court should make it clear that such Objectors will be liable for the expenses of delay once their appeals have been dismissed. And a bond today will eliminate the need for additional briefing and argument when Objectors' final bite at the apple fails.

---

[7] JND's operational expenses total $350,000 per month, the cybersecurity insurance premiums (billed per year) breaks down to $175,000 per month, and the litigation vendor charges total $30,000 per month. The aggregate administrative charges (rounded down) are therefore $555,000.

For now, the Notice and Administration Fund remains solvent. But once the original $100 million balance runs out, the Class may bear the risk for additional administrative charges unless the Court requires the Blues or Objectors to cover the excess. JND and Class Counsel state that it is all but certain that the $100 million threshold will be surpassed. Bian Decl. ECF No. 2996-1 at ¶ 5; Ex. A, Jones Decl., at ¶ 8. Today, only $17.9 million remains in the fund, while a large portion of administrative work, including the distribution of the entire Settlement, remains outstanding. Ex. A, Jones Decl. at ¶¶ 6-7. This Court should exercise its inherent power to require Objectors pursuing additional appeals to pay their fair share—and in the interim, at minimum, to post a bond to guarantee that payment.

**IV.   This Court should require Objectors seeking *certiorari* to post a bond to replenish the Notice and Administration Fund for the existing expenses of delay and anticipated expenses of future delays.**

The March 2023 Order underlines this Court's inherent power to hold Objectors responsible for the costs of "particularly prolonged" and "eventually unsuccessful" appeals.

Subscribers attach a Proposed Order compelling Objectors to post a bond of $14.4 million within seven days of filing any petition for *certiorari* (or any motion seeking to extend the timeline for filing such a petition), to cover the payment of administrative expenses billed to date and anticipated expenses tied to future delays. As before, Subscribers do not oppose holding such Objectors jointly and severally liable. Accounting for Objectors' ability to pay, Subscribers propose that individual Objectors should collectively post a $140,000 bond against delay expenses, with the balance of the $14.4 million to be paid or posted by any corporate Objector seeking additional review.

## **CONCLUSION**

For the foregoing reasons, this Court should set a hearing at the earliest available time to consider this motion. And upon consideration, this Court should exercise its inherent power and require those Objectors pursuing additional appeals to post a bond to compensate Subscribers for administrative expenses through the ultimate disposition of their appeals, as described herein.

On this 6th day of March, 2024                                     Respectfully submitted,

| | |
|---|---|
| David Boies – ***Co-Lead Counsel***<br>BOIES, SCHILLER & FLEXNER LLP<br>333 Main Street<br>Armonk, NY 10504<br>Tel: (914) 749-8200<br>Fax: (914) 749-8200<br>dboies@bsfllp.com |   /s/ David Guin                       <br>David Guin – ***Co-Chair, Written Submissions Committee***<br>Tammy Stokes – ***Damages Committee***<br>GUIN, STOKES & EVANS, LLC<br>300 Richard Arrington Jr. Blvd. North<br>Suite 600/Title Building<br>Birmingham, AL 35203<br>Tel: (205) 226-2282<br>Fax: (205) 226-2357<br>davidg@gseattorneys.com<br>tammys@gseattorneys.com |
| Michael Hausfeld – ***Co-Lead Counsel***<br>HAUSFELD LLP<br>1700 K Street NW, Suite 650<br>Washington, DC 20006<br>Tel: (202) 540-7200<br>Fax: (202) 540-7201<br>mhausfeld@hausfeldllp.com | Charles J. Cooper – ***Co-Chair, Written Submissions Committee & PSC Member***<br>COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue NW<br>Washington, DC 20036<br>Tel: (202) 220-9600<br>Fax: (202) 220-9601<br>ccooper@cooperkirk.com |

Chris T. Hellums – *Local Facilitating Counsel*
PITTMAN, DUTTON & HELLUMS, P.C.
2001 Park Place N, 1100 Park Place Tower
Birmingham, AL 35203
Tel: (205) 322-8880
Fax: (205) 328-2711
chrish@pittmandutton.com

  /s/ Cyril V. Smith
Cyril V. Smith – *PSC Member*
Almas Abdulla
ZUCKERMAN SPAEDER, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031
Tel: (410) 949-1145
Fax: (410) 659-0436
csmith@zuckerman.com
aabdulla@zuckerman.com

Gregory Davis – *Settlement Committee & PSC Member*
DAVIS & TALIAFERRO, LLC
7031 Halcyon Park Drive
Montgomery, AL 36117
Tel: (334) 832-9080
Fax: (334) 409-7001
gldavis@knology.net

William A. Isaacson – *Settlement Committee & PSC Member*
PAUL WEISS
2001 K Street, NW
Washington, DC 20006-1047
wisaacson@paulweiss.com

Kathleen Chavez – *Settlement Committee & PSC Member*
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
kcc@fmcolaw.com

Megan Jones – *Settlement Committee & PSC Member*
Arthur Bailey – *Discovery Committee*
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
mjones@hausfeldllp.com
abailey@hausfeldllp.com

Eric L. Cramer – *Expert Committee*
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Tel: 1-800-424-6690
Fax: (215) 875-4604
ecramer@bm.net

Warren T. Burns – *Counsel for the Self-Funded Sub-Class*
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Tel: (469) 904-4550
Fax: (469) 444-5002
wburns@burnscharest.com

Patrick Cafferty – ***Discovery Committee***
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
101 North Main Street, Suite 565
Ann Arbor, MI 48104
Tel: (734) 769-2144
Fax: (734) 769-1207
pcafferty@caffertyclobes.com

Richard Feinstein – ***Expert Committee***
Karen Dyer – ***Expert Committee***
Hamish P.M. Hume – ***Discovery Committee***
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Avenue NW
Washington, DC 20015
Tel: (202) 237-2727
Fax: (202) 237-6131
tchutkan@bsfllp.com
kdyer@bsfllp.com
hhume@bsfllp.com

Douglas Dellaccio – ***Litigation Committee***
CORY WATSON CROWDER & DEGARIS, P.C.
2131 Magnolia Avenue, Suite 200
Birmingham, AL 32505
Tel: (205) 328-2200
Fax: (205) 324-7896
ddellaccio@cwcd.com

Bryan Clobes – ***Litigation Committee***
Ellen Meriwether – ***Written Submissions Committee***
CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Tel: (215) 864-2800
Fax: (215) 864-2810
bclobes@caffertyclobes.com
emeriwether@caffertyclobes.com

Edwin J. Kilpela, Jr.
Benjamin Sweet – ***Litigation Committee***
DEL SOLE CAVANAUGH STROYD LLC
200 First Avenue, Suite 300
Pittsburgh, PA 15222
Tel: (412) 261-2393
Fax: (412) 261-2110
ekilpela@dsclaw.com
bsweet@dsclaw.com

Robert M. Foote – ***Damages Committee***
FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
10 West State Street, Suite 200
Geneva, IL 60134
Tel: (630) 797-3339
Fax: (630) 232-7452
rmf@fmcolaw.com

Charles T. Caliendo – ***Class Certification Committee***
GRANT & EISENHOFER
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500
Fax: (646) 722-8501
ccaliendo@gelaw.com

Robert Eisler – ***Discovery Committee***
GRANT & EISENHOFER
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100
reisler@gelaw.com

Daniel Gustafson – *Litigation Committee*
Daniel C. Hedlund – *Damages Committee*
GUSTAFSON GLUEK PLLC
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

John Saxon – *Litigation Committee*
JOHN D. SAXON, P.C.
2119 3rd Avenue North
Birmingham, AL 35203-3314
Tel: (205) 324-0223
Fax: (205) 323-1583
jsaxon@saxonattorneys.com

Andrew Lemmon – *Chair, Discovery Committee*
LEMMON LAW FIRM
650 Poydras Street, Suite 2335
New Orleans, LA 70130
Tel: (504) 581-5644
Fax: (504) 581-2156
andrew@lemmonlawfirm.com

Robert Methvin – *Chair, Settlement Committee*
James M. Terrell – *Class Certification Committee*
MCCALLUM, METHVIN & TERRELL, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Tel: (205) 939-0199
Fax: (205) 939-0399
rgm@mmlaw.net
jterrell@mmlaw.net

Brent Hazzard – *Litigation Committee*
HAZZARD LAW, LLC
447 Northpark Drive
Ridgeland, MS 39157
Tel: (601) 977-5253
Fax: (601) 977-5236
brenthazzard@yahoo.com

Lawrence Jones – *Damages Committee*
JONES WARD PLC
312 South Fourth Street, Sixth Floor
Louisville, KY 40202
Tel: (502) 882-6000
larry@jonesward.com

Virginia Buchanan – *Chair, Class Certification Committee*
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7000
Fax: (850) 435-7020
vbuchanan@levinlaw.com

Michael McGartland – *Class Certification Committee*
MCGARTLAND & BORCHARDT LLP
1300 South University Drive, Suite 500
Fort Worth, TX 76107
Tel: (817) 332-9300
Fax: (817) 332-9301
mike@attorneysmb.com

| | |
|---|---|
| H. Lewis Gillis – *Co-Head Chair, Litigation Committee*<br>MEANS GILLIS LAW, LLC<br>3121 Zelda Court<br>Montgomery, AL 36106<br>Tel: 1-800-626-9684<br>hlgillis@tmgslaw.com | David J. Hodge – *Chair, Settlement Committee*<br>MORRIS, KING & HODGE<br>200 Pratt Avenue NE<br>Huntsville, AL 35801<br>Tel: (256) 536-0588<br>Fax: (256) 533-1504<br>lstewart@alinjurylaw.com |
| Dianne M. Nast – *Class Certification Committee*<br>NASTLAW LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107<br>Tel: (215) 923-9300<br>Fax: (215) 923-9302<br>dnast@nastlaw.com | Patrick W. Pendley – *Chair, Damages Committee*<br>Christopher Coffin – *State Liaison Committee*<br>PENDLEY, BAUDIN & COFFIN, LLP<br>Post Office Drawer 71<br>Plaquemine, LA 70765<br>Tel: (225) 687-6369<br>pwpendley@pbclawfirm.com<br>ccoffin@pbclawfirm.com |
| Edgar D. Gankendorff – *Co-Head Chair, Litigation Committee*<br>Eric R.G. Belin – *Damages Committee*<br>PROVOSTY & GANKENDORFF, LLC<br>650 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Tel: (504) 410-2795<br>Fax: (504) 410-2796<br>egankendorff@provostylaw.com<br>ebelin@provostylaw.com | Richard Rouco – *Written Submissions Committee*<br>QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP<br>2700 Highway 280 East, Suite 380<br>Birmingham, AL 35223<br>Tel: (205) 870-9989<br>Fax: (205) 870-9989<br>rrouco@qcwdr.com |
| Garrett Blanchfield – *Written Submissions Committee*<br>REINHARDT, WENDORF & BLANCHFIELD<br>E-1250 First National Bank Building<br>332 Minnesota Street<br>St. Paul, MN 55101<br>Tel: (651) 287-2100<br>Fax: (651) 287-2103<br>g.blanchfield@rwblawfirm.com | Jason Thompson – *Damages Committee*<br>SOMMERS SCHWARTZ<br>One Towne Square, 17th Floor<br>Southfield, MI 48076<br>Tel: (248) 355-0300<br>jthompson@sommerspc.com |

| | |
|---|---|
| Larry McDevitt – ***Chair, Class Certification Committee*** <br> David Wilkerson – ***Discovery Committee*** <br> VAN WINKLE LAW FIRM <br> 11 North Market Street <br> Asheville, NC 28801 <br> Tel: (828) 258-2991 <br> lmcdevitt@vwlawfirm.com <br> dwilkerson@vwlawfirm.com | Carl S. Kravitz – ***Expert Committee*** <br> ZUCKERMAN SPAEDER LLP <br> 1800 M Street NW, Suite 1000 <br> Washington, DC 20036-5807 <br> Tel: (202) 778-1800 <br> Fax: (202) 822-8106 <br> ckravitz@zuckerman.com |

*Subscriber Plaintiff Co-Lead Counsel and Committee Chairs and Members*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 6, 2024, the foregoing was filed with the Clerk of the Court and served on counsel of record via ECF, and served on each Objector by email and/or Federal Express.

                                                 /s/ David Guin