FILED

2024 Mar-13  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This document relates to Subscriber-Track cases.** |

## DECLARATION OF LAURA A. KOMAREK IN SUPPORT OF WELLS FARGO'S UNOPPOSED MOTION FOR LEAVE TO FILE LATE CLAIM WITH THE SUBSCRIBER DAMAGES CLASS

I, Laura A. Komarek, declare under oath, that:

1.      On January 11, 2023, following this Court's December 19, 2022 Order Granting Wells Fargo & Company's and the Wells Fargo & Company Health Plan's (for Eligible Active Employees and Their Dependents) (collectively, "Wells Fargo") Unopposed Motion to Withdraw Exclusion Request and Rejoin the Subscriber Damages Class, I emailed the Blue Cross Blue Shield Antitrust Litigation claims administrator ("Claims Administrator") a letter enclosing the Court's December 19, 2022 Order.  *See* Ex. 1.

2.      On January 13, 2023, the Claims Administrator responded by email confirming "that Wells Fargo's exclusion is withdrawn," but indicating that it was "unable to locate a claim form," but that "[i]f Wells Fargo would like to submit a late claim, they may download a copy of the claim form, available on the Important Documents page of the Settlement website, www.BCBSsettlement.com, and submit it by mail or email."  The Claims Administrator's email concluded, that "[a]ll late claims will be discussed with the Parties and the Court."  *See* Ex. 2.

1

3.    On January 20, 2023, I sent another email to the Claims Administrator attaching Wells Fargo's claim form.[1]  In that same email, I explained that "[i]t is our position that Wells Fargo's late claim has been discussed by the Parties and the Court, and was approved per the Court's Order dated December 19, 2022 (included as Exhibit A to the attached January 11 letter)." *See* Ex. 3.

4.    I again followed up with the Claims Administrator on January 31, 2023 and February 7, 2023.  *See* Exs. 4 and 5.  In each of these emails, I stated that "it is our position that Wells Fargo's late claim has been discussed by the Parties and the Court, and was approved per the Court's Order dated December 19, 2022 (included as Exhibit A to the attached January 11 letter). *Please let us know if you disagree with our position now that you've had a chance to review the Claim Form and the Court's December 19, 2022 Order*."  *Id.* (emphasis added).

5.    It was not until February 17, 2023 that the Claims Administrator responded to my January 20, January 31 and February 7 2023 emails.  The Claims Administrator's February 17, 2023 email correspondence stated: "We received your message and will reply when we are able."  *See* Ex. 6.

6.    I emailed the Claims Administrator again on March 23, 2023 and April 17, 2023, and stated, "it is our position that Wells Fargo's late claim has been discussed by the Parties and the Court, and was approved per the Court's Order dated December 19, 2022 (included as Exhibit A to the attached January 11 letter). *Please let us know if you disagree with our position now that you've had a chance to review the Claim Form and the Court's December 19, 2022 Order*." *See* Exs. 7 and 8.

---

[1]  Wells Fargo's claim form is being intentionally withheld where it would otherwise appear as an attachment to exhibits to this declaration.

7.    I did not receive any response from the Claims Administrator in response to my March 23, 2023 and April 17, 2023 emails.

8.    After the Eleventh Circuit issued its decision in this matter on October 25, 2023, I emailed the Claims Administrator again on October 31, 2023, and said:

> I write to follow up on my January 31, February 7, March 23, and April 17, 2023 emails.  As stated previously, it is our position that Wells Fargo's late claim has been discussed by the Parties and the Court, and was approved per the Court's Order dated December 19, 2022 (included as Exhibit A to the attached January 11 letter). ***Please let us know if you disagree with our position now that you've had a chance to review the Claim Form and the Court's December 19, 2022 Order.***

*See* Ex. 9 (emphasis added).

9.    On November 1, 2023, I received the following response from the Claims Administrator: "The Court-ordered claim filing deadline was November 5, 2021. All late claims will be discussed with the Parties and the Court. Additional information about the Settlement is available on the Settlement website at www.BCBSsettlement.com." *See* Ex. 10.

10.    I responded to the Claims Administrator on November 2, 2023, and stated in pertinent part:

> Wells Fargo's claim has already been discussed with the Parties in the Court . . . .  Per the Court's December 19, 2022 Order, Wells Fargo is now a member of the Subscriber Damages Class.  It is our position that Wells Fargo's late claim has been discussed by the Parties and the Court, and was approved per the Court's Order dated December 19, 2022 (included as Exhibit A to the attached January 11 letter).  ***Please let us know if you disagree with our position now that you've had a chance to review the Claim Form and the Court's December 19, 2022 Order***.

Ex. 11 (emphasis added).

11.    The Claims Administrator responded on November 2, 2023, and stated:  "The deadline for Damages Class Members to file a timely claim was November 5, 2021. All late claims will be discussed with the Parties and the Court."  Ex. 12.

3

12.    On November 9, 2023, I spoke (telephonically) with two representatives from the Claims Administrator.  I explained that December 16, 2022 the District Court for the Northern District of Alabama, Southern Division, granted Wells Fargo's Motion to Withdraw its Exclusion Request and Rejoin the Subscriber Damages Class, and asked for confirmation that on the Claims Administrator's end they have confirmation Wells Fargo is now a member of the Subscriber Damages Class.  The Claims Administrator informed me that they can confirm that they have received the Court's order, the late claim, but that all late claims will be discussed with the parties and the court.  I again articulated Wells Fargo's position that Wells Fargo's late claim has been discussed with the parties and the Court.

13.    On December 12, 2023, I emailed Class Counsel for the Subscriber Damages Class to inform them of: (i) the Court's December 19, 2022 Order granting Wells Fargo's Motion to Withdraw its Exclusion Request and Rejoin the Subscriber Damages Class; (ii) Wells Fargo's email correspondence with the Claims Administrator; (iii) Wells Fargo's position that its late claim submission has already been discussed by the parties and the Court; and (iv) a recap of my November 9, 2023 telephonic conversation with the Claims Administrator.  Ex. 13.

14.    In response, on December 14, 2023 Class Counsel for the Subscriber Damages Class from Boies Schiller Flexner LLP ("Boies Schiller Class Counsel") informed me that " . . . [b]ecause the case is still on appeal a lot of the claims and confirmation process has not taken place yet*.  **But we should be able to confirm that your materials have been received and that you are in the system as a claimant**.*"  Ex. 14 (emphasis added).

15.    I followed up with Boies Schiller Class Counsel again four (4) more times: on January 2, 2024; February 5, 2024; February 12, 2024; and February 20, 2024.  *See* Ex. 15.

4

16.     In response to my January and February 2024 correspondence, Boies Schiller Class Counsel responded on January 15, 2024 and February 14, 2024 that they still were working to get an answer from the Claims Administrator.  *See* Ex. 15.

17.     In response to my email dated February 20, 2024, Boies Schiller Class Counsel Class informed me for the first time on February 26, 2024 that it was their position that the Court's December 19, 2022 Order did not permit Wells Fargo to file a late claim  for damages. Specifically, Class Counsel for the Subscriber Damages Class stated:

> The claims administrator does not have a timely-filed claim form for Wells Fargo. Your client obtained relief from the opt-out but did not get approval to file a late claim for damages.  We cannot unilaterally accept late claim forms without Court approval.  We believe that you should follow the process to file a late claim including requesting approval from the Court.

Ex. 16.

18.     On February 27, 2024, I requested a call with Boies Schiller Class Counsel to confirm their position.

19.     On February 28, 2024, I spoke to Boies Schiller Class Counsel, and again outlined that it was Wells Fargo's position that the Court's December 16, 2022 Order granted Wells Fargo leave to file a late claim form as part of the Subscriber Damages Class.  Boies Schiller Class Counsel confirmed that it was their position that Wells Fargo needed to seek further leave of Court for permission to submit a late claim form as part of the Subscriber Damages Class. Boies Schiller Class Counsel further confirmed that: (i) no money has been paid to the Subscriber Damages Class out of the settlement fund; (ii) no Subscriber Damages Class members have received noticed about any potential allocations under the Settlement; (iii) there are other Subscriber Damages Class members who will need to seek leave of Court to file a late claim; and (iv) that not all Subscriber Damages class members claims have been adjudicated.

5

20.     Wells Fargo has not negotiated a separate settlement or other special benefit in exchange for withdrawing its exclusion request and rejoining the class, and it only seeks the benefits it is entitled as a member of the Damages Class.

I certify under penalty of perjury that the forgoing is true and correct to the best of my knowledge.  Executed this 13th day of March, 2024 in Atlanta, Georgia.

/s/ *Laura A. Komarek*
Laura A. Komarek