FILED

2024 Mar-13  PM 03:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 8

---

| | |
|---|---|
| **From:** | Komarek, Laura |
| **Sent:** | Monday, April 17, 2023 6:42 AM |
| **To:** | Blue Cross Blue Shield Settlement |
| **Cc:** | Miller, Parker |
| **Subject:** | RE: Ticket#1146985/In re: Blue Cross Blue Shield Antitrust Litigation MDL 2406, N.D. Ala. Master File No. 2:13-cv-20000 -- Has Been Updated |
| **Attachments:** | Wells Fargo_ Letter to Claims Administrator re Rejoining Damages Class_2.pdf; Claim Form_3.8.pdf |

Claims Administrator -

I write to follow up on my January 31, February 7, and March 23, 2023 emails. As stated previously, it is our position that Wells Fargo's late claim has been discussed by the Parties and the Court, and was approved per the Court's Order dated December 19, 2022 (included as Exhibit A to the attached January 11 letter).

Please let us know if you disagree with our position now that you've had a chance to review the Claim Form and the Court's December 19, 2022 Order.

Best,

**Laura A. Komarek**
Senior Associate
ALSTON & BIRD
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7880 (O)
Laura.Komarek@alston.com

---

**From:** Komarek, Laura
**Sent:** Thursday, March 23, 2023 3:27 PM
**To:** Blue Cross Blue Shield Settlement <info@BCBSsettlement.com>
**Cc:** Miller, Parker <Parker.Miller@alston.com>
**Subject:** RE: Ticket#1146985/In re: Blue Cross Blue Shield Antitrust Litigation MDL 2406, N.D. Ala. Master File No. 2:13-cv-20000 -- Has Been Updated

Claims Administrator -

I write to follow up on my January 31, and February 7, 2023 emails. As stated previously, it is our position that Wells Fargo's late claim has been discussed by the Parties and the Court, and was approved per the Court's Order dated December 19, 2022 (included as Exhibit A to the attached January 11 letter).

Please let us know if you disagree with our position now that you've had a chance to review the Claim Form and the Court's December 19, 2022 Order.

Best,

**Laura A. Komarek**
Senior Associate

1

ALSTON & BIRD
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7880 (O)
Laura.Komarek@alston.com

---

**From:** Blue Cross Blue Shield Settlement <info@BCBSsettlement.com>
**Sent:** Friday, February 17, 2023 8:37 PM
**To:** Komarek, Laura <Laura.Komarek@alston.com>
**Cc:** Miller, Parker <Parker.Miller@alston.com>
**Subject:** Ticket#1146985/In re: Blue Cross Blue Shield Antitrust Litigation MDL 2406, N.D. Ala. Master File No. 2:13-cv-20000 -- Has Been Updated

**EXTERNAL SENDER – Proceed with caution**

---

--REPLY above this line to respond--
Your ticket 1146985 - In re: Blue Cross Blue Shield Antitrust Litigation MDL 2406, N.D. Ala. Master File No. 2:13-cv-20000, has been updated.

Dear Laura,

We received your message and will reply when we are able.

Regards,

*Blue Cross Blue Shield Settlement* Claims Administrator
c/o JND Legal Administration
Toll-free: 1-888-681-1142
www.BCBSsettlement.com
[NSH]

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

**B. Parker Miller**                Direct Dial: **+1 404 881 4970**              Email: **parker.miller@alston.com**
                                    B. Parker Miller
                                    Direct Dial: +1 404 881 4970
                                    Email: parker.miller@alston.com

January 11, 2023

**<u>VIA USPS CERTIFIED MAIL AND E-MAIL</u>**

Blue Cross Blue Shield Antitrust Litigation
c/o JND Legal Administration – Exclusion Dpt.
PO Box 91393
Seattle, WA 98111
info@BCBSsettlement.com

Re:     *In re: Blue Cross Blue Shield Antitrust Litigation MDL 2406*, N.D. Ala. Master File
        No. 2:13-cv-20000-RDP **– Order Granting Wells Fargo's Motion to Withdraw its
        Exclusion Request and Rejoin the Subscriber Damages Class**

To Notice and Claims Administrator:

I write on behalf of Wells Fargo & Company and the Wells Fargo & Company Health Plan (for Eligible Active Employees and Their Dependents) (collectively, "Wells Fargo"). Please be advised that on December 19, 2022 the District Court for the Northern District of Alabama, Southern Division, granted Wells Fargo's Motion to Withdraw its Exclusion Request and Rejoin the Subscriber Damages Class. A copy of the Order is attached hereto as **Exhibit A.**

Previously, on April 28, 2022, Wells Fargo submitted a request to be excluded from the Damages Class. After the court issued the Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator, Wells Fargo re-considered its position and filed a Motion seeking to rejoin the Damages Class. As stated above, on December 19, 2022 the District Court for the Northern District of Alabama, Southern Division, granted Wells Fargo's Motion to Withdraw its Exclusion Request and Rejoin the Subscriber Damages Class.

Per the Court's December 19, 2022 Order, Wells Fargo is now a member of the Subscriber Damages Class. Accordingly, please ensure that Wells Fargo is included in all

Page 2

communications to Subscriber Damages Class members going forward.  If there is information you need from Wells Fargo, or you have any questions about Wells Fargo's inclusion in the Subscriber Damages Class, please contact me at Parker.Miller@alston.com or 404-881-4970.

Sincerely,

/s/ B. Parker Miller

B. Parker Miller
*Counsel for Wells Fargo & Company*

# Exhibit A

FILED
2022 Dec-19  AM 10:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | **}** | |
| **IN RE:  BLUE CROSS BLUE SHIELD** | **}** | **Master File No.:  2:13-CV-20000-RDP** |
| **ANTITRUST LITIGATION** | **}** | **This document relates to all cases** |
| **(MDL NO.: 2406)** | **}** | |
| | **}** | |

## ORDER GRANTING WELLS FARGO'S MOTION TO WITHDRAW EXCLUSION REQUEST AND REJOIN DAMAGES CLASS

This matter is before the court on the Unopposed Motion to Withdraw Request for Exclusion and Rejoin the Subscriber Damages Class filed by Wells Fargo & Company and the Wells Fargo & Company Health Plan (for Eligible Active Employees and Their Dependents) (collectively, "Wells Fargo"). (Doc. # 3012). Wells Fargo asserts that allowing it to rejoin the Damages Class "would further streamline this litigation, avoid the prospect of a costly opt-out action, and promote the finality of the Subscriber Class Settlement." (Doc. # 3013 at 1). Allowing Wells Fargo to rejoin the class has not afforded it any special benefit and will not prejudice the other members of the Class. Settlement Class Counsel and Defendants consent to this Motion. (*Id*.).

On April 28, 2022, Wells Fargo submitted a request to be excluded from the Damages Class. (Docs. # 3014, 3014-1). After the court issued the Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator ("Final Approval Order") (Docs. # 2931, 2939), Wells Fargo re-considered its position and now desires to rejoin the Damages Class. (Doc. # 3014).

"Nothing in the Federal Civil Rules expressly allows a party to withdraw its request for exclusion from a litigation or settlement class." *In re Polyurethane Foam Antitrust Litig*., 135 F.

Supp. 3d 679, 687 (N.D. Ohio 2015). However, "[i]n large, multidistrict antitrust class actions, such as this one, courts have repeatedly allowed putative class members to rejoin a class at the settlement stage." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *1 (N.D. Cal. Mar. 25, 2013) (citing *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3 (D. Kan. 2008); *In re Elec. Carbon Prods.*, 447 F.Supp.2d 389, 396–97 (D. N.J. 2006); *In Re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *3 (E.D. Pa. 1982); and *In re Corrugated Container Antitrust Litig.*, 1981 WL 2093, at *14 (S.D. Tex. 1981)).

"Requests to rejoin will generally only be denied when [(1)] the putative class member's initial 'decision to opt out of the settlement class was part of a conscious plan to squeeze additional settlement dollars from the defendants'" or (2) other class members would be prejudiced. *In re Elec. Weld Steel Tubing*, 1982 WL 1873, at *3; *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3; *see also In re MoneyGram Int'l, Inc. Secs. Litig.*, 2011 WL 855311, at *3 (D. Minn. 2011) (denying request to rejoin because the initial opt-out decision appeared motivated by a desire "to gain leverage for a separate settlement").

Here, Wells Fargo has not negotiated a separate settlement or other special benefit in exchange for withdrawing its exclusion request and rejoining the class, and it only seeks the benefits to which it would have been entitled had it remained a member of the Damages Class. Also, there is no indication that other class members would be prejudiced if Wells Fargo rejoins the class. Rather, the Settlement Class and Defendants agree to the granting of this request. The interests of judicial economy will be served if Wells Fargo is allowed to rejoin the class because the parties will not have to expend time and resources potentially litigating an opt-out case and revisiting the same facts and legal issues resolved in Subscriber Class Settlement. *See In re Elec.*

2

*Weld Steel Tubing Antitrust Litig.*, 1982 WL at *2 ("The policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal issues.").

For all of these reasons, Wells Fargo's Unopposed Motion to Withdraw Request for Exclusion and Rejoin the Subscriber Damages Class (Doc. # 3012) is **GRANTED**. Any list of Opt Outs is hereby **AMENDED** in accordance with this Order.

**DONE** and **ORDERED** this December 16, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE