FILED
2024 Mar-25 PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

FILED

2024 MAR 22 P 2: 07

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO. 2406) | ) ) ) ) ) Master File 2:13-CV-20000-RDP |

### OBJECTOR-APPELLANT DAVID G. BEHENNA'S RESPONSE IN OPPOSITION TO SUBSCRIBERS' MOTION FOR AN EXPENSE BOND

### SUMMARY

On March 6, 2024, Subscriber Plaintiffs submitted Subscribers' Motion for An Expense Bond ("Second Bond Motion") (Doc. # 3112). Subscriber Plaintiffs request this Court to order, "(1) any individual Objector filing a petition seeking a writ of *certiorari* in the Supreme Court of the United States (or seeking to extend the time therefor) shall post a bond for settlement administrative expenses in the amount of $140,000, …". (Doc. # 3112-2).

The Court should summarily deny the Second Bond Motion with respect to Objector-Appellant David G. Behenna. This Court has previously found Objector-Appellant Behenna's appeal of the Fee and Expense Order will not delay the Effective Date and implementation of the Final Order. Law of the case prevents Subscriber Plaintiffs from seeking an additional bond from Objector-Appellant Behenna for alleged delays or additional administration expenses. Second, Plaintiffs' Counsel's testimony that Objector-Appellant Behenna's appeal will require a "revised scheme of distribution" is fiction. Third, the Motion misses its targets: The Settlement Agreement contractually requires Subscriber Plaintiffs to seek from Settling Defendants replenishment of the Notice and Administration Fund.

This Court previously ruled Objector-Appellant Behenna's bond liability is limited to his

1

pro rata share of reasonable Rule 39(e) taxable costs, or $5,000 based on an aggregate $20,000 posted by all objector-appellants.   Objector-Appellant Behenna timely posted a $5,000 bond.

## ARGUMENT

### I.   It is settled that Objector-Appellant Behenna's appeal does not delay Effective Date

Objector-Appellant Behenna appealed from the Order Awarding Subscriber Plaintiffs' Counsel Attorneys' Fees and Expenses ("Fee and Expense Order") (Doc. #2932).   (Notice of Appeal, Doc. # 2944).   Objector-Appellant Behenna did not appeal from the Final Order with respect to (1) the cash consideration being paid from the Net Settlement Fund for release of the Class' Rule 23(b)(3) damage claims and (2) the injunctive relief being provided pursuant to release of the Class' Rule 23(b)(2) claims.

### a.   Settlement Agreement carves out appeals of the Fee and Expense Order

The plain language of the Settlement Agreement states that appeals of the Fee and Expense Order "shall not in any way delay or preclude the Effective Date."

> "Notwithstanding any other provision in this Paragraph 8, any proceeding, order, or motion for reconsideration, appeal, petition for a writ of *certiorari* or its equivalent, pertaining solely to any Plan of Distribution, Fee and Expense Application, and/or the actions of the Monitoring Committee *shall not in any way delay or preclude the Effective Date.*" (italics added). (Doc. # 2610-2, ¶ 8(c)).

Objector-Appellant Behenna's appeal does not interfere with distribution of the Net Settlement Fund and adoption in full of the injunctive relief.   Objector-Appellant Behenna's appeal will not delay the processing of Authorized Claimants' claims related to the Net Settlement Fund.   The Settlement Agreement allows for distribution of the Net Settlement Fund and imposition of the injunctive relief independent of, and separate from, payment of Subscriber Plaintiffs' Counsel's attorneys' fees as set forth in the Fee and Expense Order.   (*Id.*)

b.    **This Court found Objector-Appellant Behenna's appeal does not give rise to delay costs or additional administrative expenses**

On November 1, 2022, Subscriber Plaintiffs submitted their first appeal bond motion – Subscribers' Motion to Require an Appeal Bond ("First Bond Motion") (Doc. # 2996). They requested this Court to require objector-appellants that appealed the Final Order and the Fee and Expense Order to post appeal bonds.

After full briefing, oral argument, and supplemental briefing, this Court issued its Memorandum Opinion and Order ("Memo. Op. & Order") (Doc. # 3035). The Court denied Subscriber Plaintiffs' demand for $113.9 million[1] of appeal bonds. (*Id.* at 13). The Court ordered objector-appellants to post bonds in the aggregate of $20,000 for costs taxable under Fed. R. App. Rule 39(e). *Id.* Objector-Appellant Behenna posted a $5,000 bond as ordered by the Court. (Doc. # 3044).

This Court also found that an appeal of the Fee and Expense Order shall not "operate to terminate or cancel" the Settlement Agreement. (Doc. # 3035 at 4). The Court followed the plain language of the Settlement Agreement, a contract governed by New York law. (Doc. # 2610-2, ¶ 56). The Court then found Objector-Appellant Behenna's appeal of the Fee and Expense Order not attributable for delay costs or additional administration expenses.

> "Objector Appellant Behenna has appealed the Fee and Expense Order. He has not appealed the Final Approval Order. Therefore, no delay costs or additional administrative expenses are attributable to his appeal." (Doc # 3035 at 12).

---

[1] (1) $13,900,000 for projected theoretical incremental costs of administering the Settlement (Id. at 11); plus (2) $45,800,000 for theoretical costs the Class might allegedly incur related to delayed adoption of certain injunctive relief (Id. at 12); plus (3) $54,200,000 for theoretical projected "liquidity costs" related to Settlement Fund proceeds. (*Id.* at 12-13).

### c.     The Court's finding is law of the case

The finding that "no delay costs or additional administrative expenses are attributable to [Behenna's] appeal," is law of the case under New York law.    *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002) (" '[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case, unless cogent and compelling reasons militate otherwise' ") (cite omitted); *In re PCH Assocs., Inc.,* 949 F.2d 585, 592 (2d Cir. 1991) ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation") (*citing* 1B J. Moore, J. Lucas T. Currier, Moore's Federal Practice ¶ 0.404[1], at 117 (1991)); *see also Agostini v. Felton*, 521 U.S. 203, 236 (1997) ("a court should not reopen issues decided in earlier stages of the same litigation") (citation omitted).

In their Second Bond Motion, Subscriber Plaintiffs presented no change in law, no new evidence, or no argument the Court committed a clear error in its Memo. Op. & Order that would warrant a reversal of its finding that Objector-Appellant Behenna's appeal would not delay the Effective Date.    *Doe v. E. Lyme Bd. of Educ.,* 962 F.3d 649, 662-663 (2d Cir. 2020) ("Compelling reasons to revisit a decision include 'an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' ") (citations omitted).

### d.     Subscriber Plaintiffs ignore Court's findings

Subscriber Plaintiffs' Counsel testify under penalty of perjury that all Objectors' appeals have contributed to delay the Effective Date and those appeals have also delayed the Claim Administrator from "adjudicating" Class members' claims.

> "Because Objectors' appeals have delayed the Effective Date of the Settlement Agreement, JND's work on adjudicating Class members' claims and distributing the Settlement proceeds pursuant to the Plan of Distribution has also been delayed." (Doc. 3112-1, at ¶ 7).

4

By use of the plural possessive "Objectors' ", Subscriber Plaintiffs' allege Objector-Appellant Behenna's appeal has delayed the Effective Date. That is false based on the plain language of the Settlement Agreement as confirmed by this Court's finding in its Memo. Op. & Order: Objector-Appellant Behenna's appeal of the Fee and Expense Order is not attributable for delay costs or additional administration expenses. (Doc. # 3035 at 12)..

Subscriber Plaintiffs failed to provide new evidence or new law supporting the allegation Objector-Appellant Behenna's appeal delayed the Claim Administrator's "work on adjudicating Class members' claims and distributing the Settlement proceeds pursuant to the Plan of Distribution." (Doc. # 3112-1, ¶ 7).

Objector-Appellant Behenna's appeal to the Eleventh Circuit and subsequent petition for a rehearing *en banc*, has not delayed – and, if pursued, a petition for a writ of *certiorari* to the Supreme Court will not further delay – the Effective Date thereby causing additional notice and administration expenses.

## II.    Subscriber Plaintiffs' new argument lacks merit

In their Second Bond Motion, Subscriber Plaintiffs attempt an end-run on the Court's finding that "no delay costs or additional administrative expenses are attributable to [Behenna's] appeal." (Doc. # 3035 at 12).

Subscriber Plaintiffs float a new argument (in a footnote) the Court should ignore because it lacks merit. Subscriber Plaintiffs claim Objector-Appellant Behenna's appeal of the Fee and Expense Order will cause delay and additional administrative expense because any "reversal of ... the Fee and Expense Order would ... require a revised scheme of distribution," and Objector-Appellant Behenna's appeal "impose[s] ... delays and administrative costs on Subscribers, who must wait for a resolution in any case before they can begin making payments to

the Class." (Doc. # 3112 at 3, note 4).

Subscriber Plaintiff's footnote argument should be dismissed outright. First, if the Fee and Expense Order is reversed and ultimately results in a better recovery for Authorized Claimants, that is a positive event for the Class.

Second, Subscriber Plaintiffs' Counsel's complaint of a "revised scheme of distribution" is fiction. Any amounts clawed back from Subscriber Plaintiffs' Counsel's pending fee award would be reallocated to Class members in accordance with the Settlement Agreement's and the Plan of Distribution's reallocation distribution provisions. (Doc # 2610-2, ¶ 30; Doc # 2715, ¶ 30).

Third, Despite Subscriber Plaintiffs' assertions, Objector-Appellant Behenna's appeal is not a roadblock "before [Subscribers] can begin making payments to the Class." (Doc. # 3112 at 3, note 4). The Settlement Agreement unambiguously states that appeals of the Fee and Expense Order "shall not in any way delay or preclude the Effective Date." (Doc. # 2610-2, ¶ 8(c)).

### a. Distributions to Authorized Claimants

An appeal of the Fee and Expense Order will not "impose … administrative costs on Subscribers." (Doc. # 3112 at 3, note 4). Settling Defendants – not Subscribers – financed the $100 million Notice and Administration fund that is paying the notice, administration, and plan of distribution expenses. (Doc. # 2610-2, ¶ 1(ggg)).

Nor will an appeal of the Fee and Expense Order "require a revised scheme of distribution" and "impose equal delays." (Doc. # 3112 at 3, note 4). The Settlement Agreement and Plan of Distribution contractually requires *two* distributions to Authorized Claimants from the Settlement Fund and a *third* final distribution to Settling Defendants (if any residual funds remain in the Settlement Fund after the two distributions to Authorized Claimants). (Doc. # 2610-2, ¶ 29-30;

6

Doc # 2715, ¶ 30).

The first distribution to Authorized Claimants takes place after "receipt of Court order approving distribution of the Net Settlement Fund to Authorized Claimants." (*Id.* at 43, ¶ 29(c)(3)).

The Settlement Agreement requires a second distribution ("reallocation distribution") to Authorized Claimants:

> "If there is any balance remaining in the Escrow Account after distributions to Authorized Claimants, the Fee and Expense Award, and Service Awards, and after any payment in full of the remaining balance of the Notice and Administration Fund to Settling Defendants (including accrued income), the Claims Administrator will, subject to Court approval, *reallocate* the Settlement Fund among Settlement Class Members[2] in an equitable and economic fashion." (italics added). (*Id.* at 43-44, ¶ 30).

The third and final distribution ("residual distribution") takes place and is made to Settling Defendants[3],

> "[I]f it is not economical to distribute to Settlement Class Members any residual amounts, then, subject to Court approval, the Claims Administrator may follow the directions set forth in the Plan of Distribution approved by the Court." *Id.*

In sum, the Settlement Agreement contractually requires two distributions to Authorized

---

[2] Subscriber Plaintiffs and Settling Defendants substituted "Authorized Claimants" in ¶ 30 of the Plan of Distribution for "Settlement Class Members" used in ¶ 30 of the Settlement Agreement with respect to the reallocation distribution.

> "Pursuant to ¶ 30 of the Settlement Agreement, to the extent that any part of the Settlement Fund remains in the Escrow Account after the Claims Administrator has made the reallocation to *Authorized Claimants* required under the Settlement Agreement, ..." (italics added) (Doc # 2715, ¶ 30).

[3] The Plan of Distribution states,

> "... Settlement Class Counsel and Self-Funded Sub-Class Settlement Counsel will jointly seek Court approval to disburse the remainder of the Settlement Fund to an entity or entities closely associated with the harm alleged in the Complaint. The Claims Administrator will follow the directions approved by the Court." (Doc # 2715, ¶ 30).

7

Claimants: The initial distribution and a reallocation distribution. Far from "impossible," the claims and settlement administration and distribution work can commence during the pendency of the appeal of the Fee and Expense Order.

### III. Claim Administrator's failure to timely verify Total Premiums Paid data will delay distributions to Authorized Claimants

While Subscriber Plaintiffs have targeted Objector-Appellant Behenna and other objector-appellants, a material cause of delay could be the Claim Administrator's failure to verify Total Premiums Paid data for Class members during the pendency of the appeals.

#### a. Claims Administrator unable to provide to Objector-Appellant Behenna the Total Premiums Paid for two claims

Objector-Appellant Behenna filed two claims. The first was an online claim for his premiums paid. Ex. A, Behenna Decl., at ¶ 2. The second was a claim on behalf of his late mother's estate. Ex. A, Behenna Decl., at ¶ 4. As part of preparing the claim for his late mother's estate, Objector-Appellant Behenna required historical premiums paid data in order to calculate total premiums paid by his late parents. Ex. A, Behenna Decl., at ¶ 4. Upon request, Blue Cross Blue Shield of Massachusetts provided to Objector-Appellant Behenna monthly premiums paid data for the years 2008-2009. Ex. A, Behenna Decl., at ¶ 3.

As of March 9, 2024, the Claims Administrator had not uploaded to the https://www.bcbssettlement.com website Total Premiums Paid[4] information for Objector-Appellant Behenna's two claims. Ex. A, Behenna Decl., at ¶ 6. As of March 11, 2024, the Claims Administrator customer service line was also unable to provide to Objector-Appellant Behenna the Total Premiums Paid for his two claims. Ex. A, Behenna Decl., at ¶ 7.

---

[4] "VI. AUTHORIZED CLAIMANT REVIEW OF TOTAL PREMIUMS PAID/TOTAL ADMINISTRATIVE FEES PAID. Authorized Claimants will be provided the opportunity to review the Total Premiums Paid and/or Total Administrative Fees Paid upon which their Claim Payment is based prior to distribution of the Net Settlement Fund. … ." (Doc. # 2715-1, ¶ 29.)

### b. Evidence that Claims Administrator has not verified Total Premiums Paid

Subscriber Plaintiffs are responsible for the delay in "adjudicating claims." They either (1) decided to not empower the Claims Administrator to verify before the Effective Date the Total Premiums Paid for each of the 8.2 million[5] Authorized Claimants or (2) did not attempt or failed in negotiations with Settling Defendants to gain access to the Total Premiums Paid data before the Effective Date.

Subscriber Plaintiffs are accountable if distributions to Authorized Claimants are delayed and additional administration expenses are incurred due to any delays experienced by the Claim Administrator in verifying Total Premiums Paid. That is the only conclusion that can be drawn from the Claim Administrator's inability to provide to Objector-Appellant Behenna the Total Premiums Paid for his two claims.

Objector-Appellant Behenna easily acquired from Blue Cross Blue Shield of Massachusetts the premiums paid information for his late parents for years 2008 and 2009 of the class period. Ex. A, Behenna Decl., at ¶ 3. If Class members can readily acquire the information from the source, so too should the Claims Administrator, unless the Claims Administrator has not pursued the data or is blocked from gaining access until the Effective Date.

### c. Settling Defendants control access to Total Premiums Paid data

Objector-Appellant Behenna believes he is a FI Authorized Claimant (Doc # 2715, ¶ 7) and an Individual Policyholder (*Id.* at 4, ¶ 12(a)) based on the Plan of Distribution's definitions.

Settling Defendants control[6] the Total Premiums Paid data the Claims Administrator requires to process FI Authorized Claimants' claims. The Claims Administrator is wholly

---

[5] *In re Blue Cross Blue Shield Antitrust Litigation*, No. 22-13051 (11th Cir.) (Doc. #26 at 5)

[6] "Settling Defendants will generally produce as premium data the premium billed as maintained in the normal course of business." (Doc. # 2715 at 5, note 5).

dependent on Settling Defendants for Total Premiums Paid data for Individual Policyholders.[7] For FI Authorized Claimants that are Individual Policyholders, the Total Premiums Paid (claim amount) is the numerator used in the formula to calculated dollar recoveries on their claims.[8]

If the Claims Administrator is delayed in adjudicating claims and claims processing because access to the Total Premiums Paid data is unavailable until certain conditions are met, that falls on Subscriber Plaintiffs as a negotiating shortfall or defective business decision.

The Claims Administrator has had access to Authorized Claimants' electronically- and manually-filed claims for **28 months**.[9] The Claims Administrator could have undertaken verification of a significant portion of Authorized Claimants' Total Premiums Paid data and other claims analysis in that period or even in the 19 months since the Court issued the Final Order.[10] Lack of access to Total Premiums Paid data – or the conscious decision to not begin verifying Authorized Claimants' Total Premiums Paid data until certain conditions were met – rests with Subscriber Plaintiffs.

## IV. Settlement Agreement contractually requires Subscriber Plaintiffs to seek from Settling Defendants replenishment of the Notice and Administration Fund

Subscriber Plaintiffs kick-off their Second Bond Motion with the bald assertion, "... Objectors are responsible for replenishing the $100 million Notice and Administration Fund for the expenses

---

[7] "For FI Authorized Claimants who submit claims and who were Individual Policyholders during the FI Class Period, Individual Policyholder premiums paid to any and all Settling Defendants during the FI Class Period shall be derived from the data provided by Settling Defendants." (Doc. # 2715, ¶ 15).

[8] An FI Claimant's claim recovery (in dollars) equals (i) his or her Total Premiums Paid (numerator) divided by (ii) Total Premiums Paid during FI Class Period by all FI Authorized Claimants who submit claims (denominator) multiplied by (iii) Total dollars in FI Net Settlement Fund. (Doc. # 2715, ¶ 13).

[9] The claims filing deadline was November 5, 2021. (Doc. # 2812-2, ¶ 96).

[10] The Final Order was entered August 9, 2022. (Doc. # 2931)

associated with their prolonged and unsuccessful appeals." (Doc. # 3112 at 1). That is false. If Subscriber Plaintiffs believe the Notice and Administration Fund requires additional funding over and above the initial $100 million funding, the Settlement Agreement contractually requires them to seek replenishment from Settling Defendants.

> "Settlement Class Counsel and Self-Funded Sub-Class Settlement Counsel may petition the Court for replenishment *from Settling Defendants* upon a showing of a necessity (after using accrued income on the Notice and Administration Fund to pay Notice and Administration Costs)." (Italics added.) (Doc. # 2610-2, ¶ 1(ggg)).

### a. Settlement Agreement is a contract

The Settlement Agreement is governed by New York law. (Doc. # 2610-2, ¶ 56). It is a binding contract and is construed according to general principles of contract law. *Hughes v. Lillian Goldman Family, LLC*, 153 F. Supp. 2d 435, 445 (S.D.N.Y. 2001) ("Under New York Law, '[a] settlement is a contract, and once entered into is binding and conclusive.' ") (*citing Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989)); *Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 661 (2d Cir. 1994) ("In New York, a settlement agreement is construed according to general principles of contract law")

The Eleventh Circuit, too, treats Settlement Agreements as contracts. *In re Home Depot Inc.*, 931 F.3d 1065, 1080 ("A settlement agreement is a contract, which we construe 'to effectuate the intent of the parties,' ") (*citing Pottinger v. City of Miami*, 805 F.3d 1293, 1298 (11th Cir. 2015))

Despite Subscriber Plaintiffs' attempt to shift to Objector-Appellant Behenna and other objector-appellants theoretical settlement administration costs, Subscriber Plaintiffs are bound by contract to seek payment from Settling Defendants. The replenishing provision is unambiguous. The plain language of the Notice and Administration Fund provision is not reasonably susceptible to more than one interpretation. *Barker v. Aramark Unif. & Career Apparel, LLC*, *17 (E.D.N.Y.

11

Sept 30, 2021) ("Thus, if their terms are unambiguous, [courts] must interpret [] Settlement Agreements within their four corners, and not by reference to what might satisfy the purposes of one of the parties to them") (*citing Rothstein v. Am. Int'l Grp., Inc.*, 837 F.3d 195, 205-206 (2d Cir. 2016))

Subscriber Plaintiffs cannot introduce alternate theories to fund shortfalls in the Notice and Administration Fund "based on extrinsic evidence"). *Hughes v. Lillian Goldman Family, LLC*, 153 F. Supp. 2d 435, 445 (S.D.N.Y. 2001) ("If the agreement is unambiguous, the court is 'required to give effect to the contract as written and may not consider extrinsic evidence to alter or interpret its meaning.' ") (*citing Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 573 (2d Cir. 1993)).

Contract provisions are to be enforced according to their plain meaning no matter what alleged extrinsic evidence might exist or what misleading interpretations a party may try to foist upon a court. *Johnson v. N.Y. State Dep't of Corr.*, *15 (S.D.N.Y. Oct 24, 2019) ("[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.") (*citing In re World Trade Ctr. Disaster Site Litig.*, 754 F.3d 114, 121 (2d Cir. 2014)).

The Settlement Agreement's provision for replenishing the Notice and Administration Fund is clear and unambiguous: Subscriber Plaintiffs need to look, first, to Settling Defendants and need to provide a "showing of a necessity." (Doc. # 2610-2, ¶ 1 (ggg)). Subscriber Plaintiffs can only challenge the plain language of the Notice and Administration Fund provision by showing "there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident." *Goonewardena v. Forster & Garbus LLP,* *8-9 (E.D.N.Y. Jan 7, 2019) (citing *Willgerodt ex rel.*

12

*Majority Peoples' Fund for the 21st Century, Inc. v. Hohri,* 953 F. Supp. 557, 560 (S.D.N.Y. 1997)).

Subscriber Plaintiffs made a bargain with the Settling Defendants: If there were any funds remaining in the Notice and Administration Fund after completion of administration, the funds would revert to Settling Defendants,

> "Any amount remaining at the expiration of the Monitoring Period and the completion of Settlement administration (including accrued income on the Notice and Administration Fund) will revert to Settling Defendants within 10 calendar days of such expiration."   (Doc. # 2610-2, ¶ 1, (ggg)).

On the other hand, if $100 million was insufficient to fund settlement and administration expenses,

> "Settlement Class Counsel and Self-Funded Sub-Class Settlement Counsel may petition the Court for replenishment *from Settling Defendants* upon a showing of a necessity (after using accrued income on the Notice and Administration Fund to pay Notice and Administration Costs)." (Italics added.)   (Doc. # 2610-2 ¶ 1, (ggg)).

### b. Settlement Agreement allows for Settling Defendants to replenish Notice and Administration Fund without need to tax Objector-Appellant Behenna, other objector-appellants or Class members

The Settlement Agreement allows for Subscriber Plaintiffs to require Settling Defendants to replenish the Notice and Administration Fund without scuttling the Settlement.

> "Settlement Fund" means the amount paid by Settling Defendants for the Settlement Amount, which includes the Notice and Administration Fund, the Service Awards, and the Fee and Expense Award(s) plus any income or accrued interest earned on those monies.   In no event shall Settling Defendants be required to contribute more than $2.67 billion ($2,670,000,000.00) to the Settlement Fund, *except as modified by the procedure set forth in Paragraph 1.ggg.* (Italics added.) (Doc. # 2610-2, ¶ 1 (oooo)).

"Paragraph 1.ggg" is the Notice and Administration Fund provision that requires Subscriber Plaintiffs to seek from Settling Defendants replenishment of the Notice and Administration Fund.

13

### c. Subscriber Plaintiffs failed to provide an adequate "showing of a necessity"

Subscriber Plaintiffs failed to provide in their Second Bond Motion an adequate showing of necessity. Subscriber Plaintiffs rely on the Declaration of Megan E. Jones ("Jones Decl.") (Doc # 3112-1) to support their contention that the Notice and Administration Fund will run out cash before the settlement is fully administered and closed.

Subscriber Plaintiffs fail to provide adequate information for this Court, Objector-Appellant Behenna and other objector-appellants to adequately assess whether and when the Notice and Administration Fund will exhaust its $100 million (plus investment income) cash balances. *Spradley v. Notami Hospitals of Florida, Inc.,* 892 F. Supp. 1459, 1464 (M.D. Fla. Mar 24, 1995) ("In such a case as this, where sufficient supporting documentation is not provided, it is not possible for the Court to verify the reasonableness of the fee to be paid ...")

The Jones Decl. lacked a detailed accounting of the costs required to execute the Plan of Distribution, such as a detailed, month-by-month accounting of projected expenses as well as a projected timeline to complete the Plan of Distribution.

The Jones Decl. lacked a detailed accounting to support her testimony,

"... I believe the $100 million Notice and Administration Fund will be fully depleted before the Settlement is fully adjudicated, administered and distributed to the Class." (Doc. # 3112-1, ¶ 8).

Third, the Jones Decl. lacks a detailed accounting in which the (i) Subscriber Plaintiff's projected notice and administrative expenses made at the time they negotiated with Settling Defendants the $100 million Notice and Administrative Fund is compared with (ii) the actual costs incurred to date. That comparison is required to determine whether the claims process has been administered properly and on budget.

If this Court finds the Second Bond Motion does provide an adequate "showing of a necessity," Subscriber Plaintiffs' Counsel testified there is $17,853,887.51 in the Notice and Administration Fund. (Doc # 3112-1, ¶ 6). Subscriber Plaintiffs' Counsel also testified the monthly cost of "administering the Settlement before the Effective Date approximate $550,000 ..." (*Id.*, ¶ 12). Based on that testimony, before investment income, there is at least 32 **months** ($17,853,887.51 divided by $555,000) of liquidity available to fund Notice and Administration expenses. Subscriber Plaintiffs failed to provide a detailed accounting and a timeline of critical dates showing it will take longer than **32 months** to effectuate and complete the Plan of Distribution.

## CONCLUSION

For the reasons cited above, this Court should summarily deny Subscriber Plaintiffs' request for Objector-Appellant Behenna to post an expense bond.

Executed on March 22, 2024, at Portsmouth, New Hampshire.

Respectfully submitted,

David G. Behenna
*Pro Se* Objector-Appellant

155 Fleet Street
Portsmouth, NH   03801
Tel: (603) 964-4688
Fax: (603) 836-4249
dgbehenna@yahoo.com

15

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2024, the foregoing Objector-Appellant David G. Behenna's

Response in Opposition to Subscriber's Motion for an Expense Bond was served on the parties

listed below via Electronic Mail or via USPS First Class Mail.

David G. Behenna

**Service via Electronic Mail**

| | |
|---|---|
| Aaron G McLeod | aaron.mcleod@arlaw.com |
| Aaron S Podhurst | apodhurst@podhurst.com |
| Adam H Charnes | acharnes@ktslaw.com |
| Alan D Rutenberg | arutenberg@foley.com |
| Alan McQuarrie Mansfield | amansfield@whatleykallas.com |
| Alexander McInnis Boies | aboies@bsfllp.com |
| Alexandra Markel | amarkel@bodmanlaw.com |
| Almas Abdulla | aabdulla@zuckerman.com |
| Alyssa C Kalisky | alyssa.kalisky@kirkland.com |
| Ami Swank | ami@swank.net |
| | |
| Andrea Layne Stackhouse | layne@jonesward.com |
| Andrew Allen Lemmon | andrew@lemmonlawfirm.com |
| Andrew M Stone | astone@stone-law-firm.com |
| Andrew Phillip Campbell | andy@campbellpartnerslaw.com |
| Andrew T Campbell | todd@campbellpartnerslaw.com |
| Andrew W Hammond | ahammond@whitecase.com |
| Anna M Clark | aclark@phillipslytle.com |
| Anne Salomon | anne.salomon@kirkland.com |
| Annesley H DeGaris | ashelley@milchev.com |
| | |
| Anthony F Shelley | adegaris@degarislaw.com |
| Anthony F. Jackson | Anthony@becklawyers.com |
| Antonio M Clayton | tclaytonlaw@aol.com |
| Archibald I Grubb , II | agrubb@attorneykennugent.com |
| Archie C Lamb , Jr | alamb@archielamb.com |
| Arthur N Bailey , Jr | abailey@hausfeldllp.com |
| Arthur Patrick Fritzinger | afritzinger@cozen.com |
| Ashley M Lowe | alowe@bakerdonelson.com |

16

| | |
|---|---|
| Augusta Salem Dowd | adowd@whitearnolddowd.com |
| Barry A Ragsdale | BRagsdale@dfhlaw.com |
| | |
| Ben W Gordon, Jr | bgordon@levinlaw.com |
| Benjamin J Sweet | ben@sweetlawpc.com |
| Benjamin L Barnes | bb@bbarneslaw.com |
| Braden Beard | bbeard@hausfeld.com |
| Bradley A Wasser | brad.wasser@dcantitrustlaw.com |
| Brian C Hauser | brian.hauser@shearman.com |
| Brian E Wojtalewicz | brian@wojtalewiczlawfirm.com |
| Brian Justin Kapatkin | bkapatkin@foley.com |
| | |
| Brian K Norman | bkn@snlegal.com |
| Brian M Clark | Bclark@wigginschilds.com |
| Brooke Jones Oppenheimer | boppenheimer@axinn.com |
| Bruce C Jones | bruce@jonesandswartzlaw.com |
| Bruce F Rogers | brogers@bainbridgemims.com |
| Bryan L Clobes | bclobes@caffertyclobes.com |
| Carl S Burkhalter | cburkhalter@maynardcooper.com |
| Carl S Kravitz | ckravitz@zuckerman.com |
| Carl Wesley Pittman | wespittman@pittmanfirm.com |
| Carolyn Anne DeLone | carrie.delone@hoganlovells.com |
| | |
| Casey Langston Lott | clott@langstonlott.com |
| Cason M Kirby | cason@campbellpartnerslaw.com |
| Catherine E Stetson | cate.stetson@hoganlovells.com |
| Cavender C Kimble | ckimble@balch.com |
| Chad Dwight Hansen | chadhansen@ktslaw.com |
| Charles A. O'Brien, III | andy.obrien@bcbsla.com |
| Charles C Hunter | chunter@hayeshunterlaw.com |
| Charles D Hudson | charlie@pennandseaborn.com |
| Charles J Cooper | ccooper@cooperkirk.com |
| Charles M Thompson | CMTLAW@aol.com |
| Charles R Watkins | cwatkins@gseattorneys.com |
| Charles T Grimes | Charley@Richardson.law |
| Cheri D Green | CDGreen@bcbsms.com |
| | |
| Christa C Cottrell | ccottrell@kirkland.com |
| Christina D Crow | ccrow@jinkslaw.com |
| Christine Varney | cvarney@cravath.com |
| Christopher L Coffin | ccoffin@pbclawfirm.com |
| Christopher T Cain | cain@scottandcain.com |
| Christopher T Hellums | PDH-efiling@pittmandutton.com |
| Claudine Columbres | ccolumbres@whitecase.com |
| Clint Sargent | clint@meierhenrylaw.com |

17

| | |
|---|---|
| Craig A Hoover | craig.hoover@hoganlovells.com |
| Cyril V Smith, III | csmith@zuckerman.com |
| D Brian Hufford | dbhufford@zuckerman.com |
| D Kent Meyers | kent.meyers@crowedunlevy.com |
| Dale Ernest Akins | kwhite@hargray.com |
| Daniel A Small | dsmall@cohenmilstein.com |
| Daniel C Hedlund | dhedlund@gustafsongluek.com |
| Daniel E Gustafson | dgustafson@gustafsongluek.com |
| Daniel E Laytin | daniel.laytin@kirkland.com |
| Daniel Patrick Moylan | dmoylan@zuckerman.com |
| | |
| Daniel E. Phillips | dphillips@solberglaw.com |
| Daniel R Taylor , Jr | dantaylor@kilpatricktownsend.com |
| David Boies | dboies@bsfllp.com |
| David Kumagai | dkumagai@cravath.com |
| David Newmann | david.newmann@hoganlovells.com |
| David A Balto | david.balto@dcantitrustlaw.com |
| David A Coulson | coulsond@gtlaw.com |
| David F Evans | devans@hickeyevans.com |
| David J Guin | davidg@gseattorneys.com |
| David J Hodge | wparker@mkhlawyers.com |
| David J Zott | david.zott@kirkland.com |
| David M Wilkerson | dwilkerson@vwlawfirm.com |
| | |
| David S Stone | Dstone@stonemagnalaw.com |
| Davis Cooper | pdcooper@cooperkirk.com |
| Deborah J Winegard | dwinegard@whatleykallas.com |
| Debra B Hayes | dhayes@dhayeslaw.com |
| Dennis Craig Reich | DReich@reichandbinstock.com |
| Dennis G Pantazis | dgp@wigginschilds.com |
| Devin Clarke Dolive | ddolive@burr.com |
| Diane R Hazel | dhazel@foley.com |
| Dianne M Nast | dnast@nastlaw.com |
| Donald D Knowlton, II | don@alalawyers.net |
| Donna Smith Cude | dcude@saxonattorneys.com |
| | |
| Douglas A Dellaccio, Jr | ddellaccio@corywatson.com |
| Douglass C.E. Farnsley | dfarnsley@stites.com |
| E Desmond Hogan | desmond.hogan@hoganlovells.com |
| Earnest William Wotring | ewotring@bakerwotring.com |
| Edgar C Gentle, III | egentle@gtandslaw.com |
| Edgar Dean Gankendorff | egankendorff@provostylaw.com |
| Edgar R Haden | ehaden@balch.com |
| Edith M Kallas | ekallas@whatleykallas.com |
| Edward K Wood, Jr | kirk@woodlawfirmllc.com |
| Edward S Bloomberg | EBloomberg@phillipslytle.com |

| | |
|---|---|
| Edwin J Kilpela, Jr | ekilpela@carlsonlynch.com |
| Eirik Cheverud | cheverud.eirik.j@dol.gov |
| Elizabeth Barnett LaBauve | elizabeth.labauve@crowedunlevy.com |
| Elizabeth Pollock-Avery | eavery@carlsonlynch.com |
| Elizabeth A Jose | elizabeth.jose@hoganlovells.com |
| Ellen Meriwether | emeriwether@caffertyclobes.com |
| Ellen Ahrens Wickham | ewickham@madellaw.com |
| Emily Hawk Mills | emily@alalawyers.net |
| Emily M Yinger | emily.yinger@hoganlovells.com |
| Eric B Snyder | esnyder@baileyglasser.com |
| | |
| Eric B Swartz | eric@jonesandswartzlaw.com |
| Eric R Belin | ebelin@provostylaw.com |
| Erin E Murphy | erin.murphy@kirkland.com |
| Erin M Wilson | wilsonem@lanepowell.com |
| Evan Chesler | EChesler@cravath.com |
| Gail A McQuilkin | gam@kttlaw.com |
| Garrett D Blanchfield | g.blanchfield@rwblawfirm.com |
| Gary C Shockley | gshockley@bakerdonelson.com |
| Gary E Mason | gmason@masonllp.com |
| | |
| Gary M London | glondon@burr.com |
| Genevieve M Zimmerman | gzimmerman@meshbesher.com |
| Glen M Connor | gconnor@qcwdr.com |
| Glenn M Kurtz | gkurtz@whitecase.com |
| Grace Robinson Murphy | gmurphy@maynardcooper.com |
| Gregory L Davis | gldavis@gregdavislaw.com |
| Gregory S Cusimano | greg@alalawyers.net |
| Gustavo Adolfo Pabon Rico | pabong@reichardescalera.com |
| Gwendolyn C Payton | gpayton@kilpatricktownsend.com |
| | |
| Gwendolyn J Simons | gwen@simonsassociateslaw.com |
| H Lewis Gillis | hlgillis@meansgillislaw.com |
| Hamish P.M. Hume | hhume@bsfllp.com |
| Harley S Tropin | hst@kttlaw.com |
| Harold S Reeves | hreeves@cooperkirk.com |
| Helen Lynne Eckinger | helen.eckinger@wallerlaw.com |
| Helen E Witt | hwitt@kirkland.com |
| Henry C Quillen | hquillen@whatleykallas.com |
| Herman Watson, Jr | watson@watsonmckinney.com |
| Honor R Costello | hcostello@crowell.com |
| | |
| Hope Shemikka Marshall | hmarshall@whitearnolddowd.com |
| Irma L Netting | court@lemmonlawfirm.com |
| Irving Scher | ischer@hausfeld.com |

| | |
|---|---|
| J Bentley Owens, III | bowens@wefhlaw.com |
| J Mark White | mwhite@whitearnolddowd.com |
| J Michael Malone | mmalone@hendrenmalone.com |
| James A McCullough , II | jmccullough@brunini.com |
| James G Adams, Jr | jgadams@eysterkeylaw.com |
| James M Terrell | jterrell@mtattorneys.com |
| | |
| James P Carr | jcarr@yuhlcarr.com |
| James Thomas Williams , | jwilliams@BrooksPierce.com |
| James Wells Harrell | wharrell@bsfllp.com |
| Janet Brooks Holmes | janetholmes1@mac.com |
| Jarod M Taylor | jtaylor@axinn.com |
| Jason Gourley | jgourley@bodmanlaw.com |
| Jason G. Ausman | jason@ausmanlawfirm.com |
| Jason J Thompson | jthompson@sommerspc.com |
| Jason R Rathod | jrathod@wbmllp.com |
| Jason S Kilene | jkilene@gustafsongluek.com |
| Javier Asis Lopez | jal@kttlaw.com |
| | |
| Jeannine M Kenney | jkenney@hausfeld.com |
| Jeffrey J Zeiger | jeffrey.zeiger@kirkland.com |
| Jeffrey John Fowler | JFowler@omm.com |
| Jeffrey M Hahn | hahn.jeffrey.m@dol.gov |
| Jennifer Kay Van Zant | jvanzant@brookspierce.com |
| Jennifer Williams | jwilliams@gelaw.com |
| Jeny M Maier | jmaier@axinn.com |
| Jeremy D. Feinstein | jfeinstein@reedsmith.com |
| Jessica Machelle Haynes | jessi.haynes@beasleyallen.com |
| | |
| Joe R Whatley, Jr | jwhatley@whatleykallas.com |
| Joey K James | julia@bunchandjames.com |
| John Gravante, III | jgravante@podhurst.com |
| John Martin | john.martin@nelsonmullins.com |
| John Clark Davis | john@johndavislaw.net |
| John D Briggs | jdb@avhlaw.com |
| John D Saxon | jsaxon@saxonattorneys.com |
| John Doyle Nalley | johndoylenalley@hotmail.com |
| | |
| John G Schmidt, Jr | jschmidt@phillipslytle.com |
| John Gary Maynard | jgmaynard@hunton.com |
| John R Wylie | Johnw@dglawfirm.com |
| John R. Holton | JHolton@dchlaw.com |
| John Stone Campbell, III | johnstone.campbell@taylorporter.com |
| John T A Malatesta, III | jmalatesta@maynardcooper.com |
| John W Partin | will@pennandseaborn.com |
| John W Reis | jreis@foxrothschild.com |

| | |
|---|---|
| Jonathan Charles Little | jon@sllawfirm.com |
| Jonathan M Redgrave | jredgrave@redgravellp.com |
| Jonathan R. Voegele, Esq | jvoegele@bsfllp.com |
| Jonathan S Mann | jonm@pittmandutton.com |
| Joseph H Webster | harland@chapman-lewis-swan.com |
| Joseph Preston Strom, Jr | petestrom@stromlaw.com |
| Joseph C Giglio, Jr | jcgiglio@liskow.com |
| Julia Smeds Roth | jroth@eysterkeylaw.com |
| | |
| Justin W Bernick | justin.bernick@hoganlovells.com |
| Kail J Jethmalani | kjethmalani@axinn.com |
| Kara Marie Simons | ksimons@2501grand.com |
| Karen H Riebel | khriebel@locklaw.com |
| Karen R Dow | kdow@bakerwotring.com |
| Karin DeMasi | kdemasi@cravath.com |
| Katherine Rogers Brown | kbrown@whitearnolddowd.com |
| Kathleen Currie Chavez | kcc@fmcolaw.com |
| Kathleen Simpson Kiernan | kkiernan@bsfllp.com |
| Kathleen Taylor Sooy | ksooy@crowell.com |
| | |
| Katie R Lencioni | katie.lencioni@kirkland.com |
| Kenina Lee | kjl@avhlaw.com |
| Kevin J Stoops | kstoops@sommerspc.com |
| Kimberly Ann Fetsick | kfetsick@hausfeld.com |
| Kimberly R West | kwest@wallacejordan.com |
| Kristen Jordana Gillis | kjgillis@meansgillislaw.com |
| L Shane Seaborn | sseaborn1@yahoo.com |
| Lance Craig Young | lyoung@sommerspc.com |
| | |
| Lauren R Kennedy | lkennedy@cravath.com |
| Lara F Phillip | lara.phillip@honigman.com |
| Lawrence L. Jones, II | larry@jonesward.com |
| Lee McArthur Scott | nscott0418@aol.com |
| Lezlie Madden | lmadden@cozen.com |
| Linda G Flippo | lflippo@whitearnolddowd.com |
| Lisa N Hayes | lnh8803@bellsouth.net |
| Lucile Cohen | lucie.cohen@nelsonmullins.com |
| Luther M Dorr, Jr | rdorr@maynardcooper.com |
| Lynn W Jinks, III | ljinks@jinkslaw.com |
| M Stephen Dampier | stevedampier@dampierlaw.com |
| Margery S. Bronster | mbronster@bhhawaii.net |
| | |
| Margot Miller | mamiller@cravath.com |
| Mark E. McKane | mark.mckane@kirkland.com |
| Mark J Murphy | mmurphy@mooneygreen.com |

21

| | |
|---|---|
| Mario A Pacella | mpacella@stromlaw.com |
| Mark K Gray | mgray@grayandwhitelaw.com |
| Mark M. Hogewood | mhogewood@wallacejordan.com |
| Martin Patrick McDowell | pmcdowell@brunini.com |
| Mary C St John | Marcy.St.John@blueshieldca.com |
| Mathea KE Bulander | mbulander@redgravellp.com |
| Matthew G White | mwhite@bakerdonelson.com |
| Matthew J Herman | mjh@fmcolaw.com |
| Matthew L Bleich | mbleich@cozen.com |
| | |
| Matthew P Weinshall | mweinshall@podhurst.com |
| Megan Jones | mjones@hausfeldllp.com |
| Meghan M Boone | mboone@cohenmilstein.com |
| Melinda Coolidge | mcoolidge@hausfeldllp.com |
| Michael Kirk | mkirk@cooperkirk.com |
| Michael A Naranjo | mnaranjo@foley.com |
| Michael C Dodge | mdodge@gpm-law.com |
| Michael David Hausfeld | mhausfeld@hausfeldllp.com |
| | |
| Michael E Gurley, Jr | mgurleyjr@yahoo.com |
| Michael J. Fleming | mike@kapkewillerth.com |
| Michael J. McCarrie | mjm@artzmccarrie.com |
| Michael J. Sudekum | mike@mandelmandel.com |
| Michael L Murphy | mlmabco@aol.com |
| Michael L Murphy | mmurphy@baileyglasser.com |
| Michael L Roberts | mlr@alabamatortlaw.com |
| Michael P McGartland | mike@mcgartland.com |
| Michael Paul Fruge | michaelfruge@claytonfrugelaw.com |
| Michael S Lyons | mlyons@whatleykallas.com |
| | |
| Mike Miller | mmiller@solberglaw.com |
| Mitchell Lloyd Berry | mberry@dhgw.net |
| Monte D. Beck | mbeck@becklawyers.com |
| Myron C Penn | myronpenn28@hotmail.com |
| N Thomas Connally, III | tom.connally@hoganlovells.com |
| Nathan A Dickson, II | NDickson@jinkslaw.com |
| Nicholas B Roth | nbroth@eysterkeylaw.com |
| Nicholas R Rockforte | nrockforte@pbclawfirm.com |
| | |
| Norman E Bailey, Jr | bbailey@brunini.com |
| O'Kelley H Pearson | kpearson@hickeyevans.com |
| Pamela B Slate | pslate@hillhillcarter.com |
| Patricia Melville | pmelville@bsfllp.com |
| Patrick E Cafferty | pcafferty@caffertyclobes.com |
| Patrick J Sheehan | psheehan@whatleykallas.com |
| Patrick James Quinlan | quinlaw@verizon.net |

| | |
|---|---|
| Patrick W Pendley | pwpendley@pbclawfirm.com |
| Paul A Wolfla | paul.wolfla@faegredrinker.com |
| Paul D Clement | paul.clement@kirkland.com |
| Paul K Leary , Jr | pleary@cozen.com |
| Perry Michael Yancey | myancey@mmlaw.net |
| | |
| Peter Prieto | pprieto@podhurst.com |
| Peter H Burke | pburke@burkeharvey.com |
| Peter R Bisio | peter.bisio@hoganlovells.com |
| Peter W Zuger | pzuger@serklandlaw.com |
| Phillip W McCallum | pwm@mmlaw.net |
| R Christopher Cowan | CHRIS@COWANLAW.NET |
| R David Kaufman | dkaufman@brunini.com |
| R G Methvin, Jr. | rgm@mtattorneys.com |
| R Mark Glover | mglover@bakerdonelson.com |
| Rachel J Adcox | rja@avhlaw.com |
| Rafael Escalera-Rodriguez | escalera@reichardescalera.com |
| | |
| Rachel Mossman Zieminski | rachel.zieminski@shearman.com |
| Randall D Noel | randy.noel@butlersnow.com |
| Rebecca A Peterson | rapeterson@locklaw.com |
| Rebecca Diane Gilliland | rebecca.gilliland@beasleyallen.com |
| Rebekah Keith McKinney | mckinney@watsonmckinney.com |
| Regina Marie Calcaterra | rcalcaterra@calcaterrapollack.com |
| Rex Y. Fujichaku | rfujichaku@bhhawaii.net |
| Richard A Feinstein | RFeinstein@BSFLLP.com |
| Richard P Rouco | rrouco@qcwdr.com |
| Richard S Frankowski | Richard@frankowskifirm.com |
| Robert B Roden | rroden@shelbyroden.com |
| | |
| Robert F Leibenluft | rleibenluft@law.gwu.edu |
| Robert G Eisler | reisler@gelaw.com |
| Robert J Axelrod | rjaxelrod@axelroddean.com |
| Robert M Foote | rmf@fmcolaw.com |
| Robert M Hatch | rhatch@bfrhawaii.com |
| Robert R Riley, Jr. | rob@rileyjacksonlaw.com |
| Robert S W Given | rgiven@burr.com |
| Rowan D Wilson | rwilson@cravath.com |
| Ryan M Hodinka | rhodinka@balch.com |
| Samantha A Robbins | srobbins@foley.com |
| | |
| Samuel Andrew Diddle | sdiddle@eberle.com |
| Samuel Issacharoff | samuel.issacharoff@nyu.edu |
| Sarah J Donnell | sdonnell@kirkland.com |
| Sarah Lynn Cylkowski | scylkowski@bodmanlaw.com |
| Sarah S Glover | sglover@maynardcooper.com |

| | |
|---|---|
| Scott Allen Martin | smartin@hausfeld.com |
| Scott F Singley | ssingley@brunini.com |
| Scott S Brown | sbrown@mixonfirm.com |
| Sean T. O'Connell | soconnell@shaheengordon.com |
| | |
| Shannon Elise McClure | smcclure@reedsmith.com |
| Stanley P Baudin | sbaudin@pbclawfirm.com |
| Star Mishkel Tyner | start@dglawfirm.com |
| Stephen A. Loney, Jr. | Stephen.loney@hoganlovells.com |
| Stephen A Rowe | steve.rowe@arlaw.com |
| Stephen B Murray, Jr. | smurrayjr@murray-lawfirm.com |
| Stephen M Hanson | steve@stephenmhansenlaw.com |
| Steven P Wandro | swandro@2501grand.com |
| Swathi Bojedla | sbojedla@hausfeld.com |
| | |
| Sylvia Maria Arizmendi | arizmendis@reichardescalera.com |
| Syndey L Schneider | sydney.schneider@kirkland.com |
| Ta'Kisha L Guster | takishaguster@gmail.com |
| Tammy McClendon Stokes | tammys@gseattorneys.com |
| Tatum Leigh Jackson | tjackson@lightfootlaw.com |
| Temus C Miles, Jr | tmiles@westcolumbiasc.gov |
| Terri Olive Tompkins | ttompkins@rosenharwood.com |
| Theresa (Tess) S Gee | tgee@milchev.com |
| Thomas Bender | tbender@hab-law.com |
| Thomas J Rheaume, Jr. | trheaume@bodmanlaw.com |
| Thomas S Scott, Jr | scott@ballandscott.com |
| Thomas Michael Trucksess | thomas.trucksess@hoganlovells.com |
| Timothy D Battin | tbattin@boiesbattin.com |
| | |
| Timothy R. Holton | THolton@dchlaw.com |
| Todd M Stenerson | todd.stenerson@shearman.com |
| Tracy A Roman | troman@crowell.com |
| Travis A Bustamante | travis.bustamante@nelsonmullins.com |
| Tyler J Barnett | tbarnett@yuhlcarr.com |
| Tyrone Carlton Means | tcmeans@meansgillislaw.com |
| U W Clemon | uwclemon1@gmail.com |
| Van Bunch | vbunch@bffb.com |
| Victoria Ann Redgrave | awelbon@redgravellp.com |
| Virginia M Buchanan | vbuchanan@levinlaw.com |
| | |
| W Gordon Ball | gball@gordonball.com |
| W Gregory Wright | gwright@midwest-law.com |
| W Tucker Brown | tbrown@whatleykallas.com |
| Wayne R Berry | berry.wayne@dol.gov |
| William Butterfield | wbutterfield@hausfeldllp.com |
| William A Isaacson | wisaacson@paulweiss.com |

| | |
|---|---|
| William David George | dgeorge@bakerwotring.com |
| William Egan Kellner | william.kellner@gmail.com |
| William H Horton | bhorton@gmhlaw.com |
| William Egan Kellner | william.kellner@gmail.com |
| Wilson Daniel Miles, III | dee.miles@beasleyallen.com |
| | |
| Yawanna Nabors McDonald | yawanna@campbellpartnerslaw.com |
| Zach Holmstead | zachary.holmstead@kirkland.com |
| Zachary W Best | zachary.best@hoganlovells.com |
| Zarel Joan Soto | zsoto@reichardescalera.com |
| | |
| Frank M. Lowrey | lowrey@bmelaw.com |
| Ronan P. Doherty | doherty@bmelaw.com |
| E. Allen Page | page@bmelaw.com |
| George W Cochran | lawchrist@gmail.com |

## Service via USPS First Class Mail

| | |
|---|---|
| Allison Nunley Pham<br>5525 Reitz Avenue<br>Baton Rouge, LA   70809 | Christopher G Scanlon<br>Faegre Baker Daniels LLP<br>300 North Meridian St, Suite 2700<br>Indianapolis, IN   46204 |
| Gerald F. Easter, Attorney at Law<br>369 N. Main Street<br>Memphis, TN 38103 | Gregory Haynes<br>Wyatt, Tarrant & Combs LLP<br>500 West Jefferson St, Suite 2800<br>Louisville, KY 40202-2898 |
| L. Adam Thames<br>Taylor, Porter, Brooks & Phillips<br>P. O. Box 2471<br>Baton Rouge, LA   70821 | |

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2024 MAR 22 P 2: 09

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO. 2406) | ) ) ) ) ) Master File 2:13-CV-20000-RDP |

## DECLARATION OF DAVID G. BEHENNA

I, DAVID G. BEHENNA, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct based on my knowledge, information, and belief.

1.      I am a Class member in the *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406).

2.      On October 23, 2021, I filed an online claim for premiums paid for my Blue Cross Blue Shield health insurance policy.  On November 1, 2021, the Claims Administrator confirmed my claim filing.  The confirmation included a claim number.

3.      In October 2021, Blue Cross Blue Shield of Massachusetts provided to me the monthly premiums paid to Blue Cross Blue Shield by my late parents for their health insurance for the years 2008-2009.  That information was needed to supplement family records of health insurance premium payments my late parents they paid in subsequent years.

4.      On November 3, 2021, I mailed to the Claims Administrator a paper copy of the long-form claim form on behalf of my late mother's estate.  The claim paperwork included a worksheet showing monthly premiums and other information as support for the total premiums paid by my late parents to Blue Cross Blue Shield during the class period.

5.      On October 12, 2022, I called the Claims Administrator's customer service line.  A customer service representative informed me I would need to submit a copy of my mother's death

certificate and a copy of her trust agreement in order for my mother's estate's claim to be processed. On November 20, 2022, I mailed to the Claims Administrator the requested documents.

6.       On March 9, 2024, I visited the https://www.bcbssettlement.com website to check whether the Claims Administrator had posted the Total Premiums Paid for the claims I filed. After I entered my claim number, the system responded my claims were "In review." When I entered the claim number for my mother's estate's claim, it generated an error message, "Invalid Unique ID or Claim Number."

7.       On March 11, 2024, I called the Claim Administrator's call center for an explanation. The Claim Administrator's representative informed me that "In review" meant that my claim was under review and the Claim Administrator would contact me if additional information was required. The representative also stated manually-filed claims – such as the claim I filed for my late mother's estate – could not be checked on the https://www.bcbssettlement.com website. I would need to call the call center for claim status updates.

I declare under penalty of perjury that the foregoing is true and correct on this 22nd day of March, 2024

Respectfully submitted,

David G. Behenna
*Pro Se* Objector-Appellant

155 Fleet Street
Portsmouth, NH  03801
dgbehenna@yahoo.com
Tel: (603) 964-4688