## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |

### PROVIDER PLAINTIFFS' MOTION TO ENFORCE
### OR AMEND THE PROTECTIVE ORDER

In California, the plaintiffs in another case against the Blues are seeking production of vast amounts of confidential information, including not only the Provider Plaintiffs' discovery and work product, but also confidential information produced by third parties. The Provider Plaintiffs and their counsel whose confidential information those plaintiffs seek never understood the protective order in this case to permit such a disclosure. To prevent this from happening, and to protect the status quo, this Court should enforce the protective order by prohibiting the Blues from producing this information. Or, if the Court determines that the current protective order does not prohibit this disclosure, it should modify the order to clarify that this Court controls the disclosure of work product and confidential information created and produced specifically for this MDL.

### BACKGROUND

In 2017, this Court supplemented the protective order in this case with a paragraph titled "Disclosure to Unauthorized Persons." Doc. No. 1488 at 2. That paragraph provides in part,

> To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any Party or third-party, such Party shall notify counsel for the Party, third-party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third-party whose Confidential Material is sought to seek to protect it from disclosure. The Party subject to such discovery request or subpoena shall not produce or disclose the requested Confidential Materials absent the written consent

1

of the Party or third-party whose Confidential Material is sought or if a court of competent jurisdiction orders the production.

*Id*.

Four years later, a system of California hospitals, some of which were involved in bankruptcy litigation, filed a case in Alameda County Superior Court, *VHS Liquidating Trust, et al. v. Blue Cross of California, et al.*, Case No. RG21106600 (Cal. Sup. Ct., Alameda Cnty.) ("*Prime*"). *Prime* was a copycat action paralleling many of the Provider Plaintiffs' allegations here but asserting claims under state law. The case was subject to conditional transfer to this MDL, which the *Prime* plaintiffs moved to vacate, and the case was ultimately remanded to state court by the Northern District of California Bankruptcy Court before the MDL Panel could act to transfer the case to this Court.

Recently, the *Prime* plaintiffs moved to compel the production of the Provider Plaintiffs' confidential documents and work product so they can use it in their own case. The *Prime* plaintiffs' motion to compel apparently covers:

- All expert reports served by the Provider Plaintiffs;

- All backup materials to each such expert report, which may include confidential materials that originated from the Provider Plaintiffs, as well as non-parties to the MDL;

- All deposition transcripts of individuals represented by Provider Plaintiffs; and

- All filings on the MDL docket that were sealed in order to protect Provider Plaintiffs' confidential information.

The *Prime* plaintiffs, who are not bound to the confidentiality provisions of the protective order in this case, have never contacted the Provider Plaintiffs about this issue. Although the *Prime* defendants have opposed the motion to compel, and the Provider Plaintiffs object to the production

2

of their confidential materials (including work product) and the confidential materials of non-parties, the Discovery Referee has requested additional briefing on questions related to the production of Confidential Materials produced, including work product, in this litigation. In a truly rich turn of events, the *Prime* plaintiffs have insisted the Blues cannot even give Provider Plaintiffs the actual requests, briefing or correspondence related to their requests for the confidential information in this case on the basis of confidentiality.

## ARGUMENT

As the Court likely knows, the *Prime* plaintiffs' case was pled specifically as a state law case and avoided this MDL. Now they want the benefits of the discovery that was done pursuant to the unique powers of the MDL Court.  They, and others like them, cannot have their cake and eat it too. The Provider Plaintiffs have expressed through Defense counsel that they are willing to work with the *Prime* plaintiffs, but the *Prime* plaintiffs apparently prefer an attempt to end run the Protective Order and get free access to a trove of materials they had no role in obtaining. The fact that these Plaintiffs will not even allow the Provider Plaintiffs to see what they are requesting, or on what basis, makes clear the end run.  Further, production to the *Prime* Plaintiffs, without further protections in place, risks a snowball effect whereby the *Prime* Plaintiffs are subpoenaed by other plaintiffs simply requesting the discovery materials in this case. Once the MDL cases are remanded or otherwise dispensed with, there is every reason to believe other plaintiffs (including opt-out plaintiffs) will pursue this same strategy to avoid accountability with this Court. The Court needs to nip discovery on MDL discovery in the bud at this early stage and require any party that wishes to do discovery on the Confidential Materials produced by others, including the work product of the Plaintiffs, come before this Court to seek access to those materials.

Allowing any court in the country to order the production of confidential MDL materials, including materials produced by third parties who never imagined that their materials would be shared outside of the MDL, is unfair to the parties and third parties. The Provider Plaintiffs and the Blues should not be forced to litigate, repeatedly, in far-flung courts, what happens to their confidential materials and the confidential materials of others. If they are forced to litigate questions related to the availability of their confidential materials, that litigation should be in front of the Court whose jurisdiction they submitted to. Beyond the hassle to the parties, "persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigants' expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Even putting aside equitable concerns, "complex aggregate litigation often raises a classic free-rider problem. A subset of plaintiffs' lawyers do the lion's share of the work, but that work accrues to the benefit of all plaintiffs. If those other plaintiffs were not required to pay any costs of that work, high-quality legal work would be under-incentivized and, ultimately, under-produced." *In re General Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 174 (S.D.N.Y. 2020) (internal quotation marks omitted).

The *Prime* plaintiffs' request undermines the MDL process, which depends on the MDL court's inherent power to manage the case, including by issuing protective orders. *See Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 343 (S.D.N.Y. 2012) ("It is well-established that courts have inherent equitable powers to grant confidentiality orders."); *General Motors*, 477 F. Supp. 3d at 188–89 ("In fact, it is commonly accepted that a federal court has the power to regulate the conduct of counsel appearing before it, even where such regulation affects non-parties to the case itself. Take protective orders. Pursuant to such orders, counsel is usually prohibited, on pain of sanctions, from using or disclosing information or documents publicly or in other litigation."); *In*

*re Zyprexa Prods. Liab. Lit.*, 467 F. Supp. 2d 256, 264 (E.D.N.Y. 2006) (permitting the Plaintiffs' Steering Committee to "provide electronic copies of all discovery materials to plaintiffs' attorneys who agree to adhere to the terms of the protective order and the case management orders that have been issued by this court, the magistrate judge, and the special masters"). An MDL court that could offer parties and third-parties no assurance that their confidential information will be protected would find those same parties and non-parties unwilling to produce confidential information. Allowing another Court to simply end run the Protective Order, not just for the parties' materials, but with respect to the materials of third-parties through taking discovery on discovery, undermines the inherent powers of the MDL Court.

To end the *Prime* plaintiffs' gamesmanship, as well as the potential knock-on effects of disclosure to parties not under the jurisdiction of this MDL, this Court should enforce the protective order by prohibiting the Blues from producing information covered by the protective order. If there is any doubt that the current protective order allows this Court to decide issues of confidentiality and disclosure in the first instance, it should be modified to provide that materials designated as Confidential may not be produced in other litigation without permission from the party that produced it, or an order of *this* Court. That change, along with other changes to clarify the scope of the confidential material covered by the order, is reflecting in the attached proposed order. A redline comparing the paragraphs of the current and proposed paragraphs is attached as Exhibit A. This simple change will ensure that materials produced in the MDL, based on the authority of the MDL court and its Protective Order protections, remain protected with a voice before the Court that it produced the materials.

Because these issues are currently being litigated in the *Prime* case, the Provider Plaintiffs ask this Court, while considering the issues raised by this Motion, to inform the parties that the

Protective Order requires Blues not to produce Confidential Materials produced or acquired by them from Provider Plaintiffs or Third Parties pending the Court's consideration of this Motion. The Provider Plaintiffs understand that the Blues do not oppose such a request.

## CONCLUSION

Seeking production of MDL materials covered by a protective order offends the legitimate interests of the parties to this case, third parties who produced confidential information, and the Court itself. The Court should enforce the protective order or modify it as appropriate.

Dated:  June 13, 2024                               Respectfully submitted,

*/s/ Edith M. Kallas*                                    */s/ Joe R. Whatley, Jr.*
Edith M. Kallas – ***Co-Lead Counsel***          Joe R. Whatley, Jr. – ***Co-Lead Counsel***
WHATLEY KALLAS, LLP                         W. Tucker Brown
152 West 57th Street                               WHATLEY KALLAS, LLP
41st Floor                                            2001 Park Place North
New York, NY  10019                            1000 Park Place Tower
Tel:  (212) 447-7060                              Birmingham, AL 35203
Fax:  (800) 922-4851                              Tel:  (205) 488-1200
Email: ekallas@whatleykallas.com          Fax:  (800) 922-4851
                                                      Email: jwhatley@whatleykallas.com
                                                             tbrown@whatleykallas.com

*/s/ Barry A. Ragsdale*
Barry Alan Ragsdale – ***Plaintiffs' Liaison***
***Counsel and Discovery Liaison Counsel***
Dominick Feld Hyde, PC
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL  35205
Tel:  (205) 536-8888
bragsdale@dfhlaw.com

6

Patrick J. Sheehan
WHATLEY KALLAS, LLP
101 Federal Street
19th Floor
Boston, MA 10019
Tel:  (617) 573-5118
Fax:  (617) 371-2950
Email: psheehan@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH  03801
Tel:  (603) 294-1591
Fax:  (800) 922-4851
Email: hquillen@whatleykallas.com

Charles Clinton Hunter
HAYES HUNTER PC
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel:  (281) 768-4731
Fax: (713) 583-7047
Email: chunter@hayeshunterlaw.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel:  (404) 607-8222
Fax:  (404) 607-8451
Email: dwinegard@whatleykallas.com

E. Kirk Wood, Jr. – *Local Facilitating Counsel*
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel:  (205) 612-0243
Fax:  (205) 705-1223
Email: ekirkwood1@bellsouth.net

Aaron S. Podhurst – *Plaintiffs' Steering Committee*
Peter Prieto – *Chair, Expert Committee*
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue
Suite 2300
Miami, FL  33131
Tel:  (305) 358-2800
Fax:  (305) 358-2382
Email: apodhurst@podhurst.com
         pprieto@podhurst.com

Dennis Pantazis – *Plaintiffs' Steering Committee*
Brian Clark – *Discovery Committee*
WIGGINS CHILDS PANTAZIS FISHER
 GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel:  (205) 314-0500
Fax:  (205) 254-1500
Email: dgp@wcqp.com
        bclark@wcqp.com

U.W. Clemon – *Plaintiffs' Steering Committee*
U. W. Clemon, LLC
5202 Mountain Ridge Parkway
Birmingham, AL  35222
Tel: (205) 837-2898
Email: clemonu@bellsouth.net

7

Dennis C. Reich – ***Chair, Damages Committee***
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel:  (713) 622-7271
Fax:  (713) 623-8724
Email:  dreich@rbfirm.net

Nicholas B. Roth – ***Chair, Discovery Committee***
Julia Smeds Roth – ***Discovery Committee***
EYSTER KEY TUBB ROTH MIDDLETON
  & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel:  (256) 353-6761
Fax:  (256) 353-6767
Email: nbroth@eysterkey.com
        jroth@eysterkey.com

David A. Balto – ***Expert Committee***
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel:  (202) 789-5424
Fax:  (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Joey K. James – ***Litigation Committee***
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel:  (256) 764-0095
Fax:  (256) 767-5705
Email: joey@bunchandjames.com

J. Mark White – ***Litigation Committee***
Augusta S. Dowd – ***Chair, Litigation Committee***
Linda G. Flippo – ***Discovery Committee***
WHITE ARNOLD & DOWD, P.C.
The Massey Building
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
Tel:  (205) 323-1888
Fax:  (205) 323-8907
Email: mwhite@whitearnolddowd.com
        adowd@whitearnolddowd.com
        lflippo@whitearnolddowd.com

Van Bunch – ***Chair, Class Certification Committee***
BONNETT FAIRBOURN FRIEDMAN &
  BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel:  (602) 274-1100
Fax:  (602) 274-1199
Email: vbunch@bffb.com

Robert J. Axelrod – ***Chair, Written Submissions Committee***
AXELROD LLP
800 Third Avenue, Suite 2800
New York, NY 10022
Tel: (646) 448-5263
Fax: (212) 840-8560
Email: raxelrod39@gmail.com

W. Daniel Miles, III – ***Written Submissions Committee***
BEASLEY ALLEN CROW METHVIN PORTIS
  & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel:  (800) 898-2034
Fax:  (334) 954-7555
Email: dee.miles@beasleyallen.com

8

Richard S. Frankowski – *Discovery Committee*
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL  35233
Tel:  (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowskifirm.com

John C. Davis – *Written Submissions Committee*
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel:  (850) 222-4770
Email: john@johndavislaw.net

Mark K. Gray – *Discovery Committee*
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel:  (502) 805-1800
Fax:  (502) 618-4059
Email: mgray@grayandwhitelaw.com

Stephen M. Hansen – *Class Certification Committee*
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel:  (253) 302-5955
Fax:  (253) 301-1147
Email: steve@stephenmhansenlaw.com

Harley S. Tropin – *Damages Committee*
Javier A. Lopez – *Discovery Committee*
KOZYAK TROPIN &
  THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel:  (305) 372-1800
Fax:  (305) 372-3508
Email: hst@kttlaw.com
        jal@kttlaw.com

Michael C. Dodge – *Expert Committee*
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel:  (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel:  (205) 908-6512
Email: mgurleyjr@yahoo.com

Lynn W. Jinks, III – *Expert Committee*
Christina D. Crow – *Discovery Committee*
JINKS CROW & DICKSON, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel:  (334) 738-4225
Fax:  (334) 738-4229
Email: ljinks@jinkslaw.com
        ccrow@jinkslaw.com

Myron C. Penn – *Discovery Committee*
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel:  (334) 738-4486
Fax:  (334) 738-4432
Email: myronpenn28@hotmail.com

J. Preston Strom, Jr. – *Litigation Committee*
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel:  (803) 252-4800
Fax:  (803) 252-4801
Email: petestrom@stromlaw.com

9

C. Wes Pittman – *Settlement Committee*
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel:  (850) 784-9000
Fax:  (850) 763-6787
Email: wes@pittmanfirm.com

Robert B. Roden – *Litigation Committee*
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel:  (205) 933-8383
Fax:  (205) 933-8386
Email: rroden@shelbyroden.com

Gary E. Mason – *Class Certification Committee*
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Tel:  (202) 429-2290
Fax:  (202) 640-1160
Email: gmason@wbmllp.com

Michael L. Murphy – *Discovery Committee*
BAILEY GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC  20006
Tel:  (202) 463-2101
Fax: (202) 463-2103
Email: mmurphy@baileyglasser.com

Lance Michael Sears
SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel:  (719) 471-1984
Fax:  (719) 577-4356
Email: lance@searsassociates.com

Thomas V. Bender – *Discovery Committee*
Dirk L. Hubbard
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Tel:  (816) 421-0700
Email:  tbender@hab-law.com
          dhubbard@hab-law.com

Gregory S. Cusimano – *Litigation Committee*
CUSIMANO, ROBERTS & MILLS, LLC
153 South 9th Street
Gadsden, AL  35901
Phone: (256) 543-0400
Fax: (256) 543-0488
Email:  greg@alalawyers.net

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel:  (320) 289-2363
Fax:  (320) 289-2369
Email: brian@wojtalewiczlawfirm.com

Archie C. Lamb, Jr.
ARCHIE LAMB & ASSOCIATES, LLC
301 19th Street North, Suite 585
The Kress Bldg.
Birmingham, AL 35203-3145
(205) 458-1210
Email: alamb@archielamb.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA  51101
Tel:  (712) 234-3030
Fax:  (712) 234-3034
Email:  paul@lundberglawfirm.com

Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK  99501
Tel:  (907) 277-5400
Fax:  (907) 277-9896
Email:  Jessica@dillonfindley.com
        Ray@dillonfindley.com
        Molly@dillonfindley.com

Cynthia C. Moser
HEIDMAN LAW FIRM
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA  51101
Tel:  (712) 255-8838
Fax  (712) 258-6714
Email:  Cynthia.Moser@heidmanlaw.com

Gwen Simons
Simons & Associates Law, P.A.
P.O. Box 1238
Scarborough, ME 04070-1238
Tel: (207) 205-2045
Fax: (207) 883-7225
Email: gwen@simonsassociateslaw.com

11