FILED
2024 Jun-17  PM 06:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This document relates to Subscriber-Track cases.** |

### MEMORANDUM IN SUPPORT OF LIVE NATION'S UNOPPOSED MOTION FOR LEAVE TO REJOIN THE SUBSCRIBER DAMAGES CLASS AND TO FILE A LATE CLAIM FOR DAMAGES

Live Nation Entertainment, Inc. ("Live Nation") respectfully requests an order granting it permission (a) to rejoin the Subscriber Settlement Damages Class ("Damages Class"), and (b) to file a late claim for damages as part of the Damages Class.  Allowing Live Nation to rejoin the Damages Class would further streamline this litigation and promote the finality of the Subscriber Class Settlement.  Live Nation rejoining the Damages Class will not afford it any special benefit to or prejudice other members of the Class.  Neither Settlement Class Counsel nor Defendants oppose the relief sought by this Motion.

### BACKGROUND

On November 30, 2020, the Court preliminarily approved the Subscriber Class Settlement. *See* ECF No. 2641. Pursuant to the Notice Plan, class members had access to a copy of the Settlement Agreement during the class notice period.  *See* ECF No. 2812-2, ¶ 10.  The Settlement Agreement specifically lists Live Nation as one of the "Qualified National Accounts" included in the putative settlement class.  *See* ECF No. 2610-2 at 91.

An extensive notice period followed.  On May 2, 2022, Live Nation submitted a request to be excluded from the Damages Class.  *See* Ex. A to Decl. of Jon Corey.  On August 9, 2022, the

4862-0421-2167

Court issued a Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator ("Final Approval Order"). ECF No. 2931; see also ECF No. 2939 (amending final approval order).  Various appeals were taken from that Final Approval Order and on October 25, 2023, the 11th Circuit issued an opinion affirming the Final Approval Order. *In re: Blue Cross Blue Shield Antitrust Litigation MDL 2406*, 85 F.4th 1070 (11th Cir. 2023). Distribution of funds to the Damages Class has not yet occurred.

Live Nation was a plaintiff in *Bed Bath & Beyond Inc. now known as 20230930-DK-Butterfly-1, Inc. et al., v. Anthem, Inc. et al.*, No. 2:22-cv-01256-RDP (N.D. Al.) (the "Bed Bath Action"), filed September 28, 2022.  Live Nation's claims were severed from the Bed Bath Action on May 14, 2024, ECF No. 348.   Those claims were included in a new, severed action and were dismissed without prejudice on May 15, 2024.  *Live Nation, Inc. v. Anthem, Inc. et al.*, No. 2:24-cv-00600-RDP (N.D. Al.), ECF No. 4.

Live Nation has re-evaluated its position and now desires to rejoin the Damages Class. Decl. of Jon Corey ¶ 3.  Live Nation respectfully requests that the Court grant Live Nation leave to rejoin the Damages Class and to file a late claim for damages as part of the Damages Class.

Live Nation has not negotiated any settlement of its claims against Defendants in this matter or in connection with the Bed Bath Action outside of the Subscriber Settlement Agreement. *Id.* ¶ 3.

### ARGUMENT

The Court has authority to allow Live Nation to rejoin the Damages Class and to file a late claim for damages. In its Final Approval Order, the Court retained "continuing jurisdiction over . . . implementation of the Settlement Agreement and any award or distribution of the Settlement Fund" and over all parties "for the purpose of construing, enforcing, and administering the terms

4862-0421-2167

of the Settlement Agreement consistent with those terms." ECF No. 2931 at 89-90. As part of that ongoing jurisdiction, the Court may allow former opt-outs to rejoin the class and submit late claims before settlement funds are distributed. *See, e.g.*, *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *1 (D. Kan. Dec. 12, 2008) (granting opt-out's request to withdraw its request for exclusion after final approval of settlement but before distribution of settlement funds because "[i]n its final approval order in this case, the court specifically retained exclusive jurisdiction over the distribution of the settlement proceeds"); *In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *3 (E.D. Pa. June 30, 1982) (allowing opt-out to rejoin settlement class after judgment had been entered); *see also* Fed. R. Civ. P. 60(b)(6) (court may relieve party from final order for "any other reason that justifies relief").

Courts generally grant such requests to rejoin a class and submit a late claim unless (1) the opt-out obtained a special benefit in exchange for withdrawing their opt-out request or (2) other class members would be prejudiced. *See, e.g.*, *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *1-8 (summarizing examples); *In re MoneyGram Int'l, Inc. Secs. Litig.*, 2011 WL 855311 at *2-3 (D. Minn. Mar. 9, 2011) (denying request to rejoin because the opt-out's decision was used "to gain leverage for a separate settlement").

Neither exception applies here. First, Live Nation has not negotiated a separate settlement or other special benefit in exchange for withdrawing its opt out and rejoining the class or submitting a late claim. It only seeks the benefits to which it would be entitled as a member of the Damages Class. Second, other members of the class would not be prejudiced. As the Court found in *In re Urethane Antitrust Litigation*, "the class members cannot have relied to their detriment on [the opt-out's] original opt-out because they chose to participate in the settlement while [the opt-out] was still a potential class member." 2008 WL 5215980, at *2. Other class members will

4862-0421-2167

therefore "receive in the settlement the same amount they would have had [the opt-out] never opted out to begin with." *Id.*; *see also In re Electrical Carbon Products Antitrust Litig.*, 447 F. Supp. 2d 389, 397 (D.N.J. 2006) (finding no prejudice because the opt-out's original decision "could not have been a factor in the decision of any particular class members to participate."). Nor will Live Nation rejoining the class delay distribution of funds, which will not occur until after appeals are resolved. *See* ECF No. 2610-2 at ¶¶ 8, 26.

The interests of judicial economy and the policy behind Federal Rule of Civil Procedure 23 further support Live Nation's request. Allowing Live Nation to rejoin the class and to submit a late claim would save the Court and the parties the time and expense of continuing to litigate Live Nation's opt-out case. *See In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL at *2 ("The policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal issues."); *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3 (allowing opt-out to rejoin class would serve the purpose of Rule 23). By reducing the number of opt-out disputes, it would also reinforce the finality of the Subscriber Class Settlement. Settlement Class Counsel and Defendants do not oppose the relief sought in this Motion.

### CONCLUSION

For the foregoing reasons, Live Nation respectfully requests that the Court grant this Unopposed Motion to permit Live Nation to rejoin the Damages Class and to file a late claim for damages.

Dated: June 17, 2024                                    Respectfully submitted,

                                                        */s/ Jon Corey*
                                                        Jon Corey
                                                        MCKOOL SMITH, PC
                                                        1999 K Street NW, 6th Floor
                                                        Washington, District of Columbia 20006
                                                        (202) 370-8300

jcorey@mckoolsmith.com

Brenton K. Morris
BENTON, CENTENO & MORRIS, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205)-278-8000
bmorris@bcattys.com

5

4862-0421-2167