IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO.: 2406) | Master File No.: 2:13-CV-20000-RDP<br>This document relates to Provider cases |

## ORDER GRANTING LIVE NATION'S MOTION TO REJOIN DAMAGES CLASS AND TO FILE A LATE CLAIM FOR DAMAGES

This matter is before the court on the Unopposed Motion for Leave to Rejoin the Subscriber Damages Class and to File a Late Claim for Damages filed by Live Nation Entertainment, Inc. ("Live Nation").  (Doc. # 3137).  Live Nation asserts that allowing it to rejoin the Damages Class "would further streamline this litigation and promote the finality of the Subscriber Class Settlement."  (Doc. # 3138 at 1).  Allowing Live Nation to rejoin the class has not afforded it any special benefit and will not prejudice the other members of the Class.  Settlement Class Counsel and Defendants do not oppose Live Nation's Motion.  (*Id.*).

On May 2, 2022, Live Nation submitted a request to be excluded from the Damages Class. (Docs. # 3138, 3139).  After the court issued the Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator ("Final Approval Order") (Docs. # 2931, 2939), and the Eleventh Circuit issued an opinion affirming the Final Approval Order, *see In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070 (11th Cir. 2023), Live Nation re-considered its position and now desires to rejoin the Damages Class. (Docs. # 3138 at 2, 3139 at 1-2).

"Nothing in the Federal Civil Rules expressly allows a party to withdraw its request for exclusion from a litigation or settlement class."  *In re Polyurethane Foam Antitrust Litig.*, 135 F. Supp. 3d 679, 687 (N.D. Ohio 2015).  However, "[i]n large, multidistrict antitrust class actions,

such as this one, courts have repeatedly allowed putative class members to rejoin a class at the settlement stage." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 2013 WL 1222690, at *1 (N.D. Cal. Mar. 25, 2013) (citing *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3 (D. Kan. 2008); *In re Elec. Carbon Prods.*, 447 F. Supp. 2d 389, 396-97 (D. N.J. 2006); *In Re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873, at *3 (E.D. Pa. 1982); and *In re Corrugated Container Antitrust Litig.*, 1981 WL 2093, at *14 (S.D. Tex. 1981)).

"Requests to rejoin will generally only be denied when [(1)] the putative class member's initial 'decision to opt out of the settlement class was part of a conscious plan to squeeze additional settlement dollars from the defendants'" or (2) other class members would be prejudiced. *In re Elec. Weld Steel Tubing*, 1982 WL 1873, at *3; *In re Urethane Antitrust Litig.*, 2008 WL 5215980, at *3; *see also In re MoneyGram Int'l, Inc. Secs. Litig.*, 2011 WL 855311, at *3 (D. Minn. 2011) (denying request to rejoin because the initial opt-out decision appeared motivated by a desire "to gain leverage for a separate settlement").

Here, Live Nation has not negotiated a separate settlement or other special benefit in exchange for withdrawing its exclusion request and rejoining the class, and it only seeks the benefits to which it would have been entitled had it remained a member of the Damages Class. Also, there is no indication that other class members would be prejudiced if Live Nation rejoins the class. Rather, the Settlement Class and Defendants do not oppose the granting of this request. The interests of judicial economy will be served if Live Nation is allowed to rejoin the class because the parties will not have to expend time and resources litigating Live Nation's opt-out case and revisiting the same facts and legal issues resolved in the Subscriber Class Settlement. *See In re Elec. Weld Steel Tubing Antitrust Litig.*, 1982 WL 1873 at *2 ("The policy embodied in Rule 23 is the prevention of multiple relitigation of the same factual and legal issues.").

For these reasons, Live Nation's Unopposed Motion for Leave to Rejoin the Subscriber Damages Class and to File a Late Claim for Damages (Doc. # 3137) is **GRANTED**. Any list of Opt Outs is hereby **AMENDED** in accordance with this Order.

**DONE** and **ORDERED** this June 21, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE