IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This document relates to all cases. |
|---|---|

## DEFENDANTS' RESPONSE TO PROVIDER PLAINTIFFS' MOTION TO ENFORCE OR AMEND THE PROTECTIVE ORDER

On June 13, 2024, Provider Plaintiffs moved to enforce or amend the Protective Order entered in this multidistrict litigation (the "MDL Protective Order") (*see* Docs. 550, 1488) to "provide that materials designated as confidential may not be produced in other litigation without permission from the party that produced it, or an order of *this* Court" (Doc. 3135 at 5 (emphasis in original)).  That same day, the Court invited interested parties to respond to Providers' motion.  (*See* Doc. 3136 (the "Order").) The Blues now submit this response.

As the Court noted in its Order, "Providers present their motion in relation to a request from plaintiffs in a California state court case against the Blues (the *Prime* case), which seeks production of confidential information from the MDL".  (*Id.* at 1 (parenthetical in original).)  That is correct.  Certain Blues presently named as defendants in *Prime* have received discovery requests seeking confidential material from the MDL such as expert reports served by all parties in the MDL, including those served by MDL Provider Plaintiffs and MDL Subscriber Plaintiffs; all back-up materials to each expert report; all transcripts of all individuals and entities deposed in the MDL, including those represented by both sets of MDL Plaintiffs as well as non-parties; and all sealed filings

on the MDL docket. The Blues[1] have opposed production of all of this information, because it is not relevant to *Prime* plaintiffs' case and because the Blues do not have authority to produce it under the MDL Protective Order. At the same time, the Blues *have agreed* to give *Prime* plaintiffs significant volumes of *their own* MDL materials—including more than 13 million Blue documents, billions of items of Blue claims data, Blue expert reports and Blue deposition transcripts.

We are now before this Court because the *Prime* plaintiffs are pursuing an order from the California court compelling production of the requested MDL material. This is almost exclusively material of *other entities*—namely, Provider Plaintiffs, Subscriber Plaintiffs and MDL nonparties. Subscriber Plaintiffs have opposed that production, and Provider Plaintiffs have said the Blues will violate the MDL Protective Order if they comply with any order of the California court directing production of their information. The Blues are, thus, stuck in the middle and welcome clarity from the Court on how to proceed in a manner that is both consistent with the MDL Protective Order and compliant with discovery orders from all courts.

## BACKGROUND

Following the class action settlement in the Subscriber-track of the MDL (*see* Doc. 2931), certain subscribers opted out of the settlement and filed their own lawsuits. Some of these opt-out lawsuits are pending before this Court,[2] while others are

---

[1] In the context of the *Prime* case, the "Blues" refers only to certain Blues presently named as defendants in that case.

[2] *See Alaska Air Grp., Inc. v. Anthem, Inc.*, No. 2:21-cv-01209-RDP (N.D. Ala.); *JetBlue Airways Corp. v. Anthem, Inc.*, No. 2:22-cv-00558-RDP (N.D. Ala.); *Bed Bath & Beyond Inc. v. Anthem, Inc.*, No. 2:22-cv-01256-RDP (N.D. Ala.) (collectively, the "Alabama ASO Opt-Out Cases").

pending in other forums.[3]  In each of these cases, the Blues have been asked, or have been told they will be asked, to produce materials designated under the MDL Protective Order.  Indeed, in the Alabama ASO Opt-Out Cases pending before this Court, the Blues have already produced their own MDL documents, their own MDL deposition transcripts, and—after providing notice and an opportunity to object to the affected entities—eight Blue expert reports that this Court ordered produced in the Alabama ASO Opt-Out Cases.  (*See* Memorandum Opinion and Order at 6, *Alaska Air*, No. 2:21-cv-01209-RDP (N.D. Ala.) (Doc. 401).)

*Prime*, however, presents a unique situation, because *Prime* plaintiffs have not limited their requests to the Blues' own materials.  Rather, *Prime* plaintiffs seek to compel production of:  (i) all MDL expert reports and back-up materials, including those served by Provider Plaintiffs and Subscriber Plaintiffs; (ii) all MDL deposition transcripts for all MDL parties, including those represented by both sets of MDL Plaintiffs' counsel, and non-parties; and (iii) all MDL sealed hearing transcripts[4] and sealed filings on the MDL docket, many of which are sealed because they contain confidential information of MDL Plaintiffs or non-parties.[5]  (*See* Declaration of Karin A. DeMasi in Support of Defendants' Response to Provider Plaintiffs' Motion to Enforce or Amend the Protective

---

[3] *See Ford Motor Co. v. Blue Cross Blue Shield of Mich. Mut. Ins. Co.*, No. 23-11286 (E.D. Mich.); *VHS Liquidating Trust & Prime Healthcare Servs., Inc. et al. v. Blue Cross of California*, No. RG21106600 (Ca. Super. Ct. Alameda Cnty.).  This latter case is the *Prime* case in California.

[4] *Prime* plaintiffs originally insisted on obtaining even a transcript that this Court sealed because it contains confidential mediation information.  (*See* DeMasi Decl., Ex. H.)  Upon the Blues' refusal to disclose this information, *Prime* plaintiffs ultimately agreed to accept a redacted copy of the transcript that is already publicly available.  (*See* DeMasi Decl., Ex. E at 17; *see also* Doc. 2149 (the transcript).)

[5] Under this Court's direction, the MDL Seal Team undertook extensive efforts to unseal much of the information originally filed under seal.  The MDL Seal Team filed indices of exhibits to class certification, partial summary judgment and *Daubert* motions showing the publicly available version of nearly all exhibits.  (*See, e.g.*, Docs. 2582, 2793, 2858.)  The Blues have provided these indices to *Prime* plaintiffs.

3

Order ("DeMasi Decl."), Ex. A.)  This is in addition to the more than 13 million Blue MDL documents, terabytes of Blue MDL data, Blue MDL deposition transcripts and Blue MDL expert reports that the Blues have *already agreed to produce* to *Prime* plaintiffs.[6]  Defendants opposed *Prime* plaintiffs' motion for additional materials on the grounds that the MDL Protective Order bars them from producing other entities' MDL materials absent their affirmative consent or a court order (Doc. 1488 at 3), and because *Prime* plaintiffs had not even demonstrated the relevance of these materials.  (*See* DeMasi Decl., Ex. B.)

On April 25, 2024, the *Prime* Discovery Referee, the Honorable James P. Kleinberg, issued a recommendation that did not address the specific categories of materials requested or the MDL confidentiality issues, but recommended that "Defendants should be ordered to comply with discovery without further delay".[7] (DeMasi Decl., Ex. D at 2.)  *Prime* plaintiffs took the position that this general statement, if adopted by the *Prime* court, would require the Blues to produce all the MDL Materials requested, including materials belonging to Providers, Subscribers and MDL non-parties. Defendants disagreed with *Prime* plaintiffs' interpretation, but in an abundance of caution, undertook a time-consuming and expensive notification process of the

---

[6] Even with respect to these agreed-upon Blue materials, such as the Blues' own expert reports, *Prime* plaintiffs are trying to force the Blues to produce them before our notice process under the MDL Protective Order is complete.  Even as we prepare this response, *Prime* plaintiffs are demanding (on threat of another trip to the Discovery Referee) that the Blues "produce Defendants' expert reports from the MDL by the close of business on Wednesday, July 3".  (DeMasi Decl., Ex. L.)  As we have repeatedly explained to the *Prime* plaintiffs (and, as appropriate, the Discovery Referee), the Blues cannot produce those reports without complying with the notice process in the MDL Protective Order because the Blues' reports include confidential information of Providers, Subscribers and MDL non-parties.

[7] Under the order appointing the Discovery Referee in *Prime*, Judge Kleinberg is empowered "to hear and issue recommendations concerning discovery motions and disputes relevant to discovery in this action", and then the court "may adopt, modify or disregard the Discovery Referee's recommendations, in whole or in part".  (DeMasi Decl., Ex. C at 2-3.)

potentially-impacted MDL parties and non-parties.[8] Both Providers and Subscribers objected to the production request: Subscribers said "[w]e oppose and object to this production and reserve all rights re same, including but not limited to associated costs and fees" (DeMasi Decl., Ex. F); Providers said they "object to the production of any of the Confidential materials described in the *Prime* litigation" (DeMasi Decl., Ex. G at 1), and that "we view any production of these documents without agreement from us or an order from Judge Proctor, even with an order from the *Prime* court, as a violation of Paragraph 17 the Protective Order in the MDL" (*id.* at 2). The vast majority of MDL non-parties either did not respond to the notice letters, or responded but refused to provide the affirmative consent the Blues would need to produce their materials.

In light of their differing interpretations of the April 25, 2024 recommendation, the *Prime* parties submitted additional briefing to the Discovery Referee. (*See* DeMasi Decl., Ex. H; DeMasi Decl., Ex. E.) While that additional briefing was underway, Provider Plaintiffs filed the instant motion, asking the MDL Court to enforce, or otherwise amend, the MDL Protective Order to make clear that *Prime* defendants may not produce Providers' MDL materials in *Prime* absent Providers' affirmative consent or an order from the MDL Court itself. (*See* Doc. 3135 at 1.) Providers have also asked the MDL Court to direct the Blues not to make any

---

[8] *Prime* plaintiffs have taken the position that the MDL Protective Order requires the Blues to notify and seek affirmative consent to produce confidential materials from MDL parties and non-parties as soon as the materials are requested, *even where there is no threat of production—e.g.*, where the Blues oppose the request, because the confidential material sought is not even relevant to the case. (*See* DeMasi Decl., Ex. E at 8.) That is not how Defendants understand the MDL Protective Order, and that is not how the parties proceeded when Alabama ASO plaintiffs sought certain Blue expert reports in August 2023. Rather, the Blues provided the requisite notice "within a reasonable time that allows the Party whose Confidential Material is sought to seek to protect it from disclosure", as set out in the MDL Protective Order (*see* Doc. 1488 at 3), which was immediately after this Court ordered it produced over the Blues' relevance and other objections.

5

productions of Providers' MDL materials until the MDL Court is able to rule on their motion. (*Id.* at 5-6.) In the meantime, the Discovery Referee anticipates issuing recommendations by the week of July 1.

## **ARGUMENT**

The Blues are currently stuck in the middle of a fight between plaintiffs' lawyers over material that is not even the Blues' information to produce. Provider Plaintiffs have said that producing this material—even in response to a court order issued by a California court—would be a violation of the MDL Protective Order. (*Id.* at 1.) *Prime* plaintiffs have taken the exact opposite position, insisting that "the MDL court has no basis for jurisdiction over a discovery dispute in California state court". (DeMasi Decl., Ex. E at 6; *see also id.* at 5 (claiming that "behind the scenes [Defendants] have recently been involved in efforts to obtain an order from that MDL court to specifically prevent them from complying with their discovery obligations").) The Blues are in an untenable position where they will be accused of falling short of their obligations, no matter what they do.

The Blues have done everything they can to solve this conundrum. They have agreed to give *Prime* plaintiffs significant volumes of their own MDL materials—much more than ASO plaintiffs sought, and this Court ordered produced, in the Alabama ASO Opt-Out Cases—in an attempt to satisfy *Prime* plaintiffs' request. The Blues have also tried to get the plaintiffs' lawyers to engage directly with each other to address the rest, including by giving *Prime* plaintiffs direct contact information for Provider lead counsel. (*See* DeMasi Decl., Ex. I.) Unfortunately, these efforts have failed because *Prime* plaintiffs apparently refuse to speak directly to Providers over Providers' own MDL materials. (*See* Doc. 3135 at 2.) Indeed, *Prime* plaintiffs will not even let the

Blues share basic information with Providers, such as the applicable discovery requests or the non-public briefing before the Discovery Referee, to enable Providers to better evaluate the request. (*See* DeMasi Decl., Ex. J.) The Blues do not want to be in a position of mediating disputes between Providers, Subscribers and MDL non-parties, on the one hand, and opt-out plaintiffs on the other.

Given where we find ourselves, Providers' proposed solution is a sensible one—that is, requiring affirmative consent from the entity that produced or designated the materials under the MDL Protective Order prior to production in another case, or else an order compelling production from the MDL Court itself. This will ensure that the affected party or non-party has a seat at the table with all relevant information, and that the Blues are no longer caught in the middle of other entities' fights. It will also be efficient for the Court with the most knowledge of the MDL and the materials produced in the MDL to address the motions to compel.[9] Ultimately, however, the Blues just want clarity. Everyone needs to have a clear understanding of the applicable rules of the road, so that the Blues know their obligations as different sets of plaintiffs' lawyers seek to pull them in opposite directions.

## CONCLUSION

For the foregoing reasons, the Blues do not oppose the relief sought by Provider Plaintiffs, and welcome any additional guidance the MDL Court is willing to

---

[9] Notably, in seeking to justify their request for MDL materials, *Prime* plaintiffs have selectively quoted from the decisions of this Court. (*See, e.g.*, DeMasi Decl., Ex. K at 1-2 (making arguments about the Court's 2018 standard of review ruling, without informing the Discovery Referee about the Court's subsequent 2022 decision); *see also* DeMasi Decl., Ex. A at 7 (justifying their request for *all* MDL expert reports served by *all* parties by claiming "the MDL Court recently granted the opt-out plaintiffs' motion to compel production of the expert reports from the MDL Action", without disclosing this Court's order in fact pertained to a *subset* of Blue expert reports only).)

7

provide, even if it is not the specific relief requested by Provider Plaintiffs. In addition, the Blues do not oppose the Court making a direct outreach to the *Prime* Discovery Referee and/or the *Prime* court itself, if it would aid the Court in providing appropriate guidance in this instance.

Dated:  June 28, 2024

Respectfully submitted,

<u>/s/ Karin A. DeMasi</u>
Karin A. DeMasi
Lauren R. Kennedy
David H. Korn
Lillian S. Grossbard
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com
lgrossbard@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Kansas City; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of South Carolina; BlueCross BlueShield of Tennessee, Inc.; Blue Cross Blue Shield of Wyoming; California Physicians' Service d/b/a Blue Shield of California; Capital Blue Cross; CareFirst Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans*

9

Craig A. Hoover
E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC  20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
elizabeth.jose@hoganlovells.com
david.maxwell@hoganlovells.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*


John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY & SCARBOROUGH LLP

*Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation Triple-S Salud, Inc.*


Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF & BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL  35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; Blue Cross and Blue Shield of Kansas City; BlueCross BlueShield of South Carolina; Blue Cross Blue Shield of Wyoming; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue*

10

1320 Main Street, 17th Floor
Columbia, SC  29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Carl S. Burkhalter
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardnexsen.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Helen E. Witt
Jeffrey J. Zeiger, P.C.
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com
hwitt@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield*

11

*Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendants Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX  75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL  36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group*

*of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc.*

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd., Suite 250
Chantilly, VA  20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California Physicians' Service d/b/a Blue Shield of California*

Todd M. Stenerson
Brian C. Hauser
ALLEN OVERY SHEARMAN STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC  20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@aoshearman.com
brian.hauser@aoshearman.com

Rachel Mossman Zieminski
ALLEN OVERY SHEARMAN STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@aoshearman.com

Sarah L. Cylkowski
Thomas J. Rheaume, Jr.

12

*Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey. Jr.
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS  39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company*

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC  20007
Tel: (202) 672-5491
arutenberg@foley.com

Diane R. Hazel
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO  80202
Tel: (720) 437-2034
dhazel@foley.com

Ryan M. Hodinka
BALCH & BINGHAM, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL 35203

BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI  48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL  35203
Tel: (205) 224-0750
Fax: (205) 224-8622
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendant Blue Cross and Blue Shield of Michigan; Blue Cross and Blue Shield of Vermont*

John DeQ. Briggs
Jeny M. Maier
Kenina J. Lee
AXINN, VELTROP & HARKRIDER, LLP
1901 L Street, N.W.
Washington, DC  20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
jmaier@axinn.com
klee@axinn.com

Kail J. Jethmalani
Victoria J. Lu
AXINN, VELTROP & HARKRIDER LLP
114 W. 47th Street
New York, NY 10036
Tel: (212) 728-2200

Tel: (205) 226-3464
Fax: (205) 488-5848
rhodinka@balch.com

*Counsel for Defendant USAble Mutual Insurance Company, d/b/a Arkansas Blue Cross and Blue Shield and as Blue Advantage Administrators of Arkansas*

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL  35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY 14203-2887
Telephone No. (716) 847-8400
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

Morris Wade Richardson (ASB-8581-S78M)
Charles Todd Grimes (ASB-3224-S77C)
RICHARDSON CLEMENT PC
22 Inverness Center Parkway, Suite 500
Birmingham, AL 35242
Tel: (205) 729-7000
Fax: (205) 905-7009
wade@richardson.law
charley@richardson.law

Fax: (212) 728-2201
kjethmalani@axinn.com
vlu@axinn.com

Stephen A. Rowe (ASB-3804-E65S)
Aaron G. McLeod (ASB-8589-A57M)
ADAMS AND REESE LLP
1901 6th Avenue North, Suite 3000
Birmingham, AL 35203
Tel: (205) 250-5080
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants Independence Hospital Indemnity Plan, Inc. f/k/a Independence Blue Cross; Independence Health Group, Inc.*

Sarah Gilbert
Honor Costello
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Ave.
New York, NY 10001
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com

Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 624-2500
Fax: (202) 628-5116
troman@crowell.com

John M. Johnson
Brian P. Kappel
Tatum L. Jackson
LIGHTFOOT FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, AL  35203
Tel: (205) 581-0716

14

*Attorneys for Defendants Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield*

Fax: (205) 581-9116
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com
tjackson@lightfootlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; GoodLife Partners, Inc.; Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; HealthyDakota Mutual Holdings; Blue Cross Blue Shield of North Dakota*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Karin A. DeMasi*
Karin A. DeMasi