FILED
2024 Jun-28  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit D

Hon. James P. Kleinberg (Ret.)
Discovery Referee
JAMS
160 West Santa Clara Street, Suite 1600
San Jose, CA 95113
Telephone: (408) 288-2240
Jessika Lee, Case Manager
jlee@jamsadr.com
Telephone: (408) 346-0767

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**04/25/2024 at 03:25:13 AM**
By: Liza Sabio,
Deputy Clerk

## SUPERIOR COURT, STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

VHS LIQUIDATING TRUST, et.al.,

          Plaintiffs,

vs.

BLUE CROSS OF CALIFORNIA, et.al.

          Defendants.

**Case No.: RG21106600**

**JAMS Ref. No. 1110029231**

REFEREE'S RECOMMENDATIONS RE: PLAINTIFFS' OUTSTANDING MOTION TO COMPEL

### 1. INTRODUCTION

Related litigation began with a federal court multi-district proceeding ("MDL") No. 2406 filed in the U.S. District Court for the Northern District of Alabama. That case involves alleged anticompetitive conduct by defendants named in this case. The District Court found evidence of Sherman Act *per se* violations by defendants. *In re Blue Cross Blue Shield Antitrust Litigation,* 308 F.Supp. 3d 1241, 1267 (N.D. Ala. 2018). Significantly, the Plaintiffs in this proceeding did not participate in, but rather opted out of the MDL. This case reflects excessive delays in the discovery process.

### 2. DELAYS IN DEFENDANTS' PRODUCTION

More than 18 months ago Plaintiffs served discovery requests. The papers filed by both

REFEREE'S RECOMMENDATIONS RE: PLAINTIFFS' OUTSTANDING MOTION TO COMPEL

1

sides reflect non-compliance by Defendants. In contrast, Plaintiff VHS (which includes for this purpose Verity and Prime) has to date produced data for Verity's six hospitals dating back to 2010, Verity's financial statements, and has been producing further responses on an ongoing basis.

Recommendation: Defendants should be ordered to comply with discovery without further delay.

3.    WHETHER DISCOVERY REQUESTED IS OVERBROAD OR OTHERWISE OPPRESSIVE

California statutory and case law provides guidance:

CCP § 2017.020 (a):

The court shall limit the scope of discovery if it determines that the burden, expense, or intrusiveness of that discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence. The court may make this determination pursuant to a motion for protective order by a party or other affected person. This motion shall be accompanied by a meet and confer declaration under Section 2016.040.

CCP § 2019.030 provides:

(a) The court shall restrict the frequency or extent of use of a discovery method provided in Section 2019.010 if it determines either of the following:

(1) The discovery sought is unreasonably cumulative or **duplicative or** is obtainable from some other source that is more convenient, less burdensome, or less expensive.

(2) The selected method of discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation.

(b) The court may make these determinations pursuant to a motion for a protective order by a party or other affected person. This motion shall be accompanied by a meet and confer declaration under Section 2016.040.

(c) The court shall impose a monetary sanction under Chapter 7 (commencing with Section 2023.010) against any party, person, or attorney who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust.

REFEREE'S RECOMMENDATIONS RE: PLAINTIFFS' OUTSTANDING MOTION TO COMPEL

Recommendation: The Referee does not find Plaintiffs' discovery to be overbroad or oppressive. Defendants should be ordered to comply with discovery without further delay.

4. DEFENDANTS' DISCOVERY RECORD

Plaintiffs argue that Defendants have no grounds for complaining about delay since they have not responded to discovery requests served over 18 months ago. And, according to Plaintiffs Defendants have yet to produce materials "responsive to Plaintiffs' requests." A crucial difference between the sides' discovery performance is Plaintiffs were not part of the MDL litigation. Yet, according to the Plaintiffs they have, in good faith, been responsive to discovery requests. And Plaintiffs have, in effect, pledged they will continue to do so.

Recommendation: Defendants be ordered to comply with discovery without further delay.

5. DISCOVERY STANDARDS

The *Calcor* case is instructive:

> "…trial judges must carefully weigh the cost, time, expense and disruption of normal business resulting from an order compelling the discovery against the probative value of the material which might be disclosed if the discovery is ordered." *Calcor Space Facility, Inc. v. Superior Court*, 53 Cal.App.4th 216, 223 (1997)

6. LIMITS ON DISCOVERY

Plaintiffs argue they have proceeded in good faith in producing documents pertinent to employer-sponsored health plans. And Plaintiffs further point out that RFP No. 59 is limited in scope. Prime contends that its response to RFPs will provide documents sufficient to respond to RFP No. 59. RFP No. 32 seeks documents that show why Plaintiffs did not contract with certain insurers. As such, this is discovery asking Plaintiffs to prove a negative, which is disfavored. *Shorter v, Baca,* C.D. Cal. 7337-JVS (2013). Claims data that has been or will be produced indicates which health insurers Plaintiffs did and did not contract with.

RFPs 40 and 41 seek documents pertaining to providers other than Plaintiffs. As currently stated, these RFPs are overly broad and burdensome.

Recommendation: Plaintiffs to respond to RFP 59 within 10 days. Plaintiffs need not respond

REFEREE'S RECOMMENDATIONS RE: PLAINTIFFS' OUTSTANDING MOTION TO COMPEL

3

to RFPs 32, 40, and 41as presently drafted.

## 7. SUMMARY OF PREVIOUSLY PRODUCED DOCUMENTS

VHS and Prime have produced, pursuant to SROG No.7, lists of active contracts for each of the hospitals. Preparing pertinent lists would appear to be extensive, time consuming and costly to prepare. Plaintiffs have further agreed to produce contracts with insurers in response to RFP No. 25, which will include payments received. Pertinent to these production issues is CCP §2030.230 which provides:

*If the answer to an interrogatory would necessitate the preparation or the making of a compilation, abstract, audit, or summary of or from the documents of the party to whom the interrogatory is directed, and if the burden or expense of preparing or making it would be substantially the same for the party propounding the interrogatory as for the* responding *party, it is a sufficient answer to that interrogatory to refer to this section and to specify the writings from which the answer may be derived or ascertained. This specification shall be in sufficient detail to permit the propounding party to locate and to identify, as readily as the responding party can, the documents from which the answer may be ascertained. The responding party shall then afford to the propounding party a reasonable opportunity to examine, audit, or inspect these documents and to make copies, compilations, abstracts, or summaries of them.*

The requested information is or will be deducible by documents soon to be produced.

RFP No. 26 is likewise overly broad, using terms as *all, relating to, any, current or prospective.* The *Calcor* case points out the burden such discovery imposes.

Recommendation: Preparation of active lists not necessary, at least without a further showing of necessity. Plaintiffs to produce contracts in response to RFP No. 25 within 10 days. No response to RFP No. 26 as presently drafted.

## 8. IRRELEVANT REQUESTS AND THIRD-PARTY CONCERNS

RFP Nos. 8-10 and SROG Nos. 25-27 seek details regarding Verity's bankruptcy, which is unrelated to Defendants' alleged anticompetitive conduct. Verity's bankruptcy is not the subject of claims by Prime or rates charged. Likewise, discovery sought by RFP No. 3 calls for executive compensation numbers which are not at the heart of this case. And that information involves privacy interests of employees.

Recommendation:  No responses to RFP Nos. 8-10 and SROG Nos. 25-27 necessary.

## 9. DATA COLLECTION IS UNDERWAY

REFEREE'S RECOMMENDATIONS RE: PLAINTIFFS' OUTSTANDING MOTION TO COMPEL

4

VHS has responded to concerns expressed by Defendants in RFP Nos. 27, 34, and 56 and SROG Nos. 15, 18, and 23.

Recommendation: Further responses must be forthcoming within 10 days to these requests and interrogatories.

10. DEFENDANTS' FURTHER DISCOVERY ISSUES

Defendants also contend the SPDs are insufficient "particularly … with respect to Prime, which has developed its own ERISA health plan that includes its own health facilities as its Tier I offering to employees." (Mot. at p. 14:10-12.) However, as Plaintiffs previously explained, "Prime has its own ERISA Health Plan such that by design, it does not negotiate with itself." (Grossbard Decl., Ex. 15 [M. Livesay 3/26/24 Letter to Defendants].) No more compelling is Defendants' argument that such documents are required because Prime "compete[s] with insurers like Blue Shield of California." (Mot. at p. 14:12-15.) That assertion rests on a false premise that the general public could effectively choose between Prime's ERISA Health Plan and a Blue Shield of California Plan. But in reality, Prime's ERISA Health Plan is only available to Prime's employees, not the general public.

VHS has also agreed to conduct a reasonable search of the appropriate custodial files for documents relating to the negotiation of each employer-sponsored health plan offered during the Relevant Time Period. Changes to SPDs? Defendants can assess the SPDs from year to year for the changes they deem material without the need for Plaintiffs to incur time and expense of searching for such drafts. (Grossbard Decl. Ex. 15) See CCP Sections and *Calcor* cited, *supra.*

Recommendation: Further responses within 10 days.

11. IRRELEVANT REQUESTS AND THIRD-PARTY CONCERNS

RFP Nos. 8-10 and SROG Nos. 25-27 seek details regarding Verity's bankruptcy, which is unrelated to Defendants' alleged anticompetitive conduct. Verity's bankruptcy is not the subject of claims by Prime or rates charged. Likewise, discovery sought by RFP No. 3 calls for executive compensation numbers which are not at the heart of this case. Further, this information involves privacy interests of employees.

Recommendation: No responses required for RFP Nos. 3, 8-10, and SROG Nos. 25-27.

REFEREE'S RECOMMENDATIONS RE: PLAINTIFFS' OUTSTANDING MOTION TO COMPEL

## 12. DATA COLLECTION IS UNDERWAY

VHS has responded to concerns expressed by Defendants in RFP Nos. 27, 34, and 56 and SROG Nos. 15, 18, and 23.

Recommendation: Further responses must be forthcoming within 10 days to these requests and interrogatories.

## 13. DEFENDANTS' FURTHER DISCOVERY ISSUES

Defendants also contend the SPDs are insufficient "particularly … with respect to Prime, which has developed its own ERISA health plan that includes its own health facilities as its Tier I offering to employees." (Mot. at p. 14:10-12.) However, as Plaintiffs previously explained, "Prime has its own ERISA Health Plan such that by design, it does not negotiate with itself." (Grossbard Decl., Ex. 15 [M. Livesay 3/26/24 Letter to Defendants].) No more compelling is Defendants' argument that such documents are required because Prime "compete[s] with insurers like Blue Shield of California." (Mot. at p. 14:12-15.) That assertion rests on a false premise that the public could effectively choose between Prime's ERISA Health Plan and a Blue Shield of California Plan.

Recommendation: VHS shall, within 10 days, conduct a reasonable search of the appropriate custodial files for documents relating to the negotiation of employer-sponsored health plans.

## 14. SUMMARY AND CONCLUSION

Plaintiffs have made an effort to resolve the discovery issues, but in contrast Defendants elected to proceed with motion practice. Notwithstanding this history, the parties should, within 10 days, meet and confer in good faith to resolve discovery issues still pending in light of the recommendations contained herein.

DATED: April 25, 2024

Respectfully submitted,

_James P. Kleinberg_

Hon. James P. Kleinberg (Ret.)
Court-Appointed Referee

REFEREE'S RECOMMENDATIONS RE: PLAINTIFFS' OUTSTANDING MOTION TO COMPEL

6

## PROOF OF ELECTRONIC SERVICE

Re: VHS Liquidating Trust, et al. vs. Blue Cross of California dba Anthem Blue Cross, et al.
Reference No. 1110029231

I, Jesika Lee, not a party to the within action, hereby declare that on  April 25, 2024, I electronically served the attached Referee's Recommendations Re: Plaintiffs' Outstanding Motion to Compel on the parties in the within action via JAMS Access at San Jose, CALIFORNIA, addressed as follows:

Patrick M. Ryan Esq.
Marisa C. Livesay
Brittany N. DeJong
Bartko LLP
One Embarcadero Center
Suite 800
San Francisco, CA   94111
    Parties Represented:
    Prime Healthcare Foundation, Inc.
    Prime Healthcare Management, Inc.
    Prime Healthcare Services, Inc.
    VHS Liquidating Trust

Steve Vieux Esq.
Bartko LLP
One Embarcadero Center
Suite 800
San Francisco, CA   94111
    Parties Represented:
    Prime Healthcare Foundation, Inc.
    Prime Healthcare Management, Inc.
    Prime Healthcare Services, Inc.
    VHS Liquidating Trust

Christopher J. Kelly Esq.
Mayer Brown LLP
Two Palo Alto Square
3000 El Camino Real, Suite 300
Palo Alto, CA   94306-2112
    Parties Represented:
    Blue Cross Blue Shield Association
    Blue Cross Blue Shield of Arizona
    Blue Cross and Blue Shield of Alabama
    Blue Cross and Blue Shield of Florida
    Blue Cross and Blue Shield of Massachusetts,
    Blue Cross and Blue Shield of North Carolina
    BlueCross BlueShield of Tennessee
    California Physicians' Service
    CareFirst BlueChoice, Inc.
    Carefirst of Maryland, Inc
    Caring for Montanans fka BlueCross BlueShiel
    Group Hospitalization and Medical Services,
    GuideWell Mutual Holding Corp
    Hawaii Medical Service Association dba BCBS
    Health Care Service Corporation

Karin A. DeMasi Esq.
Ms. Lauren Kennedy
David H. Korn Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Ave
New York, NY   10019-7475
    Parties Represented:
    Blue Cross Blue Shield Association
    Blue Cross Blue Shield of Arizona
    Blue Cross and Blue Shield of Alabama
    Blue Cross and Blue Shield of Florida
    Blue Cross and Blue Shield of Massachusetts,
    Blue Cross and Blue Shield of North Carolina
    BlueCross BlueShield of Tennessee
    California Physicians' Service
    CareFirst BlueChoice, Inc.
    Carefirst of Maryland, Inc
    Caring for Montanans fka BlueCross BlueShiel
    Group Hospitalization and Medical Services,
    GuideWell Mutual Holding Corp

Triple-S Management Corporation
Triple-S Salud
Wellmark of South Dakota dba Wellmark BCBS o
Wellmark, Inc. dba Wellmark BlueCross BlueSh

Hawaii Medical Service Association dba BCBS
Health Care Service Corporation
Triple-S Management Corporation
Triple-S Salud
Wellmark of South Dakota dba Wellmark BCBS o
Wellmark, Inc. dba Wellmark BlueCross BlueSh

Desmond Hogan Esq.
Elizabeth A. Jose
Hogan Lovells US LLP
555 13th St., NW
Washington, DC   20004
   Parties Represented:
   Anthem Inc. f/k/a Wellpoint, Inc.
   Aware Integrated, Inc.
   BCBSM Inc. dba Blue Cross Blue Shield of Min
   Blue Cross & Blue Shield of Rhode Island
   Cambia Health Solutions, Incorporated
   Horizon Healthcare Services, Inc.dba Horizon
   Louisiana Health Service and Indemnity dba B
   Regence Blue Cross Blue Shield of Oregon
   Regence Blue Cross Blue Shield of Utah
   Regence Blue Cross Blue Shield of Washington

Jennifer B. Fisher Esq.
Jessica Huang
Goodwin Procter LLP
Three Embarcadero Center
28th Floor
San Francisco, CA   94111
   Parties Represented:
   Caring for Montanans fka BlueCross BlueShiel
   Health Care Service Corporation
   Highmark BCBSD, Inc. dba Highmark BCBS Delaw
   Highmark Blue Cross Blue Shield
   Highmark Inc.
   Highmark West Virginia, Inc.

Mark E. McKane Esq.
Michael Esser Esq.
Kirkland & Ellis LLP
555 California St.
San Francisco, CA   94104
   Parties Represented:
   Caring for Montanans fka BlueCross BlueShiel
   Health Care Service Corporation
   Highmark BCBSD, Inc. dba Highmark BCBS Delaw
   Highmark Blue Cross Blue Shield
   Highmark Inc.
   Highmark West Virginia, Inc.

Jeffrey J. Zeiger Esq.
Keith Holt Esq.
Kirkland & Ellis LLP
300 N. LaSalle St.
Suite 2500
Chicago, IL   60654
   Parties Represented:
   Caring for Montanans fka BlueCross BlueShiel
   Health Care Service Corporation
   Highmark BCBSD, Inc. dba Highmark BCBS Delaw
   Highmark Blue Cross Blue Shield
   Highmark Inc.
   Highmark West Virginia, Inc.

Carl S. Burkhalter Esq.
Maynard Nexsen
1901 Sixth Ave. North
Suite 1700
Birmingham, AL   35203
   Parties Represented:
   Blue Cross Blue Shield of Alabama

Pamela B. Slate Esq.
Hill Carter Franco Cole & Black, P.C.
425 South Perry Street
Montgomery, AL   36104
   Parties Represented:
   Blue Cross Blue Shield of Alabama

Katherine DuBois
Lillian S. Grossbard Esq.
Daniel L. Ottaunick
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Ave
New York, NY   10019-7475
   Parties Represented:
   Blue Cross Blue Shield Association
   Blue Cross Blue Shield of Arizona
   Blue Cross and Blue Shield of Alabama
   Blue Cross and Blue Shield of Florida
   Blue Cross and Blue Shield of Massachusetts,
   Blue Cross and Blue Shield of North Carolina
   BlueCross BlueShield of Tennessee
   California Physicians' Service
   CareFirst BlueChoice, Inc.
   Carefirst of Maryland, Inc
   Caring for Montanans fka BlueCross BlueShiel
   Group Hospitalization and Medical Services,
   GuideWell Mutual Holding Corp
   Hawaii Medical Service Association dba BCBS
   Health Care Service Corporation
   Triple-S Management Corporation
   Triple-S Salud
   Wellmark of South Dakota dba Wellmark BCBS o
   Wellmark, Inc. dba Wellmark BlueCross BlueSh

Samuel Yergin
Hogan Lovells US LLP
8350 Broad St.
17th Floor
Tysons, VA   22102
   Parties Represented:
   Anthem Inc. f/k/a Wellpoint, Inc.
   Aware Integrated, Inc.
   BCBSM Inc. dba Blue Cross Blue Shield of Min
   Blue Cross & Blue Shield of Rhode Island
   Cambia Health Solutions, Incorporated
   Horizon Healthcare Services, Inc.dba Horizon
   Louisiana Health Service and Indemnity dba B
   Regence Blue Cross Blue Shield of Oregon
   Regence Blue Cross Blue Shield of Utah
   Regence Blue Cross Blue Shield of Washington

Amber M. Trincado Esq.
Hogan Lovells US LLP
4 Embarcadero Center
Suite 3500
San Francisco, CA   94111
   Parties Represented:
   Anthem Inc. f/k/a Wellpoint, Inc.
   Aware Integrated, Inc.
   BCBSM Inc. dba Blue Cross Blue Shield of Min
   Blue Cross & Blue Shield of Rhode Island
   Cambia Health Solutions, Incorporated
   Horizon Healthcare Services, Inc.dba Horizon
   Louisiana Health Service and Indemnity dba B
   Regence Blue Cross Blue Shield of Oregon
   Regence Blue Cross Blue Shield of Utah
   Regence Blue Cross Blue Shield of Washington

Brhan A. Ahmed
Hogan Lovells US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA   90067
   Parties Represented:
   Anthem Inc. f/k/a Wellpoint, Inc.
   Aware Integrated, Inc.
   BCBSM Inc. dba Blue Cross Blue Shield of Min
   Blue Cross & Blue Shield of Rhode Island
   Cambia Health Solutions, Incorporated
   Horizon Healthcare Services, Inc.dba Horizon
   Louisiana Health Service and Indemnity dba B
   Regence Blue Cross Blue Shield of Oregon
   Regence Blue Cross Blue Shield of Utah
   Regence Blue Cross Blue Shield of Washington

John F. Cove, Jr. Esq.
Shearman & Sterling LLP
535 Mission Street
25th Floor
San Francisco, CA   94105
   Parties Represented:
   Blue Cross and Blue Shield of Vermont

Rachel Mossman Zieminski
Shearman & Sterling LLP
2828 N Harwood St
18th Fl
Dallas, TX   75201
   Parties Represented:
   Blue Cross and Blue Shield of Vermont

Jason A. Zweig Esq.
Bartko LLP
1 South Wacker Drive
Floor 35
Chicago, IL   60606
   Parties Represented:
   Prime Healthcare Foundation, Inc.
   Prime Healthcare Management, Inc.
   Prime Healthcare Services, Inc.
   VHS Liquidating Trust

Todd Stenerson Esq.
Brian Hauser
Shearman & Sterling LLP
401 9th Street, N.W.
Suite 800
Washington, DC   20004-2604
   Parties Represented:
   Blue Cross and Blue Shield of Vermont

Matt L. Rotert
Redgrave LLP
230 W. Monroe St.
Suite 210
Chicago, IL   60606
   Parties Represented:
   California Physicians' Service dba Blue Shie

Elizabeth S. Rozbruch
Kaitlin S. Phillips
Jay Schaefer
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Ave
New York, NY   10019-7475
   Parties Represented:
   Blue Cross Blue Shield Association
   Blue Cross Blue Shield of Arizona
   Blue Cross and Blue Shield of Alabama
   Blue Cross and Blue Shield of Florida
   Blue Cross and Blue Shield of Massachusetts,
   Blue Cross and Blue Shield of North Carolina
   BlueCross BlueShield of Tennessee
   California Physicians' Service
   CareFirst BlueChoice, Inc.
   Carefirst of Maryland, Inc
   Caring for Montanans fka BlueCross BlueShiel
   Group Hospitalization and Medical Services,
   GuideWell Mutual Holding Corp
   Hawaii Medical Service Association dba BCBS
   Health Care Service Corporation
   Triple-S Management Corporation
   Triple-S Salud
   Wellmark of South Dakota dba Wellmark BCBS o
   Wellmark, Inc. dba Wellmark BlueCross BlueSh

Nikol A. Oydanich
Abraham Cooper
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Ave
New York, NY   10019-7475
    Parties Represented:
    Blue Cross Blue Shield Association
    Blue Cross Blue Shield of Arizona
    Blue Cross and Blue Shield of Alabama
    Blue Cross and Blue Shield of Florida
    Blue Cross and Blue Shield of Massachusetts,
    Blue Cross and Blue Shield of North Carolina
    BlueCross BlueShield of Tennessee
    California Physicians' Service
    CareFirst BlueChoice, Inc.
    Carefirst of Maryland, Inc
    Caring for Montanans fka BlueCross BlueShiel
    Group Hospitalization and Medical Services,
    GuideWell Mutual Holding Corp
    Hawaii Medical Service Association dba BCBS
    Health Care Service Corporation
    Triple-S Management Corporation
    Triple-S Salud
    Wellmark of South Dakota dba Wellmark BCBS o
    Wellmark, Inc. dba Wellmark BlueCross BlueSh

        I declare under penalty of perjury the foregoing to be true and correct. Executed at San Jose,

CALIFORNIA, on  April 25, 2024.


*Jesika Lee*
_____
Jesika Lee