FILED

2024 Jun-28  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit G



W. Tucker Brown<br>
Phone: (205) 488-1273<br>
Email: tbrown@whatleykallas.com

May 22, 2024

**<u>Via Electronic Mail</u>**
Lillian S. Grossbard
Two Manhattan West
375 Ninth Avenue
New York, NY  10001
Email: lgrossbard@cravath.com

> **RE:** ***VHS Liquidating Trust, et al. v. Blue Cross of California, et al.***
> **Case No. RG21106600 (Cal. Sup. Ct., Alameda Cty)**
> **("*Prime*")**

Dear Lillian:

I write in response to your letter dated May 16, 2024 regarding *Prime* plaintiffs' pending motion to compel production of materials from the *Blue Cross Blue Shield Antitrust Litigation*, MDL 2406, specifically Providers' materials marked "Confidential", "Confidential-Attorneys' Eyes Only", and/or "Confidential-Outside Counsel Only".  Those materials include: (1) all expert reports served by Provider Plaintiffs; (2) all backup materials to each such expert report, which may include confidential materials that originated from you as well as non-parties to the MDL; (3) all deposition transcripts of individuals represented by Provider Plaintiffs; and, (4) all sealed filings on the MDL docket that were sealed in order to protect Provider Plaintiffs' confidential information, among other items. Further, you raised issue about the production of Defendants' MDL Expert Reports which, of course, contain reference to Provider Plaintiffs' expert reports and Provider Work Product as well as Confidential Materials and Information provided by the Provider Plaintiffs in the litigation.

As we discussed last week, the Provider Plaintiffs object to the production of any of the Confidential materials described in the *Prime* litigation.  This includes the Defendants' materials flagged in footnote 2 that were produced to the ASO opt-out Plaintiffs subject to the MDL protective order.  The Protective Order (Dkt. 550), and the Supplement (Dkt. 1488), specifically state:

> To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any Party or third-party, such Party shall notify counsel for the Party, third-party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third party whose Confidential Material is sought to seek to protect it from disclosure.

Lillian S. Grossbard, Esq.
May 22, 2024
Page 2

Your May 16, 2024 letter was the first official notification of the request for information we received, and we still have not received the requests themselves.

As you know, the *Prime* plaintiffs made substantial efforts to avoid being transferred to the MDL, and therefore, being subject to the Orders of the MDL Court, which include the Court's Leadership and Protective Orders.  It is most ironic that these same plaintiffs now seek discovery and work product they cannot develop themselves by relying on the powers of the MDL court itself.  Without the protections of Judge Proctor's jurisdiction over these Plaintiffs and our confidential materials, discovery and work product, and the continuing jurisdiction over the appropriate use of all Confidential Information provided pursuant to those Orders, we simply cannot consent to the production of any of these materials.  Our understanding is that the majority of those expert materials and backup were marked Outside Counsel Only and are therefore not actually in the possession of the parties, or those subpoenaed, in the *Prime* litigation.

From your letter, and without the benefit of the Requests themselves, it appears that the *Prime* Plaintiffs are simply seeking to end run the leadership orders in the MDL and seek our work product so they can use it.  The appointed Provider MDL leadership and their common benefit fund spent extraordinary resources procuring the discovery and in producing the work product the *Prime* plaintiffs now want for free. This is the very definition of free-riding and is frowned upon by Courts. First, "persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigants' expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Second, even putting aside equitable concerns, "complex aggregate litigation often raises a classic free-rider problem. A subset of plaintiffs' lawyers do the lion's share of the work, but that work accrues to the benefit of all plaintiffs. If those other plaintiffs were not required to pay any costs of that work, high-quality legal work would be under-incentivized and, ultimately, under-produced." *In re General Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 174 (S.D.N.Y. 2020) (internal quotation marks omitted).  Here, the *Prime* Plaintiffs want to, essentially, cheat off our paper for free, by simply making the Defendants produce our work product to them. This is inappropriate.  Second, if these documents were produced to the *Prime* plaintiffs, then a snowball effect is likely.  Then another Plaintiffs somewhere else can simply seek these materials from the *Prime* plaintiffs without ever informing us that our confidential material is being accessed.

I have asked, and understand that you have encouraged, the *Prime* plaintiffs to discuss the production of these materials with us. To date, they have made no efforts to reach out to us to discuss any arrangement for the production of our work product materials on any terms. Our view is that the appropriate way to access these materials is to discuss acquisition of them, from us, in the first instance, and if that does not satisfy the *Prime* plaintiffs, to discuss their production with Judge Proctor.  In light of that, we view any production of these documents without agreement from us or an order from Judge Proctor, even with an order from the *Prime* court, as a violation of Paragraph 17 the Protective Order in the MDL (D.E. 550) and as supplemented (D.E. 1488) and intend to inform the Judge Proctor of these issues in the very near future.

Lillian S. Grossbard, Esq.
May 22, 2024
Page 3

In order to further evaluate any of this we would need to see the Requests posed by the *Prime* plaintiffs, and other relevant non-public documents, including correspondence between the parties, briefing and the orders of the Discovery Referee. Our understanding is that the *Prime* plaintiffs have not consented to provide us these materials all while seeking our confidential work product. We ask that you please request the ability to provide us with these materials from the *Prime* plaintiffs.

We are happy to discuss further at your convenience.

Sincerely,

W. Tucker Brown

cc:    Lauren Kennedy, Esq.
       Edith M. Kallas, Esq.
       Joe R. Whatley, Esq.