FILED

2024 Jun-28  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit K

PATRICK M. RYAN (SBN 203215)
 pryan@bartkolaw.com
OLIVER Q. DUNLAP (SBN 225566)
 odunlap@bartkolaw.com
MARISA LIVESAY (SBN 223247)
 mlivesay@bartkolaw.com
BRITTANY N. DEJONG (SBN 258766)
 bdejong@bartkolaw.com
STEVE VIEUX (SBN 315133)
 svieux@bartkolaw.com
BARTKO LLP
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

JASON A. ZWEIG (*pro hac vice*)
 jzweig@bartkolaw.com
BARTKO LLP
One South Wacker Drive, 36th Floor
Chicago, Illinois 60606
Telephone: (415) 291-4505

Attorneys for Plaintiffs VHS LIQUIDATING
TRUST, PRIME HEALTHCARE SERVICES,
INC., PRIME HEALTHCARE FOUNDATION,
INC. and PRIME HEALTHCARE
MANAGEMENT, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| VHS LIQUIDATING TRUST, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>BLUE CROSS OF CALIFORNIA, et al.,<br><br>            Defendants. | Case No. RG21106600<br>JAMS Ref. No. 1110029231<br><br>*Assigned for All Purposes to*<br>*Hon. Noël Wise, Department 21*<br><br>**PLAINTIFFS' OBJECTION TO THE DEADLINE RECOMMENDED BY THE DISCOVERY REFEREE IN RESPONDING TO CERTAIN DISCOVERY REQUESTS**<br><br>Referee:  Hon. James P. Kleinberg (Ret.)<br><br><br>Complaint Filed:    July 27, 2021<br>Trial Date:            None set |

2854.003/2014482.2

PLAINTIFFS' OBJECTION TO THE DEADLINE RECOMMENDED BY THE DISCOVERY REFEREE IN
RESPONDING TO CERTAIN DISCOVERY REQUESTS

Plaintiffs[1] have just one narrow objection to Judge Kleinberg's May 6, 2024 Recommendations regarding Defendants' Motion to Compel Document Productions and Interrogatory Responses ("May 6 Ruling"): the deadline to respond to RFP No. 59 (Plaintiffs' Summary Plan Descriptions) and SROG No. 7 (Plaintiffs' claims data and contracts with national and regional insurers).[2] Like all other discovery requests subject to Defendants' motion to compel that were not denied outright, the May 6 Ruling simply requires that Plaintiffs produce responsive documents within the scope already agreed upon. As such, Plaintiffs do not object to the May 6 Ruling in terms of scope; in fact, they are in the process of conducting a targeted collection of responsive documents and data, and have already started their rolling productions. While Plaintiffs endeavor to complete their document productions as soon as reasonably possible, the May 31 deadline set for Plaintiffs' responses to RFP No. 59 and SROG No. 7 is simply unfeasible given it requires the collection of documents spanning a 14-year relevant time period involving over 45 facilities. With that said, Plaintiffs simply ask for a reasonable further extension to be permitted to produce the requested documents and data on a rolling basis as they become available.

## I.    BACKGROUND

Both Plaintiffs are health systems with multiple facilities—Verity in California and Prime in 14 states—who allege that Defendant Blue Cross and Blue Shield plans and their governing Association violated antitrust laws by allocating markets for health insurance into exclusive service

---

[1] "Plaintiffs" include VHS Liquidating Trust ("VHS"), the bankruptcy liquidator for Verity Health System of California, Inc. ("Verity"), and Prime Healthcare Services, Inc., Prime Healthcare Foundation, Inc., and Prime Healthcare Management, Inc. (collectively, "Prime").

[2] Plaintiffs do not object to the April 25, 2024 Referee's Recommendations Re: Plaintiffs' Outstanding Motion to Compel (the "April 25 Ruling"), which was granted in its entirety. Contrary to Defendants' assertions, production of the materials from *In re Blue Cross Blue Shield Antitrust Litig.* (N.D. Ala. MDL No. 2406) [the "MDL"] would not violate the MDL Qualified Protective Order ("MDL PO"). The MDL PO specifically provides that materials produced by a third party in the MDL can be produced in subsequent litigation under certain circumstances. (MDL ECF No. 550 at ¶ 15 [MDL PO]; MDL ECF No. 1488 at ¶ 1 [supplement to PO] [a party subject to a discovery request in another litigation matter may disclose responsive confidential material from the MDL belonging to a party or third party if "a court of competent jurisdiction orders the production"].)

2854.003/2014482.2                                    1

PLAINTIFFS' OBJECTION TO THE DEADLINE RECOMMENDED BY THE DISCOVERY REFEREE IN RESPONDING TO CERTAIN DISCOVERY REQUESTS

areas ("ESAs"), boycotting providers outside of such ESAs, and illegally fixing prices on reimbursement rates for healthcare. The federal district court overseeing a related multidistrict litigation proceeding stemming from the same alleged anticompetitive conduct, in which Defendants are also parties, already held that such misconduct was a *per se* violation of the Sherman Act. (*In re Blue Cross Blue Shield Antitrust Litig.* (N.D. Ala. 2018) 308 F.Supp.3d 1241, 1267.) As a result of Defendants' illegal conspiracy, Plaintiffs received less in their capacity as providers for treating patients insured by the Blues, and paid more to Defendants as subscribers of health insurance on behalf of their employees. Plaintiffs seek to recover damages in each capacity.

Defendants served expansive discovery requests on each Plaintiff—60 requests for production and 27 special interrogatories—purportedly related to Plaintiffs' subscriber and provider claims, as well as Plaintiffs' business in general. As Judge Kleinberg recognized in the April 25 Ruling, while Defendants have been parties to the pending MDL for over a decade—making their discovery responses significantly less burdensome—Plaintiffs are collecting responsive documents and data for the first time in this proceeding. (April 25 Ruling at p. 3:6-8.)

While Plaintiffs filed a narrowly tailored motion to compel the materials *previously produced in the MDL*, Defendants moved to compel further responses as to a variety of their requests. The May 6 Ruling found Plaintiffs' proffered positions as to all of them reasonable in scope, rejecting Defendants' requests for more expansive discovery. As to two of the requests subject to Defendants' motion, the May 6 Ruling recommended that Plaintiffs produce the agreed-upon documents, but on an expedited 10-day basis:  RFP No. 59, which seeks documents related to the creation and design of Plaintiffs' employer-sponsored health plans, and SROG No. 7, which seeks a list of insurers and third party administrators Plaintiffs contracted with at each facility during the entire relevant time period.[3] (May 6 Ruling at pp. 2:26-3:6; 3:16-20.) Regarding RFP No. 59, Plaintiffs had proposed to search for and produce documents "sufficient to show the actual creation of their employer sponsored health plans, such as their Summary Plan Description

---

[3] Similarly, Plaintiffs moved to compel further responses as to a limited set of discovery, which Judge Kleinberg addressed in his April 25 Ruling.

2854.003/2014482.2

2

PLAINTIFFS' OBJECTION TO THE DEADLINE RECOMMENDED BY THE DISCOVERY REFEREE IN RESPONDING TO CERTAIN DISCOVERY REQUESTS

('SPD')." (Pls' Opp. to Defs' Mot. to Compel at p. 5:6-12 [emphasis omitted].) Judge Kleinberg recommended that the production of SPDs is "sufficient without producing drafts of those documents." (May 6 Ruling at p. 3:5-6.) Regarding SROG No. 7, Plaintiff Prime proposed to provide a list of active contracts for each of its hospitals and noted that the "information sought" would also be available through the claims data and contracts produced by Prime in response to other requests. (Pls' Opp. to Defs' Mot. to Compel at p. 9:1-25.) Judge Kleinberg simply recommended that Plaintiffs produce those documents as proposed within 10 days, or on May 16, 2024. (May 6 Ruling at p. 3:19-20.)

On May 10, 2024, the deadline was extended to May 31, 2024. Plaintiffs do not object to such production and appreciate the initial extension, but given the time period and number of facilities involved, Plaintiffs require additional time beyond the current May 31 deadline to permit their production on a rolling basis. In fact, on May 10, 2024, Plaintiffs produced all of Prime's SPDs in satisfaction of RFP No. 59 and continue to search for Verity's SPDs. Similarly, Plaintiffs have collected Verity's contracts in response to RFP No. 25 and their document vendor is processing them for production. Prime continues to collect its contracts with national and regional insurers to review for production.

## II.    ARGUMENT

The burden of responding to discovery is seen from the perspective of the party on who it is propounded. (*Calcor Space Facility, Inc. v. Superior Court* (1997) 53 Cal.App.4th 216, 222 [the reasonableness of a discovery request is perceived "from the standpoint of the party who is subjected to the burden of producing the materials"].) In his April 25 Ruling, Judge Kleinberg states "trial judges must carefully weigh the cost, time, expense and disruption of normal business resulting from an order compelling the discovery against the probative value of the material which might be disclosed if the discovery is ordered." (April 25 Ruling at p. 3:12-16 [citing *Calcor Space Facility, Inc. v. Superior Court, supra*, 53 Cal.App.4th at p. 223].) Upon a showing of the burden to respond, a discovery order should be mitigated or terminated. (See *Mead Reinsurance Co. v. Superior Court* (1986) 188 Cal.App.3d 313, 321 ["In other words, Mead did make a showing to the

PLAINTIFFS' OBJECTION TO THE DEADLINE RECOMMENDED BY THE DISCOVERY REFEREE IN RESPONDING TO CERTAIN DISCOVERY REQUESTS

trial court of the massive extent of the burden which the request entailed, and the order made no provision at all to mitigate that burden."].)

Prime requires additional time to produce all contracts with national and regional insurers for each of its 45 facilities over a 14-year time frame because the sheer number of contracts involved makes their collection extremely time consuming.[4] While Prime is actively collecting its contracts for production in good faith, it does not have the ability to conduct system-wide searches to identify responsive documents because filing systems vary by hospital and department. (See Declaration of Roxanne I. Kraft in Support of Plaintiffs' Objection To The Deadline Recommended By The Discovery Referee In Responding To Certain Discovery Requests at ¶ 7.) In addition, Prime does not have an employee that is available to dedicate 100% of their time each day to pulling the relevant contracts sought by Defendants. (*Id.* at ¶ 8.) Instead, the relevant contracts must be identified by an employee of one department, and then an employee in another department pulls those contracts to prepare them for production, both while performing their regular job functions. (*Id.*) Due to the time-intensive process and its available resources, Prime requires additional time to complete its production and requests the ability to produce the relevant contracts on a rolling basis, and anticipates starting production within 30 days, beginning with the most recent ones. (*Id.*)[5]

The situation for Verity's documents is reversed—while VHS has collected Verity's contracts, which are being processed by Plaintiffs' document hosting vendor for production in the near term—it is the production of materials responsive to RFP No. 59 for which VHS seeks additional time. Verity filed for bankruptcy in 2018, and Plaintiff VHS Liquidating Trust was not

---

[4] Prime previously provided a detailed declaration explaining the burden of responding to all of the discovery subject to Defendants' motion. (Declaration of Roxanne Kraft in Support of Pls' Opp. to Defs' Mot. to Compel at ¶¶ 5-10.) Prime has since produced its SPDs in response to RFP No. 59, and has agreed to produce its contracts with national and regional insurers pursuant to RFP No. 25 in order to satisfy SROG No. 7.

[5] To the extent the May 6 Ruling requires Prime to produce its claims data by May 31, this is also not feasible. Prime continues to meet and confer with Defendants regarding the scope of its claims data production, including the fields that should be produced. As such, Prime is unable to comply with this deadline.

PLAINTIFFS' OBJECTION TO THE DEADLINE RECOMMENDED BY THE DISCOVERY REFEREE IN RESPONDING TO CERTAIN DISCOVERY REQUESTS

created until 2020. While certain documents were retained as part of the bankruptcy process, searching for and producing documents takes additional time in light of the fact it is no longer a going concern.

**III.    CONCLUSION**

Plaintiffs simply seek additional time to comply, not a reversal of the May 6 Ruling. Plaintiffs have already demonstrated that the full extent of what Defendants are seeking in their motion to compel, including as to RFP No. 59 and SROG No. 7, is unduly burdensome. (Pls' Opp. to Defs' Mot. to Compel at pp. 9:13-17; 12:17-23.) Given this showing, and the additional details provided surrounding the process to collect and produce the requested materials, Plaintiffs should be permitted to produce the requested documents on a rolling basis as they become available.

DATED:  May 31, 2024                                         Respectfully submitted,

                                                            Bartko LLP

By:  _____
                                            PATRICK M. RYAN
                                         Attorneys for Plaintiffs
                         VHS LIQUIDATING TRUST, PRIME HEALTHCARE
                              SERVICES, INC., PRIME HEALTHCARE
                         FOUNDATION, INC. and PRIME HEALTHCARE
                                   MANAGEMENT, INC.

PLAINTIFFS' OBJECTION TO THE DEADLINE RECOMMENDED BY THE DISCOVERY REFEREE IN RESPONDING TO CERTAIN DISCOVERY REQUESTS