FILED
2024 Jun-28  PM 04:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE:<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No.: 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |

**DECLARATION OF BRITTANY DEJONG IN SUPPORT OF NON-PARTIES
VHS LIQUIDATING TRUST, PRIME HEALTHCARE SERVICES, INC.,
PRIME HEALTHCARE FOUNDATION, INC., AND PRIME HEALTHCARE
MANAGEMENT, INC.'S OPPOSITION TO PROVIDER PLAINTIFFS' MOTION TO
ENFORCE OR AMEND THE PROTECTIVE ORDER**

I, Brittany DeJong, declare as follows:

1.      I am Senior Counsel with Bartko LLP, attorneys of record for Non-Parties VHS Liquidating Trust, Prime Healthcare Services, Inc., Prime Healthcare Foundation, Inc., and Prime Healthcare Management, Inc. (collectively referred to herein as "Prime"). I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto. I make this declaration in support of Non-Parties VHS Liquidating Trust, Prime Healthcare Services, Inc., Prime Healthcare Foundation, Inc., and Prime Healthcare Management, Inc.'s Opposition to Provider Plaintiffs' Motion to Enforce or Amend the Protective Order.

2.      On April 25, 2024, the duly appointed Discovery Referee in *VHS Liquidating Trust, et al. v. Blue Cross of California, et al.*, Case No. RG21106600, pending in the Superior Court for the State of California, County of Alameda, issued a Recommendation ordering the Blues to comply with discovery without further delay. The subject of Prime's motion to compel related to expert reports and backup materials, deposition transcripts, and unredacted filings from the MDL action.

2854.003/2038274.1

3.      Attached hereto as **Exhibit 1** is the May 16, 2024 notice letter from Cravath, Swaine & Moore LLP to Provider Plaintiffs regarding Prime's discovery requests.

4.      Attached hereto as **Exhibit 2** is the May 22, 2024 response from Whatley Kallas, LLP on behalf of Provider Plaintiffs to Cravath, Swaine & Moore LLP.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 28th day of June, 2024, at San Diego, California.

_____
Brittany DeJong

# EXHIBIT 1

# CRAVATH

Lillian S. Grossbard
lgrossbard@cravath.com
T+1-212-474-1290
New York

May 16, 2024

<u>*VHS Liquidating Trust, et al. v. Blue Cross of California, et al.*</u>
<u>Case No. RG21106600 (Superior Court for the State of California, County of Alameda)</u>

Dear Counsel,

        I am writing on behalf of Defendants[1] in the above-captioned action ("*Prime*") to provide notice under the Supplement to the Qualified Protective Order entered in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406, No. 2:13-cv-20000 (N.D. Ala.) (the "MDL") (*see* attached Exhibit A), that the Plaintiffs in *Prime* have moved to compel the production of the following MDL materials that include your confidential information:  (i) all expert reports and backup materials served by all parties in the MDL, (ii) the transcripts of all depositions taken in the MDL, and (iii) unredacted versions of all documents and filings that are presently under seal in the MDL ("MDL Materials").  *See* MDL ECF No. 1488 at ¶ 1.  The

---

[1] Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; Blue Cross and Blue Shield of Florida, Inc.; GuideWell Mutual Holding Corp.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of South Carolina; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service, d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Health Care Service Corporation, an Illinois Mutual Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.; Anthem, Inc., f/k/a WellPoint, Inc. and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Aware Integrated, Inc.; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Blue Cross and Blue Shield of Vermont.

---

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

*Prime* Plaintiffs' motion is currently being litigated before the *Prime* Discovery Referee, and may be further litigated before the *Prime* Court.

Specifically, the MDL Materials that the *Prime* Plaintiffs have moved to compel include the following materials that you designated "Confidential", "Confidential—Attorneys' Eyes Only", and/or "Confidential—Outside Counsel Only" in the MDL:

- All expert reports served by Provider Plaintiffs; [2]

- All backup materials to each such expert report, which may include confidential materials that originated from you as well as non-parties to the MDL;

- All deposition transcripts of individuals represented by Provider Plaintiffs; and

- All sealed filings on the MDL docket, No. 2:13-cv-20000 (N.D. Ala.) that were sealed in order to protect Provider Plaintiffs' confidential information. [3]

As you know, pursuant to the Supplement to the MDL Protective Order, Defendants may not produce your confidential MDL Materials absent your consent or a court order. MDL ECF No. 1488 at ¶ 1. Please let us know if you consent to the production of the above-identified confidential MDL Materials in the *Prime* litigation. If you do not consent and we are ordered to produce your confidential materials, we will notify you prior to making the production. In the event we produce any of your confidential MDL materials pursuant to your consent or a court order, we will designate them "Confidential—Outside Counsel Only" pursuant to the Qualified Protective Order entered in the *Prime* matter. A copy of the *Prime* Qualified Protective Order is attached hereto as Exhibit B.

---

[2] The *Prime* Plaintiffs also have moved to compel the production of Defendants' MDL expert reports. Defendants intend to produce their MDL expert reports that Judge Proctor ordered Defendants to produce in the ASO opt-out litigations in Alabama. As you know, some of those reports include Provider Plaintiffs' confidential information, and Defendants previously provided notice to you of the production of those reports in the ASO litigations. We assume that Provider Plaintiffs consent to Defendants reproducing those same reports to the Plaintiffs in *Prime*. Please let us know right away if this is incorrect.

[3] Defendants will separately notice all MDL parties and non-parties whose confidential documents or information are disclosed within Provider Plaintiffs' confidential MDL Materials (*e.g.*, non-party confidential information quoted in an expert report) where the source of such confidential information is readily identifiable by name or production number. Defendants will not be able to provide notice where an entity's confidential information is not readily identifiable from the face of your materials.

I am available to discuss should you have any questions.

Sincerely,

*/s/ Lillian S. Grossbard*

Lillian S. Grossbard

W. Tucker Brown
Whatley Kallas LLP
tbrown@whatleykallas.com

CC: Defendants' Counsel of Record

VIA EMAIL

3

# Exhibit A

Case 2:13-cv-20000-AMM Document 3146-1 Filed 06/28/24 Page 8 of 55

FILED
2017 Sep-01 PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BLUE CROSS BLUE SHIELD | ) | Case No. 2:13-cv-20000-RDP |
| ANTITRUST LITIGATION | ) | (All Related Cases) |
| (MDL No. 2406) | ) | |

## SUPPLEMENT TO QUALIFIED PROTECTIVE ORDER
### Document No. 550

This matter is before the court on Defendants' motion for the entry of a Supplement to the Qualified Protective Order. (Doc. 1477). The Motion is **GRANTED.** Discovery in the above-captioned litigation ("Proceeding") **SHALL** be governed by the Qualified Protective Order entered by the court on February 23, 2016 (doc. 550), as supplemented by the following Supplement to Qualified Protective Order ("Supplemental Terms" and, together with the Qualified Protective Order, the "Protective Order").[1]

The Parties shall serve a copy of this Order simultaneously with any discovery request made to a third party.

---

[1] All terms not separately defined in this Supplement to Qualified Protective Order shall have the meaning afforded to them in the Qualified Protective Order.

The Supplemental Terms are as follows:

1. **Disclosure to Unauthorized Persons**.  If counsel for a Party wishes to disclose Confidential Material that was produced by a third-party subject to the Protective Order, or extracts, summaries, or information derived therefrom, to any person not designated in paragraphs 11-13 of the Qualified Protective Order (Doc. 550), they must proceed in the following manner:  the names of the person(s) to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such person(s) shall be provided in writing to (a) lead counsel for all Parties and (b) counsel for the third-party that produced the Confidential Material at issue twenty-one (21) days in advance of disclosure to afford counsel an opportunity to object to disclosure.  If no objection is made within the twenty-one (21) day period, disclosure to such named person(s) may be made after the expiration of the twenty-one (21) day period.  If an objection is made within the twenty-one (21) day period, the Party proposing the disclosure must seek an order from the court to allow the proposed disclosure, and the Confidential Material shall not be disclosed pending a decision by the court on that motion, unless the objection is withdrawn.  Any person who becomes authorized to receive Confidential Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the court's ruling on a

2

motion for disclosure) shall, prior to the receipt of Confidential Material, execute and deliver to the Party or third-party who produced or designated the Confidential Material a statement in the form annexed as Attachment A to the Qualified Protective Order. Disclosures made to all persons to whom disclosures are permitted pursuant to this paragraph shall be made subject to and in accordance with the terms of the Protective Order. To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any Party or third-party, such Party shall notify counsel for the Party, third-party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third-party whose Confidential Material is sought to seek to protect it from disclosure. The Party subject to such discovery request or subpoena shall not produce or disclose the requested Confidential Materials absent the written consent of the Party or third-party whose Confidential Material is sought or if a court of competent jurisdiction orders the production.

2. **Notification if Unsealing Documents.** If a Party seeks to unseal any court filing containing Confidential Material produced by a third-party, that Party shall notify the producing third-party in writing at least three (3) business days prior to seeking such unsealing. In addition, if the Parties are notified that the

Court, acting *sua sponte*, seeks to unseal any court filing containing Confidential Material produced by a third-party, the Party who originally filed the sealed court filing shall notify the producing third-party within three (3) business days of receiving such notice.

3. **Enforcement**. Upon the final resolution of this Proceeding, any third-party may seek leave to reopen the Proceeding or to request the court retain jurisdiction to enforce the provisions of this Protective Order.

**DONE** and **ORDERED** on September 1, 2017.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

4

# Exhibit B

PATRICK M. RYAN (SBN 203215)
  *pryan@bartkolaw.com*
OLIVER Q. DUNLAP (SBN 225566)
  *odunlap@ bartkolaw.com*
MARISA LIVESAY (SBN 223247)
  *mlivesay@ bartkolaw.com*
BRITTANY N. DEJONG (SBN 258766)
  *bdejong@bartkolaw.com*
STEVE VIEUX (SBN 315133)
  *svieux@bartkolaw.com*
BARTKO LLP
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:   (415) 956-1152

JASON A. ZWEIG (*pro hac vice*)
*jzweig@bartkolaw.com*
BARTKO LLP
One South Wacker Drive, 36th Floor
Chicago, IL 60606
Telephone: (415) 291-4505

Attorneys for Plaintiffs
VHS LIQUIDATING TRUST, PRIME
HEALTHCARE SERVICES, INC., PRIME
HEALTHCARE FOUNDATION, INC. and
PRIME HEALTHCARE MANAGEMENT, INC.

*Counsel for additional parties listed below*

FILED
Superior Court of California
County of Alameda
01/29/2024
Chad Finke, Executive Officer/Clerk of the Court
By: _____ Deputy
N. Hall

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| VHS LIQUIDATING TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA, et al., <br><br> Defendants. | Case No. RG21106600 <br><br> *Assigned for All Purposes to* <br> *Hon. Noël Wise, Department 21* <br><br> **STIPULATED QUALIFIED PROTECTIVE ORDER** <br><br> Complaint Filed:   July 27, 2021 <br> Trial Date:        None set |

Electronically Received 01/22/2024 11:57 AM

**STIPULATION**

**WHEREAS** the undersigned parties in the action pending in the Superior Court of California, County of Alameda, titled *VHS Liquidating Trust, et al., v. Blue Cross of California, et al.*, Case No. RG21106600, anticipate that during the course of the litigation documents and/or information of a sensitive, private, proprietary, and confidential nature may be produced in the course of discovery or otherwise disclosed or provided, and the parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with a minimum of delay and expense,

**THEREFORE** the parties hereby stipulate and agree to the following proposed Stipulated Qualified Protective Order ("Protective Order" or "Order"), subject to Court approval, and acknowledge that this does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items entitled to confidential treatment under applicable legal principles:

1.    **Definitions:**

a.    "Proceeding" means the above-entitled action (Alameda Superior Court Case No. RG21106600).

b.    "Court" means the Hon. Noël Wise, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c.    "Confidential Material(s)" means any Documents, Testimony or Information (collectively "Material(s)") produced, created or exchanged in this Proceeding that have been designated as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential-Outside Counsel Only" pursuant to the provisions of this Protective Order.  (For what can be designated as "Confidential," "Confidential-Attorneys' Eyes Only" or "Confidential-Outside Counsel Only", see paragraph 4, below.)

d.    "Designating Party" means the Party or Non-Party who designates Materials produced, created or exchanged in this Proceeding as "Confidential," "Confidential—Attorneys' Eyes Only" or "Confidential—Outside Counsel Only".

e.    "Disclose", "Disclosed" or "Disclosure" means to reveal, divulge, give, or

make available Confidential Materials, or any part thereof, or any information contained therein.

f.      "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by California Evidence Code Sections 250, 255, and 260, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

g.      "Information" means the content of Documents or Testimony.

h.      "Independent Expert" means an individual expert and/or individual independent consultant, and his or her supporting staff, if any, retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties in this Proceeding, who satisfies the limitations of paragraph 12(d), below.

i.      "Producing Party" means any Party or Non-Party producing materials in this Proceeding.

j.      "Parties" and each, individually, a "Party", means plaintiffs, defendants, and any additional parties joined in this Proceeding.

k.      "Receiving Party(ies)" means any Party receiving materials produced by a Producing Party in this Proceeding.

l.      "Non-Party" means any third-party or non-party other than plaintiffs, defendants, or additional parties joined in this Proceeding.

m.      "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

2.      **Applicability:**

a.      This Protective Order is applicable to the undersigned Parties in this Proceeding, and any additional Parties that join or are joined in this Proceeding and agree to be bound by the terms of this Protective Order, and any Non-Parties required to respond to discovery in this Proceeding, for the sole purpose of facilitating discovery in the Proceeding and protecting the confidentiality and other interests of the Parties and Non-Parties.  In the event that additional Parties join or are joined in this Proceeding, they shall not have access to any materials designated as "Confidential", "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only"

pursuant to this Protective Order until they have executed and, at the request of any Party, filed with the Court their agreement to be bound by this Protective Order.

b.     This Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), including specifically 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, the "Privacy and Security Rules").  This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.  The Parties are expressly prohibited from using or disclosing information protected by the Privacy and Security Rules obtained pursuant to this Order for any purpose other than this Proceeding.

c.     The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or any other privileges, or any Party's right to contest any such assertion.

**3.     Scope:**

a.     All Confidential Materials, and any excerpts, summaries, extracts or information derived therefrom, that are produced, created or exchanged in the course of this Proceeding shall be used solely for the purpose of preparing for, conducting, prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other business or purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

**4.     Confidentiality Designation:**

a.     Materials may be designated as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" as set forth below.  Such designation may be

4

made by any Producing Party or, as set forth in paragraph 9, may be made by a Party who determines, in good faith, that materials produced by a Non-Party contain confidential information even though not so designated by the Producing Party.

b.　　Any Confidential Materials produced, served or otherwise disclosed to or by any Party or Non-Party during the Proceeding as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" shall  be in the manner that is consistent with the definitions and procedures set forth in this Protective Order. Documents previously produced shall be retroactively designated by notice in writing by Bates number or such other means that will allow for the identification of such documents. The inadvertent failure by a Party  or Non-Party to designate specific Materials as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" shall not be deemed a waiver in whole or in part of a claim of confidentiality as to such Materials. Upon notice to each Party of such failure to designate, the Parties shall cooperate to restore the confidentiality of the inadvertently disclosed information.

c.　　In making the designation of Confidential Materials pursuant to this Protective Order, the Designating Party shall use reasonable efforts, consistent with the scope and method of production, to ensure that the information contained in the materials: (1) has not been produced, disclosed or made available to the public in the past; (2) has not been published, communicated or disseminated to third parties not obligated to maintain the confidentiality of the information contained therein; (3) has been preserved or maintained in a manner calculated to preserve its confidentiality; or (4) is not available from a third-party source that is not obligated to maintain its confidentiality or privacy. The Designating Party also shall use reasonable efforts, consistent with the scope and method of production, to give due consideration to the age of the Materials.

d.　　Each Party or Non-Party that designates information or items for protection under this Order (i.e. a Designating Party) shall, to the extent practicable and consistent with the scope and method of production, exercise restraint and take care to limit any such designation to Materials that qualify under the appropriate standards.

e.　　If it comes to a Designating Party's attention that information or items that it

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

f. With the exception of "Protected Health Information," as defined below, the protections conferred by this Order shall not apply to Information a Designating Party designates as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" if the Information is:

i. lawfully publicly available at the time of production or disclosure or becomes lawfully publicly available after production or disclosure (other than by an act or omission of a Party or others subject to this Protective Order), including information that has been obtained under the Freedom of Information Act or state sunshine laws that may be permissibly shared with the public; or

ii. legitimately and independently known to the Receiving Party prior to the production or disclosure or acquired by the Receiving Party after the production or disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Party or Non-Party making the confidentiality designation, including pursuant to this Protective Order.

g. **"Confidential" Designation.** A Party or Non-Party may designate as "Confidential" any Materials that it reasonably and in good faith believes contain any trade secret, research, development, or non-public and sensitive commercial information, or other confidential information that the Producing or Designating Party contends should be protected pursuant to this Protective Order on the grounds that the information is properly subject to protection under existing California or federal law, provided that the information has been subject to efforts to maintain confidentiality that are reasonable under the circumstances.

h. **"Confidential-Attorneys' Eyes Only" Designation.** A Party or Non-Party may designate as "Confidential-Attorneys' Eyes Only" any "Confidential" Materials that it reasonably and in good faith believes are of such a commercially or competitively sensitive nature

6

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

that disclosure to persons other than those listed in paragraph 13 could reasonably be expected to result in injury.

i.        **"Confidential-Outside Counsel Only" Designation**.  A Party or Non-Party may designate as "Confidential-Outside Counsel Only" any "Confidential" Materials that it reasonably and in good faith believes are of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in paragraph 14 could reasonably be expected to result in injury.

**5.        Confidential Health Information and Sensitive Personal Information:** The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal health information ("Confidential Health Information"). Confidential Health Information is intended to encompass any patient health information protected by any state or federal law, including, but not limited to, "Protected Health Information," as defined below. The Parties also desire to ensure the privacy of consumers' sensitive personal information protected from disclosures by state or federal law ("Sensitive Personal Information"). The Parties agree that any Confidential Health Information and Sensitive Personal Information shall be deemed "Confidential." For the avoidance of doubt, Materials that include Confidential Health Information and Sensitive Personal Information also may be designated "Confidential-Attorneys' Eyes Only" or "Confidential-Outside Counsel Only" consistent with the provisions of this Protective Order.

a.        **Protected Health Information.** Protected Health Information, or "PHI", as used herein, has the same scope and definition as set forth in 45 C.F.R. §160.103. (See also, 45 C.F.R. § 164.500 et seq., 42 C.F.R. Part 2, and applicable state laws and regulations governing patient privacy and protecting medical information, including without limitation Cal. Civ. Code Section 56 et seq.) Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, individually identifiable health information, including demographic information, collected from an individual that (1) is created or received by a health care provider, health plan, employer, or health care clearing house and (2) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an

individual, or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. Protected Health Information also includes, but is not limited to, information that contains the following identifiers of a patient/insured/member or of a relative, employer, or household member of a patient/insured/member:

      i.      names;

      ii.      all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

      iii.      all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, all ages and elements of dates (including year) indicative of ages, and date of death;

      iv.      telephone numbers;

      v.      fax numbers;

      vi.      electronic mail addresses;

      vii.      social security numbers;

      viii.      medical record numbers/medical group numbers;

      ix.      health plan beneficiary numbers;

      x.      account numbers;

      xi.      certificate/license numbers;

      xii.      vehicle identifiers and serial numbers, including license plate numbers;

      xiii.      device identifiers and serial numbers;

      xiv.      web universal resource locators ("URLs");

      xv.      internet protocol ("IP") address numbers;

      xvi.      biometric identifiers, including finger and voice prints;

      xvii.      full-face photographic images and any comparable images;

      xviii.      any other unique identifying number, characteristic, or code; and

      xix.      any other information that the Producing Party knows or reasonably

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

should know could be used alone or in combination with other information to identify an individual who is subject of the information.

b.      **Sensitive Personal Information.** Sensitive Personal Information is intended to encompass personal information protected from disclosure by state or federal law, including: a consumer's social security, driver's license, state identification card, or passport number; a consumer's account log-in, financial account, debit card, or credit card number in combination with any required security or access code, password, or credentials allowing access to an account; a consumer's precise geolocation; a consumer's racial or ethnic origin, religious or philosophical beliefs, or union membership; a consumer's genetic data; biometric information processed for the purpose of uniquely identifying a consumer; information collected and analyzed concerning a consumer's health; and information collected and analyzed concerning a consumer's sex life or sexual orientation.

c.      **Redactions or Removals of Identifiers.** "Confidential Health Information" (including PHI) and Sensitive Personal Information do not include any document or information in which the Producing Party has redacted or removed the identifiers listed above (in accordance with 45 C.F.R. § 164.514(b)(2)) and as to which the Producing Party does not have actual knowledge that the information could be used alone or in combination with other information to identify an individual who is the subject of the information. A Producing Party may, but is not required to, perform such redactions or removal of identifiers before producing documents that originally contained "Confidential Health Information" or Sensitive Personal Information so long as the redactions or removals do not result in prejudice to another Party.

d.      **Safeguards for Confidential Health Information and Sensitive Personal Information**. The Parties also seek to ensure that any person who receives and stores Confidential Health Information or Sensitive Personal Information in connection with this Proceeding will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, confidentiality, and availability of any Confidential Health Information or Sensitive Personal Information, and to prevent unpermitted use

9

or disclosure of any Confidential Health Information or Sensitive Personal Information they may receive from any person in connection with this Proceeding. At a minimum, all Parties and persons or entities who might receive Confidential Health Information or Sensitive Personal Information (including all signatories to Attachment A or B of this Order) agree that they will (1) comply with the Privacy and Security Rules; (2) store Confidential Health Information or Sensitive Personal Information in electronic format only on device(s) (*e.g.*, laptop, tablet, smartphone, thumb drive, portable hard drive) or in cloud environments that are password protected and encrypted; (3) store Confidential Health Information or Sensitive Personal Information in hard copy format only in a secure location with access limited to persons with a need to access such information under this Order; (4) transmit information that they know or reasonably should know contains Confidential Health Information or Sensitive Personal Information in electronic format only if such data is encrypted prior to transmittal and the encryption key provided in separate correspondence; and (5) transmit or ship Confidential Health Information or Sensitive Personal Information in hard copy format only using secure packaging tape via Federal Express or UPS and retaining a tracking number for the materials. Notwithstanding the foregoing, counsel for the Parties may electronically transmit Confidential Health Information or Sensitive Personal Information without encrypting such data provided that such transmittal communication only includes internal recipients in the counsel's firm. All Parties and persons or entities who might receive Confidential Health Information or Sensitive Personal Information must also establish contractual controls that require any vendors, experts, or third-parties that might receive Confidential Health Information or Sensitive Personal Information to comply with all of the requirements of this paragraph and certify that they will do so by signing the applicable attachment to this Protective Order. The Parties will also undertake due diligence to verify that the privacy and security protections of any vendors, experts, or non-parties comply with the requirements of this paragraph, including the Privacy and Security Rules. Confidential Health Information or Sensitive Personal Information will be securely destroyed,[1] deleted, or returned pursuant to the provisions of paragraph 27 below.

---

[1] "Secure destruction" for ESI means: "Securely overwriting or wiping data using a secure file

e.    **Security Breach Regarding Confidential Health Information or Sensitive Personal Information.** If a Party or other person or entity who has received Confidential Health Information or Sensitive Personal Information discovers a breach of security relating to such information (or has a reasonably supported suspicion that a breach has occurred), such Party, person, or entity shall: (1) provide written notice to the Producing Party of the breach within 24 hours of discovery of the breach; (2) investigate and take appropriate actions to attempt to remediate the effects of the breach, and to ensure the breach will not recur; (3) provide sufficient information about the breach that the Producing Party can ascertain what data is affected by the breach and the scope of the breach; and (4) cooperate with the Party that produced the data and/or law enforcement in investigating any such security incident.

**6.    Unauthorized Disclosure of Designated Information:** If a Party learns that it has disclosed Material that another Party or Non-Party has designated "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" to any person or entity or in any circumstance not authorized under this Protective Order, that Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Confidential Materials disclosed, (c) inform the persons or entities to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such persons or entities execute the Agreement To Be Bound By Protective Order that is attached as Attachment A. An unauthorized disclosure of any Confidential Materials does not change the confidentiality designation originally assigned to it by the Designating Party, and does not waive the Designating Party's right to maintain that confidentiality designation. This Protective Order is entered into without prejudice to the right of any Party or Non-Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party or Non-Party. If the Designating Party knowingly waives the applicability of this Protective Order to its own Confidential Materials in a manner that makes the Materials no longer qualify for protection

---

deletion utility to ensure that the information cannot be recovered. For those devices that cannot be overwritten (*e.g.*, defective hard drives, CDs/DVDs), the device must be destroyed prior to disposal." Secure destruction for hard copy Materials means: "Shredding such Materials so that the information cannot be read or reconstructed."

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

pursuant to the terms of this Protective Order, then the Designating Party shall advise all other Parties that the designation no longer applies.

**7.** **Document Production, ESI and Other Disclosures of Information:**

a. **Standard Format/TIFFs.** Documents required to be produced as TIFFs under the Stipulation and [Proposed] Order Establishing the protocol for the Production of Electronically Stored Information ("ESI Protocol") and containing confidential Information, and any copies thereof, shall be designated as such by including a legend of "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" on each page as to which confidentiality is claimed. Said legend shall be made so as not to obscure any of the Confidential Material's content. As used in this Protective Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain confidential Information. Designations shall be applied prior to or at the time the Material is produced or disclosed, except as otherwise specifically provided for in this Protective Order.

b. **Native Format.** With respect to any Confidential Material that is required to be produced in Native Format under the ESI Protocol and that is therefore not susceptible to the imprinting of a stamp signifying its confidential nature, the Producing Party may designate it by way of written communication, including a slip sheet that includes the confidentiality designation and altering the file name of the native ESI to indicate its confidentiality (e.g. "Conf." or "Attorney" or "OutsideCounsel") and shall inform all recipients in writing of the designation at the time that Confidential Material is produced; otherwise, produced documents shall be marked with the legend as provided in paragraph 7(a) above. Whenever any Native Format document with Confidential Material is reduced to a hard-copy document, such copy shall include the slipsheet with the confidentiality designation .

c. **Other Disclosures of Information.** Materials exchanged or disclosed outside of formal document productions, including through written discovery responses, correspondence, or responses to informal requests for information may be designated by a Designating Party as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" either by (a) including in the disclosure or response a statement that such

information is "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" and including a legend of "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" on each page as to which confidentiality is claimed or (b) designating such information as "Confidential, "Confidential-Attorneys' Eyes Only," or Confidential-Outside Counsel Only" thereafter as otherwise specifically provided for in provided in this Protective Order.

**8.      Depositions:** A deposition or portion thereof may be designated by any Party or any Non-Party participating in the deposition as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" by (i) so designating and specifying on the record, before the close of the deposition, the portions of the testimony, which may include up to the full transcript, that qualify as "Confidential," "Confidential−Attorneys' Eyes Only," or "Confidential−Outside Counsel Only" Testimony; or (ii) denominating by page and line those portions of the deposition which are to be considered "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" within forty-five (45) days of receiving the certified deposition transcript and exhibits, which review period may be extended by agreement, and so informing all Parties and any relevant Non-Parties participating in the deposition of the designation. Until the forty-five-day period and any agreed upon extension has passed, the deposition transcript shall be treated as "Confidential—Outside Counsel Only." If testimony is orally designated as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" during the course of a deposition, the court reporter shall transcribe the pages so designated in a separate volume marked "CONFIDENTIAL", "CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—OUTSIDE COUNSEL ONLY." Any portion of a deposition so designated, or separately bound, shall not be filed with the Court, except in accordance with paragraph 10 of this Protective Order. Notwithstanding the above, when notified to do so, persons attending depositions, other than the witness and his or her outside counsel (provided that the witness and his or her outside counsel have signed the appropriate Attachment to this Protective Order), must leave the room before any discussion of any Confidential Material—or any excerpts, summaries, or information derived therefrom—that the person is not entitled to review under this

Protective Order.

**9.** **Materials Produced by Non-Parties:** With respect to any Material that is produced or disclosed by any Non-Party without a designation of "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only," any Party may designate such Material as Confidential Material within thirty (30) days of actual knowledge of the production or disclosure of the Material, or such other time as may be agreed upon by the Parties, subject to the definitions and guidance provided in this Order concerning appropriate designations.

a. Parties may designate such Material by sending written notice of a designation to all other Parties in possession or custody of such previously undesignated material and the producing Non-Party. The Designating Party shall either provide the Bates number(s) of the material in the written notice or provide a copy of the designated material bearing the appropriate legend. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Party receiving such notice or copy of the designated material pursuant to this subparagraph shall return to the Designating Party or destroy all undesignated copies of such material in their custody or possession, shall inform the Designating Party that all undesignated copies of such material in their custody or possession have been returned or securely destroyed or deleted (see *supra* n.1), or shall affix the legend as provided in paragraph 7(a) to all copies of such designated material in their custody or possession.

b. Upon notice of designation pursuant to this paragraph, the Parties also shall: (i) make no further disclosure of such designated Material contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated Material of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated Material in the possession of any person not permitted access to such Material under the terms of this Order.

c. No Party shall be deemed to have violated this Order for the sole reason that such Material has been disclosed or used in a manner inconsistent with the subsequent designation, prior to notification of the subsequent designation.

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

**10.**    **Documents Generated During Suit:** Without written permission from the Designating Party, or a Court order secured after appropriate notice to all relevant persons, all pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential Material, if filed with the Court, shall be lodged conditionally under seal, and a public redacted version shall be filed, in compliance with Rules 2.550, 2.551, and 8.46 of the California Rules of Court ("CRC"), and this Court's local rules and processes, including the Court's "Guidelines for Sealed Records (Documents) and Compliance with California Rules of Court 2.550 & 2.551" ("Sealing Guidelines").

**11.**    **Restrictions on Use of Confidential Material:** Except as agreed by the Designating Party or its counsel, Confidential Materials, and any excerpts, summaries, extracts or information derived therefrom:

a.    shall be maintained in confidence;

b.    shall not be Disclosed to any person except as specifically permitted by this Protective Order;

c.    shall be used solely for the purposes of prosecuting or defending this Proceeding, including appeals, and shall not be used at any time for any other purpose;

d.    may be photocopied or otherwise reproduced only as reasonably necessary for this Proceeding; and

e.    will be returned or securely destroyed or deleted at the conclusion of this Proceeding pursuant to the provisions of paragraph 27, below.

Nothing herein shall prevent Disclosure beyond the terms of this Protective Order if the Designating Party consents in writing to such disclosure of its designated material. Nothing herein prevents the use of Material designated as "Confidential", in the examination or cross-examination in this Proceeding of any person who is indicated on the documents as being an author, source, or bona fide recipient, or who is reasonably expected to possess knowledge of the information discussed in the document, or the designated representative of any person who has been tendered to

testify about matters of or concerning the Confidential Material irrespective of which Party or Non-Party produced such information. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Confidential Material.

**12.    Authorized Users of "Confidential" Material:** Counsel Disclosing Materials designated as "Confidential" to persons required to execute Attachments A or B shall retain all such executed agreements. Copies of those executed non-disclosure agreements (i.e. Attachments A or B) shall be preserved by counsel and shall be provided to the opposing Party if the Court so orders upon a showing of good cause. Material designated as "Confidential" may be disclosed or shown only to the following:

a.    In-house counsel for any Party engaged in the litigation of this Proceeding and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Proceeding, including paralegals, legal assistants, and other staff actively involved in assisting in the Proceeding;

b.    Outside counsel for any Party engaged in the litigation of this Proceeding and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of this Proceeding, including paralegals, legal assistants, and other staff actively involved in assisting in the Proceeding;

c.    Any individual Party, as well as employees or former employees of a corporate Party engaged in assisting that Party's attorneys in the conduct of this Proceeding, to the extent reasonably necessary to enable the attorneys for that Party or client to render professional services in the Proceeding. Confidential Materials will not be disclosed to a former employee until that employee has signed and delivered to counsel for the Party that is the former employer a statement in the form annexed hereto as Attachment A;

d.    Any Independent Expert, after such Independent Expert has signed and delivered to counsel for the Party who provided the Confidential Material to the Independent Expert a statement in the form annexed hereto as Attachment B. No person who is currently an employee

16

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

of a Party or any Non-Party that is a provider of healthcare financing administration or insurance may be retained as an Independent Expert or continue to serve as an Independent Expert. In addition an Independent Expert cannot, during the course of this Litigation, (a) be involved in or provide advice concerning negotiations of a contract, other than related to potential settlement of the Proceeding, opposite a Party whose Confidential Materials the Independent Expert has reviewed, and which information is likely to provide an identifiable strategic advantage in contract negotiations, or (b) provide advice concerning product design, pricing and market penetration for any provider of healthcare financing administration or insurance, including a Party.

To the extent that an expert serving as an Independent Expert during the course of this Proceeding ceases to meet the criteria for Independent Experts set forth in this paragraph, the expert can no longer serve in the capacity of an Independent Expert retained or employed to advise or assist counsel in prosecuting or defending claims between the Parties in this Proceeding. Any person who was entitled to view Confidential Materials solely as an Independent Expert, notwithstanding the fact that he or she is no longer serving as an Independent Expert in this Proceeding, is still bound by the provisions (a) and (b) in paragraph 12(d) until two years after the conclusion of this Proceeding or two years after the (former) Independent Expert has last reviewed Confidential Materials, whichever is earlier. An Independent Expert, or a Party acting on his or her behalf, may seek relief from the Court from the provisions (a) and (b) of paragraph 12(d) at any time. In addition, before showing an Independent Expert certain Confidential Materials, a Party may seek a ruling that the specific Confidential Materials may be reviewed by the Independent Expert without the Independent Expert violating the restrictions contained in provisions (a) and (b) of paragraph 12(d). The request should identify the specific Confidential Materials proposed to be reviewed and provide reasonable specificity about the role and expertise of the Independent Expert with respect to the limitations provided in provisions (a) and (b) of paragraph 12(d). All Parties will have the opportunity to oppose such a request.

Administrative support and/or information technology staff of an Independent Expert whose roles and responsibilities do not require substantive review or analysis of Materials are exempt from provisions (a) and (b) in paragraph 12(d), as well as the requirement that they

17

individually sign the form annexed hereto as Attachment B, provided that the entity employing such staff has signed on behalf of its staff and ensures compliance therewith.

e.    A Party's outside service-providers and consultants, including any e-Discovery consultants and trial consultants, and any employee of such providers and consultants assisting in the Proceeding regarding document and ESI processing, hosting, review, and production services in connection with the Proceeding provided such providers and consultants have signed and delivered to counsel for the Party a statement in the form of Attachment A.

f.    Any deposition, hearing or trial witness in the Proceeding who previously has had access to the Materials designated as "Confidential", or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms.

g.    Any deposition, hearing or trial witness in the Proceeding who previously did not have access to the Confidential Materials, but who in good faith requires such access in order to prepare for any such deposition, hearing, or anticipated trial testimony; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being disclosed pursuant to, and are subject to, the terms of this Protective Order and that they may not be disclosed other than pursuant to its terms, and shall sign a statement in the form of Attachment A.

h.    Mock jury participants and jury consultants; provided, however, that prior to the disclosure of Confidential Materials to any such person, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form of Attachment A.

i.    A court reporter and videographer, and their support personnel, for the purposes of preparing transcripts or videotaped testimony in connection with a deposition, hearing, or any other Court proceeding in the Proceeding, provided that such persons have signed the

18

appropriate attachment(s) to this Protective Order.

j.    The Court and other Court officials (including court reporters, the Court's clerks and research attorneys).

k.    Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to such person, counsel for the Party making the Disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form of Attachment A.

**13.    Authorized Users of "Confidential—Attorneys' Eyes Only" Material:** Except as agreed in writing by the Designating Party or as otherwise provided herein, no information that is designated "Confidential-Attorneys' Eyes Only," pursuant to this Protective Order, or extracts or summaries therefrom, shall be disclosed or shown to any person <u>except</u> those persons listed in paragraphs 12(a), (b), (d), (e), (f), (g), (h), (i), (j) and (k); provided that Disclosure to persons listed in paragraphs 12(f) and 12(g) shall be subject to the limitations and procedures set forth in paragraph 16.

**14.    Authorized Users of "Confidential—Outside Counsel Only" Material:** Except as agreed in writing by the designating Party or as otherwise provided herein, no "Confidential—Outside Counsel Only" Material subject to this Protective Order, or extracts or summaries therefrom, shall be disclosed or shown to any person <u>except</u> those persons listed in paragraphs 12(b), (d), (e), (f), (g), (h), (i), (j) and (k)); provided that Disclosure to persons listed in paragraph 12(f) and 12(g) shall be subject to the limitations and procedures set forth in paragraph 16. Nevertheless, upon a request from any Party, a Designating Party may, at its own discretion, agree in writing to disclose or show its own designated "Confidential—Outside Counsel Only" material to the persons listed in paragraph 12(a).

**15.    Reliance by Counsel on Designated Material in Rendering Advice:** Nothing in this Protective Order is intended to bar or otherwise prevent counsel from relying on the content of "Confidential−Attorneys' Eyes Only" or "Confidential−Outside Counsel Only" Material received in this matter in order to render legal advice to a Party to this Proceeding about this matter, provided

19

counsel does not disclose the contents of such Confidential Materials.

**16.    Use of Confidential—Attorneys' Eyes Only" Materials and "Confidential—Outside Counsel Only" Materials at Depositions:** With respect to deponents:

a.    A deponent can only be shown Materials designated as "Confidential—Attorneys' Eyes Only" and/or "Confidential—Outside Counsel Only" during the preparation for or course of a deposition if (1) the deponent is the author or bona fide recipient of the materials; or (2) the deponent is referenced in the document or his or her conduct is purported to be identified in the document, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing the protected information to be shown to the deponent is relevant to events, transactions, discussions, communications or data about which the deponent has knowledge. If the criteria in (1) or (2) are satisfied, disclosure to the deponent shall only be made after the deponent completes the certification contained in Attachment A to this Protective Order.  In addition, if only criteria (2) is satisfied, disclosure to the deponent shall be limited to the portion of the document in which the deponent's conduct is identified or referenced and other portions of the document counsel for the Party intending to disclose the information has a good-faith basis for believing is context the deponent needs in order to understand and testify concerning the portion of the document in which the deponent's conduct is identified or referenced.

b.    The restrictions on the use of Confidential Materials with a deponent do not apply to a Party's or Non-Party's use of their own so-designated Materials.

**17.    Disclosure to Unauthorized Persons:** If counsel for a Party wishes to disclose Confidential Material subject to this Protective Order, or extracts, summaries, or information derived therefrom, to any person not designated in paragraphs 12-15 above, they must proceed in the following manner: the names of the person(s) to whom the Confidential Material is to be disclosed and a  description of the Confidential Material to be disclosed to such person(s) shall be provided in writing to counsel for all Parties and lead counsel for the Designating Party twenty-one (21) days in advance of Disclosure to afford counsel an opportunity to object to Disclosure. If no objection is made within the twenty-one (21) day period, Disclosure to such named person(s) may be made after the expiration of the twenty-one (21) day period. If an objection is made within the

twenty-one (21) day period, the Party proposing the Disclosure must seek an order from the Court to allow the proposed Disclosure, and the Confidential Material shall not be Disclosed pending a decision by the Court on that motion, unless the objection is withdrawn. Any person who becomes authorized to receive Confidential Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion for Disclosure) shall, prior to the receipt of Confidential Material, execute and deliver to the Party or Non-Party who produced or designated the Confidential Material a statement in the form annexed hereto as Attachment A. Disclosures made to all persons to whom disclosures are permitted pursuant to this paragraph shall be made subject to and in accordance with the terms of this Protective Order. To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any Designating Party, such Party shall notify counsel for the Designating Party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Designating Party whose Confidential Material is sought to seek to protect it from Disclosure, and shall furnish such counsel with a copy of the subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena shall also notify in writing the persons or entities who caused the discovery request or subpoena to issue in the other litigation that some or all of the material sought is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order. If the Designating Party timely seeks a protective order, the Party subject to such discovery request or subpoena shall not produce any information designated in this action as "Confidential", "Confidential—Attorneys' Eyes Only" and/or "Confidential—Outside Counsel Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the written consent of the Designating Party. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Proceeding to disobey a lawful directive from another court.

21

**18.**    **Challenging Designation:** If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that Party (hereinafter the "Objecting Party") must notify the Designating Party in writing and provide a description of the Confidential Material (including a Bates number identifier for each individual item for which a designation challenge is made), and a concise statement of the basis for the challenge as to each individual document or other item so identified (the "Designation Objections"), which the Objecting Party believes should be released from some or all of the constraints of this Protective Order, and serve copies of such notice to all other Parties and the producing Non-Party if applicable. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties where the challenging party cannot articulate a good faith need for the designation to be corrected) are prohibited. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Confidential Material pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Confidential Material addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Confidential Material at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its confidentiality designation. In the event that the Designation Objections are not resolved by agreement and the Designating Party does not timely file a Designation Motion, then the Confidential Material shall be de-designated in accordance with the Designation Objection absent agreement by the Designating Party and Objecting Party to allow additional time to meet and confer and/or file a Designation Motion.

**19.**    **Use of Confidential Material in Court Proceedings:**

a.    The Parties shall meet and confer regarding the procedures for use of Confidential Materials, or extracts, summaries, or information derived therefrom, at trial and shall

move the Court for entry of an appropriate order.

b.       Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the Court any Confidential Materials, provided that reasonable notice of the intended use of such Confidential Materials shall be given to all counsel of record in order to enable the Parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

c.       The submission of any materials designated as "Confidential," Confidential-Attorneys' Eyes Only" or "Confidential-Outside Counsel Only" pursuant to this Protective Order to the Court in the Proceeding must comply with CRC 2.550, 2.551, 8.46, and local rules, to the extent applicable. If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no Court order is required. (CRC 2.550(a)(2) and (3).) But if the Confidential Materials are submitted as the basis for adjudication of matters other than discovery motions or proceedings, a Court order sealing the Confidential Materials is required and may only be obtained by careful compliance with the procedures set forth in CRC 2.551.

d.       If either Party seeks to file Confidential Materials or Disclose the contents of Confidential Materials designated as such by the opposing Party or a Non-Party as a basis for adjudication other than discovery motions or proceedings (e.g., motions within the scope of CRC 3.1350 and 3.764), the filing Party may notify the Designating Party of the intended filing to offer the Designating Party the opportunity to evaluate whether the designated materials fall within the parameters of CRC 2.550(d), and to either (a) remove the confidentiality designation, or (b) prepare a motion or application pursuant to CRC 2.551(b).

e.       The Parties understand that failure to comply with the procedural requirements of CRC 2.551 or failure to present evidence sufficient to support the findings set forth in CRC 2.550(d) may result in the placement of Confidential Materials in the public file. The Parties further understand that no sealing order will be issued solely on the basis of the existence and

23

applicability of this Protective Order. (CRC 2.551(a).)

20.    The Parties agree that the use of Materials at trial will be governed by a separate trial-specific protective order to be entered at a later date.

21.    If Confidential Material has been marked as such because it contains Confidential Health Information or Sensitive Personal Information, the Parties agree that, in lieu of the above procedures, the  Party wishing to use the Confidential Material at any stage in this Proceeding, including in papers filed with the Court, mediation, trial preparation, and appeal, will properly redact the documents pursuant to the HIPAA de-identification standard set forth at 45 C.F.R. § 164.514(b)(2) and in accordance with paragraph 5(a)  above,  and  a  neutral,  non-identifying patient  indicator,  consistent  with  45 C.F.R. § 164.514(c), will be used to refer to the patient in the materials,  documents, or information at issue.

22.    **No Waiver:** Production pursuant to this Order shall not be deemed a waiver of:

a.    any Party's or Non-Party's right to object to any  discovery requests on any ground;

b.    any Party's right to seek an order compelling discovery with respect to any discovery request;

c.    any Party's right to object to the admission of any evidence on any ground in this Proceeding;

d.    any  Party's  or  Non-Party's  use  and  review  of  its  own documents and its own Confidential Material in its sole and complete discretion; or

e.    the status of any material as a trade secret.

23.    **Production of Privileged or Otherwise Protected Material:** When a Producing Party gives notice to Receiving Parties that it inadvertently produced Material that it claims is subject to a claim of attorney-client privilege or work product protection ("Produced Privileged Material"), such production shall not constitute a waiver of privilege pursuant to California Evidence Code § 912. These procedures shall apply with respect to any Produced Privileged Material, without regard to whether such Produced Privileged Material constitutes electronically stored information under Section 2016.020, subdivision(e) of the Code of Civil Procedure. This

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

paragraph is intended to protect the Parties to this Proceeding and any Non-Parties making productions or disclosures in this Proceeding, to the fullest extent permissible by law, against any unintended waiver of the attorney-client privilege and/or the work product protection that might otherwise arise from the disclosure of privileged or protected information and is intended to override any contrary law or presumptions.

**24.    Responsibility of Counsel:** Counsel for the Parties to whom Confidential Material has been furnished shall be responsible for restricting Disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining any executed version of the agreement attached hereto as Attachment A when required under the provisions of this Protective Order.

**25.    Modification of Order:** This Order may be modified or amended either by written agreement of the Parties submitted to the Court for approval or by order of the Court upon good cause shown.

**26.    Non-Party Material:** To the extent that the Parties produce documents received from Non-Parties that have been designated by Non-Parties as Confidential Material, those documents shall be treated as Confidential Material in accordance with the terms of this Protective Order, and any Testimony concerning the contents of those documents shall likewise be treated as Confidential Material in accordance with the terms of this Protective Order.

In the event that a Party is required by a valid discovery request to produce a Non-Party's Confidential Materials in the Party's possession, and the Party is subject to an agreement (not including a court order, such as a protective order in another matter) with the Non-Party not to produce the Non-Party's Confidential Materials, then the Party shall:

a.    promptly notify in writing the requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.    promptly provide the Non-Party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.    make the information requested available for inspection by the Non-Party.

25

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party may produce the Non-Party's Confidential Materials responsive to the discovery request.

If the Non-Party timely objects or seeks a protective order, the Party shall not produce any information in its possession, custody or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Confidential Materials.

Where the Parties wish to exchange responses to subpoenas and/or productions from Non-Parties relevant to this case ("Third Party Productions"), the Party receiving the Non-Party production will defer to the producing Non-Party for appropriate confidentiality designations, pursuant to this Protective Order. (Assuming prior confidentiality designations do not already apply to the documents, from a separate proceeding—in which case those prior confidentiality designations should be respected, within the guidelines of this Order.) The Party who receives the Third Party Production will promptly provide it to the other Parties to the case—with the appropriate confidentiality designations noted above. Correspondence with a non-party (including email) describing the scope of the production shall be provided to all Parties within two days of providing the production to other Parties to the case. Nothing in this paragraph shall limit a Party's ability to designate as "Confidential," "Confidential-Attorneys' Eyes Only," or "Confidential-Outside Counsel Only" Material that is produced or disclosed by any Non-Party pursuant to paragraph 9 of this Order.

**27.    Conclusion of Proceeding:** The provisions of this Protective Order shall continue in effect with respect to any Confidential Material until expressly released by the Party or Non-Party designating the Confidential Material, and if applicable, such effectiveness shall survive the final determination of this Proceeding. Within ninety (90) days of the final determination of this Proceeding, including any appeal, all Confidential Materials, including all hard and electronic copies, derivations, and summaries thereof, shall be either (a) returned to the Producing Party; or (b) securely destroyed or deleted, with a written certification of such secure destruction or

deletion provided to the Producing Party and, as applicable, the Designating Party. This includes the return or secure destruction or deletion of Confidential Material provided to any person, including Independent Experts. Counsel of record are permitted to retain a copy of attorney work product, which may incorporate information from Confidential Material, provided that (1) all such retained attorney work product, and counsel's further retention or further use thereof, shall remain subject to the terms of this Order, and (2) counsel's retention of such attorney work product is in compliance with the Privacy and Security Rules (*e.g.*, does not contain any Protected Health Information or Sensitive Personal Information). For the avoidance of doubt, such retention shall not include any Confidential Material itself (*e.g.*, produced documents and/or data designated as Confidential, Confidential-Attorneys' Eyes Only or Confidential-Outside Counsel Only. For purposes of this Protective Order, the "final determination of this Proceeding" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials and reviews, if any, of this Proceeding (excluding any time period under which the Court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the Court); or (iii) the expiration of all time limits under California law for the filing of or application for all appeals, re-hearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. The Court may extend the date of the "final determination" of the proceeding to the extent necessary to any supervision or oversight over final disposition of the case.

**28.    Time Period for Protection:** Any Confidential Material, and any excerpts, summaries, extracts or information derived therefrom, shall be subject to the provisions of this Protective Order except as further ordered by this Court, including but not limited to as specified in a separate Protective Order governing trial, as contemplated by paragraph 20.

**29.    Enforcement:** Upon the final resolution of this Proceeding, any Party may seek leave to reopen the Proceeding or request the Court retain jurisdiction to enforce the provisions of this Protective Order.

27

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

DATED: January 22, 2024          BARTKO LLP


By: /s/Patrick M. Ryan
_____

PATRICK M. RYAN

Attorneys for Plaintiffs VHS LIQUIDATING TRUST, PRIME HEALTHCARE SERVICES, INC., PRIME HEALTHCARE FOUNDATION, INC. and PRIME HEALTHCARE MANAGEMENT, INC.


DATED: January 22, 2024          MAYER BROWN LLP
                                 CRAVATH, SWAINE & MOORE LLP


By: /s/Craig A. Hoover          By: /s/Christopher J. Kelly
_____          _____

CRAIG A. HOOVER (SBN 113965)     CHRISTOPHER J. KELLY (SBN 276312)
E. DESMOND HOGAN (*pro hac vice*) MAYER BROWN LLP
ELIZABETH A. JOSE (*pro hac vice*) 3000 El Camino Real, Suite 300
HOGAN LOVELLS US LLP             Palo Alto, CA 94306
Columbia Square                  Tel: (650) 331-2025
555 13th Street, N.W.            Fax: (650) 331-2060
Washington, DC 20004             cjkelly@mayerbrown.com
Tel: (202) 637-5600
Fax: (202) 637-5910              KARIN A. DEMASI (*pro hac vice*)
craig.hoover@hoganlovells.com    LAUREN R. KENNEDY (*pro hac vice*)
desmond.hogan@hoganlovells.com   DAVID H. KORN (*pro hac vice*)
elizabeth.jose@hoganlovells.com  LILLIAN S. GROSSBARD (*pro hac vice*)
                                 CRAVATH, SWAINE & MOORE LLP
AMBER TRINCADO (SBN 260186)      Worldwide Plaza
HOGAN LOVELLS US LLP             825 Eighth Avenue
4 Embarcadero Center, Suite 3500 New York, NY  10019
San Francisco, CA 94111          Tel: (212) 474-1000
Tel:  (415) 374-2300             Fax: (212) 474-3700
Fax:  (415) 374-2499             kdemasi@cravath.com
amber.trincado@hoganlovells.com  lkennedy@cravath.com
                                 dkorn@cravath.com
*Counsel for Anthem, Inc., f/k/a WellPoint,* lgrossbard@cravath.com
*Inc. and all of its named subsidiaries in this*
*action; Louisiana Health Service &* *Counsel for Defendants Blue Cross Blue*
*Indemnity Company (Blue Cross and Blue* *Shield Association; Blue Cross and Blue*
*Shield of Louisiana); BCBSM, Inc. (Blue* *Shield of Alabama; Blue Cross and Blue*
*Cross and Blue Shield of Minnesota);* *Shield of Arizona, Inc.; Blue Cross and*
*Aware Integrated, Inc.; Horizon Healthcare* *Blue Shield of Florida, Inc.; GuideWell*
*Services, Inc. (Horizon Blue Cross and Blue* *Mutual Holding Corp.; Hawaii Medical*
*Shield of New Jersey); Blue Cross & Blue* *Service Association (Blue Cross and Blue*
*Shield of Rhode Island; Cambia Health* *Shield of Hawaii); Blue Cross and Blue*
*Solutions, Inc.; Regence Blue Cross Blue* *Shield of Massachusetts, Inc.; Blue Cross*

28

*Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

By: __/s/Jennifer B. Fisher_____
JENNIFER B. FISHER (SBN 241321)
GOODWIN PROCTER LLP
Three Embarcadero Center, 28th Floor
San Francisco, CA 94111
Tel:     (415) 733-6000
Fax:     (415) 677-9041
jfisher@goodwinlaw.com

MARK MCKANE (SBN 230552)
MICHAEL P. ESSER (SBN 268634)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Tel: (415) 439-1400
mmckane@kirkland.com
michael.esser@kirkland.com

JEFFREY J. ZEIGER, P.C. (*pro hac vice*)
KEITH HOLT (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com
keith.holt@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.*

By: ___/s/John F. Cove, Jr._____
JOHN F. COVE, JR. (SBN 212213)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Tel:  (415) 616-1100
Fax:  (415) 616-1199

*and Blue Shield of North Carolina; BlueCross BlueShield of South Carolina; BlueCross BlueShield of Tennessee, Inc.; California Physicians' Service d/b/a Blue Shield of California; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation; Triple-S Salud, Inc.*

By: __/s/Carl S. Burkhalter_____
CARL S. BURKHALTER (*pro hac vice*)
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardnexsen.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross and Blue Shield of Alabama*

29

john.cove@shearman.com

TODD M. STENERSON (*pro hac vice*)
BRIAN C. HAUSER (*pro hac vice*)
SHEARMAN & STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC 20004
Tel:  (202) 508-8000
Fax:  (202) 508-8100
todd.stenerson@shearman.com
brian.hauser@shearman.com

RACHEL MOSSMAN ZIEMINSKI (*pro hac vice*)
SHEARMAN & STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel:  (214) 271-5777
Fax:  (214) 271-5778
rachel.zieminski@shearman.com

*Counsel for Defendant Blue Cross and Blue Shield of Vermont*

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

## ORDER

**WHEREAS** the parties in the action pending in the Superior Court of California, County of Alameda entitled *VHS Liquidating Trust, et al., v. Blue Cross of California, et al.*, Case No. RG21106600 (the "Litigation"), have entered into a Stipulation Qualified Protective Order ("Protective Order"), and good cause appearing therefor, the Court **HEREBY ORDERS AS FOLLOWS**:

Discovery in the above-captioned Litigation **SHALL** be governed by the following Protective Order. The Parties shall serve a copy of this Protective Order simultaneously with any discovery request made to any Non-Party.

**IT IS SO ORDERED.**

Date:_____, 2024.

_____
HONORABLE NOËL WISE
JUDGE OF THE SUPERIOR COURT
Noel Wise / Judge

31

STIPULATED QUALIFIED PROTECTIVE ORDER; CASE NO. RG21106600

**ATTACHMENT A**

**AGREEMENT TO BE BOUND BY QUALIFIED PROTECTIVE ORDER**

1.    I am familiar with and agree to be bound by the terms of the Qualified Protective Order ("Protective Order") in *VHS Liquidating Trust, et al., v. Blue Cross of California, et al.*, Case No. RG21106600. I understand that my execution of this Agreement to Be Bound by the Protective Order ("Agreement") indicates my agreement to be bound by the Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Protective Order. I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

2.    I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever. I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.    I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with this Proceeding. Upon the final determination of this Proceeding, I shall promptly and securely destroy or delete all Confidential Materials provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.    I understand that all Confidential Health Information and Sensitive Personal Information, as discussed in the Protective Order (including at paragraph 5), is subject to state and federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"), as well as state laws and regulations regarding the privacy and

security of personal information (collectively with the HIPAA Rules, the "Privacy and Security Rules"). All Confidential Material disclosed by any Party or Non-Party to this Proceeding that contains Confidential Health Information or Sensitive Personal Information shall be treated in accordance with those standards, as applicable. Capitalized terms used, but not otherwise defined in this Agreement, shall have the same meanings as those terms in HIPAA Rules.

5.    By executing this Agreement , I agree that I will not use or disclose any Confidential Health Information or Sensitive Personal Information in a manner that would violate the Privacy and Security Rules and will only use or disclose any Confidential Health Information or Sensitive Personal Information for the purpose of this Proceeding or to comply with judicial process or any applicable statute or regulation. I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information or Sensitive Personal Information, and to prevent unpermitted use or disclosure of any Confidential Health Information or Sensitive Personal Information I receive from any person in connection with this Proceeding.

Dated this ___ day of _____ 202___.

By: _____

Name

2

ATTACHMENT A TO PROTECTIVE ORDER; CASE NO. RG21106600

**ATTACHMENT B**

**AGREEMENT FOR INDEPENDENT EXPERTS TO BE BOUND BY QUALIFIED PROTECTIVE ORDER**

1.      I am familiar with and agree to be bound by the terms of the Qualified Protective Order ("Protective Order") in *VHS Liquidating Trust, et al., v. Blue Cross of California, et al.*, Case No. RG21106600. I understand that my execution of this Agreement to Be Bound by the Protective Order ("Agreement") indicates my agreement to be bound by the Protective Order and is a prerequisite to my access or review of any information or documents designated as Confidential Material pursuant to the Protective Order. I further understand that my execution of this Agreement indicates that I am a person who is allowed to access or review any information or documents designated as Confidential Material pursuant to the Protective Order.

2.      I will access and review Confidential Material that may be provided to me solely for the purpose of my role in assisting with prosecuting or defending this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever. I further agree that I will not disclose any Confidential Material to any person except as allowed by the terms of the Protective Order.

3.      I will only make such copies of or notes concerning Confidential Material as are necessary to enable me to render the assistance required in connection with this Litigation. Upon the final determination of this action, I shall promptly and securely destroy or delete all Confidential Materials provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.      I will not use any Confidential Material or any information or knowledge derived from Confidential Material for any purpose unrelated to this Litigation, including, but not limited to, assisting any entity in any way in connection with any commercial or business endeavor, relationship or negotiation with any of the Defendants at any time or in connection with assisting any person or entity that seeks to compete with any Defendant in any market.

5.      I understand that all Confidential Health Information or Sensitive Personal Information, as discussed in the Protective Order (including in paragraph 5), is subject to state and

federal statutory and regulatory privacy and security standards, including, but not limited to, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"), as well as state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, the "Privacy and Security Rules"). All Confidential Material disclosed by any Party or Non-Party to this Proceeding that contains Confidential Health Information or Sensitive Personal Information shall be treated in accordance with those standards, as applicable. Capitalized terms used, but not otherwise defined in this agreement, shall have the same meanings as those terms in HIPAA Rules.

6.    By executing this Agreement, I agree that I will not use or disclose any Confidential Health Information or Sensitive Personal Information in a manner that would violate the Privacy and Security Rules and will only use or disclose any Confidential Health Information or Sensitive Personal Information for the purpose of this Proceeding or to comply with judicial process or any applicable statute or regulation. I also agree that I will develop, implement, maintain, and use appropriate administrative, technical and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information or Sensitive Personal Information, and to prevent non-permitted use or disclosure of any Confidential Health Information or Sensitive Personal Information I receive from any person in connection with this Proceeding.

7.    I have not been determined by a court or other competent tribunal to have violated the terms of a protective order in any other litigation.

Dated this ___ day of _____ 202___.

By:  _____
        Name

ATTACHMENT B TO PROTECTIVE ORDER; CASE NO. RG21106600

**PROOF OF SERVICE**

I, Mary Hasegawa, declare that I am over the age of eighteen years and not a party to this action. I am employed in Santa Clara County, California. My business address is Mayer Brown LLP, Two Palo Alto Square, Suite 300, 3000 El Camino Real, Palo Alto, California 94306-2112.

On January 22, 2024, based on a court order or an agreement of the parties to accept service via electronic transmission, I served the document(s) listed below electronically by uploading to the Nationwide Legal website and thereon to those parties designated on the Transaction Receipt maintained by that website.

**STIPULATED QUALIFIED PROTECTIVE ORDER**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated this 22nd day of January, 2024 at Palo Alto, California.

_Mary Hasegawa_

Mary Hasegawa

PROOF OF SERVICE; CASE NO. RG21106600

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/29/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Nicole Hall_ Deputy<br>N. Hall |
| PLAINTIFF/PETITIONER:<br>VHS Liquidating Trust  et al | |
| DEFENDANT/RESPONDENT:<br>Triple-S Management Corporation et al | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>RG21106600 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order Stipulated Qualified Protective Order entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Amber Melia Trincado
Hogan Lovells US LLP
amber.trincado@hoganlovells.com

Brhan Ahmed
Hogan Lovells
brhan.ahmed@hoganlovells.com

Brian C. Hauser
SHEARMAN & STERLING LLP
Brian.Hauser@Shearman.com

Brittany Nicole DeJong
Bartko Zankel Bunzel & Miller
bdejong@bzbm.com

Chad Eric DeVeaux
Bartko Zankel Bunzel & Miller
cdeveaux@bzbm.com

Christopher James Cox
Hogan Lovells US LLP
chris.cox@hoganlovells.com

Christopher John Kelly
Mayer Brown LLP
cjkelly@mayerbrown.com

Craig Alan Hoover
Hogan Lovells US LLP
craig.hoover@hoganlovells.com

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/29/2024                    By:

_Nicole Hall_

N. Hall, Deputy Clerk

**CERTIFICATE OF ELECTRONIC SERVICE**
**CODE OF CIVIL PROCEDURE 1010.6**

| SHORT TITLE: VHS Liquidating Trust VS Blue Cross of California | CASE NUMBER: RG21106600 |
| --- | --- |

David Korn
Cravath, Swaine & Moore LLP
dkorn@cravath.com

Evan R. Chesler
Cravath, Swaine & Moore LLP
echesler@cravath.com

Harmony Roselina Gbe
Hogan Lovells US LLP
harmony.gbe@hoganlovells.com

Helam Gebremariam
Cravath, Swaine & Moore LLP
hgebremariam@cravath.com

JOHN F. COVE
SHEARMAN & STERLING LLP
john.cove@shearman.com

Jennifer Briggs Fisher
Goodwin Procter LLP
JFisher@goodwinlaw.com

Karin DeMasi
Cravath, Swaine, & Moore LLP
kdemasi@cravath.com

Lauren Kennedy
Cravath, Swaine & Moore LLP
lkennedy@cravath.com

Marisa C Livesay
Bartko Zankel Bunzel & Miller
mlivesay@bzbm.com

Michael Angel Naranjo
FOLEY & LARDNER LLP
mnaranjo@foley.com

Molly Anne Jones
Crowell & Moring LLP
MOJones@crowell.com

Rachel Mossman Zieminski
SHEARMAN & STERLING LLP
Rachel.Zieminski@Shearman.com

Todd M. Stenerson
SHEARMAN & STERLING LLP
Todd.Stenerson@Shearman.com

Tracy Eila Reichmuth
Crowell & Moring LLP
treichmuth@crowell.com

**ADDITIONAL PAGE – CERTIFICATE OF MAILING**       Page **2** of **2**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/29/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _Nicole Hall_ Deputy<br>N. Hall |
| PLAINTIFF/PETITIONER:<br>VHS Liquidating Trust  et al | |
| DEFENDANT/RESPONDENT:<br>Triple-S Management Corporation et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>RG21106600 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Jason A Zweig
BARTKO ZANKEL BUNZEL & MILLER
One Embarcadero Center,
Suite 800
San Francisco, CA 94111

Macaulay W. Ivory
Kilpatrick Townsend & Stockton LLP
1420 5th Avenue
Suite 3700
Seattle, WA 98101-

Patrick O'Shaughnessy
Bartko, Zankel, Bunzel & Miller
One Embarcadero Center
Suite 800
San Francisco, CA 94111-

Chad Finke, Executive Officer / Clerk of the Court

Dated: 01/29/2024                By:

_Nicole Hall_

N. Hall, Deputy Clerk

**CERTIFICATE OF MAILING**

EXHIBIT 2



W. Tucker Brown
Phone: (205) 488-1273
Email: tbrown@whatleykallas.com

May 22, 2024

**<u>Via Electronic Mail</u>**
Lillian S. Grossbard
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Email: lgrossbard@cravath.com

> **RE:** ***VHS Liquidating Trust, et al. v. Blue Cross of California, et al.***
> **Case No. RG21106600 (Cal. Sup. Ct., Alameda Cty)**
> **("*Prime*")**

Dear Lillian:

I write in response to your letter dated May 16, 2024 regarding *Prime* plaintiffs' pending motion to compel production of materials from the *Blue Cross Blue Shield Antitrust Litigation*, MDL 2406, specifically Providers' materials marked "Confidential", "Confidential-Attorneys' Eyes Only", and/or "Confidential-Outside Counsel Only". Those materials include: (1) all expert reports served by Provider Plaintiffs; (2) all backup materials to each such expert report, which may include confidential materials that originated from you as well as non-parties to the MDL; (3) all deposition transcripts of individuals represented by Provider Plaintiffs; and, (4) all sealed filings on the MDL docket that were sealed in order to protect Provider Plaintiffs' confidential information, among other items. Further, you raised issue about the production of Defendants' MDL Expert Reports which, of course, contain reference to Provider Plaintiffs' expert reports and Provider Work Product as well as Confidential Materials and Information provided by the Provider Plaintiffs in the litigation.

As we discussed last week, the Provider Plaintiffs object to the production of any of the Confidential materials described in the *Prime* litigation. This includes the Defendants' materials flagged in footnote 2 that were produced to the ASO opt-out Plaintiffs subject to the MDL protective order. The Protective Order (Dkt. 550), and the Supplement (Dkt. 1488), specifically state:

> To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any Party or third-party, such Party shall notify counsel for the Party, third-party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third party whose Confidential Material is sought to seek to protect it from disclosure.

Lillian S. Grossbard, Esq.
May 22, 2024
Page 2

Your May 16, 2024 letter was the first official notification of the request for information we received, and we still have not received the requests themselves.

As you know, the *Prime* plaintiffs made substantial efforts to avoid being transferred to the MDL, and therefore, being subject to the Orders of the MDL Court, which include the Court's Leadership and Protective Orders. It is most ironic that these same plaintiffs now seek discovery and work product they cannot develop themselves by relying on the powers of the MDL court itself. Without the protections of Judge Proctor's jurisdiction over these Plaintiffs and our confidential materials, discovery and work product, and the continuing jurisdiction over the appropriate use of all Confidential Information provided pursuant to those Orders, we simply cannot consent to the production of any of these materials. Our understanding is that the majority of those expert materials and backup were marked Outside Counsel Only and are therefore not actually in the possession of the parties, or those subpoenaed, in the *Prime* litigation.

From your letter, and without the benefit of the Requests themselves, it appears that the *Prime* Plaintiffs are simply seeking to end run the leadership orders in the MDL and seek our work product so they can use it. The appointed Provider MDL leadership and their common benefit fund spent extraordinary resources procuring the discovery and in producing the work product the *Prime* plaintiffs now want for free. This is the very definition of free-riding and is frowned upon by Courts. First, "persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigants' expense." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). Second, even putting aside equitable concerns, "complex aggregate litigation often raises a classic free-rider problem. A subset of plaintiffs' lawyers do the lion's share of the work, but that work accrues to the benefit of all plaintiffs. If those other plaintiffs were not required to pay any costs of that work, high-quality legal work would be under-incentivized and, ultimately, under-produced." *In re General Motors LLC Ignition Switch Litig.*, 477 F. Supp. 3d 170, 174 (S.D.N.Y. 2020) (internal quotation marks omitted). Here, the *Prime* Plaintiffs want to, essentially, cheat off our paper for free, by simply making the Defendants produce our work product to them. This is inappropriate. Second, if these documents were produced to the *Prime* plaintiffs, then a snowball effect is likely. Then another Plaintiffs somewhere else can simply seek these materials from the *Prime* plaintiffs without ever informing us that our confidential material is being accessed.

I have asked, and understand that you have encouraged, the *Prime* plaintiffs to discuss the production of these materials with us. To date, they have made no efforts to reach out to us to discuss any arrangement for the production of our work product materials on any terms. Our view is that the appropriate way to access these materials is to discuss acquisition of them, from us, in the first instance, and if that does not satisfy the *Prime* plaintiffs, to discuss their production with Judge Proctor. In light of that, we view any production of these documents without agreement from us or an order from Judge Proctor, even with an order from the *Prime* court, as a violation of Paragraph 17 the Protective Order in the MDL (D.E. 550) and as supplemented (D.E. 1488) and intend to inform the Judge Proctor of these issues in the very near future.

Lillian S. Grossbard, Esq.
May 22, 2024
Page 3

In order to further evaluate any of this we would need to see the Requests posed by the *Prime* plaintiffs, and other relevant non-public documents, including correspondence between the parties, briefing and the orders of the Discovery Referee.  Our understanding is that the *Prime* plaintiffs have not consented to provide us these materials all while seeking our confidential work product.  We ask that you please request the ability to provide us with these materials from the *Prime* plaintiffs.

We are happy to discuss further at your convenience.

Sincerely,

W. Tucker Brown

cc:    Lauren Kennedy, Esq.
Edith M. Kallas, Esq.
Joe R. Whatley, Esq.