FILED

2024 Jul-03  PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE:<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No.: 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |

**NON-PARTIES VHS LIQUIDATING TRUST, PRIME HEALTHCARE SERVICES, INC., PRIME HEALTHCARE FOUNDATION, INC., AND PRIME HEALTHCARE MANAGEMENT, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING PROVIDER PLAINTIFFS' MOTION TO ENFORCE OR AMEND THE PROTECTIVE ORDER**

Non-parties VHS Liquidating Trust, Prime Healthcare Services, Inc., Prime Healthcare Foundation, Inc., and Prime Healthcare Management, Inc. (collectively, "Prime"), plaintiffs in the action styled *VHS Liquidating Trust, et al. v. Blue Cross of California, et al.*, Case No. RG21106600, pending in the Superior Court for the State of California, County of Alameda, hereby submit the Referee's Recommendations re: Outstanding Issues and Case Calendar ("Recommendations"), a copy of which is attached hereto as Exhibit A. The Recommendations, issued the afternoon of June 28, 2024 after Prime had already filed its Opposition to Provider Plaintiffs' Motion to Enforce or Amend The Protective Order with this Court (hereinafter "Motion"), include a finding regarding the Blues' discovery obligations with respect to materials from the MDL.

In the Recommendations, the Discovery Referee in the Prime matter (the Hon. James P. Kleinberg (Ret.), an accomplished jurist) "considered the potential impact of the MDL proceeding in the U.S. District Court in Alabama." Ex. A at 2:7-8. While the Referee had previously found that the MDL material at issue should be produced to Prime after two prior rounds of briefing by the parties, the Recommendations incorporated additional detail regarding the basis for his finding,

2854.003/2039541.1                                  1

including his reliance on the explicit language of the existing Protective Order. Specifically, "[t]he MDL Protective Order allows for the production of materials from the MDL as long as a court of competent jurisdiction (including commercial and government) orders the production." *Id.* at 2:8-10. As the Referee concluded, "[t]he Superior Court of California, County of Alameda qualifies as such a court and materials produced in the MDL proceeding which are relevant may, and should be, produced in this case as well." *Id.* at 2:9-12.

The Referee emphasized that "[i]t is well established in state and federal courts that discovery and factual presentations made in one case may be introduced in a subsequent proceeding. Whether such materials are barred by privilege or are duplicative and wasteful of time are issues for the Superior Court to decide, as it does in many cases." Ex. A at 2:11-15.

The Recommendations demonstrate Prime's reasonable reliance on the existing language in the Protective Order and that a jurist has already found that the Alameda Superior Court is well-equipped to resolve discovery disputes without requiring this Court to adjudicate the relevance of the materials under state discovery law.

DATED:  July 3, 2024                    Respectfully submitted,


By:    /s/ Patrick M. Ryan
        Patrick M. Ryan
        BARTKO LLP
        One Embarcadero Center, Suite 800
        San Francisco, California 94111
        Telephone:   (415) 956-1900
        Facsimile:    (415) 956-1152
        Email:        *pryan@bartkolaw.com*


        */s/ Sam David Knight*
        Sam David Knight (KNI023)
        BADHAM & BUCK, LLC
        2001 Park Place North, Suite 500
        Birmingham, Alabama 35203
        Phone: (205) 521-0036
        Fax: (205) 521-0037
        sdknight@badhambuck.com

        Attorneys for Non-Parties VHS Liquidating
        Trust, Prime Healthcare Services, Inc., Prime
        Healthcare Foundation, Inc., and Prime
        Healthcare Management, Inc.