FILED
2024 Aug-02  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| **IN RE:  BLUE CROSS BLUE SHIELD** | **}** | |
| | **}** | |
| | **}** | **Master File No.:  2:13-CV-20000-RDP** |
| **ANTITRUST LITIGATION** | **}** | |
| **(MDL NO.: 2406)** | **}** | This order relates to the Provider Track |
| | **}** | |

**ORDER**

This matter is before the court on Provider Plaintiffs' Motion for an Order Modifying the Protective Order. (Doc. # 3135). Providers present their motion in relation to a request from plaintiffs in a California state court case against the Blues (the *Prime* case), which seeks production of confidential information from the MDL. The Motion is still being briefed by interested parties, including Plaintiffs in the *Prime* case. (Docs. # 3136, 3145, 3146).

The court understands from the parties' papers that the *Prime* court is also considering issues related to the Provider Plaintiffs' discovery from the MDL. As relevant here, the Honorable Eldon E. Fallon explained the interplay between the All Writs Act and the Anti-Injunction Act as follows:

> The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. But the Anti-Injunction Act places some limits on the federal courts' authority to enjoin state court proceedings:
>
> > A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
>
> 28 U.S.C. § 2283. The Anti-Injunction Act "represents Congress' considered judgment as to how to balance the tensions inherent in" "a dual system of federal and state courts." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 [] (1988). Because the Anti-Injunction Act's "core message is one of respect for state courts," a federal-court injunction of state-court proceedings shall not issue unless the injunction falls into one of three exceptions: (1) it is expressly authorized by

an Act of Congress, (2) it is necessary in aid of jurisdiction, or (3) it is necessary to protect or effectuate judgments. *Smith v. Bayer Corp.*, [564 U.S. 299, 305-06,] (2011). The "exceptions are designed to ensure the effectiveness and supremacy of federal law." *Chick Kam Choo*, 486 U.S. at 146[].

*In re Vioxx Prod. Liab. Litig.*, 869 F. Supp. 2d 719, 724 (E.D. La. 2012).

"Traditionally, the aid of jurisdiction exception only applied where a *res* was at stake." *Vioxx*, 869 F. Supp. 2d at 725 (citing *In re Diet Drugs*, 282 F.3d 220, 234 (3d Cir. 2002)). "Indeed, the Supreme Court has long recognized that where a federal court has jurisdiction over a *res* and a state court exercises jurisdiction over that same *res*, the federal court may enjoin the parties from proceeding in state court." *Id.* (citing *Kline v. Burke Const. Co.*, 260 U.S. 226, 229 (1922)).

Discovery in this MDL was conducted over the better part of a decade and at great expense to all parties, not the least of whom were the Provider Plaintiffs. Yet, the discovery sought from Defendants in the *Prime* case apparently does not account for the substantial cost to Providers in compiling the information. At a recent status conference in this MDL, one of the agenda items was a potential common benefit assessment to address "free riders" who may seek to obtain and use the work product developed in the MDL without sharing in the expense. (Doc. # 3127).

There is little question that Providers' counsel serve in the role of common benefit counsel. "'[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" *Amorin v. Taishan Gypsum Co.*, 861 F. App'x 730, 734 (11th Cir. 2021) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 [](1980). "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Amorin*, 861 F. App'x at 734 (internal quotations omitted).

The Provider Track of this MDL is still being litigated before this court. Although the court has not yet made any judgment about the merits of the arguments presented on this question, the issue of a common benefit assessment regarding the discovery developed in the MDL is still under this court's consideration. It may be that the discovery in the MDL is analogous to a *res* and is still under this court's jurisdiction. Stated in other terms, the question is this: is the dispute over the electronic discovery, including the expert discovery, conducted in this multi-district litigation comparable to a dispute involving *in rem* or *quasi in rem* jurisdiction? If so, two All Writs Act exceptions to the Anti-Injunction Act may be in play. The necessary in aid of jurisdiction exception is implicated. In addition, the necessary to protect or effectuate judgments exceptions may also be at issue.

Once the discovery at issue is produced, it will be virtually impossible to get the cattle back in the field. Until these matters are resolved, therefore, it is appropriate to maintain the status quo. As this court continues to consider this issue, and until further order of this court, the parties to the MDL are **ENJOINED** from producing MDL discovery in any other proceeding without **the consent of the party (or parties) whose information is sought or** this court's explicit approval. The court notes that this is not a final determination of the issue, but rather an injunction directing the parties to **MAINTAIN THE STATUS QUO** pending further consideration of the issue.

**DONE** and **ORDERED** this August 2, 2024.

_____

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE