FILED
2024 Aug-19  PM 03:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **No. 2:13-cv-20000-RDP** |
| **ANESTHESIA ASSOCIATES OF ANN ARBOR PLLC,**<br>          **Plaintiff,**<br>**v.**<br><br>**BLUE CROSS BLUE SHIELD OF MICHIGAN,**<br>          **Defendant.** | **No. 2:23-cv-00461-RDP** |

### DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN MUTUAL INSURANCE COMPANY'S SUMMARY OF POSITIONS ON ISSUES TO BE ADDRESSED AT AUGUST 21, 2024 STATUS CONFERENCE

Pursuant to the Court's Order on August 5, 2024, Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSM"), by and through its undersigned counsel, hereby submits a summary of its positions concerning: (1) whether and how to proceed with discovery in *Anesthesia Associates of Ann Arbor PLLC v. Blue Cross Blue Shield of Michigan*, Case No. 2:23-cv-00461-RDP (N.D. Ala.) ("*A4 v. BCBSM*"), (2) whether *A4 v. BCBSM* would proceed more efficiently in the transferor court than in this Court, and (3) suggestions for other matters for the Court to address.

1.       Regarding whether discovery should proceed now, BCBSM's position is that the Court should enter a complete stay of discovery in *A4 v. BCBSM* while the Court and the parties assess whether Anesthesia Associates of Ann Arbor PLLC's ("A4") claims are barred by the releases in the settlement agreements in *Love v. Blue Cross and Blue Shield Association, et al.*, No. 1:03-cv-21296-FAM (S.D. Fla.) ("*Love*").  Since A4's claims may be barred in their entirety

4854-6465-6344_2

as a matter of law by the *Love* releases, engaging in discovery would not be an efficient use of the parties' or Court's resources.

2.    Likewise, BCBSM's position is that the Court should not rule on A4's pending motion for partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) and BCBSM's conditional counter-motion at this time.[1]  If A4's claims are dismissed (through either consent or court order) based on the releases in the settlement agreements in *Love*, then the 54(b) motions will be mooted.  All claims will be fully resolved at the district court level and the parties will be able to pursue any appeals as a matter of right, in their discretion.

3.    BCBSM proposes the following procedure for addressing the applicability of the *Love* releases:

    a.    BCBSM requests that the Court enter an order requiring BCBSM and A4 to meet and confer for a minimum of thirty (30) days regarding the applicability of the releases in the settlement agreements in *Love* to A4's claims.

    b.    If, after meeting and conferring, A4 does not agree voluntarily to dismiss its claims, BCBSM requests that the Court enter a briefing schedule for BCBSM to bring a motion for summary judgment seeking dismissal of A4's claims based on the releases in the settlement agreements in *Love*.

4.    As to whether *A4 v. BCBSM* would proceed more efficiently in the transferor court than in this Court, BCBSM's position is that *A4 v. BCBSM* would proceed most efficiently in this Court.  Should a Court need to adjudicate dismissal of A4's claims based on the releases in the settlement agreements in *Love*, this Court is best equipped to handle such motion given its

---

[1] *A4 v. BCBSM*, ECF Nos. 64, 66.

familiarity with the *Love* settlement agreements and releases.[2]  Indeed, the transferor court has no

connection or experience with regard to the *Love* settlement agreements and releases.

Dated: August 19, 2024

Respectfully submitted,

ALLEN OVERY SHEARMAN STERLING
US LLP

By: */s/ Todd M. Stenerson*

Todd M. Stenerson
401 9th Street N.W., Suite 800
Washington, DC 20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@aoshearman.com

Rachel Mossman Zieminski
2601 Olive Street, Suite 1700
Dallas, TX 75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@aoshearman.com

Sarah L. Cylkowski
Alexandra C. Markel
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI  48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
amarkel@bodmanlaw.com

*Counsel for Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company*

---

[2] *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2018 WL 6333563 (N.D. Ala. Oct. 17, 2018); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2022 WL 480140, at *1 (N.D. Ala. Feb. 16, 2022).

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024, *Defendant Blue Cross Blue Shield of Michigan Mutual Insurance Company's Summary of Positions on Issues to be Addressed at the August 21, 2024 Status Conference* was filed with the Clerk of the Court via the Court's ECF e-filing system which will give notice of such filing to all counsel of record.

ALLEN OVERY SHEARMAN STERLING
US LLP

By: */s/ Todd M. Stenerson*
Todd M. Stenerson
todd.stenerson@aoshearman.com
*Counsel for Defendant Blue Cross Blue*
*Shield of Michigan Mutual Insurance Company*