FILED

2024 Aug-19  PM 05:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION**<br><br>**MDL 2406** | **Master File 2:13-CV-20000-RDP**<br><br>This document relates to *Anesthesia Associates of Ann Arbor, PLLC v. Blue Cross Blue Shield of Michigan*, No. 2:23-cv-00461-RDP |

**PLAINTIFF ANESTHESIA ASSOCIATES OF ANN ARBOR, PLLC'S
SUBMISSION FOR THE AUGUST 21, 2024 STATUS CONFERENCE**

Plaintiff Anesthesia Associates of Ann Arbor, PLLC ("A4") respectfully submits the following statement of A4's position for the upcoming August 21, 2024 Status Conference, per the Court's directions in its Order of August 5, 2024.  Order, ECF 75, 2:23-cv-00461-RDP (Aug. 5, 2024) (the "Order").  A4's positions on the issues for the conference are (1) as a party to the proceedings, A4 should have electronic access to discovery already taken that is relevant to its case; and (2) A4's action should be remanded because it would "proceed more efficiently in the transferor court."  *Id.*

**BACKGROUND**

A4 is the sole plaintiff in an individual provider action, *Anesthesia Associates of Ann Arbor, PLLC v. Blue Cross Blue Shield of Michigan,* filed in October 2020 in the Eastern District of Michigan against Blue Bross Blue Shield of Michigan ("BCBSM").  *See* Complaint, ECF 1, 2:23-cv-00461-RDP (Oct. 29, 2020).  Discovery in the *A4* case commenced in early 2021.  *See* Order Directing Defendant to Answer & Denying Defendant's Motion to Stay Discovery, ECF 20, 2:23-cv-00461-RDP (Feb. 23, 2021).  That discovery was continuing when, in April 2023, the Judicial Panel on Multidistrict Litigation transferred the case to this Court as part of the *In re Blue Cross Blue Shield Antitrust Litigation*.  *See* Transfer Order, ECF 572, MDL 2406 (J.P.M.L. Apr. 7, 2023) (the "Transfer Order").

In the Transfer Order, the JPML explained that it was transferring the case because "[t]ransfer allows the parties to participate in settlement discussions, realize efficiencies from the transferee court's management of overlapping actions, *integrate MDL discovery with discovery in A4*, and as a general matter to take advantage of the transferee court's expertise." *Id.* at 1 (emphasis added). After transfer, A4 heeded these instructions by asking certain MDL parties relevant to A4's case to reproduce discovery already taken in the MDL. A4 asked Anthem,[1] Blue Cross Blue Shield of Florida, and the Blue Cross and Blue Shield Association (the "Requested Defendants") to reproduce their documents and data previously produced in the MDL proceedings. The Requested Defendants refused to reproduce their prior discovery and said that A4 should go through the Provider Class Plaintiffs' Steering Committee (the "Provider Steering Committee"). A4 took its request to the Provider Steering Committee, but the Provider Steering Committee also refused to provide A4 access to the requested MDL productions. After multiple meet-and-confers, no resolution was reached.

On August 5, 2024, the Court ordered a status conference in *A4* and directed, "The parties should be prepared to discuss (1) whether and how to proceed with discovery in *[A4]*, and (2) whether this individual provider action may proceed more efficiently in the transferor court than in the transferee court." Order at 1.

## SUMMARY OF A4'S POSITION

### 1. As a Party to the MDL, A4 Should Have Electronic Access to Discovery Already Taken.

The JPML transferred the *A4* case so that the parties could "integrate MDL discovery with discovery in *A4*"; to do that, A4 must be provided access to discovery already taken relevant to A4. Transfer Order at 1. Confidentiality is not an issue here. A4 is already one of the qualified "Parties"

---

[1] Specifically, A4 issued requests to Anthem and two of its subsidiaries: Anthem Blue Cross and Blue Shield of Wisconsin and Anthem Blue Cross and Blue Shield of Ohio.

under the Qualified Protective Order, because that order defines "Parties" to include "any additional parties joined in this Proceeding."  Qualified Protective Order at 1, ECF 550, No. 2:13-cv-20000-RDP (Feb. 23, 2016).  The issue here is that the Requested Defendants and the Provider Steering Committee have denied A4 access to discovery already taken.

A4's position is consistent with the Transfer Order's directions and with best practices in multidistrict litigation.  The Federal Judicial Center recommends that "*discovery already taken shall be available and usable in the tag-along cases*," Manual for Complex Litigation § 20.132 (4th ed. 2004) (emphasis added), and a JPML-published guide for transferee judges likewise advises making prior discovery "available and usable in tag-along cases," Barbara J. Rothstein & Catherine R. Borden, JPML, *Managing Multidistrict Litigation in Products Liability Cases: a Pocket Guide for Transferee Judges* § 2(b) (2011); *see id.* § 9(b) (recommending "making discovery materials *available to all parties*" (emphasis added)).  Therefore "[o]rdinarily" in multidistrict litigation "discovery is made available and useable in all tag-along cases."  Leonard A. David & Philip A. Garrett, *Case Time & Cost Management for Plaintiffs in Multidistrict Litigation*, 74 La. L. Rev. 483, 484-85 (2014).  A4 is not asking for anything beyond the ordinary and recommended practice in multidistrict cases.

The Provider Steering Committee has previously objected to A4's request on the ground that it would mean opening discovery in tag-along cases.  A4's request *does not* reopen discovery, it is merely a request for discovery already taken.  In *Williams v. Biomet, Inc.*, another multidistrict proceeding, the court distinguished between the process of a tag-along plaintiff accessing documents "already produced to the steering committee" and having that same plaintiff "seek discovery specific to her case."  No. 3:12-MD-2391RLM-MGG, 2019 WL 6117594, at *3 (N.D. Ind. Nov. 15, 2019).  Providing access to discovery already taken, *Williams* explained, is "*one of the main efficiencies of the MDL process*."  *Id.* (emphasis added).

**2.  The *A4* Matter Would Proceed More Efficiently in the Transferor Court.**

The *A4* case would proceed more efficiently if returned to its transferor court.  The *A4* case had already been litigated for multiple years prior to transfer.  If transferred back, Judge Berg in the Eastern District of Michigan would be able to rely on this Court's pre-trial decisions, as appropriate, thus putting *A4* on a fast track through any remaining discovery and to trial.

Transfer would also resolve the Provider Steering Committee's concerns that permitting case-specific discovery for A4 would raise issues about opening discovery in *other* tag-along actions.  Those concerns would not exist if A4 were simply transferred back to conclude proceedings.

There are other features of the *A4* action that separate it from the Provider Track cases and counsel against *A4's* continued inclusion among them.  Unlike the other Provider Track cases, A4 is not seeking relief for a class; A4 is seeking relief only for itself, an anesthesiology practice in Michigan. While A4's claims of a conspiracy among the Blues overlap with the Provider Class claims, A4's Blues Conspiracy claims involve facts specific to anesthesiology, to Michigan, and to BCBSM.  For example, A4 has alleged that BCBSM "set its [anesthesiology] conversion factor" "at one of the lowest rates in the entire nation," and that "BCBSM's rate has resulted in a chronic shortage of anesthesiologists in Michigan."  Amended Complaint ¶ 45, ECF 53, No. 2:23-cv-00461-RDP (Oct. 7, 2022); *cf.* Mem. Opinion & Order at 4, ECF 293, No. 2:13-cv-20000-RDP (Aug. 9, 2022) ("Alabama physicians earn salaries that are higher than the national average.").[2]

---

[2] The *A4* action has also raised other claims separate from the Blues Conspiracy.  A4 alleged a conspiracy involving BCBSM and other hospitals, and BCBSM brought a counterclaim alleging a conspiracy among anesthesiologists.  *See, e.g.,* Answer & Counterclaim, ECF 26, 23-cv-00461-RDP (Apr. 30, 2021).  While those claims were dismissed, neither party has abandoned them; A4 and BCBSM are respectively seeking appeals of those dismissals pursuant to Rule 54(b).  *See* A4 Mot., ECF 64, 66, No. 2:23-cv-00461-RDP (Jan. 13, 2023); BCBSM Mot., ECF 66, No. 2:23-cv-00461-RDP (Jan. 27, 2023).

A4 therefore respectfully submits that it would be more efficient both for the *A4* litigation and the MDL proceedings if the *A4* matter were transferred back to the Eastern District of Michigan.

Dated: August 19, 2024

Respectfully submitted,

 /s/ David Barillari
Jonathan Schiller
David Barillari
BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 446 2300
Fax: (212) 446 2350
jschiller@bsfllp.com
dbarillari@bsfllp.com

*Counsel for Plaintiff Anesthesia Associates of*
*Ann Arbor, PLLC*