# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO.: 2406)** | } } } } } | **Master File No.: 2:13-CV-20000-RDP** **This document relates to all cases.** |

## AMENDED SUPPLEMENT TO QUALIFIED PROTECTIVE ORDER

This order relates to two previous orders, the Qualified Protective Order entered on February 23, 2016 (Doc. # 550) and the Supplement to Qualified Protective Order (Doc. # 1488). The Supplement to Qualified Protective Order (Doc. # 1488) is **AMENDED** as follows:

**1. Disclosure to Unauthorized Persons**. If counsel for a Party wishes to disclose Confidential Material that was produced by a third-party subject to the Protective Order, or extracts, summaries, or information derived therefrom, to any person not designated in paragraphs 11-13 of the Qualified Protective Order (Doc. # 550), they must proceed in the following manner: the names of the person(s) to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such person(s) shall be provided in writing to (a) lead counsel for all Parties and (b) counsel for the third-party that produced the Confidential Material at issue twenty-one (21) days in advance of disclosure to afford counsel an opportunity to object to disclosure. If no objection is made within the twenty-one (21) day period, disclosure to such named person(s) may be made after the expiration of the twenty-one (21) day period. If an objection is made within the twenty-one (21) day period, the Party proposing the disclosure must seek an order from this court to allow the proposed disclosure, and the Confidential Material shall not be disclosed pending a decision by this court on that motion, unless the objection is withdrawn. Any person who becomes authorized to receive Confidential Material pursuant to this paragraph

(whether such authorization arises from the lack of an objection or from this court's ruling on a Motion for disclosure) shall, prior to the receipt of Confidential Material, execute and deliver to the Party or third-party who produced or designated the Confidential Material a statement in the form annexed as Attachment A to the Qualified Protective Order. Disclosures made to all persons to whom disclosures are permitted pursuant to this paragraph shall be made subject to and in accordance with the terms of the Protective Order. To the extent that a Party or their counsel receives a discovery request or subpoena in another case for Confidential Materials of any Party or third-party, such Party shall notify counsel for the Party, third-party, and/or designating party whose material is sought in writing within five (5) business days of the receipt of such request or subpoena or otherwise within a reasonable time that allows the Party or third-party whose Confidential Material is sought to seek to protect it from disclosure. The Party subject to such discovery request or subpoena shall not produce or disclose the requested Confidential Materials (including, for the avoidance of doubt, documents, expert reports and related backup materials, deposition transcripts, sealed (or otherwise non-public) court filings and mediation materials, among other things, that cite or otherwise contain such Confidential Materials) absent the written consent of the Party or third-party whose Confidential Material is sought or absent an order of this court allowing for such production.

      **DONE** and **ORDERED** this August 29, 2024.

                                                _____
                                                **R. DAVID PROCTOR**
                                                CHIEF U.S. DISTRICT JUDGE