FILED

2024 Oct-14  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |
|---|---|
| **IN RE:**<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**

1.      For the reasons the court has set forth, the court is likely to be able to finally approve the Settlement Agreement under Rule 23(e)(2). Pursuant to the Settlement Agreement, Settling Defendants have agreed to pay $2.8 billion to create the Settlement Fund, which will be disbursed to Authorized Claimants of the Settlement Class and used to pay Notice and Administration Costs, any Fee and Expense Award, and any Service Awards. The Settlement Agreement also provides significant Injunctive Relief for the benefit of the Settlement Class.

2.      The Settlement Agreement is sufficiently within the range of reasonableness such that preliminary approval should be granted. Thus, the terms of the Settlement Agreement are hereby **PRELIMINARILY APPROVED**, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Final Fairness Hearing described below.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Provider Plaintiffs have shown that the court will likely be able to certify the class defined in Provider Plaintiffs' motion papers for purposes of the Settlement and Final Judgment. The court **PRELIMINARILY CERTIFIES** the following Settlement Class, for settlement purposes only: "all Providers in the U.S. (other than Excluded Providers, who are not part of the Settlement Class) who currently

provide or provided healthcare services, equipment or supplies to any patient who was insured by, or who was a Member of or a beneficiary of, any plan administered by any Settling Individual Blue Plan during the Settlement Class Period." The term "Excluded Providers" means:

> (i) Providers owned or employed by any of the Settling Defendants; (ii) Providers owned or employed exclusively by Government Entities or Providers that exclusively provided services, equipment or supplies to members of or participants in Medicare, Medicaid or the Federal Employee Health Benefits Programs; (iii) Providers that have otherwise fully released their Released Claims against the Releasees prior to the Execution Date, including but not limited to Providers that were members of any of the settlement classes in *Love v. Blue Cross and Blue Shield Association*, No. 1:03-cv-21296-FAM (S.D. Fla.); or (iv) Providers that exclusively provide or provided (a) prescription drugs; (b) durable medical equipment; (c) medical devices; (d) supplies or services provided in an independent clinical laboratory; or (e) services, equipment or supplies covered by standalone dental or vision insurance. Any Provider that falls within the exclusion(s) set forth in clauses (i), (ii) or (iv) of this Paragraph 1(gg) for only a portion of the Settlement Class Period is a Settlement Class Member that may recover in the settlement as set forth in the Plan of Distribution.

The "Settlement Class Period" is July 24, 2008, through the Execution Date of the Settlement Agreement, which is October 4, 2024.

4.      Solely for purposes of the Settlement set forth in the Settlement Agreement, the court concludes that it is likely that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) will be satisfied at final approval, with likely findings as follows: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class and these common questions predominate over any individual questions; (c) the claims of Class Representatives are typical of the claims of the Settlement Class; (d) Class Representatives and Settlement Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any

litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

5.      If the Effective Date does not occur with respect to the Settlement Agreement because of the failure of a condition of the Settlement Agreement, this assessment of the likelihood of certification of the Settlement Classes shall be deemed null and void, and the Parties shall retain their rights to seek or to object to certification of this litigation as a class action under Rule 23 of the Federal Rules of Civil Procedure or under any other state or federal rule, statute, law or provision thereof, and to contest and appeal any grant or denial of certification in this litigation or in any other litigation on any other grounds.

## Class Counsel and Class Representatives

6.      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and solely for settlement purposes, Edith M. Kallas and Joe R. Whatley, Jr. of Whatley Kallas LLP are preliminarily designated as Provider Co-Lead Counsel.

7.      The court preliminarily appoints the following as class representatives: Jerry L. Conway, D.C.; InMed Group, Inc., f/k/a Crenshaw Community Hospital; Bullock County Hospital; Evergreen Medical Center, LLC; Jackson Medical Center; Ivy Creek Healthcare; Elmore Community Hospital; Georgiana Medical Center; Lake Martin Community Hospital; Joseph D. Ackerson, Ph.D.; Janine Nesin, P.T., D.P.T., O.C.S.; Roman Nation, M.D.; Neuromonitoring Services of America, Inc.; Confluent Health; ProRehab, P.C.; Texas Physical Therapy Specialists, LLC; BreakThrough Physical Therapy, Inc.; Dunn Physical Therapy, Inc.; Gaspar Physical Therapy, P.C.; Timothy H. Hendlin, D.C.; Greater Brunswick Physical Therapy, P.A.; Charles Barnwell, D.C.; Judith Kanzic, D.C.; Brian Roadhouse, D.C.; Dr. Saket K. Ambasht, M.D.; Snowden Olwan Psychological Services; Matthew Caldwell, M.D.; and Mishanta Reyes, M.D.

**Administration and CAFA Notice**

8.      BrownGreer PLC is **APPOINTED** as the Settlement Notice Administrator, with responsibility for Notice Plan, and all other obligations of the Settlement Notice Administrator as set forth in the Settlement Agreement and the Notice Motion.

9.      Special Master Ed Gentle is **APPOINTED** as the Settlement Administrator, with the responsibilities and obligations set forth in the Settlement Agreement and the Notice Motion.

10.      In addition, Provider Plaintiffs will move for appointment of, and the court will select, a Settlement Claims Administrator to assist in the implementation of the Plan of Distribution.

11.      The fees of the Settlement Notice Administrator, the Settlement Administrator, and the Settlement Claims Administrator, as well as all other costs and expenses associated with notice and administration, will be paid directly from the Notice and Administration Fund.

12.      Within thirty (30) calendar days of entry of this Order, Settling Defendants **SHALL** cause the $100 million Notice and Administration Fund to be transferred into an Escrow Account. All Notice and Administration Costs are hereby authorized to be paid from the Notice and Administration Fund, subject to court approval.

13.      The Settlement Claims Administrator may, as necessary, require claimants to provide, through written, electronic, or other means, certain information to verify the claimant's status as a Settlement Class Member, eligibility for any benefits under the Settlement Agreement, and information that will allow the Settlement Claims Administrator calculate the monetary amount to which the claimant is entitled, in addition to any other purposes consistent with the Settlement Claims Administrator's responsibilities under the Settlement Agreement.

14.      The Settling Defendants **SHALL** serve or cause to be served a notice of the proposed Settlement on appropriate federal and state officials in accordance with the requirements

of CAFA, 28 U.S.C. § 1715(b). Once completed, Settling Defendants **SHALL** file with the court a status report certifying that they have proof of receipt of CAFA mailing to federal officials and officials of all U.S. states and territories.

## Notice to the Class

15.    The Notice Plan contemplated by the Settlement Agreement and set forth in the Notice Motion, including the forms of notice and Claim Form attached as exhibits to the Notice Motion, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are **APPROVED**. Non-material modifications to the exhibits may be made without further order of the court, including converting and conforming the exhibits to electronic or digital formats. The Settlement Notice Administrator is **DIRECTED** to carry out the Notice Plan pursuant to the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires of the Settlement Notice Administrator.

16.    The Settlement Notice Administrator **SHALL** provide direct individual notice to members of the Settlement Class via e-mail for whom an e-mail address is available, and by postcard notice via USPS where it does not, where an email notice proves undeliverable after two attempts, or where the email address is identified as inactive or invalid.

## Exclusions from the Class

17.    Any Class Member who wishes to be excluded from the Settlement Class **SHALL** mail a written notification of their intent to be excluded to the Settlement Notice Administrator at the address provided in the long-form notice, in the notices published in the media, and on the settlement website, postmarked no later than 90 days after entry of the Preliminary Approval Order. The exclusion request **SHALL** include the following

      a.   The Class Member's name;

b.  The name of the authorized representative submitting the Exclusion Request, if the Class Member is not an individual;

c.  The Class Member's address, email address, and telephone number;

d.  The address, email address, and telephone number of the authorized representative submitting the Exclusion Request, if the Class Member is not an individual;

e.  If the Class Member is a Health Care Facility, the Health Care Facility type, and, if a Medical Professional, the Medical Professional type;

f.  All National Provider Identifiers (NPI), Tax Identification Numbers (TIN), and Medicare Provider Numbers (MPN) under which the Class Member billed for services between 2008 and 2024;

g.  A statement that the Class Member (or its authorized representative) wishes to be excluded from the Settlement Class in *In re: Blue Cross Blue Shield Antitrust Litigation*; and

h.  The personal, physical signature of the Class Member or its authorized representative. Electronic signatures, including Docusign, or PDF signatures are not permitted and will not be considered personal signatures. Requests signed solely by the Class Member's lawyer, unless employed by the Health Care System, Health Care Facility, Medical Group or Medical Organization seeking to be excluded from the Class, are not valid. Further, a Health Care System, Medical Group, or Medical Organization may not submit a single Exclusion Request on behalf of individuals who are Class Members, even if they are employees of the Health Care System, Medical Group, or Medical

6

Organization. Each Class Member must submit his, her, or its own Exclusion Request and each Exclusion Request must be signed by the Class Member himself or herself or, in the case of a Health Care System, Health Care Facility, Medical Group or Medical Organization, by its duly authorized representative. If the Class Member fails to provide all of the required information on or before the Opt-Out Deadline, then the attempt to opt out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement Agreement, including the releases, if finally approved.

18.     The Settlement Notice Administrator **SHALL** provide Provider Co-Lead Counsel and Settling Defendants' counsel with electronic copies of all opt-out notifications promptly upon receipt. Settlement Class Counsel **SHALL** provide a final list of all who have timely and validly excluded themselves from the Settlement Classes in accordance with the terms of the Settlement Agreement, which **SHALL** be filed with the court before the Final Fairness Hearing.

19.     All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class **WILL NOT** be entitled to receive any benefits from the Settlement, including entitlement to Injunctive Relief, and **WILL NOT** be bound by the terms of the Settlement Agreement. Any Settlement Class Member that does not timely and validly exclude himself or herself from the Settlement **SHALL** be bound by the terms of the Settlement Agreement and all proceedings, orders, and judgments in this matter, including but not limited to the releases set forth in the Settlement Agreement and any Final Judgment.

### Objections to the Settlement

20.     A Settlement Class Member who complies with the requirements of this Order may object to the Settlement Agreement or Settlement Class Counsel's request for fees and expenses.

21.     No Class Member will be heard, and no papers, briefs, pleadings, or other documents submitted by any Class Member will be received and considered by the court, unless the Class Member presents an objection that is (a) filed with the court by the objection deadline, which will be 90 days after entry of the Preliminary Approval Order; and (b) mailed to the Settlement Notice Administrator, Provider Co-Lead Counsel, and Settling Defendants' counsel at the addresses listed in the long-form notice available on the Settlement website, and postmarked by no later than the objection deadline. For the objection to be considered by the court, the objection **SHALL** be in writing and **SHALL** set forth:

  a. The name of this Action and a description of the objections, including applicable legal authority and any supporting evidence the objector wishes to introduce;

  b. The objector's name, address, email address, and telephone number, and the names of any Settling Defendants with which the object had a contract during the Class Period;

  c. The National Provider Identifiers and/or Taxpayer Identification Numbers the objector used when submitting claims to the Blues for reimbursement (this information may be redacted in the objector's submission to the Court);

  d. Whether the objection applies only to the objector, a specific subset of the Settlement Class, or the Settlement Class as a whole;

  e. The identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection, along with the number of times (within five years preceding the submission of the objection) that counsel has, on behalf of a client, objected to a

8

class action, the caption of the case for each prior objection, and a copy of any relevant orders addressing the objection;

f.  Any agreements that relate to the objection or the process of objecting between the objector, his or her counsel, and/or any other person or entity;

g.  The objector's (and the objector's attorney's) signature on the written objection;

h.  A statement indicating whether the objector intends to appear at the Final Fairness Hearing (either personally or through counsel); and

i.  A declaration under penalty of perjury that the information provided by the objector and objector's counsel is true and correct.

## Plan of Distribution and Claims Process

22.  Settlement Class Counsel have submitted to the court for approval the Plan of Distribution for the Damages Class that provides for the distribution of the Net Settlement Fund and the foundation for the requested allocation. The Plan of Distribution is briefly described herein.

23.  In summary, the Plan of Distribution establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Plan of Distribution allows claimants to request a share of the Net Settlement Fund based in part on their Allowed Amounts during the Settlement Class Period.

24.  Settlement Class Members that qualify for and wish to submit a Claim Form **SHALL** do so in accordance with the requirements and procedures specified in the notices and the Claim Form. If the Settlement Agreement is finally approved, any and all Settlement Class Members that fail to submit a claim in accordance with the requirements and procedures specified in the notices and Claim Form **SHALL** be forever barred from receiving any portion of the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the

9

Settlement Agreement, including the releases included in the Settlement Agreement and any Final Judgment. Settlement Class Members are not required to submit a Claim Form in order to receive entitlement to the injunctive relief included in the Settlement Agreement.

25.     The court finds that the Proposed Plan of Distribution is within the range of reasonableness, fairness, and adequacy so that it may be sent to the members of the Settlement Classes, and it is hereby **PRELIMINARILY APPROVED**.

**Final Fairness Hearing**

26.     A Final Fairness Hearing is hereby scheduled before the undersigned to be commenced on **[DATE] at [TIME], continuing on [DATE], if necessary**. The date of the Final Fairness Hearing **SHALL** be set forth in the Notice to the Settlement Class, but shall be subject to adjournment by the court without further notice to the members of the Settlement Class other than that which may be posted at the court and on the settlement website. At or after the Final Fairness Hearing, the court will determine whether the Settlement Agreement and the Plan of Distribution should be finally approved.

**Summary of Deadlines**

27.     The Settlement Agreement **SHALL** be administered according to its terms pending the Final Fairness Hearing. The court **APPROVES** the following timeline for the Notice Plan:

| Day 0 | The Court grants preliminary approval |
|---|---|
| Day 30 | The Settlement Notice Administrator completes Class Notice |
| Day 60 | Deadline for Settlement Class Counsel to file Fee and Expense Application and move for appointment of Settlement Claims Administrator |
| Day 90 | Deadline to opt out of or object to the Settlement |
| Day 140 | Deadline for Settlement Class Counsel to file the Final Approval Motion |
| Day 224[1] | Final Fairness Hearing and claim filing deadline |

---

[1] This date can be set at the Court's convenience, but the Parties have agreed that it will not be earlier than 90 business days after the Opt-Out Deadline.

### Other Provisions

28.    In the event the Settlement Agreement does not become final, or is otherwise rescinded or terminated, the Settlement Agreement **SHALL** be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (other than Notice and Administration Costs reasonably and actually incurred up to the date of rescission or termination), along with any income accrued thereon, **SHALL** be returned to the entities that paid such amounts into the Escrow Account, in proportion to those entities' respective contributions to the Settlement Fund within ten (10) calendar days of rescission, termination, or a court's final determination denying final approval of the Agreement and/or certification of the Settlement Class, whichever occurs first.

29.    In the event the Settlement Agreement does not become final, or is otherwise rescinded or terminated, litigation of the Provider Actions against Settling Defendants will resume in a reasonable manner to be approved by the court upon application by the Parties. The Parties expressly reserve all of their rights if this Agreement is rescinded or does not otherwise become final.

DONE and ORDERED this _____.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

11