FILED
2024 Oct-14  PM 02:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:**<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |

**MEMORANDUM OF LAW IN SUPPORT OF PROVIDER PLAINTIFFS' MOTION
FOR APPROVAL OF A PLAN FOR NOTICE AND APPOINTMENT OF
SETTLEMENT NOTICE ADMINISTRATOR AND SETTLEMENT ADMINISTRATOR**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

TABLE OF EXHIBITS AND ABBREVIATIONS ................................................................ iii

I.      BACKGROUND ..................................................................................................... 1

II.     STANDARD FOR CLASS NOTICE ..................................................................... 2

III.    THE SETTLEMENT CLASS ................................................................................. 3

IV.     TIMELINE ............................................................................................................. 4

V.      THE PROPOSED SETTLEMENT NOTICE ADMINISTRATOR ....................... 4

VI.     THE NOTICE PLAN .............................................................................................. 5

        A.      Collecting Class Member Data ................................................................... 5

        B.      Email and Postcard Notice ......................................................................... 6

        C.      Supplemental Paid Media Notice ............................................................... 7

        D.      Earned Media .............................................................................................. 8

        E.      Reminder Notice Campaign ........................................................................ 8

        F.      Opt-Out and Objection Processing ............................................................ 8

        G.      Program Website and Claims Marshalling ................................................ 9

        H.      Class Member Communications and Support ............................................ 9

VII.    OPT-OUTS AND OBJECTIONS ......................................................................... 10

        A.      Opt-Out Requirements .............................................................................. 10

        B.      Objection Requirements ........................................................................... 11

VIII.   THE PROPOSED SETTLEMENT ADMINISTRATOR ..................................... 12

IX.     CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Carroll v. Macy's, Inc.*,
    2020 WL 3037067 (June 5, 2020) (Proctor, J.) ................................................................. 6

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974) .......................................................................................................... 3

*In re Nissan Motor Corp. Antitrust Litig.*,
    552 F.2d 1088 (5th Cir. 1977) .......................................................................................... 3

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) .......................................................................................................... 3

**Other Authorities**

Federal Judicial Center,
    *Judges' Class Action Notice and Claims Process Checklist* (2010) ................................... 9

**Rules**

Fed R. Civ. P. 23(c)(2)(B) ..................................................................................................... 2

Fed. R. Civ. P. 23(b)(3) .......................................................................................................... 2

Fed. R. Civ. P. 23(e)(1)(B) ..................................................................................................... 2

## TABLE OF EXHIBITS AND ABBREVIATIONS

| Ex No. | Description |
|--------|-------------|
| A. | Declaration of Roma Petkauskas Regarding Proposed Notice Plan |
| B. | Declaration of Shannon R. Wheatman, Ph.D. on Adequacy of Notices and Notice Plan |
| N/A | Affidavit of Settlement Administrator Edgar C. Gentle (filed as Exhibit E to Providers Plaintiffs' Memorandum of Law in Support of Their Motion for Preliminary Approval of Proposed Class Settlement) |

## I.     BACKGROUND

The Provider Plaintiffs and Settling Defendants (the "Parties") have entered into a settlement agreement intended to resolve the Provider Actions in this case ("Settlement Agreement" or "Agreement"). Within 30 days of entry of the Preliminary Approval Order, Settling Defendants shall cause to be transferred into the Escrow Account the $100 million Notice and Administration Fund. Agreement ¶ 32(a).[1] The Notice and Administration Fund will pay for Notice and Administration Costs, defined in part as "all Court-approved costs reasonably incurred or assessed by the Special Master, Settlement Notice Administrator, Settlement Claims Administrator, Escrow Agent, Section 468B Administrator, Settlement Class Counsel, and Settlement Administrator in connection with providing notice to the Settlement Class, locating Class Members, administering and distributing the Settlement Fund and Escrow Account, purchasing any insurance policy for the members of the Monitoring Committee, as well as costs reasonably and actually incurred by the Monitoring Committee, the Special Master, and Settlement Class Counsel, in connection with monitoring under Paragraph 29." *Id.* ¶ 1(fff).

The Agreement provides, "Simultaneously with the Preliminary Approval Motion, Settlement Class Counsel shall submit to the Court the Notice Motion.  The Notice Motion shall describe the method for dissemination of Class Notice." *Id.* ¶ 5. "Class Notice and procedures governing dissemination of the Notice will be reasonably calculated to apprise Class Members of the pendency of the Provider Actions, this Agreement, and their opportunity to be heard and to opt out." *Id.* ¶ 5(a).

---

[1] The Settlement Agreement is attached as an exhibit to the Provider Plaintiffs' Motion for Preliminary Approval of Proposed Class Settlement. All descriptions of the Settlement Agreement's terms in this brief are for summary descriptive and illustrative purposes only, and are not intended to, and shall not be deemed to, modify the Settlement Agreement in any way, or have any bearing on the meaning or interpretation of the Settlement Agreement. The Settlement Agreement should be consulted for its actual terms and conditions.

Working with BrownGreer PLC, a firm with extensive experience in the design and implementation of class notice (and administration of class settlements), the Provider Plaintiffs have designed a Notice Plan that more than satisfies the requirements of due process, as described below. The Provider Plaintiffs request that the Court Approve the Notice Plan and appoint BrownGreer as Settlement Notice Administrator, and Special Master Edgar C. Gentle, III as Settlement Administrator.

## II.    STANDARD FOR CLASS NOTICE

If the parties to a proposed settlement of a class action show that the court will likely be able to approve the proposal and certify the class, then "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). When the class is to be certified under Rule 23(b)(3), as it is here,

> the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed R. Civ. P. 23(c)(2)(B). "Thus, the Rule requires that '[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort' and that the 'notice must be "reasonably calculated, under all the circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections.'"

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). 'In every case, reasonableness is a function of anticipated results, costs, and amount involved.' *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1099 (5th Cir. 1977). Reasonableness also depends on the information available to the parties. *See id.* at 1098." Doc. No. 2641 ("Subscriber Preliminary Approval Order") at 53.

## III.    THE SETTLEMENT CLASS

The Settlement Agreement establishes a Settlement Class, defined as follows:

> all Providers in the U.S. (other than Excluded Providers, who are not part of the Settlement Class) who currently provide or provided healthcare services, equipment or supplies to any patient who was insured by, or who was a Member of or a beneficiary of, any plan administered by any Settling Individual Blue Plan during the Settlement Class Period.

Provider Plaintiffs' Motion for Preliminary Approval, Ex. A ¶ 1(iiii).

"Excluded Providers" are defined as:

> (i) Providers owned or employed by any of the Settling Defendants; (ii) Providers owned or employed exclusively by Government Entities or Providers that exclusively provided services, equipment or supplies to members of or participants in Medicare, Medicaid or the Federal Employee Health Benefits Programs; (iii) Providers that have otherwise fully released their Released Claims against the Releasees prior to the Execution Date, including but not limited to Providers that were members of any of the settlement classes in *Love v. Blue Cross and Blue Shield Association*, No. 1:03-cv-21296-FAM (S.D. Fla.); or (iv) Providers that exclusively provide or provided (a) prescription drugs; (b) durable medical equipment; (c) medical devices; (d) supplies or services provided in an independent clinical laboratory; or (e) services, equipment or supplies covered by standalone dental or vision insurance. Any Provider that falls within the exclusion(s) set forth in clauses (i), (ii) or (iv) of this Paragraph 1(gg) for only a portion of the Settlement Class Period is a Settlement Class Member that may recover in the settlement as set forth in the Plan of Distribution.

*Id.* ¶ 1(gg).

The Settlement Class Period is July 24, 2008 through the Execution Date, which is October 4, 2024. *Id.* ¶ 1(llll).

## IV.    TIMELINE

The Provider Plaintiffs propose the following schedule:

| Day 0 | The Court grants preliminary approval |
|-------|---------------------------------------|
| Day 30 | The Settlement Notice Administrator completes Class Notice |
| Day 60 | Deadline for Settlement Class Counsel to file Fee and Expense Application and move for appointment of Settlement Claims Administrator |
| Day 90 | Deadline to opt out of or object to the Settlement |
| Day 140 | Deadline for Settlement Class Counsel to file the Final Approval Motion |
| Day 224[2] | Final Fairness Hearing and claim filing deadline |

## V.    THE PROPOSED SETTLEMENT NOTICE ADMINISTRATOR

With invaluable assistance from Special Master Edgar C. Gentle, the Parties have selected BrownGreer PLC as the proposed Settlement Notice Administrator. This selection follows a thorough search and vetting process. When the Parties indicated to the Special Master that settlement was imminent, he issued confidential requests for proposal to four leading firms with extensive experience in settlement administration. The Parties and the Special Master attended virtual meetings with all candidates and received written proposals. Based on feedback from the candidates, the Parties and the Special Master refined their requests, conducted further meetings with some of the candidates, and tentatively selected BrownGreer. Following that tentative selection, the Parties and the Special Master held several substantive discussions with BrownGreer regarding the scope, content, and means of notice appropriate for the case. These discussions gave the Parties and the Special Master confidence that BrownGreer would more than satisfy the requirements of class notice.

---

[2] This date can be set at the Court's convenience, but the Parties have agreed that it will not be earlier than 90 business days after the Opt-Out Deadline.

BrownGreer is a sophisticated firm with extensive experience in all facets of settlement administration. It is the Directing Administrator for the National Opioid Settlement, a group of finalized settlements totaling over $45 billion; the Settlement Administrator for the $6 billion Combat Arms Earplugs Settlement; and the Claims Administrator for the NFL Concussion Settlement, which has issued more than $1.3 billion. BrownGreer designs notice plans to reach class members in the best practicable manner and to inform them in clear terms of the existence of the proposed class litigation or settlement, how it affects them, their rights and obligations, the actions they may take, any deadlines for acting, and the consequences of acting or failing to act by the deadline. BrownGreer has issued millions of direct class notices by email, short-form postcards, and/or long-form letters or notice packets, and has developed and implemented publication or supplemental notice campaigns in a wide range of effective media. Exhibit A (Petkauskas Declaration) ¶¶ 6–8; Petkauskas Declaration Exhibit 2. The leader of BrownGreer's notice program will be Roma Petkauskas, who currently manages the implementation of the National Opioid Settlements and oversees the implementation of all aspects of the NFL Concussion Settlement Program. Petkauskas Declaration ¶ 5; Petkauskas Declaration Ex. 1.

## VI.    THE NOTICE PLAN

BrownGreer has developed a comprehensive notice program that will provide the best practicable notice, as follows.

### A.    Collecting Class Member Data

Because the Settlement Class in this case is limited to healthcare providers, it is possible to build a robust list of potential Class Members from commercially available databases. These databases include lists of Providers maintained by associations, such as the American Medical Association and the American Hospital Association; lists of Providers maintained by the

government, such as the National Provider Identifier ("NPI") registry; and vendors such as Definitive Healthcare, a provider of commercial healthcare data and analytics. In particular, Definitive Healthcare maintains a list of individual Providers with nearly three million entries, covering not only medical doctors but many other types of providers as well. These lists generally contain Providers' contact information, and in some cases contain validated email addresses. Petkauskas Declaration ¶ 13. After obtaining data from these sources, BrownGreer will create a list of potential Class Members, which will include updated mailing addresses found by a search of the United States Postal Service's National Change of Address database. *Id.* ¶ 14.

### B.    Email and Postcard Notice

BrownGreer will coordinate with the Parties to develop a summary notice for distribution to potential Class Members, formatted as an email notice and a standard-size postcard notice.[3] Within 21 days of entry of the Preliminary Approval Order, BrownGreer will begin to email these notices to potential Class Members with valid email addresses. Petkauskas Declaration ¶ 15. Email notice is particularly appropriate here because high-quality email data is available for a significant portion of the Settlement Class. *See Carroll v. Macy's, Inc.*, 2020 WL 3037067, at *2 (June 5, 2020) (Proctor, J.) (discussing approval of a notice plan in which email was the first method of notice for class members who had email addresses); Subscriber Preliminary Approval Order at 62 (directing notice "via e-mail where the data provided by the Settling Defendants includes an email address, and by postcard sent through United States mail where e-mail is not included in the data or where an e-mail is returned to the Claims Administrator as being undeliverable").

Where an email notice proves undeliverable after two attempts, the email address is identified as inactive or invalid, or email address information is unavailable, BrownGreer will send

---

[3] The Provider Plaintiffs will submit the notices and claim forms to the Court before the Preliminary Approval Hearing.

a postcard notice to the potential Class Member's mailing address. Petkauskas Declaration ¶ 18. BrownGreer will re-mail all postcard notices that the USPS returns as undeliverable with a forwarding address. *Id.* ¶ 20. For postcard notices the USPS returns undeliverable without a forwarding address, BrownGreer will attempt to identify an alternative mailing address through PacificEast, Dun & Bradstreet, or other data curation companies that specialize in data enhancement and address verification. *Id.* Where BrownGreer discovers secondary mailing addresses, it will update its records and re-mail postcard notices to the new addresses. *Id.*

The email and postcard Notices will provide the settlement website address for Class Members to visit to read and download the long-form notice prepared by the Parties. *Id.* ¶ 18.

### C.    Supplemental Paid Media Notice

Although the Provider Plaintiffs expect that email and postcard notice will satisfy the requirements of due process, to supplement direct notice, BrownGreer will coordinate with Signal Interactive Media LLC ("Signal") to implement a paid media campaign that will target ancillary healthcare providers in the United States licensed to practice after 2008, with a special focus on reaching ancillary healthcare providers who were practicing early in the class period (2008–2011) and who are likely retired. Targeting them effectively requires a strategic and multi-faceted approach tailored to the various types of providers. BrownGreer and Signal would place banner ads online in the places ancillary providers would be most likely to see them, using the following strategies:

1.    Job title targeting using LinkedIn's platform and network of websites;

2.    Behavioral targeting based on site browsing behavior;

3.    Geotargeting nearly 800,000 household addresses matching relevant job titles for ancillary providers;

    4.      Advertising through premium websites, networks, professional associations and journals;

    5.      Custom programmatic targeting, working with healthcare data partners to create custom audiences of ancillary healthcare providers based on NPI and age data; and

    6.      Third party data targeting.

Exhibit B (Wheatman Declaration) ¶¶ 21–25.

**D.    Earned Media**

An earned media program will also be implemented to amplify the paid media and to provide additional notice to Class Members. A news release will be distributed on PR Newswire news circuits reaching traditional media outlets (television, radio, newspapers, magazines) and national websites.  The release will highlight the toll-free telephone number and case website, so that Class Members can obtain more information. Wheatman Declaration ¶ 26.

**E.    Reminder Notice Campaign**

After the initial notice distribution, but before the deadline to file claims, BrownGreer will send reminder notice emails and/or postcards to those Class Members who have not yet engaged meaningfully with the Settlement program, such as by submitting a claim or opting out of the settlement. Petkauskas Declaration ¶ 22.

**F.    Opt-Out and Objection Processing**

BrownGreer will receive and process correspondence from Class Members who wish to object or be excluded from the Class and will track and report this information to the Parties. Petkauskas Declaration ¶ 31.

### G.      Program Website and Claims Marshalling

BrownGreer will establish and maintain a dedicated program website to provide relevant information about the program, and allow Class Members to print documents, view the notice and other critical program information, and submit claim forms and any additional required documentation through a secure electronic portal. Petkauskas Declaration ¶ 25.

### H.      Class Member Communications and Support

BrownGreer will provide the following services to communicate with and support Class Members throughout the Notice period:

1.      An Interactive Voice Response ("IVR") menu that offers information about the Program in an FAQ format;

2.      A monitored email inbox with auto-response providing program information in an FAQ format, with live agent follow-up if requested; and

3.      A settlement program post office box to receive physical mail related to the program.

Petkauskas Declaration ¶ 28.

BrownGreer and Signal estimate that this notice program will reach more than 70% of Class Members directly, and additional Class Members indirectly. Petkauskas Declaration ¶ 32. This is more than enough to satisfy due process. *See* Federal Judicial Center, *Judges' Class Action Notice and Claims Process Checklist* (2010) (describing 70–95% as a "high percentage"); Petkauskas Declaration ¶ 21.

9

## VII.    OPT-OUTS AND OBJECTIONS

The notices will advise Class Members that they can opt out of the Settlement or object to it. The deadline for doing so will be 90 days from entry of the Preliminary Approval Order, which will be at least 60 days from the deadline for notice.

### A.    Opt-Out Requirements

A Class Member who is an individual, or the duly authorized representative of a Class Member that is a Health Care System, Health Care Facility, Medical Group, or Medical Organization, may be excluded from the Settlement Class by submitting a written request to the Claims Administrator (an "Exclusion Request"). The Exclusion Request must include the following:

1.    The Class Member's name;

2.    The name of the authorized representative submitting the Exclusion Request, if the Class Member is not an individual;

3.    The Class Member's address, email address, and telephone number;

4.    The address, email address, and telephone number of the authorized representative submitting the Exclusion Request, if the Class Member is not an individual

5.    If the Class Member is a Health Care Facility, the Health Care Facility type, and, if a Medical Professional, the Medical Professional type;

6.    All NPIs, Tax Identification Numbers (TIN), and Medicare Provider Numbers (MPN) under which the Class Member billed for services between 2008 and 2024;

7.    A statement that the Class Member (or its authorized representative) wishes to be excluded from the Settlement Class in *In re: Blue Cross Blue Shield Antitrust Litigation*; and

8.     The personal, physical signature of the Class Member or its authorized representative. Electronic signatures, including Docusign, or PDF signatures are not permitted and will not be considered personal signatures. Requests signed solely by the Class Member's lawyer, unless employed by the Health Care System, Health Care Facility, Medical Group or Medical Organization seeking to be excluded from the Class, are not valid. Further, a Health Care System, Medical Group, or Medical Organization may not submit a single Exclusion Request on behalf of individuals who are Class Members, even if they are employees of the Health Care System, Medical Group, or Medical Organization. Each Class Member must submit his, her, or its own Exclusion Request and each Exclusion Request must be signed by the Class Member himself or herself or, in the case of a Health Care System, Health Care Facility, Medical Group or Medical Organization, by its duly authorized representative.

*See* Subscriber Preliminary Approval Order at 64–65 (approving similar requirements).

**B.     Objection Requirements**

A Settlement Class Member who wishes to object to the Settlement must submit the following information in writing to the Settlement Administrator, the Settlement Claims Administrator, and the Court:

1.     The name of this Action and a description of the objections, including applicable legal authority and any supporting evidence the objector wishes to introduce;

2.     The objector's name, address, email address, and telephone number, and the names of any Settling Defendants with which the objector had a contract during the Class Period;

3.      The NPIs and/or TINs the objector used when submitting claims to the Blues for reimbursement (this information may be redacted in the objector's submission to the Court);

4.      Whether the objection applies only to the objector, a specific subset of the Settlement Class, or the Settlement Class as a whole;

5.      The identity of all counsel who represent the objector, including former or current counsel who may be entitled to compensation for any reason related to the objection, along with the number of times (within five years preceding the submission of the objection) that counsel has, on behalf of a client, objected to a class action, the caption of the case for each prior objection, and a copy of any relevant orders addressing the objection;

6.      Any agreements that relate to the objection or the process of objecting between the objector, his or her counsel, and/or any other person or entity;

7.      The objector's (and the objector's attorney's) signature on the written objection;

8.      A statement indicating whether the objector intends to appear at the Final Fairness Hearing (either personally or through counsel); and

9.      A declaration under penalty of perjury that the information provided by the objector and objector's counsel is true and correct.

*See* Subscriber Preliminary Approval Order at 64–65 (approving similar requirements).

## VIII.  THE PROPOSED SETTLEMENT ADMINISTRATOR

The Settlement Agreement provides for a Settlement Administrator, "selected by the Court, who will assist in the implementation of the Notice Plan and the Plan of Distribution. The Settlement Administrator shall prepare a lifetime budget for Notice and Administration Costs

(including, without limitation, work to be performed by the Settlement Notice Administrator and Settlement Claims Administrator) for review and approval of the voting members of the Provider Plaintiff Steering Committee; provide the voting members of the Provider Plaintiff Steering Committee with quarterly financial reports to compare the budget to actual operation results; create and implement accounting internal controls; take reasonable measures to detect waste, misappropriation and fraud; and engage an outside financial auditor (also to be paid from the Notice and Administration Fund), to the extent reasonably necessary." Provider Plaintiffs' Motion for Preliminary Approval, Ex. A ¶ 1(eeee).

Other than counsel for the Provider Plaintiffs and Settling Defendants, no one knows more about this case than Special Master Edgar C. Gentle, III. He has handled the administrative aspects of this case since 2013, and he (along with his partner Katherine A. Benson) was the mediator who brought the settlement over the goal line. Mr. Gentle's Affidavit (Exhibit E to the Provider Plaintiffs' Memorandum of Law in Support of Their Motion for Preliminary Approval of Proposed Class Settlement) describes his work on this case in more detail. Given his experience with—and commitment to—this case, the Provider Plaintiffs recommend that Mr. Gentle be appointed as Settlement Administrator.

## IX.    CONCLUSION

For the foregoing reasons, the Provider Plaintiffs request that the Court approve their Notice Plan, appoint BrownGreer PLC as Settlement Notice Administrator, and appoint Edgar C. Gentle, III as Settlement Administrator.

Respectfully submitted this the 14th day of October, 2024.

/s/ Edith M. Kallas                                 /s/ Joe R. Whatley, Jr.
Edith M. Kallas – *Co-Lead Counsel*        Joe R. Whatley, Jr. – *Co-Lead Counsel*
WHATLEY KALLAS, LLP                         W. Tucker Brown
152 West 57th Street                             WHATLEY KALLAS, LLP

41st Floor
New York, NY 10019
Tel: (212) 447-7060
Fax: (800) 922-4851
Email: ekallas@whatleykallas.com

2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200
Fax: (800) 922-4851
Email: jwhatley@whatleykallas.com
     tbrown@whatleykallas.com

Patrick J. Sheehan
WHATLEY KALLAS, LLP
101 Federal Street
19th Floor
Boston, MA 10019
Tel: (617) 573-5118
Fax: (617) 371-2950
Email: psheehan@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street
Suite 2C
Portsmouth, NH 03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Barry Alan Ragsdale – *Plaintiffs' Liaison Counsel and Discovery Liaison Counsel*
Dominick Feld Hyde, PC
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Tel: (205) 536-8888
bragsdale@dfhlaw.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel: (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com

Charles Clinton Hunter
HAYES HUNTER PC
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (281) 768-4731
Fax: (713) 583-7047
Email: chunter@hayeshunterlaw.com

E. Kirk Wood, Jr. – *Local Facilitating Counsel*
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel: (205) 612-0243
Fax: (205) 705-1223
Email: kirk@woodlawfirmllc.com

Dennis Pantazis – *Plaintiffs' Steering Committee*
Brian Clark – *Discovery Committee*
WIGGINS CHILDS PANTAZIS FISHER
 GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel: (205) 314-0500
Fax: (205) 254-1500
Email: dgp@wigginschilds.com

Aaron S. Podhurst – *Plaintiffs' Steering Committee*
Peter Prieto – *Chair, Expert Committee*
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue
Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382
Email: apodhurst@podhurst.com
     pprieto@podhurst.com

14

bclark@wigginschilds.com

Dennis C. Reich – ***Chair, Damages Committee***
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (713) 622-7271
Fax: (713) 623-8724
Email: dreich@reichandbinstock.com

U.W. Clemon – ***Plaintiffs' Steering Committee***
U. W. Clemon, LLC
5202 Mountain Ridge Parkway
Birmingham, AL 35222
Tel: (205) 837-2898
Email: uwclemon1@gmail.com

Nicholas B. Roth – ***Chair, Discovery Committee***
Julia Smeds Roth – ***Discovery Committee***
EYSTER KEY TUBB ROTH MIDDLETON
 & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel: (256) 353-6761
Fax: (256) 353-6767
Email: nbroth@eysterkeylaw.com
        jroth@eysterkeylaw.com

J. Mark White – ***Litigation Committee***
Augusta S. Dowd – ***Chair, Litigation Committee***
Linda G. Flippo – ***Discovery Committee***
WHITE ARNOLD & DOWD, P.C.
2001 Park Place North
Suite 1400
Birmingham, AL  35203
Tel: (205) 323-1888
Fax: (205) 323-8907
Email: mwhite@whitearnolddowd.com
        adowd@whitearnolddowd.com
        lflippo@whitearnolddowd.com

David A. Balto – *Expert Committee*
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 789-5424
Fax: (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Joey K. James – *Litigation Committee*
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel: (256) 764-0095
Fax: (256) 767-5705
Email: joey@joeyjameslaw.com

Richard S. Frankowski – *Discovery Committee*
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL 35233
Tel: (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowskifirm.com

John C. Davis – *Written Submissions Committee*
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel: (850) 222-4770
Email: john@johndavislaw.net

Mark K. Gray – *Discovery Committee*
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel: (502) 805-1800
Fax: (502) 618-4059
Email: mgray@grayandwhitelaw.com

Van Bunch – *Chair, Class Certification Committee*
BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel: (602) 274-1100
Fax: (602) 274-1199
Email: vbunch@bffb.com

Robert J. Axelrod – *Chair, Written Submissions Committee*
AXELROD LLP
800 Third Avenue, Suite 2800
New York, NY 10022
Tel: (646) 448-5263
Fax: (212) 840-8560
Email: raxelrod39@gmail.com

W. Daniel Miles, III – *Written Submissions Committee*
BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: (800) 898-2034
Fax: (334) 954-7555
Email: dee.miles@beasleyallen.com

Michael C. Dodge – *Expert Committee*
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel: (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel: (205) 908-6512
Email: mgurleyjr@yahoo.com

16

Stephen M. Hansen – ***Class Certification Committee***
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel: (253) 302-5955
Fax: (253) 301-1147
Email: steve@stephenmhansenlaw.com

Lynn W. Jinks, III – ***Expert Committee***
Christina D. Crow – ***Discovery Committee***
JINKS CROW, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel: (334) 738-4225
Fax: (334) 738-4229
Email: ljinks@jinkslaw.com
         ccrow@jinkslaw.com

Harley S. Tropin – ***Damages Committee***
Javier A. Lopez – ***Discovery Committee***
KOZYAK TROPIN &
 THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: hst@kttlaw.com
        jal@kttlaw.com

Myron C. Penn – ***Discovery Committee***
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel: (334) 738-4486
Fax: (334) 738-4432
Email: myronpenn28@hotmail.com

C. Wes Pittman – ***Settlement Committee***
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel: (850) 784-9000
Fax: (850) 763-6787
Email: wes@pittmanfirm.com

J. Preston Strom, Jr. – ***Litigation Committee***
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel: (803) 252-4800
Fax: (803) 252-4801
Email: petestrom@stromlaw.com

Robert B. Roden – ***Litigation Committee***
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel: (205) 933-8383
Fax: (205) 933-8386
Email: rroden@shelbyroden.com

Thomas V. Bender – ***Discovery Committee***
Dirk L. Hubbard
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Tel: (816) 421-0700
Email: tbender@hab-law.com
  dhubbard@hab-law.com

Gary E. Mason – ***Class Certification Committee***
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 640-1160
Email: gmason@wbmllp.com

Gregory S. Cusimano – ***Litigation Committee***
CUSIMANO, ROBERTS & MILLS, LLC
153 South 9th Street
Gadsden, AL 35901
Phone: (256) 543-0400
Fax: (256) 543-0488
Email: greg@alalawyers.net

Michael L. Murphy – *Discovery Committee*
BAILEY GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103
Email: mmurphy@baileyglasser.com

Lance Michael Sears
SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel: (719) 471-1984
Fax: (719) 577-4356
Email: lance@searsassociates.com
Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK 99501
Tel: (907) 277-5400
Fax: (907) 277-9896
Email: Jessica@dillonfindley.com
    Ray@dillonfindley.com
    Molly@dillonfindley.com

Allyson C. Dirksen
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA 51101
Tel: (712) 255-8838
Fax (712) 258-6714
Email: allyson.dirksen@heidmanlaw.com

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel: (320) 289-2363
Fax: (320) 289-2369
Email: brian@wojtalewiczlawfirm.com

Archie C. Lamb, Jr.
ARCHIE LAMB & ASSOCIATES, LLC
301 19th Street North, Suite 585
The Kress Bldg.
Birmingham, AL 35203-3145
(205) 458-1210
Email: alamb@archielamb.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA 51101
Tel: (712) 234-3030
Fax: (712) 234-3034
Email: paul@lundberglawfirm.com

Gwen Simons
Simons & Associates Law, P.A.
P.O. Box 1238
Scarborough, ME 04070-1238
Tel: (207) 205-2045
Fax: (207) 883-7225
Email: gwen@simonsassociateslaw.com

*Counsel for Provider Plaintiffs*