# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:** <br> **BLUE CROSS BLUE SHIELD** <br> **ANTITRUST LITIGATION** <br> **(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP** <br><br> **This Document Relates to** <br> **Provider Track Cases** |

# PROVIDER PLAINTIFFS' SUPPLEMENT TO THEIR MEMORANDA OF LAW IN SUPPORT OF THEIR MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT AND MOTION FOR APPROVAL OF A PLAN FOR NOTICE AND APPOINTMENT OF SETTLEMENT NOTICE <u>ADMINISTRATOR AND SETTLEMENT ADMINISTRATOR</u>

The Provider Plaintiffs submit this supplement to provide the Court with items that were not filed with their Motion for Preliminary Approval (Doc. No. 3192) and their Motion for Approval of a Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (Doc. No. 3194). Those items are the plan of distribution, class notices, claim forms, and claim form instructions. Together with the materials already filed, they complete a settlement and notice plan that comply with Rule 23 and the requirements of due process.

## I.   PLAN OF DISTRIBUTION

The allocation of the Net Settlement Fund between healthcare facilities and medical professionals, as well as the distribution of the Escrow Account balance, are described in the Provider Plaintiffs' brief in support of their motion for preliminary approval. Doc. No. 3192-1 at 21–23. The remaining aspects of the Plan of Distribution (Exhibit A) are described below.

For all Settlement Class Members, the distribution from the Net Settlement Fund will depend on their "Allowed Amounts," meaning the amounts allowed by Blue Plans for Commercial Health Benefit Products from July 24, 2008 to October 4, 2024. For most healthcare facilities, the Provider Plaintiffs' experts already have data that includes allowed amounts for at least some years from 2008 to 2015. These facilities may choose the "Default Method" for determining Allowed Amounts, in which the experts' data will be extrapolated through 2024. Facilities that choose this option will have the opportunity to review the extrapolation before committing to using the Default Method, and will have the opportunity to submit corrections. All healthcare facilities may choose the "Alternative Method" for determining Allowed Amounts, in which they will submit their own data. For medical professionals, this process would likely entail a significant administrative burden, deter the submission of claims, and require inordinate resources from the Notice and Administration Fund. Therefore, the process of obtaining Allowed Amounts from professionals

1

will be simpler. Professionals will be given a set of ranges (e.g., $250,000 to $500,000), and asked to certify which range reflects their Allowed Amounts. For all claimants, the Settlement Claims Administrator will have discretion to seek more information to support these Allowed Amounts.

*Hospital/Facility Distributions*

The distributions to facilities from the Hospital/Facility Net Settlement fund (representing the portion of the Net Settlement Fund allocated to facilities, including hospitals) will be based on the results of the Provider Plaintiffs' experts' multiple regression model. For every healthcare facility (which will be identified by its National Provider Identifier (NPI) or Taxpayer Identification Number (TIN)), the model can produce a coefficient that represents the relative effect of the Defendants' conduct on the healthcare facility, compared to other healthcare facilities (before adjusting for the healthcare facilities' Allowed Amounts). For example, if Facilities A and B have the same Allowed Amounts, the coefficient for Facility A is 1, and the coefficient for Facility B is 2, the effect of Defendants' conduct on Facility B is twice as large as the effect on Facility A. The coefficient depends on variables such as the Blue Plans' market share in the healthcare facility's Core-Based Statistical Area (CBSA) or county that is not part of a CBSA, and the year. To account for relative effects and Allowed Amounts, each NPI or TIN for which a claimant is submitting claims will be assigned "Adjusted Allowed Amounts" equal to the product of its Allowed Amounts and the coefficient described above. When all claims have been submitted for healthcare facilities, the payment associated with any given NPI or TIN will be calculated as follows:

$$\frac{\text{NPI or TIN Adjusted Allowed Amounts}}{\text{Total Adjusted Allowed Amounts for All Healthcare Facilities That Filed Claims}} \times \text{Hospital/Facility Net Settlement Fund}$$

*Professional Distributions*

Because medical professionals move over time and their access to their financial records may thus be more difficult, and because it is less efficient to attempt to extrapolate Allowed Amounts for medical professionals than it is for healthcare facilities, the distribution method for medical professionals will be streamlined to permit them to estimate their Allowed Amounts for the Settlement Class Period within certain ranges. For any given medical professional, each range will correspond to a number of points:

| Range | Points |
|---|---|
| Less than or equal to $250,000 | 1 |
| More than $250,000, but less than or equal to $500,000 | 2 |
| More than $500,000, but less than or equal to $750,000 | 3 |
| More than $750,000, but less than or equal to $1,000,000 | 4 |
| More than $1,000,000 | 5 |

The Provider Plaintiffs' experts have used a multiple regression model that will allow them to estimate a coefficient for each medical professional that represents the relative effect of the Defendants' conduct (before adjusting for Allowed Amounts), which depends on each medical professional's geographic location. Those coefficients have been grouped into ranges, with a multiplier assigned to each range. Each NPI or TIN for which a claimant submits a claim will be assigned a number of "Adjusted Points" equal to the points that correspond to that NPI or TIN's range of Allowed Amounts, multiplied by the multiplier for the geographic area in which the Medical Professional is located.

When all claims have been submitted for Medical Professionals, the payment associated with any given NPI or TIN will be calculated as follows:

3

NPI or TIN Adjusted Points

÷

Total Adjusted Points for All Medical Professionals Who Filed Claims

×

Professional Net Settlement Fund

The Settlement Claims Administrator and the Settlement Claims Administrator will have discretion to seek more information from claimants when they believe more investigation is warranted. If a claimant does not timely provide requested information, it may have its claim denied in whole or in part at the sole discretion of the Settlement Claims Administrator (e.g., by applying the Default Method when the claimant cannot substantiate amounts submitted pursuant to the Alternative Method).

If multiple claims are submitted for the same NPI or TIN for the same time period, the Settlement Claims Administrator will contact the claimants to see if they will agree to adjust their claims so that only one NPI or TIN is subject to a claim for any given time period. If there is no such agreement, the claimants may elect to submit to the Settlement Claims Administrator, in writing, any facts or arguments on which they are relying. The Settlement Claims Administrator shall make a determination in light of all the facts and circumstances. The Settlement Claims Administrator's determination is final.

"A plan of distribution should be approved when it allocates relief in a way that is 'fair, adequate, and reasonable.' *See In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 241 (5th Cir. 1982); *see also Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983); *Leverso*, 18 F.3d at 1530; *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1328 n.2 (S.D. Fla. 2001); *Bellocco v. Curd*, 2006 WL 4693490, at *2 (M.D. Fla. Apr. 6, 2006); *Smith v. Floor and Decor Outlets of Am., Inc.*, 2017 WL 11495273, at *5 (N.D. Ga. Jan. 10, 2017). A plan of distribution will pass muster so long as 'it has a "reasonable, rational basis," particularly if "experienced and competent"

class counsel support it.'" MCLAUGHLIN ON CLASS ACTIONS, § 6.23 (17th ed. 2020); *see also Schwartz v. TXU Corp.*, 2005 WL 3148350, at *21 (N.D. Tex. Nov. 8, 2005) (approving a plan of allocation that 'resulted in a settlement agreement that fairly and rationally allocates the proceeds of the settlement')." Subscriber Order at 49.

The proposed Plan of Distribution allocates the Net Settlement Fund in a fair, adequate, and reasonable manner. The allocation of the Net Settlement Fund to the different types of Providers—healthcare facilities and medical professionals—is based on the relative impact of the Blues' conduct on each type of Provider, and it was recommended by Kenneth Feinberg and Camille Biros after many different types of Providers were given an opportunity to comment on the allocation.

With respect to healthcare facilities, the Plan of Distribution takes advantage of existing data sources to reduce the burden on Settlement Class Members as much as possible. Many, if not most, healthcare facilities will be given the option to have their Allowed Amounts extrapolated, based on information already collected from the Blues in this litigation, and they will have the ability to review and comment on these amounts before the distributions from the Net Settlement Fund are finalized. *See* Subscriber Order at 51 ("[T]he Plan will efficiently calculate the value of millions of potential claimants based on data available from the Settling Defendants rather than requiring every Authorized Claimant to provide years of information about their premium amounts and actual contribution percentages."). Or, if they prefer, they can submit their own Allowed Amounts. Additionally, the use of relative harm estimates prepared by the Provider Plaintiffs' experts will result in distributions that are proportional to the alleged impact of the Defendants' conduct on each healthcare facility. These aspects of the Plan of Distribution support its fairness. Exhibit B (Second Declaration of Kenneth R. Feinberg and Camille S. Biros) ¶¶ 3–6.

With respect to medical professionals, the Plan of Distribution is fair and efficient as well. Professionals will be permitted to estimate their Allowed Amounts within pre-defined ranges, minimizing the burden of submitting a claim but allowing them to receive a distribution based on the magnitude of their business with the Blues. *See In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 496 (S.D.N.Y. 2018) ("The Plans of Distribution ensure a reasonable relationship between the magnitude of a class member's alleged loss due to suppression and the recovery that the class member will receive, while requiring only mathematically straightforward calculations that are easily performed. While greater precision could be achieved … , the Plans of Distribution and the pro rata means of allocation they contemplate strike a reasonable balance between precision and efficiency."). And, like the healthcare facilities, medical professionals will receive distributions that are proportionate to the harm they allegedly suffered. Second Feinberg/Biros Declaration ¶ 7.

## II.   NOTICES AND CLAIM FORMS

The Provider Plaintiffs' brief in support of their motion for approval of the notice plan describes the standards for class notice and the procedures for providing notice to the class here. Doc. No. 3194-1 at 2–3, 5–9. With this supplemental brief, the Provider Plaintiffs are submitting the email notice, postcard notice, long-form notice, and claim forms and instructions. (Exhibits 3–6 to the Amended Declaration of Roma Petkauskas, which is Exhibit C to this supplemental brief.)

The Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide, published by the Federal Judicial Center,[1] contains several questions a Court should ask before approving notice documents and claim forms, including:

- Are the notices designed to come to the attention of the class?

---

[1] Available at https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf.

- Are the notices written in clear, concise, easily understood language?

- Do the notices contain sufficient information for a class member to make an informed decision?

- Is the notice in "Q&A" format? Are key topics included in logical order?

- Are the claim form questions reasonable, and are the proofs sought readily available to the class member?

- Is the claim form well-designed with clear and prominent information?

- Have you considered adding an online submission option to increase claims?

The Provider Plaintiffs' notices and claim forms were designed so that the Court can honestly answer "yes" to each of these questions. Mr. Feinberg and Ms. Biros, who have vast experience in running claims processes, have reviewed these documents and opined that they meet the requirements for approval. Second Feinberg/Biros Declaration ¶¶ 9–11.

In addition to submitting the notices and claim forms, the Provider Plaintiffs have made two small changes to their proposals that the Court should be aware of. First, they have added a requirement that Class Members who opt out must identify any third parties to whom they have assigned, transferred or otherwise given a financial interest in their claims against the Settling Defendants. Long-Form Notice (Exhibit 5 to the Amended Petkauskas Declaration) at 13. The purpose of this requirement is to identify opt-out notices that may not be authorized. *See* Fed. R. Civ. P. 23(c)(2) advisory committee's note (2018) ("Attention should focus also on the method of opting out provided in the notice. The proposed method should be as convenient as possible, while protecting against unauthorized opt-out notices."). The proposed order granting the motion for

preliminary approval has been revised to include this requirement.[2] Second, some dentists in certain states and some optometrists may have been paid under the Blues' medical plans, as opposed to stand-alone dental or vision plans (although most were not). Because it is not possible to consistently identify these Providers, they will be given publication notice. Exhibit D (Amended Declaration of Shannon R. Wheatman, Ph.D.) ¶¶ 22–23, 25.

## III. CONCLUSION

For the foregoing reasons, and the reasons stated in the Provider Plaintiffs' initial briefs, the Court should grant the Provider Plaintiffs' Motion for Preliminary Approval of Proposed Class Settlement and their Motion for Approval of a Plan of Notice and Appointment of Settlement Notice Administrator and Settlement Administrator.

Dated: October 23, 2024                     Respectfully submitted,

| | |
|---|---|
| */s/ Edith M. Kallas* | */s/ Joe R. Whatley, Jr.* |
| Edith M. Kallas – ***Co-Lead Counsel*** | Joe R. Whatley, Jr. – ***Co-Lead Counsel*** |
| WHATLEY KALLAS, LLP | W. Tucker Brown |
| 152 West 57th Street | WHATLEY KALLAS, LLP |
| 41st Floor | 2001 Park Place North |
| New York, NY 10019 | 1000 Park Place Tower |
| Tel: (212) 447-7060 | Birmingham, AL 35203 |
| Fax: (800) 922-4851 | Tel: (205) 488-1200 |
| Email: ekallas@whatleykallas.com | Fax: (800) 922-4851 |
| | Email: jwhatley@whatleykallas.com |
| | tbrown@whatleykallas.com |
| Patrick J. Sheehan | Henry C. Quillen |
| WHATLEY KALLAS, LLP | WHATLEY KALLAS, LLP |
| 101 Federal Street | 159 Middle Street |
| 19th Floor | Suite 2C |
| Boston, MA 10019 | Portsmouth, NH 03801 |
| Tel: (617) 573-5118 | Tel: (603) 294-1591 |
| Fax: (617) 371-2950 | Fax: (800) 922-4851 |
| Email: psheehan@whatleykallas.com | Email: hquillen@whatleykallas.com |

---

[2] The proposed orders have also been revised to approve publication notices that contain materially identical language to the approved forms of notice, and to make minor clarifications. Revised proposed orders are attached as Exhibits E (preliminary approval) and F (final approval).

Barry Alan Ragsdale – *Plaintiffs' Liaison Counsel and Discovery Liaison Counsel*
Dominick Feld Hyde, PC
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Tel: (205) 536-8888
bragsdale@dfhlaw.com

Charles Clinton Hunter
HAYES HUNTER PC
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (281) 768-4731
Fax: (713) 583-7047
Email: chunter@hayeshunterlaw.com

Dennis Pantazis – *Plaintiffs' Steering Committee*
Brian Clark – *Discovery Committee*
WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel: (205) 314-0500
Fax: (205) 254-1500
Email: dgp@wigginschilds.com
         bclark@wigginschilds.com

Dennis C. Reich – *Chair, Damages Committee*
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (713) 622-7271
Fax: (713) 623-8724
Email: dreich@reichandbinstock.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel: (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com

E. Kirk Wood, Jr. – *Local Facilitating Counsel*
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel: (205) 612-0243
Fax: (205) 705-1223
Email: kirk@woodlawfirmllc.com

Aaron S. Podhurst – *Plaintiffs' Steering Committee*
Peter Prieto – *Chair, Expert Committee*
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue
Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382
Email: apodhurst@podhurst.com
         pprieto@podhurst.com

U.W. Clemon – *Plaintiffs' Steering Committee*
U. W. Clemon, LLC
5202 Mountain Ridge Parkway
Birmingham, AL 35222
Tel: (205) 837-2898
Email: uwclemon1@gmail.com

Nicholas B. Roth – *Chair, Discovery Committee*

J. Mark White – *Litigation Committee*
Augusta S. Dowd – *Chair, Litigation*

9

Julia Smeds Roth – *Discovery Committee*
EYSTER KEY TUBB ROTH MIDDLETON
 & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel: (256) 353-6761
Fax: (256) 353-6767
Email: nbroth@eysterkeylaw.com
    jroth@eysterkeylaw.com

*Committee*
Linda G. Flippo – *Discovery Committee*
WHITE ARNOLD & DOWD, P.C.
2001 Park Place North
Suite 1400
Birmingham, AL 35203
Tel: (205) 323-1888
Fax: (205) 323-8907
Email: mwhite@whitearnolddowd.com
     adowd@whitearnolddowd.com
     lflippo@whitearnolddowd.com

David A. Balto – *Expert Committee*
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 789-5424
Fax: (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Van Bunch – *Chair, Class Certification Committee*
BONNETT FAIRBOURN FRIEDMAN &
 BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel: (602) 274-1100
Fax: (602) 274-1199
Email: vbunch@bffb.com

Joey K. James – *Litigation Committee*
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel: (256) 764-0095
Fax: (256) 767-5705
Email: joey@joeyjameslaw.com

Richard S. Frankowski – *Discovery Committee*
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL 35233
Tel: (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowskifirm.com

John C. Davis – *Written Submissions Committee*
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel: (850) 222-4770
Email: john@johndavislaw.net

Mark K. Gray – *Discovery Committee*
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel: (502) 805-1800
Fax: (502) 618-4059
Email: mgray@grayandwhitelaw.com

Stephen M. Hansen – *Class Certification Committee*
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel: (253) 302-5955
Fax: (253) 301-1147
Email: steve@stephenmhansenlaw.com

Robert J. Axelrod – *Chair, Written Submissions Committee*
AXELROD LLP
800 Third Avenue, Suite 2800
New York, NY 10022
Tel: (646) 448-5263
Fax: (212) 840-8560
Email: raxelrod39@gmail.com

W. Daniel Miles, III – *Written Submissions Committee*
BEASLEY ALLEN CROW METHVIN PORTIS
 & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: (800) 898-2034
Fax: (334) 954-7555
Email: dee.miles@beasleyallen.com

Michael C. Dodge – *Expert Committee*
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel: (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel: (205) 908-6512
Email: mgurleyjr@yahoo.com

Lynn W. Jinks, III – *Expert Committee*
Christina D. Crow – *Discovery Committee*
JINKS CROW, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel: (334) 738-4225
Fax: (334) 738-4229
Email: ljinks@jinkslaw.com
          ccrow@jinkslaw.com

Harley S. Tropin – *Damages Committee*
Javier A. Lopez – *Discovery Committee*
KOZYAK TROPIN &
 THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: hst@kttlaw.com
      jal@kttlaw.com

Myron C. Penn – *Discovery Committee*
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel: (334) 738-4486
Fax: (334) 738-4432
Email: myronpenn28@hotmail.com

C. Wes Pittman – *Settlement Committee*
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel: (850) 784-9000
Fax: (850) 763-6787
Email: wes@pittmanfirm.com

J. Preston Strom, Jr. – *Litigation Committee*
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel: (803) 252-4800
Fax: (803) 252-4801
Email: petestrom@stromlaw.com

Robert B. Roden – *Litigation Committee*
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel: (205) 933-8383
Fax: (205) 933-8386
Email: rroden@shelbyroden.com

Thomas V. Bender – *Discovery Committee*
Dirk L. Hubbard
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Tel: (816) 421-0700
Email: tbender@hab-law.com
 dhubbard@hab-law.com

Gary E. Mason – *Class Certification Committee*
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 640-1160
Email: gmason@wbmllp.com

Gregory S. Cusimano – *Litigation Committee*
CUSIMANO, ROBERTS & MILLS, LLC
153 South 9th Street
Gadsden, AL 35901
Phone: (256) 543-0400
Fax: (256) 543-0488
Email: greg@alalawyers.net

Michael L. Murphy – *Discovery Committee*
BAILEY GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103
Email: mmurphy@baileyglasser.com

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel: (320) 289-2363
Fax: (320) 289-2369
Email: brian@wojtalewiczlawfirm.com

Lance Michael Sears

Archie C. Lamb, Jr.

SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel: (719) 471-1984
Fax: (719) 577-4356
Email: lance@searsassociates.com

Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK 99501
Tel: (907) 277-5400
Fax: (907) 277-9896
Email: Jessica@dillonfindley.com
  Ray@dillonfindley.com
  Molly@dillonfindley.com

Allyson C. Dirksen
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA 51101
Tel: (712) 255-8838
Fax (712) 258-6714
Email: allyson.dirksen@heidmanlaw.com

ARCHIE LAMB & ASSOCIATES, LLC
301 19th Street North, Suite 585
The Kress Bldg.
Birmingham, AL 35203-3145
(205) 458-1210
Email: alamb@archielamb.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA 51101
Tel: (712) 234-3030
Fax: (712) 234-3034
Email: paul@lundberglawfirm.com

Gwen Simons
Simons & Associates Law, P.A.
P.O. Box 1238
Scarborough, ME 04070-1238
Tel: (207) 205-2045
Fax: (207) 883-7225
Email: gwen@simonsassociateslaw.com

*Counsel for Provider Plaintiffs*