FILED
2024 Oct-23 PM 6:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>BLUE CROSS BLUE SHIELD<br>ANTITRUST LITIGATION<br>(MDL NO. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to<br>Provider Track Cases |

**DECLARATION OF KENNETH R. FEINBERG AND CAMILLE S. BIROS
IN SUPPORT OF PROVIDER PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND
MOTION FOR APPROVAL OF A PLAN OF NOTICE**

We, Kenneth R. Feinberg and Camille S. Biros, declare as follows:

1. We have been retained by Provider Co-Lead Counsel as Independent Expert Evaluators in this matter. In that capacity, we have recommended an allocation of settlement proceeds between Health Care Facilities and Health Care Professionals, which is the subject of our declaration dated October 14, 2024. We have also reviewed the Provider Plaintiffs' Plan of Distribution, class notices, and claim forms, which are the subjects of this declaration.[1]

2. Information about our experience is contained in our curricula vitae (Exhibits A and B).

**Plan of Distribution**

3. In an antitrust case, a class member's share of the settlement proceeds should be roughly proportional to the class member's share of the alleged harm, compared to all other class members who filed claims. But determining the harm can require economics experts to perform complex calculations and manipulate large sets of data, and it can impose a high burden of data collection on class members as well. In this way, calculating a class member's harm for settlement

---

[1] Capitalized terms in this declaration have the same definition as in the Provider Plaintiffs' preliminary approval filings, including the Settlement Agreement.

purposes could theoretically delay distributions to all class members and consume a substantial part of the funds available to class members. Therefore, the plan for distribution should strike a balance between precision and administrability.

4. In our opinion, the Provider Plaintiffs' proposed Plan of Distribution balances precision and administrability to distribute the Net Settlement Fund fairly among Settlement Class Members, without requiring undue time and expense to administer the Settlement Agreement (for both the Settlement Class Administrator and Settlement Class Members).

5. For all Claimants, the amount of the distribution depends on that Claimant's Allowed Amounts and the relative effect of the Blues' conduct in that Claimant's geographic area, as determined by the Provider Plaintiffs' experts. This approach makes intuitive sense, as the harm to any given claimant should be proportional to both the volume of business that Claimant does with the Blue Plans, and the magnitude of the alleged effect of the Blues' conduct where that Claimant is located.

6. The Plan of Distribution collects data in an efficient manner. For example, the Plan of Distribution takes advantage of pre-existing data regarding Health Care Facilities' Allowed Amounts, which (for many Health Care Facilities) can be extrapolated to estimate a Health Care Facility's Allowed Amounts for the Settlement Class Period. Therefore, many Health Care Facilities will be able to file claims without the need to research their Allowed Amounts.

7. For Medical Professionals, the Plan of Distribution eases Claimants' administrative burden by allowing them to estimate their Allowed Amounts within certain ranges. Medical Professionals can move over time, and they may not have the same access to data, or ability to analyze that data, that Health Care Facilities have. By providing ranges of allowed amounts, and requiring Medical Professionals to certify that they have chosen their range in good faith, the Plan

of Distribution removes a significant administrative burden that might otherwise have deterred Medical Professionals from filing claims.

8. The Plan of Distribution provides a measure of security against inflated claims by reserving to the Settlement Claims Administrator the right to request further verification of Claimants' data, and the right to deny or reduce claims if that data is not provided. In this way, the Plan of Distribution strikes a reasonable balance between verifying every claim, which would be cost-prohibitive for the Settlement Claims Administrator and many of the Claimants themselves, and conducting no verification at all.

**Class Notices**

9. We have reviewed the Provider Plaintiffs' long-form notice, postcard notice, and email notice. In our opinion, the long-form notice satisfied the requirements of Rule 23(c)(2)(B) because it uses plain, easily understood language to describe the nature of the action, define the certified class, explain the Settlement Class's claims and issues, notify Class members that they may enter an appearance through an attorney, explain that the Court will exclude Class Members who request exclusion, explain how to request exclusion, and describe the binding effect of a class judgment. The long-form notice also describes the process for, and consequences of, filing a claim, not filing a claim, requesting exclusion, and objecting to the settlement.

10. In our opinion, the postcard notice and email notice provide sufficient information to alert Class Members that a settlement may affect their rights, and to encourage them to consult the long-form notice for more information.

**Claim Forms and Instructions**

11. We have reviewed the Provider Plaintiffs' proposed claim forms and instructions for both Healthcare Facilities and Medical Professionals. In our opinion, the questions on the claim

3

forms are reasonable, and do not require more information than necessary to process claims. The claim form is no longer than it needs to be (given the complexity of this case), and it is well-designed, with clear and prominent information.

12. We declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2024.

_____
Kenneth R. Feinberg

_____
Camille S. Biros

# Exhibit A

# KENNETH R. FEINBERG
## Short Form C.V.

Kenneth R. Feinberg is one of the Nation's leading experts in alternative dispute resolution. He is currently the Court-appointed Mediator in the Imerys/Cyprus talc bankruptcy in Delaware and was formerly the Court-appointed Mediator in the Hess-Honx asbestos bankruptcy in Texas. He previously served as the voluntary Mediator in the Georgia Pacific/Bestwall bankruptcy in North Carolina, was co-Mediator in the successful Owens Illinois/Paddock asbestos bankruptcy proceeding in North Carolina and was formerly the Court-ordered Estimation Expert in the Johnson & Johnson/LTL Management bankruptcy in New Jersey.

He has served as the Court-appointed Mediator in the successful resolution of the Purdue and Mallinckrodt opioid bankruptcies in the Southern District of New York and Delaware.

Mr. Feinberg has been designated by the Federal Government to serve in a variety of public compensation and related funding programs over the past 25 years. He previously served as Special Master of the 9/11 Victim Compensation Fund of 2001, the Department of Justice Victims of State-Sponsored Terrorism Fund, the Department of Justice Boeing 737 Max Crash Victim Beneficiaries Compensation Fund, the Department of the Treasury's TARP Executive Compensation Program and the Treasury's Private Multiemployer Pension Reform program.

He was also appointed by the Obama Administration to oversee compensation of victims of the Deepwater Horizon oil rig explosion and BP oil spill in the Gulf of Mexico.

In addition to his acting as Mediator and Administrator in a wide variety of federally related compensation programs, Mr. Feinberg has also served as Administrator of 24 Catholic Church Dioceses' Independent Reconciliation and Compensation Funds designed to compensate the victims of Church sexual abuse. He also served as Administrator of the One Orlando Fund following a terrorist attack at the Pulse nightclub, the General Motors Ignition Switch Compensation Program, and the One Fund Boston Compensation Program arising out of the Boston Marathon bombings. He was also the Mediator in the successful effort to return an original Chagall painting from the Museum of Modern Art in New York City to its original family owners in Europe.

He previously served as the Court-appointed Settlement Master in the Fiat/Chrysler Diesel Emissions class action settlement in San Francisco and is currently the Court-appointed Special Settlement Master in the national federal multi-district mass tort Roundup litigation.

Mr. Feinberg has been appointed mediator and arbitrator in thousands of complex disputes over the past 40 years.

# Exhibit B

<u>**Camille S. Biros**</u>
3150 South Street, NW
Washington, DC 20007

| | |
|---|---|
| **Professional Background** | Director, Claims Administration<br>Law Offices of Kenneth R. Feinberg, PC |

Develop, design, implement and supervise claims administration/settlement programs, including: the development of criteria and guidelines for eligibility, evaluation, scoring, payment and reporting of all submitted claims and claim determinations. Representative Programs include the following:

**Monsanto Roundup Compensation Program**
Design and administer a Program for compensation to certain users of the Roundup Product

**Catholic Dioceses' Claims Programs for Victims of Sexual Abuse of Minors**
(Fund Administrator for Programs developed and implemented to pay compensation for victims of sexual abuse for 24 Catholic Dioceses throughout the country including the following Dioceses):

> **Archdiocese of New York**
> **Brooklyn Diocese of New York**
> **Rockville Centre Diocese of New York**
> **Various Dioceses in the States of New Jersey, Pennsylvania,**
> **California and Colorado**

**Boeing Financial Assistance Funds**
Design, implement and administer three separate related funds -- one to provide near-term financial assistance to the families of the 346 victims of the Lion Air Flight 610 and Ethiopian Air Flight 302 accidents, a second fund for contributions to family-selected charitable organizations and a third fund resulting from a Department of Justice Deferred Prosecution Agreement

**GM Ignition Compensation Claims Resolution Facility**
Deputy Administrator: design, develop and implement a Program for the resolution of claims arising from the recall of certain GM vehicles with an ignition switch defect

**DuPont Medical Monitoring Program**
Design and development of a Medical Monitoring Program for claims arising from the alleged contamination of certain water supplies attributable to releases from DuPont's Washington Works Plant in Wood County, West Virginia

**Gulf Coast Claims Facility – BP Deepwater Horizon Oil Spill**
Deputy Administrator: design, development, implementation and supervision of the process for the review and evaluation of over one million claims submitted as a result of the BP Oil Spill

**September 11th Victim Compensation Fund**
Deputy Special Master for the administration of this federal program to compensate the victims of September 11, 2001, terrorist attacks. Assisted in the creation of the program and all systems for the review and processing of victims' claims for deceased and injured in the attacks of September 11, 2001

**Hurricane Katrina Gulf Coast ADR Program**
Developed systems for an ADR Program to assist the victims of the hurricanes in the Gulf Region in conjunction with two major insurance carriers. Supervised staff

offices in New Orleans, Louisiana and Biloxi, Mississippi; assisted in the design of interactive 3-step Program designed to expeditiously resolve insurance claims. (Designed and supervised a similar program for Hurricane Sandy in 2012.)

**TARP** Assisted Special Master for the Troubled Asset Relief Program ("TARP") Executive Compensation in 2009 in order to make determinations regarding the compensation structures of certain employees of TARP recipients who had received exceptional financial assistance

**Lehman Bros. Fee Examiner:** Administer the responsibilities of Fee Examiner of the Lehman Brothers bankruptcy case, examining fees and expenses charged by professionals retained during the bankruptcy process

**Zyprexa Settlement**
Administrator: Major drug company settlement
Designed, implemented and supervised the review and payment of awards to eligible claimants. Liaison for the 15 participating law firms and the 4 special masters

**Computer Associates**
Worked with economist to develop a Plan of Allocation for shareholders entitled to receive compensation from a Restitution Fund resulting from a Deferred Prosecution Agreement. Supervised claims process

**NYC - NYPD Employment Discrimination Case**
Design and development of systems and procedures for determining eligibility; developed award matrix and calculations; set up facility in NYC and supervised the processing, review and payment procedures

**Pro Bono Services**
Design and Administer Charitable Distribution Funds established by local communities to compensate victims including:
Las Vegas Victims Fund, One Fund Boston Victim Relief Fund the Pulse Nightclub in Orlando, Florida, Virginia Tech, Sandy Hook Elementary School and Aurora Colorado