FILED

2024 Nov-25  PM 06:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406)** | **Master File No. 2:13-CV-20000-RDP** <br><br> **This document relates to Provider-track cases.** |

### DEFENDANTS' OPPOSITION TO OUT-OF-NETWORK EMERGENCY MEDICAL PROVIDER GROUPS' AMENDED OBJECTION TO PRELIMINARY APPROVAL OF PROPOSED PROVIDER CLASS SETTLEMENT

Settling Defendants[1] (the "Blues") respectfully submit this Opposition to the Out-of-Network Emergency Medical Provider Groups' ("Non-Par Objectors'") Amended Objection to Preliminary Approval of Proposed Class Settlement (*see* Dkt. 3217 (the "Amended Objection")).  Specifically, the Blues write to address the Non-Par Objectors' "concerns" about the scope of the release in the proposed Provider Settlement (*id.* ¶¶ 15, 17) and to oppose their request for "findings" that the release does not foreclose four other pending lawsuits (*id.* ¶¶ 15, 18).

*First*, the Amended Objection is improper and premature.  The only question for the Court at preliminary approval is whether the proposed Provider Settlement "is sufficiently fair, reasonable, and adequate on its face to warrant presentation to the class members".  *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2020 WL 8256366, at *14 (N.D. Ala. Nov. 30, 2020).  The answer to that question is plainly yes, and any objections, including this one, should be deferred to the objection period and addressed at final approval.

---

[1] Capitalized terms not separately defined in this submission have the same meaning set forth in the Provider Settlement Agreement.  (*See* Dkt. 3192-02.)

*Second*, whenever the Court addresses the Amended Objection, any objection to the release should be overruled. The proposed release is standard and is substantively identical to the release this Court approved—and the Eleventh Circuit affirmed—in the Subscriber-track Settlement ("Subscriber Settlement"). *See In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2022 WL 4587618, at *8, *41-42 (N.D. Ala. Aug. 9, 2022), *aff'd sub nom. In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070 (11th Cir. 2023), *cert. denied sub nom. Behenna v. Blue Cross Blue Shield Ass'n,* 144 S. Ct. 2686 (2024), and *cert. denied sub nom. Home Depot U.S.A., Inc. v. Blue Cross Blue Shield Ass'n*, 144 S. Ct. 2687 (2024). In addition, Non-Par Objectors' request for advance "findings" about how the release affects specific lawsuits is an issue for another day—and is certainly no basis to delay entry of preliminary approval.

## I.    The Amended Objection Is Improper and Premature.

The Amended Objection is an improper tactic to delay the entry of preliminary approval while Non-Par Objectors seek to obtain a benefit specific to themselves. Though initiated as an "emergency," the objections put forward by the Non-Par Objectors have been a moving target. First, Non-Par Objectors sought to postpone the Preliminary Approval Hearing. When that was unsuccessful, Non-Par Objectors argued that out-of-network providers were not sufficiently represented in settlement discussions. And when that ground proved thin, Non-Par Objectors amended the "emergency" to focus their objections on the release. None of these grounds is appropriate at preliminary approval. At this stage, so long as the Court concludes the proposed Settlement is sufficiently fair, reasonable, and adequate—as it plainly is— preliminary approval should be granted and notice should be disseminated to all Class

Members.  Any objections, including those raised by the Non-Par Objectors, should be taken up at final approval.  *See In re Vitamins Antitrust Litig.*, No. 99-197(TFH), 1999 WL 1335318, at *5 (D.D.C. Nov. 23, 1999) ("The concerns of these potential opt-out plaintiffs do not reveal the presence of collusion or other obvious deficiency that would put this settlement outside the range of possible approval and thus warrant denial of preliminary approval at this time. . . .  [T]heir concerns can be readily addressed at the final fairness hearing.  Therefore, there is no reason to delay granting preliminary approval of this settlement.").  Non-Par Objectors have provided no reason why they should jump the line, particularly in a manner that holds up notice to all Class Members.

## II.    Non-Par Objectors' Challenge to the Release Is No Barrier to Approval.

To the extent the Court addresses the Amended Objection now, it should be overruled.  That is because (a) the release is permissible and (b) the request for "findings" about other lawsuits is improper.

### A.    The Release Conforms to Law.

In exchange for $2.8 billion and transformative injunctive relief, Class Members that do not opt out of the Provider Settlement agree to release "any and all" claims "based upon, arising from, or relating in any way to . . . the factual predicates of the Provider Actions".  (Dkt. 3192-02 ¶ 1.xxx(i); *see also id.* ¶ 1.xxx(ii) and (iii).)  Each Releasor (*i.e.*, "each and every Settlement Class Member") provides this release "on behalf of itself and on behalf of any party claiming by, for, under or through the Releasor" including, among others, "affiliated companies".  (*Id.* ¶ 1.zzz.)  As Provider Co-Lead Counsel explained at the Preliminary Approval Hearing, the release also contains an express exception for claims arising in the ordinary course of business that

are unrelated to the factual predicate of the Provider Actions. (*See* Dkt. 3216, Nov. 14, 2024 Hr'g Tr. at 41:8-42:6.) As a pure Rule 23(b)(3) Settlement, Class Members may choose whether to release their claims: those who do not want to may opt out, forfeit any settlement relief, and retain their right to sue individually. (*See* Dkt. 3192-02 ¶ 48.) In other words, as the Court observed at the Preliminary Approval Hearing, "[t]his is no cram down . . . this is an escape room that you already know the way out". (Dkt. 3216, Nov. 14, 2024 Hr'g Tr. at 93:23-25.)

There is no question that this release is approvable. The release conforms to a long progeny of Supreme Court and Eleventh Circuit decisions upholding the release of any and all claims "based on the identical factual predicate as that underlying the claims in the settled class action". *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 377 (1996) (citation omitted); *accord TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1325 (11th Cir. 2020) ("[R]es judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact".); *In re Managed Care*, 756 F.3d 1222, 1236-37 (11th Cir. 2014); *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 814, 822 (11th Cir. 2010); *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289-90 (11th Cir. 2007); *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1270 n.3 (11th Cir. 2002).

That is precisely what the release does here: it releases only those claims that are "based upon, aris[e] from, or relat[e] in any way" to "the factual predicates of the Provider Action". (Dkt. 3192-02 ¶ 1.xxx(i); *see also id.* ¶ 42.) Indeed, the release is substantively identical to the one this Court approved—over an objection on this very issue—and the Eleventh Circuit affirmed in connection with the Subscriber Settlement.

*See In re Blue Cross Blue Shield Antitrust Litig.*, 2022 WL 4587618, at *28 ("objections relating to the scope of the release are **OVERRULED**"); *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th at 1091 ("The release does not extend beyond claims arising from the common nucleus of operative fact:  all the released claims either were raised or could have been raising during the litigation that preceded the settlement.").  If anything, the release in the proposed Provider Settlement is even *less* restrictive than the approved release in the Subscriber Settlement because, unlike here, the Subscriber release also imposed a mandatory Rule 23(b)(2) release.  (*Compare* Dkt. 2931 (Subscriber) at 15 ("Opt-Outs will release all claims for indivisible injunctive or declarative relief against the Releasees.") *with* Dkt. 3192-01 (Provider) at 28 ("[T]his release . . . does not apply to or bind opt-outs at all".).)  As such, there is no question that the proposed Settlement's release is permissible.

### B.    Non-Par Objectors' Concerns Are Unfounded.

Nevertheless, Non-Par Objectors make two complaints about the release. *First*, they complain that the release is overbroad because it "expressly include[s] 'affiliated companies' of any releasor providers" (Dkt. 3217 ¶ 17), such that their "affiliates" might inadvertently release claims of the Non-Par Objectors (*id.* ¶ 15).  In fact, the release provides that a Releasor releases claims "on behalf of itself and on behalf of *any party claiming by, for, under or through the Releasor*, with such claiming parties to include any and all of Releasor's . . . affiliated companies".  (Dkt. 3192-02 ¶ 1.zzz (emphasis added).)  This provision, which was also part of the approved Subscriber Settlement release (*see* Dkt. 2610-02 ¶ 1.www), is unsurprising; without such a provision, a Settlement Class Member's release would be illusory because a different affiliated entity could pursue a Settlement Class Member's Released Claims on the

Settlement Class Member's behalf.  Releases with similar "affiliated entities" language are routinely approved.  *See, e.g.*, *In re Blue Cross Blue Shield Antitrust Litig.*, 2022 WL 4587618, at \*4; *accord Demsheck v. Ginn Dev. Co., LLC*, No. 3:09-CV-335-J-25TEM, 2014 WL 11370089, at \*7 (M.D. Fla. Mar. 5, 2014), *aff'd sub nom. Greco v. Ginn Dev. Co., LLC,* 635 F. App'x 628 (11th Cir. 2015); *Arandell Corp. v. XCEL Energy, Inc.*, No. 07-CV-76-WMC, 2020 WL 3046022, at \*1 (W.D. Wis. Apr. 16, 2020); *Sistrunk v. TitleMax, Inc.*, No. 5:14-CV-628-RP, 2018 WL 1773307, at \*5 (W.D. Tex. Feb. 22, 2018).

*Second*, Non-Par Objectors complain that, by participating in the Provider Settlement, they "could unwittingly release or otherwise undermine existing claims against Blue Plans".  (*See* Dkt. 3217 ¶ 17.)  But nothing in the release is "unwitting"—the scope is expressly spelled out and conforms to decades of binding authority.  Moreover, the proposed Long Form Notice explicitly advises Class Members to evaluate the release and to seek counsel, as appropriate.  (*See* Dkt. 3209-01 at 13-15.)  Non-Par Objectors have done that and, should they decide the release is broader than they want to give, they can opt out and retain the right to bring individual claims, as this Court noted.  That is not an "unwitting release"; it is a conscious choice.

Unsatisfied with that choice, Non-Par Objectors ask the Court—*before* notice is even disseminated to Class Members and *before* any Releasee even seeks to enforce the release—to "make findings" that (i) certain claims (only some of which have even been submitted to the Court) "are excluded from the scope of the releases at issue in the proposed settlement"; and (ii) "nothing in the releases in the proposed settlement reaches or affects any arbitration rights".  (Dkt. 3217 ¶ 18.)  Now is not the time to

conduct such an analysis, let alone to make "findings". Whether and how the release applies to a particular complaint is a question for a different proceeding and, even then, only if a Releasee seeks to raise the issue. *See, e.g.*, *In re Managed Care*, 756 F.3d at 1229 (determining whether claims were barred by a class settlement's release in a subsequent proceeding); *TVPX ARS, Inc.*, 959 F.3d at 1324 (same). The only issue for today is whether to preliminarily approve the proposed Provider Settlement. That issue turns on the *approvability* of the release—not its *application* to claims in a different case. *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 346 (N.D. Ga. 1993) ("Even if a court of competent jurisdiction were to find that the Chicago claims fall within the release, this Court still finds that the settlements are nonetheless fair, reasonable, and adequate under the circumstances.").

Non-Par Objectors also ask the Court to find that "the filing of operative complaints attached to this objection herein does not trigger any releases of them merely because they have been presented to this Court for purposes of resolving the objection". (Dkt. 3217 ¶ 18.) In other words, Non-Par Objectors want to eat their cake and have it too: on the one hand, they want the Court to make findings that the claims in each of four other cases are *not* released, but on the other they want to ensure that they are not prejudiced by the application of the release in the event the Court rules against them. In effect, Non-Par Objectors are asking that they (and they alone) be exempt from making the same choice that every other Class Member must make—whether to remain in the Settlement Class or to opt out. Such an approach is inconsistent with Rule 23 and the case law interpreting it (*see supra* at 5-6). Moreover, if Non-Par Objectors were permitted to obtain their own case-specific rulings before the proposed Settlement has

7

even been approved, it would open the floodgates for scores of other Class Members with purported claims against the Settling Defendants to ask for their own advisory rulings on whether the release would extinguish such claims. That is not the role of the Court being asked to approve the proposed Settlement, nor should it be. Non-Par Objectors, who are ably represented by counsel, should be required to make the same choice as every other Class Member.

*     *     *

Non-Par Objectors have offered no basis on which to delay entering preliminary approval. Their objection to the scope of the release should be deferred to the objection period or, should the Court wish to entertain it now, overruled in its entirety. In particular, any request for advance rulings on the application of the release to particular cases should be flatly denied.

Dated:  November 25, 2024

Respectfully submitted,

*/s/ Karin A. DeMasi*
Karin A. DeMasi
Lauren R. Kennedy
David H. Korn
Lillian S. Grossbard
CRAVATH, SWAINE & MOORE LLP
Two Manhattan West
375 Ninth Avenue
New York, NY  10001
Tel: (212) 474-1000
Fax: (212) 474-3700
kdemasi@cravath.com
lkennedy@cravath.com
dkorn@cravath.com
lgrossbard@cravath.com

*Lead Counsel for the Blue Cross Blue Shield System; Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Alabama; Blue Cross and Blue Shield of Arizona, Inc.; GuideWell Mutual Holding Corporation; Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Kansas City; Blue Cross and Blue Shield of Massachusetts, Inc.; Blue Cross and Blue Shield of North Carolina; BlueCross BlueShield of South Carolina; BlueCross BlueShield of Tennessee, Inc.; Blue Cross Blue Shield of Wyoming; California Physicians' Service d/b/a Blue Shield of California; Capital Blue Cross; CareFirst Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; CareFirst BlueChoice, Inc.; Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans*

9

*Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Triple-S Management Corporation Triple-S Salud, Inc.*

Craig A. Hoover
E. Desmond Hogan
Justin Bernick
Elizabeth Jose
W. David Maxwell
HOGAN LOVELLS US LLP
Columbia Square
555 13th Street, N.W.
Washington, DC  20004
Tel: (202) 637-5600
Fax: (202) 637-5910
craig.hoover@hoganlovells.com
desmond.hogan@hoganlovells.com
justin.bernick@hoganlovells.com
elizabeth.jose@hoganlovells.com
david.maxwell@hoganlovells.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

John D. Martin
Lucile H. Cohen
Travis A. Bustamante
NELSON MULLINS RILEY &
SCARBOROUGH LLP

Kimberly R. West (Liaison Counsel)
Mark M. Hogewood
WALLACE, JORDAN, RATLIFF &
BRANDT, LLC
First Commercial Bank Building
800 Shades Creek Parkway, Suite 400
Birmingham, AL  35209
Tel: (205) 870-0555
Fax: (205) 871-7534
kwest@wallacejordan.com
mhogewood@wallacejordan.com

*Counsel for Defendants Blue Cross Blue Shield Association; Blue Cross and Blue Shield of Arizona, Inc.; Blue Cross and Blue Shield of Kansas City; BlueCross BlueShield of South Carolina; Blue Cross Blue Shield of Wyoming; Capital Blue Cross; CareFirst, Inc.; CareFirst of Maryland, Inc.; Group Hospitalization and Medical Services, Inc.; Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; California Physicians' Service d/b/a Blue Shield of California; Wellmark of South Dakota, Inc. (Wellmark Blue*

10

1320 Main Street, 17th Floor
Columbia, SC  29201
Tel: (803) 255-9421
Fax: (803) 256-7500
john.martin@nelsonmullins.com
lucie.cohen@nelsonmullins.com
travis.bustamante@nelsonmullins.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Blue Cross and Blue Shield of South Carolina; Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Blue Cross and Blue Shield of Vermont; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon; Blue Cross & Blue Shield of Mississippi, a Mutual Insurance Company; Wellmark of South Dakota, Inc. (Wellmark Blue Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii); Triple-S Salud, Inc; Defendants Blue Cross and Blue Shield of Florida, Inc.; Blue Cross and Blue Shield of Massachusetts, Inc.; BlueCross BlueShield of Tennessee, Inc.*

Cavender C. Kimble
BALCH & BINGHAM LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203-4642
Tel: (205) 226-3437
Fax: (205) 488-5860
ckimble@balch.com

*Counsel for Elevance Health f/k/a Anthem, Inc., and all of its named subsidiaries in this action; Blue Cross and Blue Shield of North*

*Cross and Blue Shield of South Dakota); Wellmark, Inc. (Wellmark Blue Cross and Blue Shield of Iowa); Hawaii Medical Service Association (Blue Cross and Blue Shield of Hawaii)*

Carl S. Burkhalter
MAYNARD NEXSEN PC
1901 6th Avenue North, Suite 2400
Regions Harbert Plaza
Birmingham, AL  35203
Tel: (205) 254-1000
Fax: (205) 254-1999
cburkhalter@maynardnexsen.com

Pamela B. Slate
HILL CARTER FRANCO COLE & BLACK, P.C.
425 South Perry Street
Montgomery, AL  36104
Tel: (334) 834-7600
Fax: (334) 386-4381
pslate@hillhillcarter.com

*With Cravath, Swaine & Moore LLP, counsel for Defendant Blue Cross Blue Shield of Alabama*

Helen E. Witt
Jeffrey J. Zeiger, P.C.

KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
Tel: (312) 862-2000
Fax: (312) 862-2200
jzeiger@kirkland.com
hwitt@kirkland.com

*Counsel for Defendants Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, including its divisions Blue Cross and Blue Shield of Illinois, Blue Cross and Blue Shield of Texas, Blue Cross and Blue Shield of*

11

*Carolina; Louisiana Health Service & Indemnity Company (Blue Cross and Blue Shield of Louisiana); BCBSM, Inc. (Blue Cross and Blue Shield of Minnesota); Horizon Healthcare Services, Inc. (Horizon Blue Cross and Blue Shield of New Jersey); Blue Cross & Blue Shield of Rhode Island; Cambia Health Solutions, Inc.; Regence Blue Shield of Idaho; Regence Blue Cross Blue Shield of Utah; Regence Blue Shield (of Washington); Regence Blue Cross Blue Shield of Oregon*

Gwendolyn Payton
KILPATRICK TOWNSEND & STOCKTON LLP
1420 Fifth Avenue, Suite 3700
Seattle, WA  98101
Tel: (206) 626-7714
Fax: (206) 299-0414
gpayton@kilpatricktownsend.com

*Counsel for Defendant Premera Blue Cross, d/b/a Premera Blue Cross Blue Shield of Alaska*

Brian K. Norman
SHAMOUN & NORMAN, LLP
1800 Valley View Lane, Suite 200
Farmers Branch, TX  75234
Tel: (214) 987-1745
Fax: (214) 521-9033
bkn@snlegal.com

H. James Koch
ARMBRECHT JACKSON LLP
RSA Tower, 27th Floor
11 North Water Street
Mobile, AL  36602
Tel: (251) 405-1300
Fax: (251) 432-6843
hjk@ajlaw.com

*Counsel for Defendants CareFirst, Inc.; CareFirst of Maryland, Inc.; Group*

*New Mexico, Blue Cross and Blue Shield of Oklahoma, and Blue Cross and Blue Shield of Montana; Caring for Montanans, Inc., f/k/a Blue Cross and Blue Shield of Montana, Inc.; Highmark Health; Highmark Inc., f/k/a Highmark Health Services; Highmark West Virginia Inc.; Highmark BCBSD Inc.; Highmark Western and Northeastern New York Inc.*

Jonathan M. Redgrave
REDGRAVE, LLP
4800 Westfields Blvd., Suite 250
Chantilly, VA  20151
Tel: (703) 592-1155
Fax: (612) 332-8915
jredgrave@redgravellp.com

*Additional Counsel for HCSC and Highmark Defendants and California Physicians' Service d/b/a Blue Shield of California*

Todd M. Stenerson
Brian C. Hauser
ALLEN OVERY SHEARMAN STERLING LLP
401 9th Street, N.W., Suite 800
Washington, DC  20004
Tel: (202) 508-8000
Fax: (202) 508-8100
todd.stenerson@aoshearman.com
brian.hauser@aoshearman.com

Rachel Mossman Zieminski
ALLEN OVERY SHEARMAN STERLING LLP
2601 Olive Street, Suite 1700
Dallas, TX  75201
Tel: (214) 271-5777
Fax: (214) 271-5778
rachel.zieminski@aoshearman.com

Sarah L. Cylkowski

*Hospitalization and Medical Services, Inc.;*
*CareFirst BlueChoice, Inc.*

M. Patrick McDowell
Norman E. "Benje" Bailey. Jr.
BRUNINI, GRANTHAM, GROWER
& HEWES, PLLC
190 East Capitol Street
The Pinnacle Building, Suite 100
Jackson, MS  39201
Tel: (601) 948-3101
Fax: (601) 960-6902
pmcdowell@brunini.com

Cheri D. Green
BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE
COMPANY
P.O. Box 1043
Jackson, MS  39215
Tel: (601) 932-3704
cdgreen@bcbsms.com

*Counsel for Defendant Blue Cross & Blue*
*Shield of Mississippi, a Mutual Insurance*
*Company*

Alan D. Rutenberg
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 600
Washington, DC  20007
Tel: (202) 672-5491
arutenberg@foley.com

Diane R. Hazel
FOLEY & LARDNER LLP
1400 16th Street, Suite 200
Denver, CO  80202
Tel: (720) 437-2034
dhazel@foley.com

Ryan M. Hodinka
BALCH & BINGHAM, LLP
1901 6th Avenue North, Suite 1500
Birmingham, AL  35203

Thomas J. Rheaume, Jr.
BODMAN PLC
1901 Saint Antoine Street
6th Floor at Ford Field
Detroit, MI  48226
Tel: (313) 259-7777
Fax: (734) 930-2494
scylkowski@bodmanlaw.com
trheaume@bodmanlaw.com

Andy P. Campbell
A. Todd Campbell
Yawanna N. McDonald
CAMPBELL PARTNERS LLC
505 North 20th Street, Suite 1600
Birmingham, AL  35203
Tel: (205) 224-0750
Fax: (205) 224-8622
andy@campbellpartnerslaw.com
todd@campbellpartnerslaw.com
yawanna@campbellpartnerslaw.com

*Counsel for Defendants Blue Cross and*
*Blue Shield of Michigan; Blue Cross and*
*Blue Shield of Vermont*

John DeQ. Briggs
Jeny M. Maier
Kenina J. Lee
AXINN, VELTROP & HARKRIDER,
LLP
1901 L Street, N.W.
Washington, DC  20036
Tel: (202) 912-4700
Fax: (202) 912-4701
jbriggs@axinn.com
jmaier@axinn.com
klee@axinn.com

Kail J. Jethmalani
Victoria J. Lu
AXINN, VELTROP & HARKRIDER
LLP
114 W. 47th Street
New York, NY  10036
Tel: (212) 728-2200

Tel: (205) 226-3464
Fax: (205) 488-5848
rhodinka@balch.com

*Counsel for Defendant USAble Mutual
Insurance Company, d/b/a Arkansas Blue
Cross and Blue Shield and as Blue Advantage
Administrators of Arkansas*

Robert R. Riley, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, AL  35209
Tel: (205) 879-5000
Fax: (205) 879-5901
rob@rileyjacksonlaw.com

*Counsel for Defendants Blue Cross and Blue
Shield of Florida, Inc.; Blue Cross and Blue
Shield of Massachusetts, Inc.; BlueCross
BlueShield of Tennessee, Inc.*

Edward S. Bloomberg
John G. Schmidt Jr.
Anna Mercado Clark
PHILLIPS LYTLE LLP
One Canalside
125 Main Street
Buffalo, NY  14203-2887
Telephone No. (716) 847-8400
ebloomberg@phillipslytle.com
jschmidt@phillipslytle.com
aclark@phillipslytle.com

Morris Wade Richardson (ASB-8581-S78M)
Charles Todd Grimes (ASB-3224-S77C)
RICHARDSON CLEMENT PC
22 Inverness Center Parkway, Suite 500
Birmingham, AL  35242
Tel: (205) 729-7000
Fax: (205) 905-7009
wade@richardson.law
charley@richardson.law

Fax: (212) 728-2201
kjethmalani@axinn.com
vlu@axinn.com

Stephen A. Rowe (ASB-3804-E65S)
Aaron G. McLeod (ASB-8589-A57M)
ADAMS AND REESE LLP
1901 6th Avenue North, Suite 3000
Birmingham, AL  35203
Tel: (205) 250-5080
Fax: (205) 250-5034
steve.rowe@arlaw.com
aaron.mcleod@arlaw.com

*Counsel for Defendants Independence
Hospital Indemnity Plan, Inc. f/k/a
Independence Blue Cross; Independence
Health Group, Inc.*

Sarah Gilbert
Honor Costello
CROWELL & MORING LLP
Two Manhattan West
375 Ninth Ave.
New York, NY  10001
Tel: (212) 223-4000
Fax: (212) 223-4134
sgilbert@crowell.com
hcostello@crowell.com

Tracy A. Roman
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Tel: (202) 624-2500
Fax: (202) 628-5116
troman@crowell.com

John M. Johnson
Brian P. Kappel
Tatum L. Jackson
LIGHTFOOT FRANKLIN & WHITE LLC
400 20th Street North
Birmingham, AL  35203
Tel: (205) 581-0716

*Attorneys for Defendant Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield*

Fax: (205) 581-9116
jjohnson@lightfootlaw.com
bkappel@lightfootlaw.com
tjackson@lightfootlaw.com

*Counsel for Defendants Blue Cross and Blue Shield of Nebraska; GoodLife Partners, Inc.; Blue Cross of Idaho Health Service, Inc.; Blue Cross and Blue Shield of Kansas, Inc.; HealthyDakota Mutual Holdings; Blue Cross Blue Shield of North Dakota*

15

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Karin A. DeMasi*
Karin A. DeMasi