FILED
2024 Nov-25  PM 06:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| **IN RE:** <br> **BLUE CROSS BLUE SHIELD** <br> **ANTITRUST LITIGATION** <br> **(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP** <br><br> **This Document Relates to** <br> **Provider Track Cases** |

### PROVIDER PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
### OUT-OF-NETWORK ER GROUPS' OBJECTION

Several out-of-network emergency medicine providers ("Out-of-Network ER Groups") have objected to preliminary approval of the settlement between the Provider Plaintiffs and the Blues. Doc. No. 3217 ("Objection"). For the reasons below, their objection should be overruled, or at most deferred until final approval.

### BACKGROUND

Nine years of negotiations have culminated in a settlement that contains groundbreaking injunctive relief and the largest monetary recovery in any healthcare antitrust case. *See generally* Doc. No. 3192-1. To ensure that the settlement would provide the maximum benefit to all Providers, Settlement Class Counsel assembled a Provider Work Group consisting of different types of Providers, some of which included out-of-network Providers. The Provider Work Group participated in some of the mediation sessions and spent countless hours giving valuable input to Settlement Class Counsel. The result of those negotiations is a settlement that provides relief to in-network and out-of-network Providers on the same terms: their share of the Net Settlement Fund depends on their "Allowed Amounts," which Blue Plans calculate whether or not a Provider is in-network. *See* Doc. No. 3207-1 at 4–7. The Settlement also contains a release modeled on the one this Court approved in the Subscribers' settlement; it protects Providers' rights to pursue claims against the Blues that arise in the ordinary course of business and that are based solely on "claims

regarding whether a Settling Individual Blue Plan properly paid or denied a claim for a particular product, service or benefit based on the benefit plan document, Provider contract, or state or federal statutory or regulatory regimes (including state prompt pay laws)." Doc. No. 3192-2 ("Agreement") ¶ 1(xxx).

The night before the hearing on preliminary approval, the Out-of-Network ER Groups filed an objection to preliminary approval and a motion to continue the hearing by 30 days. Doc. No. 3211. Their objection listed three grounds: "None of the Named Plaintiffs is an Out-of-Network Emergency Medicine Services Provider," "Out-of-Network ER Groups' Interests are Not Fully Aligned with Class Plaintiffs," and "Opt-Out Rights Are Inadequate Here to Prevent Unfair Prejudice." *Id.* at 2–6. The Out-of-Network ER Groups' motion for a continuance was denied at the hearing. The Court directed the Provider Plaintiffs and the Out-of-Network ER Groups to continue talking, and it directed the Provider Plaintiffs to file a response to the Objection if the Out-of-Network ER Groups' concerns were not resolved. The Provider Plaintiffs have continued to talk with and provide information to the Out-of-Network ER Groups, but they have not resolved their issues yet.

Last Friday, without seeking leave to do so, the Out-of-Network ER Groups filed an amended objection. The amended objection adds a lot of words to the original objection, but the substance is largely the same.[1] The amended objection should not delay preliminary approval any more than the original objection has; money and injunctive relief have a time value, and it is grossly unfair to millions of class members that a small set of putative class members are eroding that value with meritless objections that could be raised in due course.

---

[1] The third heading of the objection has been expanded to "Opt-Out Rights or Later Opportunities to Object Are Inadequate and Unnecessary Here to Prevent Unfair Prejudice." Objection at 7.

**ARGUMENT**

No rule permits a putative class member to object to the preliminary approval of a settlement. Courts sometimes consider such objections as a matter of discretion, but typically deny the objection outright or defer it until final approval. The Out-of-Network ER Groups' objection is facially inadequate to justify denying approval (preliminary or final), and thus should be overruled. But if the Court has questions about the Objection that would preclude denying it now, then it should defer the Objection until final approval; the Settlement Class has waited long enough.

I.    **An Objection to Preliminary Approval Is Not Permitted as of Right, and It Is Rarely Granted.**

Putative class members have no right to object to preliminary approval of a settlement. *Chavez v. PVH Corp.*, 2015 WL 12915109, at \*3 (N.D. Cal. Aug. 6, 2015) ("Objector cites no Civil Local Rule, Federal Rule of Civil Procedure, or other authority that permits a putative class member to file objections to a motion for preliminary approval."); *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 608 (W.D.N.Y. 2011) (denying a motion to intervene for purposes of objecting to preliminary approval); *see Grilli v. Metropolitan Life Ins. Co.*, 78 F.3d 1533 (11th Cir. 1996) (per curiam) (affirming the district court's denial of a class member's motion to intervene after preliminary approval; "even though the Coulters, as class members, had a legally protectable interest in the action, they were not entitled to intervene as of right under Rule 24. *See* Fed.R.Civ.P. 24(a). They could protect their interest either by opting out of the class and litigating separately, or by remaining in the case (where, in the court's view, they were being adequately represented by the plaintiffs' attorneys) and, if they thought the proposed settlement was unfair, by objecting to it [before final approval].").

While some courts have exercised their discretion to entertain an objection to preliminary approval, they have almost always overruled those objections or deferred them until final approval. *E.g.*, *CO Craft, LLC v. Grubhub Inc.*, 2023 WL 3763525, at \*5 (D. Colo. June 1, 2023) ("[T]he Court will consider Intervenors' objections to assess whether they establish obvious deficiencies in the Proposed Settlement Agreement that preclude the Court from proceeding with preliminary approval, but is nonetheless mindful that many objections are likely best resolved at a fairness hearing supported by admissible evidence."); *Chavez*, 2015 WL 12915109, at \*4 (rejecting five objections and deferring one).

As the Provider Plaintiffs describe below, the Objection raises no issues that call into question whether the Settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), much less any that "establish obvious deficiencies in the Proposed Settlement Agreement that preclude the Court from proceeding with preliminary approval," *CO Craft*, 2023 WL 3763525, at \*5.

## II.    The Named Plaintiffs Satisfy the Requirements of Typicality and Adequacy of Representation for the Entire Class, Including Out-of-Network Providers.

The Out-of-Network ER Groups state, incorrectly, that "none of the members of the proposed class is an out-of-network emergency medicine services provider." Objection at 2. In fact, the definition of the Settlement Class includes all Providers who provided healthcare services to the Blues' members, without any exclusion for out-of-network Providers or emergency medicine services Providers. Agreement ¶ 1(iiii). If the proposed class did not contain out-of-network emergency services Providers, the Out-of-Network ER Groups would have no standing to object at all.

Notwithstanding that mistake, the Out-of-Network ER Groups' main contentions appear to be that their interests differ enough from the interests of the named plaintiffs that the named

plaintiffs' claims are not typical of the class's claims, and that the named plaintiffs cannot adequately represent the class. Objection at 4. Neither is correct.

As this Court stated when it preliminarily approved the Subscribers' settlement, "'[T]he typicality requirement is permissive; representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.' *In re Checking Account Overdraft*, 275 F.R.D. 666, 674 (S.D. Fla. 2011). Whereas commonality looks at whether class members' claims are common to each other (a horizontal comparison between members of the class), typicality is satisfied where the named plaintiffs' claims 'arise from the same event or pattern or practice and are based on the same legal theory' as the claims of the class (a vertical comparison between class members and class representatives). *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984), *cert. denied*, 470 U.S. 1004 (1985)." Doc. No. 2641 ("Subscriber Order") at 16–17 (cleaned up). The claims the Providers' settlement resolves—claims that the challenged Blue rules violate the antitrust laws and have harmed Providers—are based on the "same event or pattern or practice," whether the affected Provider is in-network or out-of-network. The Out-of-Network ER Groups emphasize factual distinctions between themselves and in-network providers, Objection at 2–5, but "[t]ypicality is not destroyed by factual variations between the class representatives and the unnamed class members. *Kornberg*, 741 F.2d at 1357; *see also Williams* [*v. Mohawk Industries, Inc.*], 568 F.3d [1350,] 1357 [(11th Cir. 2009)]." Subscriber Order at 17. Therefore, the named plaintiffs' claims are typical of the class's claims. The Out-of-Network ER Groups have presented no evidence to the contrary.

For similar reasons, the named plaintiffs will fairly and adequately represent the interests of the class, including out-of-network providers. "The adequacy-of-representation requirement is satisfied when (i) the class representatives have no interests conflicting with the class; and (ii) the

representatives and their attorneys will properly prosecute the case. *Sosna v. Iowa*, 419 U.S. 393, 403 (1975); *Valley Drug Co.*, 350 F.3d at 1189. 'Significantly, the existence of minor conflicts alone will not defeat a party's claim to class certification: the conflict must be a fundamental one going to the specific issues in controversy' to preclude certification. *Valley Drug Co.* [*v. Geneva Pharms., Inc.*], 350 F.3d [1181,] 1189 [(11th Cir. 2003)]. 'A conflict is "fundamental" when, for example, some class members claim to have been harmed by the same conduct that benefitted other class members.' Newberg on Class Actions § 7:31 at 2." Subscriber Order at 18. No such conflict exists; no class member alleges that some class members benefitted from the Blues' conduct.

Moreover, before agreeing to the settlement, Settlement Class Counsel received extensive input from a wide variety of stakeholders, including entities that own both in-network and out-of-network providers. These entities participated in mediation sessions and the Provider Work Group. Settlement Class Counsel made sure that the Settlement Agreement provided significant injunctive and monetary relief to out-of-network providers and treated them equitably in the Plan of Distribution. To the extent the Out-of-Network ER Groups try to identify a conflict, it is that they "have pending litigation against certain Blue Plans in Virginia and Florida seeking significant reimbursement for underpayments for out-of-network emergency medical services under various quasi-contract and statutory legal theories." Objection at 3. But the existence of a separate dispute does not create a "fundamental [conflict] going to the specific issues in controversy." *Valley Drug*, 350 F.3d at 1189. Nor does a putative class member's preference for a different package of relief (e.g., between monetary and injunctive relief) mean that the class's representation was inadequate. What matters is whether the members of the class suffered the same injury, and whether they were adequately represented in the settlement process. *See In re Equifax Inc. Customer Data Security*

6

*Breach Litig.*, 999 F.3d 1247, 1277 (11th Cir. 2021). As Professor Issacharoff has described, the structure and outcome of settlement negotiations was designed to account for all putative class members' interests. Doc. No. 3192-5 at ¶¶ 8–11.

Precedent supports including in-network and out-of-network Providers in the same class. At least two settlements in the *In re Managed Care Litigation* MDL included a class of in-network and out-of-network physicians; both were approved, including one to which out-of-network physicians objected. *In re Managed Care Litig.*, 2003 WL 22850070, at *6 (S.D. Fla. Oct. 24, 2003) (overruling the objection); *In re Managed Care Litig.*, 2010 WL 6532985 (S.D. Fla. Aug. 15, 2010) (holding that out-of-network physicians were bound by the settlement agreement). The Out-of-Network ER Groups cite two opinions they claim are on point, but both are from cases in which the entire putative class was out-of-network, and thus the distinction between in-network and out-of-network Providers was not raised. *Downey Surgical Clinic, Inc. v. Ingenix, Inc.*, 2015 WL 12645755 (C.D. Cal. Nov. 10, 2015); *Edwards v. Horizon Blue Cross Blue Shield of N.J.*, 2018 WL 10133574 (D.N.J. June 29, 2018). Neither of these cases addresses anything close to the particular objection raised by the Out-of-Network ER Groups here. In fact, nothing in the Objection would support a contention that subclasses were necessary *in this case*.

Even if the Out-of-Network ER Groups wanted to be their own subclass, creating such a subclass would be impermissible. Many Providers have been both in-network and out-of-network during the class period, and the Out-of-Network ER Groups state that "certain of their affiliates in certain states are *in-network* with certain Blue Plans," and "at least one of the Out-of-Network ER Groups is out-of-network in one state, but in-network in another state." Objection at 5–6. No counsel could represent a subclass when class members would be members of multiple subclasses. Doc. No. 3192-5 (Declaration of Samuel Issacharoff) ¶ 14. As the Court is aware, the Providers

have consulted with Professor Issacharoff throughout the litigation and Settlement process and have taken all feasible and appropriate steps to ensure that all class members were adequately represented.

### III.    The Settlement's Release Does Not Create the Problem the Out-of-Network ER Groups Think It Does.

The Out-of-Network ER Groups are concerned that because the release refers to "affiliated companies," an out-of-network Provider who opts out could still find its claims released if an affiliated in-network Provider does not opt out. Objection at 6. This is a misreading of the release. The "affiliated companies" language prevents a non-releasing party from pursuing claims "by, for, under or through" a releasing party. Agreement ¶ 1(zzz). It creates no danger that a Provider who opts out will nevertheless be bound by the release; it simply ensures that a plaintiff's released claims cannot be asserted by someone else. In any event, as the Blues discuss in their response, the potential impact of a release on a particular plaintiff is not an issue that would preclude preliminary approval. Instead, the question is whether the settlement (including the release) is likely to be approved, and this release closely follows the Subscribers' release and others that won final approval.

### CONCLUSION

The Out-of-Network ER Groups' objection should be overruled, or in the alternative should be deferred until final approval.

Respectfully submitted this the 25th day of November, 2024.

/s/ Edith M. Kallas
Edith M. Kallas – **Co-Lead Counsel**
WHATLEY KALLAS, LLP
152 West 57th Street
41st Floor
New York, NY 10019
Tel: (212) 447-7060
Fax: (800) 922-4851

/s/ Joe R. Whatley, Jr.
Joe R. Whatley, Jr. – **Co-Lead Counsel**
W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place North
1000 Park Place Tower
Birmingham, AL 35203
Tel: (205) 488-1200

Email: ekallas@whatleykallas.com

Fax: (800) 922-4851
Email: jwhatley@whatleykallas.com
        tbrown@whatleykallas.com

Patrick J. Sheehan
WHATLEY KALLAS, LLP
101 Federal Street
19th Floor
Boston, MA 10019
Tel: (617) 573-5118
Fax: (617) 371-2950
Email: psheehan@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street
Suite 2C
Portsmouth, NH 03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Barry Alan Ragsdale – *Plaintiffs' Liaison Counsel and Discovery Liaison Counsel*
Dominick Feld Hyde, PC
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Tel: (205) 536-8888
bragsdale@dfhlaw.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel: (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com

Charles Clinton Hunter
HAYES HUNTER PC
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (281) 768-4731
Fax: (713) 583-7047
Email: chunter@hayeshunterlaw.com

E. Kirk Wood, Jr. – *Local Facilitating Counsel*
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel: (205) 612-0243
Fax: (205) 705-1223
Email: kirk@woodlawfirmllc.com

Dennis Pantazis – *Plaintiffs' Steering Committee*
Brian Clark – *Discovery Committee*
WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel: (205) 314-0500
Fax: (205) 254-1500
Email: dgp@wigginschilds.com
        bclark@wigginschilds.com

Aaron S. Podhurst – *Plaintiffs' Steering Committee*
Peter Prieto – *Chair, Expert Committee*
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue
Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382
Email: apodhurst@podhurst.com
        pprieto@podhurst.com

9

Dennis C. Reich – *Chair, Damages Committee*
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (713) 622-7271
Fax: (713) 623-8724
Email: dreich@reichandbinstock.com

U.W. Clemon – *Plaintiffs' Steering Committee*
U. W. Clemon, LLC
5202 Mountain Ridge Parkway
Birmingham, AL 35222
Tel: (205) 837-2898
Email: uwclemon1@gmail.com

Nicholas B. Roth – *Chair, Discovery Committee*
Julia Smeds Roth – *Discovery Committee*
EYSTER KEY TUBB ROTH MIDDLETON & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel: (256) 353-6761
Fax: (256) 353-6767
Email: nbroth@eysterkeylaw.com
        jroth@eysterkeylaw.com

J. Mark White – *Litigation Committee*
Augusta S. Dowd – *Chair, Litigation Committee*
Linda G. Flippo – *Discovery Committee*
WHITE ARNOLD & DOWD, P.C.
2001 Park Place North
Suite 1400
Birmingham, AL  35203
Tel: (205) 323-1888
Fax: (205) 323-8907
Email: mwhite@whitearnolddowd.com
        adowd@whitearnolddowd.com
        lflippo@whitearnolddowd.com

David A. Balto – *Expert Committee*
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 789-5424
Fax: (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Joey K. James – *Litigation Committee*
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel: (256) 764-0095
Fax: (256) 767-5705
Email: joey@joeyjameslaw.com

Richard S. Frankowski – *Discovery Committee*
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL 35233
Tel: (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowskifirm.com

John C. Davis – *Written Submissions Committee*
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel: (850) 222-4770
Email: john@johndavislaw.net

Mark K. Gray – *Discovery Committee*
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel: (502) 805-1800
Fax: (502) 618-4059
Email: mgray@grayandwhitelaw.com

Van Bunch – *Chair, Class Certification Committee*
BONNETT FAIRBOURN FRIEDMAN & BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel: (602) 274-1100
Fax: (602) 274-1199
Email: vbunch@bffb.com

Robert J. Axelrod – *Chair, Written Submissions Committee*
AXELROD LLP
800 Third Avenue, Suite 2800
New York, NY 10022
Tel: (646) 448-5263
Fax: (212) 840-8560
Email: raxelrod39@gmail.com

W. Daniel Miles, III – *Written Submissions Committee*
BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: (800) 898-2034
Fax: (334) 954-7555
Email: dee.miles@beasleyallen.com

Michael C. Dodge – *Expert Committee*
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel: (972) 419-7172
Email: mdodge@gpm-law.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel: (205) 908-6512
Email: mgurleyjr@yahoo.com

11

Stephen M. Hansen – *Class Certification Committee*
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel: (253) 302-5955
Fax: (253) 301-1147
Email: steve@stephenmhansenlaw.com

Harley S. Tropin – *Damages Committee*
Javier A. Lopez – *Discovery Committee*
KOZYAK TROPIN &
 THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: hst@kttlaw.com
        jal@kttlaw.com

C. Wes Pittman – *Settlement Committee*
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel: (850) 784-9000
Fax: (850) 763-6787
Email: wes@pittmanfirm.com

Robert B. Roden – *Litigation Committee*
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel: (205) 933-8383
Fax: (205) 933-8386
Email: rroden@shelbyroden.com

Gary E. Mason – *Class Certification Committee*
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 640-1160
Email: gmason@wbmllp.com

Lynn W. Jinks, III – *Expert Committee*
Christina D. Crow – *Discovery Committee*
JINKS CROW, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel: (334) 738-4225
Fax: (334) 738-4229
Email: ljinks@jinkslaw.com
        ccrow@jinkslaw.com

Myron C. Penn – *Discovery Committee*
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel: (334) 738-4486
Fax: (334) 738-4432
Email: myronpenn28@hotmail.com

J. Preston Strom, Jr. – *Litigation Committee*
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel: (803) 252-4800
Fax: (803) 252-4801
Email: petestrom@stromlaw.com

Thomas V. Bender – *Discovery Committee*
Dirk L. Hubbard
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Tel: (816) 421-0700
Email: tbender@hab-law.com
  dhubbard@hab-law.com

Gregory S. Cusimano – *Litigation Committee*
CUSIMANO, ROBERTS & MILLS, LLC
153 South 9th Street
Gadsden, AL 35901
Phone: (256) 543-0400
Fax: (256) 543-0488
Email: greg@alalawyers.net

12

Michael L. Murphy – *Discovery Committee*
BAILEY GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103
Email: mmurphy@baileyglasser.com

Lance Michael Sears
SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel: (719) 471-1984
Fax: (719) 577-4356
Email: lance@searsassociates.com
Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK 99501
Tel: (907) 277-5400
Fax: (907) 277-9896
Email: Jessica@dillonfindley.com
  Ray@dillonfindley.com
  Molly@dillonfindley.com

Allyson C. Dirksen
HEIDMAN LAW FIRM, P.L.L.C.
1128 Historic 4th Street
P. O. Box 3086
Sioux City, IA 51101
Tel: (712) 255-8838
Fax (712) 258-6714
Email: allyson.dirksen@heidmanlaw.com

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel: (320) 289-2363
Fax: (320) 289-2369
Email: brian@wojtalewiczlawfirm.com

Archie C. Lamb, Jr.
ARCHIE LAMB & ASSOCIATES, LLC
301 19th Street North, Suite 585
The Kress Bldg.
Birmingham, AL 35203-3145
(205) 458-1210
Email: alamb@archielamb.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA 51101
Tel: (712) 234-3030
Fax: (712) 234-3034
Email: paul@lundberglawfirm.com

Gwen Simons
Simons & Associates Law, P.A.
P.O. Box 1238
Scarborough, ME 04070-1238
Tel: (207) 205-2045
Fax: (207) 883-7225
Email: gwen@simonsassociateslaw.com

*Counsel for Provider Plaintiffs*

13