FILED
2024 Dec-03 PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD } } ANTITRUST LITIGATION } (MDL NO.: 2406) } } | Master File No.:  2:13-CV-20000-RDP  This order relates to the Provider Track |

# ORDER

After more than twelve years of litigation and nine years of negotiations, Provider Plaintiffs and Defendants entered into and executed a Settlement Agreement. Provider Plaintiffs' have moved for preliminary approval of the Settlement (Doc. # 3192), and for approval of a plan for notice and appointment of settlement notice administrator and settlement administrator (Doc. # 3194). The court gave public notice of the preliminary approval hearing, and conducted that hearing on November 14, 2024.

On the night before the preliminary approval hearing, certain Non-Party Out-Of-Network Emergency Medicine Providers ("Out-of-Network ER Groups") filed an Objection to Preliminary Approval of Proposed Class Settlement and Motion for 30-Day Continuance of Preliminary Approval Hearing. (Doc. # 3211). After meeting and conferring with the parties to the Settlement, on November 22, 2024, the Out-of-Network ER Groups filed an Amended Objection. (Doc. # 3217). Their Objection asserts that:

> all of the named class Plaintiffs are in-network providers. The proposed class definition includes, however, not just in-network providers, but also out-of-network providers, including emergency medicine services providers. As described below, the record lacks a sufficient showing of (1) typicality because of the unique rights and interests of out-of-network emergency services providers, or (2) the adequacy

>of the named plaintiffs to represent the interests of out-of-network emergency services providers.

(Doc.# 3217 at 2). As an alternative to resolving this objection, the Out-of-Network ER Groups requested that the court make certain finding about the Release contained in the Settlement Agreement. (*Id*. at 7-8).

Settling Defendants have responded to the Objection. (Doc. # 3220). They assert that such an objection to the preliminary approval of the settlement is premature, and that the request for findings regarding the release is no barrier to preliminary approval. (*Id*. at 2-3). Providers have also responded to the Objection. (Doc. # 3221). They, too, contend that the objection is unwarranted at this stage and that, although there is not an out-of-network provider Class Representative, there were out-of-network members in the Working Group they put together and consulted in negotiating the settlement. (*Id*. at 3-4). Providers also note that "[p]recedent supports including in-network and out-of-network Providers in the same class." (*Id*. at 7). They explain that "[a]t least two settlements in the *In re Managed Care Litigation MDL* included a class of in-network and out-of-network physicians; both were approved, including one to which out-of-network physicians objected." (*Id*.) (citing *In re Managed Care Litig*., 2003 WL 22850070, at *6 (S.D. Fla. Oct. 24, 2003) (overruling the objection); *In re Managed Care Litig*., 2010 WL 6532985 (S.D. Fla. Aug. 15, 2010) (holding that out-of-network physicians were bound by the settlement agreement)).

### A.     The Objection is Premature

At the time of the objection, the court had not preliminarily approved the Settlement, nor had it ordered notice to the class regarding the terms of the Settlement. Following these two events, there will be a period during which the court will consider objections to the Settlement. As another Judge in this Circuit has noted,

> Review of the applicable law in matters of preliminary approval of class action settlements makes it readily apparent that [] substantive objections to the specific provisions of the proposed Settlement Agreement are premature and suited for the second stage of the class action settlement approval process: the Final Approval Hearing.

*Braynen v. Nationstar Mortg., LLC*, 2015 WL 4043012, at *1 (S.D. Fla. Jan. 30, 2015) (citing *Casey v. Citibank, N.A.*, 2014 WL 3468188, at *1 (N.D.N.Y. Mar. 21, 2014) (holding that that the "attempt to object to the proposed settlement agreement is inappropriate and premature. The proper time to present ... objections is at the final approval hearing.")); *see also Lee v. Ocwen Loan Servicing, LLC,* 2015 WL 178220, at *1 (S.D. Fla. Jan. 13, 2015), *report and recommendation adopted*, 2015 WL 309441 (S.D. Fla. Jan. 23, 2015) ("substantive objections to the specific provisions of the proposed Settlement Agreement are premature and are better suited for the second stage of the class action settlement approval process: the Final Approval Hearing"); *Brennan v. Community Bank*, 314 F.R.D. 541 (M.D. Pa. 2016) (noting that, on motion by both the plaintiff and defendant, the court had stricken an objection to the plaintiff's motion for preliminary approval of class settlement).

Following the 2018 Amendments to Rule 23, a "court must 'frontload' its analysis [of a class settlement] by considering many of the same factors at the initial notice stage that it will consider at the later approval stage." *Day v. AMC Corp.*, 2019 WL 3977253, at *3 (E.D. Ky. July 26, 2019), *report and recommendation adopted sub nom. Day v. Air Methods Corp.*, 2019 WL 3976511 (E.D. Ky. Aug. 22, 2019). The 2018 Amendments to Rule 23(e)(2) require a court considering a proposed class action settlement to consider the following factors before preliminary approval and sending out notice:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;

3

>   (C) the relief provided for the class is adequate, taking into account:
>
>   >   (i) the costs, risks, and delay of trial and appeal;
>   >
>   >   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>   >
>   >   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>   >
>   >   (iv) any agreement required to be identified under Rule 23(e)(3); and
>
>   (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2); *see also Drazen v. Pinto*, 106 F.4th 1302, 1308 (11th Cir. 2024) (reversing approval of class settlement because the district court "failed to consider the 2018 amendments to Rule 23(e)(2)").

The purpose of the 2018 Amendments was to focus the parties and the court on a "shorter list of core concerns." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment. But because the preliminary approval stage precedes notice and the opportunity to object, Rule 23 does not require the court to consider in piecemeal fashion objections to the proposed settlement as part of its approval process, so long as it considers the "core concerns" spelled out in the Rule. The court has done so, and the Out-of-Network ER Groups' Objection does not warrant a delay in notifying the class of the Settlement. The Out-of-Network ER Groups' Objection is premature, but may be renewed at the appropriate time.

### B.     The Court Will Not Issue an Advisory Opinion Regarding the Release

Again, whatever prospective concerns the Out-of-Network ER Groups may have about the Settlement's Release, that Release is not currently in effect. Nor will the release go into effect until a number of things occur, including the final approval of the Settlement and its Release by this court. Before the court can finally approve the settlement, it must provide notice to the class and

4

allow the opportunity for objections. Under the Settlement, a final approval hearing is *at least* 224 days away. (Doc. # 3192-7 at 10).

"The Constitution prohibits federal courts from issuing advisory opinions on legal issues that are not ripe." *United States v. Matthews*, 2024 WL 3616604, at *2 (N.D. Ga. May 24, 2024*), report and recommendation adopted*, 2024 WL 3609092 (N.D. Ga. July 29, 2024) (citing *Carney v. Adams*, 592 U.S. 53, 58 (2020) (in turn citing U.S. Const. Art. III, § 2))). For the court to address the Out-of-Network ER Groups' request for findings regarding the Release would involve issuing an advisory opinion. The court has no interest in engaging in that folly.

### C. Conclusion

The Out-of-Network ER Groups' Objection (Doc. # 3211) and Amended Objection (Doc. # 3217) to Preliminary Approval are **OVERRULED**.

The Out-of-Network ER Groups may renew their objection at the appropriate time.[1] And, of course, if the Out-of-Network ER Groups are uncomfortable with the Release, they need not remain in the Settlement.

**DONE** and **ORDERED** this December 3, 2024.

R. DAVID PROCTOR
CHIEF U.S. DISTRICT JUDGE

---

[1] Before renewing their Objection, the Out-of-Network ER Groups may want to consider whether the settlement is fair, reasonable and adequate, and whether it treats class members equitably relative to each other, taking appropriate account of differences among their claims,. Fed. R. Civ. P. 23(e)(2); see also Fed. R. Civ. P. 23 Advisory Committee's note to 2018 amendment; *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 2019 WL 6875472, at *27 (E.D.N.Y. Dec. 16, 2019).