FILED

2025 Jan-10 PM 12:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1

**Office of General Counsel**

415 DEXTER AVENUE
POST OFFICE BOX 671
MONTGOMERY, AL 36101
P: 334-269-1515
alabar.org



December 26, 2024



RE:    Rule 18, *Alabama Rules of Disciplinary Procedure* – Opinion

Dear ██:

This follows our conversations concerning your request for an ethics opinion from the Alabama State Bar Office of General Counsel ("OGC") pursuant to Rule 18, *Alabama Rules of Disciplinary Procedure*. You have requested an explanation of your ethical obligations relative to Rule 8.3(a), *Alabama Rules of Professional Conduct*.

You have stated the following: You and multiple colleagues represent a class of healthcare provider plaintiffs in a national class action against an association of health insurers and its member plans. In addition to the provider class, a class of the defendants' subscribers sought relief in the same class action. The subscriber class has settled its claims, the court has granted final approval to the settlement, and all appeals of that approval have been exhausted. The provider class has also executed a settlement agreement, which provides for monetary and injunctive relief. The settlement has been preliminarily approved, notice is being given to the class members, and class members must determine whether to opt out of the settlement by March 4, 2025. Your settlement is structured so that a class member that opts out will not be entitled to either the monetary or injunctive relief. A lawyer appointed by the court to represent the subscriber class is now seeking to represent individual members of the provider class, encouraging these providers to opt out of the class and bring separate litigation against the defendants. The court has recognized that the settlement's injunctive relief for providers would confer benefits on subscribers as well. A provider who opts out of the settlement will forgo the benefits of the injunctive relief for itself and for the subscribers who are its patients, adversely affecting them. In addition, the defendants have taken the position that if the provider plaintiffs prevail in litigation, insurance premiums and other healthcare costs paid by subscribers will increase. Although this is not your position, the court has not ruled on it, and there is a substantial possibility that a court could make such a ruling.

RULE 30. ALABAMA RULES OF DISCIPLINARY PROCEDURE OF THE ALABAMA STATE BAR, ADOPTED BY THE SUPREME COURT OF ALABAMA, PROVIDES THAT ALL DISCIPLINARY PROCEEDINGS SHALL REMAIN CONFIDENTIAL UNTIL A PLEA OF GUILTY OR THE DISCIPLINARY BOARD OR DISCIPLINARY COMMISSION MAKES A FINDING OF GUILT.



Page 2
December 26, 2024

You have also stated the following: By virtue of representing the subscriber class, this lawyer has obtained confidential information about the subscribers, the providers, and the defendants. The lawyer has promoted his knowledge of the case to potential clients and stated, "I know where the bodies are buried."

Although there may be other provisions of the *Alabama Rules of Professional Conduct* that are implicated, the facts you have described appear to indicate violations of Rule 1.7 (a) & (b). This Rule states that:

> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
> > (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> >
> > (2) Each client consents after consultation.
>
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or a third person, or by the lawyer's own interests, unless:
>
> > (1) The lawyer reasonably believes the representation will not be adversely affected; and
> >
> > (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation
> > of the implications of the common representation and the advantages and risks
> > involved.

Based on the inherent tension you described between the subscriber and provider classes, it would appear that both groups are directly adverse and thus would rise to the level of a conflict for the lawyer in question under Rule 1.7(a). Under Rule 1.7(a), the phrase "directly adverse" does not always mean if one client wins the other automatically loses. It can also mean that if one client wins, the other one becomes weaker in some way, loses leverage or is in some way diminished. The subscriber class benefits you described that could be lost would fall into this category. Similarly, if as a result of the class relief, the provider class emerges stronger in the marketplace (as related to the subscribers, not the defendants) and can impose concessions on the subscribers as a result of this strength, this would make the representation directly adverse. The same facts would also indicate a conflict under Rule 1.7(b) since the lawyer in question would be limited by his "responsibilities to another client." Although Rule 1.7 allows for a waiver of conflicts, it is unlikely that a lawyer in a class action case could ever meet the requirements of obtaining individual consent from each class member. It is further possible, that given the adverse

Page 3
December 26, 2024

effects of a successful provider class, the lawyer should not even ask the clients to consider a waiver.

Assuming the individuals in the subscriber class could be considered "former clients," a conflict would still arise under Rule 1.9(a), *Alabama Rules of Professional Conduct*. This Rule provides that:

A lawyer who has formerly represented a client in a matter shall not thereafter:

(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client, unless the former client consents after consultation; or

(b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.

Under a Rule 1.9 analysis, there is little argument that the representation is dealing with the "same or substantially related matter" since it is the same lawsuit. Further, based on the above-described possible adverse outcomes, it appears that the representation of the provider class would be "materially adverse" to the subscriber class and thus be an insurmountable conflict. Lastly, although you have not specifically described any facts that would definitively implicate Rule 1.9(b), this is a provision that typically is determinative in non-class cases. The attorney-client relationship is the very foundation of the beginning of the lawyer's ethical obligations in a case. This foundation allows a client to freely communicate with his or her lawyer detailed, private information that should not be disclosed unless absolutely relevant. It is certainly possible that counsel for the subscriber class obtained this type information from members of the subscriber class. Such information could also be disqualifying under Rule 1.9(b).

Under Rule 8.3(a), *Alabama Rules of Disciplinary Procedure*, you have an absolute obligation to report violations of the *Alabama Rules of Professional Conduct*. This obligation may be discharged by filing a bar complaint with the Alabama State Bar or "a tribunal or other authority empowered to investigate or act upon such violation." In other words, instead of filing a bar complaint, you may also discharge your reporting obligation by apprising the trial court of the violations.

I hope this opinion answers your questions. Please let me know if you need anything further.

Very truly yours,

Roman A. Shaul
General Counsel

RAS.ab