FILED

2025 Jan-24  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1



202.540.7200 ph
202.540.7201 fax

1700 K Street, NW
Suite 650
Washington, DC 20006

August 15, 2013

TO: ALL PLAINTIFFS' COUNSEL

Re: *In re Blue Cross Blue Shield Antitrust Litigation*, MDL 2406

This letter will set forth the terms of our joint prosecution agreement. This letter agreement ("Agreement") is intended to memorialize the Joint Prosecution and Cost Sharing Agreement among the signatories (and their co-counsel) to this agreement and their respective clients with respect to such representation (the "Joint Prosecution Group"). This Agreement also confirms that, to the extent we have already communicated with one another since the commencement of the above-referenced MDL ("Blue Cross Antitrust Cases), all of our communications and work preceding the execution of this Agreement are subject to its terms.

Our respective clients and we believe that the clients have common interests in connection with the prosecution of the Blue Cross Antitrust Cases, and that the sharing of confidential information and attorney work product will facilitate each client's legal representation. As the members of the Joint Prosecution Group, we wish to pursue the separate but common interests of our clients, without waiving any privilege as to communications and work product. We therefore agree as follows:

The following communications, whether written or oral, are confidential and shall remain so under any applicable privileges, including, but not limited to, the attorney-client privilege, the work product doctrine, the joint prosecution privileges, or the common interest rule:

(a)     any communications between or among any of our clients and any members of the Joint Prosecution Group concerning the Blue Cross Antitrust Cases;

(b)     any communications among members of the Joint Prosecution Group concerning the Blue Cross Antitrust Cases, including legal or factual analyses of documents or other materials, mental impressions, correspondence, memoranda, interview notes or reports, time records, and other information, including confidential information imparted by any client to any member of the Joint Prosecution Group (collectively the "Joint Prosecution Materials");

(c)     all work performed by members of the Joint Prosecution Group pursuant to this Agreement; and

HAUSFELD LLP

All Plaintiffs' Counsel
August 15, 2013
Page 2

(d)    all work performed by experts, consultants, independent contractors, and the like on behalf of any member of the Joint Prosecution Group.

Neither party shall reveal or divulge any such communications to any third parties unless otherwise ordered by the Court. None of the Joint Prosecution Materials obtained by any member of the Joint Prosecution Group or by that member's client pursuant to this Agreement shall be disclosed to any person who is not a signatory to this Agreement.

Each party has the right to settle the claims of its clients. However, no party (or their respective counsel) shall have any right whatsoever to claim attorney's fees from another member of the Joint Prosecution Group.

This Agreement does not require any member of the Joint Prosecution Group to share confidential client information with other members of the Joint Prosecution Group. The members of the Joint Prosecution Group and their respective clients recognize that there may be circumstances in which information known to one client may not be shared with other members of the Joint Prosecution Group.

The sharing of information and materials pursuant to the Joint Prosecution Agreement shall not (a) be deemed to create an attorney-client relationship between any law firm and anyone other than that law firm's original clients; (b) be used as a basis for seeking to disqualify any law firm from representing a client in any present or future proceeding; or (c) preclude a law firm from examining or cross-examining a witness at deposition, trial or in any other proceeding.

Further, with respect to trial preparation and the joint retention of experts and summary witnesses, where there has been a commitment to share work product, such as existing witness preparation files and other trial preparation materials, those materials will be shared even if one party settles and the other party does not.

Similarly, if one party settles, jointly retained experts and summary witnesses will continue to be available to the non-settling party. Any settlement agreement with the Defendants shall not contain any terms that prohibit the sharing of existing work product or jointly retained experts or witnesses. If one party settles, its obligation to continue to pay for joint trial expenses ceases (except for already incurred expenses) and the remaining party will assume the obligation to pay the remaining trial expenses.

Information obtained pursuant to this Agreement and information derived therefrom shall be used for no purpose other than preparation and prosecution of the Blue Cross Antitrust Cases.

HAUSFELD LLP

All Plaintiffs' Counsel
August 15, 2013
Page 3

In connection with joint trial expenses, such as trial graphics, travel expenses of the trial graphics personnel, jury consultants, trial (war) rooms and other similar expenses, any joint expenses shall be mutually agreed upon in advance in writing before they are incurred.

Any modification to this Joint Prosecution Agreement shall be effective only if it is made in writing and signed by counsel on behalf of their respective clients.

Any notices contemplated by this Agreement shall be given to each of the undersigned counsel.

AGREED:

Michael D. Hausfeld
Hausfeld LLP
Co-Lead Counsel for Subscribers

David Boies
Boies, Schiller & Flexner LLP
Co-Lead Counsel for Subscribers

Chris Hellums
Pittman, Dutton & Hellums, P.C.
Local Facilitating Counsel for Subscribers

Edith M. Kallas
Whatley Kallas LLP
Co-Lead Counsel for Providers

Joe R. Whatley, Jr.
Whatley Kallas LLP
Co-Lead Counsel for Providers

HAUSFELD

All Plaintiffs' Counsel
August 15, 2013
Page 4

E. Kirk Wood, Jr.
Wood Law Firm, LLC
Local Facilitating Counsel for Providers

Barry A. Ragsdale
Sirote & Permutt, PC
Plaintiffs' Liaison Counsel

www.hausfeldllp.com    WASHINGTON, D.C  /  PHILADELPHIA  /  SAN FRANCISCO  /  LONDON