FILED

2025 Jan-24  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:** <br> **BLUE CROSS BLUE SHIELD** <br> **ANTITRUST LITIGATION** <br> **(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP** <br><br> **This Document Relates to** <br> **Provider Track Cases** |

### DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN

1.    I am the Bruce Bromley Professor of Law at Harvard Law School.  Since 2008, I have been the sole author of the treatise now entitled, *Newberg and Rubenstein on Class Actions*, and I have been recognized as a leading national expert on class action law and practice.[1]  The law firm of Zuckerman Spaeder LLP has retained me in conjunction with its opposition to Provider Plaintiffs' Motion to Disqualify Cyril Smith and for Corrective Notice.[2]

2.    The motion arises at a critical time in the class action process – the period during which class members are considering whether to exercise their constitutionally protected rights to object or opt out.  What class members need most to assist them in their constitutional decision-making are two things:  helpful information and knowledgeable counsel.  The DQ Motion asks the Court to limit class members' access to two things:   helpful information and knowledgeable counsel.  Given the important constitutional rights at stake, class action law calls for an extremely cautious approach with, at best, very narrowly tailored restraints.  The DQ Motion falls wide of that mark in its approach to both disqualifying counsel and restricting communications.

---

[1] As I believe the Court is generally aware of my qualifications, I provide those in Exhibit A, with a list of documents I reviewed in preparing this opinion in Exhibit B.

[2] Doc. # 3232 [hereinafter "DQ Motion"].

1

*The Care Required by the Constitutional Setting*

3.      In a 56-page Order dated December 4, 2024, this Court granted preliminary approval to the proposed Provider settlement.[3] The Settlement is a significant achievement, reflecting more than a decade of hard work by the parties and this Court.  If final approval is granted, the class will receive close to $3 billion in monetary relief, net of fees and costs, as well as certain agreed-to changes to Defendants' practices (which the parties refer to as "injunctive relief").

4.      The Court's preliminary approval order initiated a critical phase of a class action lawsuit:  the provision of notice to the absent class members and a time period during which those class members are afforded the opportunity to study the proposed settlement, in conjunction with their own counsel should they so choose, and to make critical decisions in response to it. Specifically, absent class members must decide whether they would like to remain in the class and recover under the settlement, object to the settlement, and/or opt out of the settlement.

5.      The Supreme Court has long held that these aspects of the class action process are constitutionally required, specifically that class members have constitutionally protected rights, *inter alia*, to receive notice, to object to a proposed settlement, and to opt out of a proposed settlement.[4] Important Due Process issues that lie at the core of our legal system are, accordingly, at stake during this constitutional phase of the class action.

---

[3] Mem. Op. and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator, Doc. # 3225 [hereinafter "Prelim. App. Order"].

[4] *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel. . . . Additionally, we hold that due process requires ***at a minimum*** that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an 'opt out' or 'request for exclusion' form to the court.") (emphasis added); *see also Wal-Mart*

2

6.      The Court has shown characteristic respect for these constitutional values by granting class members at least two full months[5] during which to study the settlement, consult with independent counsel should they so choose, and decide whether and how to exercise their constitutional options.

7.      For class members to meaningfully comprehend and exercise their constitutional options regarding the proposed settlement, they need at least two things – information and counsel:

- *Class members need information.*  It is axiomatic that class members need as much information as possible to guide their constitutional decision-making.  As no Provider class had previously been certified, class members have never before received any notice from the Court or parties about the lawsuit, nor therefore have they received any pertinent information about the claims and defenses.  All of this is new to them.  The class notice, FAQs, and website are an important start.  But these documents embody two inherent limitations:  They were drafted by proponents of the settlement and, try as we might, these official notice documents are often largely unintelligible to non-lawyers.  (I myself gave up trying to ascertain what a hospital's claim might be worth when, arriving at notice question 9, I was introduced to the "Regression Model Summary.")[6]

- *Class members need counsel.*  It strikes me as quite fair to conclude that class members will be assisted if they are able to speak with knowledgeable antitrust lawyers to help them understand the issues.  The Notice directs them to the Settlement Notice Administrator and/or Co-Lead Counsel.[7]  So far, so good, but so far, only involved parties are speaking.  A non-participating lawyer provides a different perspective on the proposed settlement than those who negotiated it or were hired by those lawyers to implement it.  That perspective will be especially insightful if the non-participating lawyer is herself familiar with the area of law at issue.  Antitrust lawyers not involved in negotiating this particular settlement – and not benefiting from it – offer knowledgeable insight from an outside perspective.  It is true, of course, that the non-participating lawyer's perspective may not be completely neutral, as that lawyer may

---

*Stores, Inc. v. Dukes,* 564 U.S. 338, 363 (2011) ("In the context of a class action predominantly for money damages we have held that absence of notice and opt out violates due process."). Rule 23 therefore necessarily embodies these rights.  *See* Fed. R. Civ. P. 23(e)(1) (requiring notice); Fed. R. Civ. P. 23(c)(2)(B)(v) (requiring notice and exclusion option); Fed. R. Civ. P. 23(e)(4) (enabling second opt out option); Fed. R. Civ. P. 23(e)(5) (enabling objection).

[5] The Court ordered notice to be completed by January 3, 2025, while setting March 4, 2025, as the deadline to opt out or object.  Prelim. App. Order at 56.

[6] Class Notice at 10.

[7] *Id.* at 9.

seek to represent the absent class member as an opt-out plaintiff and hedge her advice accordingly. But that is typically true of a "second opinion," and does not alter the fact that the outside antitrust lawyer is both knowledgeable and a counterweight to cheerleaders for the settlement.

8. Given the importance for class members to receive information from knowledgeable lawyers, the Massachusetts Health and Hospital Association (MHHA) webinar that is the basis of the DQ Motion served functions that are missing from the account presented in that motion:

- *First*, Mr. Smith informs me that the MHHA is a former client of his firm. The law encourages such ongoing attorney-client relationships by, for example, exempting former clients from solicitation regulations.[8] It is important that clients have the capacity to rely on former counsel for recurring advice.

- *Second,* the MHHA is an advocacy organization for the Commonwealth of Massachusetts's hospitals, health systems, and healthcare providers. That means that all of its constituent members are likely absent members of the Provider class. Each of those members is facing the opt-out/objection decision and yearning for information. The fact that its lobbying organization would host a webinar on point is precisely the sort of educational/informational program that class action law should applaud.

- *Third*, the speakers at the webinar were uniquely situated to provide advice about the pending settlement. Mr. Smith was, of course, on the leadership committee for the Subscriber case. Mr. Smith's partner, Bill Schultz, who also attended the webinar, is essentially the leading healthcare lawyer in the United States, having served as General Counsel at HHS for five years, as well as in numerous similar positions in Congress and the Executive Branch.[9]

- *Fourth*, the webinar (a) provided information to the Providers about the settlement, including, importantly, its deadlines; (b) answered Providers' questions about the settlement; (c) directed Providers to settlement resources; (d) encouraged Providers to contact Co-Lead Class Counsel; and (e) offered Providers further counsel in considering their options as to the Settlement – precisely the type of activities class action law, again, should applaud during the constitutional period of the class action.

- *Fifth*, Mr. Smith was transparent about the fact that he and his firm were offering to speak further with any interested Providers about their litigation options. Those

---

[8] Model R. Pro. Conduct 7.3(b)(2); Ala. R. Pro. Conduct 7.3(a).

[9] William B. Schultz, LinkedIn, https://www.linkedin.com/in/william-b-schultz-1429b7168/ (last visited Jan. 24, 2025).

attending surely had the capacity to discount Mr. Smith's remarks, given this self-interest, as they deemed appropriate. These absent class member hospitals are businesses, often with general counsel, and hence are "less susceptible to being unduly influenced by attorneys who contact them, and they are unlikely to opt out of the class and secure independent counsel absent a reasonable determination that such a step is in their best interest."[10]

9. The fact that Mr. Smith and his firm seek to perpetuate the knowledge that they gained in the Subscriber action by representing Providers also serves functions that are missing from the account presented in the DQ Motion. Mr. Smith's knowledge of the Blues' practices is very helpful to Provider plaintiffs, whether they seek to stay in, opt out, or object to the settlement. Ethical norms encourage the referral of cases to skilled professionals[11] and would generally endorse Mr. Smith's representation of more BCBS plaintiffs. Indeed, ethics rules flat out bar so-called attorney "buy-out" agreements, whereby lawyers agree, in conjunction with the settlement of a current client's case, not to represent future plaintiffs suing the same defendant.[12] The ABA has explained that it outlaws buy-out agreements because, *inter alia*, such agreements "restrict[] the access of the public to lawyers who, by virtue of their background and experience, might be the very best available talent to represent these individuals."[13] Yet the practical effect of the DQ Motion is to turn Mr. Smith's fees in the Subscriber case into a buy-out agreement, a point hinted at in the DQ Motion.[14]

---

[10] *Superior Beverage Co. v. Owens-Illinois, Inc.*, No. 83 C 512, 1988 WL 87038, at *2 (N.D. Ill. Aug. 16, 1988).

[11] Model R. Pro. Conduct 1.1 & cmt. [2] ("Competent representation can also be provided through the association of a lawyer of established competence in the field in question."); Ala. R. Pro. Conduct 1.1 & cmt. (same).

[12] Model R. Pro. Conduct 5.6(b); Ala. R. Pro. Conduct. 5.6(b).

[13] ABA Comm. on Ethics & Pro. Resp., Formal Op. 93-371, *Restrictions on the Right to Represent Clients in the Future* 3 (1993).

[14] Doc. # 3232 at 14 ("Mr. Smith has already been well paid for his work for the Subscribers . . . .").

10.     With the facts now in a broader perspective, it is not surprising to find that class action _**law**_ buttresses the two central policy concerns – access to information and access to counsel – with significant protections for absent class members during this constitutional phase:

- *Class action law warns against overbroad restrictions on communications with absent class members.*  Nearly a half century ago, the Supreme Court, in its unanimous *Gulf Oil* decision,[15] established a framework for judicial oversight of communications with absent class members.[16]  It therein noted both the value, and potential risk, of such communications and held that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."[17]  While sidestepping explicit First Amendment issues, the Court nonetheless warned that limitations on communications involved "serious restraints on expression" that "_**at minimum**_, counsel[] caution on the part of a district court in drafting such an order, and attention to whether the restraint is justified by a likelihood of serious abuses."[18]

- *Class action law protects class members' access to their own counsel.*  In a variety of ways, class action law safeguards class members' individual right to counsel even while their claims are litigated in the aggregate.  Rule 23 requires that class certification notice inform class members that they may "enter an appearance through an attorney if the member so desires,"[19] for example.  During the critical constitutional period of settlement this case is now in, the Third Circuit has noted that "the 'best notice' provision in Rule 23(c)(2)(B) affords class members the right to contact their own attorneys to determine whether joining a proposed class-wide settlement is in their best interests."[20]  Moreover, this class's notice informs class members that if they exercise their constitutional right to opt out, the class lawyers no longer represent them and if they "wish to pursue [their] own lawsuit . . . [they] will need to hire a lawyer."[21]

---

[15] *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981).

[16] For a discussion, see William B. Rubenstein, 3 *Newberg and Rubenstein on Class Actions* § 9:3 (6th ed. 2022 & Supp. 2024) [hereinafter "*Newberg and Rubenstein on Class Actions*"].

[17] *Gulf Oil*, 452 U.S. at 101.

[18] *Id.* at 104 (emphasis added); *see also* 3 *Newberg and Rubenstein on Class Actions* § 9:4.

[19] Fed. R. Civ. P. 23(c)(2)(B)(iv).

[20] *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 312–13 (3d Cir. 2005) (footnote omitted).

[21] Class Notice at 17.

*The Need for More Rigor in the Legal Analysis*

11.    Applying these principles to the present facts, it becomes evident that class action law demands far more to be proven, far more carefully, before lawyers are disqualified or information is restricted.

*The DQ Argument*

12.    Any disqualification motion is a serious endeavor that requires the most careful judicial scrutiny.  The Eleventh Circuit has held that "a motion to disqualify is a drastic measure."[22] Thus, just last year, Chief Judge Marks in the Middle District of Alabama, held that:

> [C]ourts should hesitate to impose the drastic measure of disqualification except when absolutely necessary. . . . [T]he moving party is held to a high standard of establishing the basis for the motion, and the need for disqualification. . . . [B]ecause a motion for disqualification is such a potent weapon and can be misused as a technique for harassment, the court must exercise extreme caution in considering disqualification.[23]

13.    These admonitions apply with special force here, as the DQ Motion is pursued by self-interested counsel at the very moment when absent class members are attempting to independently assess the value ***of those very counsel's efforts***.  The need for access to independent antitrust lawyers is an especially important adjunct to preserving absent class members' constitutional rights.

14.    Despite the need for care, numerous aspects of the DQ Motion are imprecise and portray an inaccurate picture of the actual situation.  Among the problems are the following:

---

[22] *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 754 (11th Cir. 2006) (citing *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 (11th Cir. 1982)).

[23] *Barbour v. Hamm*, No. 2:01-CV-612-ECM, 2023 WL 4216954, at *2 (M.D. Ala. June 27, 2023) (cleaned up).

a.       The DQ part of the DQ motion relies on the argument that Mr. Smith served as class counsel for the Subscriber Class,[24] but he did not.[25]  He had several individual Subscriber clients,[26] and he served on the Plaintiffs' Steering Committee.[27]  He formed an attorney-client relationship only with the individual clients, not with the class.  His duties to Subscriber class members who were not his individual clients are based on more amorphous fiduciary duties arising out of his service in the MDL leadership.  But the DQ Motion never employs the phrase "fiduciary duties" – nor cites any cases disqualifying an attorney on the basis of these amorphous duties – and generally these duties are less, not more, rigorous than those imposed on class counsel.

b.       When the focus is trained on Mr. Smith's actual Subscriber clients, it is difficult to identify how his representation of a Provider client would be "directly adverse to" those clients. The critical point of disloyalty, according to the DQ Motion,[28] is that if a Provider opts out of the

---

[24] Doc. # 3232 at 1 (identifying Mr. Smith as "class counsel for the Subscribers' settlement class"); *id*. at 6 ("When an attorney represents a class, as Mr. Smith does here . . .").

[25] This Court initially designated David Boies and Michael Hausfeld as "Interim Co-Lead Class Counsel."  Doc. # 61 at 1-2.  In granting final approval, the Court appointed these lawyers' firms to serve as Settlement Class Counsel.  Doc. # 2931 at 83-84 ("Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the court **APPOINTS** Hausfeld, LLP and Boies Schiller Flexner, LLP as Settlement Class Counsel for the Settlement Classes and Burns Charest, LLP as Self-Funded Sub-Class Settlement Counsel for the Self-Funded Sub-Class.").

The DQ Motion itself later acknowledges that Mr. Smith did not serve as class counsel:  When it turns from seeking disqualification to attacking Mr. Smith's webinar statements, it suddenly demotes him and chastises him for alleging he helped "oversee" the litigation by noting that, "This Court appointed David Boies and Michael Hausfeld, not Mr. Smith, to oversee the Subscriber litigation."  Doc. # 3232 at 9.

[26] Specifically, Mr. Smith moved for admission *pro hac vice* in *Cerven v. Blue Cross and Blue Shield of North Carolina*, Case No. 5:12-cv-17, Doc. # 61 (W.D.N.C. May 2, 2012), noting that he would be representing, "Kelli R. Cerven, Keith O. Cerven, Teresa M. Cerven, DFW Vending LLC and SHGI Corp."  *Id.* at 1.  That Court approved the motion.  Doc. # 63.  The Judicial Panel on Multidistrict Litigation transferred that matter into the MDL in December 2012, Doc. # 89, and Mr. Smith was accordingly admitted here for this representation.

[27] Doc. # 61 at 2.

[28] Doc. # 3232 at 6.

Provider Settlement, that Provider's Subscriber clients lose the benefits that might have flowed to them from the Provider injunctive relief, which is denied to opt-out Providers.[29]    Given Mr. Smith's few Subscriber clients, the only way this conflict – if conflict it be – could manifest would be if Mr. Smith happened to represent the Provider used by his handful of Subscriber clients.  That possibility is remarkably remote and can easily be cured – if cure were needed – by consent from his current Subscriber and future Provider plaintiffs.

        c.        Even if Mr. Smith is viewed as class counsel, it is difficult to see any conflict in his representation of Providers.  The DQ Motion mentions that class conflicts cannot be waived, but the flip side of that coin is equally salient.  The allegedly harmed Subscriber clients of Mr. Smith's potential Provider client are absent class members in the Subscriber class.  ABA Model Rule 1.7 cmt. 25 specifically holds that absent class members are not individual clients of class counsel and that class counsel need not clear conflicts with them.[30]  A class lawyer can even sue absent class members in an unrelated matter.[31]  Thus, even Subscriber's class counsel would not be precluded from representing individual Provider plaintiffs.  And indeed, ***in this very matter***, one of the two firms that the Court appointed as the Subscriber class's Settlement Class Counsel (Boies Schiller

---

[29] That provision raises concerns under Rule 23 and the Constitution that are beyond the scope of the present opinion.

[30] Model R. Pro. Conduct 1.7(a) cmt. [25] ("When a lawyer represents or seeks to represent a class of plaintiffs or defendants in a class-action lawsuit, unnamed members of the class are ordinarily not considered to be clients of the lawyer for purposes of applying paragraph (a)(1) of this Rule.").

[31] *Id.* ("Thus, the lawyer does not typically need to get the consent of such a person before representing a client suing the person in an unrelated matter.")

Flexner, LLP)[32] is doing just that (representing an individual Provider plaintiff)[33] – yet it has not been subjected to a disqualification motion for alleged "unwaivable conflicts of interest."[34]

15.    The DQ Motion's imprecision on these points argues against the conclusion that it has met the very high burden the law demands before the drastic penalty of disqualification is levied.

### *The Cure Argument*

16.    As noted above, "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."[35]  This is because limitations on communications involve "serious restraints on expression" that "***at minimum***, counsel[] caution on the part of a district court in drafting such an order, and attention to whether the restraint is justified by a likelihood of ***serious abuses***."[36]

17.    The DQ Motion's effort to require factual corrections suffers from the same sense of imprecision as its DQ portion.  The brief in opposition to the DQ Motion – a draft of which I reviewed in writing this report – recites a set of errors, and I need not repeat them here.  But their

---

[32] *See supra* note 25.

[33] *See* Plaintiff Anesthesia Associates of Ann Arbor, PLLC's Second Amended Complaint, Doc. # 79, at 62-63, *Anesthesia Assocs. of Ann Arbor, PLLC v. Blue Cross Blue Shield of Michigan Mut. Ins. Co.*, No. 2:23-cv-00461-RDP (Sept. 20, 2024) (identifying Boies Schiller Flexner LLP as "Counsel for Plaintiff Anesthesia Associates of Ann Arbor, PLLC").

[34] The fact that Settlement Class Counsel's client filed its individual Provider case prior to the proposed Provider class settlement – effectively opting out of the aggregate litigation in advance – seems immaterial to the DQ Motion's broadly alleged conflict and confidentiality concerns.

[35] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

[36] *Id.* at 104 (emphases added).

breadth again provides strong support for the conclusion that the DQ Motion cannot meet the very high burden the law demands before communications with absent class members are restricted.

\* \* \*

18.    The Court is forced to adjudicate this motion in the midst of the most constitutionally pertinent time period of this long-running MDL.  The Court's function at this juncture, as it well knows, is to serve as a fiduciary **_for absent class members_**[37] – not for class counsel, not for defendants, not as a cheerleader for the settlement nor an opponent of it.  The goal is to help the absent class members exercise **_their_** constitutional rights and reach a conclusion that best fits **_their_** litigation interests.  What they most need to hit that mark is good information and competent counsel.  Mr. Smith and his firm are precisely the types of lawyers who could assist absent class members.  A judicial ruling limiting class members, including his firm's own former clients, from consulting with Mr. Smith and/or limiting his ability to provide them with information should issue only upon the Court's complete confidence that a clear showing of serious abuse has been demonstrated – and that has not been done here.

_____

January 24, 2025                                    William B. Rubenstein

---

[37] 4 _Newberg and Rubenstein on Class Actions_ § 13:40.

11

# EXHIBIT A

*In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2046)
Case No. 2:13-CV-20000-RDP
U.S. District Court for the Northern District of Alabama

### DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN

EXHIBIT A
BACKGROUND AND QUALIFICATIONS

1.    I am the Bruce Bromley Professor of Law at Harvard Law School.  I graduated from Yale College, *magna cum laude*, in 1982 and from Harvard Law School, *magna cum laude*, in 1986.  I clerked for the Hon. Stanley Sporkin in the U.S. District Court for the District of Columbia following my graduation from law school.  Before joining the Harvard faculty as a tenured professor in 2007, I was a law professor at the UCLA School of Law for a decade, and an adjunct faculty member at Harvard, Stanford, and Yale Law Schools while a litigator in private practice during the preceding decade.  I am admitted to practice law in the Commonwealth of Massachusetts, the State of California, the Commonwealth of Pennsylvania (inactive), the District of Columbia (inactive), the U.S. Supreme Court, six U.S. Courts of Appeals, and four U.S. District Courts.

2.    My principal area of scholarship is complex civil litigation, with a special emphasis on class action law.  I am the author, co-author, or editor of five books and more than a dozen scholarly articles, as well as many shorter publications (a fuller bibliography appears in my appended c.v.).  Much of this work concerns various aspects of class action law.  Since 2008, I have been the sole author of the leading national treatise on class action law, *Newberg on Class Actions*.  Between 2008 and 2017, I rewrote the entire multi-volume treatise from scratch as its Fifth Edition and, subsequently, produced the treatise's Sixth Edition – *Newberg and Rubenstein on Class Actions* – which was published in 2022.  My work has been excerpted in casebooks on complex litigation, as noted on my c.v.

**A-1**

3.     My expertise in complex litigation has been recognized by judges, scholars, and lawyers in private practice throughout the country for whom I regularly provide consulting advice and educational training programs.  Between 2010 and 2023, the Judicial Panel on Multidistrict Litigation (JPML) annually invited me to give a presentation on the current state of class action law at its MDL Transferee Judges Conference.  The Federal Judicial Center invited me to participate as a panelist (on the topic of class action settlement approval) at its March 2018 judicial workshop celebrating the 50th anniversary of the JPML, *Managing Multidistrict and Other Complex Litigation Workshop*.  The Ninth Circuit invited me to moderate a panel on class action law at the 2015 Ninth Circuit/Federal Judicial Center Mid-Winter Workshop.  The American Law Institute selected me to serve as an Adviser on a Restatement-like project developing the *Principles of the Law of Aggregate Litigation*.  In 2007, I was the co-chair of the Class Action Subcommittee of the Mass Torts Committee of the ABA's Litigation Section.  I am on the Advisory Board of the publication *Class Action Law Monitor*.  I have often presented continuing legal education programs on class action law at law firms and conferences.

4.     My teaching focuses on procedure and complex litigation.  I regularly teach the basic civil procedure course to first-year law students, and I have taught a variety of advanced courses on complex litigation, professional responsibility concerns in aggregate litigation, remedies, and federal litigation.  I have received honors for my teaching, including: the Albert M. Sacks-Paul A. Freund Award for Teaching Excellence, as the best teacher at Harvard Law School during the 2011–2012 school year; the Rutter Award for Excellence in Teaching, as the best teacher at UCLA School of Law during the 2001–2002 school year; and the John Bingham Hurlbut Award for Excellence in Teaching, as the best teacher at Stanford Law School during the 1996–1997 school year.

**A-2**

5.      My academic work on class action law follows a significant career as a litigator. For nearly eight years, I worked as a staff attorney and project director at the national office of the American Civil Liberties Union (ACLU) in New York City.  In those capacities, I litigated dozens of cases on behalf of plaintiffs pursuing civil rights matters in state and federal courts throughout the United States.  I also oversaw and coordinated hundreds of additional cases being litigated by ACLU affiliates and cooperating attorneys in courts around the country.  I therefore have personally initiated and pursued complex litigation, including class actions.

6.      I have been retained as an expert witness in more than 115 cases and as an expert consultant in another 40 or so cases.  These cases have been in state and federal courts throughout the United States; most have been complex class action cases, and many have been MDL proceedings.  I have been retained to testify as an expert witness on issues ranging from the propriety of class certification, to the reasonableness of settlements and fees, to the preclusive effect of class action judgments.  I have been retained by counsel for plaintiffs, for defendants, and for objectors.

7.      Courts have also appointed me to serve as their expert witness in complex matters:

- In 2015, the United States Court of Appeals for the Second Circuit appointed me to argue for affirmance of a district court order that significantly reduced class counsel's fee request in a large, complex securities class action, a task I completed successfully when the Circuit summarily affirmed the decision on appeal.[1]

- In 2017, the United States District Court for the Eastern District of Pennsylvania appointed me to serve as an expert witness on certain attorney's fees issues in the National Football League (NFL) Players' Concussion Injury Litigation (MDL 2323).

---

[1] *See In re IndyMac Mortg.-Backed Sec. Litig.*, 94 F. Supp. 3d 517 (S.D.N.Y. 2015), *aff'd sub nom. DeValerio v. Olinski*, 673 F. App'x 87 (2d Cir. 2016).

**A-3**

In my final report to the Court, I recommended, *inter alia*, that the Court should cap individual retainer agreements at 22%, a recommendation that the Court adopted.[2]

- In 2018, the United States District Court for the Northern District of Ohio appointed me to serve as an expert consultant to the Court on complex class certification and common benefit fees issues in the National Prescription Opiate Litigation (MDL 2804).

- The United States District Courts for the Southern District of New York and the Eastern District of Pennsylvania have both appointed me to serve as a mediator to resolve complex matters in class action cases.

8.      Courts have often relied on my expert witness testimony.[3]

9.      I have been retained in this matter by Zuckerman Spaeder LLP to provide a

Declaration to the Court concerning the issues set forth in the Provider Plaintiffs' Motion to

---

[2] *In re Nat'l Football League Players' Concussion Inj. Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *1 (E.D. Pa. Apr. 5, 2018) ("I adopt the conclusions of Professor Rubenstein and order that IRPAs' fees be capped at 22% plus reasonable costs.").

[3] *See, e.g.*, *In re Genetically Modified Rice Litig.*, 764 F.3d 864, 872 (8th Cir. 2014); *In re Zetia (Ezetimibe) Antitrust Litig.*, No. 2:18-MD-2836, 2022 WL 18108387, at *7 (E.D. Va. Nov. 8, 2022); *Reed v. Light & Wonder, Inc.*, No. 18-CV-565-RSL, 2022 WL 3348217, at *1-2 (W.D. Wash. Aug. 12, 2022); *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-CV-0256 (LAK), 2021 WL 2453972, at *2-3 (S.D.N.Y. June 15, 2021); *In re Facebook Biometric Info. Priv. Litig.*, No. 15-CV-03747-JD, 2021 WL 757025, at *10-12 (N.D. Cal. Feb. 26, 2021); *Kater v. Churchill Downs Inc.*, No. 15-CV-00612-RSL, 2021 WL 511203, at *1-2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Playtika Ltd.*, No. 18-CV-5277-RSL, 2021 WL 512230, at *1-2 (W.D. Wash. Feb. 11, 2021); *Wilson v. Huuuge, Inc.*, No. 18-CV-5276-RSL, 2021 WL 512229, at *1-2 (W.D. Wash. Feb. 11, 2021); *Amador v. Baca*, No. 210CV01649SVWJEM, 2020 WL 5628938, at *13 (C.D. Cal. Aug. 11, 2020); *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 12-0660-DRH, 2018 WL 6606079, at *10, 14 (S.D. Ill. Dec. 16, 2018); *Krakauer v. Dish Network, L.L.C.*, No. 1:14-CV-333, 2018 WL 6305785, at *5 (M.D.N.C. Dec. 3, 2018); *In re Nat'l Football League Players' Concussion Injury Litig.*, No. 2:12-md-02323-AB, 2018 WL 1658808, at *2-4 (E.D. Pa. Apr. 5, 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 3175924, at *3 (N.D. Cal. July 21, 2017); *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069, 2017 WL 1369741, at *5 (N.D. Ill. Apr. 10, 2017), *aff'd sub nom. Birchmeier v. Caribbean Cruise Line, Inc.*, 896 F.3d 792 (7th Cir. 2018); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9-10 (N.D. Cal. Sept. 2, 2015); *Asghari v. Volkswagen Grp. of Am., Inc.*, No. 13-CV-02529 MMM, 2015 WL 12732462, at *44 (C.D. Cal. May 29, 2015); *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-md-2591-JWL, 2015 WL 2165341, at *5 (D. Kan. May 8, 2015); *Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1172 (C.D. Cal. 2010); *Commonwealth Care All. v. Astrazeneca Pharm. L.P.*, No. CIV.A. 05-0269 BLS 2, 2013 WL 6268236, at *2 (Mass. Super. Aug. 5, 2013).

**A-4**

Disqualify Cyril Smith and for Corrective Notice, Doc. # 3232. I am being compensated for providing this Declaration. I was paid a flat fee in advance of rendering my opinion, so my compensation is in no way contingent upon its content.

10. In analyzing these issues, I have discussed the case with the counsel who retained me. I have also reviewed documents from this litigation and the related cases, a list of which is attached as Exhibit B, and I have reviewed the case law and scholarship relevant to the issues herein.

11. My full c.v. is set forth in the succeeding pages.

**A-5**

`

# PROFESSOR WILLIAM B. RUBENSTEIN

Harvard Law School - AR323                                        (617) 496-7320
1545 Massachusetts Avenue                              rubenstein@law.harvard.edu
Cambridge, MA 02138

### ACADEMIC EMPLOYMENT

HARVARD LAW SCHOOL, CAMBRIDGE MA
      Bruce Bromley Professor of Law                            2018-present
      Sidley Austin Professor of Law                              2011-2018
      Professor of Law                                            2007-2011
      Bruce Bromley Visiting Professor of Law                     2006-2007
      Visiting Professor of Law                       2003-2004, 2005-2006
      Lecturer in Law                                             1990-1996

| | |
|---|---|
| *Courses:* | Civil Procedure; Class Action Law; Remedies; Legal Profession |
| *Awards*: | 2012 Albert M. Sacks-Paul A. Freund Award for Teaching Excellence |
| *Membership:* | American Law Institute; American Bar Foundation Fellow |

UCLA SCHOOL OF LAW, LOS ANGELES CA
      Professor of Law                                            2002-2007
      Acting Professor of Law                                     1997-2002

| | |
|---|---|
| *Courses*: | Civil Procedure; Complex Litigation; Remedies |
| *Awards*: | 2002 Rutter Award for Excellence in Teaching |
| | Top 20 California Lawyers Under 40, *Calif. Law Business* (2000) |

STANFORD LAW SCHOOL, STANFORD CA
      Acting Associate Professor of Law                           1995-1997

| | |
|---|---|
| *Courses*: | Civil Procedure; Federal Litigation |
| *Awards*: | 1997 John Bingham Hurlbut Award for Excellence in Teaching |

YALE LAW SCHOOL, NEW HAVEN CT
      Lecturer in Law                                             1994, 1995

BENJAMIN N. CARDOZO SCHOOL OF LAW, NEW YORK NY
      Visiting Professor                                         Summer 2005

### LITIGATION-RELATED EMPLOYMENT

AMERICAN CIVIL LIBERTIES UNION, NATIONAL OFFICE, NEW YORK NY
      Project Director and Staff Counsel                          1987-1995
      -Litigated impact cases in federal and state courts throughout the United States.
      -Supervised a staff of attorneys at the national office, oversaw work of ACLU attorneys
      around the country and coordinated work with private cooperating counsel nationwide.
      -Significant experience in complex litigation practice and procedural issues; appellate
      litigation; litigation coordination, planning and oversight.

HON. STANLEY SPORKIN, U.S. DISTRICT COURT, WASHINGTON DC
      Law Clerk                                                   1986-87

PUBLIC CITIZEN LITIGATION GROUP, WASHINGTON DC
      Intern                                                    Summer 1985

**A-6**

EDUCATION

HARVARD LAW SCHOOL, CAMBRIDGE MA
        J.D., 1986, *magna cum laude*

YALE COLLEGE, NEW HAVEN CT
        B.A., 1982, *magna cum laude*
                Editor-in-Chief, YALE DAILY NEWS

SELECTED COMPLEX LITIGATION EXPERIENCE

*Professional Service and Highlighted Activities*

◊   *Author,* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019))

◊   *Speaker,* Judicial Panel on Multidistrict Litigation, Multidistrict Litigation (MDL) Transferee Judges Conference, Palm Beach, Florida (provided presentation to MDL judges on recent developments in class action law and related topics (2010, 2011, 2013-2019)

◊   *Panelist,* Federal Judicial Center, *Managing Multidistrict Litigation and Other Complex Litigation Workshop* (for federal judges) (March 15, 2018)

◊   *Amicus curiae,* authored *amicus* brief on proper approach to incentive awards in class action lawsuits in conjunction with motion for rehearing *en banc* in the United States Court of Appeals for the Eleventh Circuit (*Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020))

◊   *Amicus curiae,* authored *amicus* brief in United States Supreme Court on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, 139 S. Ct. 1041 (2019))

◊   *Amicus curiae,* authored *amicus* brief in California Supreme Court on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 687 (Cal. 2016) (noting reliance on *amicus* brief))

◊   *Amicus curiae,* authored *amicus* brief in the United States Supreme Court filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011))

◊   *Adviser,* American Law Institute, *Project on the Principles of the Law of Aggregate Litigation*, Philadelphia, Pennsylvania

◊   *Co-Chair,* ABA Litigation Section, Mass Torts Committee, Class Action Sub-Committee, 2007

◊   *Planning Committee,* American Bar Association, Annual National Institute on Class Actions Conference, 2006, 2007

◊   *"Expert's Corner"* (Monthly Column)*, Class Action Attorney Fee Digest,* 2007-2011

**A-7**

## Judicial Appointments

◊ *Co-Mediator.*   Appointed by the United States District Court for the Eastern District of Pennsylvania to help mediate a complex attorney's fees issue (*In re National Football League Players' Concussion Injury Litigation*, Civil Action No. 2:12-md-02323 (E.D. Pa. June-September 2022))

◊ *Meditator.*   Appointed by the United States District Court for the Southern District of New York to mediate a set of complex issues in civil rights class action (*Grottano v. City of New York*, Civil Action No. 15-cv-9242 (RMB) (May 2020-January 2021))

◊ *Expert consultant.*   Appointed by the United States District Court for the Northern District of Ohio, and Special Master, as an expert consultant on class certification and attorney's fees issues in complex multidistrict litigation (*National Prescription Opiate Litigation,* MDL 2804, Civil Action No. 1:17-md-2804 (N.D. Ohio Aug. 13, 2018; June 29, 2019; March 10, 2020))

◊ *Expert witness.*   Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D. Pa. April 5, 2018))

◊ *Appellate counsel.*   Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom.*, *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016))

## Expert Witness

◊ Submitted expert witness declaration and scheduled to testify at trial concerning valuation of class action settlement (*In the Matter of the Petition for the Allocation of Aggregate Settlement Amount Between the Individual Settlement and the Class Settlement of the Maui Fire Cases,* Case No. S.P. No. 2CSP-24-0000049 (Hawai'i Cir. Ct., Second Circuit, 2024-2025))

◊ Submitted two expert witness declarations concerning reasonableness of proposed settlement in nationwide insurance class action, in light of competing litigation (*Glover v. Connecticut General Life Insurance Co., et al.,* Civil Action No. 3:16-cv-00827-MPS (D. Conn. 2024))

◊ Submitted expert witness declaration concerning ethics of class counsel and other objections to proposed complex class action settlement (*In re National Prescription Opiate Litigation (Third Party Payor Actions),* Case No. 1:17-md-02804-DAP (N.D. Ohio 2024))

◊ Submitted expert witness declaration and deposed as to class certification requirements (*Gateway Royalty LLC v. EAP Ohio LLC,* Case No. 5:20-cv-02813 (N.D. Ohio 2024))

◊ Submitted expert witness declaration on history and equity of proposed allocation system in complex class action settlement (*In re National Prescription Opiate Litigation (Third Party Payor Actions),* Case No. 1:17-md-02804-DAP (N.D. Ohio 2024))

**A-8**

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Drazen v. GoDaddy.com,* Civil Action No. 1:19-cv-00563-KD-B (S.D. Ala. 2024))

◊   Retained as an expert witness concerning reasonableness of attorney's fee request (*In re Apple Inc. Securities Litigation*, Case No. 4:19-cv-02033-YGR (N.D. Cal. 2024))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Brown v. Google LLC,* Civil Action No. 4:20-cv-03664 (N.D. Cal. 2024))

◊   Submitted expert witness declaration concerning proper approach to – and reasonableness of – attorney's fee request (*Parris v. Meta Platforms, Inc.,* Case No. 2023LA000672 (Illinois Circuit Court, DuPage Cty., 2024))

◊   Submitted expert witness declaration concerning proper approach to – and reasonableness of – attorney's fee request (*Barr v. SelectBlinds LLC,* Civil Action No. 2:22-cv-08326-SPG-PD (C.D. Cal. 2023))

◊   Submitted expert witness declaration on history and equity of proposed allocation system in complex class action settlement (*In re McKinsey & Co. Inc. National Prescription Opiate Consultant Litigation,* Case No. 3:21-md-02996-CRB (N.D. Cal. 2023))

◊   Submitted expert witness declaration concerning reasonableness of proposed hourly rates used in lodestar cross-check submission (*In re National Veterans Legal Services Program, et al. v. United States,* Case No. 1:16-CV-00745-PLF (D. D.C. 2023))

◊   Submitted expert witness declarations concerning reasonableness of – and proper approach to – attorney's fees in context of issue class action judgment (*James, et al., v. PacifiCorp, et al.,* Civil Action No. 20CV33885 (Oregon Circuit Court, Multnomah Cty. 2023))

◊   Retained as an expert witness concerning reasonableness of attorney's fee request (*In re Wells Fargo & Company Securities Litigation*, Case No. 1:20-cv-04494-GHW (S.D.N.Y. 2023))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*In re Facebook, Inc. Consumer Privacy User Profile Litigation,* Civil Action No. 3:18-cv-02843-VC (N.D. Cal. 2023))

◊   Submitted expert witness declaration concerning constitutionality of proposed procedures for resolving aggregate claims within a bankruptcy proceeding (*In re PG&E Corporation and Pacific Gas and Electric Company,* Bankruptcy Case No. 19-30088 (N.D. Cal. Bankrpt. 2023))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Health Republic Insurance Company v. United States,* Civil Action No. 1:16-cv-0259C (Ct. Fed. Cl. 2023))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Benson, et al. v. DoubleDown Interactive, LLC, et al.,* Civil Action No. 2:18-cv-00525 (W.D. Wash. 2023))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fees request (*In re Twitter Inc. Securities Litigation,* Case No. 4:16-cv-05314 (N.D. Cal. October 13, 2022))

**A-9**

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Ferrando v. Zynga Inc.,* Civil Action No. 2:22-cv-00214 (W.D. Wash. 2022))

◊   Retained as an expert witness concerning fee structures in complex mass/class litigation (*In re Upstream Addicks and Barker (Texas) Flood-Control Reservoirs,* Sub-Master Docket No. 17-9001L, (Ct. of Federal Claims, 2022-)

◊   Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Lyft, Inc. Securities Litigation,* Case No. 4:19-cv-02690 (N.D. Cal. August 19, 2022))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re: Zetia (Ezetimibe) Antitrust Litigation*, MDL No. 2836, 2:18-md-2836 (E.D. Va. July 12, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Reed v. Scientific Games Corp.,* Civil Action No. 2:18-cv-00565 (W.D. Wash. 2022))

◊   Submitted an expert witness declaration concerning reasonableness of proposed settlement in nationwide securities class action, in light of competing litigation (*In re Micro Focus International PLC Securities Litigation,* Master File No. 1:18-cv-06763 (S.D.N.Y., May 4, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Americredit Financial Services, Inc., d/b/a/ GM Financial v. Bell,* No. 15SL-AC24506-01 (Twenty-First Judicial Circuit Court, St. Louis County, Missouri, March 13, 2022))

◊   Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re: Marjory Stoneman Douglas High School Shooting FTCA Litigation*, Case No. 0:18-cv-62758 (S.D. Fla. February 7, 2022))

◊   Expert witness declaration concerning expected claiming rates in class action submitted to court (*In re: Tiktok, Inc., Consumer Privacy Litigation*, No. 1:20-cv-04699 (N.D. Ill. Jan. 24, 2022))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-CV-0256 (LAK), 2021 WL 2453972 (S.D.N.Y. June 15, 2021))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Kater v. Churchill Downs,* Civil Action No. 2:15-cv-00612 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Playtika, LTD,* Civil Action No. 3:18-cv-05277 (W.D. Wash. 2020))

◊   Submitted expert witness declaration concerning reasonableness of attorney's fee request (*Wilson v. Huuuge,* Civil Action No. 3:18-cv-005276 (W.D. Wash. 2020))

◊   Submitted expert witness declarations and testified at fairness hearing concerning (1) reasonableness

**A-10**

of attorney's fee request and (2) empirical data confirming robustness of class claims rate (*In re Facebook Biometric Information Privacy Litigation,* Civil Action No. 3:15-cv-03747-JD (N.D. Cal. (2020))

◊    Retained as an expert witness on issues regarding the Lead Plaintiff/Lead Counsel provisions of the Private Securities Litigation Reform Act of 1995 (PSLRA) (*In re Apple Inc. Securities Litigation.,* Civil Action No. 4:19-cv-02033-YGR (N.D. Cal. (2020))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Amador v. Baca*, Civil Action No. 2:10-cv-01649 (C.D. Cal. February 9, 2020))

◊    Submitted an expert witness declaration concerning reasonableness of class action settlement (*In re: Columbia Gas Cases*, Civil Action No. 1877CV01343G (Mass. Super. Ct., Essex County, February 6, 2020))

◊    Submitted an expert witness declaration, and reply declaration, concerning reasonableness of attorney's fee request (*Hartman v. Pompeo*, Civil Action No. 1:77-cv-02019 (D.D.C. October 10, 2019; February 28, 2020))

◊    Submitted an expert witness declaration concerning reasonableness of common benefit attorney's fee request (*In re:   Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL No. 2724, 16-MD-2724 (E.D. Pa. May 15, 2019))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request, relied upon by court in awarding fees (*Hale v. State Farm Mut. Auto. Ins. Co*., 2018 WL 6606079 (S.D. Ill. Dec. 16, 2018))

◊    Submitted expert witness affidavit and testified at fairness hearing concerning second phase fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294 (New Hampshire Superior Court, Merrimack County (2018))

◊    Submitted expert witness report – and rebutted opposing expert – concerning class certification issues for proposed class action within a bankruptcy proceeding (*In re Think Finance,* Case No. 17-33964 (N.D. Tex. Bankrpt. 2018))

◊    Submitted expert witness declaration concerning specific fee issues raised by Court at fairness hearing and second declaration in response to report of Special Master (*In re Anthem, Inc. Data Breach Litigation,* Case No. 15-MD-02617-LHK (N.D. Cal. 2018))

◊    Submitted an expert witness declaration concerning reasonableness of attorney's fee request following plaintiffs' verdict at trial in consumer class action (*Krakauer v. Dish Network, L.L.C.,* Civil Action No. 1:14-cv-00333 (M.D.N.C. 2018))

◊    Submitted three expert witness declarations and deposed by/testified in front of Special Master in investigation concerning attorney's fee issues (*Arkansas Teacher Ret. Sys. v. State St. Bank & Trust Co.*, Civ. Action No. 1:11-cv-10230 (D. Mass. 2017-18))

◊    Retained as an expert witness on issues regarding the preclusive effect of a class action judgment on

**A-11**

later cases (*Sanchez v. Allianz Life Insurance Co. of N. Amer.,* Case No. BC594715 (California Superior Court, Los Angeles County (2018))

◊   Retained as an expert witness and submitted report explaining meaning of the denial of a motion to dismiss in American procedure to foreign tribunals (*In re Qualcomm Antitrust Matter,* declaration submitted to tribunals in Korea and Taiwan (2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 3.0-liter settlement, referenced by court in awarding fees (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 3175924 (N.D. Cal. July 21, 2017))

◊   Retained as an expert witness concerning impracticability of joinder in antitrust class action (*In re Celebrex (Celecoxib) Antitrust Litigation,* Civ. Action No. 2-14-cv-00361 (E.D. Va. (2017))

◊   Submitted an expert witness declaration and deposed concerning impracticability of joinder in antitrust class action (*In re Modafinil Antitrust Litigation,* Civ. Action No. 2-06-cv-01797 (E.D. Pa. (2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in 2.0-liter settlement (*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* 2017 WL 1047834 (N.D. Cal., March 17, 2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Aranda v. Caribbean Cruise Line, Inc.,* 2017 WL 1368741 (N.D. Ill., April 10, 2017))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*McKinney v. United States Postal Service*, Civil Action No. 1:11-cv-00631 (D.D.C. (2016))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Geancopoulos v. Philip Morris USA Inc.,* Civil Action No. 98-6002-BLS1 (Mass. Superior Court, Suffolk County))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request in sealed fee mediation (2016)

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Gates v. United Healthcare Insurance Company,* Case No. 11 Civ. 3487 (S.D.N.Y. 2015))

◊   Retained as an expert trial witness on class action procedures and deposed prior to trial in matter that settled before trial (*Johnson v. Caremark RX, LLC,* Case No. 01-CV-2003-6630, Alabama Circuit Court, Jefferson County (2016))

**A-12**

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015))

◊   Retained as an expert witness concerning adequacy of putative class representatives in securities class action (*Medoff v. CVS Caremark Corp.,* Case No. 1:09-cv-00554 (D.R.I. (2015))

◊   Submitted an expert witness declaration concerning reasonableness of proposed class action settlement, settlement class certification, attorney's fees, and incentive awards (*Fitzgerald Farms, LLC v. Chespeake Operating, L.L.C.,* Case No. CJ-2010-38, Dist. Ct., Beaver County, Oklahoma (2015))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request, referenced by court in awarding fees (*Asghari v. Volkswagen Grp. of Am., Inc*., 2015 WL 12732462 (C.D. Cal. May 29, 2015))

◊   Submitted an expert witness declaration concerning propriety of severing individual cases from class action and resulting statute of repose ramifications (*In re: American   International Group, Inc. 2008 Securities Litigation,* 08-CV-4772-LTS-DCF (S.D.N.Y. (2015))

◊   Retained by Fortune Global 100 Corporation as an expert witness on fee matter that settled before testimony (2015)

◊   Submitted an expert witness declaration and testified at Special Master proceeding concerning reasonableness of attorney's fee allocation in sealed fee mediation (2014-2015)

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*In re: Hyundai and Kia Fuel Economy Litigation,* MDL 13-02424 (C.D. Cal. (2014))

◊   Submitted an expert witness declaration concerning reasonableness of attorney's fee request (*Ammari Electronics v. Pacific Bell Directory*, Case No. RG0522096, California Superior Court, Alameda County (2014))

◊   Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Deutsche Bank Securities, Inc.,* Case No. CGC-10-497839, California Superior Court, San Francisco County (2014))

◊   Submitted an expert witness declaration and deposed concerning plaintiff class action practices under the Private Securities Litigation Reform Act of 1995 (PSLRA), as related to statute of limitations question (*Federal Home Loan Bank of San Francisco v. Credit Suisse Securities (USA) LLC,* Case No. CGC-10-497840, California Superior Court, San Francisco County (2014))

◊   Retained as expert witness on proper level of common benefit fee in MDL (*In re Neurontin Marketing and Sales Practice Litigation,* Civil Action No. 04-10981, MDL 1629 (D. Mass. (2014))

◊   Submitted an expert witness declaration concerning Rule 23(g) selection of competing counsel, referenced by court in deciding issue (*White v. Experian Information Solutions, Inc.,* 993 F. Supp. 2d 1154 (C.D. Cal. (2014))

**A-13**

◊ Submitted an expert witness declaration concerning proper approach to attorney's fees under California law in a statutory fee-shifting case (*Perrin v. Nabors Well Services Co.,* Case No. 1220037974, Judicial Arbitration and Mediation Services (JAMS) (2013))

◊ Submitted an expert witness declaration concerning fairness and adequacy of proposed nationwide class action settlement (*Verdejo v. Vanguard Piping Systems,* Case No. BC448383, California Superior Court, Los Angeles County (2013))

◊ Retained as an expert witness regarding fairness, adequacy, and reasonableness of proposed nationwide consumer class action settlement   (*Herke v. Merck,* No. 2:09-cv-07218, MDL Docket No. 1657 (*In re Vioxx Products Liability Litigation*) (E. D. La. (2013))

◊ Retained as an expert witness concerning ascertainability requirement for class certification and related issues (*Henderson v. Acxiom Risk Mitigation, Inc.,* Case No. 3:12-cv-00589-REP (E.D. Va. (2013))

◊ Submitted an expert witness declaration concerning reasonableness of class action settlement and performing analysis of Anet expected value@ of settlement benefits, relied on by court in approving settlement (*In re Navistar Diesel Engine Products Liab. Litig.*, 2013 WL 10545508 (N.D. Ill. July 3, 2013))

◊ Submitted an expert witness declaration concerning reasonableness of class action settlement and attorney's fee request (*Commonwealth Care All. v. Astrazeneca Pharm. L.P.*, 2013 WL 6268236 (Mass. Super. Aug. 5, 2013))

◊ Submitted an expert witness declaration concerning propriety of preliminary settlement approval in nationwide consumer class action settlement (*Anaya v. Quicktrim, LLC,* Case No.  CIVVS 120177, California Superior Court, San Bernardino County (2012))

◊ Submitted expert witness affidavit concerning fee issues in common fund class action (*Tuttle v. New Hampshire Med. Malpractice Joint Underwriting Assoc.,* Case No. 217-2010-CV-00294, New Hampshire Superior Court, Merrimack County (2012))

◊ Submitted expert witness declaration and deposed concerning class certification issues in nationwide fraud class action, relied upon by the court in affirming class certification order (*CVS Caremark Corp. v. Lauriello,* 175 So. 3d 596, 609-10 (Ala. 2014))

◊ Submitted expert witness declaration in securities class action concerning value of proxy disclosures achieved through settlement and appropriate level for fee award (*Rational Strategies Fund v. Jhung,* Case No. BC 460783, California Superior Court, Los Angeles County (2012))

◊ Submitted an expert witness report and deposed concerning legal malpractice in the defense of a class action lawsuit (*KB Home v. K&L Gates, LLP,* Case No. BC484090, California Superior Court, Los Angeles County (2011))

◊ Retained as expert witness on choice of law issues implicated by proposed nationwide class certification (*Simon v. Metropolitan Property and Cas. Co.,* Case No. CIV-2008-1008-W (W.D. Ok. (2011))

**A-14**

◊   Retained, deposed, and testified in court as expert witness in fee-related dispute (*Blue, et al. v. Hill*, Case No. 3:10-CV-02269-O-BK (N.D. Tex. (2011))

◊   Retained as an expert witness in fee-related dispute (*Furth v. Furth*, Case No. C11-00071-DMR (N.D. Cal. (2011))

◊   Submitted expert witness declaration concerning interim fee application in complex environmental class action (*DeLeo v. Bouchard Transportation,* Civil Action No. PLCV2004-01166-B, Massachusetts Superior Court (2010))

◊   Retained as an expert witness on common benefit fee issues in MDL proceeding in federal court (*In re Vioxx Products Liability Litigation*, MDL Docket No. 1657 (E.D. La. (2010))

◊   Submitted expert witness declaration concerning fee application in securities case, referenced by court in awarding fee (*In re AMICAS, Inc. Shareholder Litigation,* 27 Mass. L. Rptr. 568 (Mass. Sup. Ct. (2010))

◊   Submitted an expert witness declaration concerning fee entitlement and enhancement in non-common fund class action settlement, relied upon by the court in awarding fees (*Parkinson v. Hyundai Motor America*, 796 F.Supp.2d 1160, 1172-74 (C.D. Cal. 2010))

◊   Submitted an expert witness declaration concerning class action fee allocation among attorneys (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊   Submitted an expert witness declaration concerning settlement approval and fee application in wage and hour class action settlement (*Salvas v. Wal-Mart*, Civil Action No. 01-03645, Massachusetts Superior Court (2010))

◊   Submitted an expert witness declaration concerning objectors' entitlement to attorney's fees (*Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 (C.D. Cal. (2010))

◊   Submitted an expert witness declaration concerning fairness of settlement provisions and processes, relied upon by the Ninth Circuit in reversing district court's approval of class action settlement (*Radcliffe v. Experian Inform. Solutions Inc.*, 715 F.3d 1157, 1166 (9th Cir. 2013))

◊   Submitted an expert witness declaration concerning attorney's fees in class action fee dispute, relied upon by the court in deciding fee issue (*Ellis v. Toshiba America Information Systems, Inc.*, 218 Cal. App. 4th 853, 871, 160 Cal. Rptr. 3d 557, 573 (2d Dist. 2013))

◊   Submitted an expert witness declaration concerning common benefit fee in MDL proceeding in federal court (*In re Genetically Modified Rice Litigation*, MDL Docket No. 1811 (E.D. Mo. (2009))

◊   Submitted an expert witness declaration concerning settlement approval and fee application in national MDL class action proceeding (*In re Wal-Mart Wage and Hour Employment Practices Litigation*, MDL Docket No.1735 (D. Nev. (2009))

◊   Submitted an expert witness declaration concerning fee application in national MDL class action proceeding, referenced by court in awarding fees (*In re Dept. of Veterans Affairs (VA) Data Theft*

**A-15**

*Litigation*, 653 F. Supp.2d 58 (D.D.C. (2009))

◊   Submitted an expert witness declaration concerning common benefit fee in mass tort MDL proceeding in federal court (*In re Kugel Mesh Products Liability Litigation*, MDL Docket No. 1842 (D. R.I. (2009))

◊   Submitted an expert witness declaration and supplemental declaration concerning common benefit fee in consolidated mass tort proceedings in state court (*In re All Kugel Mesh Individual Cases*, Master Docket No. PC-2008-9999, Superior Court, State of Rhode Island (2009))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Warner v. Experian Information Solutions, Inc.*, Case No.   BC362599, California Superior Court, Los Angeles County (2009))

◊   Submitted an expert witness declaration concerning process for selecting lead counsel in complex MDL antitrust class action (*In re Rail Freight Fuel Surcharge Antitrust Litigation*, MDL Docket No. 1869 (D. D.C. (2008))

◊   Retained, deposed, and testified in court as expert witness on procedural issues in complex class action (*Hoffman v. American Express*, Case No. 2001-022881, California Superior Court, Alameda County (2008))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Salsgiver v. Yahoo! Inc.*, Case No. BC367430, California Superior Court, Los Angeles County (2008))

◊   Submitted an expert witness declaration concerning fee application in wage and hour class action (*Voight v. Cisco Systems, Inc.*, Case No. 106CV075705, California Superior Court, Santa Clara County (2008))

◊   Retained and deposed as expert witness on fee issues in attorney fee dispute (*Stock v. Hafif,* Case No. KC034700, California Superior Court, Los Angeles County (2008))

◊   Submitted an expert witness declaration concerning fee application in consumer class action (*Nicholas v. Progressive Direct*, Civil Action No. 06-141-DLB (E.D. Ky. (2008))

◊   Submitted expert witness declaration concerning procedural aspects of national class action arbitration (*Johnson v. Gruma Corp.,* JAMS Arbitration No. 1220026252 (2007))

◊   Submitted expert witness declaration concerning fee application in securities case (*Drulias v. ADE Corp.,* Civil Action No. 06-11033 PBS (D. Mass. (2007))

◊   Submitted expert witness declaration concerning use of expert witness on complex litigation matters in criminal trial (*U.S. v. Gallion, et al*., No. 07-39 (E. D. Ky. (2007))

◊   Retained as expert witness on fees matters (*Heger v. Attorneys' Title Guaranty Fund, Inc.,* No. 03-L-398, Illinois Circuit Court, Lake County, IL (2007))

◊   Retained as expert witness on certification in statewide insurance class action (*Wagner v. Travelers Property Casualty of America*, No. 06CV338, Colorado District Court, Boulder County, CO (2007))

**A-16**

◊    Testified as expert witness concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corporate Derivative Litigation*, Case No. 01098905, California Superior Court, Santa Barbara Cty, CA (2006))

◊    Submitted expert witness declaration concerning fee application in common fund shareholder derivative case (*In Re Tenet Health Care Corp. Corporate Derivative Litigation*, Case No. CV-03-11 RSWL (C.D. Cal. (2006))

◊    Retained as expert witness as to certification of class action (*Canova v. Imperial Irrigation District*, Case No. L-01273, California Superior Court, Imperial Cty, CA (2005))

◊    Retained as expert witness as to certification of nationwide class action (*Enriquez v. Edward D. Jones & Co.,* Missouri Circuit Court, St. Louis, MO (2005))

◊    Submitted expert witness declaration on procedural aspects of international contract litigation filed in court in Korea (*Estate of Wakefield v. Bishop Han & Jooan Methodist Church* (2002))

◊    Submitted expert witness declaration as to contested factual matters in case involving access to a public forum (*Cimarron Alliance Foundation v. The City of Oklahoma City,* Case No. Civ. 2001-1827-C (W.D. Ok. (2002))

◊    Submitted expert witness declaration concerning reasonableness of class certification, settlement, and fees (*Baird v. Thomson Elec. Co.*, Case No. 00-L-000761, Cir. Ct., Mad. Cty, IL (2001))

*Expert Consultant*

◊    Retained as a consulting expert in series of cases challenging AI generators (2024)

◊    Retained as a consulting expert in class action (*In re: East Palestine Train Derailment,* Case No. 4:23-CV-00242-BYP (N.D. Ohio 2024))

◊    Retained as a consulting expert in complex MDL/class action (*In re: Aqueous Film-Forming Foams Products Liability Litigation,* Case No. 2:18-md-2873-RMG (D. S.C. 2023-2024))

◊    Retained as an expert in confidential matter pending in international arbitration forum concerning litigation financing issues in complex litigation (2022-2023)

◊    Retained as an expert in matter pending in several federal courts concerning attorney's fees in class action setting (2022-2023)

◊    Provided expert consulting services to Planned Parenthood Federation of America and the American Civil Liberties Union Foundation concerning complex class certification, notice, and other procedural issues arising out of Texas's law banning abortion (*Whole Woman's Health v. Austin Reeve Jackson,* Civil Action No. 1:21-cv-00616 (W.D. Tex. 2021))

◊    Retained as an expert witness on class action issues in complex mass tort MDL (*In re Roundup Products*

**A-17**

*Liability Litigation,* Civil Action No. 3:16-md-02741-VC (N.D. Cal. (2020))

◊   Provided expert consulting services to Harvard Law School Predatory Lending and Consumer Protection Clinic concerning complex class action issues in bankruptcy (*In re: ITT Educational Services Inc.,* Case No. 16-07207-JMC-7A (Bank. S.D. Ind. 2020))

◊   Provided expert consulting services to law firm concerning complex federal procedural and bankruptcy issues (*Homaidan v. Navient Solutions, LLC*, Adv. Proc. No. 17-1085 (Bank. E.D.N.Y 2020))

◊   Provided expert consulting services to the ACLU on multi-district litigation issues arising out of various challenges to President Trump's travel ban and related policies (*In re American Civil Liberties Union Freedom of Information Act Requests Regarding Executive Order 13769*, Case Pending No. 28, Judicial Panel on Multidistrict Litigation (2017); *Darweesh v. Trump*, Case No. 1:17-cv-00480-CBA-LB (E.D.N.Y. (2017))

◊   Provided expert consulting services to law firm regarding billing practices and fee allocation issues in nationwide class action (2016)

◊   Provided expert consulting services to law firm regarding fee allocation issues in nationwide class action (2016)

◊   Provided expert consulting services to the ACLU of Southern California on class action and procedural issues arising out of challenges to municipality's treatment of homeless persons with disabilities (*Glover v. City of Laguna Beach*, Case No. 8:15-cv-01332-AG-DFM (C.D. Cal. (2016))

◊   Retained as an expert consultant on class certification issues (*In re: Facebook, Inc., IPO Securities and Derivative Litigation*, No. 1:12-md-2389 (S.D.N.Y. 2015))

◊   Provided expert consulting services to lead class counsel on class certification issues in nationwide class action (2015)

◊   Retained by a Fortune 100 Company as an expert consultant on class certification issues

◊   Retained as an expert consultant on class action and procedure related issues (*Lange et al v. WPX Energy Rocky Mountain LLC*, Case No. 2:13-cv-00074-ABJ (D. Wy. (2013))

◊   Retained as an expert consultant on class action and procedure related issues (*Flo & Eddie, Inc., v. Sirius XM Radio, Inc.*, Case No. CV 13-5693 (C.D. Cal. (2013))

◊   Served as an expert consultant on substantive and procedural issues in challenge to legality of credit card late and over-time fees (*In Re Late Fee and Over-Limit Fee Litigation*, 528 F.Supp.2d 953 (N.D. Cal. 2007), *aff'd*, 741 F.3d 1022 (9th Cir. 2014))

◊   Retained as an expert on Class Action Fairness Act (CAFA) removal issues and successfully briefed and argued remand motion based on local controversy exception (*Trevino, et al. v. Cummins, et al.*, No. 2:13-cv-00192-JAK-MRW (C. D. Cal. (2013))

**A-18**

◊  Retained as an expert consultant on class action related issues by consortium of business groups (*In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico on April 20, 2010*, MDL No. 2179 (E.D. La. (2012))

◊  Provided presentation on class certification issues in nationwide medical monitoring classes (*In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323, Case No. 2:12-md-02323-AB (E.D. Pa. (2012))

◊  Retained as an expert consultant on class action related issues in mutli-state MDL consumer class action (*In re Sony Corp. SXRD Rear Projection Television Marketing, Sales Practices & Prod. Liability Litig.*, MDL No. 2102 (S.D. N.Y. (2009))

◊  Retained as an expert consultant on class action certification, manageability, and related issues in mutli-state MDL consumer class action (*In re Teflon Prod. Liability Litig.*, MDL No. 1733 (S.D. Iowa (2008))

◊  Retained as an expert consultant/co-counsel on certification, manageability, and related issues in nationwide anti-trust class action (*Brantley v. NBC Universal*, No.- CV07-06101 (C.D. Cal. (2008))

◊  Retained as an expert consultant on class action issues in complex multi-jurisdictional construction dispute (*Antenucci, et al., v. Washington Assoc. Residential Partner, LLP, et al.,* Civil No. 8-04194 (E.D. Pa. (2008))

◊  Retained as an expert consultant on complex litigation issues in multi-jurisdictional class action litigation (*McGreevey v. Montana Power Company*, No. 08-35137, U.S. Court of Appeals for the Ninth Circuit (2008))

◊  Retained as an expert consultant on class action and attorney fee issues in nationwide consumer class action (*Figueroa v. Sharper Image*, 517 F.Supp.2d 1292 (S.D. Fla. 2007))

◊  Retained as an expert consultant on attorney's fees issue in complex class action case (*Natural Gas Anti-Trust Cases Coordinated Proceedings*, D049206, California Court of Appeals, Fourth District (2007))

◊  Retained as an expert consultant on remedies and procedural matters in complex class action (*Sunscreen Cases*, JCCP No. 4352, California Superior Court, Los Angeles County (2006))

◊  Retained as an expert consultant on complex preclusion questions in petition for review to California Supreme Court (*Mooney v. Caspari,* Supreme Court of California (2006))

◊  Retained as an expert consultant on attorney fee issues in complex common fund case (*In Re DietDrugs (Phen/Fen) Products Liability Litigation* (E. D. Pa. (2006))

◊  Retained as an expert consultant on procedural matters in series of complex construction lien cases (*In re Venetian Lien Litigation*, Supreme Court of the State of Nevada (2005-2006))

◊  Served as an expert consultant on class certification issues in countywide class action (*Beauchamp v. Los Angeles Cty. Metropolitan Transp. Authority*, (C.D. Cal. 2004))

**A-19**

◊    Served as an expert consultant on class certification issues in state-wide class action (*Williams v. State of California*, Case No. 312-236, Cal. Superior Court, San Francisco)

◊    Served as an exert consultant on procedural aspects of complex welfare litigation (*Allen v. Anderson*, 199 F.3d 1331 (9th Cir. 1999))

*Ethics Opinions*

◊    Retained to provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2017))

◊    Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2013))

◊    Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2011))

◊    Provided expert opinion on issues of professional ethics in implicated by nationwide class action practice (*In re Professional Responsibility Inquiries* (2010))

◊    Provided expert opinion on issues of professional ethics implicated by complex litigation matter (*In re Professional Responsibility Inquiries* (2010))

◊    Provided expert opinion on issues of professional ethics in complex litigation matter (*In re Professional Responsibility Inquiries* (2007))

*Publications on Class Actions & Procedure*

◊    NEWBERG AND RUBENSTEIN ON CLASS ACTIONS (6th ed. 2022 and updates through 2024); NEWBERG ON CLASS ACTIONS (sole author since 2008, sole author of entirely re-written Fifth Edition (2011-2019)

◊    *Deconstitutionalizing Personal Jurisdiction:   A Separation of Powers Approach,* Harvard Public Law Working Paper No. 20-34, https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3715068.

◊    *The Negotiation Class:   A Cooperative Approach to Class Actions Involving Large Stakeholders,* 99 TEXAS L. REV. 73 (2020) (with Francis E. McGovern)

◊    *Profit for Costs*, 63 DEPAUL L. REV. 587 (2014) (with Morris A. Ratner)

◊    *Procedure and Society: An Essay for Steve Yeazell,* 61 U.C.L.A. REV. DISC. 136 (2013)

◊    *Supreme Court Round-Up – Part II*, 5 CLASS ACTION ATTORNEY FEE DIGEST 331 (September 2011)

◊    *Supreme Court Round-Up – Part I*, 5 CLASS ACTION ATTORNEY FEE DIGEST 263 (July-August 2011)

◊    *Class Action Fee Award* Procedures, 5 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2011)

**A-20**

◊ *Benefits of Class Action Lawsuits*, 4 CLASS ACTION ATTORNEY FEE DIGEST 423 (November 2010)

◊ *Contingent Fees for Representing the Government: Developments in California Law*, 4 CLASS ACTION ATTORNEY FEE DIGEST 335 (September 2010)

◊ *Supreme Court Roundup*, 4 CLASS ACTION ATTORNEY FEE DIGEST 251 (July 2010)

◊ *SCOTUS Okays Performance Enhancements in Federal Fee Shifting Cases – At Least In Principle,* 4 CLASS ACTION ATTORNEY FEE DIGEST 135 (April 2010)

◊ *The Puzzling Persistence of the ⒜Mega-Fund⒝ Concept*, 4 CLASS ACTION ATTORNEY FEE DIGEST 39 (February 2010)

◊ *2009: Class Action Fee Awards Go Out With A Bang, Not A Whimper*, 3 CLASS ACTION ATTORNEY FEE DIGEST 483 (December 2009)

◊ *Privatizing Government Litigation: Do Campaign Contributors Have An Inside Track?*, 3 CLASS ACTION ATTORNEY FEE DIGEST 407   (October 2009)

◊ *Supreme Court Preview*, 3 CLASS ACTION ATTORNEY FEE DIGEST 307 (August 2009)

◊ *Supreme Court Roundup*, 3 CLASS ACTION ATTORNEY FEE DIGEST 259 (July 2009)

◊ *What We Now Know About How Lead Plaintiffs Select Lead Counsel (And Hence Who Gets Attorney's Fees!) in Securities Cases*, 3 CLASS ACTION ATTORNEY FEE DIGEST 219 (June 2009)

◊ *Beware Of Ex Ante Incentive Award Agreements*, 3 CLASS ACTION ATTORNEY FEE DIGEST 175 (May 2009)

◊ *On What a "Common Benefit Fee" Is, Is Not, and Should Be*, 3 CLASS ACTION ATTORNEY FEE DIGEST 87 (March 2009)

◊ *2009: Emerging Issues in Class Action Fee Awards*, 3 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2009)

◊ *2008:   The Year in Class Action Fee Awards*, 2 CLASS ACTION ATTORNEY FEE DIGEST 465 (December 2008)

◊ *The Largest Fee Award – Ever!*, 2 CLASS ACTION ATTORNEY FEE DIGEST 337 (September 2008)

◊ *Why Are Fee Reductions Always 50%?: On The Imprecision of Sanctions for Imprecise Fee Submissions*, 2 CLASS ACTION ATTORNEY FEE DIGEST 295 (August 2008)

◊ *Supreme Court Round-Up,* 2 CLASS ACTION ATTORNEY FEE DIGEST 257 (July 2008)

◊ *Fee-Shifting For Wrongful Removals: A Developing Trend?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 177 (May 2008)

**A-21**

◊   *You Cut, I Choose:   (Two Recent Decisions About) Allocating Fees Among Class Counsel,* 2 CLASS ACTION ATTORNEY FEE DIGEST 137 (April 2008)

◊   *Why The Percentage Method?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 93 (March 2008)

◊   *Reasonable Rates: Time To Reload The (*Laffey*) Matrix,* 2 CLASS ACTION ATTORNEY FEE DIGEST 47 (February 2008)

◊   *The "Lodestar Percentage" A New Concept For Fee Decisions?,* 2 CLASS ACTION ATTORNEY FEE DIGEST 3 (January 2008)

◊   *Class Action Practice Today: An Overview, in* ABA SECTION OF LITIGATION, CLASS ACTIONS TODAY 4 (2008)

◊   *Shedding Light on Outcomes in Class Actions*, *in* CONFIDENTIALITY, TRANSPARENCY, AND THE U.S. CIVIL JUSTICE SYSTEM 20-59 (Joseph W. Doherty, Robert T. Reville, and Laura Zakaras eds. 2008) (with Nicholas M. Pace)

◊   *Finality in Class Action Litigation: Lessons From Habeas,* 82 N.Y.U. L. REV. 791 (2007)

◊   *The American Law Institute's New Approach to Class Action Objectors' Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 347 (November 2007)

◊   *The American Law Institute's New Approach to Class Action Attorney's Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 307 (October 2007)

◊   *"The Lawyers Got More Than The Class Did!":   Is It Necessarily Problematic When Attorneys Fees Exceed Class Compensation?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 233 (August 2007)

◊   *Supreme Court Round-Up,* 1 CLASS ACTION ATTORNEY FEE DIGEST 201 (July 2007)

◊   *On The Difference Between Winning and Getting Fees,* 1 CLASS ACTION ATTORNEY FEE DIGEST 163 (June 2007)

◊   *Divvying Up The Pot: Who Divides Aggregate Fee Awards, How, and How Publicly?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 127 (May 2007)

◊   *On Plaintiff Incentive Payments,* 1 CLASS ACTION ATTORNEY FEE DIGEST 95 (April 2007)

◊   *Percentage of What?,* 1 CLASS ACTION ATTORNEY FEE DIGEST 63 (March 2007)

◊   *Lodestar v. Percentage: The Partial Success Wrinkle,* 1 CLASS ACTION ATTORNEY FEE DIGEST 31 (February 2007) (with Alan Hirsch)

◊   *The Fairness Hearing:   Adversarial and Regulatory Approaches*, 53 U.C.L.A. L. REV. 1435 (2006) (excerpted in THE LAW OF CLASS ACTIONS AND OTHER AGGREGATE LITIGATION 447-449 (Richard A.

**A-22**

Nagareda ed., 2009))

◊  *Why Enable Litigation?   A Positive Externalities Theory of the Small Claims Class Action*, 74 U.M.K.C. L. REV. 709 (2006)

◊  *What a "Private Attorney General" Is – And Why It Matters*, 57 VAND. L. REV.  2129(2004) (excerpted in COMPLEX LITIGATION 63-72 (Kevin R. Johnson, Catherine A. Rogers & John Valery White eds., 2009)).

◊  *The Concept of Equality in Civil Procedure*, 23 CARDOZO L. REV. 1865 (2002) (selected for the Stanford/Yale Junior Faculty Forum, June 2001)

◊  *A Transactional Model of Adjudication*, 89 GEORGETOWN  L.J. 371 (2000)

◊  *The Myth of Superiority*, 16 CONSTITUTIONAL COMMENTARY 599 (1999)

◊  *Divided We Litigate:   Addressing Disputes Among Clients and Lawyers in Civil Rights Campaigns*, 106 YALE L. J. 1623 (1997) *(*excerpted in COMPLEX LITIGATION 120-123 (1998))

### *Selected Presentations*

◊  *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 24, 2023 (scheduled)

◊  *Opioid Litigation:   What's New and What Does it Mean for Future Litigation?,* RAND Institute for Civil Justice and RAND Kenneth R. Feinberg Center for Catastrophic Risk Management and Compensation, RAND Corporation, October 22, 2020

◊  *The Opioid Crisis:   Where Do We Go From Here?"* Clifford Symposium 2020, DePaul University College of Law, Chicago, Illinois, May 28-29, 2020)

◊  *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2019

◊  *Class Action Law Update,* MDL Transferee Judges Conference, Palm Beach, Florida, October 31, 2018

◊  *Attorneys' Fees Issues,* MDL Transferee Judges Conference, Palm Beach, Florida, October 30, 2018

◊  *Panelist,* Federal Judicial Center, Managing Multidistrict Litigation and Other Complex Litigation Workshop (for federal judges) (March 15, 2018)

◊  *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 1, 2017

◊  *Class Action Update,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2016

◊  *Judicial Power and its Limits in Multidistrict Litigation,* American Law Institute, Young Scholars Medal Conference, *The Future of Aggregate Litigation*, New York University School of Law, New

**A-23**

York, New York, April 12, 2016

◊ *Class Action Update & Attorneys' Fees Issues Checklist,* MDL Transferee Judges Conference, Palm Beach, Florida, October 28, 2015

◊ *Class Action Law,* 2015 Ninth Circuit/Federal Judicial Center Mid-Winter Workshop, Tucson, Arizona, January 26, 2015

◊ *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2014

◊ *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 29, 2013

◊ *Class Action Remedies,* ABA 2013 National Institute on Class Actions, Boston, Massachusetts, October 23, 2013

◊ *The Public Life of the Private Law: The Logic and Experience of Mass Litigation – Conference in Honor of Richard Nagareda,* Vanderbilt Law School, Nashville, Tennessee, September 27-28, 2013

◊ *Brave New World: The Changing Face of Litigation and Law Firm Finance*, Clifford Symposium 2013, DePaul University College of Law, Chicago, Illinois, April 18-19, 2013

◊ *Twenty-First Century Litigation: Pathologies and Possibilities: A Symposium in Honor of Stephen Yeazell,* UCLA Law Review, UCLA School of Law, Los Angeles, California, January 24-25, 2013

◊ *Litigation's Mirror: The Procedural Consequences of Social Relationships,* Sidley Austin Professor of Law Chair Talk, Harvard Law School, Cambridge, Massachusetts, October 17, 2012

◊ *Alternative Litigation Funding (ALF) in the Class Action Context – Some Initial Thoughts*, Alternative Litigation Funding: A Roundtable Discussion Among Experts, George Washington University Law School, Washington, D.C., May 2, 2012

◊ *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Brooklyn Law School Faculty Workshop, Brooklyn, New York, April 2, 2012

◊ *The Operation of Preclusion in Multidistrict Litigation (MDL) Cases*, Loyola Law School Faculty Workshop, Los Angeles, California, February 2, 2012

◊ *Recent Developments in Class Action Law and Impact on MDL Cases,* MDL Transferee Judges Conference, Palm Beach, Florida, November 2, 2011

◊ *Recent Developments in Class Action Law,* MDL Transferee Judges Conference, Palm Beach, Florida, October 26, 2010

◊ *A General Theory of the Class Suit*, University of Houston Law Center Colloquium, Houston, Texas, February 3, 2010

**A-24**

◊ *Unpacking The "Rigorous Analysis" Standard,* ALI-ABA 12th Annual National Institute on Class Actions, New York, New York, November 7, 2008

◊ *The Public Role in Private Law Enforcement: Visions from CAFA*, University of California (Boalt Hall) School of Law Civil Justice Workshop, Berkeley, California, February 28, 2008

◊ *The Public Role in Private Law Enforcement: Visions from CAFA*, University of Pennsylvania Law Review Symposium, Philadelphia, Pennsylvania, Dec. 1, 2007

◊ *Current CAFA Consequences: Has Class Action Practice Changed?,* ALI-ABA 11th Annual National Institute on Class Actions, Chicago, Illinois, October 17, 2007

◊ *Using Law Professors as Expert Witnesses in Class Action Lawsuits,* ALI-ABA 10th Annual National Institute on Class Actions, San Diego, California, October 6, 2006

◊ *Three Models for Transnational Class Actions*, Globalization of Class Action Panel, International Law Association 2006 Conference, Toronto, Canada, June 6, 2006

◊ *Why Create Litigation?: A Positive Externalities Theory of the Small Claims Class Action*, UMKC Law Review Symposium, Kansas City, Missouri, April 7, 2006

◊ *Marks, Bonds, and Labels: Three New Proposals for Private Oversight of Class Action Settlements*, UCLA Law Review Symposium, Los Angeles, California, January 26, 2006

◊ Class Action Fairness Act, Arnold & Porter, Los Angeles, California, December 6, 2005

◊ ALI-ABA 9th Annual National Institute on Class Actions, Chicago, Illinois, September 23, 2005

◊ Class Action Fairness Act, UCLA Alumni Assoc., Los Angeles, California, September 9, 2005

◊ Class Action Fairness Act, Thelen Reid & Priest, Los Angeles, California, May 12, 2005

◊ Class Action Fairness Act, Sidley Austin, Los Angeles, California, May 10, 2005

◊ Class Action Fairness Act, Munger, Tolles & Olson, Los Angeles, California, April 28, 2005

◊ Class Action Fairness Act, Akin Gump Strauss Hauer Feld, Century City, CA, April 20, 2005

## SELECTED OTHER LITIGATION EXPERIENCE

### *United States Supreme Court*

◊ Served as *amicus curiae* and authored *amicus* brief on proper approach to *cy pres* award in class action lawsuits (*Frank v. Gaos*, No. 17-961, October Term 2018)

◊ Co-counsel on petition for writ of *certiorari* concerning application of the voluntary cessation doctrine

**A-25**

to government defendants (*Rosebrock v. Hoffman*, 135 S. Ct.1893 (2015))

◊ Authored *amicus* brief filed on behalf of civil procedure and complex litigation law professors concerning the importance of the class action lawsuit (*AT&T Mobility v. Concepcion,* No. 09-893, 131 S. Ct. 1740 (2011)

◊ Co-counsel in constitutional challenge to display of Christian cross on federal land in California's Mojave preserve (*Salazar v. Buono*, 130 S. Ct. 1803 (2010))

◊ Co-authored *amicus* brief filed on behalf of constitutional law professors arguing against constitutionality of Texas criminal law (*Lawrence v. Texas*, 539 U.S. 558 (2003))

◊ Co-authored *amicus* brief on scope of *Miranda* (*Illinois v. Perkins*, 496 U.S. 292 (1990))

*Attorney's Fees*

◊ Appointed by the United States District Court for the Eastern District of Pennsylvania as an expert witness on attorney's fees in complex litigation, with result that the Court adopted recommendations (*In re National Football League Players' Concussion Injury Litigation*, 2018 WL 1658808 (E.D.Pa. April 5, 2018))

◊ Appointed by the United States District Court for the Northern District of Ohio as an expert consultant on common benefit attorney's fees issues in complex multidistrict litigation, with result that the Court adopted recommendations (*In re: Nat'l Prescription Opiate Litig*., No. 1:17-MD-2804, 2020 WL 8675733 (N.D. Ohio June 3, 2020))

◊ Appointed by the United States Court of Appeals for the Second Circuit to argue for affirmance of district court fee decision in complex securities class action, with result that the Court summarily affirmed the decision below (*In re Indymac Mortgage-Backed Securities Litigation*, 94 F.Supp.3d 517 (S.D.N.Y. 2015), *aff'd sub. nom*., *DeValerio v. Olinski*, 673 F. App'x 87, 90 (2d Cir. 2016)).

◊ Co-counsel in appeal of common benefit fees decision arising out of mass tort MDL (*In re Roundup Prod. Liab. Litig.,* Civil Action No. 21-16228, 2022 WL 16646693 (9th Cir, 2022))

◊ Served as *amicus curiae* and co-authored *amicus* brief on proper approach to attorney's fees in common fund cases (*Laffitte v. Robert Half Int'l Inc*., 1 Cal. 5th 480, 504, 376 P.3d 672, 687 (2016))

*Consumer Class Action*

◊ Co-counsel in challenge to antenna-related design defect in Apple's iPhone4 (*Dydyk v. Apple Inc.,* 5:10-cv-02897-HRL, U.S. Dist. Court, N.D. Cal.) (complaint filed June 30, 2010)

◊ Co-class counsel in $8.5 million nationwide class action settlement challenging privacy concerns raised by Google's Buzz social networking program (*In re Google Buzz Privacy Litigation,* 5:10-cv-00672-JW, U.S. Dist. Court, N.D. Cal.) (amended final judgment June 2, 2011)

**A-26**

*Disability*

◊ Co-counsel in successful ADA challenge ($500,000 jury verdict) to the denial of health care in emergency room (*Howe v. Hull*, 874 F. Supp. 779, 873 F. Supp 72 (N.D. Ohio 1994))

*Employment*

◊ Co-counsel in challenges to scope of family benefit programs (*Ross v. Denver Dept. of Health*, 883 P.2d 516 (Colo. App. 1994)); *(Phillips v. Wisc. Personnel Com'n*, 482 N.W.2d 121 (Wisc. 1992))

*Equal Protection*

◊ Co-counsel in (state court phases of) successful challenge to constitutionality of a Colorado ballot initiative, Amendment 2 (*Evans v. Romer*, 882 P.2d 1335 (Colo. 1994))

◊ Co-counsel (and *amici*) in challenges to rules barring military service by gay people (*Able v. United States*, 44 F.3d 128 (2d Cir. 1995); *Steffan v. Perry*, 41 F.3d 677 (D.C. Cir. 1994) (*en banc*))

◊ Co-counsel in challenge to the constitutionality of the Attorney General of Georgia' firing of staff attorney (*Shahar v. Bowers*, 120 F.3d 211 (11th Cir. 1997))

*Fair Housing*

◊ Co-counsel in successful Fair Housing Act case on behalf of group home (*Hogar Agua y Vida En el Desierto v. Suarez-Medina*, 36 F.3d 177 (1st Cir. 1994))

*Family Law*

◊ Co-counsel in challenge to constitutionality of Florida law limiting adoption (*Cox v. Florida Dept. of Health and Rehab. Srvcs.*, 656 So.2d 902 (Fla. 1995))

◊ Co-authored *amicus* brief in successful challenge to Hawaii ban on same-sex marriages (*Baehr v. Lewin*, 852 P.2d 44 (Haw. 1993))

*First Amendment*

◊ Co-counsel in successful challenge to constitutionality of Alabama law barring state funding foruniversity student groups (*GLBA v. Sessions*, 930 F.Supp. 1492 (M.D. Ala. 1996))

◊ Co-counsel in successful challenge to content restrictions on grants for AIDS education materials (*Gay Men's Health Crisis v. Sullivan*, 792 F.Supp. 278 (S.D.N.Y. 1992))

*Landlord / Tenant*

◊ Lead counsel in successful challenge to rent control regulation (*Braschi v. Stahl Associates Co.*, 544 N.E.2d 49 (N.Y. 1989))

*Police*

**A-27**

◊   Co-counsel in case challenging DEA brutality (*Anderson v. Branen*, 27 F.3d 29 (2d Cir. 1994))

*Prison Conditions*

◊   Co-counsel in appeal of class certification decision in damages class action arising out of conditions in St. Louis City Jail (*Cody v. City of St. Louis for & on behalf of Medium Sec. Inst.,* 103 F.4th 523, 526 (8th Cir. 2024))

*Racial Equality*

◊   Co-authored *amicus* brief for constitutional law professors challenging constitutionality of Proposition 209 *(Coalition for Economic Equity v. Wilson*, 110 F.3d 1431 (9th Cir. 1997))

SELECTED OTHER PUBLICATIONS
*Editorials*

◊   *Follow the Leaders*, NEW YORK TIMES, March 15, 2005

◊   *Play It Straight*, NEW YORK TIMES, October 16, 2004

◊   *Hiding Behind the Constitution*, NEW YORK TIMES, March 20, 2004

◊   *Toward More Perfect Unions,* NEW YORK TIMES, November 20, 2003 (with Brad Sears)

◊   *Don't Ask, Don't Tell, Don't Believe It*, NEW YORK TIMES, July 20, 1993

◊   *AIDS: Illness and Injustice*, WASH. POST, July 26, 1992 (with Nan D. Hunter)

BAR ADMISSIONS

◊   Massachusetts (2008)
◊   California (2004)
◊   District of Columbia (1987) (inactive)
◊   Pennsylvania (1986) (inactive)
◊   U.S. Supreme Court (1993)
◊   U.S. Court of Appeals for the First Circuit (2010)
◊   U.S. Court of Appeals for the Second Circuit (2015)
◊   U.S. Court of Appeals for the Fifth Circuit (1989)
◊   U.S. Court of Appeals for the Ninth Circuit (2004)
◊   U.S. Court of Appeals for the Eleventh Circuit (1993)
◊   U.S. Court of Appeals for the D.C. Circuit (1993)
◊   U.S. District Courts for the Central District of California (2004)
◊   U.S. District Court for the District of the District of Columbia (1989)
◊   U.S. District Court for the District of Massachusetts (2010)
◊   U.S. District Court for the Northern District of California (2010)

**A-28**

# EXHIBIT B

*In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2046)
Case No. 2:13-CV-20000-RDP
U.S. District Court for the Northern District of Alabama

**DECLARATION OF PROFESSOR WILLIAM B. RUBENSTEIN**

EXHIBIT B
Partial List of Documents Reviewed by Professor Rubenstein
(other than case law and scholarship on the relevant issues)

A. *In re: Blue Cross Blue Shield Antitrust Litig.* **(MDL No. 2406), No. 2:13-CV-20000-RDP (N.D. Ala.)**

1. Order Appointing Plaintiffs' Liaison Counsel and Inviting Applications for Plaintiffs' Leadership Committee Positions, ECF No. 15
2. Application of David Boies and William Isaacson of Boies, Schiller & Flexner LLP to Serve as Interim Lead Counsel for the Subscriber Track Actions, ECF No. 17
3. Motion to Appoint Leadership Positions in the Subscriber Track Actions, ECF No. 36
4. Motion to Appoint Leadership Positions in the Subscriber Track Actions Exhibit E, ECF No. 36-5
5. Case Management Order No. 2 – Order Appointing Interim Co-Lead Class Counsel, Local Facilitating Counsel, Plaintiffs' Steering Committee, and Discovery Liaison Counsel, ECF No. 61
6. Special Master's Rule 53 Report Recommending Interim Committee Chairs and Committee Members for the Plaintiff Subscriber and Provider Tracks, ECF No. 62
7. Special Master's Rule 53 Report Recommending Interim Committee Chairs and Committee Members for the Plaintiff Subscriber and Provider Tracks Exhibit A, ECF No. 62-1
8. Case Management Order No. 3 – Order Appointing Interim Committee Chairs and Committee Members for the Plaintiff Subscriber and Provider Tracks, ECF No. 82
9. Qualified Protective Order, ECF No. 550
10. Consolidated Fourth Amended Provider Complaint, ECF No. 1083
11. Settlement Class Counsel Joint Declaration in Support of Motion for Preliminary Approval of Proposed Subscriber Class Settlement, ECF No. 2610-6
12. Memorandum Opinion and Order Preliminarily Approving Settlement, Plan of Distribution, and Notice Plan, and Directing Notice to the Class, ECF No. 2641
13. Final Order and Judgment Granting Approval of Subscriber Class Action Settlement and Appointing Settlement Administrator, ECF No. 2931
14. United States Judicial Panel on Multidistrict Litigation Transfer Order, ECF No. 3049
15. Declaration of Samuel Issacharoff in Support of Provider Plaintiffs' Motion for Preliminary Approval of Settlement, ECF No. 3192-5
16. Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator, ECF No. 3225
17. Provider Plaintiffs' Motion to Disqualify Cyril Smith and for Corrective Notice, ECF No. 3232

**B-1**

18.   Provider Plaintiffs' Motion to Disqualify Cyril Smith and for Corrective Notice Exhibit 1, ECF No. 3232-1

B.   ***Anesthesia Assocs. of Ann Arbor, PLLC v. Blue Cross Blue Shield of Michigan Mut. Ins. Co.*, No. 2:23-cv-00461-RDP (N.D. Ala.)**

19.   Complaint, ECF No. 1
20.   Amended Complaint, ECF No. 53
21.   United States Judicial Panel on Multidistrict Litigation Transfer Order, ECF No. 69
22.   United States Judicial Panel on Multidistrict Litigation Transfer Order, ECF No. 70
23.   Plaintiff Anesthesia Associates of Ann Arbor, PLLC's Second Amended Complaint, ECF No. 79

C.   **Other**

24.   Complaint, ECF No. 1, *Bajalieh v. Blue Cross and Blue Shield of Alabama*, No. 2:12-cv-02185-RDP (N.D. Ala.),
25.   Class Action Complaint, ECF No. 1, *Cerven v. Blue Cross and Blue Shield of North Carolina*, No. 5:12-CV-17 (W.D.N.C)
26.   Application for Admission to Practice Pro Hac Vice, ECF No. 61, *Cerven v. Blue Cross and Blue Shield of North Carolina*, No. 5:12-CV-17 (W.D.N.C)
27.   Order Granting Application for Admission to Practice Pro Hac Vice, ECF No. 63, *Cerven v. Blue Cross and Blue Shield of North Carolina*, No. 5:12-CV-17 (W.D.N.C)
28.   United States Judicial Panel on Multidistrict Litigation Transfer Order, ECF No. 89, *Cerven v. Blue Cross and Blue Shield of North Carolina*, No. 5:12-CV-17 (W.D.N.C)
29.   Class Action Complaint, ECF No. 1, *Galactic Funk Touring, Inc. v. Blue Cross and Blue Shield of Louisiana*, No. 3:12-cv-00709-BAJ-RLB (M.D. La.)
30.   Class Action Complaint, ECF No. 1, *One Stop Env't, LLC v. Blue Cross and Blue Shield of Alabama*, No. 2:12-cv-01910-RDP (N.D. Ala.)
31.   Class Action Complaint, ECF No. 1, *Shred 360, LLC v. Blue Cross and Blue Shield of South Carolina*, No. 3:12-cv-03519-MDL (D.S.C.)
32.   Joint Prosecution Agreement Regarding *In re Blue Cross Blue Shield Antitrust Litig.* (MDL No. 2406)
33.   Class Notice Regarding Blue Cross Blue Shield Provider Settlement, https://www.bcbsprovidersettlement.com
34.   Frequently Asked Questions and Answers Regarding Blue Cross Blue Shield Provider Settlement, https://www.bcbsprovidersettlement.com
35.   The Blue Cross Provider Settlement: What Does it Mean? What Do I Do?, https://www.youtube.com/watch?v=tN6FOEpdIAA