FILED

2025 Jan-24  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION MDL 2406 | : : **Master File 2:13-cv-20000-RDP** : : : : **This document relates to:** : **All Cases** |

## <u>DECLARATION OF CYRIL V. SMITH</u>

Cyril V. Smith submits this unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1.     I am a partner in the law firm of Zuckerman Spaeder LLP, and a member of the bars of Maryland and the District of Columbia.  I was granted leave by this Court in 2013 to appear *pro hac vice* in this case.

2.     I submit this Declaration in connection with the opposition of Zuckerman Spaeder and myself to the motion to disqualify us filed on behalf of the health care provider class. Nothing herein is intended to waive either the attorney-client privilege or the work-product protection for any existing or potential client or litigation.

3.     My representation of Subscriber clients in this matter began in 2012 in the *Cerven* case in the Western District of North Carolina, and continued through the creation of this MDL. This Court appointed me to the Plaintiffs' Steering Committee in 2013, ECF 61.

4.     I have not used or relied on confidential materials or information covered by either the Protective Order or the Joint Prosecution Agreement (and not subsequently made public through unsealing by this Court) in my consideration of representation of provider opt-outs or in any of my efforts to represent them.

5.   Before I received the Motion via CM-ECF on Friday, January 10, 2025, I was unaware of any concern by Providers' counsel with respect to the matters raised in the Motion. No representative of Providers, including the Whatley Kallas law firm, contacted me before the January 10 filing.  If they had done so, I would have demonstrated to them a number of errors in the assertions and speculation in the motion.

6.   In addressing the Provider settlement with hospitals, I have often been accompanied by my partner, Bill Schultz.  Bill is the former general counsel of the U.S. Department of Health & Human Services (and before that general counsel for the Food & Drug Administration), and has often represented — and today represents — both national and state hospital associations, as well as individual hospitals.  Most notably, in the cases known as the "340B litigation," Bill played a key role in securing $10.3 billion in federally-mandated discounts on prescription drug pricing for those not-for-profit hospitals.

7.   The hospitals or hospital associations that Bill or I have spoken to fall into three main categories:  current firm clients; former firm clients such as the Massachusetts Health & Hospital Association; and hospitals with whom a current or former firm client (or a firm partner) has a close relationship.  A handful of hospitals have also contacted us directly.

8.   Zuckerman Spaeder is not the only law firm that has represented or sought to represent both subscribers and providers, either as class counsel or as opt-out counsel.  One example is the Boies Schiller firm and its *Anesthesia Associates of Ann Arbor* case, No. 1:23-cv-461-RDP (N.D. Ala.).  I have been told that at least one additional firm both currently represents subscriber opt-outs, and is actively seeking provider opt-out clients.  The Motion's reasoning would also apply to all 70+ firms who were part of the subscribers-side consortium in this MDL,

2

either as members of the joint venture or otherwise, and would prevent each of those firms from being retained by provider opt-outs.

*      *      *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __1/24/25__                    _____
                                            Cyril V. Smith

3