FILED

2025 Jan-24  PM 06:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| **IN RE:** <br> **BLUE CROSS BLUE SHIELD** <br> **ANTITRUST LITIGATION** <br> **(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP** <br><br> **This Document Relates to** <br> **Provider Track Cases** |

### [PROPOSED] ORDER GRANTING PROVIDER PLAINTIFFS'
### MOTION TO DISQUALIFY POLSINELLI, P.C. AND FOR CORRECTIVE NOTICE

This matter is before the Court on Provider Plaintiffs' Motion to Disqualify Polsinelli, P.C. and for Corrective Notice. The Motion is **GRANTED**. Polsinelli, P.C., including Dan Owen, is disqualified from advising Providers on whether to opt out of the Provider settlement or representing them in opt-out litigation. Mr. Owen is **ORDERED** to send the corrective notice attached as Exhibit A to everyone who attended his presentation and all potential clients he has spoken with about the case, at his own expense or the expense of his firm. Mr. Owen is **ORDERED** to certify to the Court within seven days that this notice has been sent in accordance with this order.

DONE this __ day of _____, 2025.

**R. DAVID PROCTOR**
**UNITED STATES DISTRICT JUDGE**

# Exhibit A

**This letter is written at the direction of the federal Court in which there is a pending proposed class action settlement regarding antitrust claims against the Blue Cross Blue Shield association and its member Blue Plans.** The class action is styled *In re Blue Cross Blue Shield Antirust Litigation*, No. 13-cv-20000-RDP (N.D. Ala.). This letter contains important information that affects your legal rights. **This letter and its contents have been reviewed and approved by the Court.**

You are receiving this notice because one or more representatives of your organization attended a presentation about the case by, or otherwise spoke with, Mr. Dan Owen of the law firm Polsinelli, P.C. Mr. Owen should not have given this presentation because he is ethically prohibited from advising healthcare providers on whether to participate in the settlement and from representing them as opt-out plaintiffs, as other members of his firm have represented a defendant in this case. In addition, the Court has determined that this presentation contained incorrect or misleading statements, which substantially interfere with class members' ability to make an informed decision regarding their rights. The Court has a duty to ensure that class members receive accurate, non-misleading information about the litigation and the pending settlement. This letter explains some of the Court's concerns about the presentation and what the Court is doing in response to those concerns. **Please read this letter carefully.**

Mr. Owen's Role in the Case: In his presentation, Mr. Owen said, "I was asked to be involved in settlement negotiations. So I know exactly what the goals of the case are. I can't say anything about settlement negotiations because they're confidential, but I speak from personal knowledge about these things." Mr. Owen has not participated in a mediation session since

1

December 2019, nearly five years before the case was settled. He has little knowledge of the process that led to settlement.

The Reasons for Settlement: Mr. Owen stated, "[The case] was unfortunately -- it was supposed to be a nationwide class action covering all 50 states. The reason we're here today is that after three rounds of class action briefing and literally years of fighting about it, it was clear that the case was never going to be certified as a class action." He also stated, "When it was clear that [certification of a nationwide class] wasn't going to happen, [Provider Plaintiffs' counsel] simply gave up and made the best deal they could on a class-wide basis."

These statements misrepresent the posture of the case at the time of settlement. In 2015 this Court ordered that the Alabama cases proceed as bellwethers to streamline the case. From that point, the Provider Plaintiffs focused on Alabama markets, and they moved to certify Alabama classes. Certification of a nationwide class had not been sought when the case settled in 2024, and it was certainly not "clear" that an Alabama class could not be certified. In fact, in late 2023 this Court denied the Blues' motion for summary judgment that attacked the principles underlying the Providers' theory of classwide damages.

These statements also misrepresent the efforts of Provider Plaintiffs' counsel. This Court has preliminarily approved the settlement between the Provider Plaintiffs and the Blues, finding that "the named Plaintiffs and the lawyers representing them have properly and adequately prosecuted this case and well represented the class." There is no indication that the Provider Plaintiffs' counsel "gave up."

The Court's Ruling on the Standard of Review: Mr. Owen stated, "[The Blues] literally agreed not to compete against each other. And that has been held by the judge to be *per se* illegal. So any damages that flow from that are basically automatic because that's been ruled to be illegal." Mr. Owen has failed to disclose serious risks in litigating a plaintiff's claims in this case, including claims judged under the *per se* standard. This Court's rulings on the standard of review established that the Blues' conduct through 2021 would be evaluated under the *per se* standard, but that is not a finding of liability or damages. The Blues have asserted defenses to the Provider Plaintiffs' claims, including their *per se* claims, on the grounds that the Blues are a single entity that is incapable of conspiring, and that the Blues are entitled to use Exclusive Service Areas to enforce their common-law trademark rights. Motions for summary judgment relating to these defenses have been denied, so these issues would go to a jury. Doc. Nos. 3093, 3103. In addition, even if these defenses are unsuccessful, a plaintiff would have to prove its damages to a jury. The Blues have asserted that the Provider Plaintiffs have failed to proffer a reliable model for damages because health insurance is a two-sided platform and because the Provider Plaintiffs incorrectly defined the relevant markets, among other reasons. These too could be questions for the jury.

In addition, Mr. Owen omits a significant fact: following a change to the Blues' rules, this Court held that the Blues' conduct after April 2021 will governed by the rule of reason. This change will increase the burden of proof on plaintiffs, and it may affect the availability of injunctive relief. It is important for Providers to realize that their forward-looking claims are not *per se* claims.

Prospects for Renegotiation of the Settlement: Mr. Owen states that based on the preliminary approval hearing, he believes that this Court expects a significant number of Providers to opt out the settlement, which will cause the Blues to renegotiate the settlement. This Court has

3

no such expectation, and it said nothing at the preliminary approval hearing that could be construed this way.

Mr. Owen also states that after this Court preliminarily approved another settlement in this case by the Subscriber Plaintiffs, a large number of opt-outs caused the Blues to change their settlement agreement. This never happened. With one change to the scope of the release that this Court ordered, the Subscriber settlement this Court preliminarily approved was the same one it finally approved.

If Mr. Owen has given the impression that it would be relatively easy to get the Blues to renegotiated their settlement by opting out, that impression would be incorrect. As this Court said in its preliminary approval order, "So, if the individual providers were to bring their own actions, the court suspects that the Blues would litigate each one to its conclusion rather than enter into piecemeal settlements. The prospect of resolving this case on a class wide basis has produced the strongest Settlement, and achieved results that would not have been possible in individual litigation."

This Court has discussed the merits of the Providers Plaintiffs' settlement in its order granting preliminary approval, which is attached to this notice. Class Members should review it carefully before deciding whether to opt out of the settlement. If you have any questions about this notice, the preliminary approval order, or this class action and proposed settlement, you may contact Co-Lead Counsel for the Provider Plaintiffs, whose name and contact information are below.

Joe R. Whatley, Jr.
Whatley Kallas LLP
jwhatley@whatleykallas.com
(205) 488-1200

4

Edith M. Kallas
Whatley Kallas LLP
ekallas@whatleykallas.com
(205) 488-1200