FILED
2025 Jan-27 PM 05:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION**<br><br>**MDL NO. 2406** | Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to Provider Track Cases |

**CY SMITH & ZUCKERMAN SPAEDER LLP'S
SUBMISSION REGARDING SCHEDULING**

In light of Friday's filing of another disqualification motion by Providers' counsel and the fact that it will require its own briefing schedule (ECF 3246), Cy Smith and Zuckerman Spaeder LLP provide this submission regarding scheduling and disposition of the two pending motions, ECF 3232 (the Zuckerman Spaeder motion) and ECF 3245 (the Polsinelli motion). To protect the rights of Provider class members to timely and independent information about, and perspectives regarding, the settlement in advance of the fast-approaching March 4, 2025 opt-out deadline, Zuckerman Spaeder requests that this Court rule on the Zuckerman Spaeder motion as soon as possible after the filing of a reply by Providers' counsel at the end of this week (Jan. 31), which will complete all briefing on that motion. If the Court determines that a hearing is required, Zuckerman Spaeder requests that the hearing occur as soon as possible after the January 31st filing of that reply.

**ARGUMENT**

First, a comparison of the two motions shows that there is little to no overlap in terms of the facts or the law – so that the development of the facts and law in briefing on the Polsinelli motion will be irrelevant to disposition of the Zuckerman Spaeder motion. The Polsinelli motion alleges a conflict based on alleged prior representation of BCBS-AL, while the Zuckerman

Spaeder motion claims that work for the Subscribers create a conflict. Put differently, the Polsinelli motion contends that those respondents have "switched sides," while the Zuckerman Spaeder motion does not. This difference in allegations requires the Polsinelli motion to address issues like the availability of an "ethical wall," while that question does not arise in the Zuckerman Spaeder motion.[1]

Second, the serial filing of the two motions — on January 10 and January 24, two weeks apart — has created a risk of delay in deciding the Zuckerman Spaeder motion if a ruling on it were to await the completion of briefing on the Polsinelli motion – particularly since briefing on the latter motion has not even been set.[2]

These two circumstances — the differences between the two motions and the risk of delay — support a prompt resolution of the Zuckerman Spaeder motion without awaiting completion of briefing on the Polsinelli motion, including an early hearing if this Court deems such a hearing necessary. The public -- and false -- accusations in the Providers' motion of unethical conduct by Zuckerman Spaeder, as explained in its response (ECF 3244 at 1-2), have created a potential chilling effect for hospitals considering opting out, at a juncture when time is of the essence given the short runway to March 4. *This is the time* when hospitals around the country are carefully considering their rights under the settlement as compared to opting out, and time is running short.

[1] Similarly, although both motions assert the right to an (extraordinary) remedy in compelling opt-out counsel to "correct" statements about the proposed settlement, the challenged statements were made at different times to different audiences and address largely different subjects.

[2] The later filing of the Polsinelli motion does not appear to have been necessary. According to Providers' counsel, they (alongside the Polsinelli firm) have known about the asserted conflict "for at least three weeks." (ECF 3245 at 10)

To quote Providers, "this issue must be resolved promptly." (ECF 3245 at 10; *see also* ECF 3235 at 2 (Providers: "the motion must be decided expeditiously")). Timeliness is particularly important because class members' rights to an informed decision are of Constitutional dimension — they implicate not just Rule 23, but also the Due Process Clause. (Declaration of William Rubenstein, ECF 3244-4 at ¶5.) If the Zuckerman Spaeder motion is denied, but late in the game, it could have the same effect as granting the motion. In that case, Providers would have profited from their delay.

Dated: January 27, 2025

Respectfully submitted,

/s/ *Joe L. Leak*

Joe L. Leak ASB5124A63J
Michael J. Douglas ASB2888C52D
LEAK, DOUGLAS & MORANO, PC
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Phone: 205.977.7099
jleak@leakdouglas.com
mdouglas@leakdouglas.com

*Attorneys for Respondents Cy Smith and Zuckerman Spaeder LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 27, 2025, I caused the foregoing to be served on counsel of record via the Court's electronic case filing system.

*/s/Joe L. Leak*
Joe L. Leak

*Counsel for Respondents Cy Smith and Zuckerman Spaeder LLP*