FILED

2025 Feb-07  PM 08:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE:<br>BLUE CROSS BLUE SHIELD<br>ANTITRUST LITIGATION<br><br>MDL No. 2406 | Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to Provider<br>Track Cases |

## DECLARATION OF MATTHEW J. MURER

Matthew J. Murer submits this unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1. I am a partner at Polsinelli PC, where I serve as the Health Care, Public Policy, and Government Investigations Department Chair. In that capacity, I oversee the administration of Polsinelli's Health Care, Public Policy, and Government Investigations Department. This includes reviewing all potential new matters that involve a health care provider or a health insurance company. I also assist in coordinating work and support for health care clients across the firm. I also review potential conflicts for lateral attorneys when their new clients include health care providers or health insurance companies.

2. I am a member of the Illinois bar.

3. I have worked at Polsinelli for 16 years.

4. I submit this Declaration in connection with Polsinelli PC's Opposition to Class Counsel's Motion to Disqualify and For Corrective Notice.

5. Nothing herein is intended to waive any attorney-client privilege or work-product protection for any existing or potential client or litigation.

6. Jim Polsinelli founded Polsinelli PC with two other young lawyers in Kansas City, Missouri, in 1972.

7. For the first decade of its existence, the firm primarily served small businesses in the Kansas City area.

8. During the 1980s, the firm developed a national trial practice and has continued to grow, now employing more than 1,100 lawyers in 24 offices across 17 states, including many lawyers who work remotely.

9. Polsinelli employs lawyers who are licensed in at least 45 states.

10. Polsinelli represents hundreds of health care providers in an array of matters and is well-known in the industry for those representations.

11. Polsinelli ordinarily does not represent health care insurers to avoid conflicts of interest, but it has represented a small number of insurers on matters that did not place the insurers adverse to health care providers. Those matters contained detailed waivers designed to protect the firm's work for providers as well.

12. Relevant to this dispute, four lawyers who formerly represented Blue Cross Blue Shield of Alabama ("BCBS Alabama") while working at Maynard, Cooper & Gale (which is now Maynard Nexsen) left Maynard and joined Polsinelli in January 2024.

13. None of the former Maynard lawyers who joined Polsinelli had done any work for BCBS Alabama after 2018.

14. None of the former Maynard lawyers who joined Polsinelli have represented BCBS Alabama at any time during their employment at Polsinelli.

15. None of the former Maynard lawyers who joined Polsinelli have worked on any matters relating to this MDL proceeding since they joined Polsinelli and none of them have shared any information from their previous representation of BCBS Alabama with anyone at Polsinelli.

16. None of the former Maynard lawyers who joined Polsinelli brought documents relating to that representation with them to Polsinelli.

17. In January 2025, BCBS Alabama questioned whether Polsinelli had a conflict. Polsinelli immediately erected an ethics screen and informed BCBS Alabama of the procedures that the firm had used to implement the screen. The purpose of the screen is to ensure that none of the former Maynard lawyers work on matters relating to this MDL proceeding or share information about BCBS Alabama or the litigation in general with anyone at Polsinelli.

18. Each of the Maynard lawyers was instructed (and agreed) not to have any involvement in any matters relating to this MDL proceeding and not to have any discussions with any Polsinelli attorneys or staff members regarding this litigation or any information they may have learned while representing BCBS Alabama.

19. Each of the Maynard lawyers confirmed that they have had no prior discussions with anyone at Polsinelli about this litigation (other than to confirm this with me and firm leadership for purposes of erecting the screen).

20. Since the Court preliminarily approved the class settlement on December 4, 2024, health care providers have repeatedly asked Polsinelli lawyers (not including the Polsinelli lawyers who are screened) for advice on whether to accept the terms of the settlement or opt out.

3

21. Because of the instant disqualification motion, Polsinelli has advised only one client regarding whether to opt out of the proposed settlement and assert its own claims in separate litigation. Even though the firm is not aware of any conflict, Polsinelli has turned away most of the providers who have sought the firm's advice on these issues because the uncertainty of how this Court might rule makes it prudent for potential clients to seek advice from counsel who are not subject to a disqualification motion. The Motion—and in particular its sweeping request that every lawyer in the firm be disqualified from representing any provider anywhere—has thus had a strong negative impact on the firm's practice and its relationships with providers. The Motion has also prevented many Providers from obtaining legal advice from the lawyers of their choice regarding the very important issue of whether to opt out of the proposed settlement.

22. The only current client that Polsinelli is advising with respect to whether to opt out of the proposed settlement is a provider with operations in several states, including Washington, but not Alabama.

23. Polsinelli lawyers in several states (not including Alabama) have represented this client on various matters for more than 25 years.

24. Polsinelli's current client does not do business with BCBS Alabama and, therefore, if the client decides to opt out of the settlement, any claims it might assert would be against BCBS companies other than BCBS Alabama, and those claims would likely be asserted in a state where the client has a strong operational presence, not in Alabama.

25. The Polsinelli lawyers who currently represent this client are not members of the Alabama bar.

4

26. Polsinelli does not know who participated in the December 19, 2024, Zotec Zoom call with respect to BCBS antitrust litigation, but the firm is not currently representing any of those persons or entities with respect to the proposed settlement.

27. No Polsinelli lawyer will make any further public presentations about the BCBS settlement to non-clients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 2/7/25

Matthew J. Murer
Partner
Polsinelli PC

5