IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>BLUE CROSS BLUE SHIELD<br>ANTITRUST LITIGATION<br>(MDL NO. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to<br>Provider Track Cases |

**REPLY IN SUPPORT OF PROVIDER PLAINTIFFS'
MOTION TO DISQUALIFY POLSINELLI, P.C. AND FOR CORRECTIVE NOTICE**

The Polsinelli firm claims the right to advise clients to opt out of the settlement of litigation pending in Alabama. If a provider opts out, Blue Cross and Blue Shield of Alabama will lose the release it obtained through the settlement. If enough providers opt out, the entire settlement could be rescinded, not only eliminating the release but also causing further litigation against Blue Cross and Blue Shield of Alabama in federal court in Alabama. Polsinelli's reason? Its conduct, it says, has nothing to do with Alabama. Only by ignoring everything but the filing of litigation in other jurisdictions could Polsinelli make this incorrect claim. Moreover, one of its fundamental premises—that its client does no business with Blue Cross and Blue Shield of Alabama—contradicts this Court's holding that a Blue plan can do substantial business outside its service area by insuring members and paying for their care. Because Polsinelli lawyers have represented Blue Cross and Blue Shield of Alabama in this matter, basic principles of legal ethics prohibit the firm from advising clients to take action that would harm the interests of Blue Cross and Blue Shield of Alabama in this same matter.

Moreover, the presentation Polsinelli gave was misleading in important respects and flat-out false in others. Attorneys generally have the right to communicate with clients (barring a disqualifying conflict), but they do not have the right to mislead them. Provider Co-Lead Counsel's fiduciary duty to protect the class requires that they be allowed to send corrective notice.

**ARGUMENT**

**I.   POLSINELLI MAY NOT ETHICALLY ADVISE A PROVIDER TO OPT OUT.**

When discussing its conduct, Polsinelli focuses exclusively on the filing of opt-out litigation, which it says would occur in jurisdictions outside Alabama, without Blue Cross and Blue Shield of Alabama (BCBS-AL) as a defendant. Polsinelli fails to acknowledge that the consequences of opting out go beyond the filing of new litigation. Opt-outs would cost BCBS-AL a release it bargained for and potentially jeopardize the entire settlement. Both consequences are plainly adverse to BCBS-AL. With the proper scope of Polsinelli's conduct in mind, the conflict of interest is clear, unavoidable, and disqualifying.

**A.  Alabama's Ethical Rules Apply Here.**

Polsinelli invokes Rule 8.5(b) of the ABA Model Rules of Professional Conduct to assert that Alabama's ethical rules do not apply here. Rule 8.5(b) provides that the applicable rules are:

> (1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; …

Advising a client to opt out of the settlement, as opposed to the separate issue of advising a client to file an antitrust suit against the Blues, calls for the application of Alabama's rules. Opting out of a settlement preliminarily approved by this Court in Alabama, via a procedure ordered by this Court, is "conduct in connection with a matter pending before a tribunal" in Alabama. Attorneys who purport to advise clients on how to proceed in an Alabama matter are subject to Alabama's ethical rules.[1] *See Alzheimer's Inst. of Am., Inc. v. Avid Radiopharmaceuticals*, 2011 WL 6088625, at *3 (E.D. Pa. Dec. 7, 2011) (applying Pennsylvania's ethical rules to a California law firm); Michael P. Richman & Anthony Nguyen, Whose Rules Apply in Multi-Jurisdictional Cold-

---

[1] It is unclear whether Polsinelli disputes that Dan Owen, whose presentation was the initial reason for this motion, is bound by the Alabama Rules of Professional Conduct in this matter. He clearly is, under LR 83.1.

Calling?, Am. Bankr. Inst. J., Dec./Jan. 2012, at 18, 68. ("What state's rules must be consulted in the first instance [when soliciting creditors in a bankruptcy proceeding]? In the case of an already pending proceeding, it seems clear that one must look at that state's (and the relevant tribunal's) rules.").

### B.  A Conflict Exists Because Opting Out Is Directly Adverse to BCBS-AL.

It is hard to imagine a conflict more disqualifying for a firm than advising one client to take action adverse to another client represented by the firm's attorneys *in the same matter*—even if the representation of the other client has ended. Ala. R. Prof. Conduct 1.9 ("A lawyer who has formerly represented a client in a matter *shall not* thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client" without consent) (emphasis added); ABA Model R. Prof. Conduct 1.9(a) ("A lawyer who has formerly represented a client in a matter *shall not* thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client" without consent) (emphasis added). This Court has disqualified a large firm for less. *Southern Visions, LLP v. Red Diamond, Inc.*, 370 F. Supp. 3d 1314 (N.D. Ala. 2019) (disqualifying Bradley Arant from representing a party in a patent infringement suit against another party for whom the firm had handled unrelated matters).

Here, a provider who opts out of the settlement is directly adverse to BCBS-AL. The phrase "directly adverse" "does not always mean if one client wins the other automatically loses. It can also mean that if one client wins, the other one becomes weaker in some way, loses leverage or is in some way diminished." Doc. No. 3232-1 (opinion of the General Counsel of the Alabama State Bar) at 2. BCBS-AL, like all the Blues, bargained for a release when it settled this litigation. Whenever a provider opts out of the settlement, BCBS-AL loses the benefit of that release.

3

Although Polsinelli has pledged not to sue BCBS-AL directly on behalf of its clients, that does not stop another firm from suing BCBS-AL on behalf of the same clients. Thus, advising a provider to opt out of the settlement weakens or diminishes BCBS-AL. This is "materially adverse" to the interests of BCBS-AL under Alabama Rule 1.9. The adversity would become even worse if Polsinelli (and others) convinced enough providers to opt out that the settlement was rescinded. Then BCBS-AL would lose all the benefits of the settlement for which it bargained. By focusing solely on opt-out litigation, as opposed to opting out itself, Polsinelli ignores this adversity.

Even in focusing on opt-out litigation in other jurisdictions, Polsinelli makes a mistake that undermines its position. Six times, Polsinelli asserts that its client, which "operates in several states, … does not do business with BCBS Alabama." Doc. No. 3268 (Opposition) at 6; *id.* at 2, 7, 8, 10, 14. Presumably, Polsinelli means that its client does not have a *contract* with BCBS-AL, but that is not the same. Because of the wide reach of the BlueCard program, virtually all large providers treat BCBS-AL members, and are paid by BCBS-AL via their local Blue plan. The Court will recall that some of the Blues asserted that this Court lacked jurisdiction over them because they did not do business in Alabama. After extensive discovery and briefing, this Court disagreed, finding that all of these Blues do "substantial business" in Alabama, based on the premiums they collect from members who live in Alabama, the payments they make to Alabama providers, or both. *In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d 1269, 1296–99 (N.D. Ala. 2016). This would work the other way around; if BCBS-AL collects premiums from members in, say, Washington, and pays for their care there, under this Court's ruling BCBS-AL would be subject to jurisdiction there. Thus, even if Polsinelli chooses not to haul BCBS-AL into court in Washington, another firm might. Polsinelli's attempt to limit its own litigation options by

4

disavowing claims against BCBS-AL underscores the conflict that Polsinelli has placed both itself and its putative clients in.

Polsinelli also claims that the "Polsinelli lawyers who worked at the Maynard firm have not shared any confidential information with anybody else at Polsinelli[,]" and they have been screened. Opposition at 15. This is irrelevant. Polsinelli does not contest that Alabama does not permit a firm to avoid a conflict by screening lawyers. *See* Doc. No. 3245 (Motion to Disqualify) at 4–5. Neither does Missouri, where Polsinelli is headquartered and where Mr. Owen is based. *Id.* at 5. In addition, it is unclear from the filing whether such screening or other steps were taken before or after Mr. Owen's presentation and notice of the conflict was provided to Polsinelli.

### C. Polsinelli's Arguments About Standing Are Moot Because BCBS-AL Seeks the Same Relief.

Polsinelli asserts that the Provider Plaintiffs have no standing to seek disqualification based on its alleged conflict with BCBS-AL. The Provider Plaintiffs' counsel have not just the right but the "absolute obligation to report violations of the *Alabama Rules of Professional Conduct*." Doc. No. 3232-1 at 3. In any event, BCBS-AL has diligently sought information from Polsinelli about this matter, objected to the conflict, and now has filed a joinder in this motion. Therefore, Polsinelli's argument that a lack of standing precludes disqualification is moot. Additionally, Polsinelli concedes it has other former clients who are Provider class members in this lawsuit, who presumably want to take advantage of the relief in the Settlement. Any attempt to "blow up" the Settlement is also against the interests of those former clients as well.

## II. CORRECTIVE NOTICE IS WARRANTED.

It is not the Providers' intent to compel Mr. Owen to say anything with which he disagrees. Therefore, they are modifying their request for corrective notice such that the Providers would

5

send a Court-approved notice, with the assistance of the Settlement Notice Administrator. This modification should obviate any constitutional concerns.

The Providers agree with Polsinelli that "[c]lass members should be allowed to consult outside sources so they can make fully informed decisions about exercising their right to opt out." Opposition at 16. But that is not a license to mislead class members or make false statements; Alabama Rule 7.1 still prohibits false or misleading communications, including a communication that "[c]ontains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading[.]"[2] Mr. Owen made several such communications, which must be corrected.

*Mr. Owen's Role in the Mediation and His Representations About Co-Lead Counsel's Motivations*

Polsinelli points to a number of Mr. Owen's statements that he was giving his opinion or his view. But that is not what happened when he told his audience, "I was asked to be involved in settlement negotiations. So I know exactly what the goals of the case are." Doc. No. 3245-1 at 18. Seconds later, purporting to speak from personal knowledge based on his participation in the settlement negotiations, Mr. Owen said, "When it was clear that [certification of a nationwide class] wasn't going to happen, [Provider Co-Lead Counsel] simply gave up and made the best deal they could on a class-wide basis." *Id.* at 19. For a class member listening to this presentation, the only reasonable interpretation of these remarks is that Mr. Owen knows first-hand from his

---

[2] Mr. Owen states that he "did not view the informational presentation as a marketing opportunity for the firm," Opposition at 6, but Zotec's email promoting the presentation suggests otherwise, and also states that Polsinelli was already advising clients about the settlement: "Since 2016, the national law firm of Polsinelli, P.C. has been involved in this case for a wide range of healthcare providers and, most recently, advising providers as to whether they should accept the class action settlement or opt out. Polsinelli's presentation will cover the terms of the proposed settlement and the pros and cons of either accepting the settlement or opting out, as well as other options to seek direct damages against the applicable plans." Ex. 1. Mr. Owen also states that Zotec's clients are "typically smaller health care providers than Polsinelli would normally represent in an anti-trust action, Opposition at 6, but the copy of the invitation the Providers obtained was addressed to a large hospital system.

6

presence in settlement negotiations that Co-Lead Counsel threw in the towel. Mr. Owen did not disclose that he had not participated in mediation for five years before settlement. He had no basis for these statements, which were not couched as opinion.

*The Effect of the Per Se Ruling*

Polsinelli continues to be wrong about the effect of the *per se* ruling in this case. Damages are not "basically automatic." The single entity defense, which Mr. Owen did not disclose to his audience, remains to be decided, as does the trademark defense, which neither Mr. Owen nor Polsinelli acknowledge. And even if liability were established, issues of market definition and two-sided platforms would have to be overcome before a jury could award damages. *See US Airways, Inc. v. Sabre Holdings Corp.*, 2023 WL 2853931, at *1 (S.D.N.Y. Apr. 10, 2023) (noting a jury award of one dollar in nominal damages in an antitrust case that had been pending for twelve years). Making matters worse, Mr. Owen failed to disclose that claims for conduct after April 2021 (including claims for injunctive relief) will be governed by the rule of reason, not the *per se* rule. Telling class members that damages would be "basically automatic," and failing to disclose any of the defenses, specific risks, or the application of the rule of reason, falls squarely in the category of "a material misrepresentation of fact or law, or omit[ting] a fact necessary to make the statement considered as a whole not materially misleading."

*The Court's Expectation of Opt-Outs*

Mr. Owen told class members a story: "after it became clear that a lot of big subscribers' groups were opting out [of the Subscribers' settlement], there were new negotiations with The Blues and they came back to the judge with a new settlement agreement that was more acceptable." Doc. No. 3245-1 at 24–25. This is utterly, indefensibly false. In reality, confusion about certain class members' right to opt out of the settlement with respect to a specific category of relief caused

7

the Subscriber Plaintiffs to move to provide supplemental class notice. Doc. No. 2897. The parties did not change the settlement. Immediately after relaying his false story, Mr. Owen said, "When the judge was hearing this [at the Providers' preliminary approval hearing], he said from the bench, he alluded to the fact that this had happened before and basically indicated he wouldn't be surprised if it happened in this case." *Id.* at 25. Mr. Owen led his audience to believe, wrongly, that the threat of opt-outs caused substantial changes to the Subscribers' settlement (when the reality was that class notice was supplemented to account for an issue specific to the Subscribers), and that the Court expected the same (nonexistent) event would happen here. That is not an opinion; it is a false statement that must be corrected.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Respectfully submitted this the 14th day of February, 2025.

>                 */s/ Samuel Issacharoff*
> Samuel Issacharoff
> 40 Washington Square South
> New York, NY 10012
> Phone: 212-998-6580
> Email: si13@nyu.edu

| */s/ Edith M. Kallas* | */s/ Joe R. Whatley, Jr.* |
|---|---|
| Edith M. Kallas – ***Co-Lead Counsel*** | Joe R. Whatley, Jr. – ***Co-Lead Counsel*** |
| WHATLEY KALLAS, LLP | W. Tucker Brown |
| 152 West 57th Street | WHATLEY KALLAS, LLP |
| 41st Floor | 2001 Park Place North |
| New York, NY 10019 | 1000 Park Place Tower |
| Tel: (212) 447-7060 | Birmingham, AL 35203 |
| Fax: (800) 922-4851 | Tel: (205) 488-1200 |
| Email: ekallas@whatleykallas.com | Fax: (800) 922-4851 |
| | Email: jwhatley@whatleykallas.com |
| | tbrown@whatleykallas.com |

*/s/ Barry A. Ragsdale*
Barry Alan Ragsdale – ***Plaintiffs' Liaison Counsel and Discovery Liaison Counsel***
Dominick Feld Hyde, PC
1130 22nd Street South Ridge Park
Suite 4000
Birmingham, AL 35205
Tel: (205) 536-8888
bragsdale@dfhlaw.com

*/s/ Aaron S. Podhurst*
Aaron S. Podhurst – ***Plaintiffs' Steering Committee***
Peter Prieto – ***Chair, Expert Committee***
PODHURST ORSECK, P.A.
One S.E. 3rd Avenue
Suite 2300
Miami, FL 33131
Tel: (305) 358-2800
Fax: (305) 358-2382
Email: apodhurst@podhurst.com
pprieto@podhurst.com

*/s/ E. Kirk Wood, Jr.*
E. Kirk Wood, Jr. – ***Local Facilitating Counsel***
WOOD LAW FIRM LLC
P. O. Box 382434
Birmingham, AL 35238
Tel: (205) 612-0243
Fax: (205) 705-1223
Email: kirk@woodlawfirmllc.com

*/s/ U.W. Clemon*
U.W. Clemon – ***Plaintiffs' Steering Committee***
U. W. Clemon, LLC
5202 Mountain Ridge Parkway
Birmingham, AL 35222
Tel: (205) 837-2898
Email: uwclemon1@gmail.com

*/s/ Dennis Pantazis*
Dennis Pantazis – ***Plaintiffs' Steering Committee***
Brian Clark – ***Discovery Committee***
WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
The Kress Building
301 Nineteenth Street North
Birmingham, AL 35203
Tel: (205) 314-0500
Fax: (205) 254-1500
Email: dgp@wigginschilds.com
bclark@wigginschilds.com

*/s/ J. Mark White*
J. Mark White – ***Litigation Committee***
*/s/ Augusta S. Dowd*
Augusta S. Dowd – ***Chair, Litigation Committee***
Linda G. Flippo – ***Discovery Committee***
WHITE ARNOLD & DOWD, P.C.
2001 Park Place North
Suite 1400
Birmingham, AL  35203
Tel: (205) 323-1888
Fax: (205) 323-8907
Email: mwhite@whitearnolddowd.com
adowd@whitearnolddowd.com
lflippo@whitearnolddowd.com

9

*/s/ W. Daniel Miles, III*
W. Daniel Miles, III – ***Written Submissions Committee***
BEASLEY ALLEN CROW METHVIN PORTIS
 & MILES, P.C.
218 Commerce Street
Montgomery, AL 36104
Tel: (800) 898-2034
Fax: (334) 954-7555
Email: dee.miles@beasleyallen.com

*/s/ Myron C. Penn*
Myron C. Penn – ***Discovery Committee***
PENN & SEABORN, LLC
53 Highway 110
Post Office Box 5335
Union Springs, AL 36089
Tel: (334) 738-4486
Fax: (334) 738-4432
Email: myronpenn28@hotmail.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street
Suite 2C
Portsmouth, NH 03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

Charles Clinton Hunter
HAYES HUNTER PC
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (281) 768-4731
Fax: (713) 583-7047
Email: chunter@hayeshunterlaw.com

*/s/ Mark K. Gray*
Mark K. Gray – ***Discovery Committee***
GRAY & WHITE
713 E. Market Street, Suite 200
Louisville, KY 40202
Tel: (502) 805-1800
Fax: (502) 618-4059
Email: mgray@grayandwhitelaw.com

Patrick J. Sheehan
WHATLEY KALLAS, LLP
101 Federal Street
19th Floor
Boston, MA 10019
Tel: (617) 573-5118
Fax: (617) 371-2950
Email: psheehan@whatleykallas.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel: (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com

Dennis C. Reich – ***Chair, Damages Committee***
REICH & BINSTOCK, LLP
4265 San Felipe, Suite 1000
Houston, TX 77027
Tel: (713) 622-7271
Fax: (713) 623-8724
Email: dreich@reichandbinstock.com

Nicholas B. Roth – ***Chair, Discovery Committee***
Julia Smeds Roth – ***Discovery Committee***
EYSTER KEY TUBB ROTH MIDDLETON
 & ADAMS, LLP
402 East Moulton Street, SE
Decatur, AL 35602
Tel: (256) 353-6761
Fax: (256) 353-6767
Email: nbroth@eysterkeylaw.com
         jroth@eysterkeylaw.com

Van Bunch – ***Chair, Class Certification Committee***
BONNETT FAIRBOURN FRIEDMAN &
 BALINT, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel: (602) 274-1100
Fax: (602) 274-1199
Email: vbunch@bffb.com

Robert J. Axelrod – ***Chair, Written Submissions Committee***
AXELROD LLP
800 Third Avenue, Suite 2800
New York, NY 10022
Tel: (646) 448-5263
Fax: (212) 840-8560
Email: raxelrod39@gmail.com
John C. Davis – ***Written Submissions Committee***
LAW OFFICE OF JOHN C. DAVIS
623 Beard Street
Tallahassee, FL 32303
Tel: (850) 222-4770
Email: john@johndavislaw.net

David A. Balto – ***Expert Committee***
THE LAW OFFICES OF DAVID A. BALTO
1350 I Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 789-5424
Fax: (202) 589-1819
Email: david.balto@dcantitrustlaw.com

Joey K. James – ***Litigation Committee***
BUNCH & JAMES
P. O. Box 878
Florence, AL 35631
Tel: (256) 764-0095
Fax: (256) 767-5705
Email: joey@joeyjameslaw.com

Richard S. Frankowski – ***Discovery Committee***
THE FRANKOWSKI FIRM, LLC
231 22nd Street South, Suite 203
Birmingham, AL 35233
Tel: (205) 390-0399
Fax: (205) 390-1001
Email: richard@frankowskifirm.com

Michael C. Dodge – ***Expert Committee***
GLAST PHILLIPS & MURRAY, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254
Tel: (972) 419-7172
Email: mdodge@gpm-law.com

Lynn W. Jinks, III – *Expert Committee*
Christina D. Crow – *Discovery Committee*
JINKS CROW, P.C.
219 North Prairie Street
Union Springs, AL 36089
Tel: (334) 738-4225
Fax: (334) 738-4229
Email: ljinks@jinkslaw.com
　　　 ccrow@jinkslaw.com

Stephen M. Hansen – *Class Certification Committee*
LAW OFFICE OF STEPHEN M. HANSEN
1821 Dock Street
Tacoma, WA 98402
Tel: (253) 302-5955
Fax: (253) 301-1147
Email: steve@stephenmhansenlaw.com

C. Wes Pittman – *Settlement Committee*
THE PITTMAN FIRM, P.A.
432 McKenzie Avenue
Panama City, FL 32401
Tel: (850) 784-9000
Fax: (850) 763-6787
Email: wes@pittmanfirm.com

Robert B. Roden – *Litigation Committee*
SHELBY RODEN, LLC
2956 Rhodes Circle
Birmingham, AL 35205
Tel: (205) 933-8383
Fax: (205) 933-8386
Email: rroden@shelbyroden.com

Michael E. Gurley, Jr. – *Discovery Committee*
Attorney at Law
24108 Portobello Road
Birmingham, AL 35242
Tel: (205) 908-6512
Email: mgurleyjr@yahoo.com

Harley S. Tropin – *Damages Committee*
Javier A. Lopez – *Discovery Committee*
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce De Leon Boulevard, 9th Floor
Miami, FL 33134
Tel: (305) 372-1800
Fax: (305) 372-3508
Email: hst@kttlaw.com
　　　 jal@kttlaw.com

J. Preston Strom, Jr. – *Litigation Committee*
STROM LAW FIRM, LLC
2110 N. Beltline Boulevard, Suite A
Columbia, SC 29204-3905
Tel: (803) 252-4800
Fax: (803) 252-4801
Email: petestrom@stromlaw.com

Thomas V. Bender – *Discovery Committee*
Dirk L. Hubbard
HORN AYLWARD & BANDY, LLC
2600 Grand Blvd., Suite 1100
Kansas City, MO 64108
Tel: (816) 421-0700
Email: tbender@hab-law.com
　 dhubbard@hab-law.com

Gregory S. Cusimano – ***Litigation Committee***
CUSIMANO, ROBERTS & MILLS, LLC
153 South 9th Street
Gadsden, AL 35901
Phone: (256) 543-0400
Fax: (256) 543-0488
Email: greg@alalawyers.net

Brian E. Wojtalewicz
WOJTALEWICZ LAW FIRM, LTD.
139 N. Miles Street
Appleton, MN 56208
Tel: (320) 289-2363
Fax: (320) 289-2369
Email: brian@wojtalewiczlawfirm.com

Archie C. Lamb, Jr.
ARCHIE LAMB & ASSOCIATES, LLC
301 19th Street North, Suite 585
The Kress Bldg.
Birmingham, AL 35203-3145
(205) 458-1210
Email: alamb@archielamb.com

Paul Lundberg
LUNDBERG LAW, PLC
600 4TH Street, Suite 906
Sioux City, IA 51101
Tel: (712) 234-3030
Fax: (712) 234-3034
Email: paul@lundberglawfirm.com

Gary E. Mason – ***Class Certification Committee***
WHITFIELD BRYSON & MASON, LLP
1625 Massachusetts Ave. NW, Suite 605
Washington, DC 20036
Tel: (202) 429-2290
Fax: (202) 640-1160
Email: gmason@wbmllp.com

Michael L. Murphy – ***Discovery Committee***
BAILEY GLASSER LLP
910 17th Street, NW, Suite 800
Washington, DC 20006
Tel: (202) 463-2101
Fax: (202) 463-2103
Email: mmurphy@baileyglasser.com

Lance Michael Sears
SEARS & SWANSON, P.C.
First Bank Building
2 North Cascade Avenue, Suite 1250
Colorado Springs, CO 80903
Tel: (719) 471-1984
Fax: (719) 577-4356
Email: lance@searsassociates.com

Jessica Dillon
Ray R. Brown
Molly Brown
DILLON & FINDLEY, P.C.
1049 W. 5th Avenue, Suite 200
Anchorage, AK 99501
Tel: (907) 277-5400
Fax: (907) 277-9896
Email: Jessica@dillonfindley.com
   Ray@dillonfindley.com
   Molly@dillonfindley.com

| | |
|---|---|
| Gwen Simons | Allyson C. Dirksen |
| Simons & Associates Law, P.A. | HEIDMAN LAW FIRM, P.L.L.C. |
| P.O. Box 1238 | 1128 Historic 4th Street |
| Scarborough, ME 04070-1238 | P. O. Box 3086 |
| Tel: (207) 205-2045 | Sioux City, IA 51101 |
| Fax: (207) 883-7225 | Tel: (712) 255-8838 |
| Email: gwen@simonsassociateslaw.com | Fax (712) 258-6714 |
| | Email: allyson.dirksen@heidmanlaw.com |

*Counsel for Provider Plaintiffs*