FILED
2025 Feb-14  PM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE:  BLUE CROSS BLUE SHIELD | ) | **Master File No. 2:13-CV-20000-RDP** |
| ANTITRUST LITIGATION | ) | |
| (MDL No. 2406) | ) | |
| | ) | |

### <u>DECLARATION OF MICHAEL J. VELEZIS</u>

<u>STATE OF ALABAMA)</u>

<u>COUNTY OF JEFFERSON)</u>

I, Michael J. Velezis, offer this unsworn declaration under penalty of perjury and pursuant to 28 U.S.C. § 1746.

1.     My name is Michael J. Velezis.  I hold the position of Vice President and General Counsel of Blue Cross and Blue Shield of Alabama ("BCBS-AL").  I offer this declaration in support of the Blues' Submission to Join Provider Plaintiffs' Motion to Disqualify Polsinelli, P.C. and Responding to the Opposition of Polsinelli, P.C., which was filed in *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406 (the "Antitrust MDL").

2.     Nothing herein is intended to waive the attorney-client privilege or work-product protection.

3.     The law firm of Maynard Nexsen, P.C. ("Maynard Nexsen") (formerly known as Maynard, Cooper, & Gale, P.C.) has represented BCBS-AL in the Antitrust MDL since the Antitrust MDL's inception.

4.     In or around January 2024, four Maynard Nexsen attorneys who had performed legal work for BCBS-AL in the MDL left Maynard Nexsen and joined Polsinelli, P.C. ("Polsinelli").  They are:  J.T. Malatesta, Sarah Glover, Starr Drum, and Todd Panciera.  Ms. Drum

and Mr. Panciera did not file an appearance in the Antitrust MDL, but they nevertheless performed legal work for BCBS-AL in that matter.

5.      While working as an attorney at Maynard Nexsen, Mr. Malatesta, who was a member of the Maynard firm, charged BCBS-AL for more than 4,500 hours of legal work on the Antitrust MDL.

6.      While working as an attorney at Maynard Nexsen, Ms. Glover charged BCBS-AL for more than 1,800 hours of legal work on the Antitrust MDL.

7.      While working as an attorney at Maynard Nexsen, Ms. Drum charged BCBS-AL for more than 1,200 hours of legal work on the Antitrust MDL.

8.      While working as an attorney at Maynard Nexsen, Mr. Panciera charged BCBS-AL for more than 6,000 hours of legal work on the Antitrust MDL.

9.      I have read the declaration of Matthew J. Murer, which the Polsinelli firm submitted in support of its Opposition to Motion to Disqualify and for Corrective Notice (Dkt. 3268). Paragraph 13 of Mr. Murer's declaration states as follows:  "None of the former Maynard lawyers who joined Polsinelli had done any work for BCBS Alabama after 2018."

10.      In fact, while at Maynard Nexsen, Mr. Malatesta submitted to BCBS-AL over 120 time entries for Antitrust MDL legal work he performed in 2019; 69 time entries for Antitrust MDL legal work he performed in 2020; and four time entries for Antitrust MDL legal work he performed in 2021.

11.      While at Maynard Nexsen, Ms. Glover submitted to BCBS-AL 10 time entries for Antitrust MDL legal work she performed in 2019; one time entry for Antitrust MDL legal work she performed in August 2021; and two time entries for Antitrust MDL legal work performed in March 2023.

12.    While at Maynard Nexsen, Mr. Panciera submitted to BCBS-AL over 140 time entries for Antitrust MDL legal work he performed in 2019, and two time entries for Antitrust MDL legal work he performed in 2022.

13.    Mr. Malatesta in particular played a critical role in Maynard Nexsen's representation of BCBS-AL in the Antitrust MDL and obtained personal knowledge of privileged matters.  He had primary responsibility for all structured data discovery issues and co-lead responsibility for unstructured discovery issues.  I estimate that Mr. Malatesta directly interacted with me, in person and through email, on scores of occasions.  He prepared for and defended five depositions of current and former BCBS-AL employees, including company officers, and participated in deposition preparation for five other current/former BCBS-AL employees.  He led our efforts to assemble a privilege log and to defend multiple challenges to our privilege designations.  He participated in numerous meet-and-confers with Class counsel in both the subscriber and provider track of the MDL, and he argued several discovery motions before Judge Putnam.  He routinely participated in weekly joint defense group discovery and strategy calls, during which privileged matters affecting all Blue plans were discussed.  He helped plan case strategy in meetings with me and other Maynard Nexsen partners.

14.    Ms. Glover, Ms. Drum and Mr. Panciera were also key players in Maynard Nexsen's representation of BCBS-AL.  Ms. Glover closely worked with Mr. Malatesta and similarly participated regularly in joint defense group discovery and strategy calls. Ms. Drum and Mr. Panciera drafted BCBS-AL discovery responses and court filings, reviewed and produced BCBS-AL documents, and conducted legal research to support BCBS-AL's litigation strategy.

15. On January 3, 2025, I emailed Mr. Malatesta at his Polsinelli email address to ask for information related to opt-out solicitation activities that his new law firm was undertaking. The email is attached as Exhibit A to this declaration.

16. On January 9, 2025, having heard nothing from Mr. Malatesta or Polsinelli in response to my January 3rd email, I wrote a letter to Mr. Malatesta and Chase Simmons, Polsinelli's Chairman and Chief Executive Officer. The letter is attached as Exhibit B to this declaration. In it, I noted that Mr. Malatesta (and other former Maynard Nexsen attorneys now with Polsinelli) had "actively represented BCBS-AL for around 10 years in the MDL prior to joining Polsinelli". (Exhibit B.) I explained that BCBS-AL was not waiving the conflict and did not consent to it; that the conflict was imputed to all Polsinelli professionals under Alabama Rule of Professional Conduct 1.10; and that Polsinelli should advise me in writing by January 13, 2025 whether it would immediately withdraw from advising any client about opting out of the provider settlement class (and not accept future representation in this regard).

17. Polsinelli responded to my January 9th letter with a letter dated January 13, 2025 from James D. Berglund, which is attached as Exhibit C to this declaration. In the response letter, Polsinelli represented that "it is not currently advising or representing any clients in the MDL Litigation adverse to the interests of BCBS-AL in the MDL Litigation and will not represent any clients materially adverse to the interests of BCBS-AL in the MDL litigation or any substantially related matters in the future." (Exhibit C.) Mr. Malatesta separately responded to my January 3, 2025 email on January 13, 2025. Mr. Malatesta's response is attached as Exhibit D to this declaration.

18. I responded to Mr. Berglund and Polsinelli in a January 15, 2025 letter, which is attached as Exhibit E to this declaration. My letter gave Polsinelli one last chance to quietly redress

4

the conflict by giving written confirmation that it would withdraw from any existing representation of current or former provider class members in connection with the Antitrust MDL, and would also refuse to accept any future representation related to the Antitrust MDL.

19.    Mr. Berglund and Polsinelli wrote me again on January 20, 2025, asserting that not all Polsinelli attorneys were bound by Alabama Rule of Professional Conduct 1.10 and refusing to provide the assurances I had requested.  That letter is attached as Exhibit F to this declaration.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

FURTHER DECLARANT SAYETH NOT.

_____
Michael J. Velezis

STATE OF ALABAMA        )
COUNTY OF JEFFERSON     )

I, the undersigned authority, a notary public in and for said County and State, hereby certify that Michael J. Velezis, whose name is signed to the foregoing document and who is known to me, acknowledged before me on this day that, being informed of the contents of the document, he executed the same voluntarily.

Given under my hand and official seal this 14th day of February, 2025.

Alabama State At Large
Notary Public
JANENE SARGENT PARKER
My Commission Expires August 31, 2027

(SEAL)

NOTARY PUBLIC
MY COMMISSION EXPIRES  8/31/2027

6