FILED
2025 Feb-14 PM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit E

BlueCross BlueShield
of Alabama

January 15, 2025

**Via US Mail and Email**

L. James Berglund II (ljberglund@polsinelli.com)
Chief Legal Officer
Polsinelli
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201

**RE: Blue Cross Blue Shield Antitrust MDL Provider Settlement Conflict**

Dear Mr. Berglund:

Thank you for your letter and J.T Malatesta's email, both dated January 13, 2025, responding to my January 9, 2025, correspondence.

Blue Cross and Blue Shield of Alabama (BCBSAL) appreciates your advising that Mr. Malatesta and Polsinelli's former Maynard Cooper attorneys did not retain any confidential documents utilized in defending BCBSAL in the In re Blue Cross Blue Shield MDL Litigation (MDL Litigation). Thank you also for advising that Polsinelli is "not currently advising or representing any clients in the MDL Litigation adverse to the interests of BCBSAL in the MDL Litigation and will not represent any client materially adverse to the interests of BCBSAL in the MDL Litigation or any substantially related matters in the future." Tellingly, however, Polsinelli did not provide all of the ethical assurances requested in my January 9, 2025 correspondence.

Polsinelli's attempts to limit this conflict to representations adverse to BCBSAL only are misplaced. Mr. Malatesta and Polsinelli's former Maynard Cooper attorneys not only possess confidential and legally protected knowledge about BCBSAL, but also about the Blue Cross Blue Shield Association (Association) and the other Blue plans, including our litigation strategies. The MDL Litigation alleges a joint and several liability conspiracy antitrust case attacking certain aspects of the design and rules of the Association, of which BCBSAL and the other Blue plans are licensees. Mr. Malatesta and Polsinelli's former Maynard Cooper attorneys and staff managed the extensive documents and eDiscovery for BCBSAL, participated in joint defense strategy sessions that included counsel, documents and confidential information shared by the Association as well as the other Blue plans. They prepared witnesses for and defended depositions and were an integral part of the defense team. Accordingly, any client representation of any claim against the Association and/or any other Blue plan in any matter substantially related to the MDL Litigation is necessarily a representation that is materially adverse to the interests of BCBSAL.

Furthermore, even if Polsinelli does not represent a client adverse to the interests of BCBSAL, Polsinelli has already taken serious actions adverse to BCBSAL by "urging" provider settlement class members "to opt-out of this [MDL Litigation] case, because . . . it's a bad deal". Polsinelli has urged settlement class members to reject "this lousy deal" and pursue higher payments by the Blues, including BCBSAL, through renegotiated settlements or new litigation filings. How could such conduct follow any proper Polsinelli conflict check? Due to the nature of the MDL Litigation, Polsinelli can take no related action against the Association or any Blue plan without adversely impacting BCBSAL.

Decisively, this is a conflict that cannot be remedied by an ethical wall, as your letter appears to suggest. As you surely know, Alabama does not even recognize a "Chinese Wall" exception to imputed conflicts of interest. *See Roberts v. Hutchins*, 572 So. 2d. 1231, 1234 n.3 (Ala. 1990); *see also* Ala. State Bar Opinion 2002-01.

Again, in light of the facts and Alabama Rules of Professional Conduct 1.6 -1.10 discussed in my prior correspondence, BCBSAL does not consent to Polsinelli or any of its attorneys representing MDL Litigation class members or any other persons or entities in any matter related to the facts and claims forming the basis of the MDL Litigation. BCBSAL likewise does not consent to the Polsinelli firm urging any provider to opt out from a settlement to which BCBSAL is a party.

In one final gesture to allow Polsinelli to quietly redress this matter, by noon CT on Friday, January 17, 2025, please confirm in writing that Polsinelli will immediately withdraw from any existing representation and will cease and desist from soliciting or accepting <u>any MDL Litigation-related representation</u>, no matter the Blue plan involved.

Sincerely,

Michael J. Velezis
Vice President and General Counsel

MV/cm

Cc: J.T. Malatesta
(jtmalatesta@polsinelli.com)
Polsinelli
2100 Southbridge Pkwy, Suite 650
Birmingham, AL 35209