FILED
2025 Feb-14 PM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit F

POLSINELLI

2950 N. Harwood Street, Ste. 2100, Dallas, TX 75201 • (214) 397-0030

January 20, 2025

L. James Berglund II
(214) 661-5550
ljberglund@polsinelli.com

Via United States Mail
Via Email

Michael J. Velezis, Esq.
BlueCross BlueShield of Alabama
450 Riverchase Parkway East
Birmingham, AL 35244
MVelezis@bsbsal.org

**Re: BCBSAL**

Dear Mr. Velezis:

This letter is in response to your January 15, 2025 letter and follow up to our discussions on January 16, 2025. In my earlier letter and during our discussions, I informed you that Polsinelli PC has investigated your concerns regarding the group of attorneys that joined the firm from the Maynard Cooper & Gale PC ("Maynard") that represented BlueCross BlueShield of Alabama ("BCBSAL") in the In re Blue Cross Blue Shield MDL Litigation ("MDL Litigation"). I understand the MDL Litigation to be a collection of over 35 lawsuits filed in several different jurisdictions across the country that were transferred and consolidated as a MDL matter in Alabama. As I relayed earlier, I can confirm and represent the following:

- None of the former Maynard attorneys brought any documents related to the MDL Litigation to Polsinelli;
- None of the former Maynard attorneys have had any discussion with an attorney associated with Polsinelli PC regarding their prior work or any knowledge they have regarding the MDL Litigation and have been instructed not to have any discussions with any Polsinelli attorneys or staff regarding the MDL Litigation or information they may have learned regarding such litigation;
- None of the attorneys have been involved or were even aware of any communication between Polsinelli attorneys and clients or prospective clients regarding the MDL Litigation;

POLSINELLI



- Steps have been taken and will continue to be taken to establish an ethical wall which include
  - physically, geographically and departmentally separating the former Maynard attorneys from any attorneys that might communicate with clients or prospective clients regarding the MDL Litigation;
  - prohibiting discussions between the former Maynard attorneys and any other member of the firm regarding the MDL Litigation;
  - rules and procedures established to prevent access to confidential information and files;
  - the former Maynard attorneys will not receive any compensation directly related to any representation related to the MDL Litigation;
  - the former Maynard attorneys shall have no supervisory role regarding any attorneys involved in a representation related to the MDL Litigation; and
  - procedures to prevent the former Maynard attorneys from having any improper communications with others at the firm concerning the MDL Litigation.

Polsinelli PC will comply with a tribunal's request to review the steps taken and agrees to respond promptly to any written inquiries or objections BCBSAL may have to such screening procedures.

As I relayed during our phone call, Polsinelli PC requests additional time to analyze the issues that are in play given the many factors in play. Some of factors include the following:

- Polsinelli PC has not heard from any of the other Blue Plan defendants and has no way of analyzing whether an issue exists regarding shared confidential information. Polsinelli PC has not been informed of any specific confidential information that was shared with the former Maynard attorneys or any ongoing obligation to keep such information confidential.
- Polsinelli PC has been informed of the existence of a Joint Defense Agreement and has requested a copy. Polsinelli PC, however, has not received a copy of the agreement and has not been informed of any specific terms regarding confidentiality and obligations of the attorneys governed by the agreement.
- As I relayed to you, Polsinelli PC is not representing any party to the MDL Litigation in Alabama. The MDL Litigation, however, is being analyzed by hundreds of providers across the nation that are entitled to legal advice from their choice of counsel. A provider in California, for example, that is not a party to the MDL Litigation and does not have any connection to the State of Alabama is entitled to legal advice regarding the MDL Litigation from their choice of counsel. Your letter addresses the Rules of Alabama. The standards governing disqualification, however, differ depending upon the circumstances. I suggest that Alabama's rules would not govern the legal advice between a California based provider and legal counsel licensed in California. As the Rules regarding conflicts (especially Rules 1.9 and 1.10) vary greatly from state to state, so does the analysis of what

POLSINELLI



you claim to be improper conduct. Under the ABA Rules and many (if not most) State's Rules, the Maynard group's joining Polsinelli would not prohibit all Polsinelli PC attorneys from representing providers adverse to the interests of BCBSAL or any of the other Blue Plan defendants when there is a timely screen and written notice is provided to any affected former clients (which I contend the other Blue Plan defendants are not).

Polsinelli PC has over one thousand attorneys and represents hundreds of provider clients. Your request that all Polsinelli attorneys "immediately" cease advising clients by Noon tomorrow is an unreasonable request that would deny providers who are not involved and likely never will be involved in the Alabama proceedings, do not operate in Alabama, and have no business dealings with BCBSAL their choice of counsel. Accordingly, Polsinelli PC respectfully cannot agree to your stated terms.

Sincerely,

/s/ *L. James Berglund II*

L. James Berglund II
Chief Legal Officer

LJB:aky