FILED

2025 Apr-23 PM 17:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit H

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**<u>VIA CERTIFIED MAIL</u>**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:**  ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Adventist Health System Sunbelt Healthcare Corporation DBA AdventHealth ("AdventHealth"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by AdventHealth, and all physicians, doctors, and medical services providers employed by AdventHealth or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by AdventHealth, to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). AdventHealth is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

AdventHealth has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, AdventHealth has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined

in the Notice are interpreted to require more than what has been provided, AdventHealth objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that AdventHealth submitted in its Exclusion Request, AdventHealth objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what AdventHealth has provided, in good faith, impinges upon that fundamental right.

In addition, AdventHealth objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

AdventHealth has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that AdventHealth, each entity owned or operated by AdventHealth, and each physician employed by AdventHealth must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that AdventHealth submit by mail separate, signed Exclusion

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for AdventHealth to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. AdventHealth is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on AdventHealth—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. AdventHealth controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that AdventHealth executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit AdventHealth to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant AdventHealth additional time beyond the

March 4, 2025, deadline, to comply with the Challenged Provision.

AdventHealth makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. AdventHealth represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

AdventHealth states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, AdventHealth intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Desmond Jordan
Associate Chief Legal Officer
Adventist Health System Sunbelt Healthcare
Corporation
900 Hope Way, Altamonte Springs, FL 32714
(407) 357-1000
Desmond.Jordan@adventhealth.com

# PAUL HASTINGS



RECEIVED

MAR 0 8 2025

BrownGreer
Richmond, Va

CAPITAL DISTRICT 208

5 MAR 2025 PM

FIRST-CLASS



US POSTAGE (IMI) PITNEY BOWES



ZIP 20036
02 7H
0006203498

$ 000.69⁰

MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:   *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No.
      2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement

To Whom It May Concern:

I write on behalf of Adventist Health System/West, a California nonprofit religious
corporation ("Adventist Health"), including all subsidiaries, hospitals, outpatient settings, and any
other entities or facilities owned or operated by Adventist Health, and all physicians, doctors, and
medical services providers employed by Adventist Health or any subsidiary, hospital, outpatient
setting, or other entity or facility owned or operated by Adventist Health (collectively, "AH
System"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust
Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement").
AH System is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶
(A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

AH System has submitted a valid Exclusion Request to opt-out of the Settlement Class on
a system-wide basis (the "Exclusion Request"). In so doing, AH System has attempted, in good
faith, and with considerable effort and burden, to take all the steps necessary to meet the
requirements specified in the Class Notice for opting out of the Agreement. However, in the event
that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined

in the Notice are interpreted to require more than what has been provided, AH System objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that AH System submitted in its Exclusion Request, AH System objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985), and any attempt to require more than what AH System has provided, in good faith, impinges upon that fundamental right.

In addition, AH System objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

AH System has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that AH System, each entity owned or operated by AH System, and each physician employed by AH System must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that AH System submit by mail separate, signed Exclusion

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at \*4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at \*4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at \*20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at \*8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for AH System to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. AH System is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at \*10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on AH System—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. AH System controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that AH System executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit AH System to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant AH System additional time beyond the March 4,

2025, deadline, to comply with the Challenged Provision.

AH System makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. AH System represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

AH System states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, AH System intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Adventist Health System/West

By: _____
    Meredith Jobe, Secretary/CLO

Adventist Health
Attention: Meredith Jobe, Secretary/CLO
1 Adventist Health Way
Roseville, California 95661
916-406-0000
jobems@ah.org



FIRST-CLASS

US POSTAGE ™ PITNEY BOWES

ZIP 90071
02 7H
0006203392

$ 002.04⁰

MAR 04 2025



RECEIVED

MAR 12

BrownGreer
Richmond, Va

## PAUL
## HASTINGS

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**

Docusign Envelope ID: 1AE0BA11-62A0-4A77-8CD5-9830FA745144

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**<u>VIA CERTIFIED MAIL</u>**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:     ***In re: Blue Cross Blue Shield Antitrust Litigation*** (MDL No. 2406), Master File No.
        2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement

To Whom It May Concern:

        I write on behalf of Ardent Health Partners, Inc ("Ardent"), including all subsidiaries,
hospitals, outpatient settings, and any other entities or facilities owned or operated by Ardent
Health Partners, Inc and all physicians, doctors, and medical services providers employed by
Ardent Health Partners, Inc or any subsidiary, hospital, outpatient setting, or other entity or facility
owned or operated by Ardent Health Partners, Inc (collectively, "Ardent"), to object to the
Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406),
Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Ardent is a Class Member
within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the
requirements to object to the Agreement.

        Ardent has submitted a valid Exclusion Request to opt-out of the Settlement Class on a
system-wide basis (the "Exclusion Request"). In so doing, Ardent has attempted, in good faith,
and with considerable effort and burden, to take all the steps necessary to meet the requirements
specified in the Class Notice for opting out of the Agreement. However, in the event that its
Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the

Notice are interpreted to require more than what has been provided, Ardent objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Ardent submitted in its Exclusion Request, Ardent objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome.[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Ardent has provided, in good faith, impinges upon that fundamental right.

In addition, Ardent objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Ardent has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Ardent, each entity owned or operated by Ardent, and each physician employed by Ardent must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that Ardent submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

**PAUL** <u> </u>
**HASTINGS**

procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Ardent to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Ardent is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Ardent a non-party to the litigation to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Ardent controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Ardent executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Ardent to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Ardent additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

Docusign Envelope ID: 1AE0BA11-62A0-4A77-8CD5-9830FA745144

# PAUL
# HASTINGS

Ardent makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Ardent represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Ardent states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Ardent intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Stephen C. Petrovich
EVP General Counsel
Ardent Health Partners, Inc
340 Seven Springs Way, Ste 100
Brentwood, TN 37024
615 296-3384
stephen.petrovich@ardenthealth.com

# PAUL
# HASTINGS



~~RECEIVED~~

MAR 0 8 2025

BrownGreer
Richmond, Va



CAPITAL DISTRICT 208

5 MAR 2025 PM 1

FIRST-CLASS

US POSTAGE (IMI)PITNEY BOWES

ZIP 20036
02 7H
0006203498

$ 000.69⁰

MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**<u>VIA CERTIFIED MAIL</u>**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:** ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Banner Health ("Banner"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Banner Health, and all physicians, doctors, and medical services providers employed by Banner Health or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Banner Health (collectively, "Banner"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Banner is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

Banner has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Banner has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, Banner objects to the

Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Banner submitted in its Exclusion Request, Banner objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Banner has provided, in good faith, impinges upon that fundamental right.

In addition, Banner objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Banner has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Banner, each entity owned or operated by Banner, and each physician employed by Banner must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that Banner submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at \*4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at \*4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at \*20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at \*8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Banner to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Banner is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at \*10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Banner—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Banner controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Banner executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Banner to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Banner additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

# PAUL
# HASTINGS

Banner makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Banner represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Banner states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Banner intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Staci Dickerson
Chief Financial Officer
Banner Health
2901 N. Central Avenue, Suite 160
Phoenix, AZ 85012
602-747-4000
Staci.Dickerson@bannerhealth.com

# PAUL
# HASTINGS



RECEIVED

MAR 08 2025

BrownGreer
Richmond, Va

CAPITAL DISTRICT 208

5 MAR 2025 PM

FIRST-CLASS



US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H $ 000.69⁰
0006203498    MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re: ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Beverly Community Hospital Association d/b/a Beverly Hospital ("Beverly"), including all subsidiaries, outpatient settings, and any other entities or facilities owned or operated by Beverly Community Hospital Association d/b/a Beverly Hospital, and all physicians, doctors, and medical services providers employed by Beverly Community Hospital Association d/b/a Beverly Hospital or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Beverly Community Hospital Association d/b/a Beverly Hospital (collectively, "Beverly"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Beverly is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

Beverly has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Beverly has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its

Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, Beverly objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Beverly submitted in its Exclusion Request, Beverly objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Beverly has provided, in good faith, impinges upon that fundamental right.

In addition, Beverly objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Beverly has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Beverly, each entity owned or operated by Beverly, and each physician employed by Beverly must submit separate Exclusion Requests, the exclusion process itself is infirm.

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

Indeed, the requirement that Beverly submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Beverly to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. The burden of preparing *numerous* individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Beverly—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Beverly controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Beverly executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Beverly to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Beverly additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

Beverly makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Beverly represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Beverly states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Beverly intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Howard M. Ehrenberg
Solely in his Capacity as Chapter 11 Trustee
Beverly Community Hospital Association
d/b/a Beverly Hospital
1875 Century Park East
Suite 1900
Los Angeles, CA 90067
213-626-2311
Howard.Ehrenberg@gmlaw.com



RECEIVED

MAR 12

BrownGreer
Richmond, Va

FIRST-CLASS

US POSTAGE (IM) PITNEY BOWES

ZIP 90071
02 7H          $ 002.31⁰
0006203392    MAR 04 2025

PAUL
HASTINGS

**515 South Flower Street**
**Twenty-Fifth Floor**
**Los Angeles, California  90071-2228**

# Blue Cross Blue Shield Provider
# Settlement
# Settlement Notice Administrator
# P.O. Box 26443
# Richmond, VA 23261

Los Angeles P&DC 90052
WED 05 MAR 2025 PM

Docusign Envelope ID: 5061D323-A0A4-4FE7-83BC-565083100B1F

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**<u>VIA CERTIFIED MAIL</u>**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:     ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

      I write on behalf of Christiana Care Health Services, Inc. ChristianaCare("ChristianaCare"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by ChristianaCare, and all physicians, doctors, and medical services providers employed by ChristianaCare or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by ChristianaCare (collectively, "ChristianaCare"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). ChristianaCare is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

      ChristianaCare has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, ChristianaCare has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of

**PAUL**
**HASTINGS**

the provisions outlined in the Notice are interpreted to require more than what has been provided, ChristianaCare objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that ChristianaCare submitted in its Exclusion Request, ChristianaCare objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what ChristianaCare has provided, in good faith, impinges upon that fundamental right.

In addition, ChristianaCare objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

ChristianaCare has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that ChristianaCare, each entity owned or operated by ChristianaCare, and each physician employed by ChristianaCare must submit separate Exclusion Requests, the exclusion process itself is

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

**PAUL**
**HASTINGS**

infirm.

Indeed, the requirement that ChristianaCare submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for ChristianaCare to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. ChristianaCare is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on ChristianaCare—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. ChristianaCare controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that ChristianaCare executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

# PAUL
# HASTINGS

In light of the foregoing, the Court should permit ChristianaCare to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant ChristianaCare additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

ChristianaCare makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. ChristianaCare represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

ChristianaCare states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, ChristianaCare intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Sarah Fishman Goncher

Senior Vice President & General Counsel
ChristianaCare Health Services, Inc.
400 Nexus Drive, Avenue North, Suite NW3-
100, Wilmington, DE 19803
(302) 428-2459
sarah.goncher@christianacare.org

# PAUL
# HASTINGS



RECEIVED

MAR 0 8 2025

BrownGreer
Richmond, Va



CAPITAL DISTRICT 208

5 MAR 2025 PM 1

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498

$ 000.69⁰

MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261



23261-644343



# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:** *In re: Blue Cross Blue Shield Antitrust Litigation* **(MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of CHS/Community Health Systems, Inc. ("[CHS]"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by CHS, and all physicians, doctors, and medical services providers employed by CHS or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by CHS (collectively, "[CHS]"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). CHS is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

CHS has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, CHS has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, CHS objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that CHS submitted in its Exclusion Request, CHS objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what CHS has provided, in good faith, impinges upon that fundamental right.

In addition, CHS objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

CHS has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that CHS, each entity owned or operated by CHS, and each physician employed by CHS must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that CHS submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for CHS to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. CHS is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on CHS—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. CHS controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that CHS executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit CHS to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant CHS additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

CHS makes this objection solely on its own behalf and does not purport to act on behalf or

**PAUL
HASTINGS**

represent the interests of any other Class Member. CHS represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

CHS states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, CHS intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Marcie Stephens
Assistant General Counsel
CHS/Community Health Systems, Inc.
4000 Meridian Blvd., Franklin, TN 37067
Telephone: (615)465-7059
marcie_stephens@chs.net

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 90071
02 7H
0006203392

$ 002.59⁰

MAR 04 2025

RECEIVED

MAR 12 2025

BrownGreer PLC
Richmond, Va.



PAUL
HASTINGS

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**

Los Angeles PBDC 90052
WED 05 MAR 2025 PM



# PAUL HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:    ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

        I write on behalf of City of Hope, including all affiliates, subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by City of Hope or affiliates and all physicians, doctors, and medical services providers employed or contracted by City of Hope or affiliates or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by City of Hope or affiliates (collectively, "City of Hope"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). City of Hope is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

        City of Hope has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, City of Hope has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined

in the Notice are interpreted to require more than what has been provided, City of Hope objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that City of Hope submitted in its Exclusion Request, City of Hope objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome.[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what City of Hope has provided, in good faith, impinges upon that fundamental right.

In addition, City of Hope objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

City of Hope has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that City of Hope, each entity owned or operated by City of Hope, and each physician employed or contracted by City of Hope must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that City of Hope submit by mail separate, signed Exclusion

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for City of Hope to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. City of Hope is a health system that operates numerous facilities that employed a substantial number of physicians over the relevant time period. The burden of preparing *such a numerous amount* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on City of Hope —a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. City of Hope controls the operations and work of its affiliates, subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that City of Hope executes is binding on its affiliates, subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit City of Hope to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant City of Hope additional time beyond the

March 4, 2025, deadline, to comply with the Challenged Provision.

City of Hope makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. City of Hope represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

City of Hope states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, City of Hope intends to appear at the Fairness Hearing to present its objection.

*[Signature page to follow]*

**PAUL HASTINGS**

*[Signature page to the Objection to the Settlement]*

Sincerely,

_(signature)_

Ryan P. Phair

_(signature)_

Yvette Tremonti
Chi\, Financial Officer
City of Hope
1500 E. Duarte Road, Duarte, CA 91010
(813) 679-1751
ytremonti@coh.org



RECEIVED

MAR 12 2025

BrownGreer
Richmond, Va



FIRST-CLASS

US POSTAGE (IMI) PITNEY BOWES

ZIP 90071
02 7H
0006203392

$ 002.04⁰

MAR 04 2025

**PAUL**
**HASTINGS**

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**



# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:** ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Corewell Health ("Corewell Health"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Corewell Health, and all physicians, doctors, and medical services providers employed by Corewell Health or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Corewell Health (collectively, "Corewell Health"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Corewell Health is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

Corewell Health has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis and on behalf of each and every entity and provider it identified in its Exclusion Requests (the "Exclusion Request"). In so doing, Corewell Health has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event

that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, Corewell Health objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Corewell Health submitted in its Exclusion Request, Corewell Health objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Corewell Health has provided, in good faith, impinges upon that fundamental right.

In addition, Corewell Health objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Corewell Health has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Corewell Health, each entity owned or operated by Corewell Health and each physician employed by Corewell Health must submit separate Exclusion Requests, the exclusion process itself is infirm.

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Indeed, the requirement that Corewell Health submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Corewell Health to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Corewell Health is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Corewell Health—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Corewell Health controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Corewell Health executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Corewell Health to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single

Exclusion Request. In the alternative, the Court should grant Corewell Health additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

Corewell Health makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Corewell Health represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Corewell Health states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Corewell Health intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

David M. Leonard, Esq.
Chief Legal Officer
Corewell Health
100 Corewell Drive
Grand Rapids, MI 49503
616-391-1313
David.Leonard@CorewellHealth.org

Cc:    Kathryn Reilly, Wheeler Trigg O'Donnell LLP
       Judith Youngman, Wheeler Trigg O'Donnell LLP

FIRST-CLASS

US POSTAGE PITNEY BOWES

ZIP 90071
02 7H $ 002.59⁰
0006203392          MAR 04 2025

RECEIVED

MAR 12 2025

BrownGreer PLC
Richmond, Va.



PAUL
HASTINGS

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California  90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**

Los Angeles P&DC 90052
WED 05 MAR 2025 PM



# PAUL HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**<u>VIA CERTIFIED MAIL</u>**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re: ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Henry Ford Health System ("HFHS"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Henry Ford Health System, and all physicians, doctors, and medical services providers employed by Henry Ford Health System or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Henry Ford Health System (collectively, "HFHS"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). HFHS is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

HFHS has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, HFHS has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the

Notice are interpreted to require more than what has been provided, HFHS objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that HFHS submitted in its Exclusion Request, HFHS objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what HFHS has provided, in good faith, impinges upon that fundamental right.

In addition, HFHS objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

HFHS has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that HFHS, each entity owned or operated by HFHS, and each physician employed by HFHS must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that HFHS submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for HFHS to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. HFHS is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on HFHS—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. HFHS controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that HFHS executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit HFHS to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant HFHS additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

# PAUL
# HASTINGS

HFHS makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. HFHS represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

HFHS states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, HFHS intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Steven Bender
EVP, Chief Legal Officer & General Counsel
Henry Ford Health System
1 Ford Place
Detroit, MI 48202
248-891-2772
sbender5@hfhs.org

# PAUL
# HASTINGS

RECEIVED

MAR 0 8 2025

BrownGreer
Richmond, Va

CAPITAL DISTRICT 208
5 MAR 2025 PM

FIRST-CLASS MAIL



US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498

$ 000.69⁰
MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:     *In re: Blue Cross Blue Shield Antitrust Litigation* **(MDL No. 2406), Master File No.
2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

      I write on behalf of Hospital Sisters Health System ("HSHS"), including all subsidiaries,
hospitals, outpatient settings, and any other entities or facilities owned or operated by Hospital
Sisters Health System, and all physicians, doctors, and medical services providers employed by
Hospital Sisters Health System or any subsidiary, hospital, outpatient setting, or other entity or
facility owned or operated by Hospital Sisters Health System (collectively, "HSHS"), to object to
the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406),
Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). HSHS is a Class Member
within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the
requirements to object to the Agreement.

      HSHS has submitted a valid Exclusion Request to opt-out of the Settlement Class on a
system-wide basis (the "Exclusion Request"). In so doing, HSHS has attempted, in good faith, and
with considerable effort and burden, to take all the steps necessary to meet the requirements
specified in the Class Notice for opting out of the Agreement. However, in the event that its
Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the

Notice are interpreted to require more than what has been provided, HSHS objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that HSHS submitted in its Exclusion Request, HSHS objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what HSHS has provided, in good faith, impinges upon that fundamental right.

In addition, HSHS objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

HSHS has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that HSHS, each entity owned or operated by HSHS, and each physician employed by HSHS must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that HSHS submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for HSHS to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. HSHS is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on HSHS—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. HSHS controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that HSHS executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit HSHS to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant HSHS additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

HSHS makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. HSHS represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

HSHS states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, HSHS intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Amy Bulpitt
Amy Bulpitt (Mar 4, 2025 12:05 CST)
Amy K. Bulpitt
Senior Vice President & CLO
Hospital Sisters Health System
4936 Laverna Road
Springfield, IL 62707
217-523-4747
Amy.Bulpitt@hshs.org

# 2025-03-03 BCBS Objection Letter

| | |
|---|---|
| Created: | 2025-03-04 |
| By: | Ellen King (ellen.king@hshs.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAScwCvwftwBIziI-m3Drsmo5a0n3W5ieN |

## "2025-03-03 BCBS Objection Letter" History

- Document created by Ellen King (ellen.king@hshs.org)
  2025-03-04 - 6:02:52 PM GMT

- Document emailed to Amy Bulpitt (amy.bulpitt@hshs.org) for signature
  2025-03-04 - 6:02:57 PM GMT

- Email viewed by Amy Bulpitt (amy.bulpitt@hshs.org)
  2025-03-04 - 6:04:59 PM GMT

- Document e-signed by Amy Bulpitt (amy.bulpitt@hshs.org)
  Signature Date: 2025-03-04 - 6:05:20 PM GMT - Time Source: server

- Agreement completed.
  2025-03-04 - 6:05:20 PM GMT

Adobe Acrobat Sign

FIRST-CLASS

US POSTAGE ᴵᴹᴾ PITNEY BOWES

ZIP 90071
02 7H
0006203392      $ 002.31⁰
MAR 04 2025

RECEIVED

MAR 12 2025

BrownGreer
Richmond, Va



PAUL
HASTINGS

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**

Los Angeles PBDC 90052
WED 05 MAR 2025 PM

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:** ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Inova Health Care Services ("Inova"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Inova, and all physicians, doctors, and medical services providers employed by Inova or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Inova (collectively, "Inova "), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Inova is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iii) and meets the requirements to object to the Agreement.

Inova has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Inova has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, Inova objects to the

Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Inova submitted in its Exclusion Request, Inova objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Inova has provided, in good faith, impinges upon that fundamental right.

In addition, Inova objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Inova has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Inova, each entity owned or operated by Inova, and each physician employed by Inova must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that Inova submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Inova to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Inova is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Inova —a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Inova controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Inova executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Inova to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Inova additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

# PAUL
# HASTINGS

Inova makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Inova represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Inova states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Inova intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

John Gaul
Chief Legal Officer/General Counsel
Inova Health Care Services
8095 Innovation Park Drive
Fairfax, VA 22031
(571) 472-8722
john.gaul@inova.org

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 90071
02 7H
0006203392     MAR 04 2025

$ 002.59°

RECEIVED

MAR 12 2025

BrownGreer PLC
Richmond, Va.



PAUL
HASTINGS

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**



# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:     *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No.
        **2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Iowa Health System ("UnityPoint Health"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by UnityPoint Health, and all physicians, doctors, and medical services providers employed by UnityPoint Health or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by UnityPoint Health (collectively, "UnityPoint"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). UnityPoint is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

UnityPoint has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, UnityPoint has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined

in the Notice are interpreted to require more than what has been provided, UnityPoint objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that UnityPoint submitted in its Exclusion Request, UnityPoint objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what UnityPoint has provided, in good faith, impinges upon that fundamental right.

In addition, UnityPoint objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

UnityPoint has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that UnityPoint, each entity owned or operated by UnityPoint, and each physician or other provider employed by UnityPoint must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that UnityPoint submit by mail separate, signed Exclusion

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for UnityPoint to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. UnityPoint is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on UnityPoint — a non-party to the litigation — to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. UnityPoint controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that UnityPoint executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit UnityPoint to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant UnityPoint additional time beyond the March 4,

2025, deadline, to comply with the Challenged Provision.

UnityPoint makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. UnityPoint represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

UnityPoint states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, UnityPoint intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Mike Heinrich
Senior Vice President and CFO
UnityPoint Health
1776 West Lakes Pkwy, Suite 400
West Des Moines, Iowa 50266
515-241-6161
mike.heinrich@unitypoint.org

FIRST • CLASS  FIRST • CLASS  FIRST • CLASS  FIRST • CLASS

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



7021 1970 0001 4589 2262

*Retail*


UNITED STATES
POSTAL SERVICE®

RDC 03


23261

U.S. POSTAGE PAID
PM
CLIVE, IA 50325
MAR 04, 2025

**$23.80**

R2304E105251-55

# First Class Mail

Blue Cross Blue Shield Provider Settlement
Attn: Notice Administrator
PO Box 26443
Richmond, VA 23261



RECEIVED

MAR 10 2025



# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:   *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No.
      2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement

To Whom It May Concern:

I write on behalf of Knight Health Holdings, LLC d/b/a ScionHealth ("ScionHealth"),
including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned
or operated by ScionHealth, and all physicians, advanced practice providers, and other medical
services providers employed by a ScionHealth subsidiary (collectively, the "ScionHealth
System"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust
Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement").
ScionHealth's subsidiaries and their employed physicians and providers are Class Members within
the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meet the requirements
to object to the Agreement.

The ScionHealth System has submitted valid Exclusion Requests to opt-out of the
Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, ScionHealth has
attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to
meet the requirements specified in the Class Notice for opting out of the Agreement. However, in
the event that its Exclusion Requests are deemed invalid, in whole or in part, or any of the

provisions outlined in the Notice are interpreted to require more than what has been provided, the ScionHealth System objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that the ScionHealth System submitted in its Exclusion Requests, the ScionHealth System objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what the ScionHealth System has provided, in good faith, impinges upon that fundamental right.

In addition, the ScionHealth System objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

The ScionHealth System has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that each entity owned or operated by ScionHealth, and each physician and advanced practice provider

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

employed by ScionHealth must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that the ScionHealth System submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for ScionHealth to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. The ScionHealth System is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on the ScionHealth System—non-parties to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. ScionHealth controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that ScionHealth executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit ScionHealth to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant the ScionHealth System additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

The ScionHealth System makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. The ScionHealth System represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

ScionHealth states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, ScionHealth intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Scott P. Graeser
Vice President, Treasurer
ScionHealth
680 South 4th Street
Louisville, KY 40202
(502) 596-7577
Scott.Graeser@Scionhealth.com

# PAUL
# HASTINGS



RECEIVED

MAR 0 8 2025

BrownGreer
Richmond, Va

CAPITAL DISTRICT 208

5 MAR 2025 PM

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498

$ 000.69⁰

MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:  ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

    I write on behalf of LifePoint Health, Inc. ("LifePoint"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by LifePoint, and all physicians, doctors, and medical services providers employed by LifePoint or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by LifePoint (collectively, "LifePoint"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). LifePoint is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

    LifePoint has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, LifePoint objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that LifePoint submitted in its Exclusion Request, LifePoint objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what LifePoint has provided, in good faith, impinges upon that fundamental right.

In addition, LifePoint objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

LifePoint has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that LifePoint, each entity owned or operated by LifePoint, and each physician employed by LifePoint must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that LifePoint submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for LifePoint to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. LifePoint is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on LifePoint—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. LifePoint controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that LifePoint executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit LifePoint to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant LifePoint additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

LifePoint makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. LifePoint represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

LifePoint states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, LifePoint intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Charlotte Lawrence
Secretary
LifePoint Health, Inc.
330 Seven Springs Way
Brentwood, TN 37027
(615) 920-7000
Charlotte.lawrence@lpnt.net

PRIORITY MAIL



US POSTAGE (PB)PITNEY BOWES

ZIP 90071
02 7H
0006203392

$ 014.25⁰

MAR 04 2025

PAUL
HASTINGS

**515 South Flower Street**
**Twenty-Fifth Floor**
**Los Angeles, California 90071-2228**

**Blue Cross Blue Shield Provider**
**Settlement**
**Settlement Notice Administrator**
**P.O. Box 26443**
**Richmond, VA 23261**

RECEIVED

MAR 13 2025

BrownGreer PLC
Richmond, Va

UNITED STATES
POSTAL SERVICE ®

USPS TRACKING #

9114 9022 0078 9595 6321 23

LAB400R Aug. 2013
7690-17-000-9669

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:    ***In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

      I write on behalf of Mass General Brigham Incorporated ("MGB"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Mass General Brigham Incorporated, and all physicians, doctors, and medical services providers employed by Mass General Brigham Incorporated or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Mass General Brigham Incorporated (collectively, "MGB"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). MGB is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

      MGB and each of its affiliated provider entities have submitted valid Exclusion Requests to opt-out of the Settlement Class (collectively, the "Exclusion Requests"). In so doing, MGB and its affiliated provider entities have attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that any or all of these Exclusion Requests are

deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, MGB and each of its affiliated providers objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that MGB and each of its affiliated providers submitted in their Exclusion Requests, MGB and each of its affiliated providers object to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome.[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what MGB and its affiliated provider entities have provided, in good faith, impinges upon that fundamental right.

In addition, although MGB and its affiliated providers have gone to great lengths to file the Exclusion Requests, as a general principle, MGB objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

MGB has attempted, in good faith, to opt-out of the Settlement Class by submitting the necessary exclusion information by the March 4 deadline, including by submitting separate Exclusion Requests for each of its provider entities. However, to the extent that the Challenged Provision could be construed to require something more than which MGB or any of its affiliate providers have submitted, the exclusion process itself is infirm.

Indeed, the requirement that MGB submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for MGB to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. MGB is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on MGB—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. MGB controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that MGB executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit MGB to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through the Exclusion Requests submitted, if not just through the single Exclusion Request submitted on behalf of MGB, the system, alone. In the alternative, the Court should grant MGB additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

MGB makes this objection on its own behalf and on behalf of all of its related entities for which it submitted Exclusion Requests, listed in Appendix A hereto, and, to the extent necessary, on behalf of all of its individual Providers who may individually qualify as Class Members. MGB represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

MGB states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, MGB intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Allison Lennon
Senior Attorney, Office of the General Counsel
Mass General Brigham Incorporated
399 Revolution Drive, Suite 660

# PAUL
# HASTINGS

Somerville, MA 01245
857-282-9130
alennon2@mgb.org

2096277v1
2096297v1

# PAUL
# HASTINGS

Appendix A**
**MGB-Related Entities for Which MGB Submitted Exclusion Requests**

1(202) 551-1751
ryanphair@paulhastings.com

| Entity Name | Address | Current NPI(s) | TIN(s) |
|---|---|---|---|
| Brigham & Women's Faulkner Hospital, Inc. | 1153 Centre Street, Boston, MA 02130 | | |
| Brigham & Women's Hospital, Inc. | 75 Francis Street, Boston, MA 02115 | | |
| Brigham and Women's Physicians Organization, Inc. | 75 Francis Street, Boston, MA 02115 | | |
| Brigham Community Practices, Inc. | 75 Francis Street, Boston, MA 02115 | | |
| Cooley Dickinson Hospital, Inc. | 30 Locust Street, Northampton, MA 01060 | | |
| Harbor Medical Associates, Inc. | 541 Main Street, Suite 400, So. Weymouth, MA 02190 | | |
| Martha's Vineyard Hospital, Inc. | Linton Lane, P.O. Box 1477, Oak Bluffs, MA 02557 | | |
| Mass General Brigham AmSurg, Inc. | 399 Revolution Drive, Somerville, MA 02145 | | |
| Mass General Brigham Community Physicians, Inc. | 800 Boylston Street, Boston, MA 02199 | | |
| Mass General Brigham Home Care, Inc. | 95 Wells Avenue, Newton, MA 02459 | | |
| Mass General Brigham Incorporated | 800 Boylston Street, Boston, MA 02199 | | |
| Mass General Brigham Medical Group, Inc. | 800 Boylston Street, Boston, MA 02199 | | |
| Mass General Brigham Northern Massachusetts (f/k/a North Shore Physicians Group, Inc.) | 81 Highland Avenue, Salem, MA 01970 | | |

2096277v1
2096297v1

| | |
|---|---|
| Mass General Brigham Suburban Massachusetts (f/k/a Newton-Wellesley Medical Group, Inc.) | 2014 Washington Street, Newton, MA 02462 |
| Mass General Brigham Urgent Care, LLC | 920 Winter Street, Waltham, MA 02451 |
| Mass General Brigham Western Massachusetts (f/k/a CD Practice Associates, Inc.) | P.O. Box 911, Northampton, MA 01060 |
| Massachusetts Eye & Ear Associates North Suburban | 243 Charles Street, Boston, MA 02114 |
| Massachusetts Eye & Ear Associates, Inc. | 243 Charles Street, Boston, MA 02114 |
| Massachusetts Eye & Ear Associates, LLC | 243 Charles Street, Boston, MA 02114 |
| Massachusetts Eye & Ear Infirmary | 243 Charles Street, Boston, MA 02114 |
| Massachusetts General Physicians Organization, Inc. | 55 Fruit Street, Boston, MA 02114 |
| MEEA - Cape Cod PHO, LLC | 243 Charles Street, Boston, MA 02114 |
| Merrimack Valley Endoscopy, LLC | One Parkway, Haverhill, MA 01830 |
| Nantucket Cottage Hospital | 57 Prospect Street, Nantucket, MA 02554 |
| Nantucket Physician Organization, Inc. | 57 Prospect Street, Nantucket, MA 02554 |
| Newton Wellesley Hospital | 2014 Washington Street, Newton, MA 02462 |
| North Shore Medical Center, Inc. | 81 Highland Avenue, Salem, MA 01970 |
| Radiation Therapy of Southeastern MA, LLC | 375 Longwood Avenue, Boston, MA 02115 |
| Rehabilitation Hospital of the Cape and Islands Corporation | 311 Service Road, East Sandwich, MA 02537 |
| Shaughnessy-Kaplan Rehabilitation Hospital, Inc. | Dove Avenue, Salem, MA 01970 |
| South Shore Endoscopy Center, Inc. | 659 Washington Street, Suite 2, Braintree, MA 02184 |
| Spaulding Hospital-Cambridge, Inc. | 1575 Cambridge Street, Cambridge, MA 02138 |
| Spaulding Nursing and Therapy Center Brighton, Inc. | 100 North Beacon Street, Brighton, MA 02134 |
| The General Hospital Corporation | 55 Fruit Street, Boston, MA 02114 |
| The Mclean Hospital Corporation | 115 Mill Street, Belmont, MA 02478 |

**PAUL HASTINGS**

| The Spaulding Rehabilitation Hospital Corporation | 300 First Avenue, Charlestown, MA 02129 | |
|---|---|---|
| VNA & Hospice of Cooley Dickinson, Inc. | 168 Industrial Drive, Northampton, MA 01060 | |
| Wentworth Douglass Hospital | 789 Central Avenue, Dover, NH 03820 | |
| Wentworth-Douglass Physician Corporation | 789 Central Avenue, Dover, NH 03820 | |

2096277v1
2096297v1

# PAUL
# HASTINGS



RECEIVED

MAR 08 2025

BrownGreer
Richmond, Va

CAPITAL DISTRICT 208

5 MAR 2025 PM1

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498

$ 000.97⁰

MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261 44343

# PAUL HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:** *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement

To Whom It May Concern:

    I write on behalf of Mercy Hospital, Iowa City, Iowa and Mercy Services Iowa City, Inc (together, "Mercy"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Mercy Hospital, Iowa City, Iowa and Mercy Services Iowa City, Inc, and all physicians, doctors, and medical services providers employed by Mercy Hospital, Iowa City, Iowa and Mercy Services Iowa City, Inc, or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Mercy Hospital, Iowa City, Iowa and Mercy Services Iowa City, Inc (collectively, "Mercy"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Mercy is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

    Mercy has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Mercy has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its

Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, Mercy objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Mercy submitted in its Exclusion Request, Mercy objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Mercy has provided, in good faith, impinges upon that fundamental right.

In addition, Mercy objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Mercy has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Mercy, each entity owned or operated by Mercy, and each physician employed by Mercy must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that Mercy submit by mail separate, signed Exclusion Requests on

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Mercy to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. The burden of preparing *numerous* individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Mercy—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Mercy controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Mercy executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Mercy to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Mercy additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

**PAUL**
**HASTINGS**

Mercy makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Mercy represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Mercy states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Mercy intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Dan R. Childers
Trustee
Mercy Hospital, Iowa City, Iowa
Mercy Services Iowa City, Inc
P.O. Box 2107
Cedar Rapids, IA 52401-2107
*(319) 365-9461*
*drc@ShuttleworthLaw.com*

FIRST-CLASS

US POSTAGE ™ PITNEY BOWES

ZIP 90071
02 7H
0006203392     MAR 04 2025

$ 002.59⁰

RECEIVED

MAR 12 2025

BrownGreer PLC
Richmond, Va.

PAUL
HASTINGS

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**

Los Angeles PBDC 90052
WED 05 MAR 2025 PM



# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:** ***In re: Blue Cross Blue Shield Antitrust Litigation*** **(MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

    I write on behalf of Northeast Georgia Health System, Inc. ("NGHS"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Northeast Georgia Health System, Inc., and all physicians, doctors, and medical services providers employed by Northeast Georgia Health System, Inc. or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Northeast Georgia Health System, Inc. (collectively, "NGHS"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). NGHS is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

    NGHS has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, NGHS has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the

Notice are interpreted to require more than what has been provided, NGHS objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that NGHS submitted in its Exclusion Request, NGHS objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what NGHS has provided, in good faith, impinges upon that fundamental right.

In addition, NGHS objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

NGHS has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that NGHS, each entity owned or operated by NGHS, and each physician employed by NGHS must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that NGHS submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g., MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for NGHS to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. NGHS is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on NGHS—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. NGHS controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that NGHS executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit NGHS to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant NGHS additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

NGHS makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. NGHS represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

NGHS states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, NGHS intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Brian D. Steines
Chief Financial Officer
Northeast Georgia Health System, Inc.
743 Spring Street NE
770-219-1703
Brian.Steines@nghs.com

# PAUL
# HASTINGS



RECEIVED

MAR 08 2025

BrownGreer
Richmond, Va



CAPITAL DISTRICT 208

5 MAR 2025 PM 1

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498    MAR 04 2025

$ 000.69⁰

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

# PAUL HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:   *In re: Blue Cross Blue Shield Antitrust Litigation* **(MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Novant Health, Inc. ("Novant Health"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Novant Health, and all physicians, doctors, and medical services providers employed by Novant Health or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Novant Health, to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Novant Health is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

Novant Health has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Novant Health has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, Novant Health objects

# PAUL
# HASTINGS

to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Novant Health submitted in its Exclusion Request, Novant Health objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Novant Health has provided, in good faith, impinges upon that fundamental right.

In addition, Novant Health objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Novant Health has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Novant Health, each entity owned or operated by Novant Health, and each physician employed by Novant Health must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that Novant Health submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at \*4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at \*4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at \*20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at \*8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Novant Health to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Novant Health is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at \*10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Novant Health—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Novant Health controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Novant Health executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Novant Health to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Novant Health additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

Novant Health makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Novant Health represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Novant Health states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Novant Health intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

*John B. Morris*

John B. Morris
Vice President and Assistant General Counsel
Novant Health, Inc.
2085 Frontis Plaza Blvd
Winston-Salem, NC 27104
jbmorris@novanthealth.org

FIRST-CLASS

US POSTAGE [IMI] PITNEY BOWES

ZIP 90071
02 7H
0006203392

$ 002.59°

MAR 04 2025

RECEIVED

MAR 12 2025

BrownGreer PLC
Richmond, Va.



PAUL
HASTINGS

515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228

**Blue Cross Blue Shield Provider
Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261**

Los Angeles P&DC 90052
WED 05 MAR 2025 PM

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:     *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No.
        **2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Rochester Regional Health ("Rochester Regional"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Rochester Regional Health, and all physicians, doctors, and medical services providers employed by Rochester Regional Health or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Rochester Regional Health (collectively, "Rochester Regional"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Rochester Regional is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

Rochester Regional has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Rochester Regional has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions

outlined in the Notice are interpreted to require more than what has been provided, Rochester Regional objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Rochester Regional submitted in its Exclusion Request, Rochester Regional objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Rochester Regional has provided, in good faith, impinges upon that fundamental right.

In addition, Rochester Regional objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Rochester Regional has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Rochester Regional, each entity owned or operated by Rochester Regional, and each physician employed by Rochester Regional must submit separate Exclusion Requests, the exclusion process itself is infirm.

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Indeed, the requirement that Rochester Regional submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Rochester Regional to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Rochester Regional is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Rochester Regional —a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Rochester Regional controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Rochester Regional executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Rochester Regional to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single

# PAUL
# HASTINGS

Exclusion Request. In the alternative, the Court should grant Rochester Regional additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

Rochester Regional makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Rochester Regional represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Rochester Regional states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Rochester Regional intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Thomas Crilly
EVP, Chief Financial Officer
Rochester Regional Health, Inc.
100 Kings Highway S
Rochester NY 14617
585-922-5497
tom.crilly@rochesterregional.org

# PAUL HASTINGS



RECEIVED
MAR 08 2025
Bro...
Richmond, VA

CAPITAL DISTRICT 208
5 MAR 2025 PM 1



FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498

$ 000.69⁰

MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

Ŋŗŗ¹ŀŀŗŗĮŀĮŀŗĮĮŗ¹¹ŀŀ¹¹ĮŀĮŀ¹ŀŀĮŗŗŀĮ¹¹ŀĮĮŀĮŀŀ¹ŗĮ¹ŀ

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

<u>**VIA CERTIFIED MAIL**</u>

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re: *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No.
2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement

To Whom It May Concern:

I write on behalf of Sound Inpatient Physicians, Inc. ("Sound"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Sound Inpatient Physicians, Inc., and all physicians, doctors, and medical services providers employed by Sound Inpatient Physicians, Inc. or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Sound Inpatient Physicians, Inc. (collectively, "Sound"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Sound is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

Sound has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Sound has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the

Paul Hastings LLP | 2050 M Street, N.W. | Washington, DC 20036
t: +1.202.551.1700 | www.paulhastings.com

Notice are interpreted to require more than what has been provided, Sound objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that Sound submitted in its Exclusion Request, Sound objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Sound has provided, in good faith, impinges upon that fundamental right.

In addition, Sound objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Sound has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Sound, each entity owned or operated by Sound, and each physician employed by Sound must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that Sound submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Sound to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Sound is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Sound—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Sound controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Sound executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Sound to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Sound additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

# PAUL
# HASTINGS

Sound makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Sound represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Sound states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Sound intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Nicole Klug, Esq.
Chief Legal Officer & Corporate Secretary
Sound Inpatient Physicians, Inc.
251 Little Falls Drive
Wilmington, DE 19808
855-768-6363
nklug@soundphysicians.com

# PAUL
# HASTINGS



RECEIVED

MAR 0 8 2025

BrownGreer
Richmond, Va



CAPITAL DISTRICT 208
5 MAR 2025 PM

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498

$ 000.69⁰

MAR 04 2025

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

Docusign Envelope ID: 203C967B-ED2E-4909-8CD4-0052ABC21B0C

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:     ***In re: Blue Cross Blue Shield Antitrust Litigation*** **(MDL No. 2406), Master File No.
2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of Sutter Health, including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by Sutter Health, and or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by Sutter Health, to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). Sutter Health is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

Sutter Health has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, Sutter Health has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, Sutter Health objects to the Agreement.

**PAUL**
**HASTINGS**

Indeed, to the extent that the Notice requires anything beyond the information that Sutter Health submitted in its Exclusion Request, Sutter Health objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome.[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what Sutter Health has provided, in good faith, impinges upon that fundamental right.

In addition, Sutter Health objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

Sutter Health has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that Sutter Health, and each entity owned or operated by Sutter Health, must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that Sutter Health submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Provider entities is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for Sutter Health to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. Sutter Health is a massive health system that operates numerous facilities, employs thousands of clinicians, and contracts with thousands of medical providers over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on Sutter Health—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. Sutter Health controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that Sutter Health executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit Sutter Health to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant Sutter Health additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

# PAUL
# HASTINGS

Sutter Health makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. Sutter Health represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

Sutter Health states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, Sutter Health intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

SUTTER HEALTH

Caren Weakley
Caren Weakley
Senior Vice President and General Counsel
Sutter Health
2200 River Plaza Drive
Sacramento, CA 96883
caren.weakley@sutterhealth.org

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**<u>VIA CERTIFIED MAIL</u>**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

Re:    ***In re: Blue Cross Blue Shield Antitrust Litigation*** **(MDL No. 2406), Master File No.
2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of The Regents of the University of California ("University"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by the University, and all physicians, doctors, and medical services providers employed by the University or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by the University (collectively, "UC"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). UC is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

UC has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, UC has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined in the Notice are interpreted to require more than what has been provided, UC objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that UC submitted in its Exclusion Request, UC objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what UC has provided, in good faith, impinges upon that fundamental right.

In addition, UC objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

UC has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that UC, each entity owned or operated by UC, and each physician employed by UC must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that UC submit by mail separate, signed Exclusion Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?"
https://www.bcbsprovidersettlement.com/Home/FAQs.

Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for UC to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. UC is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring [] class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on UC—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. UC controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that UC executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit UC to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant UC additional time beyond the March 4, 2025, deadline, to comply with the Challenged Provision.

UC makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. UC represents that its objection is not subject

# PAUL
# HASTINGS

to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

UC states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, UC intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Tony Ruch
Principal Counsel
1111 Franklin Street
Oakland, CA 94607
(510) 418-1313
tony.ruch@ucop.edu

# PAUL
# HASTINGS



CAPITAL DISTRICT 208

5 MAR 2025 PM

FIRST-CLASS

US POSTAGE IMI PITNEY BOWES

ZIP 20036
02 7H
0006203498    MAR 04 2025

$ 000.69⁰



RECEIVED

MAR 08 2025

BrownGreer
Richmond, Va

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343

# PAUL
# HASTINGS

1(202) 551-1751
ryanphair@paulhastings.com

March 4, 2025

**VIA CERTIFIED MAIL**

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

Edith M. Kallas
Joe R. Whatley, Jr.
WHATLEY KALLAS LLP
P.O. Box 10968
Birmingham, AL 35202-0968

Karin DeMasi
Lauren Kennedy
CRAVATH SWAINE & MOORE, LLP
375 Ninth Avenue
New York, NY 10001

**Re:** *In re: Blue Cross Blue Shield Antitrust Litigation* **(MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) – Objection to the Settlement Agreement**

To Whom It May Concern:

I write on behalf of University of Wisconsin Hospitals and Clinics Authority ( "UWHCA"), including all subsidiaries, hospitals, outpatient settings, and any other entities or facilities owned or operated by UWHCA, and all physicians, doctors, and medical services providers employed by University of Wisconsin Medical Foundation, Inc. or any subsidiary, hospital, outpatient setting, or other entity or facility owned or operated by UWHCA (collectively, "UW Health"), to object to the Settlement Agreement in *In re: Blue Cross Blue Shield Antitrust Litigation* (MDL No. 2406), Master File No. 2:13-CV-20000-RDP (N.D. Ala.) (the "Agreement"). UW Health is a Class Member within the definition of the Settlement Class, *see* Agreement ¶¶ (A)(1)(o), (iiii) and meets the requirements to object to the Agreement.

UW Health has submitted a valid Exclusion Request to opt-out of the Settlement Class on a system-wide basis (the "Exclusion Request"). In so doing, UW Health has attempted, in good faith, and with considerable effort and burden, to take all the steps necessary to meet the requirements specified in the Class Notice for opting out of the Agreement. However, in the event that its Exclusion Request is deemed invalid, in whole or in part, or any of the provisions outlined

in the Notice are interpreted to require more than what has been provided, UW Health objects to the Agreement.

Indeed, to the extent that the Notice requires anything beyond the information that UW Health submitted in its Exclusion Request, UW Health objects to the process for opting-out of the Settlement Class provided for in the Class Notice, the Court's Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement and Plan for Notice and Appointment of Settlement Notice Administrator and Settlement Administrator (the "Order") (Dkt. 3225), and the Blue Cross Blue Shield Provider Settlement Website as unnecessary and unduly burdensome .[1] The U.S. Supreme Court has recognized that the opportunity to opt out of a Rule 23(b)(3) class settlement is a fundamental due process right guaranteed by the Constitution, *see Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985), and any attempt to require more than what UW Health has provided, in good faith, impinges upon that fundamental right.

In addition, UW Health objects to the provision purporting to require that a Health Care System, Medical Group, or Medical Organization submit *separate* Exclusion Requests on behalf of each individual Provider Class Member that it owns, operates, or employs (the "Challenged Provision"):

> A Health Care System, Medical Group, or Medical Organization cannot submit a single Exclusion Request on behalf of all its Providers. Each Class Member must submit his, her, or its own Exclusion Request, and it must be signed by the Class Member or their authorized representative.

Class Notice § 14. The Agreement further provides that any Exclusion Request which fails to comply with the Challenged Provision will be denied. *See* Agreement ¶ 49 ("a request for exclusion that does not comply with all of the provisions set forth in the applicable Class Notice will be invalid, and the person(s) or entity(ies) serving such an invalid request shall be deemed a Settlement Class Member of the Settlement Class and shall be bound by the Agreement upon entry of the Final Judgment and Order of Dismissal.").

UW Health has attempted, in good faith, to opt-out of the Settlement Class on a system-wide basis by submitting the necessary exclusion information by the March 4 deadline. However, to the extent that the Challenged Provision could be construed to require that UW Health, each entity owned or operated by UW Health, and each physician employed by UW Health must submit separate Exclusion Requests, the exclusion process itself is infirm.

Indeed, the requirement that UW Health submit by mail separate, signed Exclusion

---

[1] *See* FAQ No. 19, "How do I exclude myself from the Class?" https://www.bcbsprovidersettlement.com/Home/FAQs.

Requests on behalf of each of its Class Member Providers is grossly overburdensome. "The opt-out procedure should be simple and should afford class members a reasonable time in which to exercise their option." *Doe v. MG Freesites, LTD*, 2024 WL 1564775, at *4 (N.D. Ala. Apr. 10, 2024) (quoting Manual for Complex Litigation (Fourth) § 1.321 (2004)). Courts regularly reject settlement terms imposing unduly burdensome opt-out procedures. *See, e.g.*, *MG Freesites*, 2024 WL 1564775, at *4 (denying proposed class notice provision requiring that "class members must draft their own opt out request, postmark it, and physically mail it to the class administrator," and instead allowing "an opt out form on paper and online to simplify the opt out process . . ."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20-21 (M.D. Fla. Apr. 20, 2012), *report and recommendation adopted*, 2012 WL 2543586 (M.D. Fla. July 2, 2012) (recommending that preliminary approval of settlement agreement be denied where, amongst other deficiencies, the proposed agreement imposed unduly burdensome opt-out requirements); *Hadley v. Kellogg Sales Co.*, 2020 WL 836673, at *8 (N.D. Cal. Feb. 20, 2020) (denying motion for preliminary approval of class action settlement where "[t]he procedure for submission of the opt-out form is [] needlessly burdensome for class members.").

Here, it is not feasible for UW Health to identify each of its Providers that individually qualify as Class Members, and then prepare, collect, and mail signed Exclusion Requests on behalf of each such Provider in advance of the March 4, 2025, deadline. UW Health is a massive health system that operates numerous facilities that employed thousands of physicians over the relevant time period. The burden of preparing *thousands* of individual Exclusion Requests is exacerbated by the additional requirement that each such request be hand-signed and sent by mail. *See Arena v. Intuit Inc.*, 2021 WL 834253, at *10 (N.D. Cal. Mar. 5, 2021) (denying preliminary approval of settlement with unduly burdensome opt-out procedures, in part, because "requiring class members to opt out by mailing a hard copy letter with a 'wet-ink' signature serves little purpose but to burden those who wish to opt out."). The time, resources, and costs that the Challenged Provision imposes on UW Health—a non-party to the litigation—to merely opt-out of the Settlement Class cannot be justified.

In addition to being overburdensome, the Challenged Provision is wholly unnecessary. UW Health controls the operations and work of its subsidiaries and employees and is entitled to opt-out of the Settlement Class on their behalf. As such, any Exclusion Request that UW Health executes is binding on its subsidiaries and employees and excludes them from either submitting a claim for monetary payment or pursuing separate litigation against the Settling Defendants. The Challenged Provision is therefore not needed to protect any rights of the Settling Defendants and the Settlement Class.

In light of the foregoing, the Court should permit UW Health to opt-out of the Settlement Class on behalf of its entire corporate family and all of its employees through a single Exclusion Request. In the alternative, the Court should grant UW Health additional time beyond the March 4,

2025, deadline, to comply with the Challenged Provision.

UW Health makes this objection solely on its own behalf and does not purport to act on behalf or represent the interests of any other Class Member. UW Health represents that its objection is not subject to any agreement relating to the objection or the process of objecting with undersigned counsel or any other person or entity. Further, undersigned counsel has not objected to any class action within the past five (5) years. All communications concerning this objection should be directed to the undersigned counsel below.

UW Health states that, at present, it does not intend to appear at the Fairness Hearing. However, if its Exclusion Request is denied, in whole or in part, UW Health intends to appear at the Fairness Hearing to present its objection.

Sincerely,

Ryan P. Phair

Robert Flannery
Senior Vice President/Chief Financial Officer
UW Health
600 Highland Avenue, Madison WI 53792
(608)265-7131
rflannery@uwhealth.org

# PAUL
# HASTINGS

RECEIVED

MAR 0 8 2025

BrownGreer
Richmond, Va



CAPITAL DISTRICT 208

5 MAR 2025 PM

FIRST-CLASS

US POSTAGE (MI PITNEY BOWES

ZIP 20036
02 7H
0006203498          MAR 04 2025

$ 000.69⁰

Blue Cross Blue Shield Provider Settlement
Settlement Notice Administrator
P.O. Box 26443
Richmond, VA 23261

23261-644343