# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>BLUE CROSS BLUE SHIELD<br>ANTITRUST LITIGATION<br>(MDL NO. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to<br>Provider Track Cases |

**PROVIDER CO-LEAD COUNSEL JOINT DECLARATION**

**We, Joe R. Whatley, Jr. and Edith M. Kallas, declare:**

1. We are partners in the law firm Whatley Kallas LLP. This Court has preliminarily designated us as Provider Co-Lead Counsel. Doc. No. 3225 at 49. We have personal knowledge of the matters set forth herein. If called upon and sworn as witnesses, we could competently testify thereto.

2. We have previously submitted declarations in support of the Provider Plaintiffs' motion for preliminary approval, motion for attorneys' fees and expenses, and motion for final approval. Doc. Nos. 3192-3, 3258-2, 3313-2. We incorporate those declarations herein.

3. As described in those declarations, we and our co-counsel have worked diligently to secure approval of the Settlement and to encourage broad participation among Class Members. Since filing the motion for final approval, our firm has prepared submissions in connection with final approval; prepared for the final approval hearing; coordinated daily on settlement-related issues with the Defendants, the Special Master, and/or the Settlement Notice Administrator; conducted webinars to educate Settlement Class Members on the process for filing claims; and responded to questions from thousands of Settlement Class Members.

4.      Previously, the Special Master reported that the Provider Plaintiffs' counsel had spent more than 373,000 hours on the case as of September 30, 2024. Doc. No. 3258-4, Ex. B. Since that time, Provider Plaintiffs' counsel have spent in excess of 13,000 more hours, for a total of more than 386,000 hours. The additional lodestar during that time exceeds $10 million, increasing the total lodestar to more than $237 million. Compared to the figures used in support of the Provider Plaintiffs' motion for fees and expenses, this reduces the lodestar multiplier from 2.89 to 2.77.

5.      In connection with our efforts to secure final approval and encourage broad participation, we have incurred additional expenses as well. The primary additional Shared Costs have been fees for the Provider Plaintiffs' economics experts to perform analysis necessary to help Class Members decide whether to participate in the Settlement. We understand that the Special Master is submitting the most recent figure for the Provider Plaintiffs' Shared Costs. Provider Plaintiffs' counsel have also incurred Held Costs since September 30, 2024, but they are not seeking reimbursement of the additional Held Costs. Our firm's lodestar and Held Costs accrued since September 30, 2024 is approximately $10.5 million.

6.      We are contemporaneously submitting an updated list of facially valid opt-out requests. As we explained in Paragraphs 27 and 29 of our declaration in support of the Provider Plaintiffs' motion for final approval, Doc. No. 3313-2, inclusion on this list does not necessarily mean that the opt-out request is valid; it means only that the request appears to comply with the requirements of the Preliminary Approval Order and the Notice Plan. When compiling the list, we did not attempt to determine whether the purported Opt-Out is an Excluded Provider (e.g., because the purported Opt-Out is bound by the settlement in *Love*) and, therefore, is not a Class Member. *See* Settlement Agreement, Doc. No. 3192-2, ¶ 1(gg).

We declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2025.

_____  
Edith M. Kallas

_____  
Joe R. Whatley, Jr.

3