# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>BLUE CROSS BLUE SHIELD<br>ANTITRUST LITIGATION<br>(MDL NO. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to<br>Provider Track Cases |

## DECLARATION OF THE SETTLEMENT ADMINISTRATOR
## IN SUPPORT OF CREATING A NOTICE AND ADMINISTRATION
## FUND MATERIAL LOSS CONTINGENCY RESERVE

**I, Edgar C. Gentle, III, declare:**

1.     I am the Special Master in this action. On December 4, 2024, I was appointed as Settlement Administrator for the Provider Track settlement. Doc. No. 3225 (Preliminary Approval Order). I have personal knowledge of the matters set forth herein. If called upon and sworn as a witness, I could competently testify thereto.

2.     Unless otherwise defined herein, all capitalized terms have the meanings ascribed to them in the Settlement Agreement, attached as Exhibit A to Provider Plaintiffs' Motion for Preliminary Approval of Proposed Class Settlement. Doc. No. 3192-2.

3.     I have extensive experience, acting as a Special Master in Multi-District Litigations and have helped create and administer over $6 Billion in Settlements during the past 25 years[1]. As a Settlement Administrator in this action, my responsibilities include the financial management of the Settlement.

4.     Your Settlement Administrator, with the input of Provider Co-Lead Counsel, has developed the Notice and Administration Fund Budget in the amount of $100 Million, in alignment

---

[1] For example, I served as Special Master and Escrow Agent for the Global Breast Implant Litigation (MDL 926), which involved settling over $1.1 Billion in claims.

with the $100 Million funding amount for the Notice and Administration Fund pursuant to Settlement Agreement Paragraph 1(ggg), as shown in **Exhibit A**.

5.  The $100 Million to be held in the Notice and Administration Fund may not be sufficient to pay for Notice and Administration Costs, and it is recommended that the Court consider approving the creation of a Material Loss Contingency Reserve (as provided for in Settlement Agreement Paragraph 1(ggg)) in the amount of $10 Million, based on the following:

A. <u>Managing Validity of Claims:</u>  Currently, there may be as many as 23,473 opt outs in this Settlement (Supplemental Declaration of Roma Petkauskas of BrownGreer in Support of Provider Plaintiffs' Motion for Final Approval for Proposed Class Settlement ("BrownGreer Declaration"), at Paragraph 10).  Pursuant to the Court's May 28, 2025 Order, your Settlement Administrator's authority was expanded to include efforts to resolve disputes relating to the Plan of Distribution (other than disputes committed to the Monitoring Committee under the Settlement Agreement), with your Settlement Administrator hearing arguments, taking evidence, consulting with Provider Co-Lead Counsel, and making a report and recommendation to the Court concerning such disputes. Your Settlement Administrator anticipates that there will be a material number of disputes relating to the validity of Settlement claims, who is entitled to assert what portion of a claims, and other matters and disputes related to resolution of whether claims submitted in the Settlement are valid, *vis a vis* other claimants and potentially opt-outs. The number of opt-outs contributes to the likelihood of these potential conflicts to be resolved.  It is anticipated that the possibly large expense of carrying out these claims-related tasks will be material to the Budget.

B. <u>Suspicious Claims To Be Resolved:</u>  According to the BrownGreer Declaration at Paragraph 15, BrownGreer has identified suspicious and automated claims activity. Similarly, The Honorable Casey Rodgers in In Re: *3M Combat Arms Earplug Products Liability Litigation*

entered a June 24, 2025 Order appointing the Honorable David Herndon (Retired) as Special Master to investigate and provide a report and recommendation concerning numerous unforeseen possible claims that could possibly impact the integrity of the 3M Earplug Settlement Program. Similarly, in this case I expect that examining suspicious or potentially suspicious claims will require significant effort, the expense of which is anticipated to be material to the Budget.

6. It is anticipated that the process of resolving these matters, as well as any other unforeseen events, will be complicated, expensive, and time consuming, thereby supporting the creation of the proposed $10 Million Notice and Administration Fund Material Loss Contingency Reserve.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this __22__ day of July, 2025.

_____
Edgar C. Gentle, III