IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE:<br>BLUE CROSS BLUE SHIELD<br>ANTITRUST LITIGATION<br>(MDL NO. 2406) | Master File No. 2:13-CV-20000-RDP<br><br>This Document Relates to<br>Provider Track Cases |

### ORDER GRANTING PROVIDER PLAINTIFFS' MOTION
### FOR ATTORNEYS' FEES AND EXPENSES

This matter is before the court on Provider Plaintiffs' Motion for Attorneys' Fees and Expenses, and their Notice of Updated Expenses. (Docs. # 3258, 3336). In the Motion, Provider Plaintiffs seek an order: (1) awarding attorneys' fees in the amount of $657,160,000, and (2) awarding reimbursement of costs and expenses in the amount of $102,059,478.49 (comprised of $99,934,671.68 in Shared Costs and $2,124,806.81 in Held Costs).

In accordance with the accompanying Final Order and Judgment Granting Final Approval of Class Action Settlement, Provider Plaintiffs' Motion for Attorneys' Fees and Expenses (Doc. # 3258) is **GRANTED**. It is **ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated October 4, 2024 (Doc. # 3192-2) (the "Settlement Agreement") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The court has jurisdiction to enter this Order, over the subject matter of the Provider Actions, and over all parties to the Provider Actions, including all Settlement Class Members.

3. Notice of Provider Plaintiffs' request for an award of attorneys' fees and of costs and expenses was provided to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the request for an

award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Provider Plaintiffs' counsel are hereby **AWARDED** attorneys' fees in the amount of $657,160,000, representing 23.47% of the Settlement Fund. The court **FINDS** this amount to be fair and reasonable. Provider Plaintiffs' counsel are **FURTHER AWARDED** $102,059,478.49 in payment of litigation costs and expenses to be paid from the Settlement Fund, which sum the court finds to be fair, adequately documented, reasonable, and necessary to the representation of the Settlement Class.

5. In making this award of attorneys' fees to be paid from the Settlement Fund, the court has applied the percentage of the fund method mandated by the Eleventh Circuit. *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). The court has found the attorneys' fee award, which represents less than 23.5 percent of the $2.8 billion Settlement Fund (a fund that has been created for the benefit of the Settlement Class Members), falls within the lower half of the "benchmark range" of 20% to 30% established in this Circuit. *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019). Moreover, although not required to do so, the court has crosschecked the fee by examining the factors that the Eleventh Circuit has directed courts to consider when evaluating a fee award. *Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1242-43 (11th Cir. 2011). Such a cross-check shows that the award is fully supported by those factors:

(a) The Settlement has resulted in a substantial monetary award and in significant injunctive relief for the Settlement Class Members;

(i) The Settlement has created a common fund of $2,800,000,000 in cash that is to be paid into the Escrow Account within 30 calendar days of the court's entry of the Final Judgment and Order of Dismissal, that is to be distributed to authorized claimants in accordance with the Plan of Distribution that has been approved by this court after the Effective Date and this court's entry of a Class Distribution Order, and will benefit the Settlement Class Members; and

(ii) The Settlement also provides historic, transformative, procompetitive injunctive and equitable relief that will greatly benefit the Settlement Class Members;

(b) This litigation presented a myriad of difficult factual issues, requiring substantial discovery to resolve, including the production of millions of pages of documents and the taking of scores of depositions;

(c) This litigation raised novel and complex legal questions;

(d) Provider Plaintiffs' counsel have already devoted more than 373,000 hours to litigating the complex factual and contested legal questions presented in the Subscriber Actions, which has resulted in a lodestar of more than $227 million;

(e) Provider Plaintiffs' counsel are among the most experienced litigators in the country, and they conducted the litigation and worked to achieve the Settlement with skill, zeal, and expertise;

(f) The fee in this case was contingent upon obtaining relief for the Class, and there was a significant risk that Provider Plaintiffs' counsel would recover nothing;

  (g) Given the enormous commitments of time and resources, as well as the significant risk entailed in developing and litigating this case, few attorneys would have been willing to take it on;

  (h) This private enforcement action required a substantial commitment of time, personnel, and other resources to this case effectively precluded Provider Plaintiffs' counsel from other employment;

  (i) The amount of attorneys' fees awarded and of costs and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similarly complex cases; and

  (j) Although the use of the lodestar cross-check is not required in this Circuit, *In re Home Depot*, 931 F.3d at 1091, n.25, the court nevertheless undertook that analysis. As the expert testimony presented in support of the Fee Motion confirms, the lodestar multiplier of 2.89 that the award represents would be fully consistent with the multipliers that other courts have found reasonable in similarly complex mega-fund cases.

6. In making this $102,059,478.49 award of litigation costs and expenses to be paid from the Settlement Fund, the court has considered and found that:

  (a) The recovery of costs and expenses is authorized by the Settlement Agreement;

  (b) Those costs and expenses have been adequately documented and reviewed by the Special Master appointed by the court; and

  (c) Those costs and expenses were both reasonable, necessary, and incurred for the benefit of the Settlement Class.

7. Due and adequate notice has been given to the members of the Settlement Class in satisfaction of the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and Constitutional Due Process, stating that Provider Plaintiffs' counsel may submit a fee and expense application seeking an award of attorneys' fees up to 25% of the Settlement Fund (*i.e.*, $700 million) plus reimbursement of expenses. Remarkably, only a single objection has been asserted that relates to the Provider Plaintiffs' motion for fees and expenses. The court concludes that objection is without merit.

8. The court takes notice of its previous orders regarding protocols for Plaintiffs' counsel's time and expense submissions. (Docs. # 80, 163). The court hereby **RELIEVES** Provider Plaintiffs' counsel of any further obligations under these time and expense orders, other than with regard to implementing the Settlement. The court notes that there will be additional timekeeping by certain of the Provider Plaintiffs' counsel in connection with the Settlement itself. These submissions will be reviewed by the Special Master.

9. Any appeal or any challenge affecting this court's approval regarding any attorneys' fees and expense application **SHALL** in no way disturb or affect the finality of the Final Order and Judgment Granting Final Approval of Provider Class Action Settlement.

10. The court retains exclusive jurisdiction over the parties and the Settlement Class Members for all matters relating to this Settlement, including the administration, interpretation, effectuation or enforcement of this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided for in the Settlement Agreement.

**DONE** and **ORDERED** this August 19, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE