FILED

2025 Sep-22  PM 05:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE:**<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |
| **IN RE:**<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No. 2:25-MD-10000-RDP** |

**[PROPOSED] ORDER GRANTING PROVIDER PLAINTIFFS' MOTION FOR ORDER ESCROWING PAYMENTS IN JUDGMENT OR SETTLEMENT**

In light of the Provider Plaintiffs' Motion for an Order Escrowing Payments in Judgment or Settlement, the responses thereto, and the parties' arguments, the Court orders the following:

Beginning in 2012, counsel for the Provider Plaintiffs in this MDL invested extraordinary resources into the development of the facts of this case, the Provider Plaintiffs' legal theories, and the assembly of a massive amount of discovery from all Defendants. Using that work product, the Provider Plaintiffs litigated dozens of motions and obtained important rulings from the Court. After the Provider Plaintiffs and the Defendants settled this case on a classwide basis, certain putative members of the Provider Class opted out of the settlement and pursued their own litigation ("Opt-Outs"). Most of these new cases have been transferred to this Court and are now part of the MDL. In their complaints and other filings, counsel for the Opt-Outs have made clear that they intend to rely on work product developed by the Provider Plaintiffs' counsel for the common benefit of the Provider Class.

Therefore, the Court hereby **ORDERS** and **IMPOSES** a Common Benefit Assessment of 12.5% of gross recoveries from any judgment or settlement in any Opt-Out case in this MDL, and any case outside this MDL in which counsel in an Opt-Out case in this MDL use the Provider Plaintiffs' MDL work product for the benefit of their clients. The assessment also applies to any case that is settled before it is filed, if counsel for the potential plaintiff received MDL work product. This assessment is payable from the attorneys' fee portions of such gross recoveries and applies to all judgments entered and settlements reached after the date of this Order.

To ensure collection of this Common Benefit Assessment, counsel for each Opt-Out in any case pending in this MDL are hereby **ORDERED** to deposit the Common Benefit Assessment into this Court's Common Benefit Fund. Such counsel shall report all judgments, settlements, and payments to the Special Master and Provider Plaintiffs' Co-Lead Counsel.

The Court further **ORDERS** that the Common Benefit Fund shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" as described in 26 C.F.R. § 1.468B-1, and shall remain subject to the continuing jurisdiction of this Court. The Special Master shall serve as Trustee and Administrator of the qualified settlement fund for purposes of 26 C.F.R. § 1.468B-2(k)(3), and shall be responsible for making any necessary tax filings and payments of taxes, estimated taxes, and associated interest and penalties, if any, by the Common Benefit Fund.

Provider Plaintiffs' Co-Lead Counsel, or their designees, are authorized and directed to obtain Participation Agreements with any and all counsel for Opt-Outs, regardless of where or whether their claims or cases are filed, as a condition of access to and utilization of work product created in this MDL. Such agreements are subject to the approval of the Court and the provisions of the protective orders governing this case.

An Opt-Out who contends that this order would cause undue hardship may petition this Court for a reduction in the amount to be deposited into the Common Benefit Fund. But Opt-Outs are advised that reliance on facts adduced through discovery in this MDL (including expert discovery) and summary judgment rulings by this Court constitutes use of work product created in this MDL.

This order is without prejudice to the Provider Plaintiffs' counsel's rights to seek assessments in cases beyond this court's jurisdiction. Having overseen this case for thirteen years, this Court finds that plaintiffs' counsel in cases outside the MDL would be unjustly enriched if they do not have to pay for the use of MDL work product (including reliance on this Court's rulings).

**DONE** and **ORDERED** this _____.

_____
**R. DAVID PROCTOR**
**CHIEF U.S. DISTRICT JUDGE**