FILED
2025 Oct-15 PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 6

| | |
|---|---|
| **From:** | Jon Corey |
| **To:** | Blue Cross Blue Shield Provider Settlement Notice Administrator |
| **Cc:** | Zabaneh, Sean S.; Bazan, Rebecca; Jon Corey |
| **Subject:** | BCBS Provider Settlement - Highlands Oncology Response to 8/25/2025 Notice to Show Cause |
| **Date:** | Monday, September 15, 2025 3:50:27 PM |
| **Attachments:** | image454600.png |
| | image835482.png |
| | Highlands Oncology Response to Show Cause Order.pdf |
| | 1002 - Notice to Show Cause Re Untimely Exclusion Request.pdf |

Dear Sir or Madam,

Pursuant to the August 25, 2025 Notice to Show Cause Regarding Untimely Request for Exclusion from Provider Settlement (attached), Highlands Oncology Group, P.A.'s Response to Show Cause Order and supporting declaration are attached to this e-mail message. Please let us know if you require any additional information in connection with the Response.

Best,



NOTICE OF CONFIDENTIALITY: The information contained in and transmitted with this e-mail is SUBJECT TO THE ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and is CONFIDENTIAL. It is intended only for the individual or entity designated above. You are hereby notified that any dissemination, distribution, copying, use or reliance upon the information contained in and transmitted with this e-mail by or to anyone other than the addressee designated above by the sender is unauthorized and strictly prohibited. If you have received this e-mail in error, please notify the sender by reply immediately. Any e-mail erroneously transmitted to you should be immediately destroyed.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO. 2406) | Case No. 2:13-cv-20000-RDP <br><br> This document relates to Provider-track cases |

_____

## PUTATIVE CLASS MEMBER HIGHLANDS ONCOLOGY GROUP, P.A.'S <u>RESPONSE TO SHOW CAUSE ORDER</u>

Pursuant to the Court's August 19, 2025 Show Cause Order (ECF 3349), putative Class Member Highlands Oncology Group, P.A. ("Highlands Oncology"), through undersigned counsel, hereby submits the following brief and accompanying declaration to demonstrate why its exclusion request, postmarked March 7, 2025 ("Opt-Out Notice"), should not be rejected as untimely.[1]

### FACTUAL BACKGROUND

Highlands Oncology is an independent oncology practice located in Northwest Arkansas. (Declaration of M. Gebhart, attached hereto as Exhibit 1 ("Gebhart Decl.") ¶ 4.) Highlands Oncology did not receive a Class Notice and was not aware of the settlement in the above-captioned action in advance of the March 4, 2025 postmark deadline for opt out notices. (_Id._ ¶¶ 5, 6.) Highlands Oncology was first made aware of its potential ability to opt out on March 6, 2025. (_Id._ ¶ 6.) It then prepared its "Opt-Out Notice" and postmarked it on March 7, 2025, less than 24 hours after becoming aware of the opt out procedure and a mere three days after the postmark deadline. (_Id._ ¶ 7; ECF 3349-1 at 3 (chart attached to Show Cause Order acknowledging Highlands Oncology's Postmark Date as 3/7/2025).)

---

[1] Highlands Oncology is a plaintiff in _Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc. et al. v. Blue Cross Blue Shield Association et al._, originally filed as No. 2:25-cv-03916 (E.D. Pa.). On September 12, 2025, that case was transferred to _In re: Blue Cross Blue Shield Antitrust Litigation MDL 2406_, No. 2:25-md-10000-RDP (N.D. Ala.).

1

## ARGUMENT

Highlands Oncology's Opt-Out Notice should be accepted under the "excusable neglect" standard. "Excusable neglect is an equitable determination that requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1297 (11th Cir. 2003). The relevant "excusable neglect" factors are: (1) the danger of prejudice; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F. 3d 1198, 1201 (11th Cir. 1999). All these factors support a finding of excusable neglect and acceptance of Highlands Oncology's Opt Out Notice.

***First***, allowing Highlands Oncology to be excluded from the class would not prejudice the settling parties. Plaintiffs' Class Counsel has represented that there are more than three million class members, and more than one million claims were made on the settlement. (ECF 3341-1 at 3.) There were tens of thousands of opt out requests, of which Highlands Oncology is merely one.[2] Highland Oncology's inclusion or exclusion from the class had no impact on final approval of the settlement. (*See* ECF 3346 (final order approving settlement despite thousands of opt outs).) *Cf. In re HealthSouth Corp. Securities Litig*, 334 F. App'x 248, 253 (11th Cir. 2009) (finding prejudice where entity seeking to opt out had holdings that "could have been sufficient to trigger the blow provision—allowing [defendant] to terminate the settlement—but [the entity] attempted to opt out after the deadline had passed for [defendant] to terminate the Settlement.").

Further, Plaintiffs' Class Counsel noted in their April 23, 2025 Declaration in Support of Plaintiffs' Motion for Final Approval of Proposed Class Settlement that as of that date, it was

---

[2] The Settlement Notice Administrator has represented that as of July 2025, it received 23,473 facially valid opt out requests. (ECF 3336-4 ¶ 10.)

working with the Settlement Notice Administrator "to notify the senders of deficient opt-out notices of the deficiency and offer them a chance to cure the deficiency if possible." (ECF 3311-2 ¶ 27.) By that time, Highlands Oncology's Opt-Out Notice had already been received. As it was not prejudicial for the settling parties to work with other potential opt outs to cure deficiencies in April of 2025, there is nothing prejudicial about accepting Highlands Oncology's Opt-Out Notice, which had been postmarked and received more than a month earlier.

*Second*, the length of the delay was extremely minimal. Highlands Oncology's Opt-Out Notice was postmarked on March 7, 2025, just three days after the March 4, 2025 postmark deadline. (Gebhart Decl. ¶ 7.) And as discussed immediately above, allowing Highlands Oncology to opt out has no impact on the proceedings. Its exclusion from the settlement class did not impact ultimate approval of the settlement. *See In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1208-09 (D.C. Cir. 2003) (affirming finding of excusable neglect where class member filed motion to opt out of class settlement 2.5 months after opt out request postmark deadline, which court found to be "short delay" that "would not impact judicial proceedings.").

*Third*, there is good reason for the very slight delay. Highlands Oncology was not aware of the settlement or the opt out procedure until March 6, 2025 (two days after the opt out deadline). (Gebhart Decl. ¶ 6.) Pursuant to the Preliminary Approval Order, direct notice was to be provided via: (1) email to Class Members' commercially available email address; and (2) postcard to Class Members' mailing addresses. (ECF 3225 at 11-12.) There was also to be a paid media campaign to supplement the direct notice efforts, including a news release on PR Newswire news circuits. (*Id*.) None of these methods reached Highlands Oncology prior to the March 4, 2025 opt out deadline. (Gebhart Decl. ¶¶ 5-10.) Highlands Oncology updated the email address it uses for contracting with its health insurers in mid-2024, and it is possible that the email address(es) utilized

3

by the Settlement Notice Administrator were thus outdated. (*Id.* ¶ 8.)  Highlands Oncology utilizes a standardized practice and procedure for receipt and sorting of physical mail, and none of the limited number of people involved in that process recalls receiving a postcard regarding the settlement. (*Id.* ¶ 9.)[3]  Finally, Highlands Oncology's executives did not see the news release on traditional media outlets or websites or otherwise see press regarding the settlement prior to March 4, 2025. (*Id.* ¶ 10.)

Courts routinely allow extensions in such circumstances. *See, e.g., Mars Steel Corp. v. Contl. Illinois Nat. Bank and Tr. Co. of Chicago*, 120 F.R.D. 51, 52 (N.D. Ill. 1988) (finding excusable neglect and allowing untimely opt out requests where settlement notice was not mailed to class members' current addresses, and the circumstances made clear they did not know about settlement prior to opt out deadline); *see also In re Cendant Corp. Prides Litig.*, 233 F.3d 188, 197 (3d Cir. 2000) (noting that "failure of claimants to receive notice, … misrouted mail, intervening company name changes, or short internal mail system delays" can constitute excusable neglect). Further, even if the reason for Highlands Oncology's lack of awareness of the settlement and opt out procedure was within its control, that factor alone should not doom its Opt-Out Notice. *See In re Ins. Brokerage Antitrust Litig. (MDL 1663)*, 374 F. App'x 263, 266 (3d Cir. 2010) (unpublished) (affirming finding of excusable neglect when balance of factors favored allowing untimely opt out requests even if "reason for delay" factor did not); *In re Vitamins Antitrust Class Actions*, 327 F.3d at 1209-10 (affirming finding that while the delay was within the class member's control, "other factors outweighed the impact of this finding" and allowing untimely opt out, because "excusable neglect" is an "'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant.").

---

[3] The Settlement Notice Administrator has represented that approximately 325,310 (or 16.2%) of the Postcard Notices it sent remained undeliverable as of April 23, 2025. (ECF 3311-3 at ¶ 24.)

DM1\16888656.5

And, *fourth*, Highlands Oncology acted in good faith. As soon as it became aware of the opt out requirements, it quickly prepared and postmarked its Opt-Out Notice in less than 24 hours, (Gebhart Decl. ¶¶ 6, 7), demonstrating that its delay was not an attempt to gain a tactical advantage, but was a good faith effort to comply with the requirements as soon as possible and not engage in unnecessary delay or impact the settling parties in any way.

\*    \*    \*

Where, as here, there is no prejudice to the settling parties or to the interests of efficient judicial administration, and the moving party acted quickly and in good faith, the untimely exclusion request should be approved. *See, e.g.*, *Pioneer Investment Services v. Brunswick Associates*, 507 U.S. 380, 398 (1993); *In re Ins. Brokerage Antitrust Litig. (MDL 1663)*, 374 F. App'x at 266 (affirming district court's finding of excusable neglect and allowance of untimely opt out requests because "the prejudice to the nonmovant party was 'minimal'," the untimely opt out requests would "have little or no impact on future proceedings in [the] MDL," the class members filed their requests "with all possible haste after receiving actual notice of the Settlement Agreement," and because class members "acted in good faith."); *Mars Steel Corp.*, 120 F.R.D. at 52-53 (finding excusable neglect and allowing untimely opt out requests where class members did not know they had to opt out by certain date because they did not receive settlement notice, did not act in bad faith, and filed request for exclusion less than ten days after final order approving class settlement[4], and settling parties would not be prejudiced because class action was not contingent on their participation).

---

[4] In *Mars Steel Corporation*, the opt out deadline was August 29, 1986, the final judgment approving the class settlement was November 5, 1986, and the movants filed their requests for exclusion on November 14, 1986. 120 F.R.D. at 52. Their untimely exclusion request therefore was made nearly three months after the opt out deadline, far longer than the three delay at issue here.

5

Dated: September 15, 2025

Respectfully submitted,

**DUANE MORRIS LLP**


By:  */s/ Sean S. Zabaneh*
Sean S. Zabaneh (201085)
Sean P. McConnell (307740)
Sarah O'Laughlin Kulik (318534)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, Pennsylvania 19103
(215) 979-1000
sszabaneh@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

Rebecca Bazan
DUANE MORRIS LLP
901 New York Avenue N.W., Suite 700 East
Washington, D.C. 20001
(202) 776-7800
rebazan@duanemorris.com

and

**MCKOOL SMITH, PC**

Jon Corey
MCKOOL SMITH, PC
1717 K Street NW, Suite 1000
Washington, D.C. 20006
(202) 370-8300
jcorey@mckoolsmith.com

John Briody
James Smith
MCKOOL SMITH, PC
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
(212) 402-9400
jbriody@mckoolsmith.com
jsmith@mckoolsmith.com

Lew LeClair
MCKOOL SMITH, PC

DM1\16888656.5

300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
lleclair@mckoolsmith.com

7

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL NO. 2406)** | **Case No. 2:13-cv-20000-RDP**<br><br>This document relates to Provider-track cases |

_____

## DECLARATION OF MICHAEL GEBHART

1.     My name is Michael Gebhart.  I am over the age of eighteen (18) and am competent to sign and submit this declaration, and have personal knowledge of the facts herein except where stated otherwise.

2.     I am the Chief Financial Officer for Highlands Oncology Group, P.A. ("Highlands Oncology").

3.     I submit this declaration in support of Highlands Oncology's Response to the Court's August, 19, 2025 Show Cause Order.

4.     Highlands Oncology is an independent oncology practice located in Northwest Arkansas.

5.     Highlands Oncology did not receive an individual Class Notice in the above-captioned matter.

6.     Highlands Oncology was first made aware of the settlement in the above-captioned matter (the "Settlement") on March 6, 2025, when Highlands Oncology's Vice President of Network Strategy, Simon Dobretsov, was reading an online news article at fiercehealthcare.com about a different Blue Cross class action.  That article included a bullet point about the Settlement and opt out litigation related thereto.  Upon further research, Highlands Oncology quickly contacted outside counsel.

DM1\20073730.1

7.      As soon as Highlands Oncology became aware of the opt out procedure, Highlands Oncology prepared and mailed its Opt Out Notice, which was postmarked March 7, 2025.

8.      To my knowledge, Highlands Oncology did not receive email notice of the Settlement.  It is possible that the email address(es) the Settlement Notice Administrator received from its purchased datasets was/were outdated.  Until 2024, Highlands Oncology had utilized Health Partners PHO as its delegated partner for communications with health insurers.  Starting in 2024, Highlands Oncology started migrating its contracts from Health Partners PHO to be centralized within Highlands Oncology, and a centralized email box was created for all of Highlands Oncology's communications with health insurers (networkstrategy@hogonc.com).  It is possible that the Settlement Notice Administrator's data did not include that relatively new email address and instead used an outdated email address or the email address for third party Health Partners PHO.  If the email notice for Highlands Oncology was sent via email to Health Partners PHO, Health Partners PHO did not forward that email to Highlands Oncology or otherwise make Highlands Oncology aware of it.

9.      To my knowledge, Highlands Oncology did not receive the Class Notice by physical mail, either.  The mailing address for Highlands Oncology registered with the Arkansas Secretary of State is 3901 Parkway Circle, Suite 100, Springdale, AR 72726.  That is also the consolidated address for Highlands Oncology available through the NPI Registry (although the NPI Registry also includes other physical addresses associated with Highlands Oncology's other facilities with their own NPIs).  Highlands Oncology's practice and procedure for receiving and processing mail at the 3901 Parkway Circle address is that three people go through each piece of mail that is received and direct it to its intended recipient within Highlands Oncology.  The practice and procedure for any mail addressed to the 3901 Parkway Circle address that is related to business

administration, legal, or compliance is for it to be directed to the Executive Coordinator, Susan Jones, who then delivers it to either (1) Highlands Oncology's CEO, Jeffrey Hunnicutt; (2) Highlands Oncology's Vice President of Network Strategy, Simon Dobretsov, or (3) me.  Ms. Jones has experience receiving and delivering class action notice postcards.  Ms. Jones confirmed to Mr. Dobretsov who confirmed to me that she did not receive such a postcard for this matter.  I did not receive a postcard regarding this Settlement, nor did Mr. Hunnicutt or Mr. Dobretsov.

10.     None of Mr. Hunnicutt, Mr. Dobretsov, or I recalls reviewing any PR Newswire release or any other sort of media regarding the Settlement prior to March 4, 2025.  As noted above, Highlands Oncology was not aware of the Settlement until Mr. Dobretsov read a bullet point about it in an article on another topic on fiercehealthcare.com on March 6, 2025.

11.     I declare under penalty of perjury that the foregoing is true and correct.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Executed on: September 15, 2025

_____
Michael Gebhart

DM1\20073730.1

# Blue Cross Blue Shield Provider Settlement

*In re: Blue Cross Blue Shield Antitrust Litigation*, MDL 2406, N.D. Ala., Master File No. 2:13-cv-20000-RDP

## NOTICE TO SHOW CAUSE REGARDING UNTIMELY REQUEST FOR EXCLUSION FROM PROVIDER SETTLEMENT

**Date of Notice:** 8/25/2025
**Deadline to Respond:** 9/15/2025

### I.    EXPLANATION OF NOTICE

You are receiving this notice because you submitted a request for exclusion from the provider settlement in *In re Blue Cross Blue Shield Antitrust Litigation*, and your request either was not postmarked by the March 4, 2025 deadline, or had no legible postmark.

On August 19, 2025, the Court issued a Show Cause Order requiring all individuals and entities who submitted untimely exclusion requests to show cause within twenty-one (21) days why their requests should not be rejected as untimely. A copy of this Order is enclosed.

### II.    AFFECTED REQUESTOR INFORMATION

The following persons or entities submitted exclusion requests postmarked after March 4, 2025:

| ID | Requestor Name | Postmark Date |
|---|---|---|
| 15477 | HIGHLANDS ONCOLOGY GROUP, PA | 3/7/2025 |

### III.    HOW TO RESPOND

Please send your response by email to administrator@bcbsprovidersettlement.com.

**If we do not receive a response by the deadline, the Court may disallow your exclusion request, and you may remain in the settlement class.**

If you have any questions about this notice, please call (888) 452-3095.

1

FILED

2025 Aug-19  PM 04:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |
|---|---|
| **IN RE:**<br>**BLUE CROSS BLUE SHIELD**<br>**ANTITRUST LITIGATION**<br>**(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-RDP**<br><br>**This Document Relates to**<br>**Provider Track Cases** |

**SHOW CAUSE ORDER REGARDING UNTIMELY EXCLUSION REQUESTS**

This matter is before the court on Provider Plaintiffs' Motion for an Order to Show Cause Regarding Untimely Exclusion Requests. (Doc. # 2228). On December 4, 2024, the court entered a Memorandum Opinion and Order Preliminarily Approving Provider Plaintiffs' Settlement. (Doc. # 3225). That Order required Class Members who wished to be excluded from the Provider Plaintiffs' settlement to mail a request for exclusion postmarked no later than March 4, 2025. (*Id.* at 51).

The persons and entities listed in Exhibit A to this Order mailed exclusion requests that either were postmarked after the March 4, 2025 deadline, or did not contain a legible postmark and were received after the March 4, 2025 deadline. Within twenty-one (21) days of this Order, the persons and/or entities listed on Exhibit A hereto are **ORDERED** to **SHOW CAUSE** why their exclusion requests should not be rejected as untimely. For requests without a legible postmark, an affidavit or declaration under penalty of perjury that the request was timely mailed will suffice to show cause.

Counsel for the Provider Plaintiffs are **ORDERED** to coordinate with the Settlement Notice Administrator to provide a copy of this order to each person or entity listed on Exhibit A. Upon doing so, counsel for the Provider Plaintiffs **SHALL** file a notice setting forth the date on which each such person or entity was provided with a copy of this Order. Within twenty-one (21)

days of receiving a copy of this Order, each person or entity on Exhibit A **SHALL** submit their response to the Settlement Notice Administrator, who **SHALL** compile the responses and provide them to counsel for the Provider Plaintiffs. Upon receipt of this information from the Settlement Notice Administrator, Counsel for the Provider Plaintiffs **SHALL** file the responses with the court.

    **DONE** and **ORDERED** this August 19, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE

FILED

2025 Jul-22 PM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

Case 2:13-cv-20000-AMP    Document 3361    Filed 07/15/25    Page 18 of 20

| Class Member Name | Postmark Date |
|---|---|
| ADDICTION HEALTH ALLIANCE, LLC | |
| DR RECOVERY ENCINITAS, LLC | |
| SOUTHERN CALIFORNIA RECOVERY CENTERS OCEANSIDE, LLC | |
| TML Recovery, LLC | |
| KEYSTONE MEDICAL SERVICES OF BRADFORD, PC | |
| HOSPITALIST SERVICES OF BRADFORD, PC | |
| MEDICAL SERVICES OF BUFFALO, PC | |
| HOSPITALIST SERVICES OF MERIDIAN, PA | |
| KEYSTONE MEDICAL SERVICES OF NIAGARA FALLS, PC | |
| KEYSTONE HOSPITALIST SERVICES OF NY, PC | |
| KEYSTONE MEDICAL SERVICES OF NEW YORK, PC | |
| HOSPITALIST SERVICES OF OLEAN, PC | |
| ASCENSION EMERGENCY PHYSICIANS, LLC | 3/5/2025 |
| BONITA CREEK EMERGENCY SERVICES, PLLC | 3/5/2025 |
| CALCASIEU CAMERON EMERGENCY PHYSICIAN GROUP, LLC | 3/5/2025 |
| CALCASIEU CAMERON HOSPITAL MEDICINE GROUP, LLC | |
| ECEP II, PA | 3/5/2025 |
| Christian J DenOuden | 3/5/2025 |
| C&M MEDICAL SERVICES, INC | 3/5/2025 |
| CONCORDIA EMERGENCY PHYSICIANS GROUP, LLC | 3/5/2025 |
| EAST BATON ROUGE EMERGENCY PHYSICIANS GROUP, LLC | 3/5/2025 |
| W4P, LLC | 3/5/2025 |
| INTEGRATED EMERGENCY MEDICINE SPECIALISTS, LLC | 3/5/2025 |
| IEMS PHYSICIAN SERVICES, PLLC | 3/5/2025 |
| ILLINOIS EMERGENCY MEDICINE SPECIALISTS, LLC | 3/5/2025 |
| LEWIS & CLARK EMERGENCY PHYSICIANS, PC | |
| OKLAHOMA EMERGENCY PARTNERS, LLC | 3/5/2025 |
| PROFESSIONAL EMERGENCY CARE, PC | 3/5/2025 |
| PROFESSIONAL EMERGENCY MEDICINE MANAGEMENT - LAKE CHARLES, LLC | 3/5/2025 |
| PROFESSIONAL EMERGENCY PHYSICIAN ASSOCIATES, LLC | 3/5/2025 |
| PROGRESSIVE EMERGENCY PHYSICIANS PA, PLLC | 3/5/2025 |
| PROGRESSIVE EMERGENCY PHYSICIANS, PLLC | 3/5/2025 |
| ST TAMMANY EMERGENCY PHYSICIANS GROUP, LLC | 3/5/2025 |
| THIBODAUX EMERGENCY PHYSICIANS GROUP, LLC | 3/5/2025 |
| VITAL EMERGENCY PARTNERS, PA | 3/5/2025 |
| VITAL HOSPITAL PARTNERS, PA | 3/5/2025 |
| WASHINGTON PARISH EMERGENCY PHYSICIANS GROUP, LLC | 3/5/2025 |
| ELITE KINGWOOD HOSPITAL | 3/5/2025 |
| LAUREN ESSEN, LCSW | 3/7/2025 |
| PATIENTS EMERGENCY ROOM AND HOSPITAL | 3/5/2025 |
| COPLEY MEMORIAL HOSPITAL INC | 3/5/2025 |
| Balaji Nithianandam | 3/8/2025 |

| Class Member Name | Postmark Date |
|---|---|
| RUSH COPLEY MEDICAL CENTER | 3/5/2025 |
| RUSH COPLEY MEDICAL GROUP NFP | 3/5/2025 |
| RUSH HEALTH | 3/5/2025 |
| RUSH HEALTH ACO INC | 3/5/2025 |
| RUSH OAK PARK ER PHYSICIANS GROUP | 3/5/2025 |
| RUSH OAK PARK HOSPITAL INC | 3/5/2025 |
| RUSH OAK PARK NOCTURNIST | 3/5/2025 |
| RUSH OAK PARK PHYSICIANS GROUP ADULT MEDICINE | 3/5/2025 |
| RUSH OAK PARK PHYSICIANS GROUP ANCHOR | 3/5/2025 |
| RUSH OAK PARK PHYSICIAN GROUP CENTER FOR DIABETES AND ENDOCRINE | 3/5/2025 |
| RUSH OAK PARK PHYSICIAN GROUP ELMWOOD PARK | 3/5/2025 |
| RUSH OAK PARK PHYSICIAN GROUP FAMILY MEDICINE | 3/5/2025 |
| RUSH OAK PARK PHYSICIAN GROUP LAKE STREET | 3/5/2025 |
| RUSH OAK PARK PHYSICIAN GROUP NORTH RIVERSIDE | 3/5/2025 |
| RUSH SURGICENTER AT THE PROFESSIONAL BUILDING LTD PARTERSHIP | 3/5/2025 |
| RUSH SYSTEM FOR HEALTH DBA RUSH UNIVERSITY SYSTEM FOR HEALTH | 3/5/2025 |
| RUSH UNIVERSITY MEDICAL CENTER | 3/5/2025 |
| RUSH UNIVERSITY MEDICAL GROUP | 3/5/2025 |
| RUSH-COPELY ORTHOPEDICS LLC | 3/5/2025 |
| RUSH-COPELY SURGICENTER LLC | 3/5/2025 |
| SOUTHERN CALIFORNIA ADDICTION CENTER INC | 3/5/2025 |
| CALIFORNIA BEHAVIORAL HEALTH, LLC | 3/5/2025 |
| MAGNOLIA CONNECTION, PC | 3/11/2025 |
| SOUTH SHORE ANESTHESIA STAFFING LLC | 3/13/2025 |
| Jackie Jiang, PsyD | 3/6/2025 |
| EMERGENCY MEDICINE PROFESSIONALS, PA | 3/17/2025 |
| Tonya J. McFadden | 3/8/2025 |
| HIGHLANDS ONCOLOGY GROUP, PA | 3/7/2025 |
| Robert Austgen | 4/1/2025 |