FILED

2026 Jan-20  PM 05:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re: | Chapter 11 |
| JACKSON HOSPITAL & CLINIC, INC., *et al.*,[1] | Case No. 25-30256 |
| Debtors. | Jointly Administered |

**APPLICATION OF DEBTORS FOR FINAL ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF IACUONE MCALLISTER POTTER PLLC**
**AS SPECIAL COUNSEL**

**COME NOW** Jackson Hospital & Clinic, Inc. ("Jackson Hospital") and its affiliated

debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11

cases (the "Chapter 11 Cases"), by and through their undersigned counsel, and hereby file this

application (this "Application") pursuant to section 327(e) of Chapter 11 Title 11 of the United

States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of a final order, substantially

in the forms attached hereto as Exhibit A (the "Proposed Order"), authorizing the retention and

employment of Iacuone McAllister Potter PLLC ("IMCP") as special counsel to the Debtors in

connection with pursuing certain specialized litigation.  In support of this Application, the Debtors

rely on and incorporate by reference the Declaration of Chase J. Potter (the "Potter Declaration"),

a copy of which is attached hereto as Exhibit B, and the Declaration of Allen Wilen (the "Wilen

Declaration") which is attached hereto as Exhibit C, and respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§

157 and 1334, and the U.S. District Court for the Middle District of Alabama's

---

[1]       The Debtors in these cases are Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.

64179975 v2

*Order of Reference* dated April 25, 1985. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On February 3, 2025 (the "Petition Date"), each of the Debtors commenced a case under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their assets and operations as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases. An Unsecured Creditors' Committee has been appointed. *See* [Docket No. 126].

3.      A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this Application are set forth in the *Declaration of Allen Wilen in Support of Chapter 11 Petition and First Day Pleadings*. *See* [Docket No. 9].

## RELIEF REQUESTED

4.      By this Application, the Debtors respectfully request the entry of a final order, substantially in the form attached hereto as Exhibit A, respectively, authorizing the Debtors to employ and retain IMCP as special counsel to the Debtors.

## BASIS FOR RELIEF REQUESTED

5.      The Debtors selected IMCP to serve as special counsel in these Chapter 11 Cases based upon, among other things, IMCP's extensive experience in commercial litigation, including in complex adversary proceedings arising from bankruptcy cases, and knowledge of the field of claims and causes of action that the Debtors may wish to pursue, and which claims that the Debtors' primary counsel, Burr & Forman LLP ("B&F") otherwise has a conflict in representing

the Debtors.  As a result of IMCP's extensive experience, the Debtors believe that IMCP is well-qualified to represent them as special counsel in these Chapter 11 Cases.

### SERVICES TO BE PROVIDED

6.      The Debtors respectfully submit that it will be necessary to employ and retain IMCP to serve as special counsel pursuant to section 327(e) of the Bankruptcy Code to render solely the following services as directed by the Debtors (the "Services"):

(a)      Advise, assist, and pursue litigation with respect to certain claims and causes of action that the Debtors may wish to pursue and IMCP agrees to handle on behalf of the Debtors.

(b)      Advise and assist the Debtors in all respects regarding other litigation related matters on behalf of the Debtors in which B&F has a potential or actual conflict of interest.

7.      The Debtors have previously, by separate application or motion, obtained Court approval of the retentions of: (i) Eisner Advisory Services LLC to provide a chief restructuring officer, an interim system chief executive officer and related services; (ii) B&F as counsel to the Debtors and Debtors-in-Possession; (iii) Memory Memory & Causby, LLP, as special conflicts counsel to the Debtors and Debtors-in-Possession; (iv) SSG Capital Advisors, LLC as the Debtors' exclusive investment banker; and (v) Omni Management Group as the Debtors' claims and noticing agent.

8.      These professionals work, and will continue to work, under the direction of the Debtors' management. The Debtors' management is committed to minimizing duplication of services to reduce professional costs. Accordingly, IMCP is being retained by the Debtors, subject to Court approval, solely to provide advice and other assistance with respect to the Services set forth above. B&F and the other professionals retained by the Debtors and approved by this Court shall represent the Debtors in all other matters not set forth in the Services to be performed by IMCP.

**TERMS OF RETENTION**

9.      Subject to approval by the Court, the Debtors propose to employ and retain IMCP to serve as special counsel in connection with the Services set forth above on the terms and conditions set forth herein and in the Proposed Order.

10.     The terms of IMCP's employment provide generally that certain attorneys and other personnel within IMCP will undertake this representation at hourly rates that are at, or lower than, the standard hourly rates IMCP charges new clients for similar matters, and that IMCP will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Middle District of Alabama (the "Local Rules"), and other applicable orders of this Court.

11.     The present hourly rates for attorneys and paralegals of IMCP for the proposed engagement are set forth in the Potter Declaration attached hereto. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and to reflect increased expertise and experience in one's area of law.

12.     Further, the Debtors and IMCP reserve the right, and seek authority herein, to later amend the retention from a pure hourly fee arrangement to either a hybrid or contingency fee arrangement in the event the Debtors and IMCP reach an agreement regarding the terms of either a hybrid or contingency fee arrangement. Such a change would only be made with due consideration of Rule 1.5 of the Rules of Professional Conduct, the Debtors receiving legal advice regarding any such switch (from counsel independent of IMCP), and approval of this Court.

13.     IMCP will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, travel expenses, work-related meals, telephone and facsimile (outgoing only), tolls and other charges, mail and express or overnight mail charges,

special or hand delivery charges, document processing, photocopying (not to exceed $0.10 per page), scanning and printing charges, vendor charges, computerized research, transcription costs, filing fees, non-ordinary overhead expenses (which shall not include secretarial or other overtime) and other out-of-pocket expenses incurred in providing professional services to the Debtors. IMCP will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

14.    IMCP will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

15.    IMCP was retained by the Debtors in accordance with an engagement letter signed by the Debtors on or about December 16, 2025 (the "Engagement Agreement").

16.    As set forth in the Potter Declaration, IMCP has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**IMCP'S DISINTERESTEDNESS**

17.    Bankruptcy Code section 327(e) empowers the Debtors, with the Court's approval, to employ, for a special purpose, attorneys that have represented the debtors, if employment is in the best interest of the estate, and if the attorney "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e); *see In re Vista Bella, Inc.*, No. 11-00149-MAM-7, 2012 WL 1934404, at *3 (Bankr. S.D. Ala. May 29, 2012) (reciting § 327(e) requirements).

18.    As described in detail in the attached Potter Declaration, IMCP has conducted its typical conflicts check with respect to the Debtors and a list of parties-in-interest and potential parties-in-interest in these Chapter 11 Cases. The scope and results of that conflicts check are set

out in the Potter Declaration. Based on the results of the conflicts search, IMCP has informed the Debtors that, except as may be set forth in the Potter Declaration, IMCP (a) does not hold or represent any interest adverse to the Debtors' estates, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

19.    IMCP has also informed the Debtors that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.

20.    If any new material facts or relationships are discovered or arise, IMCP will supplement its disclosure to the Court.

21.    For the reasons set forth above, the Debtors submit that IMCP's employment is necessary and in the best interests of the Debtors and their estates.

22.    No examiner or trustee has yet been appointed in the Debtors' Chapter 11 Cases. Notice of this Application has been given to the Office of the United States Bankruptcy Administrator.

## NOTICE

23.    Notice of the hearing on the relief requested herein will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as applicable local bankruptcy rules, and is sufficient under the circumstances.  The Debtors will provide notice of this Application to the Master Service List. Due to the urgency of the circumstances surrounding this Application and the nature of the relief in it, the Debtors respectfully submit that no further notice of this Application is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an Order granting the relief requested herein and such other and further relief as is just.

Dated: December 23, 2025

MEMORY MEMORY & CAUSBY, LLP

/s/ *Stuart H. Memory*
Stuart H. Memory
Memory Memory & Causby, LLP
Post Office Box 4054
Montgomery, Alabama 36103
Telephone:  (334) 834-8000
E-mail:        smemory@memorylegal.com

*Counsel for Debtor and Debtor-in-Possession*

**EXHIBIT A**
**(PROPOSED FINAL ORDER)**

64179975 v2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re: | Chapter 11 |
| JACKSON HOSPITAL & CLINIC, INC., *et al.*,[1] | Case No. 25-30256 |
| Debtors. | Joint Administration Requested |

**FINAL ORDER PURSUANT TO 11 U.S.C. § 327 AUTHORIZING THE EMPLOYMENT OF IACUONE MCALLISTER POTTER PLLC AS SPECIAL COUNSEL TO THE DEBTORS**

Upon consideration of the application (the "Application")[2] of the Debtors for entry of a final order, pursuant to Section 327(e) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the employment of Iacuone McAllister Potter PLLC ("IMCP") as special counsel to the Debtors; and upon the Potter

---

[1]  The Debtors in these cases are: Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

64179975 v2

Declaration and the Wilen Declaration; and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the attorneys of IMCP who will be actively engaged in this case have been admitted to this Court; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper notice of the Application has been given and that no further notice or hearing is required; and, based upon the Potter Declaration, this Court being satisfied that (i) IMCP represents no interest adverse to the Debtors' estates, creditors, or equity holders, (ii) IMCP, to the extent required, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) the employment of IMCP is necessary and would be in the best interest of the Debtors and their estates; and after due deliberation, and sufficient cause appearing therefore; it is **HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is **APPROVED** on a final basis.

2.      In accordance with sections 327(e), 329 and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are authorized and empowered to retain and employ IMCP as special counsel to the Debtors.

3.      The compensation of IMCP for services performed are at, or below, IMCP's standard hourly rates, subject to the approval of this Court. The Debtors and IMCP shall retain the right to later seek to amend the retention from a pure hourly fee arrangement to either a hybrid or contingency fee arrangement. Such a change would only be made with due consideration of Rule 1.5 of the Rules of Professional Conduct, the Debtors receiving legal advice regarding any such switch (from counsel independent of IMCP), and approval of this Court.

4.     IMCP shall be subject to any Orders entered by this Court pertaining to the submission of fee applications by professional persons retained pursuant to 11 U.S.C. § 327(a) ("Professionals") and the payment of Professionals.

5.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.

### END OF ORDER ###

Order drafted and submitted by:
Stuart H. Memory
Memory Memory & Causby, LLP
Post Office Box 4054
Montgomery, Alabama 36103
(334) 834-8000
smemory@memorylegal.com
Counsel for Debtor and Debtor-in-Possession

**EXHIBIT B**
**(CHASE POTTER DECLARATION)**

64179975 v2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re: | Chapter 11 |
| JACKSON HOSPITAL & CLINIC, INC., *et al.*,[1] | Case No. 25-30256 |
| Debtors. | Joint Administration Requested |

**DECLARATION OF CHASE J. POTTER IN SUPPORT OF DEBTORS' APPLICATION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE RETENTION AND EMPLOYMENT OF IACUONE MCALLISTER POTTER PLLC
<u>AS SPECIAL COUNSEL</u>**

I, Chase J. Potter, being duly sworn, state the following under penalty of perjury.

1.      I am the managing partner in the law firm of Iacuone McAllister Potter PLLC ("<u>IMCP</u>"), a professional limited liability company engaged in the practice of law with offices at 4925 Greenville Avenue, Suite 1112, Dallas, Texas 75206. All attorneys practicing with IMCP are attorneys at law duly admitted to practice in the State of Texas.

2.      I am in all respects competent to make this declaration (this "<u>Declaration</u>") in support of the foregoing application (the "<u>Application</u>") of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") to retain IMCP as special counsel to the Debtors – specifically, as special conflicts litigation counsel in connection with claims and causes of action the Debtors may wish to pursue and IMCP agrees to handle on behalf of the Debtors, and related matters, and in compliance with section 329(a) of the Bankruptcy Code and Bankruptcy Rule 2016(b).

3.      The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

---

[1]      The Debtors in these cases are: Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.

64179975 v2

## SERVICES TO BE PROVIDED

4.      IMCP has been retained and, subject to Court approval, will be engaged to serve as special counsel pursuant to section 327(e) of the Bankruptcy Code to render solely the following services as directed by the Debtors (the "Services"):

(a)      Advise, assist, and pursue litigation with respect to claims and causes of action that the Debtor may wish to pursue and IMCP agrees to handle on behalf of the Debtors.

(b)      Advise and assist the Debtors in all respects regarding other litigation related matters on behalf of the Debtors in which Burr & Forman LLP ("B&F") has a potential or actual conflict of interest.

5.      Accordingly, IMCP is being retained by the Debtors, subject to Court approval, solely to provide advice and other assistance with respect to the Services set forth above. It is my understanding that Burr & Forman LLP ("B&F") and Memory Memory & Causby, LLP ("MMC") shall represent the Debtors in all other matters not set forth in the Services to be performed by IMCP.

## COMPENSATION

6.      IMCP was retained by the Debtors in accordance with an engagement letter that was signed by John Quinlivan on behalf of the Debtors on or about December 16, 2025 (the "Engagement Agreement").  To date, IMCP has not received a retainer from the Debtors for IMCP's engagement as special counsel for the Debtors. However, IMCP has received a retainer and other payments and/or advancements from Jackson Investment Group ("JIG") in connection with these Chapter 11 Cases that relates to the work IMCP will perform for Debtors as special counsel.

7.      Within the year preceding the Petition Date, IMCP received no other payments from the Debtors on account of services rendered or to be rendered in contemplation of or in connection with these Chapter 11 Cases. IMCP discloses that it has received payments and/or

64179975 v2

2

advancements from JIG in connection with these Chapter 11 Cases that relates to the work IMCP will perform for Debtors as special counsel.

8.    IMCP intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases subject to the approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and any Orders entered in these Chapter 11 Cases concerning compensation of professionals, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by IMCP.

9.    The attorneys primarily responsible for representing the Debtors with respect to the Services to be rendered by IMCP, and their current standard hourly rates, are:

| Professional | Position | Hourly Rate |
|---|---|---|
| Chase J. Potter, Joshua Iacuone, and Greg McAllister | Named Partners | $975/hr |
| Other Partners | Partner | $800-875/hr |
| Attorney(s) (non-partner) | Associate | $600-725/hr |
| Paralegal(s) | Paralegal | $175 |

10.    These hourly rates are subject to periodic adjustment (typically in January of each year) to reflect economic and other conditions. With respect to this engagement, IMCP will not increase these hourly rates in January 2026, and IMcP will not increase the hourly rates set forth above for this engagement unless any proposed increase is first disclosed to and approved by the Bankruptcy Court. IMCP will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above. These rates are set at a level designed to fairly compensate IMCP for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is IMCP's policy to charge its clients for certain expenses incurred in connection with the client's case. The expenses charged to clients often include, among other things, mail and express mail charges, special or hand delivery charges, photocopying charges for large copying projects, travel expenses, expenses for "working meals," computerized

research, transcription costs, as well as non-ordinary overhead expenses (which shall not include any staff overtime costs incurred by IMCP in relation to these cases). IMCP will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to IMCP's other clients, subject to the Local Rules of this Court.

11.     Other than with respect to the payments and/or advancements that have been received by IMCP from JIG with respect to these Chapter 11 Cases, no promises have been received by IMCP, nor by any partner, counsel, or associate thereof, as to compensation in connection with these Chapter 11 Cases, other than in accordance with the provisions of the Bankruptcy Code. IMCP has no agreement with any other entity to share with such entity any compensation received by IMCP in connection with these cases.

**IMCP'S DISINTERESTEDNESS**

12.     To determine its relationship with parties-in-interest in these Chapter 11 Cases, IMCP performed its typical conflicts check (as it is IMCP's policy and practice to perform with all new matters) to determine whether it has any relationships with the entities on the "Conflicts Search List" attached hereto as Exhibit 1 and incorporated herein that may present a conflict. The entities set forth on Exhibit 1 are comprised of the Debtors and other parties-in-interest in these Chapter 11 Cases that IMCP included in its conflicts check. All of the entities on Exhibit 1 were circulated to all attorneys at IMCP to determine whether IMCP has any relationship therewith, which may create a conflict. Through the conflicts check, there were no conflicts discovered that would, in my opinion, prevent IMCP from serving as special counsel for the Debtors. If any potential conflicts are later discovered that may impact IMCP's ability to serve as special counsel for the Debtors, I will supplement this Declaration and disclose any such potential conflicts to the Bankruptcy Court.

13.     To the extent that such conflicts search indicated that IMCP currently or previously represented any entity listed in the conflict search in matters unrelated to the Services to be provided to the Debtors in these Chapter 11 Cases, the identities of such entities are set forth on Exhibit 2. As set forth in greater detail on Exhibit 2, and subject to any explanations and/or exceptions contained therein or herein, IMCP (a) does not hold or represent any interest adverse to the Debtors or their estates, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

14.     I hereby disclose that IMCP has represented JIG in connection with these Chapter 11 Cases, including in connection with the DIP Lender's Emergency Motion to Vacate and Set Aside the Debtors' Participation in Settlement (Dkt. No. 1079). I do not believe IMCP's representation of JIG in these Chapter 11 Cases presents any disqualifying conflict.

15.     In light of the extensive number of creditors and other parties in interest in these cases, neither IMCP, nor I, are able to conclusively identify all potential relationships. However, based on the conflicts search performed, I do not believe any disqualifying conflict exists.

16.     To the extent IMCP discovers any facts materially bearing on the matters described herein during the period of IMCP's retention, IMCP will amend and supplement the information contained in this Declaration to disclose such facts.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 23, 2025

/s/ Chase J. Potter
Chase J. Potter
Partner
Iacuone McAllister Potter PLLC

## Exhibit 1

## Conflicts Search List

## Exhibit 2
## IMCP Disclosure

Iacuone McAllister Potter PLLC ("**IMCP**") appears in numerous cases, proceedings, and transactions involving many different professionals, including other attorneys, accountants, financial consultants and investment bankers. Based on IMCP's current knowledge of the professionals, lenders, creditors, equity holders and other significant parties-in-interest involved in these cases, IMCP makes the following disclosures:

(a) Current Representations wholly unrelated to the Services to be provided to the Debtors: IMCP currently represents the following parties in matters wholly unrelated to the Services to be provided to the Debtors:

    a. IMCP currently represents an entity affiliated with Jackson Investment Group ("JIG") – GloriFi Acquisitions, LLC – in connection with unrelated bankruptcy cases and various adversary proceedings arising therefrom.

(b) Past Representations wholly unrelated to the Services to be provided to the Debtors: Chase Potter of IMCP, while working at a different law firm, previously represented the following parties, who are or may be creditors of the Debtors or parties-in-interest in the Debtors' Chapter 11 Cases, in matters wholly unrelated to the to the Services to be provided to the Debtors:

    a. While at a prior law firm, I represented JIG in a state court action pending in Dallas County, Texas (the "State Court Action"). Chase Potter no longer represents JIG in the State Court Action, and IMCP never represented JIG in the State Court Action.

**EXHIBIT C**
**(DECLARATION OF A. WILEN IN SUPPORT OF IMCP APPLICATION)**

64179975 v2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re: | Chapter 11 |
| JACKSON HOSPITAL & CLINIC, INC., *et al.*,[1] | Case No. 25-30256 |
| Debtors. | Joint Administration Requested |

**DECLARATION OF ALLEN WILEN IN SUPPORT OF DEBTORS' APPLICATION FOR FINAL ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF IACUONE MCALLISTER POTTER PLLC AS SPECIAL COUNSEL**

I, Allen Wilen, being duly sworn, state the following under penalty of perjury.

1.     I am the chief restructuring officer of Jackson Hospital & Clinic, Inc. ("Jackson Hospital") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"). I submit this Declaration (the "Declaration") in support of the application (the "Application") of the Debtors to retain Iacuone McAllister Potter PLLC ("IMCP") as their special counsel. Except as otherwise noted, all facts set forth in this Declaration are based on my personal knowledge of the matters set forth herein.

**THE DEBTORS' SELECTION OF IMCP AS SPECIAL COUNSEL**

2.     The Debtors selected IMCP to serve as special counsel in these Chapter 11 Cases based upon, among other things, IMCP's extensive experience in commercial litigation, including in complex adversary proceedings arising from bankruptcy cases, and knowledge of the field claims and causes of action that the Debtors may wish to pursue that B&F otherwise has a conflict in representing the Debtors.  As a result of IMCP's extensive experience, the Debtors believe that IMCP is well-qualified to represent them as special counsel in these Chapter 11 Cases.

---

[1]     The Debtors in these cases are: Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.

64179975 v2

3.    IMCP's expertise and experience handling complex commercial litigation will enable it to work in an efficient and cost-effective manner on behalf of the Debtors' estates. The Debtors therefore believe that IMCP is well-qualified to represent them as special litigation counsel in these Chapter 11 Cases.

## RATE STRUCTURE

4.    In my capacity as chief restructuring officer, I am responsible for supervising outside counsel retained by the Debtors in the ordinary course of business. IMCP has informed the Debtors that its rates for bankruptcy representations are comparable to the rates that IMCP charges for non-bankruptcy representations.

## COST SUPERVISION

5.    The Debtors recognize that in large chapter 11 cases such as these, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and IMCP.  The Debtors also recognize that it is their responsibility to closely monitor the billing practices of IMCP and their other counsel to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations taking into account the exigencies of these Chapter 11 Cases. To that end, the Debtors will continue to review and monitor the regular invoices submitted by IMCP and, together with IMCP, periodically amend any budget and staffing plans to reflect developments in the case as applicable.

6.    As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during these Chapter 11 Cases and ensure that the Debtors are an active participant in that process. Recognizing that every chapter 11 case is unique, the Debtors, together with IMCP, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

7.      Based on the foregoing, the Debtors believe it is necessary to retain and employ IMCP as special counsel, and that such employment is in the best interests of the Debtors and their estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: December 23, 2025

*/s/  Allen Wilen*
Allen Wilen
Chief Restructuring Officer

*Jackson Hospital & Clinic, Inc.*
*and Affiliated Entities*
