FILED
2026 Jan-20 PM 05:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 8

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| In re: | Chapter 11 |
| JACKSON HOSPITAL & CLINIC, INC., *et al.*,[1] | Case No. 25-30256 |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION TO AUTHORIZE POST-PETITION FINANCING
SECURED BY A SENIOR LIEN ON PROPERTY OF THE ESTATE**

COME NOW Jackson Hospital & Clinic, Inc. and its affiliated debtors (collectively, the "Debtors"), in the above-captioned Chapter 11 cases, by and through their undersigned counsel, and hereby move, pursuant to 11 U.S.C. §§ 105(a) and 364(d), for authorization to obtain post-petition financing secured by a senior security interest in property of the estate pursuant to an agreement set forth as **Exhibit A** (the "Agreement").  In support thereof, the Debtors state the following:

**PROCEDURAL BACKGROUND**

1.      On February 3, 2025, the Debtors commenced cases under Chapter 11 of the Bankruptcy Code, which are currently being jointly administered. The Debtors are operating their businesses and managing their assets and operations as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.  An Unsecured Creditors' Committee has been appointed. *See* [Docket No. 126].

2.      A description of the Debtors' businesses, the reasons for commencing the Chapter 11 Cases, the relief sought from the Court, and the facts and circumstances supporting this motion

---

1 The Debtors in these cases are Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.  *See* Doc. No. 49.

1

are set forth in the *Declaration of Allen Wilen in Support of Chapter 11 Petition and First Day Pleadings*. *See* [Docket No. 9].

## JURISDICTION AND VENUE

3.    The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the District Court's *General Order of Reference* for bankruptcy matters.

4.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(D).

5.    Venue is proper pursuant to 28 U.S.C. § 1408.

## RELIEF REQUESTED

6.    The Debtors request that the Court enter an order approving the Agreement, effective as of the date of entry of the Proposed Order, attached as **Exhibit B**.  The Debtors need funding and to allocate resources to pursue a cause of action against Blue Cross and Blue Shield of Alabama, and Jackson Investment Group, LLC is willing to provide funding, subject to certain conditions, including the grant of a senior security interest in the cause of action and any proceeds recovered therefrom. The Debtors respectfully submit that this related relief is necessary and appropriate to facilitate pursuit of a cause of action.

## LEGAL ARGUMENT

7.    The Bankruptcy Code permits the Court, after notice and a hearing, to authorize a debtor to obtain post-petition credit "secured by a senior or equal lien on property of the estate that is subject to a lien" if the debtor "is unable to obtain such credit otherwise" and "there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."  11 U.S.C. § 364(d).

8.    The Debtors' primary objective in these Chapter 11 Cases is to reorganize their operations effectively.  To further their reorganization efforts, which center on maximizing the

2

revenue of their business operations and collecting funds for unsecured creditors, the Debtors have identified a cause of action against Blue Cross Blue Shield of Alabama.

9.     The Debtors lack discretionary funds to pursue this cause of action on their own. Jackson Investment Group, LLC has agreed to provide funding to pursue the cause of action pursuant to terms set forth in **Exhibit A**. Importantly, the Estate's liability to Jackson Investment Group, LLC under the proposed agreement is contingent and nonrecourse, and limited to the proceeds from the cause of action. If the cause of action is unsuccessful, the Estate pays no fees or expenses for the prosecution of this cause of action. If recovery is modest, the Estate's reimbursement obligation is no greater than the proceeds recovered in the cause of action. The Estate will not come out of pocket to prosecute this cause of action.

10.    Pursuing the cause of action against Blue Cross Blue Shield of Alabama is important and a material component of the Debtors' reorganization process.

11.    Attached hereto is the Declaration of Allen Wilen in support of this Motion. Please see **Exhibit C**.

WHEREFORE, THE PREMISES CONSIDERED, the respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein, and such other relief as may be just and proper.

Respectfully submitted on this the 16th day of January, 2026.

MEMORY MEMORY & CAUSBY, LLP


By: /s/ Stuart H. Memory
Stuart H. Memory
ASB-2214-Y36V

Attorney for the Debtors

3

MEMORY MEMORY & CAUSBY, LLP
Post Office Box 4054
Montgomery, Alabama 36103-4054
Tel (334) 834-8000
Fax (334) 834-8001
Email  smemory@memorylegal.com

4