FILED
2026 Apr-17  PM 01:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

## Draft Breach of Contract Complaint

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **Jackson Hospital & Clinic, Inc., *et al.*,**[1] | § | |
| | § | **Case No. 25-30256** |
| | § | |
| **Debtors.** | § | |
| | § | **Jointly Administered** |

| | | |
|---|---|---|
| **Jackson Hospital & Clinic, Inc.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Adv. No. 25-03025** |
| | § | |
| **Blue Cross and Blue Shield of Alabama,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Jackson Hospital & Clinic, Inc. ("Plaintiff," "Debtor," or "Jackson Hospital"), the debtor in the above-styled chapter 11 bankruptcy case (the "Bankruptcy Case"), files this First Amended Complaint (the "Complaint") against Blue Cross and Blue Shield of Alabama ("Defendant," "Blue Cross Alabama," or "BCBSAL"). In support thereof, Plaintiff respectfully shows as follows:

---

[1]    The Debtors in these Chapter 11 cases are Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC.

---

# I.
## SUMMARY

1.     This is a breach of contract action arising from Blue Cross Alabama's recent (December 2025), and continuing, breach of the express provisions of Blue Cross Alabama's provider contracts with Jackson Hospital.

2.     Jackson Hospital and Blue Cross Alabama are parties to two provider contracts – a Participating Hospital Contract for Prospective Payment with respect to inpatient services, effective July 1, 2003 (the "Inpatient Contract"), and a Preferred Outpatient Facility Contract, effective January 1, 2006 (the "Outpatient Contract") (together, the "Contracts"). The Contracts require that reimbursement rates be established through negotiation and mutual agreement between the parties.

3.     In December 2025, Blue Cross Alabama breached those express contractual obligations. Rather than engage in good-faith negotiation as required by the Contracts, Blue Cross Alabama unilaterally imposed 2026 reimbursement rates on Jackson Hospital and declared those rates to be "final," foreclosing any meaningful negotiation. The Contracts do not permit Blue Cross Alabama to unilaterally set rates in this manner. The express terms of the Contracts require negotiation and mutual agreement. Blue Cross Alabama refused to engage in actual rate negotiations (much less good faith negotiations) or establish 2026 rates based on "mutual agreement" and, thus, breached the express terms of the Contracts.

4.     Jackson Hospital brings this action to recover monetary damages caused by Blue Cross Alabama's breach and to obtain injunctive relief requiring Blue Cross Alabama to comply with its contractual obligations. Blue Cross Alabama's ongoing breach of the Contracts, if not enjoined, will cause Jackson Hospital to suffer imminent and irreparable harm. Jackson Hospital's plan of reorganization, the feasibility of which depends on fair, negotiated reimbursement rates

from Blue Cross Alabama, is currently pending before this Court for confirmation, with a plan confirmation hearing currently scheduled for April 21, 2026.

## II.
### JURISDICTION AND VENUE

5.      On February 3, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, thereby initiating the Bankruptcy Case and creating its bankruptcy estate (the "Estate").

6.      The Court has jurisdiction over this Complaint under 28 U.S.C. § 1334.

7.      Such jurisdiction is core under 28 U.S.C. § 157(b)(2). To the extent any matter in this adversary proceeding is not core, the Debtor consents to this Court's entry of final orders and judgment.

8.      Venue of this adversary proceeding before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

## III.
### THE PARTIES

9.      Debtor Jackson Hospital & Clinic, Inc. is a 344-bed acute care facility that includes a clinic, surgery center, and imaging center in Montgomery, Alabama. Jackson Hospital has provided healthcare services in Montgomery, Alabama since first opening its doors to patients on September 16, 1946.

10.      Defendant Blue Cross and Blue Shield of Alabama is the health insurance company operating under the Blue Cross and Blue Shield trademarks and trade names in Alabama. The principal headquarters for Blue Cross is located at 450 Riverchase Parkway East, Birmingham, Alabama.

## IV.
## THE FACTS

### *The express terms of the Contracts require prospective reimbursement rates to be negotiated and mutually agreed upon.*

11.     Jackson Hospital and Blue Cross Alabama are parties to certain agreements, specifically: (1) the Inpatient Contract, and (2) the Outpatient Contract. Pursuant to the Contracts, Jackson Hospital and Blue Cross Alabama are required to negotiate in good faith and mutually agree upon new reimbursement rates that Blue Cross Alabama will pay Jackson Hospital.

12.     Specifically, the Inpatient Contract provides that the final reimbursement rate for the prospective year "shall be agreed upon through *negotiation*." *See* Inpatient Contract, Art. III, § 2(a)(ii)(Step 3) (emphasis added) Likewise, the Outpatient Contract requires that reimbursement amounts are established "by mutual agreement" among the parties. *See* Outpatient Contract, Art. VII, §§ 6.2, 7.1, 7.2.

### *Blue Cross Alabama breached the express terms of the Contracts.*

13.     Commercial reimbursement rates are crucial to Jackson Hospital's success and ability to remain in operation. Hospitals, like Jackson Hospital, depend on commercial insurance payments to offset chronic government underpayment. Hospitals with low commercial reimbursement rates cannot sustain operations. Importantly, the Contracts between Jackson Hospital and Blue Cross Alabama specifically require the parties to negotiate and reach a mutual agreement on the reimbursement rates that Blue Cross Alabama will pay Jackson Hospital (such terms are among the most material terms of the Contracts for Jackson Hospital).

14.     Upon information and belief, Blue Cross Alabama is paying Jackson Hospital significantly less than Blue Cross Alabama pays the other hospital in Montgomery – Baptist

Medical Center South ("Baptist South") – for the same or comparable services. Jackson Hospital and Baptist South both operate in Montgomery and both provide acute-care inpatient and outpatient hospital services in the commercial sector. The substantial disparity between the reimbursement rates Blue Cross Alabama pays Baptist South and the reimbursement rates Blue Cross Alabama pays Jackson Hospital is evidence that Blue Cross Alabama has not negotiated Jackson Hospital's rates in good faith as required by the Contracts – that is, the rates Blue Cross Alabama already pays Baptist South for the same or comparable services reflect, at minimum, what the good-faith negotiation process expressly required by the Contracts would produce for Jackson Hospital.

15.     In December 2025, Jackson Hospital and Blue Cross Alabama engaged in discussions regarding 2026 reimbursement rates. In connection with same and rather than establishing rates through actual negotiations and mutual agreement (as required by the terms of the Contracts), Blue Cross Alabama informed Jackson Hospital that it intended to unilaterally impose reimbursement rates upon Jackson Hospital for 2026, which were unacceptable to Jackson Hospital. One reason the rates Blue Cross Alabama is imposing are unacceptable is because Jackson Hospital will not be able to survive at such low reimbursement rates. In response, Jackson Hospital specifically informed Blue Cross Alabama that Jackson Hospital will not be able to emerge from bankruptcy and continue in operations with the 2026 rates Blue Cross Alabama indicated it was imposing upon Jackson Hospital (without Blue Cross Alabama conducting good faith negotiations and without reaching mutual agreement in violation of the terms of the Contracts).

16.     Jackson Hospital requested that, at a minimum, Blue Cross Alabama pay Jackson Hospital the same rates that Blue Cross Alabama already pays Baptist South for the same or similar

services. Blue Cross Alabama refused to engage in good faith negotiations and establish rates through mutual agreement, as is required by the Contracts, and responded that the previously identified rates for 2026 were the "best and final" rates for Jackson Hospital and that Blue Cross Alabama would be imposing same upon Jackson Hospital for 2026.

---

***If Blue Cross Alabama is not enjoined from continuing to breach the Contracts, Jackson Hospital will suffer irreparable harm – specifically, Jackson Hospital faces imminent closure.***

---

17.     Blue Cross Alabama's breach of the express terms of its Contracts with Jackson Hospital has caused Jackson Hospital to suffer recoverable monetary damages. Blue Cross Alabama's breach of the express terms of the Contracts has also put Jackson Hospital in imminent danger of suffering irreparable harm. The extent and imminence of that irreparable harm is documented in the record of the Bankruptcy Case.

18.     On April 2, 2026, Jackson Hospital filed its Notice of Filing of Second Plan Supplement to Second Amended Joint Plan of Reorganization for Jackson Hospital & Clinic, Inc. and JHC Pharmacy, LLC [BK Doc. 1588] (the "Plan Supplement"). The Financial Projections attached as Exhibit C to the Plan Supplement expressly state that Jackson Hospital's commercial reimbursement rates are "abnormally low," that "[t]he vast majority of commercial payer revenue is derived from Blue Cross," that "[s]ubstantial rate increases are projected for the commercial portion of the business, with the bulk of the increases scheduled for year one," and that Jackson Hospital's commercial rates "are substantially below national averages." Thus, the long-term feasibility of Jackson Hospital's plan of reorganization is dependent upon Blue Cross Alabama paying fair, negotiated reimbursement rates to Jackson Hospital – the very rates that Blue Cross Alabama is contractually obligated to negotiate in good faith and set by mutual agreement under

the Contracts. Jackson Hospital's plan confirmation hearing is currently scheduled before this Bankruptcy Court for April 21, 2026 [BK Doc. 1544].

19.    Accordingly, if Blue Cross Alabama is not enjoined from continuing to breach the Contracts, Jackson Hospital is in imminent danger of being forced to permanently close and cease providing critical healthcare services to the River Region – a region that desperately needs Jackson Hospital and that Jackson Hospital has faithfully served for almost 80 years.

## V.
### CAUSES OF ACTION

**COUNT 1:**    **Breach of Contract**

20.    Jackson Hospital hereby incorporates all factual allegations set forth above and below, throughout this Complaint, as though fully stated in this section.

21.    As set forth above, Jackson Hospital and Blue Cross Alabama are parties to the Contracts, which require that the final reimbursement rates for the prospective year "be agreed upon through *negotiation*" and be decided "by mutual agreement." *See* Inpatient Contract, Art. III, § 2(a)(ii)(Step 3) (emphasis added); Outpatient Contract, Art. VII, §§ 6.2, 7.1, 7.2.

22.    However, as discussed above, Blue Cross Alabama refused to actually negotiate (much less negotiate in good faith) with Jackson Hospital as to reimbursement rates for the 2026 contract year. The discussions in December 2025 that Blue Cross Alabama engaged in with Jackson Hospital regarding reimbursement rates do not constitute "negotiations" as contemplated by the express terms of the Contracts. Notwithstanding Jackson Hospital's stated inability to survive at the imposed rates, Blue Cross Alabama refused to engage in good faith negotiations or establish rates through mutual agreement and, instead, imposed so-called "best and final" rates, which are not acceptable to Jackson Hospital and are substantially below the reimbursement rates Blue Cross Alabama pays Baptist South for the same or comparable services.

23.    As such, Blue Cross Alabama has breached the express terms of the Contract. Blue Cross Alabama refused to negotiate in good faith with Jackson Hospital and did not reach a "mutual agreement" for reimbursement rates going into 2026, as is required by the express terms of the Contracts.

24.    Blue Cross Alabama's breaches of the Contracts further establish, and include, Blue Cross Alabama's failure to abide by the duty of good faith and fair dealing in Blue Cross Alabama's performance of the Contracts and their express terms. Blue Cross Alabama's imposition of "best and final" rates, which are unacceptable to Jackson Hospital and are substantially below the reimbursement rates Blue Cross Alabama pays Baptist South for the same or comparable services, establishes a complete failure on the part of Blue Cross Alabama to negotiate in good faith with Jackson Hospital and reach a mutual agreement on prospective reimbursement rates. In so doing, Blue Cross Alabama has impeded Jackson Hospital's right to receive the benefits of the Contracts.

25.    Blue Cross Alabama's breach of the express obligations under the Contracts – specifically, Blue Cross Alabama's failure to negotiate in good faith and establish 2026 reimbursement rates by mutual agreement as required by the Inpatient Contract (Art. III, § 2(a)(ii)(Step 3)) and the Outpatient Contract (Art. VII, §§ 6.2, 7.1, 7.2) – has caused, and continues to cause, substantial harm to Jackson Hospital in an amount to be proved at trial. Jackson Hospital seeks such monetary damages from Blue Cross Alabama.

**COUNT 2:**    **Claim for Injunctive Relief**

26.    Jackson Hospital realleges and incorporates by reference all allegations set forth in Count 1 of this Complaint as if fully stated herein.

---

27.    A court may grant injunctive relief upon a showing of: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury absent the requested relief; (3) that the threatened injury to the movant outweighs the potential harm the requested relief may cause the non-movant; and (4) that entry of the requested relief will not be adverse to the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). All four factors are satisfied here.

28.    Jackson Hospital has a substantial likelihood of success on its breach of contract claim. The Inpatient Contract and the Outpatient Contract each impose express obligations on Blue Cross Alabama to negotiate (in good faith) and reach mutual agreement on reimbursement rates. Blue Cross Alabama's conduct in December 2025 – unilaterally imposing unacceptable reimbursement rates without actual negotiation (much less good faith negotiation) and unilaterally declaring such rates to be "best and final" – constitutes a breach of Blue Cross Alabama's express obligations under the Contracts (including Blue Cross Alabama's obligation to perform its contractual obligations – *e.g.*, Blue Cross Alabama's obligation to negotiate in good faith). Jackson Hospital, however, performed its obligations under the Contracts. The elements of breach of contract under Alabama law are plainly alleged: a valid contract, performance by the plaintiff, nonperformance by the defendant, and resulting damages. *See Jones v. Alfa Mut. Ins. Co.*, 875 So. 2d 1189 (Ala. 2003).

29.    Absent injunctive relief, Jackson Hospital faces irreparable harm. Blue Cross Alabama's unilaterally imposed rates, which are unacceptable (*i.e.*, not established by mutual agreement or through good faith negotiations), are insufficient to sustain Jackson Hospital's ongoing operations as evidenced by the financial projections filed in support of Jackson Hospital's plan of reorganization (BK Doc. 1588). The long-term feasibility of Jackson Hospital's plan of

reorganization – and with it, Jackson Hospital's continued operation – depends on Blue Cross Alabama meeting its contractual obligation to negotiate in good faith and set go forward reimbursement rates through mutual agreement. Jackson Hospital's plan confirmation hearing is currently scheduled before this Court on April 21, 2026.

30.    Monetary damages alone cannot remedy this imminent and irreparable harm: continued operation under the unacceptable rates unilaterally imposed by Blue Cross Alabama (in violation of the terms of the Contracts) risks closure of Jackson Hospital, the permanent elimination of Jackson Hospital as a healthcare provider, and the irreversible loss of essential services to the communities Jackson Hospital serves.

31.    The balance of hardships easily weighs in Jackson Hospital's favor. If Blue Cross Alabama is not required to comply with its obligations under the Contracts (*i.e.*, to negotiate reimbursement rates in good faith and set rates by mutual agreement as imposed to unilateral imposition), the imminent and irreparable harm Jackson Hospital (and the residents of the multiple counties Jackson Hospital serves) faces is the likely permanent closure of a 344-bed safety-net hospital and the irreversible elimination of critical healthcare services – a harm that cannot be undone by subsequent monetary recovery. Thus, the public interest strongly favors the entry of injunctive relief.

32.    Jackson Hospital will more fully set forth the factual and legal bases for the requested injunctive relief (and the specific injunctive relief requested) in a forthcoming Motion for Temporary Restraining Order and Preliminary Injunction.

## VI.
### CONDITIONS PRECEDENT

33.    All conditions precedent to maintaining this action have occurred and been satisfied or have been excused and/or waived.

---

## VII.
### CONCLUSION

Based on the foregoing, Plaintiff Jackson Hospital & Clinic, Inc. respectfully requests the following relief from the Court:

a) The immediate injunctive relief requested herein;

b) Judgment against Defendant Blue Cross and Blue Shield of Alabama for all actual damages;

c) Judgment against Defendant Blue Cross and Blue Shield of Alabama for pre- and post-judgment interest at the maximum rate permitted by law;

d) Judgment against Defendant Blue Cross and Blue Shield of Alabama for costs of suit and reasonable and necessary attorney's fees; and

e) Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

_____

**CHASE J. POTTER\***
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com

**JOSHUA L. SHEPHERD\***
Texas State Bar No. 24058104
E-Mail: shepherd@imcplaw.com

**ANNA OLIN RICHARDSON\***
Texas Bar No. 24102947
E-Mail: anna@imcplaw.com

**IACUONE MCALLISTER POTTER PLLC**
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone:     (214) 432-1536

*\*Admitted Pro Hac Vice*

-and-

Stuart H. Memory
Memory Memory & Causby, LLP
Post Office Box 4054
Montgomery, Alabama 36103
Telephone:  (334) 834-8000
E-mail:    smemory@memorylegal.com

**COUNSEL FOR JACKSON HOSPITAL & CLINIC, INC.**