FILED

2026 Apr-17  PM 04:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD** ) | **Master File No. 2:13-cv-20000-AMM** |
| ) | |
| **ANTITRUST LITIGATION** ) | **This document relates to the Provider** |
| **(MDL NO.: 2406)** ) | **Track.** |
| ) | |
| ) | |
| ) | |
| ) | |

**BCBSAL'S POST-HEARING SUBMISSION REGARDING (1) BCBSAL'S MOTION TO ENFORCE PROVIDER SETTLEMENT AND TO ENJOIN JACKSON HOSPITAL & CLINIC, INC.'S ADVERSARY PROCEEDING; AND (2) JACKSON HOSPITAL & CLINIC, INC.'S MOTION FOR RELIEF FROM JUDGMENT AND TO BELATEDLY OPT OUT**

Per the Court's invitation at the April 10, 2026 hearing ("Hearing"), Blue Cross Blue Shield of Alabama ("BCBSAL") provides this Post-Hearing Submission regarding BCBSAL's Motion to Enforce Provider Settlement and to Enjoin Jackson Hospital's Adversary Proceeding against BCBSAL (Dkt. No. 3378, "Motion to Enforce"), and Jackson Hospital & Clinic, Inc.'s ("Jackson Hospital" or "Hospital") Motion for Relief from Judgment and to Belatedly Opt Out (Dkt. No. 3382, "Belated Opt-Out Motion").[1]

At the Hearing, the Court requested BCBSAL address two matters: (1) whether BCBSAL takes the position that Jackson Hospital acted in "bad faith," and (2) the precise terms of the injunction BCBSAL seeks in the Motion to Enforce. BCBSAL takes this opportunity to further elaborate on each of those matters.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed in BCBSAL's Opposition to Jackson Hospital's Belated Opt-Out Motion; and Reply in Support of its Motion to Enforce, Dkt. No. 3390 ("BCBSAL's Opposition Brief").

### I.    Jackson Hospital failed to meet its burden to establish good faith.

In BCBSAL's Opposition Brief, BCBSAL argued that "Jackson Hospital Acted Tactically, Not in Good Faith." Dkt. No. 3390 at 21–22. At the Hearing, the Court asked whether, by this argument, BCBSAL took the position that Jackson Hospital had acted in bad faith.

Jackson Hospital, as the movant under Rule 6(b) or Rule 60(b), bears the burden of establishing "excusable neglect." *See United States v. Mitchell*, 2012 WL 6728243, at *2 (S.D. Ala. Dec. 28, 2012) ("The burden of demonstrating excusability lies with the party seeking the extension."). One of the factors in determining excusability is "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). As the Eleventh Circuit has explained, "good faith" in the context of Rule 6(b) and Rule 60(b) has a specific meaning: "As to *Pioneer's* good-faith inquiry, we assess whether the movant intentionally sought advantage by untimely filing." *Yang v. Bullock Fin. Grp., Inc.*, 435 F. App'x 842, 844 (11th Cir. 2011).

While BCBSAL does not bear the burden of establishing "bad faith," and does not assume that burden here, BCBSAL certainly takes the position that it has presented sufficient evidence to undermine any finding that Jackson Hospital acted in good faith, *i.e.*, evidence that Jackson Hospital did seek advantage through the timing of its filing.

At some point in the latter half of 2025, Jackson Hospital changed its mind about the desirability of participating in the Settlement Agreement. *See* Dkt. No. 3390 at 9–11. Upon making that decision, if Jackson Hospital had immediately come to this Court and brought its Belated Opt-Out Motion, perhaps Jackson Hospital could claim that it acted in good faith.[2] But Jackson

---

[2] Even this hypothetical motion would face other fundamental problems, most importantly that changing one's mind does not constitute "neglect" and thus is not grounds for Rule 6(b) or Rule 60(b) relief. *See* Dkt. No. 3390 at 13–16.

Hospital did not do that. Instead, Jackson Hospital undertook a series of actions designed to circumvent this Court's exclusive jurisdiction and to gain advantage over BCBSAL. Consider the following:

- Jackson Hospital surreptitiously attempted to gather evidence from BCBSAL to use in future, undisclosed opt-out litigation. *See* Dkt. No. 3390 at 10.

- Jackson Hospital's DIP Lender filed its Set-Aside Motion in the Bankruptcy Court rather than this Court when it knew or should have known that this Court had exclusive jurisdiction over the Settlement Agreement. *See id.* at 11.

- The Set-Aside Motion included misleading statements about Jackson Hospital not having prior "approval" to remain in the Settlement Agreement when the financing instruments between Jackson Hospital and DIP Lender *required* such participation. *See id.* at 11–12.

- Neither Jackson Hospital nor DIP Lender provided any notice to BCBSAL, or any other Blue, regarding the Set-Aside Motion, thereby depriving BCBSAL an opportunity to respond. *See id.*

- Neither Jackson Hospital nor DIP Lender provided any notice to BCBSAL, or any other Blue, of the Bankruptcy Court's order granting the Set-Aside Motion. *See id.*

- Jackson Hospital then delayed almost two months, until just before Christmas, to file its AP Complaint and TRO Motion in order to deprive BCBSAL of a fair opportunity to respond. *See id.* at 12–13.

The *only* reason Jackson Hospital filed its Belated Opt-Out Motion at all is because BCBSAL forced its hand by filing the Motion to Enforce in response to the TRO Motion. Otherwise, Jackson Hospital would have been perfectly content to continue evading this Court's exclusive jurisdiction in order to gain a perceived advantage over BCBSAL. Jackson Hospital's actions between deciding it wanted out of the Settlement Agreement and ultimately filing its Belated Opt-Out Motion demonstrate Jackson Hospital "intentionally sought advantage by untimely filing." *Yang*, 435 F. App'x at 844. Even if this course of events is not sufficient to be labeled "bad faith," it certainly precludes a finding that Jackson Hospital acted in good faith within the meaning of the *Pioneer* factors.

Of course, the Court need not find this factor weighs against Jackson Hospital in order to deny the Belated Opt-Out Motion. As explained in BCBSAL's Opposition Brief, the Court need not address the *Pioneer* factors at all because Jackson Hospital's deliberate decision to participate in the Settlement Agreement cannot constitute excusable neglect as a matter of law. *See* Dkt. No. 3390 at 13–16. Moreover, each of the other factors weighs decisively against Jackson Hospital. *See id.* at 16–18, 22–23. Accordingly, and for all the reasons cited in BCBSAL's Opposition Brief, the Court should deny the Belated Opt-Out Motion and grant BCBSAL's Motion to Enforce.

**II.     The Court should enjoin Jackson Hospital from prosecuting the AP Complaint as currently filed and prohibit Jackson Hospital from raising any Released Claim in any proceeding against BCBSAL.**

At the Hearing, the Court asked BCBSAL what specific terms it sought to include in the All Writs Act injunction sought by the Motion to Enforce.

As Jackson Hospital concedes, if the Court denies the Belated Opt-Out Motion, Counts I through VII of the AP Complaint constitute Released Claims that Jackson Hospital must be enjoined from prosecuting. Moreover, because the allegations underlying those Counts provide the same factual basis for Jackson Hospital's purported "breach of contract" claim in Count VIII, *see* Dkt. No. 3390 at 25–27, Dkt. No. 3391 at 24–27, the Court should enjoin Jackson Hospital from prosecuting the AP Complaint, as currently filed, in its entirety. All claims asserted therein clearly fall within the identical factual predicate released by the Settlement Agreement.

Following the Hearing, Jackson Hospital provided BCBSAL a copy of a draft amended breach of contract complaint ("Amended AP Complaint"). As noted in BCBSAL's notice (Dkt. No. 3413), BCBSAL does not seek to enjoin Jackson Hospital from filing the Amended AP Complaint *if* Jackson Hospital files it in its current form, without any substantive changes.[3] However,

---

[3] In no sense should this statement be construed as an acknowledgment that the Amended AP Complaint asserts any viable claim, which BCBSAL expressly denies. BCBSAL reserves all rights

BCBSAL has serious concerns that, similar to Count VIII in the original AP Complaint, Jackson Hospital may attempt to use the Amended AP Complaint as a vehicle to reintroduce Released Claims into the adversary proceeding. Accordingly, BCBSAL requests that the Court include in its order terms prohibiting Jackson Hospital from bringing any claim, making any allegation, advancing any argument, or introducing any evidence that relates to the Released Claims.

BCBSAL proposes the following terms to include in the Court's order granting the Motion to Enforce:

> Under the Court's authority to protect and enforce the Provider Settlement Agreement (Dkt. No. 3192-2) and the Court's Final Order approving the Provider Settlement (Dkt. No. 3346), Jackson Hospital is **ENJOINED** from further prosecuting claims "based in whole or in part upon, arising out of, or in any way connected to or related to any Released Claim," including all claims asserted in the AP Complaint.
>
> **Within fourteen (14) days** of this Order, Jackson Hospital **SHALL** either (1) file a motion to dismiss or notice of dismissal of the AP Complaint, or (2) file an amended complaint that is identical in substance to the draft amended breach of contract complaint Jackson Hospital provided to BCBSAL and BCBSA ("Amended AP Complaint").
>
> In prosecuting the Amended AP Complaint, or any other proceeding against BCBSAL or other Settling Defendants, Jackson Hospital is **ENJOINED** from bringing any claim, making any allegation, advancing any argument, or introducing any evidence that is "based in whole or in part upon, arising out of, or in any way connected to or related to any Released Claim," as defined in the Provider Settlement Agreement (Dkt. No. 3192-2).

---

and defenses as to the Amended AP Complaint, which—if filed—is due to be dismissed in its entirety.

## **CONCLUSION**

For the foregoing reasons, BCBSAL respectfully requests that the Court deny Jackson Hospital's Belated Opt-Out Motion, grant BCBSAL's Motion to Enforce, and exercise its authority under the All-Writs Act to issue the injunction requested herein.

/s/ *Carl S. Burkhalter*

Counsel for Defendant Blue Cross and Blue Shield of Alabama

**OF COUNSEL:**

Carl S. Burkhalter
MAYNARD NEXSEN PC
1901 Sixth Avenue North
Suite 1700
Birmingham, AL 35203
Telephone: 205-254-1000
Facsimile: 205-254-1999
cburkhalter@maynardnexsen.com

7

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 17th day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send a copy to all counsel of record.

/s/ *Carl S. Burkhalter*
OF COUNSEL