FILED
2026 May-15  AM 11:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **IN RE: BLUE CROSS BLUE SHIELD** | § § § | **Master File No. 2:13-cv-20000-AMM** |
| **ANTITRUST LITIGATION (MDL NO.: 2406)** | § § § § | **This document relates to the Provider Track** |

---

### JACKSON HOSPITAL & CLINIC, INC.'S UNOPPOSED REQUEST FOR EMERGENCY STATUS CONFERENCE

Jackson Hospital & Clinic, Inc. ("Jackson Hospital") hereby files this Request for Emergency Status Conference (the "Request") and, in support thereof, respectfully shows the Court as follows:

1.    During the April 10, 2026, hearing on Jackson Hospital's Motion for Relief from Judgment and to Belatedly Opt Out of Settlement Class, Jackson Hospital informed the Court that a confirmation hearing on Jackson Hospital's Second Amended Joint Plan of Reorganization [Bankr. Doc. 1547, the "Plan"] was scheduled for April 21, 2026. The confirmation hearing occurred as scheduled.

2.    On April 28, 2026, the Bankruptcy Court issued and signed Findings of Fact, Conclusions of Law, and Order Confirming, the Plan (Bankr. Doc. 1680, the "Confirmation Order"). *See* Ex. 1.

1

3.     As set forth in the Plan, Jackson Hospital cannot sustain operations without substantial commitments and grants from the State of Alabama, Montgomery County, and the City of Montgomery (collectively, the "Necessary Commitments"). Jackson Hospital was recently informed that, unless there is an unforeseen change in circumstances, all the Necessary Commitments will ***not*** be provided unless and until the Plan becomes effective and Jackson Hospital exits bankruptcy.

4.     Pursuant to Section 10.2(h) of the Plan, the Plan will not become effective (*i.e.*, the Effective Date of the Plan will not occur and Jackson Hospital will not exit bankruptcy) unless and until various conditions occur, including: "[Jackson Hospital] shall renegotiate prior and future reimbursement rates with Blue Cross Blue Shield of Alabama on terms acceptable to the Debtors." Thus, Jackson Hospital cannot exit bankruptcy – and therefore will not receive all the Necessary Commitments to sustain operations – without first securing an agreement from Blue Cross Blue Shield of Alabama ("BCBSAL") to pay the Debtors substantially higher and fair reimbursement rates (or, alternatively, securing a court order requiring BCBSAL to pay Jackson Hospital such rates).

5.     As BCBSAL knows (because Jackson Hospital has repeatedly and expressly informed BCBSAL), Jackson Hospital cannot sustain operations if BCBSAL does not comply with its contractual obligations and pay Jackson Hospital

substantially higher and fair reimbursement rates, which – at minimum – must include BCBSAL paying Jackson Hospital the same rates that BCBSAL already pays Baptist Medical Center South ("Baptist South").

6.      BCBSAL has refused to pay Jackson Hospital the necessary higher and fair reimbursement rates (*i.e.*, the same reimbursement rates BCBSAL already pays Baptist South). Thus, it is Jackson Hospital's position that BCBSAL has breached its contractual obligations.

7.      In order to exit bankruptcy and avoid the imminent, irreparable, and likely harm of permanent closure, Jackson Hospital needs to immediately move forward with its request for emergency injunctive relief in the Bankruptcy Court. Time is of the essence in seeking the emergency injunctive relief for Jackson Hospital to avoid suffering imminent and irreparable harm (and to avoid the corresponding devastating impact on the availability of necessary and life-saving healthcare services in the Alabama River Region).

8.      Given the imminent danger of irreparable harm absent the issuance of emergency injunctive relief from the Bankruptcy Court, Jackson Hospital intends to immediately move forward with filing the version of the proposed amended breach of contract claim and associated injunctive relief, which was submitted as Exhibit 1 to Jackson Hospital's Post-Hearing Submission in Support of Motion for Relief from Judgment and to Belatedly Opt Out of Settlement Class [Doc. 3415-1]. As stated in

3

BCBSAL's Notice Regarding Jackson Hospital's Draft Amended Complaint [Doc. 3413], "BCBSAL will not seek to enjoin Jackson Hospital from filing the Amended AP Complaint *if* Jackson Hospital files it in its current form, without any substantive changes," which is exactly what Jackson Hospital intends to do. *See* Doc. 3413 at 1 (emphasis in original).

9.      To avoid any procedural issues related to the forthcoming ruling on the pending Motions before this Court, Jackson Hospital intends to (i) file the amended breach of contract claim and the associated injunctive relief (in the same substantive form set forth in Doc. 3415-1) as a new adversary action, and (ii) seek to sever the prior breach of contract claim (*i.e.*, Count 8) from the pending adversary proceeding (Adv. No. 25-03025) following this Court's ruling on the pending Motions.

10.     However, given the procedural posture and nature of the Motions currently pending before this Court, Jackson Hospital is hereby requesting an emergency status conference before this Court to ensure the Court is aware of Jackson Hospital's intended path forward before Jackson Hospital (i) files the amended breach of contract claim and associated injunctive relief as a new adversary proceeding in the Bankruptcy Court, and (ii) seeks the setting of an emergency hearing before the Bankruptcy Court on Jackson Hospital's request for the issuance of immediate injunctive relief.

4

11.    Given the exigent circumstances, Jackson Hospital requests that the emergency status conference occur remotely (either via telephone conference or videoconference) at the Court's earliest availability. Prior to filing this Request, counsel for Jackson Hospital conferred with counsel for BCBSAL, and counsel for BCBSAL stated that BCBSAL is unopposed to Jackson Hospital's request for the Court to schedule a status conference.

For these reasons, Jackson Hospital hereby requests that the Court schedule an emergency status conference in this matter as soon as possible via telephone conference or videoconference.

Respectfully submitted,

/s/ Chase J. Potter

Chase J. Potter
Texas Bar No. 24088245
E-Mail: potter@imcplaw.com

IACUONE MCALLISTER POTTER PLLC
Energy Square One
4925 Greenville Ave., Suite 1112
Dallas, Texas 75206
Telephone:  (214) 432-1536

-and-

Stuart H. Memory
ASB-2214-Y36V
Memory Memory & Causby, LLP
Post Office Box 4054
Montgomery, Alabama 36103
Phone: 334-834-8000
Fax: 334-834-8001
Email: smemory@memorylegal.com

COUNSEL FOR JACKSON HOSPITAL & CLINIC, INC.

## CERTIFICATE OF SERVICE

This is to certify that, on May 15, 2026, a true and correct copy of the foregoing document was filed with the Court's CM/ECF system that will provide notice to all parties receiving electronic notices in this case.

/s/ Chase J. Potter

Chase J. Potter

6