FILED
2026 Aug-25 PM 05:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br>(MDL NO. 2406)** | **Master File No. 2:13-CV-20000-AMM**<br><br>**This Document Relates to Provider Track Cases** |
| **IN RE:<br>BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION<br>(MDL NO. 2406)** | **Master File No. 2:25-MD-10000-AMM** |

**[PROPOSED] ORDER GRANTING PROVIDER PLAINTIFFS' MOTION FOR ORDER ESCROWING PAYMENTS IN JUDGMENT OR SETTLEMENT**

In light of the Provider Plaintiffs' Motion for an Order Escrowing Payments in Judgment or Settlement, the responses thereto, the parties' arguments, and the record in this case, the motion is **GRANTED** as follows:

After the Provider Class and the Defendants settled this case on a classwide basis, certain putative members of the Provider Class opted out of the settlement and pursued their own litigation ("Opt-Outs"). Most of these new cases have been transferred to this Court and are now part of the MDL. Counsel for the Provider Class have moved for an order requiring Opt-Outs to set aside a portion of any recovery they receive from the Defendants, whether by settlement or judgment. The Provider Class contends that the Opt-Outs have used their work product in their own cases, and that they have indicated an intent to continue doing so.

The Court need not decide at this time whether the Opt-Outs have used any of the Provider Class's work product, or whether their use of such work product would entitle counsel for the Provider Class to an award in any particular underlying Opt-Out case. But the Court determines

that establishing a maximum potential award, and requiring the Opt-Outs to set aside funds sufficient to cover such an award, will provide certainty to all parties and allow the Opt-Outs' cases to proceed in an orderly fashion.

Therefore, the Court hereby **ORDERS** and **IMPOSES** a set-aside of ___% of gross recoveries from any judgment or settlement in any Opt-Out case in this MDL, and any case outside this MDL in which counsel in an Opt-Out case in this MDL use the Provider Plaintiffs' MDL work product for the benefit of their clients. The set-aside is payable from the attorneys' fee portions of such gross recoveries and applies to all judgments entered and settlements reached after the date of this Order.

To ensure collection of this set-aside, counsel for each Opt-Out in any case pending in this MDL are hereby **ORDERED** to deposit the set-aside into this Court's Common Benefit Fund. Such counsel shall report all judgments, settlements, and payments to the Special Master and the Provider Class's Co-Lead Counsel on a confidential basis.

When a set-aside is paid into the Common Benefit Fund, counsel for the Provider Class may move the Court for an award based on the benefit they have conferred on the Opt-Outs who paid the set-aside. Such Opt-Outs may oppose that motion. The set-aside will be distributed only by order of the Court. The set-aside represents the maximum award counsel for the Provider Class may seek, and this Order is not intended to prejudge the amount, if any, that will be awarded. All papers and any hearing will be provided on a confidential *in camera* basis, in the first instance.

Counsel for the Provider Class are required to cooperate fully with Opt-Outs' counsel to the extent necessary for Opt-Outs' counsel to realize the full value of work product created by counsel for the Provider Class.

An Opt-Out who contends that this order would cause undue hardship may petition this Court for a reduction in the amount of the set-aside.

This order is without prejudice to the Provider Plaintiffs' counsel's rights to seek assessments in cases beyond this court's jurisdiction.

**DONE** and **ORDERED** this ________________________.

________________________________
**ANNA M. MANASCO**
**U.S. DISTRICT JUDGE**